BENJAMIN C. JOHNSON (SBN: 218518)
benjamin.johnson@mgae.com
JENNIFER A. MARROW (SBN: 276495)
jmarrow@mgae.com
9220 Winnetka Ave
Chatsworth, CA 91311
Telephone: (818) 894-2525 ext. 6788
Fax: (818) 895-0771

Attorneys for Plaintiffs
MGA Entertainment Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; GRAND HUSTLE, LLC, a Georgia limited liability company; PRETTY HUSTLE LLC, a Georgia limited liability company; and DOES 3-10 inclusive,<br><br>Defendants. | CASE NO: 2:20−cv−11548−JVS−AGR<br><br>Hon. James V. Selna<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**DECLARATORY JUDGMENT (28 U.S.C. § 2201(a))**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MGA ENTERTAINMENT, INC. (referred to as "Plaintiff" or "MGA") for its First Amended Complaint herein alleges as follows:

## INTRODUCTION

1. This action involves a claim for declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202, to resolve an actual controversy within this Court's jurisdiction. MGA seeks a declaration that both the name and mark "L.O.L. Surprise! O.M.G." and the associated toy products with which it is used, do not infringe upon the intellectual property rights of Defendants T.I. and Tameka Harris, and OMG Girlz LLC, and/or their "OMG Girlz" mark.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the laws of the United States, specifically a request for declaratory judgment under 28 U.S.C. §§ 2201(a) and 2202, and that concern issues of trademark under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

3. Personal jurisdiction exists over Defendants in this judicial district because Defendants regularly conduct, transact, and/or solicit business in California and in this judicial district, and/or derive substantial revenue from business transactions in California and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendants should reasonably expect such actions to have consequences in California and in this judicial district.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct, transact, and/or solicit business in this judicial district.

**PARTIES**

5. Plaintiff MGA ENTERTAINMENT, INC. ("MGA") is a California corporation having an address and principal place of business at 9220 Winnetka Ave, Chatsworth, CA 91311.

6. Upon information and belief, Defendants Clifford "T.I." Harris and Tameka "Tiny" Harris and their affiliated entities and persons ("the Harris Parties") hold intellectual property and related rights to Defendant OMG Girlz LLC. Upon information and belief, the Harris Parties regularly conduct, transact, and/or solicit business in this judicial district.

7. Upon information and belief, Defendant OMG Girlz LLC is a Delaware limited liability company that regularly conducts, transacts, and/or solicits business in this judicial district.

8. Upon information and belief, Defendant Grand Hustle LLC, amended herein for fictitiously named Defendant DOE 1, is a Georgia limited liability company that regularly conducts, transacts, and/or solicits business in this judicial district.

9. Upon information and belief, Pretty Hustle LLC, amended herein for fictitiously named Defendant DOE 2, is a Georgia limited liability company that regularly conducts, transacts, and/or solicits business in this judicial district.

10. Defendants DOES 3 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. At such time as said Defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

11. Upon information and belief, at all times relevant herein, Defendants, including Does 3 through 10, inclusive, and each of them, were and still are the partners, agents, employers, and/or employees of the other named Defendants, and each of them; that in so doing the things alleged, said Defendants were acting within the course

and scope of said partnership, agency, or employment; and that in so doing the things alleged, said Defendants were acting at all times with the knowledge, consent, and authorization of each of the other Defendants.

12. Upon information and belief, at all times relevant herein, Defendants, including Does 3 through 10, inclusive, and each of them, are the alter egos of each other; are characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them have ceased; are a mere shell instrumentality and conduit through which Defendants carried on their business by use of each other's names; completely controlled, dominated, managed, and operated each other's business to such an extent that any individuality or separateness of the Defendants does not and did not exist; completely failed to observe any corporate formalities; and intermingled the assets of each other, and other entities affiliated with them, to suit the convenience of themselves and in order to evade legal obligations and liability.

## STATEMENT OF FACTS

13. MGA is a leading designer, developer, marketer, and distributor of innovative children's toys. MGA promotes and/or sells its products throughout the U.S. and the world through major retailers, quality toy stores, department stores, and online marketplaces.

14. One of MGA's most popular and successful products are its L.O.L. Surprise! toys and dolls, which were awarded Toy of the Year in the U.S. for 2018, 2019, and 2020, and its line of branded L.O.L. Surprise! products have been the best-selling toy in the United States since 2017, according to N.P.D. Group, a retail tracking service. ("L.O.L. Surprise! Products.")

15. MGA has federal registrations for the L.O.L. SURPRISE! word mark ("L.O.L. Surprise! Word Mark") as well as the L.O.L. SURPRISE! logo mark ("L.O.L. Surprise! Logo Mark") for toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor in Class 28, and are covered by U.S.

Trademark registration numbers 5,374,188 and 5,374,191. MGA also owns the rights to unregistered rights, including trade dress rights, in the L.O.L. Surprise! Products. (Collectively, the L.O.L. Surprise! Word Mark, L.O.L. Surprise! Logo Mark and other associated marks and rights are hereinafter referred to as the "L.O.L. Surprise! Marks").

16. The L.O.L. Surprise! Marks have been in use in commerce, and are currently in use in commerce, in connection with L.O.L. Surprise! Products continuously since October 12, 2016.

17. The L.O.L. Surprise! YouTube channel has over 1.6 million subscribers and has been viewed over 500 million times.

18. In July 2019 MGA launched the L.O.L. Surprise! O.M.G. fashion doll line, which MGA and its fans refer to as the big sister of L.O.L. Surprise! dolls ("L.O.L. Surprise! O.M.G."). "L.O.L." is an acronym for Little Outrageous Littles on the L.O.L. Surprise! products. "O.M.G." is an acronym for Outrageous Millennial Girls on the L.O.L. Surprise! O.M.G. products, and is spelled out for clarity in MGA's branding and advertising.

19. L.O.L. Surprise! has won over 60 toy awards just in 2020, including over a dozen attributable to its to L.O.L. Surprise! O.M.G. line of fashion dolls.

20. L.O.L. Surprise! O.M.G. was an immediate success and won the Toy Association's Fashion Doll of the Year award the same year as its launch.

21. MGA spent substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the L.O.L. Surprise! Products and L.O.L. Surprise! Marks, including the L.O.L. Surprise! Marks as they relate to L.O.L. Surprise! O.M.G. (the "L.O.L. Surprise! O.M.G. Marks").

22. The success of the L.O.L. Surprise! Products, including L.O.L. Surprise! O.M.G. is due to MGA's marketing, promotional, and distribution efforts. These efforts include millions of dollars in advertising and promotion through television. The L.O.L. Surprise! website, https://lolsurprise.mgae.com/, (the "Website"), retailer

websites, internet-based advertising, print, and other efforts both domestically and abroad.

23. MGA's success is also due to its use of high-quality materials and processes in making L.O.L. Surprise! Products, including L.O.L. Surprise! O.M.G. products.

24. Additionally, MGA owes a substantial amount of success of the L.O.L. Surprise! Products, including L.O.L. Surprise! O.M.G. products, to its consumers and word-of-mouth buzz that its consumers have generated.

25. As a result of MGA's marketing, promotional, and distribution efforts, and sales, the quality of L.O.L. Surprise! Products, its promotions, extensive press and media coverage, and word of mouth-buzz, L.O.L. Surprise! Products and L.O.L. Surprise! Marks, including its products and Marks related to L.O.L. Surprise! O.M.G., have become prominently placed in the minds of the public. Members of the public have become familiar with L.O.L. Surprise! and have come to recognize L.O.L. Surprise! Products and L.O.L. Surprise! Marks, including the L.O.L. Surprise! O.M.G. Marks and products, and associate them exclusively with their source, MGA. MGA acquired a valuable reputation and goodwill among the public as a result of such associations.

26. MGA has gone to great lengths to protect its interests in and to the L.O.L. Surprise! Marks, including its L.O.L. Surprise! O.M.G. Marks. No one other than MGA is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing L.O.L. Surprise! Marks, including its L.O.L. Surprise! O.M.G. Marks, without the express written permission of MGA.

### DEFENDANT OMG GIRLZ LLC, THE HARRIS PARTIES, AND THEIR ACTIONS AGAINST MGA

27. On or around December 8, 2020, MGA received a cease and desist letter from a California law firm representing the Harris Parties, informing MGA that the Harris Parties hold intellectual property and related rights to "OMG Girlz."

28. Upon information and belief, OMG Girlz are a disbanded American teenage girl group that peaked at #77 on Billboard's Hot R&B/Hip-Hop Songs chart in 2012.

29. In the cease and desist letter, Defendant alleges that "MGA has sold and advertised toys labelled and styled "OMG" dolls under its "LOL Surprise!" line which commercially exploit already existing trade dress, name, image and brand popularity of the "OMG Girlz." Your "OMG" dolls are plainly derivative of and intended to profit from the "OMG Girlz" image and brand."

30. The cease and desist letter further states that "This willful and malicious misappropriation subjects you to liability for, without limitation, disgorgement of profits you obtained from the unlawful sales of these infringing products; lost business opportunities for the Harris Parties; punitive damages and attorneys' fees."

31. Upon information and belief, OMG Girlz have been disbanded since March 2015, when they announced that they would no longer be pursuing a career as a group on their official Instagram account.

32. Upon information and belief, USPTO trademark registration number 4374691 for "OMG Girlz" owned by Defendant OMG Girlz LLC in classes 9 and 41 was cancelled on March 6, 2020.

33. Upon information and belief, USPTO trademark registrations for any other "OMG Girlz" trademarks owned by Defendants have been abandoned.

34. Upon information and belief, The OMG Girlz acronym stands for "Officially Miss Guided," which is a separate and different acronym than that used by MGA.

## **THERE IS NO LIKELIHOOD OF CONFUSION BETWEEN "L.O.L. SURPRISE! O.M.G." AND "OMG GIRLZ"**

35. No reasonable consumer would mistake an L.O.L. Surprise! O.M.G. fashion doll as a derivative work of the OMG Girlz group and its cancelled and/or abandoned "OMG Girlz" trademarks.

36. L.O.L. Surprise! O.M.G. fashion dolls and products are marketed and advertised as the "big sister" of MGA's L.O.L. Surprise! dolls, and are marketed and sold under the L.O.L. Surprise! Mark. L.O.L Surprise! O.M.G. fashion dolls are a derivative product line of the L.O.L. Surprise! doll line and themes, and have never been associated or intended to be associated with the OMG Girlz music group.

37. L.O.L. Surprise! O.M.G. fashion dolls and products are aggressively branded with the L.O.L. Surprise! Marks as a source identifier, and contain many distinguishing design elements that, upon information and belief, are not claimed by Defendants as a trademark in their OMG Girlz mark.

38. Plaintiff's L.O.L. Surprise! Marks are registered in class 28 for toys and playthings, namely, toy figures and playsets, accessories, and clothing.

39. Upon information and belief, Defendants' cancelled mark was registered in classes 9 and 41, for musical sound recordings, musical audiovisual recordings; pre−recorded compact discs and dvds featuring musical entertainment; and entertainment services.

40. L.O.L. Surprise! O.M.G. fashion dolls and products are sold alongside dozens of other L.O.L. Surprise! branded toys and products that do not reference the acronym "O.M.G." In many brick and mortar retailers such as Target and Walmart, L.O.L. Surprise! has a designated section in the toy aisle featuring its many successful L.O.L. Surprise! branded toys and products.

41. The market for MGA's L.O.L. Surprise! Products is children ages 3-12.

42. Upon information and belief, the relevant market for the OMG Girlz music are teens and young women.

43. The acronyms for L.O.L. Surprise O.M.G. and the acronym for OMG Girlz stand for different meanings.

44. Upon information and belief, the acronym "OMG" and variations thereof are the subject of dozens of USPTO trademark registrations.

45. Upon information and belief, Defendants do not sell toys and dolls in the

8

toy section of mass market retailers like Target and Walmart, nor do they sell toys and dolls online or in-store through such mass market retailers.

46. The L.O.L. Surprise! Marks, including the L.O.L. Surprise! O.M.G. Marks, and L.O.L. Surprise! O.M.G. fashion dolls and products, on the one hand, and the OMG Girlz Mark and music, on the other hand, are not used for similar goods and services or in the same classes, but for different goods and services in different classes.

47. The L.O.L. Surprise! Marks, including the L.O.L. Surprise! O.M.G. Marks, and L.O.L. Surprise! O.M.G. fashion dolls and products, on the one hand, and the OMG Girlz Mark and music, on the other hand, are not intended to serve similar functions or similar uses, but rather serve different functions and/or different uses.

48. The L.O.L. Surprise! Marks, including the L.O.L. Surprise! O.M.G. Marks, and L.O.L. Surprise! O.M.G. fashion dolls and products, on the one hand, and the OMG Girlz Mark and music, on the other hand, are not marketed, sold, and distributed in similar streams of commerce, but rather are marketed, sold, and distributed through different channels of trade.

49. Based on the foregoing, there is no likelihood of confusion that the OMG Girlz sponsored or are associated with L.O.L. Surprise! Marks, including the L.O.L. Surprise! O.M.G. Marks, and L.O.L. Surprise! O.M.G. fashion dolls and products.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

### (28 U.S.C. § 2201(a))

50. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51. Defendants are the purported owner of the OMG Girlz mark.

52. Defendants have claimed that Plaintiff's L.O.L. Surprise! O.M.G. Marks and fashion dolls commercially exploit the trade dress, name, image and brand popularity of the OMG Girlz, and are derivative and intended to profit from the OMG

Girlz image and brand.

53.   MGA denies that L.O.L. Surprise! O.M.G. Marks and fashion dolls infringe upon the OMG Girlz mark.

54.   An actual, present, and judiciable controversy has arisen between Plaintiff and Defendants concerning the rights in their respective marks.

55.   Defendants' claims of infringement have affected MGA's rights in the L.O.L. Surprise! O.M.G. Marks and L.O.L. Surprise! O.M.G. fashion dolls and products vis-à-vis its domestic and foreign customers, and therefore affects the interstate and foreign commerce of the United States.

56.   MGA seeks a declaration of its rights pursuant to 28 U.S.C. §§ 2201(a) and 2202 that the L.O.L. Surprise! O.M.G. Marks, and L.O.L. Surprise! O.M.G. fashion dolls and products are non-infringing of the OMG Girlz Marks.

## PRAYER FOR RELIEF

**WHEREFORE**, MGA prays for judgment as follows:

a. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA's L.O.L. Surprise! O.M.G. Marks and L.O.L. Surprise! O.M.G. fashion dolls and products do not infringe the OMG Girlz mark, and do not cause a likelihood that consumers will be confused as to the source or sponsorship of MGA's L.O.L. Surprise! O.M.G. Marks and/or L.O.L. Surprise! O.M.G. fashion dolls and products;

b. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, a declaration that MGA may continue to market and distribute its L.O.L. Surprise! O.M.G. fashion dolls and products, and may continue to use the L.O.L. Surprise! O.M.G.

        Marks in association with the L.O.L. Surprise! O.M.G. fashion dolls and products;

c. For MGA's reasonable attorneys' fees;

d. For all costs of suit; and

e. For such other and further relief as the Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

DATED: March 15, 2021

                            MGA ENTERTAINMENT, INC.

                            By: /s/ Benjamin C. Johnson
                                BENJAMIN C. JOHNSON
                                Attorney for Plaintiffs
                                MGA Entertainment, Inc.