MGA ENTERTAINMENT, INC.
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, CA  91311
Telephone:  (818) 894-2525

UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052

Attorneys for Plaintiff and Counter-Defendant
MGA Entertainment, Inc., and Counter-Defendant
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>　　　　Defendants,<br>_____<br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>　　　　Counter-Claimants,<br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>　　　　Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' ANSWER TO THIRD AMENDED COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:  December 20, 2020 |

{226430.1}

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendant Isaac Larian (collectively, "MGA"; Mr. Larian will be referred to as "Larian" when appropriate) hereby answer the Third Amended Counterclaims of Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, Grand Hustle, LLC, and Pretty Hustle, LLC (collectively, "Counterclaimants").

MGA denies all factual allegations set forth in the Counterclaims unless expressly admitted. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts. Although MGA need not admit or deny legal conclusions or arguments, MGA affirmatively denies that it has violated any applicable law and asserts that Counterclaimants should be denied all of the relief they request. To the extent paragraphs in the Counterclaims are grouped under headings, MGA responds generally that such headings and groupings are conclusions of law or fact and denies every such allegation made or implied by such headings or groupings.

## ANSWER TO PRELIMINARY STATEMENT

1. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1 that Counterclaimants were incorrectly sued as Clifford "T.I." Harris and Tameka "Tiny" Harris, and on this basis denies those allegations. MGA admits that it is a toy and doll producer, but denies the remaining allegations in paragraph 1.

2. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2, and on this basis denies those allegations.

3. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of paragraph 3, and on this basis denies those allegations. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first clause of the

second sentence of paragraph 3, and on this basis denies those allegations. MGA denies the allegations in the second clause of the second sentence of paragraph 3 (more specifically, that "[t]he OMG Girlz brand … prominently feature unique fashion design, visual image and hair styling copied by MGA's OMG Dolls").

4. MGA denies the allegations in paragraph 4, and specifically denies that it created toys called "OMG Dolls." MGA affirmatively alleges it in fact released a spinoff of its L.O.L. Surprise! line known as "L.O.L. Surprise! O.M.G. Outrageous Millennial Girls."

5. MGA admits that it launched an advertising campaign on YouTube and other social media in support of "L.O.L. Surprise! O.M.G. Outrageous Millennial Girls." MGA denies the remaining allegations in paragraph 5.

6. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence and the first clause of the second sentence in paragraph 6, and on this basis denies those allegations. MGA denies the remaining allegations of this paragraph (including that "[t]he OMG Girlz brand … prominently feature unique fashion design, visual image and hair styling copied by MGA's OMG Dolls").

7. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7, and on this basis denies those allegations.

8. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8, and on this basis denies those allegations.

9. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9, and on this basis denies those allegations.

10. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 10, and on this basis denies those

{226430.1}   2
UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

allegations.

11. MGA denies the allegations in paragraph 11.

12. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 12, and on this basis denies those allegations.

13. MGA admits the allegation in paragraph 13 that MGA has never entered into any agreement with any of the Counterclaimants and avers no such agreement was necessary.

14. MGA denies the allegations paragraph 14, and affirmatively alleges that the name of the line of dolls it released is "L.O.L. Surprise! O.M.G. Outrageous Millennial Girls."

15. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the first sentence of paragraph 15, and on this basis denies those allegations. MGA admits that it received a cease and desist letter from a California law firm representing Counterclaimants. MGA denies the remaining allegations in paragraph 15.

16. MGA denies the allegations in the first sentence of paragraph 16. MGA admits that it filed suit for declaratory judgment. MGA denies the remaining allegations in paragraph 16.

17. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 17, and on this basis denies those allegations.

18. MGA denies the allegations in paragraph 18.

19. MGA denies the allegations in paragraph 19.

20. MGA denies the allegations in the first sentence of paragraph 20. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the second sentence of paragraph 20, and on this basis denies those allegations.

{226430.1}　3

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

## ANSWER TO COUNTERCLAIM

1. Answering paragraph 1, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 20 as if fully set forth herein.

## ANSWER TO NATURE OF THE ACTION

2. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2, and on this basis denies those allegations.

3. MGA admits the allegation in paragraph 3 that is a privately-held corporation which manufactures toys, including dolls. MGA denies the remaining allegations in paragraph 3.

4. MGA denies the allegations in the first sentence of paragraph 4. MGA admits the allegation that it never entered into a licensing agreement with Grand Hustle and Pretty Hustle and avers no such agreement was necessary. MGA denies the remaining allegations in paragraph 4.

5. MGA denies the allegations in paragraph 5.

6. MGA denies the allegations in paragraph 6, and specifically that "[t]he OMG Dolls line received the Doll of the Year award at 2020's Annual Toy Industry Awards." MGA affirmatively alleges that the Doll of the Year award was given to the fashion doll line expressly called "L.O.L. Surprise! O.M.G. Fashion Dolls."

## ANSWER TO PARTIES

27. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 7, and on this basis denies those allegations.

28. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8, and on this basis denies those allegations.

29. MGA admits the allegations in paragraph 9.

30. MGA admits the allegations in paragraph 10.

{226430.1}

4

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

31. MGA denies the allegations in paragraph 11.

32. MGA denies the allegations in paragraph 12.

33. MGA denies the allegations in paragraph 13.

## ANSWER TO JURISDICTION AND VENUE

34. MGA admits the allegations in paragraph 14.

35. MGA admits the allegations in paragraph 15.

36. MGA admits the allegations in paragraph 16.

## ANSWER TO FIRST COUNTERCLAIM

### (Violation of the Lanham Act, 15 U.S.C. § 1125)

37. Answering paragraph 17, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 36 as if fully set forth herein.

38. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 18, and on this basis denies those allegations.

39. MGA states that the allegations in paragraph 19 consist of legal conclusions to which no response is required. To the extent paragraph 19 makes factual assertions, MGA denies them.

40. MGA denies the allegations in paragraph 20.

41. MGA denies the allegations in paragraph 21.

42. MGA denies the allegations in paragraph 22.

43. MGA denies the allegations in paragraph 23.

44. MGA denies the allegations in paragraph 24.

45. MGA denies the allegations in paragraph 25.

46. MGA denies the allegations in paragraph 26.

47. MGA admits the allegation in paragraph 27 that the OMG Parties seek damages in this action, but denies that they are entitled to any such damages.

## ANSWER TO SECOND COUNTERCLAIM

### (Misappropriation of Name or Likeness, *Cal. Civ. Code* § 3344)

{226430.1} 5

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

48. Answering paragraph 28, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 47 as if fully set forth herein.

49. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 29, and on this basis denies those allegations.

50. MGA denies the allegations in paragraph 30.

51. MGA denies the allegations in paragraph 31.

52. MGA denies the allegations in paragraph 32.

53. MGA denies the allegations in paragraph 33.

54. MGA denies the allegations in paragraph 34.

55. MGA denies the allegations in paragraph 35.

56. MGA admits the allegation in paragraph 36 that the OMG Parties seek reasonable attorneys' fees, but denies that they are entitled to any fees or costs.

## ANSWER TO THIRD COUNTERCLAIM

**(Common Law Misappropriation of Name or Likeness)**

57. Answering paragraph 37, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 56 as if fully set forth herein.

58. MGA lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 38, and on this basis denies those allegations.

59. MGA denies the allegations in paragraph 39.

60. MGA denies the allegations in paragraph 40.

61. MGA denies the allegations in paragraph 41.

62. MGA denies the allegations in paragraph 42.

63. MGA denies the allegations in paragraph 43.

64. MGA admits the allegation in paragraph 44 that the OMG Parties seek to enjoin MGA and "all available damages, fees and costs," but denies they are entitled to such damages, fees, and costs, and otherwise denies the allegations in

{226430.1}

6

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

paragraph 44.

## ANSWER TO FOURTH COUNTERCLAIM

**(Unfair Competition, *Cal. Bus. & Prof. Code* § 17200 et seq.)**

65. Answering paragraph 45, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 64 as if fully set forth herein.

66. MGA states that the allegations in paragraph 46 consist of legal conclusions to which no response is required.

67. MGA states that the allegations in paragraph 47 consist of legal conclusions to which no response is required.

68. MGA states that the allegations in paragraph 48 consist of legal conclusions to which no response is required.

69. MGA denies the allegations in paragraph 49.

70. MGA denies the allegations in paragraph 50.

71. MGA denies the allegations in paragraph 51.

72. MGA admits the allegation in paragraph 52 that the OMG Parties seek an injunction, but denies they are entitled to an injunction and otherwise denies the allegations in paragraph 52.

## ANSWER TO FIFTH COUNTERCLAIM

**(Common Law Unfair Competition)**

73. Answering paragraph 53, MGA incorporates by reference its admissions and denials contained in paragraphs 1 through 72 as if fully set forth herein.

74. MGA denies the allegations in paragraph 54.

75. MGA denies the allegations in paragraph 55.

76. MGA denies the allegations in paragraph 56.

77. MGA denies the allegations in paragraph 57.

78. MGA admits the allegation in paragraph 58 that the OMG Parties seek an injunction, but denies they are entitled to an injunction and otherwise denies the allegations in paragraph 58.

{226430.1}

7

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

## ANSWER TO PRAYER FOR RELIEF

MGA denies that Counterclaimants are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, MGA further pleads the following separate and additional defenses. MGA reserves the right to assert additional affirmative defenses in the event MGA learns, obtains, or discovers facts or information upon which such affirmative defenses may be based, including information learned or obtained through discovery or further investigation.

### FIRST AFFIRMATIVE DEFENSE
**(Failure To State A Claim)**

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Estoppel)**

The Counterclaims are barred, in whole or in part, based on principles of estoppel.

### THIRD AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver)**

The Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

The Counterclaims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
**(Statute Of Limitations)**

The Counterclaims are barred, in whole or in part, by the statute of limitations.

{226430.1}　　8

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

## SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

The Counterclaims are barred, in whole or in part, because Counterclaimants lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

### (Functionality)

Counterclaimants' asserted trade dress is, in whole or in part, functional.

## NINTH AFFIRMATIVE DEFENSE

### (Non-distinctiveness)

Counterclaimants' asserted trade dress is non-distinctive.

## TENTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

Counterclaimants' asserted trade dress has not acquired secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Source Identification)

Counterclaimants' asserted trade dress is so common in the industry that it cannot be said to identify a particular source.

## TWELFTH AFFIRMATIVE DEFENSE

### (Inadequate Description)

Counterclaimants' asserted trade dress description is inadequate.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damage or Harm Attributable to MGA)

Counterclaimants have not suffered and will not suffer any damage or harm as a result of the activities of MGA.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Counterclaimants abandoned their alleged trademark and trade dress.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Absence of Likelihood of Confusion)

There is no likelihood of confusion between Counterclaimants' alleged trade dress or trademark and any trade dress or trademark belonging to MGA.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Counterclaimants' claims for relief are barred, in whole or in part, due to their failure to mitigate their damages, if any.

### SEVENEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Counterclaimants' claims for relief are barred, in whole or in part, because the alleged conduct constitutes fair use.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Deliberate or Willful Conduct)

MGA has not engaged in any deliberate or willful conducts which bars, in whole or in part, Counterclaimants' claims.

### PRAYER FOR RELIEF

WHEREFORE, MGA respectfully prays for relief as follows:

1. That the Counterclaims be dismissed, with prejudice and in their entirety;

2. That Counterclaimants take nothing by their Counterclaims and that judgment be entered against Counterclaimants and in favor of MGA on the Counterclaims;

3. That MGA be awarded attorneys' fees and costs incurred in defending against the Counterclaims; and

4. That MGA be granted such other and further relief as the Court may deem just and proper.

{226430.1}    10

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
ANSWER TO TACC

**DEMAND FOR JURY TRIAL**

MGA hereby demands a jury trial on all claims and issues so triable.

Dated: November 22, 2021  MGA ENTERTAINMENT, INC.

By: /s/ Laurence Cheng
Richard J. Grad
Laurence Cheng
Attorneys for Plaintiff
MGA Entertainment, Inc.