UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, CA  91311
Telephone:  (818) 894-2525

Attorneys for Plaintiff and Counter-Defendant
MGA Entertainment, Inc., and Counter-Defendant
Isaac Larian

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>                     Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>                     Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>                     Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>                     Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OPPOSITION TO THE GRAND PARTIES' *EX PARTE* APPLICATION FOR LEAVE TO FILE FOURTH AMENDED COUNTERCLAIM**<br><br>[Memorandum of Points and Authorities attached hereto; and [Proposed] Order lodged herewith]<br><br>Complaint Filed:  December 20, 2020<br>Trial Date:   June 7, 2022 |

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}

1        PLEASE TAKE NOTICE THAT Plaintiff and Counter-Defendant MGA

2   Entertainment, Inc. and Counter-Defendant Isaac Larian (collectively, "MGA")

3   will, and hereby do, oppose *ex parte* application brought by Defendants and

4   Counter-Claimants Grand Hustle, LLC; Pretty Hustle d/b/a OMG Girlz LLC;

5   Clifford "T.I." Harris; and Tameka Harris (collectively, the "Grand Parties").

6

7

8   Dated: April 6, 2022                  UMBERG ZIPSER LLP

9

10   

11  Mark A. Finkelstein
                                Attorneys for Plaintiff and Counter-

12                                  Defendant MGA Entertainment, Inc., and
                                Counter-Defendant Isaac Larian

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                       1

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

3      A mere eight days before the fact discovery cutoff and ten days before opening
4 expert reports are due, the Grand Parties attempt to amend their counterclaims for the
5 fourth time ("Proposed Amendment") on an equitable basis through an improper *ex*
6 *parte* application.  Although the Grand Parties aver that they are "not seeking to
7 introduce any new legal or factual complications or create any new grounds for
8 motion practice," the Proposed Amendment represents significant changes that will
9 affect the scope of the litigation as well as strategy related to discovery and motion
10 practice.  (*See* Dkt. No. 106 at 4.)  Specifically, the Grand Parties now seek to add an
11 entirely new party, Major Star LLC, as a counter-claimant.  (*Id.*)  The Grand Parties
12 also seek to bring new individual claims related to Tameka Harris and her daughter
13 Zonnique Pullins's rights of publicity.  In addition to seeking this relief on an
14 emergency basis, the Grand Parties seek to do so without modification of any
15 deadlines, attempting instead to force MGA to defend without the benefit of
16 additional required discovery.

17      Although the Grand Parties claim that their *ex parte* application seeks to
18 resolve "newly discovered violations arising from recent releases" of certain L.O.L.
19 Surprise! O.M.G. Dolls, this assertion does not survive scrutiny.  (*See* Dkt. No. 106
20 at 2.)  The allegedly infringing L.O.L. Surprise! O.M.G. Dolls that now supposedly
21 "necessitate" the Proposed Amendment have been publicly known and available for
22 sale since last year, if not earlier.  As such, any exigency that forms the basis for the
23 Grand Parties' *ex parte* application is of their own making.

24      In addition, the Grand Parties fail to show good cause under Federal Rule of
25 Civil Procedure 16 for missing the deadline to amend by more than ten months, and
26 cannot meet the requirements of Rule 15(a), given that MGA will suffer extreme
27 prejudice and the Grand Parties unduly delayed in bringing its request.  Accordingly,
28 the Court should deny the Grand Parties' *ex parte* application.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                    2

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

## II.  RELEVANT BACKGROUND

Although the Grand Parties' allegations against MGA have evolved over the course of the litigation and several amendments, the scope of Grand Parties' claims have consistently been limited to alleged infringement of the OMG Girlz's trademark, trade dress, and likeness as a band or members thereof.  After new counsel was added, the Court granted on February 24, 2022 the Grand Parties' *ex parte* application to extend certain pretrial deadlines.  (*See* Dkt. No. 88.)  Significantly, the fact discovery deadline of February 18, 2022 and the deposition cutoff deadline of March 10, 2022 were both extended to April 13, 2022.  (*See id*. at 2.)  However, the Court's February 24 Order did not extend deadlines to join other parties or amend pleadings as set forth in the Court's March 18, 2021 Scheduling Order (Dkt. No. 18), and the Grand Parties did not seek to extend those deadlines.

On March 31, 2022, counsel for the Grand Parties informed MGA that they intended to move *ex parte* for leave to file a fourth amended counter-claim.  (*See* Exh. A.)  MGA promptly requested that the Grand Parties provide a copy of the amended counterclaims.  Instead of providing a response to that email, the Grand Parties proceeded to file their *ex parte* application at approximately 8 p.m. on April 5, 2022.  This was the first time MGA had any insight into the broad scope of the Grand Parties' proposed new allegations.

Depositions for many witnesses have already been taken—including that of Ms. Harris, who is now proposing to bring a new claim for misappropriation of *her* likeness (separate and apart from the OMG Girlz, of which she is not a member)— and the dates for remaining depositions are fast approaching.  Ms. Pullins's deposition is scheduled for tomorrow, April 7, 2022.

## III.  ARGUMENT

### A.  *Ex Parte* Relief is Not Appropriate Where Grand Parties Fail to Show Emergency.

As an initial matter, *ex parte* relief is rarely justified.  *Mission Power Eng'g*

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                3

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

1  *Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  To warrant *ex parte*
2  relief, the moving party must show that it will suffer irreparable harm if the motion
3  is not heard on an expedited schedule and that it either did not create the
4  circumstances warranting *ex parte* relief or that the circumstances occurred as a result
5  of excusable neglect.  *Id.* at 492.

6        Here, the Grand Parties have manufactured the emergency by failing to timely
7  amend their counterclaims.  The Grand Parties justify their request at this very late
8  stage of the proceedings by representing that they only recently learned of these new
9  claims when MGA produced a document showing the full line of L.O.L. Surprise!
10  O.M.G. Dolls on March 23, 2022 with the names of each doll.  (*See* Dkt. No. 106 at
11  2, 6, 8.)  The Proposed Amendment identifies and discusses several L.O.L. Surprise!
12  O.M.G. Dolls that allegedly infringe on the publicity rights of Ms. Harris and Ms.
13  Pullins.  These include the dolls "Major Lady" (released in March 2021), "Punk
14  Grrrl" (released in November 2020), "Downtown B.B." (released in December
15  2020), "Lady Diva" (July 2019), "NYE Queen" (released in October 2021), "Runway
16  Diva" (released in March 2022), "Sways" (released in March 2022), and "Prism"
17  (released in March 2022).  (*See* Dkt. No. 106, Exh. A at 8, 11–14, 17.)  With the
18  exception of "Runway Diva," "Sways," and "Prism," which were released together
19  as part of the L.O.L. Surprise! O.M.G. Queens set, all the other L.O.L. Surprise!
20  O.M.G. Dolls were publicly sold under the very names that the Grand Parties found
21  objectionable *before* the Grand Parties filed their Third Amended Counterclaims on
22  October 26, 2021.  Indeed, the specific L.O.L. Surprise! O.M.G. Dolls that allegedly
23  give rise to Ms. Harris and Ms. Pullins's individual claims were publicly available
24  for purchase since March 1, 2021 (release date of "Major Lady") and since November
25  25, 2020 (release date of "Punk Grrrl"), respectively.

26        In the instant case, the Grand Parties are alleging that the entire line of L.O.L.
27  Surprise! O.M.G. Dolls infringe on their intellectual property and right to publicity.
28  Thus, they were aware of the L.O.L. Surprise! O.M.G. Dolls that are the subject of

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                    4

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

the proposed new claims, including the names of the dolls.  This information was neither confidential nor difficult to find.  A simple Google search would quickly reveal the dolls and their names.  As to Ms. Harris' proposed new claim, even that modicum of effort was not required because, as she testified, she owns the "Major Lady" doll.  Thus, if Ms. Harris believed the doll she owned justified a claim, and if she believed her daughter also had a new claim against MGA, then such claims should have been alleged in some earlier iteration of the counter-claims.  Or, at the very least, the Grand Parties should have alerted the Court, and MGA, to this issue six weeks ago, when they successfully urged this Court to delay this case for about two months.  (*See* Dkt. Nos. 82, 88.)  "*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have . . . ." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).

### B.     The Grand Parties Fail to Show Good Cause

As the Grand Parties acknowledge, the deadline to amend has long passed. Therefore, they must show "good cause" to permit filing the Proposed Amendment more than ten months after the court-ordered deadline.  *See* Fed. R. Civ. P. 16(b)(4). "Good cause" under Rule 16(b)(4) means that a pretrial deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, the Grand Parties cannot demonstrate that they had diligently sought to amend their counterclaims.  At the time the Grand Parties filed their Third Amended Counterclaims (Dkt. No. 61), the L.O.L. Surprise! O.M.G. Dolls that give rise to Ms. Harris and Ms. Pullins's individual claims—including "Major Lady," "Punk Grrrl" and "Downtown B.B."—had already been released and were publicly sold.  The Grand Parties do not explain why, had they been diligent, they could not have discovered the facts necessary to include individual right of publicity claims and any new counter-claimant or party with their last amended counterclaims.

Similarly, the Grand Parties' argument that they have shown "good cause"

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                     5

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

1    because MGA was already on notice of the new claims is baseless.  (*See* Dkt. No.

2    106 at 8.)  The Grand Parties disingenuously insinuate that, because MGA asked

3    Ms. Harris a few questions about the "Major Lady" doll at her deposition, MGA

4    was "on notice" of the reason for the Proposed Amendment.  (*See id.*)  To the

5    contrary, Ms. Harris raised for the first time during her deposition her belief that the

6    L.O.L. Surprise! O.M.G. Dolls infringed on *her* rights, not just those of the OMG

7    Girlz.  MGA was never aware, nor had reason to believe, that the Grand Parties

8    were planning to pursue such claims, much less had any claim been articulated for

9    MGA to evaluate and take discovery.  Had it known, MGA would have adopted a

10   different discovery strategy, including how it prepared for and questioned witnesses

11   at previous depositions.

12       **C.     The Grand Parties Have Not Met the Requirements of Rule 15(a)**

13       When determining whether leave to amend is proper under Rule 15(a), courts

14   may consider "undue delay, bad faith, or dilatory motive on part of the movant,

15   repeated failure to cure deficiencies by amendments previously allowed, undue

16   prejudice to the opposing party and futility of amendment." *Carvalho v. Equifax Info.*

17   *Servs.*, LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations omitted) (quoting

18   *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  However, not all factors merit equal

19   weight.  The Ninth Circuit has made clear that "[p]rejudice [to the opposing party] is

20   the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon,*

21   *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Contrary to the Grand Parties' argument,

22   there is ample evidence that MGA would be severely prejudiced if the Proposed

23   Amendment were granted at this stage of the proceedings, and the Grand Parties

24   could have timely added the new parties and claims without undue delay.

25           1.    *Granting the* Ex Parte *Application Would Severely Prejudice*

26               *MGA.*

27       Even a glance at the redlined Proposed Amendment demonstrates extensive

28   new allegations related to all claims, in addition to a new party and entirely new

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                        6

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

1  claims.  The Grand Parties argue that MGA somehow would not be prejudiced by the

2  Proposed Amendment because MGA already deposed Ms. Harris, questioned her

3  regarding the "Major Lady" doll, and will be deposing Ms. Pullins tomorrow.  That

4  is, the Grand Parties ask this Court to (1) strip MGA of its right to challenge the

5  amended pleading under Rule 12; (2) prevent MGA from propounding *any* written

6  discovery on the new claim; (3) prevent MGA from questioning Ms. Harris on the

7  specific claim she is alleging; (4) disable MGA from questioning any other witnesses

8  about the new claims and allegations; (5) prevent MGA from conducting any

9  discovery with respect to the newly added Major Star LLC; and (6) effectively

10  prevent MGA from preparing any expert report on the new claims.

11  It is difficult to imagine a more prejudicial circumstance than forcing MGA to

12  defend new claims from new parties, with only a few days left in the discovery period

13  and 10 days before opening expert reports are due.  Indeed, if the Proposed

14  Amendment is permitted, MGA submits that the case schedule would need to be

15  delayed by at least six to nine months to provide MGA with appropriate due process.

16  *See Solomon v. North American Life and Cas. Ins.* Co., 151 F.3d 1132, 1139 (9th Cir.

17  1998) (affirming district court's denial of motion to amend when the motion was

18  made "on the eve of the discovery deadline").

19  As the Ninth Circuit has recognized, a motion to amend that would result in

20  delay supports a finding of prejudice.  *See Coleman v. Quaker Oats Co.*, 232 F.3d

21  1271, 1295 (9th Cir. 2000) ("A need to reopen discovery and therefore delay the

22  proceedings supports a district court's finding of prejudice from a delayed motion to

23  amend the complaint.") (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*,

24  194 F.3d 980, 986 (9th Cir. 1999)).  Intellectual property and right of publicity cases

25  are complicated, and MGA is entitled to a full discovery period and the ability, if

26  appropriate based on the discovery responses and other facts gathered in the case, to

27  prepare expert reports.  Proceeding with new individual claims and a new party on

28  the current schedule would be untenable and highly prejudicial.

Umberg Zipser llp
Attorneys At Law
Irvine

{233909.4}                                    7

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

2. *The Grand Parties Have Unduly Delayed Bringing the Proposed Amendment.*

For the same reasons discussed above, the Grand Parties have unduly delayed in bringing the Proposed Amendment. The Grand Parties maintain that it was only able to bring this application after "additional information relating to these claims was disclosed for the first time in late March 2022." (Dkt. No. 106 at 2.) However, the Grand Parties fail to acknowledge that this additional information had been publicly available since as early as 2020 and could have been discovered, even without MGA's disclosure. *See Invest Almaz v. Temple-Inland Forest Products*, 243 F.3d 57, 72 (1st Cir. 2001) ("[W]hat the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend under this discretionary provision.") (citation omitted).

## IV.   CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court deny the Grand Parties' *Ex Parte* Application (Dkt. No. 106).

Dated: April 6, 2022              UMBERG ZIPSER LLP

_____

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                 8

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION

## PROOF OF SERVICE

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 1920 Main Street, Suite 750, Irvine, CA 92614.

On April 6, 2022, I served on the interested parties in this action the within document(s) entitled: **PLAINTIFF AND COUNTER-DEFENDANTS' OPPOSITION TO THE GRAND PARTIES' *EX PARTE* APPLICATION FOR LEAVE TO FILE FOURTH AMENDED COUNTERCLAIM**

[ X ] **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

| | |
|---|---|
| Erin R. Ranahan<br>Jiepu (Bobby) Li<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile:   (213) 615-1750<br>Email: eranahan@winston.com<br>Email: bli@winston.com | Chante B. Westmoreland<br>WINSTON & STRAWN LLP<br>800 Capitol St., Suite 2400<br>Houston, TX 77002<br>Telephone: (713) 651-2794<br>Facsimile:   (713) 651-2700<br>Email: cwestmoreland@winston.com |
| Attorneys for Defendants and Counter-Claimants | Attorneys for Defendants and Counter-Claimants |

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.  Executed on April 6, 2022, at Irvine, California

_____
Patricia Grenner

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{233909.4}                                    9

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' OPP. TO *EX PARTE* APPLICATION