UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, CA 91311
Telephone: (818) 894-2525

Attorneys for Plaintiff and Counter-Defendant
MGA Entertainment, Inc., and Counter-Defendant
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' MOTION *IN LIMINE* NO. 3 RE: ACCUSATIONS OF CULTURAL APPROPRIATION AND RACISM**<br><br>[*Filed concurrently with Omnibus Declaration of Mark A. Finkelstein*]<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Final Pretrial Conference:<br>Date:    June 21, 2022<br>Time:    8:30 a.m.<br>Place:   Courtroom 10C<br>Judge:   Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br>Trial Date:   August 2, 2022 |

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{237196.2}

Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION IN LIMINE NO. 3

# MOTION IN LIMINE NO. 3

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 21, 2022, at 8:30 a.m., at the Final Pretrial Conference, before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendant Isaac Larian (together, "Counter-Defendants") will, and hereby do, move *in limine* for an order precluding Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "Counter-Claimants") from introducing or referring to testimony or evidence related to accusations of cultural appropriation, discriminatory practices, racial bias, or racism, or that implies or in any way suggests that Counter-Defendants have engaged in purported discrimination, cultural appropriation, racial bias, or racist behavior in any form.

This Motion is made pursuant to Federal Rules of Evidence 401, 402, 403, 404, and 406 on the grounds that the evidence is not relevant to any issue in this case; has no proper non-propensity evidentiary purpose; is inadmissible character evidence intended to prove conformity with prior conduct; does not constitute habit or routine practice evidence; and the nonexistent probative value of the evidence is significantly outweighed by the danger of misleading the jury, confusing and complicating the issues, unfair prejudice, and wasting court time.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Omnibus Declaration of Mark A. Finkelstein filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, the records and filings in this action, and upon such further evidence and argument submitted at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Central

1   District of California Local Rules 7-3 and 16-2, which took place on May 16, 2022.

2   Dated: May 24, 2022                    UMBERG ZIPSER LLP

*[signature]*

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In granting Counter-Defendants' Rule 12(f) motion to strike, this Court ruled that Counter-Claimants' allegations of cultural appropriation (and related suggestions of racism) have no bearing on any of the counterclaims, and are "immaterial and impertinent."

Despite this ruling, throughout this case Counter-Claimants have repeatedly directly or impliedly accused Counter-Defendants of racism and cultural appropriation. During depositions, Counter-Claimants have testified, at length and often unrelated to the question asked, that they believe ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ and have repeated those claims in recent public media statements, arguing that Counter-Defendants have "a history of commodifying the plagiarized likeness of Black women," are "getting away with taking from [Counter-Claimants'] culture," have done this "to other Black influencers" like Amina Mucciolo, and are "[p]illaging, talents, ideas, and the likeness of Black people …." (Ex. I to the Omnibus Declaration of Mark A. Finkelstein. ["Finkelstein Decl."].)

And this conduct has not been limited to Counter-Claimants themselves. Indeed, their lawyers have made this a theme in their examination of MGA's witnesses with questions that unjustly, unfairly, and inappropriately suggest that Counter-Defendants are racists.

For the same reasons this Court previously found all such allegations irrelevant, immaterial, and impertinent, Counter-Claimants should be precluded from arguing or offering, or seeking to elicit, testimonial or documentary evidence that implies or in any way suggests that Counter-Defendants are racist, have engaged in racial discrimination, or have engaged in cultural appropriation of any kind whatsoever.

## II.  RELEVANT BACKGROUND

### A.  THE COURT'S PREVIOUS ORDER

In the preliminary statement to their First Amended Counterclaims ("FACC"), Counter-Claimants devoted almost three pages to the claim that "[Cross-Defendant] Larian's practice of using his doll business to misappropriate the likeness of Black female artists is a form of cultural appropriation." (Dkt. No. 27, pp. 8-10, ¶¶ 21-26.)

Counter-Claimants alleged that "Larian and MGA also appeared to copy the likeness of Black female influencer Amina Mucciolo" and concluded their preliminary statement by alleging that "MGA and Larian's misappropriation from, rather than collaborating with the Black creators who over many years worked to develop the OMG Girlz brand, is a classic example of Larian's habit, and MGA's routine practice, of cultural appropriation. This cultural appropriation is legally actionable where, as here, it has resulted in MGA's unlawful copying and dilution of the OMG Girlz brand, and misappropriation of their name and likeness." (Dkt. No. 27, p. 10, ¶ 26.)

Counter-Defendants moved to strike all references to cultural appropriation, racism, and Amina Mucciolo from the FACC (paragraphs 21 through 26 on pages 8 through 10). (Dkt. No. 31.) In so moving, Counter-Defendants argued that such allegations are immaterial, impertinent and "intended to serve no purpose other than to cast MGA and Larian in an extremely derogatory light in an environment ripe for social media criticism, to disparage their reputation for promoting diversity and showcasing multicultural expression in the doll business, and to prejudice, inflame and distract the jury." (Dkt. No. 31 at 6.)

In granting Counter-Defendants' motion to strike, the Court expressly disagreed with Counter-Claimants' argument that "[e]vidence on these issues is relevant to proof of intent in the federal and state causes of action alleged and to the scope of damages." (Dkt. No. 53 at 16 [citing Dkt. No. 39 at 10].) The Court then found "that the FACC's statements regarding cultural appropriation have no bearing on any of the counterclaims, and that they are accordingly immaterial and

1  impertinent." (Dkt. No. 53 at 16.)  Accordingly, the Court granted the motion to strike paragraphs 21 through 26 of the FACC. *Id.*

### B. COUNTER-CLAIMANTS' CULTURAL APPROPRIATION AND RACISM ALLEGATIONS HAVE CONTINUED DURING DEPOSITIONS AND IN PUBLIC MEDIA STATEMENTS

Notwithstanding the Court's ruling, Counter-Claimants have continued to raise the specter of racism and cultural appropriation during depositions and in statements to media outlets.

#### 1. Deposition Conduct Relating to Cultural Appropriation

In her deposition, Defendant Tameka Harris reiterated the cultural appropriation allegation: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Defendant Clifford "T.I." Harris repeatedly reiterated (typically in response to entirely unrelated questions) the cultural appropriation allegation, along with invectives directed at Counter-Defendants.  He alleged that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[redacted]

During depositions of current and former MGA personnel, Counter-Claimants' attorneys impliedly accused Counter-Defendants of discriminatory practices. They asked MGA designer Paula Garcia: [redacted]

Counter-Defendant Isaac Larian testified in his deposition that [redacted]

### 2. Media Statements Alleging Cultural Appropriation

Defendant Tameka Harris gave an interview about this lawsuit, less than one month ago, which was published on Forbes.com (April 27, 2022 "Tiny Harris Countersuing O.M.G. Doll Company for Trademark Infringement"). (Finkelstein Decl., Ex. I.) Harris is quoted as accusing Mr. Larian of race-based cultural appropriation: "…[W]hile doing my research, I noticed that he has not only done

this to us but to other Black influencers." (*Id.*)

### III. ALLEGED EVIDENCE OF CULTURAL APPROPRIATION AND/OR RACISM IS NOT RELEVANT

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. As this Court has already ruled, purported evidence of cultural appropriation or racism is not relevant to this action.

In granting the motion to strike, the Court specifically found that the FACC's statements regarding cultural appropriation are not relevant to proof of intent or to the scope of damages, and "have no bearing on any of the counterclaims, and accordingly are immaterial and impertinent." Dkt. No. 53 at 16. "Immaterial" matter has "no essential or important relationship to the claim for relief or the defenses being pleaded"; "impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Accordingly, this Court has found that the evidence has no essential or important relationship to the counterclaim *and* does not pertain to the issues in question.

The allegations of cultural appropriation therefore have no possible relation to the controversy and might cause prejudice to one of the parties. *Friedman v. 24 Hour Fitness USA, Inc.,* 580 F.Supp.2d 985, 990 (C.D. Cal. 2008). Indeed, this is not a racial discrimination suit or a hostile work environment claim, where race might be an issue. *See Heard v. Lockheed Missiles & Space Co.*, 44 Cal.App.4th 1735, 1756 (1996); *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir. 2004).

Instead, this is an intellectual property lawsuit where cultural appropriation

premised on race is not even minimally relevant. The race of the parties has no bearing at all on the merits of the claims. To be sure, there is no case (and Counter-Claimants have certainly never previously identified a case) in which a court has held that a violation of the Lanham Act, misappropriation of name or likeness, or unfair competition can somehow be *caused by* cultural appropriation, racism, or racial bias—*or* that such a theory of "causality" would be relevant to any issue in dispute in an intellectual property lawsuit.

### IV. THE ALLEGED EVIDENCE IS CHARACTER OR PROPENSITY EVIDENCE FOR WHICH NO PROPER PURPOSE HAS EVER BEEN OFFERED *OR* EXISTS

To the extent Counter-Claimants argue that racial issues are relevant to character evidence, any alleged prior acts implicating a defendant's alleged racial animus are presumptively *excluded* by Rule 404(b). *Palmer v. Robbins,* No. CV419-167, 2022 WL 1063607, at *6 (S.D. Ga., Apr. 8, 2022). As this Court found in granting Counter-Defendants' motion to strike, there is no proper non-propensity purpose for evidence of cultural appropriation or racial bias. In the absence of any proper evidentiary purpose, the evidence must be excluded under Rule 404(b).

In particular, evidence of comments Mr. Larian allegedly made about Ms. Mucciolo would be offered for no purpose other than to inflame and outrage the jurors and invite them to find liability on an improper basis. This is prototypical impermissible character evidence and should be excluded. *See Fulton v. Nisbet,* No. CV 2:15-4355-RMG) 2018 WL 565265, at *2 (D.S.C., Jan. 25, 2018).

### V. COUNTER-CLAIMANTS MAY NOT SEEK TO ESTABLISH A "HABIT" OF PREJUDICE

"Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the

degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (*en banc*). The party attempting to introduce the evidence has the burden of establishing that the conduct qualifies as evidence of habit. *Id.*

"[B]ecause 'Rule 406 is an exception to the general exclusion of character evidence under the Federal Rules, ... courts are somewhat cautious in admitting the evidence. [Citation.]" *Angwin, supra,* 271 F.3d at 799. Habit or routine practice is "never to be lightly established" and the evidence proffered to establish it must be "carefully scrutinized." *Mathes v. The Clipper Fleet,* 774 F.2d 980, 984 (9th Cir.1985). "It is only when the examples offered to establish such pattern of conduct or habit are numerous enough to base an inference of systematic conduct ... that they are admissible to establish pattern or habit." *Id.* (internal citations omitted). The proponent of the evidence must "establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Simplex, Inc. v. Diversified Energy Systems, Inc.,* 847 F.2d 1290, 1293 (7th Cir.1988).

Counter-Claimants seem to want to suggest through questioning and their own testimony that MGA and Larian have, at times, taken steps that amount to culturally appropriation. Not only is such evidence untrue and totally irrelevant, it does not come close to rising to the level required for admission under Rule 406. Evidence must be submitted showing regularity over substantially all occasions. *Angwin,* 271 F.3d at 799; *Simplex,* 847 F.2d at 1293 ("Before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in

nature."). There simply is no evidence that Counter-Defendants have on substantially all occasions under the same circumstances engaged in what Counter-Claimants have broadly referred to as "cultural appropriation."

## VI. THE DANGER OF UNFAIR PREJUDICE OR CONFUSION OF THE ISSUES SIGNIFICANTLY OUTWEIGHS THE NON-EXISTENCE PROBATIVE VALUE OF THE PURPORTED EVIDENCE

Even if relevant, evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is not unfairly prejudicial because it favors one party or the other, but because it tends to encourage the jury to make a finding based on improper reasoning. *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005). Rule 403 is concerned with "unfair" prejudice, or the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it. *See, e.g., Pine Crest Preparatory School, Inc. v. Phelan,* 557 F.2d 407, 409 (4th Cir.1977).

Allegations of cultural appropriation are obviously intended to cast MGA in an extremely derogatory light in an environment ripe for social media criticism, to disparage their reputation, and to prejudice, inflame and distract the jury. Such allegations "unnecessarily reflect[ ] on the moral character of an individual or state[ ] anything in repulsive language that detracts from the dignity of the court," *Cobell v. Norton,* 224 F.R.D. 1, 5 (D.D.C. 2004), including "allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com Secs. Litig.,* 114 F.Supp.2d 955, 965 (C.D. Cal. 2000).

Thus, in addition to the fact that cultural appropriation/allegations of racist behavior have absolutely no probative value, such allegations would tend to cause unfair prejudice or confusion of the issues. *See Calloway v. Hayward,* No. 08-CV-01896, 2017 WL 363000 *4 (E.D. Cal. Jan. 24, 2017) (precluding a plaintiff from introducing evidence of racial discrimination where bias was "irrelevant to

[p]laintiff's claims.") As courts have held, playing racially charged tirades at trial risks inflaming and prejudicing jurors. *National Association for Advancement of Colored People, Inc. v. City of Myrtle Beach,* 503 F.Supp.3d 390, 398 (D.S.C. 2020).

## VII. CONCLUSION

This case is not about racial discrimination or bias; it is, rather, about whether Counter-Claimants' asserted trade dress and trademark have been infringed, and whether the likeness and name of the OMG Girlz have been misappropriated. Allegations that the claimed intellectual property is the creation of members of a particular race have absolutely no bearing on these issues, and the jurors should not be invited to think otherwise.

Accordingly, and for all of the foregoing reasons, Counter-Defendants respectfully request that the Court preclude Counter-Claimants from referring to or introducing highly inflammatory and irrelevant documentary or testimonial evidence regarding alleged "cultural appropriation" or racism.

Dated: May 24, 2022                              UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

# PROOF OF SERVICE

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 1920 Main Street, Suite 750, Irvine, CA 92614.

On May 24, 2022, I served on the interested parties in this action the within document(s) entitled: **COUNTER-DEFENDANTS' MOTION *IN LIMINE* NO. 3 RE: ACCUSATIONS OF CULTURAL APPROPRIATION AND RACISM**

[ X ]   **BY EMAIL:**  The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

Erin R. Ranahan
Jiepu (Bobby) Li
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:   (213) 615-1750
Email: eranahan@winston.com
Email: bli@winston.com

Chante B. Westmoreland
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
Telephone: (713) 651-2794
Facsimile:   (713) 651-2700
Email: cwestmoreland@winston.com

Attorneys for Attorneys for Defendants and Counter-Claimants

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.  Executed on May 24, 2022, at Irvine, California

_____
Patricia Grenner