UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, CA 91311
Telephone: (818) 894-2525

Attorneys for Plaintiff and Counter-Defendant
MGA Entertainment, Inc., and Counter-Defendant
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. MCDONALD UNDER FED. R. EVID. 702**<br><br>[*Filed concurrently with Omnibus Declaration of Mark A. Finkelstein*]<br><br>**[REDACTED PUBLIC VERSION]**<br><br>Final Pretrial Conference:<br>Date: June 21, 2022<br>Time: 8:30 a.m.<br>Place: Courtroom 10C<br>Judge: Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br>Trial Date: August 2, 2022 |

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{237273.1}                        Case No. 2:20-cv-11548-JVS-AGR
                                  COUNTER-DEFS.' MOTION TO EXCLUDE
                                  EXPERT OPINIONS OF DR. MCDONALD

# MOTION TO EXCLUDE EXPERT OPINIONS OF
# DR. SUSAN MCDONALD

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 21, 2022, at 8:30 a.m., at the Final Pretrial Conference, before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff and Counter-Defendant MGA Entertainment, Inc. ("MGA") and Counter-Defendant Isaac Larian (together, "Counter-Defendants") will, and hereby do, move for an order precluding Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, the "Counter-Claimants") from introducing or referring to portions of the testimony and Rebuttal Report of their retained expert Dr. Susan McDonald.

This Motion is made pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), on the grounds that the portions of Dr. McDonald's expert testimony and report in question are unreliable and based on factual assumptions that are either unsupported or contradicted by the evidence, and further fail to consider and properly apply the applicable legal standard.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Omnibus Declaration of Mark A. Finkelstein filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, the records and filings in this action, and upon such further evidence and argument submitted at or before the hearing on this Motion.

//
//

Umberg Zipser LLP
Attorneys At Law
Irvine

{237273.1} 2 Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

1   This Motion is made following the conference of counsel pursuant to Central
2   District of California Local Rules 7-3 and 16-2, which took place on May 16, 2022.
3
4   Dated: May 24, 2022        UMBERG ZIPSER LLP
5
6                              _____
7                              Mark A. Finkelstein
                               Attorneys for Plaintiff and Counter-
                               Defendant MGA Entertainment, Inc., and
8                              Counter-Defendant Isaac Larian

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{237273.1}   3   Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this case, Counter-Claimants allege that MGA's 70-plus different fashion dolls infringe their "trade dress," infringe their OMG GIRLZ trademark for musical recordings, and/or misappropriate the likeness of the OMG Girlz. (Dkt. No. 63, Third Am. Counter-Claims ["TACC"].) To test the claim that the alleged trade dress is likely to cause consumer confusion, as well as to test the claim that the OMG Girlz' likeness was misappropriated, Counter-Defendants retained Dr. Bruce Isaacson to conduct various consumer surveys. In response, Counter-Claimants retained Dr. Susan McDonald as a rebuttal expert.

Dr. McDonald offers no competing survey or data, but criticizes elements of Dr. Isaacson's survey, including ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The first two disagreements constitute, at most, standard debate between experts and, as such, affect only the weight and not the admissibility of the competing expert reports. *See* Rebuttal Report of Dr. McDonald ("McDonald Report"), attached as Ex. A to the Omnibus Declaration of Mark A. Finkelstein ("Finkelstein Decl."), at 6:16–19, 6:27–7:7, 12:26–25, 14:8–10; *see also* Deposition of Dr. McDonald ("McDonald Dep."), attached as Ex. B to Finkelstein Decl., at 93:16–19. Thus, Counter-Defendants do not seek to exclude those portions of Dr.

Umberg Zipser llp
Attorneys At Law
Irvine

{237273.1}   4   Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

1  McDonald's report.

2  Dr. McDonald's other two criticisms, however, fail to meet the standards of
3  Federal Rule of Evidence 702 and should be excluded. Dr. McDonald's assertion
4  regarding ████████████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ████████████████████████████████████ Accordingly, those two portions
9  of the report should be stricken and Dr. McDonald should be excluded from
10 testifying on those issues.

11 **II.   LEGAL STANDARD**

12 Federal Rule of Evidence 702 provides that witnesses qualified as experts
13 may testify in the form of an opinion if "(a) the expert's scientific, technical, or
14 other specialized knowledge will help the trier of fact to understand the evidence or
15 to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c)
16 the testimony is the product of reliable principles and methods; and (d) the expert
17 has reliably applied the principles and methods to the facts of the case." *Id.*
18 In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court
19 recognized and explained the "gatekeeping role" of the trial court to "ensure that
20 any and all scientific testimony . . . is not only relevant, but reliable." 509 U.S. 579,
21 589, 597 (1993); *see also United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.
22 2000). In a companion case, *Kumho Tire Co., Ltd. v. Carmichael*, the Supreme
23 Court made clear that the principles of *Daubert* apply not just to "scientific"
24 testimony, but to all expert testimony offered under Rule 702. 526 U.S. 137, 151
25 (1999). Further, the Supreme Court in *Kumho* explained that "[t]he objective of the
26 [*Daubert*'s gatekeeping] requirement is . . . to make certain that an expert, whether
27 basing testimony upon professional studies or personal experience, employs in the
28

Umberg Zipser LLP
Attorneys At Law
Irvine

{237273.1}                                          5                    Case No. 2:20-cv-11548-JVS-AGR
                                                                         COUNTER-DEFS.' MOTION TO EXCLUDE
                                                                         EXPERT OPINIONS OF DR. MCDONALD

1  courtroom the same level of intellectual rigor that characterizes the practice of the
2  expert in the relevant field." *Id.* at 152.
3       In *Daubert*, the Court described several factors used to consider the reliability
4  of expert testimony, including (1) whether a theory "can be (and has been tested)[,]"
5  (2) "whether the theory or technique has been subjected to peer review and
6  publication[,]" (3) "the known or potential rate of error[,]" and (4) whether the
7  theory or method has attained "[w]idespread acceptance." 509 U.S. at 593–
8  94.  Importantly, these factors are used to answer the ultimate question of "whether
9  this particular expert ha[s] sufficient specialized knowledge *to assist the jurors* 'in
10 deciding the particular issues in the case.'" *Kumho*, 526 U.S. at 156 (citation
11 omitted) (emphasis added).
12      The court's "gatekeeper role under Daubert is 'not intended to supplant the
13 adversary system or the role of the jury.'" *Active Sports Lifestyle USA LLC v. Old*
14 *Navy, LLC*, Case No. SACV 12-00572 JVS (Ex) 2013 WL 11239385, at *10 (Nov.
15 12, 2013) (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333,
16 1341(11th Cir. 2003)).  That is, the court is not supposed "to make ultimate
17 conclusions as to the persuasiveness of the proffered evidence.'" *Id*; *see also*
18 *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

19 **III.   ARGUMENT**
20    **A.   Dr. McDonald's Criticism Regarding Who Should Have Been**
21          **Surveyed Was Based on Inaccurate Facts**
22      Dr. McDonald criticizes Dr. Isaacson's report based on her claim that the
23 report did not ████████████████████████ McDonald Report, at 10:4–5.
24 Dr. McDonald agrees that, in a forward confusion case, the proper survey universe
25 is ████████████████████████████████████

Umberg Zipser llp
Attorneys At Law
Irvine

{237273.1}                          6                    Case No. 2:20-cv-11548-JVS-AGR
                                                         COUNTER-DEFS.' MOTION TO EXCLUDE
                                                         EXPERT OPINIONS OF DR. MCDONALD

1  ▮▮▮
2  ▮▮▮
3  ▮▮▮
4  ▮▮▮
5  McDonald Dep. at 34:2–6.

6  This is consistent with Professor McCarthy's view: "In a traditional case claiming "forward" confusion . . . the proper universe to survey is composed of the potential buyers of the *junior* user's goods or services." 1 *McCarthy on Trademarks and Unfair Competition* § 32:159 (5th ed. 2022) (emphasis in original)). Dr. McDonald testified that, here, ▮▮▮ McDonald Dep., at 97:5–7.

Accordingly, there is no dispute that Dr. Isaacson's survey should have sampled MGA's potential buyers, since he ▮▮▮ *Id*. at 33:7–15.

Dr. McDonald, however, claims Dr. Isaacson failed to sample MGA's potential buyers because she thinks that, with respect to MGA's L.O.L. Surprise! O.M.G. dolls, ▮▮▮ McDonald Report, at 10:10–11. Thus, Dr. McDonald contends that Dr. Isaacson's survey, which was based on a "national sample balanced by gender, region and age" (*id*. at 11:3–4), should instead have ▮▮▮ *Id*. at 10:8–11, 10:23–11:2.

Dr. McDonald's conclusion that MGA's potential buyers are ▮▮▮

---

[1] When asked if she reviewed the entire transcript of Mr. Larian, Dr. McDonald testified that she would only go so far as to say that she ▮▮▮ McDonald Dep., at 41:8–15.

1  ██████████████████████████████████████████████████████████
2  ██████████████████████████████████████

3  Dr. McDonald's report cited just a single passage of Mr. Larian's deposition. McDonald Report, at 10:10-12. That testimony, however, does not support Dr. McDonald's conclusion. Mr. Larian did *not* testify that MGA's potential buyers are comprised of ████████████████ Deposition of Isaac Larian ("Larian Dep."), attached as Ex. C to Finkelstein Decl., at 250:2–24. Rather, Mr. Larian's testimony was to the contrary. Mr. Larian testified that the L.O.L. Surprise! O.M.G. dolls are ████████████████████████████████████████████████████████████
████████████████████████████████████████ *Id.*, at 254:16–19 (emphasis added).

After being confronted with Mr. Larian's deposition testimony during her deposition, Dr. McDonald backtracked and called her reliance on Mr. Larian's cited deposition transcript ████████████████████████████ McDonald Dep., at 119:17–24, 121:7–12.

Other MGA witnesses have similarly testified that MGA markets and sells its dolls to everyone, ████████████████ Deposition of Rachel Moshe, attached as Ex. D. to Finkelstein Decl., at 44:18–23 ████████████████
████████████████████████████████████████████████████
████████████████████████████████; Deposition of Lora Stephens, attached as Ex. E to Finkelstein Decl., at 341:25–342:9 ████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████

Thus, Dr. McDonald's position that the market for the L.O.L. Surprise! O.M.G. dolls is ████████████████████████████████████████, is

contradicted by the evidence. *See* McDonald Dep., at 124:7–126:21. Inasmuch as Dr. McDonald's opinion was based on nothing other than a selective misapprehension of a snippet of Mr. Larian's deposition testimony, her criticism of Dr. Isaacson's survey universe rests entirely on a false factual premise.

Accordingly, her expert report on this issue should be stricken. *See Kaseberg v. Conaco, LLC*, No. 15-CV-1637 JLS (MSB), 2019 WL 1641161, at *5 (S.D. Cal. Apr. 16, 2019) ("Ninth Circuit has precluded as unreliable the testimony of experts whose analysis 'rests on unsupported assumptions,' particularly those later contradicted by discovery."); *see also Greenwell v. Boatwright*, 184 F.3d 492, 497 (6th Cir. 1999) (noting that expert testimony "is inadmissible when the facts upon which the expert bases his testimony contradict the evidence"); *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) ("Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all.").

**B. Dr. McDonald's Criticism of Dr. Isaacson's Likeness Survey Regarding the Stimulus Presentation and What Question to Ask is Legally Incorrect**

As to Dr. Isaacson's likeness survey, Dr. McDonald criticizes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

In the operative pleading, Counter-Claimants bring two claims for misappropriation—one under the common law and the other under California Civil Code Section 3344. *See* TACC. Both claims require that the defendant

Umberg Zipser LLP
Attorneys At Law
Irvine

{237273.1}   9   Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

"use" the plaintiff's "identity." *See Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 413–14 (9th Cir. 1996).

Dr. McDonald opined that ███████████████████████████████████████████████████████████████████████████████████████████████████████████ McDonald Report, at 14:24–27. But Counter-Claimants contend that the L.O.L. Surprise! O.M.G. dolls infringe their right of publicity based on how the dolls look, not based on their name. *See* Dkt. No. 142-17. Thus, it would not be legally appropriate to "prompt" an "association" based on the words on the packaging.

Further, Dr. McDonald's suggestion that respondents should have been asked if a doll is ███████ by someone else also has no valid legal basis. Under Ninth Circuit precedent, "likeness" means that the dolls must be "readily identifiable" as the OMG Girlz. *Newcombe*, 157 F.3d at 692 ("we hold that in order to constitute Newcombe's likeness, the pitcher depicted in the advertisement must be readily identifiable as Newcombe"; "the drawing in the advertisement and the newspaper photograph of Newcombe upon which the drawing was based are virtually identical.").

Accordingly, Dr. Isaacson asked the correct question—"Does the doll you viewed look like any particular person or people." And Dr. McDonald's suggestion that he should instead have asked ████████████████████████████████████████████████████████████ is inconsistent with the legal test and would confuse the jury.[2]

Dr. McDonald admitted that ███████████████████████████████████████████████████████████████████████████

---

[2] *See also*, CACI 1804A (Use of Name or Likeness Under Civ. Code § 3344) (requiring "use" of "likeness").

{237273.1}   10   Case No. 2:20-cv-11548-JVS-AGR
UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ██████████████████████████████████ *Id*.

4 Accordingly, Dr. McDonald's report as to this issue should also be stricken. *See Johannsongs-Publ'g Ltd. v. Lovland*, No. CV 18-10009-AB (SSX), 2020 WL 2315805, at *5–7 (C.D. Cal. Apr. 3, 2020), *aff'd*, No. 20-55552, 2021 WL 5564626 (9th Cir. Nov. 29, 2021) (excluding expert reports that failed to properly consider and apply the legal standard for the extrinsic test in copyright infringement case).

## IV. CONCLUSION

The parties have retained competing experts who, not surprisingly, do not agree with each other. Some of these disagreements are typical in Lanham Act cases and are best left to cross-examination. But Dr. McDonald's criticism as to Dr. Isaacson's survey universe is based on a factual premise that is contrary to the actual facts, and her criticism of his likeness survey is based on her lack of knowledge of the correct legal elements for misappropriation claims in California. Allowing her to provide those two opinions would only not assist the jurors but, instead, would confuse the issues to be decided by the jurors. Thus, those opinions should be stricken and Dr. McDonald should be excluded from testifying on those issues.

Dated: May 24, 2022

UMBERG ZIPSER LLP

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

**PROOF OF SERVICE**

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{237273.1}    11    Case No. 2:20-cv-11548-JVS-AGR
COUNTER-DEFS.' MOTION TO EXCLUDE
EXPERT OPINIONS OF DR. MCDONALD

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 1920 Main Street, Suite 750, Irvine, CA 92614.

On May 24, 2022, I served on the interested parties in this action the within document(s) entitled: **COUNTER-DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINIONS OF DR. MCDONALD UNDER FED. R. EVID. 702**

[ X ]   **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

Erin R. Ranahan
Jiepu (Bobby) Li
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:   (213) 615-1750
Email: eranahan@winston.com
Email: bli@winston.com

Chante B. Westmoreland
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002
Telephone: (713) 651-2794
Facsimile:   (713) 651-2700
Email: cwestmoreland@winston.com

Attorneys for Attorneys for Defendants and Counter-Claimants

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. Executed on May 24, 2022, at Irvine, California

_____
Patricia Grenner