| | |
|---|---|
| 1 | Erin R. Ranahan (SBN: 235286) |
| | eranahan@winston.com |
| 2 | Jiepu (Bobby) Li (SBN: 342224) |
| | bli@winston.com |
| 3 | WINSTON & STRAWN LLP |
| | 333 S. Grand Avenue |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone:  (213) 615-1700 |
| 5 | Facsimile:   (213) 615-1750 |
| 6 | Chante B. Westmoreland (*pro hac vice*) |
| | cwestmoreland@winston.com |
| 7 | WINSTON & STRAWN LLP |
| | 800 Capitol St., Suite 2400 |
| 8 | Houston, TX 77002 |
| | Telephone:  (713) 651-2794 |
| 9 | Facsimile:   (713) 651-2700 |
| 10 | *Attorneys for Defendants* |
| | CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, |
| 11 | OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, |
| | PRETTY HUSTLE, LLC, and OMG GIRLZ LLC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Cross-Complainants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><br>Judge: Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br>Trial Date: August 2, 2022 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................1
II.  THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1] ...............................2
     A.   Grand Parties' Claims and Elements ....................................................2
          1.   Summary of the Grand Parties Claims and Evidence [L.R. 16-4.1(a), (b), (c)] ..........................................................................2
          2.   Summary of the Grand Parties' Affirmative Defenses [L.R. 16-4.1(d), (e)] ...........................................................................8
          3.   Summary of the Grand Parties' Evidence in Opposition to MGA's Claim [L.R. 16-4.1(d), (e), (f)] ..........................................9
          4.   Third Parties ...............................................................................9
          5.   Anticipated Evidentiary Issues [L.R. 16-4.1(h)] .............................9
          6.   Identification of Issues of Law [L.R. 16-4.1(i)] ...........................10
III. BIFURCATION OF ISSUES [L.R. 16-4.3] ...................................................10
IV.  JURY TRIAL [L.R. 16-4.4] ..........................................................................10
     A.   ISSUES TRIABLE TO THE JURY ...................................................10
     B.   ISSUES TRIABLE TO THE COURT .................................................10
V.   ATTORNEYS' FEES [L.R. 16-4.5] ................................................................11
VI.  ABANDONMENT OF ISSUES [L.R. 16-4.6] ................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdul-Jabbar v. Gen. Motors Corp.*,
  85 F.3d 407 (9th Cir. 1996) ........................................................................... 7

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
  581 F.3d 1138 (9th Cir. 2009) ....................................................................... 4

*Cartier, Inc. v. Sardell Jewelry, Inc.*,
  294 F. App'x 615 (2d Cir. 2008) ................................................................... 4

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*,
  142 F.3d 1127 (9th Cir. 1998) ....................................................................... 4

*Filipino Yellow Pages, Inc. v. Asian Journal Pubs., Inc.*,
  198 F.3d 1143 (9th Cir. 1999) ....................................................................... 5

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
  618 F.3d 1025 (9th Cir. 2010) ....................................................................... 4

*Hale v. Sharp Healthcare*,
  183 Cal. App. 4th 1373 (2010) ...................................................................... 8

*Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*,
  515 U.S. 557 (1995) ...................................................................................... 9

*Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*,
  4 F.3d 819 (9th Cir. 1993) ............................................................................. 5

*Levi Strauss & Co. v. Blue Bell, Inc.*,
  778 F.2d 1352 (9th Cir. 1985) ....................................................................... 5

*Montana v. San Jose Mercury News, Inc.*,
  34 Cal.App.4th 790, 40 Cal.Rptr.2d 639 (1995) ........................................... 7

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
  638 F.3d 1137 (9th Cir. 2011) ....................................................................... 4

*R.F.M.A.S., Inc. v. Mimi So*,
  619 F. Supp. 2d 39 (S.D.N.Y. 2009) ............................................................. 4

*Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*,
    251 F. Supp. 3d 1288 (2017) ............................................................................... 5

**Statutes**

15 U.S.C. § 1125 ("Lanham Act") ................................................................... *passim*

15 U.S.C. § 1125(a)(3) ............................................................................................ 5

Cal. Bus. & Prof. Code § 17200 et seq. ............................................................. 3, 8

Cal. Civ. Code § 3344 ................................................................................ *passim*

**Other Authorities**

First Amendment .............................................................................................. 9, 10

CACI No. 1804A .................................................................................................. 6, 7

L.R. 16-4.1 ............................................................................................... *passim*

Pursuant to Local Rule 16-4 and the Court's Orders, Counter-Claimants OMG Girlz LLC, Pretty Hustle LLC, and Grand Hustle LLC (the "Grand Parties") hereby submit the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties in preparation for the trial scheduled to commence on August 2, 2022.

## I. INTRODUCTION

This case is about MGA's misappropriation and unauthorized use of the OMG Girlz trade dress, trademark, name and likeness in violation of the Lanham Act, Cal. Civ. Code § 3344, and common law.

In 2009, Tameka Harris formed a female vocal group called the OMG Girlz. The group quickly took off and became a sensation, amassing a dedicated fanbase throughout the country. Fans of the OMG Girlz had the opportunity to "grow up" alongside the girls in this "digital age" through the group's performances on stage, their music, and their consistent appearances on reality television, social media, online music videos, and in interviews in other media. The core group of OMG Girlz included Zonnique Pullins (and her signature blue hair), Breaunna Womack (and her signature purple hair), and Bahja Rodriguez (and her signature pink hair). The OMG Girlz signed first with Tameka Harris's company, Pretty Hustle, and eventually with the major record label, Interscope Records.

The OMG Girlz brand and trade dress have been carefully curated and maintained over the last 12 years. In the beginning, the OMG Girlz style was focused on developing an eye-catching signature look, but ever the entrepreneurs, the Grand Parties used their business and entertainment acumen to turn the OMG Trade Dress into a source identifier for the OMG Girlz entertainment brand.

MGA is a private toy giant which made billions from Bratz dolls and billions more from the L.O.L. Surprise! "little tots" dolls. MGA's founder, Isaac Larian, credits MGA with "invent(ing) diversity in dolls" and having racially diverse consumers because MGA "proved that kids want to buy dolls that resemble() them the most, their

skin color, their ethnicity." MGA strives for some level of racial "ambiguity" so that the dolls connect with multi-raced consumers who resonate with the appearance of the dolls.

As one MGA employee explained, MGA, through its dolls, "[is] trying to achieve" a goal of showing that "everyday's kids can also look as stylish as celebrities' kids." Following the success of the celebrity inspired L.O.L. Surprise! "tots," MGA produced a line of larger, more expensive fashion dolls. Although the less expensive "tots" are sold in opaque containers so that kids are "surprised" at the toy they receive, MGA learned through consumer surveys that at the higher price point, consumers wanted to see what dolls they were buying, and created the packaging accordingly. MGA did not modify its practice of modeling dolls off celebrities even though consumers could now recognize celebrity references before or at the time of purchase.

As if similarity in name and likeness alone were not enough, MGA compounded the confusion by promoting the OMG Dolls in the same channels as the OMG Girlz and for similar goods and services, including music videos, music, dance, fashion, and other audiovisual arenas, just like the OMG Girlz. Both the OMG Girlz and OMG Dolls appear in both the entertainment and music industries, including releasing music through record labels. MGA even planned to somehow send the OMG Dolls out on "tour," until the pandemic interrupted those plans.

## II.   THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]

### A.   Grand Parties' Claims and Elements

#### 1.   Summary of the Grand Parties Claims and Evidence [L.R. 16-4.1(a), (b), (c)]

The Grand Parties will pursue each of its pleaded claims, which are as follows:

- Claim 1: MGA violates the Lanham Act, 15 U.S.C. § 1125 by infringing on the OMG Girlz' trademark and trade dress rights
- Claim 2: MGA misappropriates the OMG Girlz' Name and Likeness under Cal. Civ. Code § 3344

- Claim 3: MGA misappropriates the OMG Girlz' Name and Likeness in violation of the common law
- Claim 4: MGA violates Cal. Bus. & Prof. Code § 17200 et seq. and common law unfair competition laws

**Claim 1: MGA violates the Lanham Act, 15 U.S.C. § 1125 by infringing on the OMG Girlz' trademark and trade dress rights**

Summary: The Grand Parties hold the intellectual property rights (and all related rights) to the well-known OMG Girlz name (Reg. No. 6662847), the distinctive style and visual appearance of the OMG Girlz and the trade dress associated with the OMG Girlz name, brand, image and style. The trade dress includes the names and images associated by fans with the OMG Girlz, including, without limitation: (i) the acronym "OMG" "Girlz", a name trademarked to identify a young, confident, and positive young female musical recording and performance group; (ii) unique combinations of vibrant hair color combinations in non-monochromatic and contrasting hues—primarily in bright pink, vivid purple, and blue to teal shades of blue, makeup, contrasting wavy and straight hair styling, and experimental, fun, urban, and edgy wardrobes and makeup creating a unique composite tapestry of appearance for the multicultural OMG girls as exemplified in the images included in the Preliminary Statement; (iii) music with young female vocals and unique pop/R&B rhythm and cadence recorded and released in songs by the OMG Girlz; (iv) images of the OMG Girlz on musical performance tours and in celebrity events as depicted in their television performances and social media releases; and (v) the stage names used by the band members in connection with their stage personas. Through both their use in commerce, and their inherently distinctive qualities, all of the foregoing elements have established a secondary meaning in the public mind associated specifically with the OMG Girlz. None of these elements are functional, in that they do not serve a utility or function outside of creating recognition in consumers' minds. MGA's infringing OMG Dolls copy this trade dress in physical toys and animated videos which MGA has widely disseminated and continues to disseminate.

MGA's infringing OMG Dolls have commercially exploited the existing trade dress, name, image and brand popularity of the OMG Girlz, leading to consumer confusion as to the origin of the goods.

<u>Elements:</u> (1) ownership of a protectable trade dress that serves a source-identifying role either because it is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) that the matter sought to be protected is not functional; and (3) the defendant's trade dress infringes upon the plaintiff's trade dress by creating a likelihood of confusion among consumers about the origin or source of the product. A party seeking trade-dress protection need only "fairly put the defendant (and factfinder) on notice of the distinctive elements and features of the trade dress at issue," and may point to a combination of verbal elements and visual depictions that create a product's distinctive appearance. *See, e.g.*, *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 78 (S.D.N.Y. 2009); *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009). A "trade dress is functional" only if it is "'essential to the use or purpose of the article.'" *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 F. App'x 615, 620 (2d Cir. 2008). Courts in the Ninth Circuit use the eight *Sleekcraft* factors as an adaptable proxy for consumer confusion, not a rote checklist, and here, a fact issue remains as to each element. *See, e.g.*, *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1030 (9th Cir. 2010) ("This eight-factor analysis is [a] helpful guidepost[]."); *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) (explaining the fluidity of the infringement analysis, "we do not count beans."). A contextualized analysis and weighing of factors is especially appropriate in the context where products are juxtaposed online. *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145–46 (9th Cir. 2011) ("[w]e must be acutely aware of excessive rigidity when applying the law in the Internet context; emerging technologies require a flexible approach.") (Citations omitted). "[T]he core element of trademark infringement [likelihood of confusion] exists when consumers are likely to assume that a product or service is associated with a source other than its actual

source because of similarities between the two sources marks or marketing techniques." *Sazerac Co., Inc. v. Fetzer Vineyards, Inc.*, 251 F. Supp. 3d 1288, 1304 (2017) (quoting *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 825 (9th Cir. 1993) (quotation marks omitted)). Secondary meaning consists of an association by a segment of actual consumers and potential consumers "between the alleged mark and a single source of the product." *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985). In determining whether a plaintiff's trade dress has acquired secondary meaning, courts consider a multitude of factors, including consumer testimony, exclusivity, manner, and length of use of a mark, amount and manner of advertising and sales, intentionality by the defendant. *See Filipino Yellow Pages, Inc. v. Asian Journal Pubs., Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999).

Source: 15 U.S.C. § 1125(a)(3). Ninth Circuit Manual of Model Jury Instructions (2017 ed.), Instructions Nos. 1.2; 15.1; 15.2; 15.4; 15.6; 15.7.

Evidence: The key evidence that the Grand Parties will rely upon to support this claim is as follows: deposition testimony of Tameka Harris, Zonnique Pullins, Breaunna Womack, Isaac Larian, Pedro Crisanti, Kathy Brandon, Maggie Wong, Kotomi Nanjo, Lora Stephens, Nick Contreras, Carlos Borja, Paula Garcia, Rachel Mosche, Blanche Consorti, and Chelsea Green, declarations of individuals expressing their actual confusion, internal MGA emails, and documents and evidence showing that the Grand Parties meet all of the elements above.

**Claim 2: MGA misappropriates the OMG Girlz' Name and Likeness under Cal. Civ. Code § 3344**

Summary: The Grand Parties hold the intellectual property rights (and all related rights) to the well-known OMG Girlz name and likeness and the distinctive style and visual appearance of each OMG Girlz member and the trade dress associated with the OMG Girlz name, brand, image and style. MGA has knowingly sold, offered for sale, manufactured and/or the infringing OMG Dolls which bear the names and/or likenesses of the OMG Girlz. MGA has also used said names and/or likenesses in advertising for

MGA's goods. MGA has used the name and likeness without consent. MGA has violated California Civil Code section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of the OMG Girlz on the infringing OMG Dolls which MGA sold, offered for sale, manufactured and/or distributed or in advertising for any goods for MGA's commercial benefit without the consent of the Grand Parties. As a result of the infringing activities, MGA has deprived the Grand Parties of the right to control the time, place, terms, and manner by which to publicize said parties' special talents.

Elements: 1. MGA knowingly used OMG Girlz name and/or likeness in its OMG Doll line; 2. The use did not occur in connection with a news, public affairs, or sports broadcast or account, or with a political campaign; 3. MGA did not have The Grand Parties' consent; 4. MGA's use of the OMG Girlz name and/or likeness was directly connected to MGA's commercial purpose; 5. The Grand Parties were harmed; and 6. MGA's conduct was a substantial factor in causing The Grand Parties' harm.

Source: CACI No. 1804A: Use of Name or Likeness (Civ. Code, § 3344)

Evidence: The key evidence that the Grand Parties will rely upon to support this claim is as follows: deposition testimony of Tameka Harris, Zonnique Pullins, Breaunna Womack, Isaac Larian, Pedro Crisanti, Kathy Brandon, Maggie Wong, Kotomi Nanjo, Lora Stephens, Nick Contreras, Carlos Borja, Paula Garcia, Rachel Mosche, Blanche Consorti, and Chelsea Green, declarations of individuals expressing their actual confusion, internal MGA emails, and documents and evidence showing that the Grand Parties meet all of the elements above.

**Claim 3: MGA misappropriates the OMG Girlz' Name and Likeness in violation of the common law**

Summary: The Grand Parties hold the intellectual property rights (and all related rights) to the well-known OMG Girlz name and likeness and the distinctive style and visual appearance of each OMG Girlz member and the trade dress associated with the OMG Girlz name, brand, image and style. MGA has knowingly sold, offered for sale,

manufactured and/or the infringing OMG Dolls which bear the names and/or likenesses of the OMG Girlz. MGA has also used said names and/or likenesses in advertising for MGA's goods. MGA has used the name and likeness without consent. MGA has violated the Grand Parties' rights by knowingly appropriating, using and exploiting the names and/or likenesses of the OMG Girlz on the infringing OMG Dolls which MGA sold, offered for sale, manufactured and/or distributed or in advertising for any goods for MGA's commercial benefit without the consent of the Grand Parties. As a result of the infringing activities, MGA has deprived the Grand Parties of the right to control the time, place, terms, and manner by which to publicize said parties' special talents.

Elements: To prevail on a cause of action for common law misappropriation of name or likeness, the claimant must establish: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Montana v. San Jose Mercury News, Inc.*, 34 Cal.App.4th 790, 793, 40 Cal.Rptr.2d 639 (1995).

California's statutory cause of action for misappropriation of name or likeness, which complements common law misappropriation (Montana, 34 Cal.App.4th at 793, 40 Cal.Rptr.2d 639.), provides, in relevant part: Any person who knowingly uses another's name, ... or likeness, in any manner, ... for purposes of advertising or selling ... goods or services, without such person's prior consent ... shall be liable for any damages sustained ...Civil Code § 3344. In addition to the common law elements, the statute requires two further allegations: "(1) knowing use; and (2) a direct connection. . . between the use and the commercial purpose." *Abdul–Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 414 (9th Cir. 1996).

Source: CACI No. 1804A: Use of Name or Likeness (Civ. Code, § 3344)

Evidence: The key evidence that the Grand Parties will rely upon to support this claim is as follows: deposition testimony of Tameka Harris, Zonnique Pullins, Breaunna Womack, Isaac Larian, Pedro Crisanti, Kathy Brandon, Maggie Wong, Kotomi Nanjo, Lora Stephens, Nick Contreras, Carlos Borja, Paula Garcia, Rachel Mosche, Blanche

Consorti, and Chelsea Green, and documents and evidence showing that the Grand Parties meet all of the elements above.

**Claim 4: MGA violates Cal. Bus. & Prof. Code § 17200 et seq. and common law unfair competition laws**

<u>Summary</u>: MGA's willful, knowing and unauthorized promotion, advertisement, sale and offering for sale of the infringing OMG Dolls is causing confusion as to the source of the goods; is causing harm to the Grand Parties' goodwill; and is an unlawful appropriation of the Grand Parties' exclusive rights in the OMG mark and trade dress.

<u>Elements</u>: California's Statutory Unfair Competition Law, Business & Professions Code section 17200, et seq. ("UCL") proscribes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

<u>Source</u>: *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1381 (2010)

<u>Evidence</u>: The key evidence that the Grand Parties will rely upon to support this claim is as follows: deposition testimony of Tameka Harris, Zonnique Pullins, Breaunna Womack, Isaac Larian, Pedro Crisanti, Kathy Brandon, Maggie Wong, Kotomi Nanjo, Lora Stephens, Nick Contreras, Carlos Borja, Paula Garcia, Rachel Mosche, Blanche Consorti, and Chelsea Green, evidence that additional infringing dolls were released during the course of this litigation, and documents and evidence showing that the Grand Parties meet all of the elements above.

### 2. Summary of the Grand Parties' Affirmative Defenses [L.R. 16-4.1(d), (e)]

In December 2020, the Grand Parties sent MGA a cease-and-desist letter providing notice of their concerns, rather than respond to the Grand Parties even with a response letter, MGA filed a declaratory relief action two weeks later. The Grand Parties asserted the following affirmative defenses to MGA's DJ.

<u>Second Affirmative Defense</u> (Estoppel) MGA is barred, in whole or in part, based on principles of estoppel.

<u>Third Affirmative Defense</u> (Unclean Hands) MGA is barred, in whole or in part, by the doctrine of unclean hands.

<u>Fourth Affirmative Defense</u> (Waiver) MGA is barred, in whole or in part, by the doctrine of waiver.

<u>Fifth Affirmative Defense</u> (Laches) MGA is barred, in whole or in part, by the doctrine of laches.

<u>Sixth Affirmative Defense</u> (Statute Of Limitations) MGA is barred, in whole or in part, by the statute of limitations

<u>Seventh Affirmative Defense</u> (Standing) MGA is barred, in whole or in part, because MGA lacks standing.

### 3. Summary of the Grand Parties' Evidence in Opposition to MGA's Claim [L.R. 16-4.1(d), (e), (f)]

MGA claims that it is entitled to a First Amendment defense to the Grand Parties' misappropriation of name and likeness claims. MGA does not qualify for a First Amendment defense. Under Ninth Circuit law, the OMG Dolls are not expressive works or publications, but consumer products, that do not otherwise communicate or evoke speech either through writing, speaking, or symbolism. *See Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 569 (1995) (finding that a parade was a medium of expression because of the symbolism involved).

### 4. Third Parties

The parties have not identified any third party issues here.

### 5. Anticipated Evidentiary Issues [L.R. 16-4.1(h)]

As reflected in its Motions in Limine, the Grand Parties believe the following evidence is inadmissible:

The testimony of the undisclosed MGA witnesses Alan Haljevac, Danna Darma, and Irene Garcia; Evidence of any "Tot Dolls" used as inspiration before 2018

Additionally, MGA contends that the following categories of evidence are inadmissible; as to each, the Grand Parties disagree:

Requested financial information from the Grand Parties, other alleged acts of infringement, misappropriation, and copying that extends beyond the L.O.L. Surprise! O.M.G. doll line, accusations of cultural appropriation and racism - which as drafted extends to all discussions concerning race and diversity. MGA has also improperly moved to strike the Grand Parties declarations of actual confusion despite having notice of these individuals well before the motion for summary judgment.

### 6. Identification of Issues of Law [L.R. 16-4.1(i)]

MGA seeks declaratory relief, which the Grand Parties oppose. MGA also argues that the Grand Parties lack standing to bring the misappropriation claims, but acknowledge that entities can have a right of publicity in the OMG Girlz if "bandmembers assigned their rights to them, which is exactly what occurred here.

## III. BIFURCATION OF ISSUES [L.R. 16-4.3]

The Grand Parties do not believe that there are any issues that require bifurcation in this matter.

## IV. JURY TRIAL [L.R. 16-4.4]

### A. ISSUES TRIABLE TO THE JURY

A timely demand for jury trial has been made (Dkt. 63). The following issues are triable to the jury:

- Violations of the Lanham Act, including trademark and trade dress infringement under the theories asserted by the Grand Parties.
- Misappropriation of name and likeness, including violations of the statutory and common law, under the theories asserted by the Grand Parties.
- Damages
- The following affirmative defenses: First Amendment

### B. ISSUES TRIABLE TO THE COURT

The following issues are triable to the Court:

- MGA's request for declaratory judgment

**V.     ATTORNEYS' FEES [L.R. 16-4.5]**

The Grand Parties may be entitled to its attorneys' fees under the Lanham Act and Cal. Civ. Code § 3344.

**VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]**

The only issues abandoned by the Grand Parties are those previously dismissed by this Court at the motion to dismiss stage.

Dated:  May 31, 2022                           WINSTON & STRAWN LLP

                                               By: /s/Erin R. Ranahan
                                                   *Attorney for Counter-Claimants*