UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas for Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motions for Reconsideration [324], [325]**

Counter-Defendants MGA Entertainment, Inc. ("MGA") and Isaac Larian ("Larian," and collectively, "MGA" or "Counter-Defendants") move for reconsideration of two aspects of the Order granting in part and denying in part both parties' motions for summary judgment of July 29, 2022 ("July 2022 Order"). MGA Mot., Dkt. No. 324. Defendants/Counterclaimants Grand Hustle, LLC ("Grand Hustle"), Pretty Hustle, LLC ("Pretty Hustle"), and OMG Girlz, LLC ("OMG Girlz") (collectively, "Grand Parties") opposed. Grand Opp'n, Dkt. No. 328. Counter-Defendants replied. MGA Reply, Dkt. No. 329.

The Grand Parties move for reconsideration of the same July 29, 2022 Order. Grand Mot., Dkt. No. 325. Counter-Defendants opposed. MGA Opp'n, Dkt. No. 327. Grand Parties replied. Grand Reply, Dkt. No. 330.

The Court finds that oral argument would not be helpful in this matter and **VACATES** the September 12, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, both motions are **DENIED**.

**I. BACKGROUND**

The subject of this action is MGA's line of dolls called L.O.L. Surprise! O.M.G. (the "OMG Dolls"). The Grand Parties contend that the OMG Dolls infringe on the trademark, trade dress, and rights of publicity of the girl music group called the OMG Girlz, which is owned by the Grand Parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

On December 22, 2020, MGA initiated a suit seeking declaratory judgment determining that the "L.O.L. Surprise! O.M.G." and the associated toy products do not infringe on the intellectual property ("IP") rights of Defendants T.I. and Tameka Harris, and OMG Girlz, and/or their "OMG Girlz" mark. See Dkt. No. 1. On February 22, 2021, Counterclaimants answered and filed counterclaims alleging violation of the Lanham Act, statutory and common law misappropriation of name or likeness, and statutory and common law unfair competition claims. Dkt. No. 13.

On May 16, 2022, MGA moved for summary judgment on Grand Parties' claims as stated in their third amended complaint, Dkt. No. 63. Dkt. No. 157. On July 29, 2022, the Court issued an order granting in part and denying in part MGA's motion for summary judgment ("July 2022 Order"). July 2022 Order regarding Mot. Summary Judgment ("July 2022 Order"), Dkt. No. 323.[1]

On August 15, 2022, MGA and Grand Parties moved for reconsideration as to certain of the rulings in the July 2022 Order. See MGA Mot.; Grand Mot.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" America Unites for Kids v. Lyon, 2015 WL 5822578, at *3 (C.D. Cal. Sept. 30, 2015) (citation omitted). Thus, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration cannot "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakutani, 342 F.3d 934, 945 (9th Cir. 2003).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with

---

[1] The July 2022 Order was filed under seal. The Court refers throughout to the redacted version of the Order, Dkt. No. 326.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11548-JVS (AGRx)  Date  September 7, 2022

Title  MGA Entertainment Inc. v. Clifford T.I. Harris et al.

Rules 59(e) and 60(b)." The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[2] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

"Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

### III. DISCUSSION

**A.  MGA Motion**

MGA moves for reconsideration regarding two issues. First, MGA seeks to expand the list of specific dolls as to which summary judgment should have been granted. Second, MGA seeks reconsideration of the Court's ruling excluding the three MGA designers as witnesses for all purposes, rather than just for purposes of summary

---

[2] See also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

judgment. See MGA Mot. at 1.

       *i.*      *Reconsideration of Specific Dolls*

      The July 2022 Order granted summary judgment as to (1) Dolls that featured only the "OMG" term as justification for inclusion "without any other elements of the OMG Girlz asserted trade dress and (2) Dolls that do not feature a combination of at least some of the trade dress elements, particularly the OMG Girlz unique hairstyle, wardrobe, music themes, and association with a group of similarly styled individuals." July 2022 Order at 22.

      As an initial matter, the "Infringing Doll Index" referenced contains the Grand Parties' arguments regarding each individual Doll. Though MGA refers to these arguments, the Court specifically declined to adopt any of the arguments in the Index. See July 2022 Order at 23 n.12 ("The Court uses the Index for reference and does not adopt the arguments included in this document."). The rulings made regarding the Dolls in the July 2022 Order were based on the Court's finding that there could be no question of fact that certain Dolls could not be found to infringe on the OMG Girlz trade dress by a reasonable jury. Making additional exclusions would have required the Court to make factual determinations not appropriate for the summary judgment stage.

      In its motion, MGA seeks to litigate fact issues as to individual Dolls, based in part on the Court's clarifications as to certain of the specific Dolls and based on the Grand Parties' arguments in the Appendix. See MGA Mot. at 4-9. The Court declines to do so. These arguments do not disturb the Court's delineation between the Dolls that could be excluded as a matter of law and those as to which a question of fact remains. Moreover, MGA could have raised specific arguments to each of the individual Dolls that it seeks to challenge here and failed to do so. Carroll, 342 F.3d at 945 (motions for reconsideration not appropriate for "rais[ing] arguments. . . for the first time when they could reasonably have been raised earlier in the litigation.").

      The Court **DENIES** MGA's motion for reconsideration regarding the Court's denial of summary judgment as to certain Dolls.

       *ii.*      *Exclusion of Three Designers as Witnesses*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

In their motion for summary judgment, MGA included declarations of several of the doll designers, including: Alen Heljevac, Irene Garcia, and Danna Darma (the "Challenged Witnesses"). See Dkt. Nos. 142-4 to 142-6. The Grand Parties objected to the inclusion of the three Challenged Witnesses on the grounds that they were improperly and untimely disclosed under Federal Rule of Civil Procedure 26(a) or (e). See Grand Evid. Objections, Dkt. No. 174 at 1-2. MGA failed to respond to this objection in the summary judgment briefing. The Court ruled that these declarations and these witnesses would be excluded for all purposes for being untimely disclosed without adequate justification. July 2022 Order at 6.

MGA now seeks reconsideration of that ruling. MGA argues that it did not respond to Grand Parties' objection to these witnesses in the motion for summary judgment briefing because the exact issue was addressed in the Grand Parties' Motions in Limine 1-2 ("MILs 1-2"), set for hearing at the pretrial conference in December. See Grand MILs 1-2, Dkt. No. 187; MGA Opp'n to Grand MILs 1-2, Dkt. No. 217; Grand Reply regarding Grand MILs 1-2, Dkt. No. 255. MGA urges the Court to reconsider the ruling in its entirety or at least to exclude the witnesses only for purposes of summary judgment and reach the exclusion for trial when it comes time to decide the motions in limine.

The Grand Parties objected to the inclusion of the Challenged Witnesses at summary judgment. Grand Evid. Objections, Dkt. No. 174. MGA could have addressed the objections at that time, making denial of the motion for reconsideration appropriate based on MGA's failure to raise this issue earlier. Nonetheless, given the pending MILs on the same issue and the fact the Court did not consider the arguments and facts that MGA now raises, the Court will consider the merits of MGA's arguments here. See L.R. 7-18.

MGA asserts that the Challenged Witnesses were in fact disclosed on March 30, 2022, during the deposition of MGA witness Maggie Wong. MGA Opp'n to MILs 1-2 at 5. During that deposition, Wong said: "[Danna Darma] also did a few O.M.G. -- I mean L.O.L. Surprise! O.M.G. dolls." Decl. of Mark Finkelstein ISO Opp'n MIL 1-2 ("Finkelstein Decl."), Ex. F ("Wong Dep."), Dkt. No. 217-7 at 8. In the deposition of MGA witness Lora Stephens, Stephens named Irene Garcia and Haljevac as other members on her team. Finkelstein Decl., Ex. G ("Stephens Dep."), Dkt. No. 217-8 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

The three names of the Challenged Witnesses came out incidentally during depositions of other MGA witnesses. This is not a sufficient disclosure. Fed. R. Civ. P. 26(a)(4) ("Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served").

MGA further argues the late disclosure was justified because the Challenged Witnesses "did not become relevant witnesses until April 8, 2022." MGA Mot. at 10. MGA had already disclosed the designers of certain Dolls, but not the rest of the OMG Doll designers (the Challenged Witnesses). This justification is based on MGA's assertion that only four dolls were at issue throughout the litigation. Referencing the Grand Parties' counterclaims, MGA asserts that prior to April 8, 2022, the Grand Parties "had only accused four dolls—Metal Chick, Bhad Gurl, Chillax, and Shadow." Id. But MGA fails to support the reasonableness of its assertion. In actuality, Grand Parties' counterclaims include a few images of Dolls as "examples" of the kind of misappropriation alleged regarding the entire OMG Dolls line, never indicating that only certain Dolls were at issue. See Dkt. No. 63 (Grand Parties' counterclaims). MGA further asserts that MGA's December 2021 discovery responses "made clear that it only would produce documents relevant to the four dolls identified in the Counterclaims." MGA Mot. at 10. But MGA did not at that time identify the four dolls that it identifies now. Instead of clarifying, the discovery response stated that MGA would produce documents "specific to the particular dolls identified by the Propounding Party as allegedly infringing the trade dress and/or misappropriating the image or likeness of the OMG Girlz." Dkt. No. 217-2.

In opposition, the Grand Parties submit further evidence that it had long been their position that more than just the "four dolls" were at issue. On December 27, 2021, prior counsel for Grand Parties stated in an email to MGA counsel: "Defendants **have never and are not now** limiting their counter-claim to claims about the 4 dolls you have listed in this most recent email." Dkt. No. 190-8 at 2 (emphasis supplied). This is contrary to MGA's argument that Grand Parties' substitution of counsel in February 2022 was accompanied by the drastic strategic decision to challenge the entire line of OMG Dolls. MGA was put on notice of the Grand Parties' position as to the Dolls at issue long before that time. And as Grand Parties point out, the prejudice of the late disclosure cannot be cured by simply offering depositions of the Challenged Witnesses where "MGA failed to retain these company witnesses' relevant records, failed to name these witnesses as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

custodians, [and] failed to search their documents[.]" Grand Parties Opp'n at 2-3. Further, the Challenged Witnesses were employees of MGA and known to MGA at all times during the course of the suit.

In sum, MGA does not explain its assertion that the incidental mention of three key witnesses in other witness depositions constitutes sufficient disclosure under Rule 26(e). Nor does MGA justify its belief that only four dolls were at issue was warranted, much less that the issue was sprung upon them on the late date of April 8, 2022. And MGA certainly does not establish that this issue could not have been raised earlier in the litigation. Carroll, 342 F.3d at 945. The late disclosure is unjustified. MGA's motion for reconsideration regarding the ruling that the Challenged Witnesses are excluded for all purposes is **DENIED**.

Given this ruling, the MIL regarding the exclusion of the Challenged Witnesses (Grand MIL No. 1, see Dkt. No. 187) is **DENIED as moot** as the Challenged Witnesses have been ruled excluded for all purposes.

### B. Grand Parties' Motion

The Grand Parties seek reconsideration of four rulings in the July 2022 Order: (1) the "abandonment" of their statutory and common law unfair competition claims; (2) that the trademarked name "OMG" term alone could cause confusion; (3) summary judgment regarding specific Dolls; and (4) regarding the name claim under the statutory right of publicity claim.

#### i. *Abandonment of Unfair Competition Claims*

In the July 2022 Order, the Court ruled that the Grand Parties had abandoned their unfair competition claims by failing to raise them in opposition to the motion for summary judgment. See July 2022 Order at 30-31.

Grand Parties argue that MGA "devoted one sentence" in its summary judgment motion to the unfair competition claims. Grand Parties then argue the merits of the unfair competition claims in the motion for reconsideration. See Grand Mot. at 2, 8-9. Grand Parties contend that because these claims were not addressed in the June 24 Tentative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Order, the Grand Parties chose not spend its "subsequent limited briefing space" on the law or facts surrounding these claims. Grand Mot. at 2-3. Neither of these arguments has merit. As MGA argues, "[a]lthough brief," MGA expressly and sufficiently raised the unfair competition claims in the motion for summary judgment. See MGA Opp'n at 3. The fact is that Grand Parties had abandoned the claims by failing to raise them in opposition to the summary judgment motion, long before the tentative order issued. The fact that the Grand Parties did not have the opportunity to discuss the claim in subsequent briefing is irrelevant.

Grand Parties argue that the Court's holding of abandonment contradicts binding precedent. Grand Mot. at 5. Grand Parties misunderstand the law. The cases cited in the Grand Parties' motion consider **unopposed** motions for summary judgment. The Ninth Circuit has made clear that a non-moving party's failure to oppose summary judgment "does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003). The Grand Parties reliance on these authorities is therefore misplaced. See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) (district court cannot grant summary judgment based on failure to oppose); Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir.1981) (same); Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995), as amended (Jan. 27, 1995) (district court cannot grant motion based on its refusal to consider opposition). To be clear, these cases involve the lack of an opposition–i.e., the party failed to oppose at all–not the failure to raise claims in an opposition to summary judgment.

In contrast, it is well settled that claims or arguments not raised in opposition to summary judgment are deemed abandoned. See Coleman v. Bank of New York Mellon, 798 F. App'x 131, 132 (9th Cir. 2020) (party abandoned claims "by failing to provide any argument regarding these claims in his opposition to defendants' motion for summary judgment"); Ramirez v. City of Buena Park, 560 F.3d 1012, 1026 (9th Cir. 2009) (affirming a district court's grant of summary judgment to defendants on plaintiff's state law claims because they were abandoned); Shakur v. Schriro, 514 F.3d 878, 892 (9th Cir. 2008); Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n.5 (9th Cir. 2005) (explaining that a plaintiff abandons their claims by not raising them in opposition to a motion for summary judgment); see also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the Parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

Grand Parties fail to cite a single case that contradicts the Court's ruling. Accordingly, the Court **DENIES** Grand Parties' motion for reconsideration regarding abandonment.

       ii.      *Whether "OMG" Term Alone Caused Consumer Confusion*

In the July 2022 Order, the Court granted MGA's motion for summary judgment as to the claim of trademark infringement based solely on the use of the term "OMG" in the name and branding of the Dolls. See July 2022 Order at 20-22. The Court found that use of the term "OMG" alone was not confusingly similar and Grand Parties presented no evidence to suggest a likelihood of consumer confusion based on the "OMG" term alone. Grand Parties seek reconsideration regarding this issue. Grand Mot. at 10-11.

Grand Parties present no evidence or law requiring reconsideration. In support of their argument, the Grand Parties point almost exclusively to evidence that the Court excluded from consideration in the July 2022 regarding the motions for summary judgment. See July 2022 Order at 8-9 (excluding the Social Media Posts for purposes of the summary judgment ruling). This is not new evidence but rather evidence that the Court explicitly declined to consider because of evidentiary issues. But even were the Court to consider all this evidence, none of it supports the Grand Parties' contention. The statements referenced in the motion do not support the conclusion that the "OMG" term **alone** caused consumer confusion. The evidence referenced involves the OMG term accompanied by images of the Dolls. The combination of these implicate the OMG Girlz trade dress, a claim that was allowed to proceed. The Grand Parties appear to concede as much, arguing that they presented evidence "sufficient to create a fact issue regarding whether the name alone causes confusion, or whether it is the name plus some other element of the trade dress." Grand Mot. at 11-12.

The evidence Grand Parties reference in their motion was raised and considered in the July 2022 Order. The authorities cited are clearly distinguishable or inapposite. See, e.g., Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1404 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Cir. 1997) (names could cause confusion where the names were "Dr. Seuss" versus "Dr. Juice" and "The Cat in the Hat" versus "The Cat NOT in the Hat"); Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002 (9th Cir. 2004) (involving the name "Nissan" rather than commonly used and generic slang term).

Accordingly, there is no basis for reconsideration of this issue.

      iii.    *Ruling on Specific Dolls*

The Grand Parties seek reconsideration of the Courts' ruling regarding which Dolls should proceed past summary judgment. Grand Mot. at 13-15. The Court declines to do so. The Grand Parties challenged over 70 of the OMG Dolls, several of which bear no resemblance to and have no features in common with the OMG Girlz. The motion for reconsideration attempts to broaden the asserted trade dress definition–for example, to include the bare element of a "bold outfit." See Grand Mot. at 14. There is no question of fact, much less clear error, regarding the finding that the three Dolls raised here fall well outside the defined trade dress. See July 2022 Order at 12 (trade dress is a combination of the following elements: "a girl group with the 'OMG' name; distinctive hair with vibrant colors; a colorful and monochromatic wardrobe consisting of layers, voluminous skirts, and bold accessories.").

Further, the OMG Girlz do not have protectable trade dress in every depiction and photograph that the Grand Parties put in front of the Court–only those that fall within the trade dress definition. See Grand Mot. at 14 (including a photograph of the OMG Girlz that is arguably inconsistent with asserted trade dress); July 2022 Order at 14 n.10 (observing that "whether the photographs that seem inconsistent with the asserted 'distinctive style' of the OMG Girlz demonstrate that the OMG Girlz have no distinctive style. . . remains a question of fact.").

The Court **DENIES** the Grand Parties' motion for reconsideration on the ruling regarding the three specific Dolls.

      iv.    *Statutory Publicity Misappropriation of Name Claim*

Grand Parties seek reconsideration of the Court's ruling regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS (AGRx) | Date | September 7, 2022 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

misappropriation of the "OMG" name under the right of publicity claim. Grand Mot. at 15-16. The "OMG" term is prominent in the "L.O.L. Surprise! OMG" logo. See id. (including picture of logo). But Grand Parties can hardly argue that the logo, when pictured entirely alone, evokes the identity of the OMG Girlz. Grand Parties themselves barely attempt to do so, referring immediately after to the website featuring the OMG term alongside an image of the Dolls. Id. The Grand Parties failed to establish through argument or evidence that the "OMG" term alone invokes the OMG Girlz' publicity rights, in either the summary judgment briefing or the present motion. Their remaining arguments on the issue do not provide any such basis.

The Court has provided extensive analysis on the OMG Girlz' rights to the "OMG" term alone. Grand Parties provide no new facts or law requiring reconsideration on this issue.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** both parties' motions for reconsideration.

**IT IS SO ORDERED.**

Initials of Preparer   eva/lmb