1  Erin R. Ranahan (SBN: 235286)
   eranahan@winston.com
2  Jiepu (Bobby) Li (SBN: 342224)
   bli@winston.com
3  WINSTON & STRAWN LLP
   333 S. Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
5  Facsimile: (213) 615-1750

6  Chante B. Westmoreland (*pro hac vice*)
   cwestmoreland@winston.com
7  WINSTON & STRAWN LLP
   800 Capitol St., Suite 2400
8  Houston, TX 77002
   Telephone: (713) 651-2794
9  Facsimile: (713) 651-2700

   *Attorneys for Defendants*
10 CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS,
   OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC,
11 PRETTY HUSTLE, LLC, and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br><br><br>**COUNTER-CLAIMANTS' APPLICATION FOR LEAVE TO FILE PORTIONS OF MOTION *IN LIMINE* AND EXHIBITS THERETO UNDER SEAL** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Complainants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Complaint Filed: December 20, 2020<br>Judge: Hon. James V. Selna |

TO THE COURT, COUNTER-DEFENDANTS, AND THEIR ATTORNEYS OF RECORD

NOTICE IS HEREBY GIVEN that, Pursuant to Local Rule 79-5.2.2(b), Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC ("Counter-Claimants" or "the Grand Parties") file this application and Declaration of Erin R. Ranahan (the "Ranahan Declaration") in support of sealing the following documents and references to such documents under seal that have been designated as highly confidential attorneys' eyes only by the parties in this case pursuant to the Protective Order in this action, (ECF No. 54):

| Document | Portions to be sealed |
|---|---|
| Defendants'/Counter-Claimants' Motion *in Limine* to Exclude Belated Methodologies by Expert | Redacted throughout brief |
| Li Declaration in Support of Defendants'/Counter-Claimants' Motion *in Limine* to Exclude Belated Methodologies by Expert | Exhibits A and B |

Pursuant to Local Rule 79-5.2.2(b), the Grand Parties submit the Sealing Declaration of Erin R. Ranahan identifying the material designated as confidential and the Designating Party.

**I.    LEGAL STANDARD**

To evaluate a motion to seal documents filed with the court, the district court must "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 602 (1978). The Ninth Circuit has recognized a strong presumption of public access to court filings, particularly filings that concern dispositive motions. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, that right is not absolute

and can be overcome upon a showing that publicly available court filing could "become a vehicle for improper purposes," including to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*.

## II. THERE ARE "COMPELLING REASONS" TO SEAL THE GRAND PARTIES' CONFIDENTIAL MATERIALS

The Grand Parties seek to seal information commercially sensitive that if made publicly available would expose the Grand Parties' sensitive financial information. These documents portions of the Motion *in Limine* to Exclude Belated Methodologies which summarize the Grand Parties' financial data and Exhibits A and B thereto which are expert reports analyzing the Grand Parties' financial data.

The exhibits and excerpts contain sensitive financial information that if public could be used by competitors for an improper purpose. *See Rich v. Shrader*, 2013 WL 6028305, *4 (S.D. Cal. Nov. 13, 2013) (granting an application to seal business documents and financial projections, because such information could be utilized by business competitors seeking to gain an advantage); *Bauer Bros. LLC v. Nike, Inc.,* 2012 WL 1899838, *4 (S.D. Cal. May 24, 2012) (granting an application to seal financial documents containing Nike's non-public, highly confidential financial data, because it could be used for improper purposes by Nike's competitors). Moreover, the documents contain information concerning how counter-claimants' created, managed, and promoted the performance group at issue which, if revealed to the public, would cause competitive harm.

Dated: November 7, 2022          WINSTON & STRAWN LLP

By: /s/ *Erin R. Ranahan*
Erin R. Ranahan
Chante B. Westmoreland
Bobby Li

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and

*Counterclaimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

# CERTIFICATE OF SERVICE
## United States District Court for the Central District of California
## CASE NO. 2:20-CV-11548-JVS-AGR

I am a resident of the State of California, employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is 333 S. Grand Avenue, Los Angeles, CA 90071.

On November 7, 2022, I served on the interested parties in this action the within document(s) entitled: Application for Leave to File Documents Under Seal

[ X ] **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

[ ] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mark A. Finkelstein,<br>mfinkelstein@umbergzipser.com<br>Umberg Zipser LLP<br>1920 Main Street, Suite 750<br>Irvine, CA 92614 | Laurence Cheng<br>Laurence.cheng@mgae.com<br>MGAE Entertainment, Inc.<br>9220 Winnetka Avenue<br>Chatsworth, California 91311 |

I declare under penalty of perjury, under the laws of the United States that the above is true and correct. Executed on November 7, 2022 at Newport Beach, California.

By: /s/ *Erin R. Ranahan*
Erin R. Ranahan