```
            UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA
            WESTERN DIVISION - LOS ANGELES
```

| | | |
|---|---|---|
| MGA ENTERTAINMENT, INC, | ) | CASE NO: 2:20-CV-11548-JVS-AGRx |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| CLIFFORD T.I. HARRIS, ET AL, | ) | Monday, November 14, 2022 |
| | ) | |
| Defendants. | ) | (1:38 p.m. to 1:50 p.m.) |

TELEPHONIC DISCOVERY CONFERENCE

BEFORE THE HONORABLE ALICIA G. ROSENBERG,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:            SEE PAGE 2

Court Reporter:         Recorded; XTR

Courtroom Deputy:       K. Lozada

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES**:

For Plaintiff:         CHASE SCOLNICK, ESQ.
                       Keller Anderle
                       18300 Von Karman Ave.
                       Suite 930
                       Irvine, CA 92612

                       MARK A. FINKELSTEIN, ESQ.
                       Umberg Zipser, LLP
                       1920 Main Street
                       Suite 750
                       Irvine, CA 92614

For Defendants:        ERIN R. RANAHAN, ESQ.
                       Winston & Strawn, LLP
                       333 S. Grand Avenue
                       38th Floor
                       Los Angeles, CA 90071

                       CHANTE B. WESTMORELAND, ESQ.
                       Sheppard Mullin Richter & Hampton
                       700 Louisiana St.
                       Suite 2750
                       Houston, TX 77002

1   **Los Angeles, California; Monday, November 14, 2022; 1:38 p.m.**

2                          **(Remote appearances)**

3                                  --oOo--

4           **THE CLERK:** Calling Case Number 20-CV-11548-JVS-AGR,

5   *MGA Entertainment, Incorporated versus Clifford T.I. Harris,*

6   *et al.*

7           Counsel, please state your appearances for the

8   record.

9           **MR. FINKELSTEIN:** Good afternoon, Your Honor. This

10  is Mark Finkelstein from Umberg Zipser. We represent MGA and

11  Mr. Larian.

12          **MR. SCOLNICK:** Good afternoon, Your Honor, Chase

13  Scolnick of Keller Anderle on behalf of Plaintiff and Counter-

14  defendant.

15          **MS. RANAHAN:** Good afternoon, Your Honor, Erin

16  Ranahan on behalf of Defendants and Counter-claimants.

17          **MS. WESTMORELAND:** Good afternoon, Your Honor, Chante

18  Westmoreland also on behalf of Defendants and Counter-

19  claimants.

20          **THE COURT:** All right. And this is Judge Rosenberg.

21  So I'm in the middle of a settlement conference but I wanted to

22  quickly talk to the parties. As I understand it, the question

23  was whether Judge Selna's order would permit Rule 45 subpoenas

24  for documents as well as for deposition. And I'm curious as to

25  the argument about why someone couldn't send a deposition

1  subpoena and request documents.

2       **MS. RANAHAN:**  Thank you, Your Honor.

3       **THE COURT:**  There's a separate question in my view

4  about the proportionality of the request and then there was --

5       **MS. RANAHAN:**  Right.

6       **THE COURT:**  -- some comment about how many requests

7  there are.  I think that's a separate question but I don't see

8  why someone couldn't send a deposition subpoena that also

9  requested documents.

10       **MS. RANAHAN:**  Okay.  Well, this is Erin Ranahan, Your

11  Honor.  So our position is if you look at the order from the

12  Court, Judge Selna said he would be reopening the discovery

13  period for the limited purpose of deposition.

14       So we were reading his explicit language not to

15  authorize extensive subpoenas and onerous burdens.  Keep in

16  mind, these are consumers of MGA's who purchased dolls and so

17  that's why they're in the case because they made a comment on

18  social media.  These are not people that have any interest in

19  the outcome of the litigation.  They are third parties who

20  purchased a doll sometime over the last three or four years.

21       And I -- let me just say this because I haven't made

22  this point yet but we've actually responded and we've actually

23  made a production.  In the three that we've had so far, we've

24  gone through to see if there's anything easy to actually

25  produce.  And in one case, we found things.  In others, we've

1  responded to these requests by saying, we do not have anything

2  or we've referred them back to the social media post that's

3  already been produced in this case.

4          So it's not as if we've just ignored these.  We've

5  actually made a good-faith response to them but that was with

6  the objections and the caveat that we do not believe Judge

7  Selna intended this to be blown up into, like, full-on document

8  discovery now over a hundred separate requests for third

9  parties who are -- have such a tangential relationship to the

10 outcome or to the center of the litigation.  These are people

11 that bought a doll.

12         So we have asked them and we've inquired and we've

13 submitted written responses where these things are not

14 available.  We just didn't think that was contemplated by the

15 express language of the Court's order which did not say, I open

16 up discovery.  It explicitly said, I will allow discovery to be

17 reopened for depositions.  That's all it said.

18         **THE COURT:**  Right.  No, I looked at the order.  I

19 don't think it precludes a request for documents but as I said,

20 Rule 45 itself imposes an obligation and goes to issue

21 subpoenas, not to impose undue burdens on the third parties.

22 And as well, Rule 45 incorporates the proportionality standard.

23         The problem is, as I stated, I'm in the middle of a

24 settlement conference.  So I really can't hear today the

25 disputes over requests of particular people.  So I -- the other

1  thing I was going to ask is, it sounds like you've produced

2  documents as to some and maybe that's sufficient.

3  But we would need to set up a time that's not now or

4  this evening because I don't know how late this will go.  So

5  that's the issue.  Is there a time that we could do this if the

6  parties can't resolve the scope of the document request?

7  **MR. FINKELSTEIN:**  Certainly, Your Honor.  This is

8  Mark Finkelstein.

9  **THE COURT:**  I don't know what your schedule is.

10  That's the --

11  Yeah, Mr. Finkelstein.  So I don't know what your

12  schedule is.  So that's why I had to talk with the parties

13  about this.

14  **MR. FINKELSTEIN:**  Well, thank you --

15  **MS. RANAHAN:**  Well, we have a lot of filings tonight,

16  Your Honor.  We have all these oppositions and so we actually

17  have a Memo of Contentions and all sorts of things due tonight

18  to be filed that --

19  **THE COURT:**  Okay.

20  **MS. RANAHAN:**  -- we're working on still.  So I don't

21  think we have the time to devote to this tonight.  We have a

22  deposition --

23  **THE COURT:**  Exactly.

24  **MS. RANAHAN:**  -- going tomorrow.  Yeah.  She's not

25  going -- we've already had one go -- the one that's going

1  tomorrow didn't have anything to produce.  And then you can
2  look at the responses to the requests.
3        Our position was, look, if we can find either some
4  receipts or something, we're not going to have these people go
5  to -- they purchased these dolls years ago.  We're not going to
6  have them go to the homes and claw back gifts that were given
7  to them and bring them to Mr. Finkelstein.
8        I mean, these are the kinds of things that we are
9  dealing with in these requests is, these are adults that bought
10 dolls for children, a lot were for nieces oftentimes.  And so
11 when there was something reasonable, we did produce a
12 communication where they first received something.  A lot of
13 these document requests do not have anything to produce because
14 it's contemplating that there were communications that didn't
15 exist.
16        There are things that may have existed but these
17 people are under no obligation to retain these things.  So they
18 just don't have them anymore.  The woman that's going tomorrow
19 is, like, between homes and she's just moved into her home and
20 so she doesn't even have -- she just got back Internet just
21 yesterday.
22        So it's just not a realistic endeavor to be asking
23 this person tomorrow for anything more.  So I don't think that
24 -- there's nothing more I could do with her.
25        **THE COURT:**  Okay.  So then, Mr. Finkelstein, is there

1  a date and time that you want to pursue this?  Do you want to
2  take the deposition tomorrow and see if this is going to be at
3  all fruitful?  And then maybe Counsel can talk to each other
4  about a date and time to pursue this further but, obviously, it
5  is not good for anybody.  I'm not available and it looks like
6  Counsel is not available.
7          So is there some date and time you want to propose?
8  Why don't we just -- why don't you guys talk to each other
9  first and then just let my clerk know and then we can check
10 with our schedule?
11         **MR. FINKELSTEIN:**  So thank you, Your Honor.  So I
12 just want to clarify something.  Ms. Ranahan made it sound like
13 a lot of productions have come out.  In reality, they have
14 produced one single page.  It was a screenshot that, frankly,
15 showed that there were other communications which were not
16 produced.
17         So we don't believe that there's been any good-faith
18 effort to produce documents.  Ms. Ranahan said a few times,
19 anything we can find that's easy will be produced.  We don't
20 think that's the right standard.  These witnesses, by the way,
21 aren't -- these people aren't being deposed because they said
22 something on social media.  They've submitted declarations to
23 this Court under penalty of perjury.
24         Judge Selna -- I'm sure you read in the order --
25 decided they weren't properly disclosed under Rule 26.  He

1  didn't allow those declarations for purposes of summary
2  judgment but will let them testify at trial.  They've been
3  listed as trial witnesses.  So these are not just random third
4  parties that we're out there trying to harass.
5         These are people who submitted declarations that are
6  to be trial witnesses and have said -- and have made claims
7  about buying -- some of them, thousands dollars of dolls, some
8  of them dozens of dolls.  And we're entitled to explore what
9  dolls did they buy, when did they buy them and circumstances
10 surrounding it.
11        And to the extent they have documents that can show
12 what these dolls are or the purchases or communications with
13 the Defendants or anything about the case, we're obviously
14 entitled to all that and we don't think we can take a full
15 deposition or a fair deposition without the benefit of those
16 documents.
17        So if Ms. Ranahan is going to agree to now, in light
18 of Your Honor's comments, actually produce the documents that
19 we're entitled to, then great.  We don't need to come back.  If
20 she's not going to, then obviously we will need to come back.
21        In terms of tomorrow's deposition, if we can get the
22 documents, that's what we want to do.  If she's saying we're
23 not going to get them, then perhaps we need to continue that or
24 we can take the deposition and then follow up with a second
25 deposition once we get the documents.

1    **THE COURT:** So I don't know.  Ms. Ranahan, do you want to go forward with the deposition tomorrow or --

3    **MS. RANAHAN:** Yes --

4    **THE COURT:** Okay.

5    **MS. RANAHAN:** -- because we've rescheduled this one twice at Mr. Finkelstein's request.  He said they'll have to go find a number.  They already have four of them scheduled and this person has had difficulty scheduling.  So we've -- I just spoke to her and she's able to come in and do this tomorrow.

10   **THE COURT:** Okay.  Then go forward.  There's nothing, right -- because -- and there may be nothing.  That's what I said.  Maybe you will explore and find out whether there is something else to be pursued here.

     But in any event, all I'm going to do is order Counsel to confer about a day and possibly times where the parties or the Counsel will be available and then we will check our schedule and see when we can be available as well.

     So that's all we'll do for today and I am sorry but I do have to run.  All right.  Thank you very much, everyone.

20   **MR. FINKELSTEIN:** Thank you, Your Honor.

21   **MS. RANAHAN:** Thank you, Your Honor.

22   **(This proceeding adjourned at 1:50 p.m.)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                November 23, 2022

　　　　　Signed                                                                                                     Dated


*TONI HUDSON, TRANSCRIBER*