KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
Gregory M. Sergi (SBN 257415)
gsergi@kelleranderle.com
18300 Von Karman Ave., Ste. 930
Irvine, California  92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California  91311
Telephone:  (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF CHRISTIAN TREGILLIS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Final Pretrial Conference:<br>Date:   January 5, 2022<br>Time:  9:00 a.m.<br>Place:  Courtroom 10C<br>Judge:  Hon. James V. Selna<br><br>Complaint Filed:  December 20, 2020<br>Trial Date:   January 17, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 5, 2022, at 9:00 a.m., at the Final Pretrial Conference, before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Counter-Defendants MGA Entertainment, Inc. and Isaac Larian will, and hereby do, move for an order excluding any expert testimony from Counter-Claimants' expert Christian Tregillis.

This Motion seeks the exclusion of Mr. Tregillis's expert testimony under Rule 37(c)(1) based on the failure to comply with the disclosure requirements of Rule 26(a)(2). Mr. Tregillis admitted at deposition on November 29, 2022, that the opinions in his April 22, 2022 report were no longer applicable and needed to be revised substantially to exclude sales of products for which the Court dismissed all counterclaims. Yet, Mr. Tregillis had not amended or supplemented his April 22, 2022 report by the time of his deposition; and, barely one month before trial, he still has not produced any report, as required by Rule 26(a)(2), setting forth the opinions he intends to offer at trial.

Pursuant to the Court's Order dated December 16, 2022, this Motion could not have been brought sooner, or otherwise in accordance with the deadlines set forth in the Scheduling Order, because it is based on (1) admissions that Mr. Tregillis made at his deposition on November 29, 2022 that the opinions in his original expert report were no longer applicable and required substantial revisions, and (2) the fact that Counter-Claimants failed to serve a supplemental expert report for Mr. Tregillis on or before Mr. Tregillis' November 29, 2022 deposition. That is, it did not become apparent that Counter-Claimants had clearly violated Rules 26 and 37 until Mr. Tregillis was deposed on November 29, 2022.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Gregory M. Sergi, the [Proposed] Order lodged concurrently, the records and filings in this action, and upon

such further evidence and argument submitted at or before the hearing. This Motion is filed in accordance with the Court's minute order stating: "Any motions re experts to be noticed for January 5, 2023 at 9:00 a.m.," Docket Item 424 (C.D. Cal. Dec. 6, 2022), as well as the parties' stipulation filed December 15, 2022. This Motion is made following the conference of counsel pursuant to Central District of California Local Rule 7-3, which took place on December 9, 2022.

Dated: December 16, 2022         KELLER/ANDERLE LLP

                         By:  /s/ Gregory M. Sergi
                              Gregory M. Sergi
                              Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. FACTUAL BACKGROUND............................................................................2

    A.    Mr. Tregillis's April 22, 2022 Expert Report Calculated Revenues and Gross Profits for All L.O.L. Surprise O.M.G. Products.........................2

    B.    The Court Dismissed the Counterclaims for More Than Half of the L.O.L. Surprise O.M.G. Products.........................................................3

    C.    During His Deposition, Mr. Tregillis Admitted the Opinions in His April 22, 2022 Expert Report Were No Longer Applicable. .................4

III. MR. TREGILLIS'S OPINIONS REGARDING MGA'S REVENUES AND PROFITS SHOULD BE EXCLUDED UNDER RULES 26 & 37.................5

IV. CONCLUSION..................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Goodman v. Staples The Office Superstore*, 644 F.3d 817 (9th Cir. 2011) .................................................................................................. 6

*Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183 (S.D. Cal. 2020 ................. 6

*Nat'l R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, 2016 WL 1573262 (E.D. Cal. Apr. 19, 2016) ................................................................... 9

*North View Estates, GP v. Yreka Holdings*, 2010 WL 2035713 (E.D. Cal. May 20, 2010) ................................................................................. 8

*Plumley v. Mockett*, 836 F. Supp. 2d 1053 (C.D. Cal. 2010) .................................. 6

*Yeti by Molly v. Deckers Outdoor*, 259 F.3d 1101 (9th Cir. 2001) ............ 1, 2, 6, 7

**STATUTES**

15 U.S.C. § 1117(a) .................................................................................................. 7

**RULES**

Fed. R. Civ. P. 26(a)(2)(B) .................................................................................. 1, 5

Fed. R. Civ. P. 26(a)(2)(E) .................................................................................. 5, 8

Fed. R. Civ. P. 26(e) ................................................................................................ 8

Fed. R. Civ. P. 37 ................................................................................................ 1, 6

Fed. R. Civ. P. 37(c)(1) ............................................................................................ 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Counter-Defendants' motion to exclude Mr. Tregillis's expert testimony is based on the egregious circumstances of an expert, subject to the disclosure requirements of Rule 26(a)(2)(B), abandoning at his deposition, less than two months before trial, the opinions set forth in the only expert report he had produced.

Mr. Tregillis's April 22, 2022 report — the only report he produced before his deposition — set forth opinions regarding MGA's gross revenue, net revenue, and gross profits from all L.O.L. Surprise O.M.G. products. At his deposition, however, Mr. Tregillis admitted those opinions were no longer applicable and had to be revised, substantially, in light of the Court's summary judgment order dismissing the counterclaims for more than half of the L.O.L. Surprise O.M.G. products. Yet, in the four months between the summary judgment order and his deposition on November 29, 2022, Mr. Tregillis did not amend or supplement his report to disclose any revisions or updates to his opinions. And, as of today — barely a month before trial and weeks after his deposition — Mr. Tregillis still has not produced any report describing the actual opinions he intends to offer a trial.

"Rule 37(c)(1) gives teeth to [the expert witness disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly v. Deckers Outdoor*, 259 F.3d 1101, 1106 (9th Cir. 2001). The exclusion of evidence under Rule 37(c)(1) is a "'self-executing,' 'automatic' sanction" designed "'to provide a strong inducement for disclosure of material.'" *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). Here, there is no question that Counter-Claimants failed to disclose Mr. Tregillis's expert opinions in compliance with Rule 26(a)(2) — Mr. Tregillis admitted as much at his deposition.

Counter-Claimants cannot justify the failure to disclose Mr. Tregillis's revised opinions, given that it has been more than four months since the Court issued its

1  summary judgment order.  The financial information produced by MGA earlier this
2  year and relied upon by Mr. Tregillis in his April 22, 2022 report provides sufficient
3  detail on its face to identify the revenue associated with most of the SKUs for
4  products that the Court ruled can continue to trial.  That Mr. Tregillis may have had
5  questions about which particular dolls were included in a relatively small number of
6  those SKUs does not justify Counter-Complaints' complete failure to comply with
7  Rules 26 and produce a supplemental expert report prior to Mr. Tregillis's deposition.
8  Moreover, any ambiguities with some of the SKUs were answered in Dr. Mangum's
9  supplemental report served on October 27, 2022, more than a month before Mr.
10 Tregillis's deposition.  Given the late stage of this litigation, with trial to begin in
11 barely one month, Counter-Claimants cannot show that the failure to disclose timely
12 their expert's opinions (which *still* have not been disclosed) is harmless.  *See Yeti by*
13 *Molly*, 259 F.3d at 1107 (exclusion appropriate when expert's report was produced
14 "one month before [the parties] were to litigate a complex case").

15    Counter-Defendants therefore respectfully request that the Court exclude any
16 expert testimony from Mr. Tregillis.

17 **II.   FACTUAL BACKGROUND**
18    **A.   Mr. Tregillis's April 22, 2022 Expert Report Calculated Revenues**
19       **and Gross Profits for All L.O.L. Surprise O.M.G. Products.**

20    Counter-Claimants served Mr. Tregillis's one and only expert report on April
21 22, 2022.  *See* Sergi Decl., Ex. A.  That report disclosed Mr. Tregillis's opinions
22 regarding MGA's gross revenue, net revenue, and gross profit for 2019 through
23 February 2022 from sales of all L.O.L. Surprise O.M.G. products.  *See id*. ¶ 8.  Mr.
24 Tregillis's calculations flowed directly from the financial information produced by
25 MGA.  *See id*. ¶ 26 & n. 35-36 (citing MGAE0126318-322).

26    The financial information produced by MGA for 2019 through February 2022
27 includes revenue by individual product, by SKU, with a description of each product.
28 *See* Sergi Decl., Ex. B (MGAE0126318, at -319-322).  For many products, those

descriptions identify the L.O.L. Surprise O.M.G. doll by name. *See e.g.*, *id*. at -319 (rows 1-4) ("572770EUS – L.O.L. Surprise OMG Doll 4 – **Spicy Babe**," "572763EUC – L.O.L. Surprise OMG Doll 4 – **Sweets**," "572787EUC – L.O.L. Surprise OMG Doll 4.5 – **Sunshine**," and "572794EUC – L.O.L. Surprise OMG Doll 4.5 – **Mnlight BB**."). In his April 22, 2022 report, Mr. Tregillis simply included every L.O.L. Surprise O.M.G. product in his calculation of MGA's revenues and gross profits. Mr. Tregillis made no attempt to analyze which of the L.O.L. Surprise O.M.G. products were subject to the counterclaims, or even to exclude the substantial percentage of revenue attributable to non-doll products, such as houses and glampers. *See* Expert Report of Dr. Mangum, ¶¶ 28-29 (May 9, 2022) (Sergi Decl., Ex. C).

**B.     The Court Dismissed the Counterclaims for More Than Half of the L.O.L. Surprise O.M.G. Products.**

The Court granted in part and denied in part MGA's motion for summary judgment. Summary Judgment Order, Docket Item 326 (C.D. Cal. July 29, 2022). The Court's decision included a detailed doll-by-doll analysis of the 71 different L.O.L. Surprise O.M.G. dolls identified in Counter-Claimants' discovery responses. The Court identified 31 specific dolls that remained, after MGA's summary judgment motion, under Counter-Claimants' trade dress and common law misappropriation counterclaims. *See id*. at 22-23, 30, and Appendix A. The Court also identified 40 dolls for which all counterclaims were dismissed. *Id*. On September 7, 2022, the Court denied the parties' motions for reconsideration of the summary judgment order. Reconsideration Order, Docket Item 331 (C.D. Cal. Sept. 7, 2022).

Counter-Claimants, however, have never served any amended or supplemental report from Mr. Tregillis to correspond to the revenue for the L.O.L. Surprise O.M.G. dolls that this Court identified as remaining in the case. In contrast, Counter-Defendants served a supplemental report from their rebuttal expert, Dr. Mangum, on October 27, 2022, that identifies the revenue from MGA's financial information attributable to the specific L.O.L. Surprise O.M.G. dolls that remain at issue. *See*

Supp. Expert Report of Dr. Mangum, ¶¶ 11-14, Appendix 3, & Supp. Ex. 1 (Sergi Decl., Ex. D). Dr. Mangum identified for each specific product, by SKU, in MGA's financial information the relevant L.O.L. Surprise O.M.G. doll(s). *Id*., Supp. Ex. 1. For the SKUs that did not specifically identify L.O.L. Surprise O.M.G. dolls by name, Dr. Mangum's supplemental report identifies which dolls are associated with those SKUs by referring to the doll numbers used in the Court's summary judgment order, and then calculates the allocation for dolls that remain in the case. *Id*. As an example, for SKU 574200E7C on page 1 of Dr. Mangum's Supplemental Exhibit 1 that has the description "L.O.L. Surprise OMG 3.8 Doll Asst," Dr. Mangum's supplemental report clarifies that the SKU is comprised of doll numbers 9, 34, and 36, and thus all dolls in that SKU remain in the case. Dr. Mangum then calculated MGA's revenue attributable to the dolls that remain at issue under the counterclaims.

Despite having Dr. Mangum's October 27, 2022 supplemental report identifying the specific dolls for each product/SKU in MGA's financial data, Mr. Tregillis did not amend or supplement his expert report prior to his deposition over a month later on November 29, 2022. Counsel for Counter-Defendants had specifically requested on November 3, 2022, that if Mr. Tregillis needed to amend or supplement his April 22, 2022 report, that he do so by November 14, 2022, to afford sufficient time to review any changes to his opinions prior to his deposition on November 29, 2022. Sergi Decl., Ex. E (Nov. 3, 2022, email at 9:11 a.m.).

**C.  During His Deposition, Mr. Tregillis Admitted the Opinions in His April 22, 2022 Expert Report Were No Longer Applicable.**

Mr. Tregillis admitted that the Court's summary judgment order required revisions to the opinions in his April 22, 2022 report in order to exclude revenue associated with products that were no longer subject to the remaining counterclaims. Tregillis Dep. at 77:24–78:15, 79:18-80:1, 83:9-19 (Sergi Decl., Ex. F).

**Counsel for MGA:** But, conceptually, you agree that in light of the court's July 29, 2022, summary judgment order, products that have been

4

|   |   |
|---|---|
| 1 | dismissed from the case should be excluded from the calculation of |
| 2 | MGA's gross revenues? |
| 3 | **Mr. Tregillis:** That is – that's right. That's my understanding, that there |
| 4 | is a change, things needed to be taken out because of that order. That's |
| 5 | my understanding. |

*Id*. at 79:18-80:1. Mr. Tregillis, however, still has not produced an amended or supplemental report to disclose any revisions to his opinions regarding MGA's revenues and profits, despite his recognition that the Court's summary judgment order rendered his April 22, 2022 report incomplete and inaccurate.

Mr. Tregillis testified that he had not supplemented his expert report prior to his deposition because there were *some* products in MGA's financial information that he could not match to an L.O.L. Surprise O.M.G. doll remaining under the counterclaims following the Court's summary judgment order. Mr. Tregillis conceded though that he was able to identify some products that must be excluded from his calculations of MGA's revenues, *id*. at 84:14-85:4; he estimated that he had questions with respect to "something like a third of the products," *id*. at 87:19-25; and, although he initially pointed to products described as "Trend Setter" and "Skate Park QT" as ones he had questions about, he admitted that those readily could be matched to specific names of dolls in the Court's summary judgment order, *id*. at 127:19 – 128:18 ("So I think that those are some that we actually were able to trace.").

### III. MR. TREGILLIS'S OPINIONS REGARDING MGA'S REVENUES AND PROFITS SHOULD BE EXCLUDED UNDER RULES 26 & 37.

Rule 26(a)(2)(B) requires an expert witness to prepare a written report with, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Furthermore, "[t]he parties must supplement these [expert] disclosures when required under Rule 26(e)." *Id*. 26(a)(2)(E). That is, "a party is under a duty to supplement a Rule 26(a) expert report 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect,

5

and if the additional or corrective information has not otherwise been made known to the other parties . . . ." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1061 (C.D. Cal. 2010) (quoting Rule 26(e)). *See also Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 186 (S.D. Cal. 2020) (similar).

Rule 37(c)(1) "gives teeth" to the expert witness disclosure requirements of Rule 26(a)(2) by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly v. Deckers Outdoor*, 259 F.3d 1101, 1106 (9th Cir. 2001). The exclusion of evidence under Rule 37(c)(1) is a "'self-executing,' 'automatic' sanction" designed "'to provide a strong inducement for disclosure of material.'" *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). The only exception is if the party facing the sanction under Rule 37(c)(1) proves the untimely disclosure was "substantially justified or harmless." *Id.* at 1106-07. *See also Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). A district court has "particularly wide latitude" to impose sanctions under Rule 37(c)(1). *See Yeti by Molly*, 259 F.3d at 1106.

In *Yeti by Molly*, the Ninth Circuit affirmed exclusion of defendant's rebuttal expert on damages for failure to produce a report setting forth the expert's opinions until approximately a month before trial. *Id.* at 1106-07. The Ninth Circuit rejected the suggestion that the expert was waiting for a supplemental report from the plaintiff's expert: "Even if true, defendants could have issued a preliminary report to be supplemented after [plaintiff's expert] report had been modified or they could have asked for an extension of the discovery deadline." *Id.* at 1106. The Ninth Circuit also rejected the argument that the late disclosure was harmless, noting that the opposing party would have less than a month before trial "to depose [the expert] and prepare to question him at trial." *Id.* at 1107.

Here, Counter-Claimants have failed to timely disclose Mr. Tregillis's expert opinions. Mr. Tregillis admits that the Court's summary judgment order required significant revisions to the opinions in his April 22, 2022 report in order to exclude

6

revenue associated with the many dolls for which the Court dismissed all counterclaims. Yet, Counter-Claimants and Mr. Tregillis did nothing to disclose that the opinions in his April 22, 2022 report were materially incorrect and incomplete, let alone disclose the substances of his revised opinions, prior to his deposition on November 29, 2022, four months after the Court's summary judgment order.

As of today, barely one month before the start of trial, Counter-Defendants still do not have any report from Mr. Tregillis setting forth the opinions he intends to offer. Mr. Tregillis's opinions regarding MGA's gross revenue, net revenue, and gross profits are not tangential or mere rebuttal; those opinions are the core substance of his expected expert testimony. And those opinions by Mr. Tregillis bear on an essential aspect of Counter-Claimants' counterclaim for disgorgement of profits upon which they bear the burden of proof. *See, e.g.*, 15 U.S.C. § 1117(a).

Mr. Tregillis had four months between the Court's summary judgment order and his deposition to amend, revise, or supplement the opinions in his April 22, 2022 report. Mr. Tregillis admitted he could identify in MGA's financial information many of the products that had been dismissed and thus needed to be excluded from his calculations of revenues and profits. That Mr. Tregillis perhaps could not identify which dolls were associated with some of the SKUs in MGA's financial information is not a suitable justification for his complete failure to amend his expert report prior to his deposition. Mr. Tregillis has had that financial information since at least the time of his April 22, 2022 report; and, Dr. Mangum's October 27, 2022 supplement report identified the specific dolls for each SKU.

As explained in *Yeti by Molly*, 259 F.3d at 1106, Mr. Tregillis could have issued a supplemental report after the Court's summary judgment order explaining that the opinions in his April 22, 2022 report had to be revised to exclude dolls no longer subject to any counterclaims, performing the revised calculations based on the products he could determine should be excluded, and noting any specific products for which he needed additional information. In addition, if Mr. Tregillis needed more

information, Counter-Claimants should have raised that immediately after the summary judgment order and, if necessary, filed a motion to reopen discovery for limited purposes. Counter-Claimants and Mr. Tregillis did none of those things. Instead, they waited until his deposition, less than two months before trial, to disclose that his April 22, 2022 report was no longer applicable and that he intended to revise his opinions in a supplemental report to be served at some unspecified future date.

Moreover, as explained above, no additional information is necessary. Dr. Mangum's October 27, 2022 supplemental report provided Mr. Tregillis with all the necessary information — identifying the L.O.L. Surprise O.M.G. doll(s), as listed in the Court's summary judgment order, associated with each SKU in MGA's financial data — to calculate MGA's revenue from the dolls remaining at issue. Mr. Tregillis has no conceivable justification for failing to amend his report during the more than a month between Dr. Mangum's supplemental report and Mr. Tregillis's deposition.

Counter-Claimants may argue that Mr. Tregillis wanted to wait for MGA's updated financial information to supplement his report. But any updated financial data has no bearing on the fact that the Court's summary judgment order required substantial revisions to the opinions in Mr. Tregillis's April 22, 2022 report, and the nature of the revisions should have been disclosed promptly pursuant to Rules 26(a)(2)(E) and 26(e) in advance of Mr. Tregillis's deposition. Many cases involve updates to certain data as trial approaches, but that cannot justify experts delaying otherwise required supplementation of their opinions. *See e.g.*, *North View Estates, GP v. Yreka Holdings*, 2010 WL 2035713, at *1 (E.D. Cal. May 20, 2010) ("[N]or may a party simply use an existing expert's disclosure 'as a placeholder to spring a 'supplemental opinion' in the eleventh hour.'").

Counter-Claimants also cannot show the failure to disclose Mr. Tregillis's opinions in a timely manner is harmless. Trial is scheduled to begin in one month. Counter-Defendants had no ability to question Mr. Tregillis at his deposition based on a report setting forth the opinions he actually intends to offer at trial. At this late

stage, Counter-Defendants would have to re-depose Mr. Tregillis and prepare from scratch to question him at trial. These circumstances are analogous to those in *Yeti by Molly* that the Ninth Circuit held warranted exclusion of the expert testimony.

The circumstances here are in fact more egregious than in *Yeti by Molly*, which addressed the late disclosure of rebuttal expert testimony. Here, Mr. Tregillis's opinions constitute affirmative expert testimony on an issue for which Counter-Claimants bear the burden. *See Nat'l R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, 2016 WL 1573262, at *3 (E.D. Cal. Apr. 19, 2016) ("An opinion needed to prove an element of plaintiff's case in chief is generally not proper rebuttal evidence."). Thus, Counter-Claimants' failure to comply with the expert disclosure requirements is significantly more prejudicial because Counter-Defendants' rebuttal expert, Dr. Mangum, has had no opportunity to review or formulate responses to the opinions Mr. Tregillis intends to offer as part of Counter-Claimants case in chief.

## IV.  CONCLUSION

The requirement of Rule 26(a)(2)(B) for experts to produce a written report setting forth all their opinions, along with the requirement of Rule 26(a)(2)(E) to supplement those reports in a timely manner, are essential to the use of expert witnesses in federal court litigation. Those rules exist to prevent late surprises regarding expert testimony and to ensure a party has a full and fair opportunity to depose an expert based on a report containing all the opinions that the expert intends to offer at trial. Those rules exist to prevent precisely the type of circumstances created here by the failure of Counter-Claimants and Mr. Tregillis to amend or supplement his expert report following the Court's summary judgment order.

Accordingly, Counter-Defendants respectfully request that the Court enforce the requirements of Rule 26(a), as provided for in Rule 37(c)(1), and exclude the expert testimony of Mr. Tregillis.

Dated: December 16, 2022

KELLER/ANDERLE LLP

By: /s/ Gregory M. Sergi
Gregory M. Sergi

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian