UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01183-SSS-DFM | Date | January 11, 2023 |
| Title | *Walter Linares v. Ken Clark* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING PETITIONER'S MOTION TO VACATE [DKT. 36] (IN CHAMBERS)**

Before the Court is Petitioner's Motion Requesting the Court to Vacate Report and Recommendation. [Dkt. 36]. For the reasons set forth below, Petitioner's Motion is **DENIED**.

I.   **BACKGROUND**

On January 29, 2021, Petitioner constructively filed a federal habeas petition, challenging his state court convictions for robbery, possession of a firearm by a felon, and dissuading a witness. [Dkt. 1]. On May 5, 2022, Respondent filed an Answer. [Dkt. 24]. Petitioner did not file a Traverse.

On October 24, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") that the Petition be denied on the merits. [Dkt. 32]. Petitioner did not file objections, and on December 16, the Court adopted the R&R, denied the Petition, and entered Judgment dismissing this action with prejudice. [Dkts. 33–35].

On December 18, Petitioner constructively filed the instant Motion. Petitioner argues that the R&R should be vacated, and that he be afforded the

opportunity to file a Traverse. His primary argument is that he is entitled to federal habeas relief based on recent decisions of California courts.

## II.    DISCUSSION

### A.    Petitioner's Objections

Giving Petitioner the benefit of the prison mailbox rule, the Court will deem Petitioner's objections as timely filed and review de novo the Magistrate Judge's R&R.

Petitioner argued in his federal habeas petition that there was insufficient evidence to support the jury's finding that VNE was a criminal street gang, as there was no foundation for the gang expert's testimony about VNE's primary activities. [Dkt. 1 at 34-38]. The Magistrate Judge rejected that argument, finding that that the California Court of Appeal's decision was not unreasonable. *See* R&R at 8–13.

Petitioner objects to the R&R based on the California Supreme Court's decision in *People v. Valencia*, 11 Cal. 5th 818 (2021). In that case, the court held that under the authority of *People v. Sanchez*, 63 Cal. 4th 655 (2016), predicate offenses by gang members "may not be established solely by the testimony of an expert who has no personal knowledge of facts otherwise necessary to satisfy the prosecution's burden." *Valencia*, 11 Cal 5th at 826. Following *Valencia*, the California Court of Appeal found a confrontation clause violation when the gang expert testified about supposed gang membership "not from personal knowledge but from police reports or field interviews." *People v. Runderson*, 2021 Cal. App. Unpub. 2021 WL 5480683, at *18 (Nov. 22, 2021).

In *Valencia* and *Runderson*, the testifying experts had no personal knowledge and the prosecution relied on hearsay to establish predicate offenses and gang membership. The same is not true here. As the Magistrate Judge observed, the expert testified based on his own personal knowledge:

> As the Court of Appeal found, Officer Quintero's testimony was based on reliable information. Officer Quintero testified that VNE's primary activities included assault with a deadly weapon, robbery, and murder, see 3 RT 923-24, offenses enumerated in P.C. § 186.22(e)(1). Officer Quintero testified that [] he grew up in a predominantly Hispanic neighborhood plagued with gangs, see 3 RT 916, that he worked with gang members in Los Angeles County

> jail, see 3 RT 917-18, and that as a patrol officer he had been involved in the arrest of gang members, including VNE members, see 3 RT 918. He also testified that he had been assigned for three and a half years to a gang enforcement detail in VNE's area. See 3 RT 916, 918. Officer Quintero further testified that he was familiar with VNE because they were "one of [his] primary assignments" 3 RT 919, that he knew VNE's territory, symbols, and signs, see 3 RT 920-23, that he had spoken to 50 to 60 VNE members, see 3 RT 920-21, and that he was personally familiar with VNE members, including Turcios, with whom he had spoken several times, see 3 RT 940-46. Officer Quintero's testimony about VNE, including the nature of VNE's primary activities, was based on his personal knowledge and experience and was sufficient to establish that VNE was a criminal street gang within the meaning of P.C. § 186.22(f).

R&R at 11.  Given this and other testimony, a reasonable jury could conclude that the "pattern of criminal gang activity" elements were satisfied.

Petitioner also suggests that the expert's testimony violated his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36 (2004). [Dkt. 36 at 6-7].  But Petitioner did not raise a confrontation claim to the state court or in his federal petition.  Regardless, the United States Supreme Court has not clearly established that the admission of out-of-court statements relied on by an expert violates the Confrontation Clause.  *See Peters v. Arnold*, 765 F.App'x 389, 390 (9th Cir. 2019); *see also Alcantar v. Madden*, No. CV 20-09718, 2022 WL 7936002, at *16 (C.D. Cal. Aug. 22, 2022) (citing cases), *report and recommendation adopted,* No. CV 20-09718, 2022 WL 4554361 (C.D. Cal. Sept. 28, 2022).  As a result, a hypothetical rejection by the state court would not be contrary to, or an unreasonable application of, clearly established federal law. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court . . . it cannot be said that the state court 'unreasonabl[y] appl[ied] clearly established Federal law.'") (second alteration in original).

### B.     Petitioner is Not Entitled to Relief Under Rule 59(e)

The Court could also liberally construe Petitioner's Motion as a motion for relief from judgment under Federal Rule of Civil Procedure 59(e).  *See Harvest v. Castro*, 531 F.3d 737, 745-46 (9th Cir. 2008) ("Nomenclature is not important. The

label or description that a party puts on its motion does not control whether the party should be granted or denied relief.").[1]

"Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.'" *Bannister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The purpose of the rule is to allow the district court "the chance to rectify its own mistakes in the period immediately following its decision." *Id.* (quotation marks and citation omitted). "In keeping with that corrective function," federal courts generally use Rule 59(e) only to address "matters properly encompassed in a decision on the merits," and "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* (quotation marks and citation omitted). "The motion is therefore tightly tied to the underlying judgment." *Id.*

"Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

Here, Petitioner has failed to show that Rule 59(e) relief is warranted. Petitioner's motion for relief centers on *Valencia*, a California Supreme Court decision that was issued in July 2021 and thus available to Petitioner at the time he filed his federal habeas petition. As repeatedly set out in *Bannister*, Courts shall not entertain arguments "that could have but were not raised before the just-issued decision." 140 S. Ct. at 1708. Petitioner has not set forth any other basis for relief.

---

[1] The other option is Rule 60. However, a Rule 60(b) motion that asserts a claim on the merits is subject to the requirements of § 2244(b) for successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *see also United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (explaining that a Rule 60(b) motion that presents a "claim" should be "treated as a disguised § 2255 motion"). Absent prior authorization from the court of appeals, a district court lacks jurisdiction to consider the merits of a second or successive petition. *See* § 2255(h); *Washington*, 653 F.3d at 1065.

**III.	CONCLUSION**

For the reasons set forth above, Petitioner's Motion is **DENIED**.

**IT IS SO ORDERED.**