**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| MGA Entertainment Inc. | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 20-11548-JVS (AGRx) |
| v. | |
| Clifford T.I. Harris, et al | NOTICE OF CLERICAL ERROR |
| DEFENDANT(S) | |

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☒ docket entry have/has been corrected as indicated below.

Title of scanned document: MINUTES [IN CHAMBERS] Order re Motions in Limine

Filed date: January 11, 2023    Document Number(s): 501

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are: _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are: _____ .

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to ☐ Judge ☐ Magistrate Judge _____ . The initials of the new judge(s) are: _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order 19-03, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____ .

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ Date ENTERED on CM/ECF was stamped on the document. The correct date is _____ .

☐ Document is missing page number(s): _____

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☒ Other: Due to clerical error the incorrect document was attached to docket entry [501]. The correct document is attached to this entry. SEE ATTACHMENT

CLERK, U.S. DISTRICT COURT

Date: January 13, 2023    By: /s/ E. Synagogue
                                Deputy Clerk

G-11 (03/19)    NOTICE OF CLERICAL ERROR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order re Motions in Limine

MGA Entertainment Inc. v. Clifford T.I. Harris et al., AND RELATED COUNTERCLAIMS, 2:20-cv-11548-JVS (AGRx)

Tentative Minute Order re Motions in Limine

MGA Entertainment, Inc. *et al.* (collectively "MGA") and Clifford "T.I." Harris, *et al.* (collectively "Harris Parties") move the Court for relief by way of Motions *in Limine*. The Court now enters its rulings.

I.  MGA's Motions *in Limine*.

    A.  Motion *in Limine* No. 1: Exclusion of Financial Evidence.

As Counter-Defendant, MGA seeks an order to exclude late produced financial documents. (Docket No. 208.) The Harris Parties have filed an opposition (Docket No. 229), and MGA has replied (Docket No. 248).

One problem at the outset in considering this motion is MGA's failure to identify a single document for exclusion.

    1.  Legal Standards.

Where a party fails to obey a discovery order, such as an order to produce documents, the Court may impose sanctions:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence

(Fed. R. Civ. P. 37(b)(2)(ii).)

2. <u>Discussion.</u>

The civil minutes for the parties' April 6, 2022 discovery conference with the Magistrate Judge reflect the following:

> Defendants agreed to complete production of OMG Girlz financial information by Friday, April 8, 2022, with the possible exception of information in the possession of a previous tour manager, Mr. Maudlin, who is addressed separately in paragraph 6 below. As to Mr. Maudlin, Defendants will make best reasonable efforts to obtain OMG Girlz financial information from him.

(Docket No. 112, pp. 1-2.)

Subsequent correspondence between the parties followed, but the Harris Parties made no further production. (<u>See</u> Docket No. 333-17, Ex. P.)

While Harris Parties claim that the minute order merely reflects counsels' agreement regarding production, the Court finds that the memorialization by the Magistrate Judge in a minute order, based on the parties' representations, is sufficient to invoke Rule 37(b).

Nevertheless, in the absence of specifics, the Court denies the motion without prejudice. Any objection made a trial shall be made with specificity as to when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

and if a document to which MGA objects has been produced.

### B. Motion *in Limine* No. 2: Other Acts.

As Counter-Defendant, MGA seeks an order to exclude other acts of infringement or misappropriation. (Docket No. 209.) The Harris Parties have filed an opposition (Docket No. 243), and MGA has replied (Docket No. 249).

The issue here is whether such evidence is admissible as other bad acts under Federal Rule of Evidence 404(b).

#### 1. Legal Standards.

Rule 404(b)(1) bars "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the same evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Fed. R. Evid. 404(b)(2).) There is further gloss to the exception: "(1) the other act evidence must tend to prove a material point; (2) the other act must not be too remote in time; (3) the evidence must be sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act must be similar to the offense charged." United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir. 1991).

Evidence which meets the 404(b) standard is nevertheless subject to exclusion under Federal Rule of Evidence 403. United State v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008).

Federal Rule of Evidence 406 provides a basis for "[e]vidence of a persons habit or an organization's routine practice . . . to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." (Fed. R. Evid. 406.)

#### 2. Discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

The evidence which MGA seeks to exclude falls into two broad categories: allegations and habit or practice.

*Allegations.* The Harris Parties marshal a series of allegations[1] asserted by various parties that MGA has infringed the intellectual property rights of that particular company. The Court finds that mere allegations of *other* infringements or misappropriation do no support a material point with regard to alleged misconduct in this case. In dealing with the scope of Rule 30(b)(6) depositions, the Magistrate Judge refused to compel production of an MGA representative to address cease and desist letters and law suits alleging other instances of misappropriation. (Docket No. 101.) She held: "The
court agrees that Topics 23-24 would be irrelevant or at best tangential to the seventh *Sleekcraft[2]* factor, and denies the Grand Parties' motion to compel." (Id., p. 2.) As is apparent, the Magistrate Judge's decision was not based solely on burden. (See Opposition, p. 8.) Moreover, venturing into proof to support allegations would present a classic series of cases within cases. (Fed. R. Evid. 403.) The recognized basis for admission, knowledge, is not supplied by allegations in another case.

There is no case law to support the proposition that evidence of knowledge, the seventh Sleekcraft, in another case is sufficient to support an inference of knowledge in a different case. United States v. Bailey, 696 F.3d 794, 799 (9th Cir. 2012). "Admitting prior conduct charged but settled with no admission of liability is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question. There is no logical relevancy to admitting this type of evidence." (Id. at 800.) Such evidence reduces to inadmissible character evidence. (Fed. R. Evid. 404(a).)

Moreover, copying and infringement under the Lanham Act are not the same. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 36-37 (2003). This injects a further ground for jury confusion. (Fed. R. Evid. 403.)

---

[1]Opposition, pp. 3-5.

[2]AMF Inc. v. Sleekcraft Boats, 559 F.2d 341, 348-49 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

The Harris Parties offer two instances of judicial resolutions that go beyond allegations, but the results do not assist the Harris Parties. In <u>Art Attacks Ink</u>, the jury found in favor of MGA on one claim, and hung on another. The District Court granted judgment as a matter of law on the remaining claim, and the Ninth Circuit affirmed the trial court's rulings. <u>Art Attacks Ink, LLC v. MGA Entertainment Inc.</u>, 581 F.3d 1138, 1141 (9th Cir. 1138, 1141 (9th Cir. 2009). The <u>Louis Vuitton</u> case in the Central District did not produce a substantive result.

MGA's claims with regard to the source of inspiration for its dolls does not open the door to allegations. Obviously, if the Harris Parties have evidence of a source for the MGA dolls, such evidence is admissible. And, if fact, the Harris Parties outline such evidence in their opposition. (Opposition, pp. 7-8.)

*Habit or Practice.* While the Harris Parties' offer of multiple alleged instances of copying, the contention misses the essence of Rule 406. The Court looks to "(1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." <u>United States v. Angwin</u>, 271 F.3d 786, 799 (9th Cir. 2001). The requisite degree of frequency requires "more than a mere tendency to act in a given manner, but rather, conduct that is semi-automatic in more than a mere tendency to act in a given manner, rather, conduct that is semi-automatic in nature." <u>Simplex, Inc. v. Diversified Energy Systems, Inc.</u>, 847 F.2d 1290, 1293 (7th Cir.1988) (internal quotation marks deleted). The evidence here is insufficient to support admissibility under Rule 406

The Harris Parties spend a portion of their opposition focusing on the fact that MGA has no policy to prevent copying. (Opposition, pp. 6-7.) That is not the focus on MGA's motion, and such evidence may be relevant, but it does not make a habit.

C. <u>Motion in Limine No. 3: Cultural Appropriation/Racism.</u>

As Counter-Defendant, MGA seeks an order to exclude the evidence of alleged cultural appropriation and racism. (Docket No. 210.) The Harris Parties have filed an opposition (Docket No. 244), and MGA has replied (Docket No. 261).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

In ruling on MGA's motion to strike portions of the First Amended Counterclaim, the Court struck allegations of cultural appropriation: "the FACC's statements regarding cultural appropriation have no bearing on any of the counterclaims, and . . . they are accordingly immaterial and impertinent." (Docket No 53, p. 16.) The Court's basis for exclusion extends to evidence which would support those allegations.

The detailed list of impermissible allegations puts the Harris Parties on specific notice. (Reply, pp. 3-4.) These matters will be excluded.

Nothing prevents the Harris Parties from pursuing the racial diversity, age, or gender of OMG Girlz fans. (See Opposition, pp. 2-3) Nothing prevents the Harris Parties from offering evidence of MGA's diversity goals and philosophy. (See id., pp. 5-6.)

The Harris Parties distinguish misappropriation from cultural appropriation. (See id., p. 7.) Consistent with the Court's ruling on Motion *in Limine* No. 2, third-party misappropriation is excluded. Given that inspiration is different from misappropriation, inspiration inquiries are proper.

While the Court excludes evidence that expressly goes to cultural appropriation or racism, the Harris Parties raise concerns about what might "imply or suggest" suggest racism. (Opposition, p. 3.) In addition to the Court's general admonition in bold below, counsel shall advise each witness of this portion of the Order specifically. Veiled, calculating remarks are no less objectionable than the attribution of outright racist statements. If there is any doubt that specific inquiries will run afoul of the Court's rulings, counsel shall raise the issue in advance outside the presence of the jury.

The Motion is granted.

D. Motion *in Limine* No. 4: Abandoned/Undisclosed Theories.

As Counter-Defendant, MGA seeks an order to exclude the evidence of abandoned or undisclosed theories. (Docket No. 332.) The Harris Parties have filed an opposition (Docket No. 356), and MGA has replied (Docket No. 377).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

As part of a party's initial disclosures under Rule 26 of the Federal Rules of Civil Procedure, a party must provide "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." (Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis supplied). As a practical matter, this requirement is most frequently met through a damage expert's report and supporting materials.[3] The basic point is that the opposition is entitled to notice of the damages theory, a calculation, and supporting materials. If these basics are provided during discovery, a failure to make a formal Rule 26 disclosure is harmless, and the self-executing exclusionary sanctions do not come into play. (See Fed. R..iv. P. 37(c).)

Mere disclosure of a damage theory is no more than a placeholder which does not satisfy Rule 26's disclosure obligations. (See Opposition, p. 3.) Counsel "contemplating lost opportunities for licensing and/or disgorgement" similarly does not meet the requirements of Rule 26. (Docket No. 101, p. 2.) In ruling on MGA's summary judgment motion, the Court bifurcated disgorgement, and then noted "to the extent that Counterclaimants seek profits as a surrogate measure of their own damages, they may present evidence of the profits at trial."[4] (Docket No 323, pp. 32-33.) However, and contrary to Harris Parties assumption (Opposition, p. 7), that was not a license to present direct evidence of lost profits.

In their opposition, the Harris Parties state that they "do not seek to introduce specific additional calculations for this beyond what Mr. Tregillis [their damage expert], timely disclosed . . ., has already or will update in accordance with the methods and calculations set forth in his previously produced report." (Id., p. 8.)

The expert report of Christian Tregillis ("Tregillis") presents only a claim for disgorgement (Docket No. 148-2), and the Harris Parties acknowledge as much. (Opposition, p. 11.) The Harris Parties understand the metes and bounds of any

---

[3]The Harris Parties' initial disclosures signaled as much. (Docket No. 332-2, p. 3.)

[4]At the Pretrial Conference, the Court concluded that there would be no bifurcation. (See Pretrial Conference Order, p

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

permissible damage theory, and the Court will hold them to that. The Court excludes all other damage theories, including loss opportunities and direct lost profits calculation or the Harris Parties's damages.[5] It is too late in the day embark on other paths. (Opposition, p. 11.) The prejudice is obvious. (Fed. R. Civ. P. 37(c).)

As indicated, the Motion is granted

E. <u>Motion *in Limine* No. 5: Consumer Declarants Not Deposed.</u>

As Counter-Defendant, MGA seeks an order to exclude consumer confusion declarants who have not been deposed. (Docket No. 333.) The Harris Parties have filed an opposition (Docket No. 357), and MGA has replied (Docket No. 378).

On MGA's motion to strike, the Court rejected for purposes of summary judgment the declarations of individuals offered on the issue of confusion who had not been deposed. (Docket No. 322, p. 5.) However, the Court "reopen[ed] discovery for the limited purpose of allowing Counter-Defendants to depose the Consumer Declarants." From the parties' papers, the last of which was filed on November 21, 2022, it appears that at least some the declarants have been deposed.

Any consumer confusion witness who has not been deposed as of this date is excluded. (<u>See</u> Docket No. 322.)

F. <u>Motion *in Limine* No. 6: References to Spoliation.</u>

As Counter-Defendant, MGA seeks an order to exclude references to spoliation and similar conduct. (Docket No. 334.) The Harris Parties have filed an opposition (Docket No. 363-1), and MGA has replied (Docket No. 404-1).

The Court agrees that evidence of Court's spoliation rulings and similar actions by the Court should be excluded. Such evidence is not relevant. (Fed. R. Evid. 402.)

---

[5] The is particulary so with respect to any showing of lost profits given that all the evidence to support such a theory has always been within the Harris Parties' possession.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

However, the present Motion seeks much more. As evidenced by the first lines of MGA's supporting memorandum, this is not a motion *in limine* except in name:

> Having failed to unearth any evidence of willful infringement despite fulsome discovery, Harris Parties and their counsel have resorted to repeated baseless assertion that MGA improperly withheld or destroy evidence. As MGA has consistently demonstrated, however, <u>Harris Parties contentions are wholly unsupported by the record.</u>

(Motion, p. 3; emphasis supplied.)[6] Rather, it is a stealth summary judgment asking the Court to address the existence and sufficiency of the evidence to support a list of supposed examples of misconduct. At the outset, the Court advised the parties that motions *in limine* could not be so used. (Docket No. 18, p. 4.) While is it permissible to seek specific Rule 56(g) findings on a summary judgment motion, such fact-based rulings are not available on a motion *in limine*.

Except as noted, this portion of the Motion is denied.

F. <u>Motion *in Limine* No. 7 : Exclusion of Tregillis.</u>

As Counter-Defendant, MGA seeks an order to exclude Harris Parties' expert Tregillis. (Docket No. 444.) The Harris Parties have filed an opposition (Docket No. 468), and MGA has replied (Docket No. 470).

As discussed more fully below in Section II.E, <u>infra</u>, the Court's summary judgment ruling paring back the number of dolls at issue affected the damages calculations previously may be both parties' experts. Tregillis' Supplemental Report is in response to Russell Mangum's ("Mangum") supplemental report which under the facts of this case the Court has declined to strike on timeliness or other grounds.

The parties should be treated with parity. The Court declines to strike Tregillis' supplemental report largely for the grounds advanced in resolving the Mangum motion. Just as with Mangum, MGA may take a deposition of on no more than three

---

[6]Other evidence is replete in the Motion. (<u>E.g.</u>, Motion, pp. 7:3-4; 8:20-21; 9:4-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

hour on The supplement.

The Motion is denied.

II.	The Hall Parties's Motions *in Limine.*

The parties have dealt with the Harris Parties' Motions *in Limine* Nos. 1 and 2 in consolidated filings: Harris Parties' Motions (Docket No. 187), MGA's Opposition (Docket No. 217), and Harris Parties' Reply (Docket No. 255).

A.	Motion *in Limine* No. 1: Witness Disclosures After Close of Discovery.

The Harris Parties seek an order to exclude witnesses disclosed by MGA after the close of discovery. No Rule 26 disclosure was made, and the Harris Parties seek the automatic exclusion provided under Rule 37(c).

At the Pretrial Conference hearing, the Harris Parties pointed out that the Court had previously ruled on the issue, and excluded Allen Haljevac, Irene Garcia, and Danna Darma. (Docket No. 326, p.6 n.6; Docket No. 331, pp. 6-7.)
Indeed, on the motion for reconsideration for the summary judgment ruling, the Court denied this Motion as moot.

B.	Motion *in Limine* No. 2: Evidence re "Tot Dolls,"

The Harris Parties seek to exclude evidence of "Tot Dolls" prior to 2018 as inspiration.[7] Harris Parties rely on representations that inspiration evidence prior to 2018 would not be offered. (Ranahan Decl., Ex. A, pp. 9-12.) Counsel for MGA affirmatively stated that the "design for inception did not occur in 2016 and 2018." (Id., pp. 9-10.)

The Court takes the Motion under submission subject to further briefing discussed at the Pretrial Conference.

---

[7] The Harris Parties' compliance with Local Rule 7-3 was imperfect, but not sufficient on that basis to decline ruling on the Motion. (Reply, pp. 4-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

C. Motion *in Limine* No. 3: Criminal Allegations.

The Harris Parties seek an order to exclude evidence of criminal allegations or convictions. (Docket No. 337.) MGA has filed an opposition (Docket No. 370-1), and the Harris Parties have replied (Docket No. 383-1).

At the outset, the Court expresses its frustration at the lack of detail and resort to vague generalities found in the meager 3/4 of a page of argument offered in support of the Motion. (Motion, p. 6.) Gleaning the facts as best it can from the opposition and reply, the orders:

• Allegations of criminal conduct are excluded as irrelevant. The Court rejects the contention that the Harris Parties have opened the door to such evidence. (Opposition, p. 2.) To the extent that MGA offers such evidence to support the contention that it would be improbable that MGA would want to trade on the creations of such dubious owners, the Court finds the theory dubious and more prejudicial than probative. (Fed. R. Evid. 403.) The prejudice of women in California and Georgia coming forward with allegations of drugging, kidnaping, and sexual misconduct is prejudicial with no offsetting benefit with regard to the claims here. (See Opposition, pp. 8-9.)

• None of the criminal acts which MGA cites would qualify and Rule 404(b) evidence for numerous reasons, not the least of which is lack of similarity to the conduct here in issue. (See discussion of Rule 404(b), supra.) Moreover, much of the conduct is stale.

• Clifford Harris' felony conviction for being a felon in possession of a firearm and his violations of supervised release are potentially admissible under Federal Rule of Evidence 609. If MGA wishes to pursue this or other crimes, it shall file a further application addressing the nature of the crime, its staleness, and any dishonesty inherent in the crime. (Fed. R. Evid. 609(a), (b).)

•At oral argument, MGA addressed the issue of photos of Zonnique Pullins. The Court will consider the use of the photos without reference to Pullins' conviction. MGA shall make its proposal outside the presence of the jury before offering the photos.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

Except to the extent the Court will allow a further application with regard to Rule 609, the Motion is granted.

D.  Motion *in Limine* No. 4: Spoliation.

The Harris Parties seek an order to exclude "inspiration" documents and certain other documents in light MGA's lack of a document retention policy and certain failures to produce.  (Docket No. 337, pp. 7-8.)  MGA has filed an opposition (Docket No. 355), and the Harris Parties have replied (Docket No. 383-2).

The Motion is largely a repackaging of the Harris Parties' earlier spoliation motion.  (See Docket No. 190; under submission.)  The Motion is denied for the same reasons.  (See Docket No. __.)  To the extent the Motion seeks individual factual determinations, the Court denies the Motion for the same reasons set forth in response to MGA's parallel motion.  (See Section I.F, supra.)

E.  Motion *in Limine* No.  5: Changes in Mangum's Methodology.

The Harris Parties seek an order to exclude of changes in  Mangum's damages methodology first presented in his Supplemental Report.  (Docket No.  340-1).  MGA has filed an opposition (Docket No. 351), and the Harris Parties have replied (Docket No. 387).

Supplemental expert reports are permitted and at times even required.  (Fed. R. Civ. P.  26(e).)  The question here is whether the supplement exceeds the permissible scope.  Generally, "a supplemental expert report that states additional opinions or seeks to strengthen' or deepen' opinions expressed in the original expert report is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)."  Plumley v. Mocket, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (internal quotation marks deleted).  However, there is an explanation.

On summary judgment the Court excluded large number of dolls, and only 31 or 32 remain in dispute.  (Docket No. 326, pp. 23, 30.)   In his initial report, issued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

prior to the Court's summary judgement, Mangum had calculated the total revenue for all the dolls, and then deducted costs to arrive at net profit. Through no fault of his, Mangum's original analysis no longer fits the facts of the case that will be tried. Accordingly, he calculated the revenue for each of the remaining dolls individually; there is no contention that he used a different method of calculating revenues per doll than he had for the aggregate. He then applied an average profit for the doll line, and used this to arrive at net profits for the remaining doll's.

To be sure the approach is new. However, this is not a "re-do" triggered by a court's criticism or finding of error.

The Court finds that the calculation of revenue per doll is simply a finer parsing of Mangum's aggregate calculation at least as to the new revenue calculations. These are "updated numbers . . . into a previously-disclosed and unchanged formula. (See Motion, p. 4.) The use of average profits for the line is new, but it goes to the weight of his opinion. The Court finds that Mangum's profit calculations meet all the same requirement for an initial report. (Fed. R. Civ. P. 26(a)(2)(B)(i-ii).) Indeed, one of the purposes of an expert report is to see if a deposition is even necessary. (Id., Notes of Advisory Committee on Rules–1993 Amendment.)

Given that the Harris Parties' expert also calculated damages on a product line rather than individual basis, it is not surprising that Mangum, as a rebuttal witness, also did initially. (Docket No. 340-2, ¶ 38.)

The Court finds that there is substantial justification. (Fed. R. Civ. P. 37(c).) If MGA indicates it desires to do so, the Court will order a further deposition no later than five days before Mangum takes the stand. As indicated above, the scope of any necessary examination is narrow.

Except as indicated, the Motion is denied.

F.   Motion *in Limine* No.  6: Exclusion of Expert Isaacson.

The Harris Parties seek an order to exclude the testimony of MGA expert Bruce Isaacson ("Isaacson"). (Docket No. 282.) MGA has filed an opposition (Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

No. 219-5), and the Harris Parties have replied (Docket No. 267).

1. <u>Legal Standard.</u>

Federal Rule of Evidence 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

(Fed. R. Evid. 702.)

On this challenge, the Court is called to exercise its "gatekeeper" function to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597 (1993). A trial court's "gatekeeping" obligation to admit only expert testimony that is both reliable and relevant is especially important "considering the aura of authority experts often exude." <u>Mukhtar v. Cal. State Univ.</u>, 299 F.3d 1053, 1063-64 (9th Cir. 2002). Nevertheless, "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." <u>Primiano v. Cook</u>, 598 F.3d 558, 564 (9th Cir. 2010). Importantly, the Court's gatekeeper role under <u>Daubert</u> is "not intended to supplant the adversary system or the role of the [trier of fact]." <u>Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1341 (11th Cir. 2003) (internal quotation marks and citation omitted). In other words, at this stage, the Court is not supposed "to make ultimate conclusions as to the persuasiveness of the proffered evidence." (<u>Id.</u>) As the Ninth Circuit summed up in <u>Alaska Rent-A-Car, Inc. v. Avis</u>, 738 F.3d 960, 969-70 (9th Cir. 2013):

> Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable. The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

The requirement that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue" goes primarily to relevance. Primiano, 598 F.3d at 564.

The Rule 702(c) and (d) reliability indicators are subject to a more flexible analysis. According to the Ninth Circuit,

> [i]n Daubert, the Supreme Court gave a non-exhaustive list of factors for determining whether scientific testimony is sufficiently reliable to be admitted into evidence, including: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential error rate; and (4) whether the theory or technique is generally accepted in the relevant scientific community.

Domingo ex rel. Domingo v. T.K., 289 F.3d 600, 605 (9th Cir. 2002).

The trial court has "broad latitude" in deciding how to determine the reliability of an expert's testimony and whether the testimony is in fact reliable. Mukhtar, 299 F.3d at 1064; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The "test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire, 526 U.S. at 141.

2. <u>Discussion.</u>

The Harris Parties mount several attacks on Isaacson's work.

First, they claim the so-called "Eveready" approach is flawed and inapplicable here. (Motion, pp. 9-15.) While the Harris Parties' rebuttal expert Dr. Susan McDonald acknowledges the Eveready method as the "gold standard" (Docket No

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

186-1, p. 6), the Harris Parties contend that it should be limited to cases where the senior mark is "well-known." However, they assert in their pleadings that "the OMG Girlz have achieved nationwide fame and popularity." (E.g., Docket No. 63, p. 11, 14.) The statement is binding on the Harris Parties, and Isaacson was entitled to rely. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1931988). Moreover, the Harris Parties' 30(b)(6) witness testified to the same effect. (Finkelstein Decl., Ex. B, p. 77.)

The leading treatise recognizes that the senior mark need not be "top of the line" in order to employ the Eveready approach. 1 McCarthy on Trademarks and Unfair Competition, § 32:174.

With regard to surveys in general, the parties present an academic debate as to whether the Squirt format or the Eveready format is appropriate. The jury entitled to weigh the completing theories and decide for itself.

The Harris Parties assert that Isaacson's ultimate conclusion is self-contradictory and unreliable. Isaacson concludes that his results would occur "either if the L.O.L. Surprise! O.M.G. Dolls are not confusingly similar to the OMG Girlz, or if the OMG Girlz are not well-known, or if both conditions are true." (Isaacson Report, Dkt. No. 144-2, ¶ 121). The Court does not agree. Moreover, the Court cannot say that the survey results are invalid if OMG Girlz are not detected as well known.

The Court finds that Isaacson sampled the correct potential buyers of the junior mark as required in a forward confusion case. Any criticism as to the target audience for the survey did not sufficiently reflect that part of the market goes to weight. Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1038 (C.D. Cal. 2013).

Technical criticisms, such as the wording of survey questions, go to the weight of the survey work, not its admissibility. Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc., 618 F.3d 1025, 1036 (9th Cir. 2010). For example, "permission" questions are not improper. Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A, Inc., 778 F.3d 1059, 1070 (9th Cir. 2015).

In conclusion, the Court finds that in accordance with Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548-JVS(AGRx) | Date | January 11, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al | | |

standards, Isaacson has used accepted principles and his conclusions are relevant. <u>Wendt v. Host International, Inc.</u>, 125 F.3d 806, 814 (9th Cir 1997).

The Motion is denied.

\* \* \* \* \* \* \* \* \* \* \* \*

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |