David C. Scheper (SBN: 120174)
DScheper@winston.com
Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Jiepu (Bobby) Li (SBN: 342224)
BLi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700

Cesie C. Alvarez (*pro hac vice*)
calvarez@winston.com
WINSTON & STRAWN LLP
101 California St.
San Francisco, CA 94111
Telephone: (415) 591-1000

Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
Sheppard Mullin Richter Hampton LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: 713-431-7100

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA
"TINY" HARRIS, OMG GIRLZ LLC, and
Counter-Claimants GRAND HUSTLE, LLC,
PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' REPLY TO MGA'S SUR-REPLY TO MIL 1-2**<br><br>Complaint Filed: December 20, 2020<br>Final Pretrial Conference Date: January 5, 2023<br><br>**TRIAL DATE: JANUARY 17, 2023 AT 9:00 A.M.** |

1

## I. Introduction

After avoiding discovery into inspiration for the OMG Dolls prior to 2018, MGA now asserts that it should be free to rely on its cherry-picked pre-2018 evidence, in the form of its "tots" line of dolls, to establish its "inspiration" for the OMG Dolls at issue in this case. This sword and shield strategy is highly prejudicial. MGA should be held to its explicit representations before the Court that there was no relevant inspiration discovery for the OMG Dolls prior to 2018. This statement was made after the Grand Parties sought before the Magistrate to compel production of withheld inspiration evidence and expand document searches to additional custodians, like Isaac Larian, and to 2016. MGA sought to curtail the Grand Parties' discovery efforts by arguing no relevant discovery existed before 2018 and the design did not occur in 2016 and 2017. *See* Dkt. 172-22 (March 15, 2022 Hr'g. Tr. at 10:5-11:1). Now, on the eve of trial, MGA seeks to introduce what it barred the Grand Parties from discovering. Indeed, the question was never lost on the Grand Parties: if the tots inspired the OMG Dolls, what inspired the tots? The Grand Parties were foreclosed from finding out during discovery, and should not do so by ambush alongside the jury. MGA cannot have it both ways – represent to the Court and the Grand Parties that no relevant inspiration evidence existed before 2018, and then introduce this evidence during trial.

## II. MGA Plainly Represented No Relevant Inspiration Occurred Prior to 2018

MGA's counsel claimed during the January 5, 2023 pretrial conference that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ranahan Dec., Ex. 3 at 13:8-11. But that is precisely what MGA's counsel said to the Court. *See* Dkt. 172-22 (March 15, 2022 Hr'g. Tr. at 10:5-10:11. The parties' dispute about the appropriate date range for MGA's document searches was presented to Magistrate Judge Rosenberg on March 15, 2022. During that telephonic hearing, the Grand Parties urged the Court to compel MGA to run ESI search terms on documents beginning in 2016. MGA stated that there was no need to go back to 2016 for document

searches because "2018…would be more than sufficient to capture ***all of the inspiration*** and design of the original dolls." *See* Dkt. 172-22 (March 15, 2022 Hr'g. Tr. at 10:5-10:11.) Magistrate Judge Rosenberg confirmed with MGA the specifics of their representation stating, "Okay. So, you started with January 1, 2018, through the present." *Id.* at 12:12-14. Based on MGA's representation, Magistrate Judge Rosenberg limited discovery from January 1, 2018 to the present.[1] The Grand conducted discovery based upon it by not seeking documents before 2018 and not asking questions about documents before 2018.

MGA seeking to now present to the jury evidence from before 2018 that MGA claims inspired the OMG dolls shows either a trial by ambush strategy or else a deep and fundamental misunderstanding of what occurred during the discovery stage in this case. Specifically, MGA seeks to introduce the "tots" line of dolls that they claim solely inspired the OMG Dolls. There are *hundreds* of tots, which have been released on a rolling basis since 2016. And MGA has represented that only some of those have been turned into OMG Dolls.

To be sure, had MGA cooperated and provided discovery into the inspirations behind all tots that inspired each OMG Doll, regardless of the year that the tot was released, there would be no issue. Instead, MGA opted to curtail discovery from prior to 2018. Now, it is far too late for the Grand Parties to meaningfully investigate what inspired the tots, how the tots were created, how much of the existing tot design purportedly inspired the OMG Dolls, the veracity of their claims that they actually inspired the OMG Dolls like MGA claims, and more. To allow the tots into the case at this late stage would allow MGA to introduce evidence that has not been tested. The Grand Parties were completely foreclosed, based on MGA's own representations, from even attempting to analyze full line of relevant communications and documents

---

[1] The Grand Parties raised this issue with the Court a second time after reviewing MGA's limited document production and finding a PowerPoint slide deck with metadata stating that it was created in 2016. MGA represented that this was of no import, explaining it away by saying that it was likely a "template" document. The Court accepted this representation as well. (March 22, 2022 Hr'g. Tr. at 13:8-14).

1  regarding any celebrities or other references that were that were used to create the tots.
2  The Grand Parties visually see similarities between some of the tots and the OMG Girlz
3  but were never able to pursue discovery on those specific tots or any tots at all.
4       Counsel also cites to the testimony of Ms. Wong who testified that the tots were
5  inspired by " ▮▮▮▮▮▮▮▮ *See* Dkt. 245, Ex. I. Because Ms. Wong's deposition
6  occurred at the close of document discovery, and the Grand Parties were foreclosed
7  from pre-2018 discovery, they could not pursue discovery on which " ▮▮▮▮▮
8  inspired the tots.[2] Indeed, if the OMG Girlz were the ▮▮▮▮▮▮ that inspired the
9  tots, MGA foreclosed the Grand Parties from the opportunity to probe this issue with
10 its witnesses using MGA's documents. Because this dilemma was caused by MGA's
11 statements curtailing pre-2018 inspiration discovery, MGA's efforts to overturn the
12 Court's tentative should be rejected.
13      **III. The Court Should Decline to Reverse the Tentative**
14      The Court's January 4, 2023 tentative on this issue had it exactly right,
15 recognizing that "where MGA curtailed its production efforts with regard to events prior
16 to 2018, it should be held to its representations." *See* Ranahan Decl., Ex. 1. MGA has
17 attempted to confuse the record with various reasons why it claims that the Court should
18 reconsider.
19      First, MGA argues that the Grand Parties "served no document request seeking
20 inspiration or development materials for the tots" (Dkt. 488), but the Grand Parties'
21 Request for Production No. 1 sought: "all communications relating to the **_creative_**
22 **_conception, origin_**, formation, **_development, creation_**, target demographic,
23 characteristics, **_and inspiration_** for individual OMG dolls and/or OMG doll outfits. *See*
24 RFP 1. *See* Ranahan Decl., Ex. 2. MGA eventually agreed to produce responsive

---

[2] MGA objected to the entirety of the discovery served by the Grand Parties' new counsel at the time in February 2022 as untimely under the case schedule, and refused to provide any information in response. Thus, MGA's suggestion that additional documents could have been obtained around the time of the March and April 2022 deposition testimony was also blocked by MGA.

documents in response– though of course this was limited to post-2018 discovery. *See id.* If the tots in fact inspired the OMG dolls, as MGA now claims they did, this was explicitly requested in the Grand Parties' *first discovery request* that MGA agreed to produce. It was also a complete misrepresentation to claim no inspiration evidence existed before 2018 when the tots were designed and existed before then.

Second, MGA argues that deposition testimony that occurred after document discovery closed should alleviate any prejudice. But by the time the Grand Parties deposed MGA witnesses who mentioned the tots, discovery into pre-2018 evidence was foreclosed such that the Grand Parties had no documents to question the witnesses on. Thus, the Grand Parties did not get the opportunity to investigate the full scope of available responsive pre-2018 documents when questioning MGA's witnesses.

Third, MGA claims a non-party's testimony about purchasing the tots is enough to admit them at trial. But this does not open the door to allow MGA free reign into admitting them.

Fourth, MGA argues that the pre-2018 evidence about the tots is admissible because it disclosed their existence to the Grand Parties in their complaint. But knowing they exist is not the same as getting meaningful discovery into their creation and connection to the OMG dolls. Moreover, if anything, this evidences that MGA knew the inspiration behind the tots was responsive to the Grand Parties' discovery requests and should have produced the relevant documents.

MGA can still seek to introduce evidence regarding its tots from 2018 forward but should be foreclosed from presenting new evidence of tot inspiration pre-2018. As the Court asked of MGA's counsel and MGA's counsel confirmed, MGA would be able to introduce post-2018 information:



▆▆▆▆▆▆▆▆▆▆

*See* Ranahan Dec., Ex. 3, Jan. 5, 2023 Pretrial Tr.

Given that MGA curtailed discovery into pre-2018 evidence, MGA should not be permitted to rely on pre-2018 evidence of inspiration and have it both ways when it comes to their representation about inspiration documents. MGA's counsel cut off the inquiry into a full production and may have selected only favorable documents it wanted to produce from prior to 2018 without subjecting MGA's emails system or other searches to anything relevant prior to 2018, which is not appropriate, unfair and prejudicial. The Court should affirm its tentative ruling and grant the motion.

Dated: January 13, 2023  WINSTON & STRAWN LLP

By: */s/ Erin Ranahan*
Erin R. Ranahan

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# CERTIFICATE OF SERVICE

**United States District Court for the Central District of California**

**CASE NO. 2:20-CV-11548-JVS-AGR**

I am a resident of the State of California, employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is 333 S. Grand Avenue, Los Angeles, CA 90071. On January 10, 2022, I served on the interested parties in this action the within document(s) entitled: Defendants'/Counterclaimants' Trial Brief.

[ X ] **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

[ ] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mark A. Finkelstein,<br>mfinkelstein@umbergzipser.com<br>Umberg Zipser LLP<br>1920 Main Street, Suite 750<br>Irvine, CA 92614 | Laurence Cheng<br>Laurence.cheng@mgae.com<br>Elizabeth Lachman<br>ELachman@mgae.com<br>MGAE Entertainment, Inc.<br>9220 Winnetka Avenue<br>Chatsworth, California 91311 |
| KELLER / ANDERLE LLP<br>Jennifer L. Keller<br>jkeller@kelleranderle.com<br>Chase A. Scolnick<br>cscolnick@kelleranderle.com | |

| Jay P. Barron<br>jbarron@kelleranderle.com<br>18300 Von Karman Avenue, Suite 930<br>Irvine, California 92612 Telephone:<br>(949) 476-8700 | |

I declare under penalty of perjury, under the laws of the United States that the above is true and correct. Executed on January 10, 2023 at Newport Beach, California.

By: /s/ *Erin R. Ranahan*
     Erin R. Ranahan