1  David C. Scheper (SBN: 120174)
   DScheper@winston.com
2  Erin R. Ranahan (SBN: 235286)
   eranahan@winston.com
3  Jiepu (Bobby) Li (SBN: 342224)
   BLi@winston.com
4  WINSTON & STRAWN LLP
   333 S. Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
6
   Chante B. Westmoreland (*pro hac vice*)
7  cwestmoreland@sheppardmullin.com
   Sheppard Mullin Richter Hampton LLP
8  700 Louisiana Street, Suite 2750
   Houston, TX 77002
9  Telephone: 713-431-7100

10 *Attorneys for Defendants  CLIFFORD "T.I." HARRIS,*
     *TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and*
11 *Counter-Claimants GRAND HUSTLE, LLC,*
   *PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

12              **UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15 MGA ENTERTAINMENT, INC.,          | **Case No.  2:20-cv-11548-JVS-AGR**
   a California corporation,
16                 Plaintiff,         | **THE GRAND PARTIES'**
                                      | **OPPOSITION TO *EX PARTE***
17            vs.                     | **APPLICATION FOR**
                                      | **ORDER PLRECLUDING**
18 CLIFFORD "T.I." HARRIS, an         | **COUNTER-CLAIMANTS FROM**
   individual; TAMEKA "TINY" HARRIS,  | **SEEKING, OR PRESENTING**
19 an individual; OMG GIRLZ LLC, a    | **EVIDENCE RELATING TO,**
   Delaware limited liability company; and | **EMOTIONAL DISTRESS**
20 DOES 1-10, inclusive,              | **DAMAGES**
21                 Defendants.

22 ————————————————                   | Complaint Filed:  December 20, 2020
23 GRAND HUSTLE, LLC, PRETTY          | Final Pretrial Conference Date:
   HUSTLE, LLC, and OMG GIRLZ LLC,    | December 19, 2022
24            Cross-Complainants,
25            vs.                     | **TRIAL DATE:  JANUARY 17, 2023**
26 MGA ENTERTAINMENT, INC.,
   ISAAC LARIAN, and DOES 1 – 10,
27 inclusive,
28            Counter-Defendants.

## I.     INTRODUCTION

With its latest *Ex parte* Application, MGA seeks, once again, to relitigate an issue that the Court just decided. Pursuant to the Court's decision at the Final Pretrial Conference on January 5, the Grand Parties will be allowed to present at trial evidence in support of its claim of emotional damages. MGA did not raise objections against the inclusion of emotional damages in their previous motion *in limine* regarding the exclusion of certain types of damages, but now again asks the Court to reconsider this issue on the eve of trial.

The Grand Parties sufficiently disclosed their emotional damages since the outset of this action, both through initial cease and desist letter and the Complaint.  The Grand Parties further put MGA on notice of their damages by introducing significant evidence on the record in direct support of emotional harms suffered by members of OMG Girlz LLC and the additional Counterclaimants. Besides the availability of disgorgement, MGA did not seek summary judgment on any other damages issues.

MGA's argument that the Grand Parties lack standing is contradicted by the well-established law recognizing that Lanham Act Claims and California Right of Publicity Claims are both assignable in their entirety, and that assignability of the right to recover damages is based on the claim as a whole, and will not be limited by the inclusion of specific types of damages a claimant seeks to recover.

MGA will not suffer any prejudice at trial from the inclusion of a damages theory that it had full notice of and ample opportunity to explore during discovery, especially when it will be based on witness testimony and not any extraneous expert reports or computations. MGA's *Ex Parte* Application requesting the exclusion of emotional damages should be denied.

## I.     FACTUAL BACKGROUND

### A.     The Grand Parties Raised Emotional Damages in Its Pleadings and Evidence

Emotional harm relating to this case has been claimed by The Grand Parties since

the very beginning of litigation. For example, MGA was put on notice that the Grand Parties would seek emotional relief in December 2020, through the Grand Parties' cease and desist letter. *See* Dkt. 169-13 (December 2020 Cease and Desist Letter). The Grand Parties also stated its intent to pursue all available damages, including emotional damages, in the operative pleading. *See* Dkt. 61 (Third Amended Counterclaims), at 42-44 ("As a result of the infringing activities, MGA has deprived the OMG Parties of the right to control the time, place, terms and manner by which to publicize said parties' special talents" and seeking "all available damages").

Further, The Grand Parties have provided, and MGA was free to and did elicit, evidence of emotional harm that will be presented at trial through direct testimony. The Grand Parties provided specific testimony and evidence regarding the frustrations and concern caused by MGA "taking advantage" of their images and likeness they had built. *See e.g.,* Dkt. 169 (Harris Decl.), ¶ 41; Dkt. 167, (Womack Decl.), ¶¶ 48, 51. For example, the evidence includes testimony from Ms. Pullins' regarding her feelings of annoyance, embarrassment, and humiliation caused by MGA making dolls based on OMG Girlz, including Ms. Pullins' personal dating life, as publicly shown while she was on tour with the OMG Girlz and a boy band. Dkt. 171 (Pullins Decl.), ¶¶ 5, 55-56.

## B.    MGA's Prior Motion to Exclude "Undisclosed Damages"

On November 7, 2022, MGA filed a motion *in limine* seeking to exclude the Grand Parties' claims of actual damages claiming the Grand Parties stipulated they were not pursuing lost profits and because the Grand Parties had not designated expert testimony or presented computations on actual damages. Dkt. 332. The nearly 8-page motion regarding purported "abandoned and undisclosed theories of damages" made no mention of excluding the Grand Parties' claim to emotional damages, though the Grand Parties presented witness testimony to support the claim and though such relief is legally available under the Grand Parties' claims. *Id*. The Grand Parties' opposition to that motion went on to specifically brief the issue of emotional damages and also provided detailed cites to the supporting evidence in the record. *See* Dkt. 356 at 4. Despite these

1  explicit disclosures, MGA's reply in support of that motion again made no mention of
2  the Grand Parties' arguments regarding emotional damages, thus waiving any response
3  to that issue. Dkt. 377. Now three months later, and on the eve of trial, MGA seeks to
4  exclude an available category of damages.

5  **C.    The Court's Final Pre-Trial Conference Ruling**

6  At the January 5, 2023 pre-trial conference, the Grand Parties explicitly sought
7  clarity on whether they could present evidence of emotional damages at trial. *See*
8  Ranahan Decl. Ex. 1 (Jan. 5, 2023 Hr'g Tr. at 6:24-7:5). ████████████████
9  ███████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████
11 ████████████████████████████████████████████████

12 **II.    LEGAL STANDARD**

13  **1.    *Ex Parte* Relief**

14  To justify *ex parte* relief, a plaintiff must demonstrate two things: "First, the
15  evidence must show that the moving party's cause will be irreparably prejudiced if the
16  underlying motion is heard according to regular noticed motion procedures. Second, it
17  must be established that the moving party is without fault in creating the crisis that
18  requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."
19  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).
20  "Opportunities for legitimate *ex parte* applications are extremely limited and such relief
21  is appropriate only in the face of "real urgency." *In re Intermagnetics Am., Inc.*, 101
22  B.R. 191, 193-194 (C.D. Cal. June 1, 1989).  Both the Federal Rules of Civil Procedure
23  and the Local Rules of this Court "contemplate that noticed motions should be the rule,"
24  because noticed motions "provide a framework for the fair, orderly, and efficient
25  resolution of disputes." *Id*. at 193.

26  **2.    Rule 26 Disclosures**

27  Under Rule 26, claimants are directed to disclose each category of damages
28  claimed as well as provide associated calculations and evidence through separate

discovery and expert testimony. Fed. R. Civ. P. 26(a)(1). While Fed. R. Civ. P. 26(a)(1) requires that a party include in its initial disclosures any "***computation***" available for the damages claimed, and the evidence underlying those damages or the theories that do not rely on specific computations are not required, including specific computations for subjective emotional harms claimed. *See MasterObjects, Inc. v. Meta Platforms, Inc.*, 2022 WL 4856269, at *4 (N.D. Cal. Oct. 3, 2022); *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 298 (D. Ariz. 2022). "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014); *Intel Corp. v. Tela Innovations, Inc.*, 2021 WL 1222622, at *22 (N.D. Cal. Feb. 11, 2021 (stating that to satisfy Rule 26, parties "need not have disclosed the theory word-for-word."). Exclusion of damages theories is not proper even where disclosures fall short of Rule 26's requirements where the moving party otherwise had notice of the theories. *E.& J. Gallo Winery v. Strategic Materials, Inc.*, 2019 WL 3729811, at *5 (E.D. Cal. Aug. 8, 2019).

## B.   MGA Fails to Meet This Court's Requirements for *Ex Parte* Relief

### 1.   MGA Failed to Comply with Procedural Requirements

As an initial matter, MGA's *ex parte* application is procedurally deficient. Local Rule 7-19 requires that "[a]n application for an *ex parte* order shall be accompanied by a memorandum containing… the reasons for the seeking of an *ex parte* order, and points and authorities in support thereof." As is well-recognized in the Central District, a "[p]roperly designed *ex parte* motion papers thus contain two distinct motions or parts." *Mission Power Eng'g Co.*, 883 F. Supp. at 492 (C.D. Cal. 1995).  "The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a "proposed" motion and they show no hearing date)." *Id*. The parts should be "separated physically and submitted as separate documents… and should never be combined." *Id*.

Contrary to the clear standard set forth in *Mission Power* and in the Local Rules, MGA attempts to improperly combine its *ex parte* application with the underlying motion it seeks to present.  These two distinct parts were filed together under a single caption page and single title. *See* Dkt. 500. MGA's filing does not include a separate memorandum of points and authorities with "the reasons for the seeking of an *ex parte* order" as required by L.R. 17-9.1.  It also fails to separately file and properly label its underlying proposed motion for sanctions and proposed memorandum of points and authorities in support.

### 2.      MGA Has not Established it is Without Fault

MGA fails to show that it was faultless in the creation of the purported emergency asserted in its application. To justify *ex parte* relief, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

MGA had many opportunities to seek evidence regarding the Grand Parties emotional damages related to the infringement, and to explore emotional harms suffered by Ms. Pullins, Ms. Harris, Ms. Womack, or Mr. Harris in their depositions-- two of whom are OMG Girlz, and the other two, MGA sued individually in this action but who countersued in the name of their corporations.

MGA also failed to raise any objections to the inclusion of emotional damages, both in its original motion to exclude "undisclosed" damages theories, and again in their reply even after the Grand Parties specifically pointed out in their opposition to that motion that emotional damages were disclosed. MGA should not be given the opportunity to bring up this issue now after failing to raise for many months prior to trial when they had notice. *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have....").

**C.     The Court Should Not Exclude Emotional Damages from Trial**

        **1.     The Court Has Already Ruled That Evidence of Emotional Damages Can Be Presented at Trial**

MGA is again attempting to relitigate an issue that has very recently been specifically considered and addressed by the Court. MGA filed its motion *in limine* on the subject of "undisclosed" damages theories back in November of 2022, arguing that the Grand Parties should be precluded from claiming lost business opportunities, which the Court indicated that it was inclined to grant in its Tentative Order pending the parties arguments on the motion at the final pretrial conference. *See* Court's Tentative Ruling at 7. After the Grand Parties sought additional clarification from the Court regarding the applicability of that ruling to emotional damages, the Court clarified explicitly that the Grand Parties will be given the opportunity to offer evidence in support of its claim for emotional damages. *See* Jan. 5, 2023 Hr'g Tr. at 6:24-7:9.

MGA did not even move to exclude emotional damage.  And even if it had, the Court's reason for excluding the lost business opportunities and licensing, which was lack of specific calculations required under Rule 26, does not apply to emotional harms, which are subjective in nature and do not require the disclosure of specific computations or expert testimony. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ MGA's argument that the Court somehow excluded "all" damages theories including emotional damages ignores the Court's specific ruling clarifying its tentative decision.

        **2.     The Grand Parties Have Provided Sufficient Notice of Their Intent to Pursue Emotional Damages**

MGA's argument that they had no notice of the Grand Parties' intent to pursue damages for emotional harm until the Final Pretrial Conference on January 5, 2023, is plainly contradicted by the record. Certain of the Grand Parties have testified in this case in support of emotional harms suffered; including OMG Girlz Ms. Pullins and Ms.

Womack, and Defendants and Counterclaimants through their companies, Ms. Harris and Mr. Harris. *See* Dkt. 169 (Harris Decl.), ¶ 41; Dkt. 167, (Womack Decl.), ¶¶ 48, 51; Dkt. 171 (Pullins Decl.), ¶¶ 5, 55-56. *See, e.g.*, *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (finding emotional distress damages "necessarily vague" and thus exempt from Rule 26(a)(1)(C) disclosure). No additional specific notice was required given the nature of the damage being sought.

In addition, MGA's application correctly points out, the Grand Parties have maintained from the very beginning that they intend to pursue all damages available under the law for their claims, including damages related to subjective emotional harms experienced by the Grand Parties. There is no dispute that the Right of Publicity under California law protects not only the right to economically exploit the value of their image, but also the individual's right to recover for subjective emotional suffering in the form of unwanted association, humiliation, embarrassment, and mental distress. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1103 (9th Cir. 1992); *Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 416 (9th Cir. 1996). There is also no dispute that emotional damages are available under the Lanham Act. *See Passante v. Moore*, 2012 WL 12878303, at \*1 (C.D. Cal. Oct. 26, 2012); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 758070, at \*5 (W.D. Wash. Feb. 14, 2020).

### 3.    Proof of Emotional Damages Does Not Require Expert Testimony, Specific Calculations, or Medical Evidence

It is well established law that the quantification of emotional damages are necessarily "subjective." Unlike pecuniary damages, in order to establish a claim to emotional damages, such as humiliation, embarrassment, and annoyance, does not require the claimant to put forth calculations or expert testimony in support. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005). The Court recognized this same legal principle during the parties' pretrial conference on January 5, 2023, when it stated that "there is Ninth Circuit authority clearly on point that…where damages are not quantifiable you don't have to disclose a number[,] for instance punitives or pain

1    and suffering, general damages." Jan. 5, 2023 Hr'g Tr. at at 7:6-9.

2          Nor is claimant required to produce evidence of a medical consultation or

3    diagnosis. MGA's argument that it was deprived of the opportunity to hire a "forensic

4    psychologist" misunderstands the nature of how emotional damages are determined. "In

5    order to recover mental distress damages, it is not necessary for the plaintiff

6    to consult a doctor, miss work, or alter his or her daily activities." 31 Causes of Action

7    2d 121 (2006). The focus of the damages inquiry is the "resulting in injury to the

8    feelings" and how it "concerns one's own peace of mind;" the injury is "mental and

9    subjective." *Kelly v. Johnson Publishing Co*., 160 Cal.App.2d 718, 721; *Stilson v.*

10   *Reader's Dig. Assn., Inc.,* 28 Cal. App. 3d 270, 273 (Ct. App. 1972); *see also Abdul-*

11   *Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 416 (9th Cir. 1996) (awarding damages for

12   celebrity who was injured "emotionally because people may be led to believe he has

13   abandoned his current name and assume he has renounced his religion.").

14         Furthermore, MGA's assertion that it was deprived of the opportunity to pursue

15   a "forensic psychologist" is simply false. As explained earlier, MGA had ample notice

16   of this avenue of potential damages, at the very least by November, when the Grand

17   Parties explicitly briefed the issue of emotional damages in its opposition to MGA's

18   motion to exclude the damages theories it considered to be "undisclosed." MGA could

19   have retained any experts they believed would be helpful in evaluating the emotional

20   damages claim but chose not to do so. But given that the Grand Parties are not

21   presenting any expert testimony in support of these claims, the fact that MGA does not

22   have a rebuttal expert is no reason to preclude a lawful remedy that MGA did not seek

23   to preclude.

24         **4.      The Grand Parties Have Legal Standing to Recover the Full**

25                  **Range of Available Remedies for Their Claims**

26         First, to the extent that MGA is attempting to argue that corporations cannot

27   suffer emotional harms, that argument is inapposite and misunderstands the nature of

28   the claims in this case.  MGA does not dispute that the business entities asserting MGA

does not dispute that the Grand Parties' Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC, have been assigned the OMG Girlz' individual claims, and that both the Right of Publicity Claim and the Lanham Act claim are fully assignable. *See Lugosi v. Universal Pictures,* 25 Cal. 3d 813, 823 (1979) ("Assignment of the right to exploit name and likeness by the 'owner' thereof is synonymous with its exercise"); *Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001, 1008 (2014) ("the personal nature of the right restricts who can assign it—not whether the right of publicity can be assigned."); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 310 F. Supp. 3d 1089 (S.D. Cal. 2018) (recognizing that the right to recover under Lanham Act claims is assignable).  And the remaining Grand Parties represent the individual that MGA sued in this case, but they have counterclaimed on behalf of their entities, Pretty Hustle and Grand Hustle.

Next, MGA argues that the Grand Parties do not have standing because they are seeking non-pecuniary damages in addition to pecuniary damages in the form of disgorgement of MGA's profits. But MGA's assertion that a claim cannot be transferred merely because it includes potential non-pecuniary, punitive, or other general damages is not supported by the body of legal authority on this subject. There is no "blanket rule" against the assignability of emotional damages or punitive damages. *Nelson v. Exxon Mobil Corp.*, 102 Cal.Rptr.3d 311, 219-23 (2009). Assignability is based on the nature of the claim as whole, not based on the range of types of damages that are available under that claim. *See Diehl v. Starbucks Corp.,* 2014 WL 295468, at *13–14 (S.D. Cal. Jan. 27, 2014) ("[W]hether punitive damages may be assigned does not rely on the nature of the relief, instead it relies upon the nature of the cause of action it is brought under."); McCarthy, The Rights of Publicity and Privacy § 10:10 (2d ed) ("Unlike a license, an 'assignment' of rights implies the sale of all legal and equitable title to the assignee.").

For example, in *Diehl* the Court found that, where a business entity was assigned a fraud cause of action involving an injury to property, that business entity also had

standing to sue for all damages available under the cause of action, including emotional distress and punitive damages. *Diehl*, 2014 WL 295468 at \*13–14. The court reasoned that punitive and emotional damages are merely "of the relief available in an action" and broadly transferable incident to the assignability of a fraud claim. *Id*. The Court also observed that assignment of punitive and emotional damages was appropriate where assignee entity was owned by and "exists for the benefit of its shareholders"— the individuals who made the assignment. *Id*. at 14; *Nelson*, 102 Cal.Rptr.3d at 322 ("although the form has changed, the identity of the parties allegedly injured…has remained the same.").

The same situation is present here. The OMG Girlz' claims are based on intellectual property and indisputably assignable. *See Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 400 (2001) (Recognizing that Rights of Publicity in California "are property rights that are transferable before or after the personality dies, by contract or by trust or will."); *Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001, 1008 (2014) ("As we explained above, though the right of publicity is described as 'personal' in nature, this simply means that the owner of the right has exclusive authority to assign it during his or her lifetime…the right of publicity distinctly protects an 'economic interest.'").

Further, the additional business entities asserting the Counterclaims are closely held by the individuals who MGA has sued in this action, Defendants Ms. Harris and Mr. Harris. There is no question that assignee entities exist for the benefit and act on behalf of these individuals. Therefore, the Grand Parties, as assignees of the claims, have full standing to recover for emotional damages incidental to the underlying claims for injury to intellectual property.

### D.   MGA Would Not Be Prejudiced at Trial

MGA has not shown irreparable prejudice warranting *ex parte* relief.  MGA has not suffered any prejudiced by either the objections by the Grand Parties Counsel nor by the need to reschedule certain depositions due to family medical emergencies, as

1   MGA's application suggests.

2       MGA had full opportunity to review the evidence on the record in support of the

3   emotional damages theory and cross-examine the witnesses on their testimony offered

4   concerning the emotional harms they suffered. MGA could have and chose not to raise

5   the issue of emotional damages in its purported motion *in limine* addressing "abandoned

6   and undisclosed" damages theories.

7       Even assuming that the Grand Parties' ability to pursue emotional damages was

8   not top of mind at the time of MGA's original motion *in limine*, they would certainly

9   have been put on notice when the Grand Parties argued that emotional damages were

10  disclosed (and pointed to the supporting evidentiary disclosures on the record) in its

11  opposition to MGA's motion. Yet MGA's reply does not address or mention emotional

12  damages at all, essentially waiving the right.

13      MGA will not be unfairly prejudiced by the Grand Parties' presentation of

14  evidence in support of emotional damages when it was willfully blind a theory of

15  damages that was already disclosed and could have investigated months earlier. *See*

16  *Wyatt Technology Corp. v. Malvern Investments, Inc.*, 2010 WL 11505684, *14-16

17  (C.D. Cal. Jan. 25, 2010) (even where party failed to supplement disclosures or

18  discovery responses after promising to do so, declining to exclude any damages or

19  evidence where theories disclosed "throughout the discovery process" and thus no

20  prejudice to the moving party); *E.& J. Gallo Winery v. Strategic Materials, Inc.*, 2019

21  WL 3729811, at *5 (E.D. Cal. Aug. 8, 2019) (denying sanctions excluding damages

22  theory which was not sufficiently disclosed under Rule 26 where other "testimony

23  provided some meaningful notice" of the damages theory.).

24  **III.   CONCLUSION**

25      MGA's extreme *ex parte* application and its request for the Court to exclude

26  evidence of damages for emotional damages at trial should be denied.

27

28

1 | Dated:  January 13, 2023          WINSTON & STRAWN LLP

2

3                                                By:/s/*Erin R. Ranahan*
                                                      Erin R. Ranahan

4                                                *Attorneys for Defendants*
                                                *CLIFFORD "T.I." HARRIS, TAMEKA*
5                                                *"TINY" HARRIS, OMG GIRLZ LLC, and*
                                                *Counter-Claimants GRAND HUSTLE,*
6                                                *LLC, PRETTY HUSTLE, LLC and OMG*
                                                *GIRLZ LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

## United States District Court for the Central District of California

## CASE NO. 2:20-CV-11548-JVS-AGR

I am a resident of the State of California, employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is 333 S. Grand Avenue, Los Angeles, CA 90071.

On November 28, 2022, I served on the interested parties in this action the within document(s) entitled: Defendants'/Counter-claimants' *Ex parte* Application.

[ X ] **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

[ ] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mark A. Finkelstein, mfinkelstein@umbergzipser.com Umberg Zipser LLP 1920 Main Street, Suite 750 Irvine, CA 92614 | Laurence Cheng Laurence.cheng@mgae.com Elizabeth Lachman ELachman@mgae.com MGAE Entertainment, Inc. 9220 Winnetka Avenue Chatsworth, California 91311 |
| KELLER / ANDERLE LLP Jennifer L. Keller jkeller@kelleranderle.com Chase A. Scolnick cscolnick@kelleranderle.com | |

THE GRAND PARTIES' OPPOSITION TO *EX PARTE* APPLICATION

| Jay P. Barron<br>jbarron@kelleranderle.com<br>18300 Von Karman Avenue, Suite 930<br>Irvine, California 92612 Telephone:<br>(949) 476-8700 | |

I declare under penalty of perjury, under the laws of the United States that the above is true and correct. Executed on January 13, 2023 at Newport Beach, California.

By: /s/ *Erin R. Ranahan*

Erin R. Ranahan