| | |
|---|---|
| 1 | KELLER / ANDERLE LLP |
| 2 | Jennifer L. Keller (SBN 84412)<br>jkeller@kelleranderle.com |
| 3 | Chase A. Scolnick (SBN 227631)<br>cscolnick@kelleranderle.com |
| 4 | Jay P. Barron (SBN 245654)<br>jbarron@kelleranderle.com |
| 5 | 18300 Von Karman Ave., Ste. 930<br>Irvine, California 92612 |
| 6 | Telephone: (949) 476-8700 |

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, CA 91311
Telephone: (818) 894-2525

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS AND COUNTER-CLAIMANTS' OFFER OF PROOF REGARDING THE APOLLO THEATER VIDEO**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: January 17, 2023 |

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{248455.1}                                                Case No. 2:20-cv-11548-JVS-AGR
                                          MGA'S OPP'N TO COUNTER-CLS.' OFFER OF
                                          PROOF RE APOLLO THEATER VIDEO

MGA hereby opposes Counter-Claimants' Offer of Proof, which seeks to introduce a video showing fans at the Apollo Theater being interviewed regarding what they like about the OMG Girlz.

## I. THE COURT ALREADY EXCLUDED THE VIDEO BASED ON COUNTER-CLAIMANTS' FAILURE TO DISCLOSE IT TIMELY

Counter-Claimants admit that the Apollo video is "publicly available." But this video is not on the exhibit list, and was not produced to MGA until Thursday, January 19, 2023—two days *after* trial began. Offer of Proof, at 2:4-7.

Counter-Claimants could have, and should have, produced this video before discovery closed, or at least before the final trial exhibits were exchanged and the final exhibit list was filed with the Court. While Counter-Claimants argue that they located this video after the start of trial, they fail to explain why it could not have been located—and produced—months earlier. The Court, thus, already correctly excluded the Apollo video on this basis:

> THE COURT: If you didn't produce it until yesterday, it's out.
>
> MS. WESTMORELAND: It was two ago, Your Honor. We were hoping --
>
> THE COURT: If you didn't produced it until two days ago, it's out.

Trial Day 4 A.M. (rough transcript), at 5:11-17.

Counter-Claimants provide no justification for the Court to reconsider its ruling. Instead, they attempt to claim that the video is "relevant." But that does not justify their failure to identify—and produce—the video during discovery. To be sure, Counter-Claimants' arguments of relevance only reinforce the Court's ruling that the video is properly excluded because it should have been produced sooner.

## II. THE VIDEO IS NOT REBUTTAL EVIDENCE REGARDING AMATUER NIGHT

Counter-Claimants argue the video is rebuttal evidence regarding whether the OMG Girlz performed at the Apollo Theater during "amateur night." Counter-Claimants cannot introduce new testimony to "rebut" the testimony given by their own witnesses. Further, Ms. Pullins testified that she did, in fact, perform at amateur night at the Apollo in December 2012 (Offer of Proof, at 3:21-22), and the Apollo video does *not* rebut this fact. As the Court will recall, the video itself had a caption that says it was amateur night. *See also* Trial Day 4 A.M. (rough transcript), at 5:5-9.

Not being able the argue the video is rebuttal of their own client's testimony regarding "amateur night," Counter-Claimants instead argue that, without the video, "the cultural significance of this performance may be lost on the jury," since the "Apollo has been a cultural hub for Black Americans for nearly a century and continues to be an important venue for showcasing African American culture and talent." Offer of Proof, at 4:13-20.

Nobody ever testified that the Apollo is *not* a culturally important venue for African Americans. Thus, there is no contrary testimony for the video to "rebut."

## III. THE VIDEO IS NOT REBUTTAL EVIDENCE REGARDING HEADLINING A TOUR

Next, Counter-Claimants argue that the video can rebut cross-examination questions that the OMG Girlz never headlined a tour. Once again, that is not proper rebuttal evidence. Moreover, while the video may show a crowd for the event, the video does *not* show that the OMG Girlz headlined a tour. And if Counter-Claimants believe the OMG Girlz did actually headline a tour (for which there is no evidence), then they could have elicited that testimony during direct, or re-direct, examination of their witnesses, including Ms. Pullins. There is no basis to introduce a video as purported rebuttal testimony regarding the OMG Girlz

headlining a tour, particularly given that the video does not show them headlining a tour.

## IV. THE VIDEO CONTAINS INADMISSIBLE HEARSAY AND IS PREJUCIDIAL (RULE 403)

As their final argument, Counter-Claimants assert that "statements made by fans during the video is probative of the OMG Girlz' inherent distinctiveness and secondary meaning." Offer of Proof, at 5:18-19. But Counter-Claimants should not be able to disclose for the first time—during trial—a video that they want to use as affirmative evidence. Moreover, the video's alleged "relevance" consists of inadmissible hearsay.

After extensive briefing at summary judgment, the Court *rejected* the notion that the OMG Girlz' trade dress can be inherently distinctive. See MSJ Order, Dkt. No. 326, at p. 9 (ruling that, to prove trade dress infringement, Counter-Claimants must demonstrate, *inter alia*, "the trade dress has acquired secondary meaning."). While direct testimony from consumers can be probative of secondary meaning, Counter-Claimants instead seek to introduce hearsay statements made in response to questions posed by someone covering the concert. No hearsay exception applies.

Counter-Claimants cite cases saying that survey evidence and testimony of consumer *confusion* is not being offered for the truth, but here Counter-Claimants are not seeking to introduce confusion testimony.[1] Instead, Counter-Claimants want the Court to admit, as evidence, out of court testimony from people claiming to be describing why they like the OMG Girlz. Then, Counter-Claimants want to use that testimony to argue that people like the OMG Girlz based on their

---

[1] Even as to consumer confusion evidence, for which this is not, Counter-Claimants' authority confirms there is circuit court disagreement regarding whether such evidence is inadmissible hearsay. *CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051, 1074 (E.D. Cal. 2009), aff'd, 348 F. App'x 288 (9th Cir. 2009) ("The Ninth Circuit has not specifically addressed the issue, and the circuit courts are split with respect to whether employee testimony regarding consumer confusion is hearsay.").

{248455.1}                                3

"distinctive" style. That is, Counter-Claimants seek to offer out of court testimony for its truth. Such testimony is hearsay and inadmissible.

To be sure, there is no way to know whether the fans are telling the truth, or whether they are simply saying what they believe the questioner wants to hear, perhaps in order to be included in a video that is going to be published on the Internet.

Finally, to the extent there is a modicum of relevance to the video, it is far outweighed by the prejudice. A video purporting to show why a select and curated group of a handful of fans "love and adore" the OMG Girlz is highly prejudicial.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, the Court should not reconsider its ruling excluding the Apollo video.

Dated: January 23, 2023

UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian