| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | KELLER / ANDERLE LLP<br>Jennifer L. Keller (SBN 84412)<br>jkeller@kelleranderle.com<br>Chase A. Scolnick (SBN 227631)<br>cscolnick@kelleranderle.com<br>Jay P. Barron (SBN 245654)<br>jbarron@kelleranderle.com<br>18300 Von Karman Ave., Ste. 930<br>Irvine, California 92612<br>Telephone: (949) 476-8700 |
| 7<br>8<br>9<br>10<br>11 | UMBERG ZIPSER LLP<br>Mark A. Finkelstein (SBN 173851)<br>mfinkelstein@umbergzipser.com<br>1920 Main Street, Suite 750<br>Irvine, CA 92614<br>Telephone: (949) 679-0052<br><br>Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian |
| | MGA ENTERTAINMENT, INC.<br>Elizabeth Lachman (SBN 261644)<br>ELachman@mgae.com<br>Laurence Cheng (SBN 306299)<br>Laurence.cheng@mgae.com<br>9220 Winnetka Avenue<br>Chatsworth, CA 91311<br>Telephone: (818) 894-2525 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>      Plaintiff,<br>vs.<br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>      Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>      Counter-Claimants,<br>vs.<br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>      Counter-Defendants. | | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS AND COUNTER-CLAIMANTS' OFFER OF PROOF REGARDING CHELSEA GREEN**<br><br><br>Complaint Filed: December 20, 2020<br>Trial Date: January 17, 2023 |

MGA hereby opposes Counter-Claimants' Offer of Proof (Dkt. No. 559), which seeks to call Chelsea Green as a live witness.

## I. MS. GREEN WAS NOT ON COUNTER-CLAIMANTS' FIRST TWO WITNESS LISTS AND NO GOOD CAUSE WAS SHOWN AS TO HER OMISSION

Local Rule 16-5 requires the parties to serve and file a witness list "at the same time as the Memorandum of Contentions of Fact and Law." That list must provide the names of the witnesses that the parties "may present at trial other than solely for impeachment." *Id*.; Fed. R. Civ. P. 26(a)(3)(A)(i).

On May 31, 2022, prior to the June 21, 2022 trial date in this action, Counter-Claimants filed their witness list. Dkt. No. 231. That witness list disclosed 29 potential witnesses. Ms. Green was not one of them.

When this trial was continued, Counter-Claimants filed another witness list on November 15, 2022. Dkt. No. 361. This time, Counter-Claimants disclosed 33 potential witnesses. Once again, Ms. Green was not included. Indeed, Ms. Green was not added to Counter-Claimants' witness list until six days before trial—far past the deadline. Dkt. No. 497.

This Court Ordered, in the Final Pretrial Conference Order, that "Only the witnesses identified in the lists [Dkt. Nos. 223, 231] will be permitted to testify (other than solely for impeachment or rebuttal)." Dkt. No. 492, at 26:10-13. Ms. Green is not being offered for impeachment or rebuttal and, thus, she should be excluded. *See also* Trial Transcript, Vol. 1 A.M. at 66:23-67:1 ("Well, I think it's too late to introduce new witnesses that aren't on your original witness list unless there is good cause. I mean, that's what the pretrial conference order contemplates.").

Counter-Claimants have not established any "good cause" for Ms. Green to testify, or why she was omitted from their witness lists. Instead, Counter-Claimants assert that Ms. Green was "inadvertently" omitted from their witness lists. Offer of

Proof, at 1:13.  But no evidence, or even argument, was supplied to support this naked conclusion by counsel.  Thus, no "good cause" has been shown.

Counter-Claimants argue that MGA would not be prejudiced by the late disclosure of Ms. Green because she was deposed and was designated 48 hours in advance of her scheduled testimony.  Offer of Proof, at 1:14-17.  The Ninth Circuit, however, has held that "claims of relevance and lack of prejudice are insufficient" to justify calling witnesses that were not included on a witness list.  *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1471 (9th Cir. 1992).

Because Ms. Green was not on the witness list identified by this Court in its Final Pretrial Conference Order, and because Counter-Claimants do not offer any "good cause" to depart from that Order, Ms. Green should be excluded from trial.

## II. MS. GREEN'S TESTIMONY WOULD BE CUMULATIVE

Counter-Claimants state that they will offer testimony from Ms. Green as to "MGA's policy and procedures regarding intellectual property, marketing strategy to consumers, and design document preservation."  Offer of Proof, at 1:2-6.  All of this testimony would be cumulative.

Indeed, Ms. Green did not become the creative director for L.O.L. Surprise! until 2021—long after the L.O.L. Surprise! O.M.G. dolls were launched and after this lawsuit was filed.  There are many other people on Counter-Claimants' witness list who can testify as to intellectual property, marketing strategy, and design document preservation during the relevant time period.  Counter-Claimants have offered nothing to explain why Ms. Green's testimony is required.

While Counter-Claimants point out that Ms. Green was "a participant on a 2019 email thread" regarding the OMG Girlz (Offer of Proof, at 1:10-12), Ms. Moshe and Ms. Consorti—both of whom were on Counter-Claimants' witness list—were also on that thread.  Thus, Ms. Green's testimony is not needed in order for Counter-Claimants to explore that email at trial.

Because Ms. Green's testimony would be cumulative, that further shows

there is no "good cause" to have Ms. Green testify, as her testimony should be excluded under Rule 403.

### III. CONCLUSION

Accordingly, and for the foregoing reasons, the Court should exclude Ms. Green from testifying at trial.

Dated: January 24, 2023

UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian