| | |
|---|---|
| 1  David C. Scheper (SBN: 120174)<br>    DScheper@winston.com<br>2  Erin R. Ranahan (SBN: 235286)<br>    eranahan@winston.com<br>3  Jiepu (Bobby) Li (SBN: 342224)<br>    BLi@winston.com<br>4  WINSTON & STRAWN LLP<br>    333 S. Grand Avenue<br>5  Los Angeles, CA 90071-1543<br>    Telephone: (213) 615-1700 | Chante B. Westmoreland (*pro hac vice*)<br>cwestmoreland@sheppardmullin.com<br>Sheppard Mullin Richter Hampton LLP<br>700 Louisiana Street, Suite 2750<br>Houston, TX 77002<br>Telephone: 713-431-7100 |

Cesie C. Alvarez (*pro hac vice*)
calvarez@winston.com
WINSTON & STRAWN LLP
101 California St.
San Francisco, CA 94111
Telephone: (415) 591-1000

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and
*Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>    Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>    Counter-Claimants,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>    Counter-Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' OPPOSITION TO MGA'S MISTRIAL MEMORANDUM**<br><br>Complaint Filed: December 20, 2020<br>**TRIAL DATE: JANUARY 17, 2023 AT 9:00 A.M.** |

## I.   Introduction

The Grand Parties hereby file their opposition to the oral motion for mistrial and supporting brief filed early this morning by MGA, wherein MGA sought to seek a mistrial on two separate grounds to which they waived their objections. While the Court has already granted the Motion before the Grand Parties had any opportunity to file a brief in opposition to it, the Grand Parties seek to set the record straight about the history and the context in which this issue arose. The video deposition testimony from confused consumer Moniece Campbell was not objected to on the grounds that it violated a motion *in limine* regarding cultural appropriation in the context of the designations, despite numerous other objections raised by MGA that the Court found were "excessive," "rote," and "numbing." The Court overruled those objections. To the extent the process was rushed, this was in part due to MGA objecting to the prior two live witnesses that the Grand Parties intended to call—namely Breaunna Womack and Mr. Clifford "T.I." Harris, and refusing to meet and confer about the designations despite weeks of the Grand Parties attempting to have these discussions. Having delayed and refused any meet and confer with respect to the specific deposition designations over the past two months, and despite having the passages designated since December, MGA failed to even raise the objection in the context of the exchange, and failed to make the objection prior to the ruling or during the testimony, despite having access to the transcripts to which they were reviewing and following along. The Grand Parties also respectfully submit that the jury would not have been irreparably prejudiced by the statement, as it is a statement of the state of mind of one consumer that should have been permitted with a limiting instruction. The notion that the statement at issue was irreparably inflammatory in the same trial that MGA's counsel was free to repeatedly invoke the "n" word while questioning the Grand Parties Black witnesses is inequitable. As the Grand Parties were denied the opportunity to be heard on this issue before the Court ruled and disagree that the only cure was a mistrial that is at great expense to the parties and the Court, the Grand Parties hereby submit this opposition for the record.

## II. Background

One of the many confused consumer witnesses, Moniece Campbell, was disclosed to MGA as a witness whose testimony would be via video deposition as she lives outside of the Court's subpoena power. To that end, the Grand Parties first served their initial deposition designations on December 22, 2022. *See* Declaration of Cesie C. Alvarez at 2. MGA provided its counter-designations on January 9, 2023. *See* Declaration of Chante Westmoreland. Shortly thereafter, on January 11, 2023, the Court ruled on MGA's Motion *in Limine* No. 3 on cultural appropriation after the Grand Parties' claims on cultural appropriation were removed from the case. ECF 502. In the briefing, the Grand Parties argued that there may be testimony that could imply issues of cultural appropriation. The Court instructed that if there was "any doubt" that testimony may "run afoul of the Court's rulings, counsel shall raise the issue in advance outside the presence of the jury." ECF 502. On more than one occasion, the Grand Parties offered to meet and confer over the Grand Parties' amended designations given that MGA lodged hundreds of objections in response. *See* Westmoreland Decl., 6. MGA's counsel stated that they could not meet and confer until received a chart showing what had been changed between the Grand Parties initial designations and the amended ones. *See* Westmoreland Decl., 6. On January 17, 2023, following the Court's restriction on pages of deposition testimony allowed at trial, the Grand Parties again reduced the designations for Ms. Campbell and promptly served them on MGA. *See* Alvarez Decl. MGA provided its counter-designations in response on January 22, 2023. MGA made over 105 objections to the Grand Parties' designations, 5 days later. *See* Alvarez Decl., at Exhibit D.

Every iteration of Ms. Campbell's designations contained the four lines of text (147:14-18) for which MGA now claims warrant a mistrial. Notably, the testimony at issue that MGA claims violates the Court's ruling is just four lines of text within a designation of 23 lines in which a third-party witness provides her reasoning as to why she personally will never purchase another OMG Doll again.

Though MGA's January 22, 2023, counter-designations objected that three *other* designations violated the Court's ruling on Motion *in Limine* No. 3, MGA did not object to the designation at issue on the same basis. *See* ECF 540. MGA did in fact make objections to the designation at issue but on six other grounds: that the designation was non-responsive, lacked foundation, was speculative, was a legal conclusion, was unfairly prejudicial, was incomplete, and was argumentative. *See id.* The Court overruled each of MGA's objections to the designation at issue and the Grand Parties accordingly followed the Court's guidance and proceeded with the designation as made. *See* ECF No. 558 at 39.

Ms. Campbell's testimony was played at trial in accordance with the Court's ruling on MGA's objections. The portions of the testimony at issue were played and MGA requested a sidebar 18 minutes later, after the entire designation video ended. MGA argued at sidebar that it made the objection to the testimony, but as the designation chart clearly shows (ECF 54), no such objection was made. MGA then misrepresented that a separate, undesignated section of the deposition testimony was played, which was also proven to be incorrect. MGA requested a mistrial for the 4 lines of testimony played and the Court, after reviewing the objections and rulings, issued a special jury instruction addressing the issue.[1]

Notably, MGA designated testimony within Maxine Wagner's testimony that similarly violated the Grand Parties' Motion *in Limine* No. 3 as it not only discussed the witness' prior criminal convictions but also raised Clifford Harris's. The Grand Parties objected to the testimony on the grounds that the designation was a clear violation of the Court's ruling, which the Court sustained, but it does not change the fact that MGA made the designation.[2] *See e.g.,* ECF 557 at 9-11.

---

[1] We respect the Court's ruling on the record this morning, and offer this opposition at the invitation of the Court.

[2] The Court's ruling stated that if MGA wanted to pursue Mr. Harris' felony conviction or other crimes, it had to file an application to do so. No application was filed.

### III. Argument

#### a. MGA's Failure to Raise Timely Objections and Failure to Timely Move for Mistrial Has Resulted in Waiver

MGA has waived its objections to the designated deposition testimony by failing to make objections in their counter-designations. *Chaudhry v. Angell*, No. 173-182, 2021 WL 4461667, at *8 (E.D. Cal. Sept. 29, 2021) (excluding party's arguments in deposition designations and objections which were not timely raised under the Court's order governing deposition designations). MGA first received the designations for third party witness Moniece Campbell on December 22, 2022, including the portions at issue which MGA claims to be prejudicial. MGA again received amended deposition designations on January 17, 2023 which included those same excerpts. MGA never raised this objection to the passages at issue, despite raising the specific objection on other portions of designated testimony in the same transcript. *See Henderson v. Peterson*, No. C 07-2838 SBA PR, 2011 WL 2838169, at *13 (N.D. Cal. July 15, 2011) ("Court finds that Defendants have waived any challenge to Plaintiff's objections by failing to respond to those objections."). MGA's failure to raise objections should result in waiver.[3] *See Burch v. Regents of Univ. of Cal.*, 433 F.Supp.2d 1110, 1123 (E.D.Cal. 2006) (sustaining defendants' evidentiary objections where plaintiff failed to respond substantively to the objections); *Harbert v. Priebe*, 466 F.Supp.2d 1214, 1217 (N.D.Cal. 2006) ("Plaintiffs' failure to respond to [the evidentiary objections] would justify sustaining the objections").

Then, MGA again waived its objections by failing to raise any objections at the time the video was played to the jury. An objection is timely only if it is raised when

---

[3] Waiver may also result from the fact that the irregularity was committed at the party's own instance, the fact that the party has been guilty of the same irregularity, or the fact that the party has done some act recognizing the validity of the proceedings. *Arnold v. Heffner*, 330 S.W.2d 943 (Ky. 1959); *Halperin v. Hot Springs St. Ry. Co.*, 227 Ark. 910, 302 S.W.2d 535 (1957). Here, MGA's proposed designations for Mr. Harris and Ms. Wagner included numerous references to irrelevant and prejudicial criminal records in violation of the Court's ruling regarding the Grand Parties' Motion *in Limine* No. 3 excluding evidence of all criminal conduct.

4

the evidence is first presented." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3654285, at *2 (D. Nev. July 5, 2016) (failure to timely object to the introduction of an exhibit during deposition waived privilege). Similarly, "[a] motion for mistrial must be made at the first opportunity and if not timely made is waived." 88 C.J.S. Trial § 108 (listing cases). MGA had an opportunity to object to the testimony at issue at the time the portion of video was played, but MGA counsel did not request a sidebar until 18 minutes later, after the entire designated video for Ms. Campbell had been played.

### b. Even If Not Waived, The Complained Of Testimony Does Not Meet The Standard For A Mistrial

The federal courts are uniform in finding that mistrial is a drastic sanction. *See United States v. Martinez*, 455 F.3d 1127, 1130 (10th Cir. 2006) (citing *United States v. Ortiz-Arrigortia*, 996 F.2d 436, 442 (1st Cir. 1993), *Saville v. United States*, 400 F.3d 297, 400 (1st Cir. 1968). A new trial should only be granted where the "'flavor of misconduct ... sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" Kehr v. Smith Barney, 736 F.2d 1283, 1286 (9th Cir. 1984) (quoting *Standard Oil Co. of California v. Perkins*, 347 F.2d 379, 388 (9th Cir. 1965)).

The complained-of testimony here does not rise to the level of "permeation" warranting a mistrial. The testimony by Ms. Campbell consisted of 4 lines out of 23 total lines of designated testimony. *See* ECF 540. In *Rippey v. Dopp*, 19 F. App'x 702, 703 (9th Cir. 2001), the Ninth Circuit upheld the lower court's denial of a motion for a mistrial where defense counsel violated a motion *in limine* order during closing argument. The circuit court found it significant that the "district court gave adequate curative instructions" following the defendant's statement. *See id.*; *see also United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) ("Ordinarily, cautionary instructions ... are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions.").

*B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1096 (9th Cir. 2002), as

amended (Feb. 20, 2002) is entirely inapplicable. There, incessant questioning occurred of a Plaintiff's sexual habits, purported preferences, and past history of sexual abuse and the violation was of Federal Rule of Evidence 412, which forbode the admission of evidence of an alleged victim's "sexual behavior" or "predisposition." Here, there has been nothing of the sort and 4 lines of text that were not objected to cannot be compared to grueling questions of a victim's sexual history.

Not only did MGA have over 2 weeks to object to this line of testimony on the grounds that it violated a motion *in limine*, MGA sat quietly for nearly 20 minutes after the testimony at issue was played. They did not object during the video; they did not seek a curative jury instruction. Had MGA truly been prejudiced, it would have logically raised the matter immediately. The Court need not impose the draconian remedy of a mistrial and should instead give a curative instruction to the jury as the Court proposed.

### c. Race Cannot be Eradicated from the Case and Counsel's Racist Behavior Brought it to the Forefront

The Court's ruling on MGA's Motion *in Limine* No. 3 concerned prohibited allegations of cultural appropriation and racism, but did not eradicate race from the case. The racial disparities between the parties are obvious and were further brought to the juries' attention by how MGA's counsel treated our clients.

With the first witness who took the stand, MGA's counsel tried to weaponize a term, the "N-word," that the black community has fought so hard to gain control over. January 19, 2023 Trial Transcript. The black community has changed the narrative surrounding the word from one that evoked disgust and disdain to now a meaning that evokes friendship and commonality. MGA's counsel, Ms. Jennifer Keller, used the word more than 15 times in open court. Though she apologized each time, the use was superfluous, unrelated to the claims in the case, and her use evolved from one with a soft "a" at the end to one with a hard "er," which significantly changes its effect. This occurred after Ms. Keller also tried to weaponize Ms. Zonnique Pullins' use of a middle finger in a photograph unrelated to any claims in the case. Ms. Pullins used the gesture

as she has in numerous photographs she has taken of herself. To her it is merely a pose. Ms. Keller used it differently, raising her arm into the air, directing the gesture at Ms. Pullins on the witness stand – she used the gesture to evoke hate and sensationalize an innocent pose. Later in the trial, MGA's counsel quipped that the "selective" clips shown in Court of the Harrises' hit show, TI & Tiny: The Family Hustle, erroneously portrayed them as an "all American family" (as if, they could *not* fit into this definition).

Counsel provided reasons for each action, but as a whole, it was a very real attack with an undercurrent of racism. Jurors could not ignore that white counsel was repeating the N-word at a black witness, flipping her off, and scoffing at the suggestion that her family was "all American." So when a third party witness innocently testified what motivated her decision to stop purchasing the OMG Dolls, the groundwork of racism had already been laid – not by the Grand Parties – but by MGA's counsel.

### d. The Grand Parties Believe that the Court's Proposed Curative Instruction is Sufficient to Cure Any Alleged Prejudice

The Court circulated a draft curative instruction on the afternoon of January 24. The Grand Parties believe it to be sufficient, with one minor edit to explain that the focus of the case is on ***both*** trade dress and misappropriation of likeness.

### IV. Conclusion

Based on the foregoing, the Grand Parties respectfully submit that a mistrial is not warranted. The Grand Parties welcome the Court's special instruction with the minor addition of including a mention of their misappropriation claim.

Dated: January 25, 2023  WINSTON & STRAWN LLP
By: */s/ Erin Ranahan*
Erin R. Ranahan

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# CERTIFICATE OF SERVICE

## United States District Court for the Central District of California

## CASE NO. 2:20-CV-11548-JVS-AGR

I am a resident of the State of California, employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is 333 S. Grand Avenue, Los Angeles, CA 90071. On January 25, 2022, I served on the interested parties in this action the within document(s) entitled: Defendants'/Counterclaimants' Opposition to Memorandum for Mistrial.

[ X ] **BY EMAIL:** The document was sent electronically to each of the individuals at the email addresses(es) indicated on the attached service list, pursuant to C.C.P. Section 1010.6 and C.R.C. Rules 2.256 and 2.251. The transmission as made with no error reported.

[ ] **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Mark A. Finkelstein,<br>mfinkelstein@umbergzipser.com<br>Umberg Zipser LLP<br>1920 Main Street, Suite 750<br>Irvine, CA 92614 | Laurence Cheng<br>Laurence.cheng@mgae.com<br>Elizabeth Lachman<br>ELachman@mgae.com<br>MGAE Entertainment, Inc.<br>9220 Winnetka Avenue<br>Chatsworth, California 91311 |
| KELLER / ANDERLE LLP<br>Jennifer L. Keller<br>jkeller@kelleranderle.com<br>Chase A. Scolnick<br>cscolnick@kelleranderle.com | |

| Jay P. Barron<br>jbarron@kelleranderle.com<br>18300 Von Karman Avenue, Suite 930<br>Irvine, California 92612 Telephone:<br>(949) 476-8700 | |

I declare under penalty of perjury, under the laws of the United States that the above is true and correct. Executed on January 25, 2023 at Newport Beach, California.

By: /s/ *Erin R. Ranahan*
Erin R. Ranahan