KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>　　　　Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>　　　　Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>　　　　Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' REPLY IN SUPPORT OF MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: January 17, 2023 |

MGA must regrettably file this reply to correct Erin Ranahan's continued misrepresentations in filings with this Court. Yesterday morning, the Court ruled on MGA's mistrial motion based on Counter-Claimants' playing prohibited, inflammatory cultural appropriation testimony in front of the jury in direct violation of the Court's order on Motion *in Limine* No. 3. Nearly twelve hours after the Court issued its order, and just hours after representing to the Court they would not make this case a "race fight," Counter-Claimants filed their purported opposition, signed by Ms. Ranahan. Ostensibly, the first five-and-a-half pages assert the legal basis why Counter-Claimants believe a mistrial was not necessary. MGA disputes those legal arguments. But this Reply brief is not about those pages.

Rather, this response is directed to Counter-Claimants' grossly inappropriate, false, and inflammatory statements on pages 6-7, accusing MGA's counsel, Jennifer Keller, of being racist. (*See* Opp'n at 6:13-7:12.) The Court has already ruled on the mistrial motion; the jury has been discharged. This portion of Counter-Claimants' brief was not included for a legitimate purpose. It does not respond to any of the arguments made in MGA's motion, is not tethered to a legal principle nor cites a single case, and, most importantly, it ignores that Counter-Claimants' unequivocally violated this Court's Motion *in Limine* No. 3 order. Ms. Ranahan included these portions in a public filing with the Court solely to smear Ms. Keller by falsely accusing her of being a racist, in the hopes that it would (like much else in this trial) be disseminated on social media.[1]  *See, e.g.*, https://news.bloomberglaw.com/ip-law/omg-dolls-t-i-dispute-gets-mistrial-over-cultural-appropriation (last visited Jan. 26, 2023). Once again, Ms. Ranahan's tactics betray her true goal, however: to win

---

[1] Indeed, within an hour of filing their Opposition, one of the reporters who has covered the trial, Meghann Cuniff, already published the Opposition brief and extensive portions of the transcript to her Twitter account, focusing entirely on the allegations of racism in pages 6-7. *See* M. Cuniff Twitter Post at 8:08 P.M. Available at https://twitter.com/meghanncuniff/status/1618458489323687936 (last visited Jan. 26, 2023).

1

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL

by stoking the fires of racial division and make this case about Black vs. White. Indeed, just hours before Ms. Ranahan's filing, Counter-Claimants assured the Court that—because they and the Court recognized "race is the most inflammatory issue in this case"—Counter-Claimants' were "certainly not going to make it a race fight." (RT 1/25/23 AM Tr. at 16:1-13.) Ms. Ranahan's filing just hours later puts the lie to their representation to this Court.

The Court already ordered a mistrial because Counter-Claimants' injected these issues into the trial through Ms. Campbell's testimony.[2] Rather than accept the ruling and move forward, Ms. Ranahan tries to deflect the focus from her role in the conduct causing the mistrial by trying to destroy with false, unwarranted, scandalous attacks the sterling reputation Ms. Keller has spent 45 years establishing.

These attacks are more insidious than they first appear and directly affect the Court's administration of justice. This case is proceeding to a retrial, with a jury to be drawn from the community. Ms. Ranahan's filing is an attempt to use the Court's ECF system to issue disguised press releases that will be picked up by both mainstream and social media, including Southern California legal industry reporters, and widely disseminated, in hopes of tainting the jury pool for the upcoming retrial.[3] Both sides are entitled to a fair trial based on the merits of their claims and defenses; this filing corrupts that process.

Ms. Ranahan's false and abusive filing violates the California Rules of Professional Conduct, the Federal Rules of Civil Procedure, the Central District's

---

[2] Tellingly, nowhere in their brief do Counter-Claimants assert their violation of the Court's ruling on Motion *in Limine* No. 3 (or the other orders regarding social media postings) was *un*intentional. Rather, they expound on the deliberate nature of their designations, confirming that their inclusion of Ms. Campbell's cultural appropriation and social media testimony was deliberate.

[3] *See, e.g.*, Fn. 1, *supra*. In just 14 hours, Ms. Cuniff's "Tweet" about Ms. Ranahan's Opposition has been viewed over 6,000 times (not including the more than 10,000 views for the related Tweets about the filing).

1  Local Rules, and basic tenets of professionalism.  *See* Fed. R. Civ. P. 11(b)(1); Cal.
2  Rule of Prof. Conduct 3.3(a)(3) (candor towards tribunal); L.R. 83-3.1, 83-3.1.2
3  (incorporating California's Rules of Professional Conduct).  MGA must now,
4  reluctantly, request the Court invoke its Rule 11(c)(3) authority and order Ms.
5  Ranahan to show cause why she should not be sanctioned for submitting a filing for
6  improper purposes that contains false, horrific, and abusive accusations against a
7  well-respected member of the Southern California legal community.

8      Ms. Ranahan's recitation of MGA's trial tactics in the Opposition could not be
9  further from the truth.  This Court saw the testimony firsthand, along with MGA's
10 counsel's trial conduct.  Counter-Claimants' primary theme for the case was that T.I.
11 Harris and Ms. Harris created the O.M.G. Girlz, which MGA then copied for their
12 O.M.G. dolls to capitalize on any popularity the Harris's group may have had.  In
13 support of its theory, Counter-Claimants elicited testimony and played numerous
14 videos painting the O.M.G. Girlz and the Harris family in a misleading, sanitized
15 light. MGA rightly attempted to correct the record during Ms. Pullins' examination
16 by questioning her about her offensive song lyrics and the public statements she chose
17 to post to her millions of followers.  To that end, Ms. Keller had *to quote Ms. Pullins'*
18 *own* horribly profane lyrics, which include her frequent use of the "n" word and



26 various other expletives.[4]  Contrary to the image she portrayed on the stand, Mr.

---

[4] Ms. Ranahan's filing inadvertently supports MGA's line of questioning.  If Ms.

3

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL

Pullins has created a public persona based on her lyrics and demeanor; whether this persona—and the lyrics buttressing it—are compatible with a toy marketed to young children is, therefore, a direct rebuttal to Counter-Claimants' theme at trial. Similarly, these lyrics present a different side to Ms. Harris and Counter-Claimants from the carefully selected and curated clips they showed to the jury to try to present them in a particular light. The Court saw firsthand that this was the way in which the cross-examination of Ms. Pullins and Ms. Harris proceeded. Ms. Ranahan's reprehensible attempt to distort legitimate cross examination rebutting Counter-Claimants' core trial theory into accusations of racism are—like Magistrate Judge Rosenberg said of Ms. Ranahan's deposition misconduct—"beyond the pale."

This was, however, not the only lie from Ms. Ranahan about MGA's counsel's conduct in the Opposition. The Court will likely recall how, shortly after completing her direct testimony for the day, Ms. Pullins published postings on her Instagram account that included a photo of her "flipping off" the courthouse just down the hall from the courtroom. Counter-Claimants' sought to use those postings to juxtapose Ms. Pullins's trial demeanor with her demeanor the moment she was outside the presence of the jury. MGA's counsel copied Ms. Pullins's gestures to demonstrate to the jury what Ms. Pullins had done, since Ms. Pullins's postings themselves were not in evidence. As the Court saw, the gesture was never "direct[ed]..at Ms. Pullins on the witness stand" and was certainly *never used* "to evoke hate." Beyond being false, Ms. Ranahan's accusations are morally bankrupt.

Ms. Ranahan's allegations against MGA's counsel are not based on fact, but are instead designed to shock, deflect, and draw attention away from her own misconduct at trial. During trial, Ms. Ranahan also showed disrespect for the Court itself, repeatedly second-guessing the Court's rulings and trying to introduce

---

Pullins' lyrics are as racist and offensive as Ms. Ranahan now claims in her filing, it makes it exceedingly unlikely MGA would want to copy Ms. Pullins' "brand" when designing a toy to be marketed to young children.

4

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL

evidence expressly excluded by the Court. This time, after the Court ordered a mistrial because Ms. Ranahan played testimony in front of the jury that directly violated the Court's Motion in *Limine* ruling, Ms. Ranahan doubled down, making false, misleading, and racially provocative allegations in a Court filing submitted *after the Court had already ruled,* for the sole purpose of denigrating MGA's counsel in the press and on social media. The Court has already seen similar misrepresentations and misconduct from Ms. Ranahan firsthand, and, just moments ago, issued a sealed ruling on its pending sanctions order for her other misconduct.[5] Dkt. No. 571. Apparently, the then-impending entry of a sanctions order and repeated admonitions from the Court were not sufficient to deter her continued misconduct.

Regardless of the Court's recent decision on the deferred sanctions order, the Court is still left with how to respond to the patently false, reprehensible allegations Ms. Ranahan leveled in her Opposition. Courts across the country agree these types of allegations are a prototypical example of scandalous filing deserving of Rule 11 sanctions, and which should be stricken under Rule 12(f). *See, e.g.*, *Valle v. Karagounis*, 2022 WL 17485644, at *4 (D.D.C. Dec. 7, 2022) (finding attorney's accusation that defendants and their counsel made racist arguments "demean the legal profession and constitute a gross abuse of the judicial process" and therefore ordering attorney "to show cause for why her conduct, as described above, does not violate Rule 11(b). See Fed. R. Civ. P. 11(c)(3)."); *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (striking filing and finding attacks describing opposing counsel as racist was "abusive language" that "has no place in documents filed with our courts; the filing of a document containing such language is one form of harassment

---

[5] The Court is aware of the substance of its order and the decision it reached about whether to sanction Ms. Ranahan. Because that order is provisionally under seal, however, MGA refrains from repeating the text of the order or the Court's ultimate decision. MGA notes, however, that Footnote 3 of the Court's order is equally applicable to Ms. Ranahan's Opposition. *See* Dkt. No. 571 at 9.

5

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL

prohibited by Rule 11." *Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir.1989).).[6] Ms. Ranahan's abusive allegations designed to damage the exemplary reputation of a 45-year member of the bar and taint the jury pool for the retrial should be treated similarly by this Court.

MGA requests the Court strike the Opposition, order that Counter-Claimants may refile the Opposition without the improper portion (lines 6:13-7:12) if they so choose, exercise its authority to refer Ms. Ranahan to the Central District's Standing Committee on Discipline, and issue an order to show cause why further sanctions under Rule 11 should not issue against Ms. Ranahan. *See* Fed. R. Civ. P. 11(b), (c)(3); L.R. 83-3, *et seq*.

Dated: January 26, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

---

[6] *See also Conklin v. Warrington Twp.*, 2006 WL 2246415, at *2 (M.D. Pa. Aug. 4, 2006), *aff'd*, 304 F. App'x 115 (3d Cir. 2008) (issuing sanctions under Rule 11 and referring attorney to State Bar for attorney's accusations of racism); *Davis v. TRM Copy Centers, Corp.*, 1988 WL 92921, at *1-3 (N.D. Ill. Aug. 16, 1988) (striking paper filed by pro se plaintiff that accused judge of racism and taking bribes as impertinent and scandalous under Rule 12(f) and referring plaintiff for Rule 11 sanctions)

6

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian, certifies that this brief contains 1,846 words, which complies with the word limit of L.R. 11-6.1

Dated: January 26, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

7

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF/COUNTER-DEFENDANTS' REPLY ISO MEMORANDUM IN FURTHER SUPPORT OF ORAL MOTION FOR MISTRIAL