KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>　　　　Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>　　　　Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>　　　　Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' RESPONSE TO HARRIS PARTIES' "RESPONSE AND OBJECTION" TO COURT'S JANUARY 26, 2023 ORDER RE DKT. 407**<br><br>Complaint Filed: December 20, 2020 |

Although styled as a "response" and "objection" to the Court's recent order finalizing its sanctions order against their attorney Erin Ranahan, the Harris Parties' latest filing is a thinly-veiled request for reconsideration. But the Harris Parties assert no change in the law or facts or any other grounds on which such a motion may be based under Local Rule 7-18. Nor does any such basis exist. Further, the relief requested by the Harris Parties—deferral of the now-entered sanctions order against Ms. Ranahan until after completion of the retrial—is unnecessary and unjustified. The Court should reject the Harris Parties' request for special treatment and instead publicly docket its finalized sanctions order, with any redactions justified by the protective order, just as the Court has done with other orders.

While the Harris Parties' brief ostensibly does not seek to relitigate the sanctions order itself—only deferral of the order's publication until after retrial—it still attempts to minimize the egregiousness of Ms. Ranahan's conduct and the findings of the Court, and instead levies more baseless accusations against MGA.

First, the Harris Parties dismiss Ms. Ranahan's deposition conduct as "inconsequential." That MGA's counsel was able to extract some substantive responses from the alleged consumer witnesses despite Ms. Ranahan's speaking objections, coaching, and personal attacks is of no moment. As this Court found, Ms. Ranahan's conduct at the depositions was improper and warranted sanctions. Ms. Ranahan engaged in numerous instances of coaching in direct violation of Magistrate Judge Rosenberg's order. Judge Rosenberg had found Ms. Ranahan's deposition conduct was "beyond the pale" and "out of line," and issued an order designed to guide future deposition conduct. Undeterred, Ms. Ranahan continued her practice of defending depositions with frequent speaking objections designed to influence and steer testimony in ways she deemed favorable to her clients. Critically, those speaking objections had their desired effect and influenced witness testimony to benefit the Harris Parties' theory of the case. The currently-sealed sanctions order lays bare Ms. Ranahan's conduct and the grounds warranting sanctions.

1

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' "RESPONSE AND OBJECTION" TO COURT'S JANUARY 26, 2023 ORDER RE DKT. 407

Second, the Harris Parties accuse MGA of making "personal smear attacks" and "unfounded personal attacks."[1] This is patently false. In previously seeking sanctions and a mistrial, MGA engaged in no personal attacks or accusations, unlike Ms. Ranahan's scurrilous claims about Jennifer Keller in her filings last week. Instead, MGA has merely described the record in this case and highlighted the impropriety and resulting prejudice to MGA. MGA hardly can be blamed for pointing out Ms. Ranahan's own conduct or defending against Ms. Ranahan's inexcusable claims of racism. If the Harris Parties or their counsel view MGA's merely describing their conduct as a "slime campaign," they have no one to blame but themselves.[2] And the legitimacy of MGA's arguments and requested relief was only reinforced by the Court's orders on these issues—*i.e.*, issuing monetary sanctions against Ms. Ranahan and granting MGA's motion for mistrial.

Third, the Harris Parties accuse MGA of "seeking to now leverage the $1000 monetary sanctions against Ranahan" and suggest some impropriety in MGA's referencing that order in a reply filed last week defending Ms. Keller against the Harris Parties' abhorrent accusations against her. Dkt. 579-1 at p. 4. Contrary to the Harris Parties' insinuation, MGA's reply divulged no substance or specifics about the

---

[1] The Harris Parties' brief also makes extraneous (and inaccurate) arguments about earlier depositions in this case. *See* Dkt. 579-1 at p. 1. Those arguments are unrelated to any issue before the Court, and MGA declines to engage on the Harris Parties' accusations designed only to distract from the issues here.

[2] The opening paragraph of the Harris Parties' brief describes comments by the Court at the January 5th hearing in a misleading way. The Court certainly warned the parties that this would not be a case where the lawyers or testifying parties are slimed. But the Harris Parties' brief falsely suggests that MGA's counsel "*continued* making statements baselessly accusing the Grand Parties of misrepresentation and bad faith." *See* Dkt 579-1 at p. 1 (emphasis added). The brief then cites to an *earlier* statement by the Court (*i.e.*, "getting tiresome already") made as part of the Court's same warning to both parties. The Harris Parties cite to no evidence where MGA breached the Court's warning. None exists. Further, it is notable that the Court's comments at the January 5th hearing cited by the Harris Parties were made before the Court had reviewed or considered MGA's *ex parte* application for sanctions, which it later granted. *See* Dkt. 512 at 52:8-53:5.

2

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' "RESPONSE AND OBJECTION" TO COURT'S JANUARY 26, 2023 ORDER RE DKT. 407

sanctions order and explicitly referenced it was provisionally under seal. Dkt. 572 at p. 5, n. 5. MGA did not even disclose the Court's ultimate decision on the issue. There was nothing improper about generally referencing a final order of this Court, especially on an *ex parte* application previously argued in open court. Instead, ***it is the Harris Parties' brief which has unilaterally chosen to publicly disclose certain details of the Court's sanctions order against Ms. Ranahan***, including its amount. *See* Dkt. 580.

Finally, the Harris Parties' purported basis for seeking delayed publication of the sanctions order is without merit. By their filing, the Harris Parties already have disclosed that monetary sanctions of $1000 were issued against Ms. Ranahan. There is no basis to prevent public disclosure of the Court's explanation and reason for that order, especially given the strong presumption of public access to judicial records absent a compelling reason otherwise. *See, e.g., Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).

And the Harris Parties' requested relief also would prejudice MGA. The Harris Parties already have attempted to use the "high-profile nature of the case" to their advantage by playing to the media and the prospective jury pool. After the order granting the mistrial and the jury was dismissed, Ms. Ranahan filed a gratuitous "opposition" that served no purpose other than to defame Ms. Keller by labeling her a racist merely for questioning Ms. Ranahan's clients at trial about their own explicit lyrics, which directly rebut their claim they project an image appropriate for children's dolls.[3] That Ms. Ranahan hopes to improperly influence the prospective jury was only confirmed by her recent statements to the press in violation of California Rule of Professional Conduct 3.6.[4] And following Ms. Ranahan's lead,

---

[3]    Ms. Ranahan also falsely represented that Ms. Keller used the "n-word" with a "hard er" during questioning about Ms. Pullins' lyrics, even though there is nothing in the reporter's transcript to support that claim.

[4]    *See, e.g.*, https://www.rollingstone.com/music/music-news/t-i-tiny-mga-entertainment-omg-girlz-lawsuit-mistrial-1234668553/

3

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' "RESPONSE AND OBJECTION" TO COURT'S JANUARY 26, 2023 ORDER RE DKT. 407

Mr. Harris made public comments about this lawsuit last week after the mistrial that reasserted the same unsubstantiated "cultural misappropriation" theme excluded by this Court and which led to the mistrial.[5]

There is no legitimate basis to defer publication on the docket of the Court's final order on MGA's *ex parte* application for evidentiary and monetary sanctions, with whatever redactions are justified by the protective order. The Court has engaged in this process with respect to its prior orders, and there is no reason to treat the Court's latest order any differently. MGA respectfully requests that the Court overrule the Harris Parties' "objection" to the Court's January 26, 2023 Order Regarding Dkt. 407 in its entirety.

Dated: February 1, 2023             KELLER/ANDERLE LLP

                                    By: _____
                                    Chase A. Scolnick
                                    Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

---

[5] *See* https://atlantablackstar.com/2023/01/26/judge-declares-mistrial-in-tiny-and-t-i-trial-against-mga-entertainment-over-omg-dolls/ (Mr. Harris quoted as saying: "'Cause this is so many times, creatives uh, in the community man, they see travesties and injustices like this, and they just go with eh flow and roll with it. . . . These independent Black women are standing up against this billion-dollar company and sayin' 'Nah, y'all ain't gonna take our s—t. . . And I respect that.")

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian, certifies that this brief contains 1,265 words, which complies with the word limit of L.R. 11-6.1

Dated: February 1, 2023            KELLER/ANDERLE LLP

By: _____

Chase A. Scolnick

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

5

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' "RESPONSE AND OBJECTION" TO COURT'S JANUARY 26, 2023 ORDER RE DKT. 407