KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OPPOSITION TO DEFENDANTS AND COUNTER-CLAIMANTS *EX PARTE* APPLICATION FOR RECONSIDERATION OF THE COURT'S RULING REGARDING EMOTIONAL DAMAGES**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: January 17, 2023 |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................4

    A. Counter-Claimants' Application Violates Local Rule 7-18 by Repeating Arguments This Court Already Rejected ............................4

    B. Counter-Claimants' Reconsideration Application Violates the Standards for Ex Parte Applications Because There is No Exigency Nor Chance of Irreparable Harm. .........................................................7

    C. Counter-Claimants' Reconsideration Application Fails Substantively Because Counter-Claimants Do Not Cite a Single Case Holding Emotional Distress Damages Are Assignable ..........................................9

    D. Counter-Claimants' Do Not Cite Any New Facts or Law Supporting Their Repeated Argument That Their Emotional Distress Damages Disclosure Was Timely or That MGA Has Not Suffered Substantial Prejudice. .....................................................................................................13

III. CONCLUSION ....................................................................................................15

i

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

**CASES**

*Adknowledge, Inc. v. Warshal*,
  2013 WL 12144089 (C.D. Cal. Sept. 10, 2013) .................................................. 7

*Asberry v. Money Store*,
  2018 WL 6834309 (C.D. Cal. Dec. 27, 2018) .................................................... 6

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ............................................................................. 4

*Collins v. Fua*,
  2017 WL 8161087 (C.D. Cal. July 11, 2017) .................................................... 5

*Diehl v. Starbucks Corp.*,
  2014 WL 295468 (S.D. Cal. Jan. 27, 2014) ..................................................... 11

*Doe No. 1 v. Fitzgerald*,
  2022 WL 425032 (C.D. Cal. Jan. 6, 2022) ...................................................... 13

*Dorroh v. Deerbrook Ins. Co.*,
  612 F. App'x 424 (9th Cir. 2015) ................................................................. 2, 9

*Drazan v. Atlantic Mut. Ins. Co.*,
  2010 WL 2629576 (N.D. Cal. June 29, 2010) ................................................ 10

*Duarte v. J.P. Morgan Chase Bank*,
  2014 WL 12567787 (C.D. Cal. May 19, 2014) ................................................. 6

*Dugar v. Happy Tiger Records, Inc.*,
  41 Cal. App. 3d 811 (1974) ............................................................................. 10

*Essex Ins. Co. v. Five Star Dye House, Inc.*,
  38 Cal. 4th 1252 (2006) ....................................................................... 9, 10, 11

*In re Benham*,
  2013 WL 3872185 (C.D. Cal. May 29, 2013) ................................................... 6

*In re Intermagnetics Am., Inc.*,
  101 B.R. 191 (C.D. Cal. 1989) ....................................................................... 7, 8

*Kona Enters. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ............................................................................. 4

*Lesa, LLC v. Fam. Tr. of Kimberley & Alfred Mandel*,
  2016 WL 1446770 (N.D. Cal. Apr. 13, 2016) ............................................... 2, 9

*Manzano v. FCA US LLC*,
  2018 WL 8130612 (C.D. Cal. 2018) ................................................................. 8

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
  571 F.3d 873 (9th Cir. 2009) ........................................................................... 12

ii

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

*McCluskey v. Hendricks*,
    2022 WL 301578 (C.D. Cal. Jan. 3, 2022) ...................................................... 6
*McColm v. Foremost Ins. Co.*,
    2010 WL 1691681 (N.D. Cal. Apr. 23, 2010) ............................................... 10
*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) ......................................................... 2, 7, 8
*Murphy v. Allstate Ins. Co.*,
    17 Cal. 3d 937 (1976) .................................................................................. 11
*Neely v. JP Morgan Chase Bank, N.A.*,
    2018 WL 6003562 (C.D. Cal. Aug. 17, 2018).............................................. 5
*Optional Capital, Inc. v. Kim*,
    2008 WL 2986660 (C.D. Cal. 2008)............................................................. 6
*Pegasus Satellite TV, Inc. v. DirecTV, Inc.*,
    318 F. Supp. 2d 968 (C.D. Cal. 2004) ...................................................... 1, 6
*Purcell v. Colonial Ins. Co.*,
    20 Cal. App. 3d 807 (1971).......................................................................... 10
*Roe v. LexisNexis Risk Sols. Inc.*,
    2013 WL 12134002 (C.D. Cal. May 2, 2013) .......................................... 5, 6
*School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
    5 F.3d 1255 (9th Cir. 1993)........................................................................... 4
*Shepherd v. U.S. Bank, Nat'l Ass'n*,
    2009 WL 3514550 (C.D. Cal. Oct. 26, 2009)............................................... 8
*Smith v. Premiere Valet Servs., Inc.*,
    2022 WL 16859650 (C.D. Cal. Apr. 5, 2022) ............................................ 13
*Timed Out, LLC v. Youabian, Inc.*,
    229 Cal. App. 4th 1001 (2014) ....................................................... 10, 11, 12
*Toro v. 360 P'ship LP*,
    2022 WL 126546 (C.D. Cal. Jan. 4, 2022) ................................................... 6
*Trotter v. Exxonmobil Corp.*,
    2019 WL 1578368 (C.D. Cal. Feb. 26, 2019) ............................................ 12
*Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*,
    48 F. Supp. 2d 1049 (C.D. Cal 1999) ........................................................... 6

**RULES**

Local Rule 7-18................................................................................................ 1, 4

iii

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

## I. INTRODUCTION

Counter-Claimants' *Ex Parte* Application for Reconsideration presents no new facts and no new law. It is defective procedurally and wrong substantively; it should be denied. Counter-Claimants' Reconsideration Application seeks to have the Court reconsider its earlier ruling granting MGA's request to exclude Counter-Claimants' untimely disclosed emotional distress damages ("Exclusion Request"). But Counter-Claimants' Reconsideration Application makes the same arguments they advanced in opposition to MGA's Exclusion Request in writing and at the oral argument. The Court heard those arguments and rejected them. The Court correctly held Counter-Claimants did not timely disclose their newfound emotional distress damages theory, and emotional distress damages cannot be assigned under Ninth Circuit case law. Nothing in Counter-Claimants' Reconsideration Application changes this. Accordingly, MGA requests the Court deny Counter-Claimants' Reconsideration Application.

Procedurally, the Reconsideration Application violates Local Rule 7-18 because it rehashes the same arguments Counter-Claimants already made and this Court rejected. *See* L.R. 7-18 ("No motion for reconsideration *may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.*" (emphasis added)). Counter-Claimants erroneously assert the Court misapplied the applicable case law. This is not true. Nor would it be proper grounds for reconsideration. *Pegasus Satellite TV, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent."). But this is not the only problem with Counter-Claimants' Reconsideration Application.

The Reconsideration Application also violates the well-established standards on *ex parte* applications because it fails to articulate ***any*** exigency or irreparable harm here. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492–93 (C.D.

1

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

1 | Cal. 1995). Indeed, Counter-Claimants do not—and cannot—provide any explanation why *ex parte* relief is appropriate. Trial has not been rescheduled, and there are no pending deadlines. After the Court granted the mistrial on January 25th, Counter-Claimants had nearly week to meet and confer and file their motion under the Local Rules' regular notice provisions. Counter-Claimants failed to do so. Counter-Claimants, therefore, cannot demonstrate that there is exigency necessitating *ex parte* relief, that they are without blame in contributing to their claimed need for *ex parte* relief, or that they will suffer irreparable harm from a regularly noticed motion. In short, they fail to satisfy every element of the standard governing *ex parte* applications.

Substantively, the Reconsideration Application fails as well for a simple reason: Counter-Claimants ***do not cite a single case*** that holds emotional distress damages can be assigned. Counter-Claimants attack the Ninth Circuit's *Dorroh v. Deerbrook Insurance Co.* case and explain why they believe it does not mean what it says. Counter-Claimants' misunderstand *Dorroh*, however. *Dorroh*'s holding was clear and dispositive of the issue here – while an economic aspect of a claim could be assigned, the punitive damages portion of that claim could not because, under California law, "wrongs of a purely personal nature (emotional distress, punitive damages) cannot be assigned." *Dorroh v. Deerbrook Ins. Co.*, 612 F. App'x 424, 426 (9th Cir. 2015). The one case citing *Dorroh* for this proposition confirms MGA's interpretation. *See Lesa, LLC v. Fam. Tr. of Kimberley & Alfred Mandel*, 2016 WL 1446770, at *9 (N.D. Cal. Apr. 13, 2016). Indeed, every California case MGA's counsel is aware of comes to this same conclusion, *i.e.*, emotional distress damages cannot be assigned. Counter-Claimants do not present any cases to the contrary and are, therefore, asking this Court to be the first to allow them to recover emotional distress damages based on an assignment.

Counter-Claimants next ignore the Court's order on the Exclusion Request and contend their untimely disclosure was timely. Again, their argument is identical to

the one this Court already rejected. They cite the same documents in support of their argument that they disclosed in their emotional distress damages theory. *Compare* Reconsideration App'n at 7-8 *with* Dkt. No. 507 at 2, 6-7. And they cite the same case law as well. *Compare* Reconsideration App'n at 7-8 *with* Dkt. No. 507 at 3-4. Counter-Claimants cite no new facts or law explaining why their disclosure was timely. In ruling Counter-Claimants did not timely disclose their emotional distress damages, the Court already concluded the documents Counter-Claimants' rely on now did not disclose their emotional distress damages theory. *See* Scolnick Decl., Ex. A at 41:17-25; *see also* Dkt. Nos. 500 at 5-8; 511 at 1-2.

Finally, Counter-Claimants assert there was "no prejudice to MGA in not obtaining more discovery into this issue[.]" This assertion lacks merit. Had Counter-Claimants timely disclosed this damages theory, MGA would have conducted substantial discovery into the evidence supporting the purported emotional distress damages including, for example: the specific causes of those claims (when did it happen, how, what was the trigger, did it happen multiple times?); which of the O.M.G. Girlz allegedly suffered the emotional distress damages; what evidence do they have supporting their claim (text messages, emails, did they talk with anyone about it, did they seek professional counseling?); how did the emotional distress manifest (physical ailments, mental, some combination?); and how long were they distressed (weeks, months, mere hours?). And, depending on the answers to those questions, MGA may have sought an independent examination under Federal Rule of Civil Procedure 35. Most importantly, because of Counter-Claimants' untimely disclosure, MGA was deprived of the opportunity to develop evidence that any emotional distress suffered was caused by external factors such as criminal sexual assault allegations against family members, possible payment of civil damages claims due to the latter, loss of bookings due to the latter, cancellation of their TV show due to the latter, etc. Counter-Claimants' assertion that MGA suffered "no prejudice" by Counter-Claimants' untimely disclosure is nonsensical.

3

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

In sum, Counter-Claimants' Reconsideration Application is fatally defective, both procedurally and substantively. Procedurally, the Application asks this Court to reconsider its ruling based on the same facts and same law, and it fails to explain why it need be heard on an *ex parte* basis. Substantively, as the Court already concluded, Counter-Claimants' emotional distress claims are untimely and barred under controlling Ninth Circuit precedent. Each of these facts is reason alone to deny the Reconsideration Application. Taken together, they necessitate the same result. The Court should therefore deny Counter-Claimants' Reconsideration Application.

## II. ARGUMENT

### A. Counter-Claimants' Application Violates Local Rule 7-18 by Repeating Arguments This Court Already Rejected

Counter-Claimants' Reconsideration Application violates controlling Ninth Circuit precedent and Local Rule 7-18 by reasserting the exact arguments the Court already rejected. Local Rule 7-18 provides that a motion for reconsideration may only be made on the grounds of

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration *may in any manner* repeat any oral or written argument made in support of, or in opposition to, the original motion.

L.R. 7-18 (emphasis added). The Ninth Circuit instructs that a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (same); *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (same); *Neely v. JP Morgan Chase*

4

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

*Bank, N.A.*, 2018 WL 6003562, at *2 (C.D. Cal. Aug. 17, 2018) (quoting *Kona*). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols. Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013). The rule regarding motions for reconsideration is "strict for good reason." *Neely*, 2018 WL 6003562, at *2. As such, "[m]otions for reconsideration are disfavored and rarely granted." *Collins v. Fua*, 2017 WL 8161087, at *1 (C.D. Cal. July 11, 2017). Despite the strictures of the controlling case law and Local Rule 7-18, Counter-Claimants' Reconsideration Application regurgitates the same arguments this Court addressed and rejected.

In Opposition to MGA's Exclusion Request, Counter-Claimants advanced two main arguments: (1) their disclosure was timely, and MGA suffered no harm from any untimely disclosure; and (2) California law allows assignment of emotional distress damages. *See* Dkt. No. 507 at 6-11. The Court rejected these arguments, stating definitively:

> THE COURT: I'm going to grant the motion and exclude any claim for emotional distress or like damages. I rely principally on the Ninth Circuit case Dorroh v. Deerbrook Insurance Company, 612 F.App'x 424, 426 (Ninth Circuit 2015). I also believe that there was insufficient notice prior to the close of discovery to trigger an understanding that discovery should have been conducted with respect to the emotional distress of the individuals.

Scolnick Decl., Ex. A at 41:17-25. In their Reconsideration Application, Counter-Claimants advance the exact same arguments. First, the Reconsideration Application expounds on their assertions about why *Dorroh* does not mean what it says and why, despite the numerous cases holding to the contrary, California law allows an assignment of emotional distress damages. Reconsideration App'n at 4-6. Second, based on the same facts and same case law, Counter-Claimants assert their disclosure was timely. *Id.* at 7-8. The Reconsideration Application therefore violates Local

5

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

1  Rule 7-18 because it repeats the "oral [and] written argument made … in opposition
2  to" MGA's Exclusion Request.

3        The only difference between the arguments in Counter-Claimants'
4  Reconsideration Application and those advanced previously are to include an
5  additional discussion of why Counter-Claimants do not believe *Dorroh* precludes an
6  assignment of emotional distress damages here.  But the cases holding a party may
7  not use a motion for reconsideration to supplement and reargue issues previously
8  presented are legion.  "A mere attempt by the moving party to reargue its position by
9  directing [the court] to additional case law and arguments which it clearly could have
10  made earlier, but did not is not the purpose of motions for reconsideration under Local
11  Rule 7-18."  *Duarte v. J.P. Morgan Chase Bank*, 2014 WL 12567787, at *1 (C.D.
12  Cal. May 19, 2014) (alterations omitted) (citing *Yang Ming Marine Transp. Corp. v.
13  Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal 1999));
14  *Optional Capital, Inc. v. Kim*, 2008 WL 2986660, at *2 (C.D. Cal. 2008) (same).[1]

---

[1] *See also Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("Under L.R. 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent."); *Toro v. 360 P'ship LP*, 2022 WL 126546, at *1 (C.D. Cal. Jan. 4, 2022) (denying motion for reconsideration when "[b]ecause [the party] offer[red] nothing new"); *McCluskey v. Hendricks*, 2022 WL 301578, at *2 (C.D. Cal. Jan. 3, 2022) (denying motion for reconsideration because "Plaintiff fail[ed] to meet the requirements for reconsideration pursuant to Local Rule 7-18" when "nowhere in Plaintiff's motion [did] she present any new argument," but instead "rehashe[d] arguments made in Plaintiff's opposition to the fourth motion to dismiss"); *Asberry v. Money Store*, 2018 WL 6834309, at *3 (C.D. Cal. Dec. 27, 2018) (reasserting arguments previously presented violates L.R. 7-18 and is an improper use of a motion for reconsideration); *Roe*, 2013 WL 12134002, at *3 (denying motion for reconsideration when "Plaintiff fail[ed] to present any new law or facts and declin[ed] to point to any material fact the Court failed to consider"); In re Benham, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013) ("[A] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." (citation omitted)).

1  Counter-Claimants' Reconsideration Application does not meet any of the
2  standards for reconsideration under Local Rule 7-18. Instead, Counter-Claimants
3  violate Local Rule 7-18 by improperly rehashing arguments asserted in their
4  Opposition to MGA's Exclusion Request or raising new authority that could have
5  been raised previously. Counter-Claimants had their chance in their Opposition and
6  at the hearing to argue why they believed it did not apply. The Court heard the
7  arguments and rejected them. Under Local Rule 7-18 and countless Central District
8  cases, they were not allowed to seek reconsideration based on those same arguments.

**B. Counter-Claimants' Reconsideration Application Violates the Standards for *Ex Parte* Applications Because There is No Exigency Nor Chance of Irreparable Harm.**

Counter-Claimants' Reconsideration Application does not even suggest any grounds for *ex parte* relief. There is no exigency and Counter-Claimants have not articulated any. Counter-Claimants also have not—and cannot—articulate any irreparable harm suffered by adhering to the regular noticed-motion procedures. Despite this lack of exigency or irreparable harm, Counter-Claimants are trying to skirt the Local Rules "to jump "ahead of the pack" and 'cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions.'" *Adknowledge, Inc. v. Warshal*, 2013 WL 12144089, at *1 (C.D. Cal. Sept. 10, 2013).

Both the Federal Rules of Civil Procedure and the Local Rules of this Court "contemplate that noticed motions should be the rule," because noticed motions "provide a framework for the fair, orderly, and efficient resolution of disputes." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). *Ex parte* applications throw this system "out of whack." *Id.* Accordingly, absent a showing that "bypassing the regular noticed motion procedure is necessary," an *ex parte* filing is procedurally improper. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492–93 (C.D. Cal. 1995). To be entitled to *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying

7

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

motion is heard according to regular noticed motion procedures." *Id.* at 492. Second, the party seeking *ex parte* relief must make a showing that:

> the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect .... It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief.

*Id.* at 492-93 (internal quotation marks omitted) (*quoting In re Intermagnetics*, 101 B.R. at 193); *Manzano v. FCA US LLC*, 2018 WL 8130612, at *1 (same). Because they raise due process and other concerns, "[e]x parte motions are rarely justified." *Id.*

Counter-Claimants do not offer any reason why this matter needs to be heard on an *ex parte* basis and, therefore, do not (and cannot) satisfy their heavy burden of demonstrating *ex parte* relief is appropriate here. First, there is no exigency. The Court has not set a trial date, and the only date calendared is for the status conference this coming Thursday, February 2, 2023.[2] Second, Counter-Claimants do not articulate any harm from having this heard on a regular motion schedule, much less irreparable harm. Accordingly, there is no basis for Counter-Claimants' request to be heard now instead of through regular noticed motion procedures. *Shepherd v. U.S. Bank, Nat'l Ass'n*, 2009 WL 3514550, *2 (C.D. Cal. Oct. 26, 2009) ("[T]o justify ex parte relief, applicants must demonstrate why they should be allowed to 'go to the head of the line of all other litigants and receive special treatment,'" *citing Mission Power*, 883 F. Supp. at 492).

---

[2] Indeed, that conference would have been an appropriate time for Counter-Claimants to alert the Court that they intended to seek reconsideration of the Court's order excluding their untimely disclosed emotional distress damages claim, so the Court could consider the request and allow a proper briefing schedule when scheduling the new trial date.

8

### C. Counter-Claimants' Reconsideration Application Fails Substantively Because Counter-Claimants Do Not Cite a *Single Case* Holding Emotional Distress Damages Are Assignable

In addition to the fatal procedural deficiencies, Counter-Claimants' Reconsideration Application fails as a matter of law. As a threshold matter, Counter-Claimants do not cite a *single case* holding that emotional distress damages are assignable. Rather, they dispute the clear language of *Dorroh* prohibiting assignment of emotional distress damages and attempt to piece together a legal jigsaw puzzle to concoct an argument that the myriad cases all holding emotional distress damages cannot be assigned are inapplicable here. *See* Dkt. 500 at 10 (collecting cases). But the fact remains that the language of the cases is unambiguous that under binding Ninth Circuit and California case law "wrongs of a purely personal nature (emotional distress, punitive damages) cannot be assigned." *Dorroh*, 612 F. App'x at 426 (citing *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252 (2006)).

This Court was correct in ruling that, under *Dorroh*, emotional distress damages cannot be assigned. Contrary to Counter-Claimants' recitation, *Dorroh* did not hold that the claim itself was unassignable because it involved a claim for non-economic damages. Rather, *Dorroh* held that punitive damages are unassignable under California law, but the remaining portions of the claim could be assigned. *See Dorroh*, 612 F. App'x at 426-427 (discussing the assignable and non-assignable portions of a single claim, and holding "wrongs of a purely personal nature (emotional distress, punitive damages) cannot be assigned"). The one case to analyze *Dorroh* confirmed MGA's interpretation is correct. *See Lesa, LLC v. Fam. Tr. of Kimberley & Alfred Mandel*, 2016 WL 1446770, at *9 (N.D. Cal. Apr. 13, 2016) (citing *Dorroh* for the proposition that courts "acknowledge the general rule favoring assignment of claims but also to prevent an assignee from seeking punitive damages" (emphasis added)).

9

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

Based on Counter-Claimants' misreading of *Dorroh*, they assert "[w]hen a cause of action sounding in property rights is assignable, all incidental forms of damages, including emotional damages based on an individual's subjective mental suffering, attached to that claim are freely transferable." Reconsideration App'n at 6:1-3. The California Supreme Court rejected this exact argument.

In *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal.4th 1252 (2006), the California Supreme Court held that, "[a]lthough some damages potentially recoverable in a bad faith action, including damages for emotional distress and punitive damages, are not assignable [citation], the cause of action itself remains freely assignable as to all other damages." *Id.* Numerous other cases are in accord. *See Drazan v. Atlantic Mut. Ins. Co.*, 2010 WL 2629576, at *4 (N.D. Cal. June 29, 2010) (plaintiffs asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and unfair competition could not recover punitive damages as assignees); *McColm v. Foremost Ins. Co.*, 2010 WL 1691681, at *2 (N.D. Cal. Apr. 23, 2010) (assignees' claims for punitive damages and emotional distress failed as a matter of law); *see also Dugar v. Happy Tiger Records, Inc.,* 41 Cal. App. 3d 811, 819 (1974) (assignee of fraudulent misrepresentation claims cannot be awarded punitive damages); *Purcell v. Colonial Ins. Co.*, 20 Cal. App. 3d 807, 814 (1971) (holding emotional distress damages could not be assigned, and stating "we conclude that plaintiff here was possessed of a single and indivisible cause of action against defendant. He assigned that cause of action… in clear and unequivocal language. In so doing the plaintiff simply waived any claim for purely personal damages that…he might have been able to recover had he brought the action himself."). In other words, under California law, as recognized by the California Supreme Court in *Essex* and confirmed by the Ninth Circuit in *Dorroh*, even where a claim is assignable, emotional distress damages are not.

Citing *Timed Out, LLC v. Youabian, Inc.*, 229 Cal. App. 4th 1001 (2014), Counter-Claimants assert "courts have consistently recognized that when emotional

10

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

damages are part of claim sounding in property, that claim can be assigned in its entirety, including the incidental right to recover for emotional damages under the claim." Reconsideration App'n at 4:21-24.[3] This is false. *Timed Out* actually supports MGA's position, not Counter-Claimants'.

In *Timed Out*, the plaintiff asserted a misappropriation of likeness claim as the assignee of two models who were not parties. 229 Cal. App. 4th at 1004. The defendant argued the claim could not be assigned in any manner because it was purely personal. *Id.* at 1009-10. In rejecting the argument, the *Timed Out* court cited *Essex* and *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937 (1976), to explain that while "some damages potentially recoverable in a bad faith action damages for emotional distress and punitive damages, are not assignable…the cause of action itself remains freely assignable as to all other damages." *Timed Out*, 229 Cal. App. 4th at 1010. Applying *Essex* and *Murphy*, the court held that "purely pecuniary misappropriation claims are assignable." *Id.* Critically, the *Timed Out* court went on to distinguish emotional distress damages from the "purely pecuniary" damages the plaintiff sought, stating:

> Here, Plaintiff did not sue for injury to the feelings, emotional distress or personal injuries to the Models. On the contrary, Plaintiff seeks to recover only pecuniary damages for Defendants' alleged commercial misappropriation of the Models' images… The complaint does not allege emotional distress or disturbance to the Models' peace of mind, nor does Plaintiff seek damages for hurt feelings or injury to the Models' reputations. Because the claims involve

---

[3] Counter-Claimants also cited *Diehl v. Starbucks Corp.*, 2014 WL 295468, at *13–14 (S.D. Cal. Jan. 27, 2014). This is the same case they relied on in their Opposition to MGA's Exclusion Request. *Diehl* does not support Counter-Claimants' argument, however. As explained in MGA's Reply in Support of its Exclusion Request: "*Diehl* did not involve emotional distress damages at all. *Diehl*— and every case citing to *Diehl*—involved punitive damages only." Dkt. No. 511 at 3. Moreover, "[e]ven *Diehl*'s discussion of whether punitive damages can be assigned was dicta since *Diehl* concluded punitive damages were not adequately pled." *Id.* at 3, n.1 As Counter-Claimants' interpretation of *Diehl* conflicts with the plain language of *Dorroh*, which was decided a year later, *Diehl* is not helpful to Counter-Claimants.

11

purely pecuniary interests, the broad rule of assignability of things in action applies.

*Id.* at 1010-11.  In other words, relying on *Essex* and *Murphy*, the *Timed Out* court's decision demonstrates that the misappropriation of likeness claims being sought there—*i.e.*, claims that *did not involve emotional distress damages*—could be assigned, while the emotional damages components of the claim could not under *Essex* and *Murphy*.  *Timed Out*, therefore, confirms MGA's position that the emotional distress damages cannot be assigned.

In sum, the Ninth Circuit and California law—including the primary case Counter-Claimants rely on in their Reconsideration Application—are uniform in holding emotional distress damages cannot be assigned.  Counter-Claimants have presented no case to the contrary, and this Court should decline Counter-Claimants' invitation to be the first to make such a holding.[4]  Notwithstanding Counter-Claimants' erroneous legal position, this Court need not decide this issue or wade into the nuances of California law on assigning emotional distress damages.  Counter-Claimants' arguments are all ones that should have been asserted earlier and cannot be raised now in their Reconsideration Application.  *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (internal quotation marks and citation omitted)); *Trotter v. Exxonmobil Corp.*, 2019 WL 1578368, at *2 (C.D. Cal. Feb. 26, 2019) ("All of these arguments were at Plaintiff's disposal when he opposed summary judgment, but he failed to present them. As such,

---

[4] Counter-Claimants also do not explain how their interpretation would allow business entities, as assignees, to pursue emotional distress damages when those same entities cannot pursue such damages directly.  *See* Dkt. No. 500 at 9-10 & n.3 (collecting cases holding business entities cannot assert claims for emotional distress damages).

12

the Court rejects these reasons as a proper basis for reconsidering its summary judgment order.").[5]

### D. Counter-Claimants' Do Not Cite Any New Facts or Law Supporting Their Repeated Argument That Their Emotional Distress Damages Disclosure Was Timely or That MGA Has Not Suffered Substantial Prejudice.

Counter-Claimants next ignore the Court's ruling and assert their untimely disclosure was timely. This assertion is identical to the one this Court already rejected. Counter-Claimants cite the same documents in support of their argument that they disclosed their emotional distress damages theory. *Compare* Reconsideration App'n at 7-8 *with* Dkt. No. 507 at 2, 6-7.[6] And they cite the same case law as well. *Compare* Reconsideration App'n at 7-8 *with* Dkt. No. 507 at 3-4. Counter-Claimants cite no new facts or law explaining why their disclosure was timely. In ruling Counter-Claimants did not timely disclose their emotional distress damages, the Court already concluded the documents Counter-Claimants' rely on now did not disclose their emotional distress damages theory. *See* Scolnick Decl., Ex. A at 41:17-25; *see also* Dkt. Nos. 500 at 5-8, 511 at 1-2. Counter-Claimants' "copy and paste" of a previously rejected argument is not grounds for reconsideration.

---

[5] *See also Doe No. 1 v. Fitzgerald*, 2022 WL 425032, at *1 (C.D. Cal. Jan. 6, 2022) (denying motion for reconsideration when "the evidence and law [the party] submit[ted] with his Motion could have been known in the exercise of reasonable diligence before the Court [ruled]"); *Smith v. Premiere Valet Servs., Inc.*, 2022 WL 16859650, at *2 (C.D. Cal. Apr. 5, 2022) (same, citing *Doe*).

[6] Counter-Claimants continue to cite the cease and desist letter as disclosing their intent to seek emotional distress damages. *See* Reconsideration App'n at 7. As MGA pointed out in its Reply in support of its Exclusion Request, the cease and desist letter "asserted damages for 'disgorgement of profits [MGA] obtained...; lost business opportunities for the Harris Parties; punitive damages and attorneys' fees.' Dkt. No. 169-13 at 2. Thus, Contrary to Counter-Claimants' representation, the December 2020 letter contains no mention of any emotional distress damages." Dkt. 511 at 1:5-11. It is perplexing that Counter-Claimants continue to cite evidence to this Court despite it not saying what they claim.

Counter-Claimants assert there was "no prejudice to MGA in not obtaining more discovery into this issue, as it is subjective and up to the jury to determine whether emotional damages should flow based on the claimants' testimony." Reconsideration App'n at 7:9-11. This is absurd. Had Counter-Claimants timely disclosed this damages theory, MGA would have conducted substantial discovery about into any evidence supporting the emotional distress claims. This discovery would have included basic information about the purported emotional distress including, for example: which of the O.M.G. Girlz, if any, allegedly suffered the emotional distress damages; how the emotional distress manifested (e.g., were there physical ailments, mental ailments, or some combination); how long and how often did the distressed person(s) suffer emotional distress (e.g., weeks, months, hours, multiple times, once?); and whom, if anyone, did the distressed person(s) talk to about their emotional distress. The discovery would have also delved into the specific causes of those claims (e.g., when did the person(s) first feel distressed, what was the trigger, were there other triggers, etc.). MGA would have also propounded written discovery into what tangible evidence they have supporting their claim (e.g., notes, diaries, text messages, emails, memorialized conversations with others, etc.). Depending on the evidence produced and answers to those questions during depositions, MGA may have sought an independent examination of the emotionally distressed person(s) under Federal Rule of Civil Procedure 35(a).

Most importantly, because of Counter-Claimants' untimely disclosure, MGA was deprived of the opportunity to develop evidence that any emotional distress suffered was caused by other factors that cannot be attributed to MGA. In sum, Counter-Claimants' assertion that MGA suffered "no prejudice" is belied by the extensive discovery MGA would have taken (and which would have likely disproven any emotional distress claims) but for Counter-Claimants' untimely disclosure.

14

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

## III. CONCLUSION

Counter-Claimants' Reconsideration Application violates Local Rule 7-18 by repeating the arguments the Court already heard and rejected, and violates the standards on *ex parte* applications because there is no exigency or irreparable harm. But, more importantly, the Court's decision granting MGA's Exclusion Request was correct: Counter-Claimants did not timely disclose their emotional distress damages theory, substantially prejudicing MGA; and Counter-Claimants cannot assert an emotional distress damages theory under the Ninth Circuit's *Dorroh* decision and multiple California Supreme Court cases, because emotional distress damages cannot be assigned, even if the underlying claim can be. MGA therefore requests the Court deny Counter-Claimants' Reconsideration Application.

Dated: February 1, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

15

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian, certifies that this brief contains 4,815 words, which complies with the word limit of L.R. 11-6.1

Dated: February 1, 2023                    KELLER/ANDERLE LLP

                                           By:  _____
                                           Chase A. Scolnick

                                           Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

16

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OPPOSITION TO DEFENDANTS/COUNTER-CLAIMANTS' *EX PARTE* APPLICATION FOR RECONSIDERATION