UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Redacted Order Regarding *Ex Parte* Application for Order for Evidentiary and Monetary Sanctions [407]**

Before the Court is an *ex parte* application for evidentiary and monetary sanctions and to preclude calling or relying on testimony from certain consumer witnesses. (Appl., Dkt. No. 407 (sealed), Dkt. No. 412-3 (unsealed).) The application was filed by MGA Entertainment, Inc. *et al.* (collectively, "MGA"). Clifford "T.I." Harris *et al.* (collectively, "Harris Parties") opposed. (Opp'n, Dkt. No. 417-1 (unsealed).) MGA replied. (Reply, Dkt. No. 420 (unsealed).) The Harris Parties filed a sur-reply. (Sur-Reply, Dkt. No. 432 (unsealed).) MGA seeks to exclude testimony of certain witnesses at trial and monetary sanctions against Erin Ranahan ("Ranahan"), counsel for the Harris Parties.

For the following reasons, the Court **GRANTS in part and DENIES in part** the *ex parte* application. The Court **DENIES** the *ex parte* application insofar as much as it seeks to exclude testimony of the Consumer Witnesses at trial. The Court **GRANTS** the *ex parte* application insofar as much as it seeks monetary sanctions. The Court **ORDERS** Ranahan pay sanctions in the amount of $1,000 within thirty (30) days of this order to MGA to partially reimburse attorneys' fees incurred as part of the Consumer Witness depositions.

## I. BACKGROUND

The parties and the Court are familiar with the facts of the case. The Court recites them here only as necessary to resolve the present *ex parte* application.

On July 7, 2022, the Court denied MGA's motion to strike six consumer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

declarations. (Order, Dkt. No. 322.) Nonetheless, the Court did not consider the declarations for the purposes of summary judgment. (Id. at 5.) But the Court reopened discovery to allow MGA to depose these witnesses to cure any prejudice. (Id.)

In its Motion *in Limine* No. 5, MGA sought to exclude the depositions of six of these consumer declarants. (See Dkt. No. 333.) The Court tentatively ruled that any such witness not already deposed was to be excluded at trial. (See Dkt. No. 482.) Separately, MGA seeks to exclude these witnesses by way of the present *ex parte* application. (See Appl.) These include Maxine Wagner ("Wagner"), Moniece Campbell ("Campbell"), Maia Smith ("Smith"), and Dominque Alexander ("Alexander") (collectively, "Consumer Witnesses"). (Id.) MGA also seeks sanctions against the Harries Parties and their counsel, Erin Ranahan.

## II. Legal Standard

Discovery sanctions are governed by Federal Rule of Civil Procedure 37 ("Rule 37"). Rule 37 provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . prohibiting . . . from introducing designated matters in evidence . . . ." Fed. R. Civ. P. 37(b)(2)(A). Rule 37 also provides "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Federal Rule of Civil Procedure 30 ("Rule 30") governs depositions. Rule 30 provides that "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). Rule 30 allows objections during the depositions "whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition." Id. (c)(2). Such objections "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Id. Any objection "must be stated concisely in a nonargumentative and nonsuggestive manner." Id.

"A person may instruct a deponent not to answer only when necessary to preserve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id. Rule 30(d)(3) provides for motions to terminate or limit the deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Id. (d)(3)(A).

Rule 30(d)(2) allows the Court to impose appropriate sanctions, including reasonable expenses and attorneys' fees, on anyone "who impedes, delays, or frustrates the fair examination of the deponent." The Rule "authorizes appropriate sanctions not only when a deposition is unreasonably prolonged, but also when an attorney engages in other practices that improperly frustrate the fair examination of the deponent, such as making improper objections or giving directions not to answer." Advisory Committee Notes to the 1993 Amendment. An "excessive number of unnecessary objections may itself constitute sanctionable conduct . . . ." Id. Furthermore, an attorney may not object as a way to coach the witness. See, e.g., McDonough v. Keniston, 188 F.R.D. 22, 24 (D.N.H. 1998); Odone v. Croda Int'l PLC., 170 F.R.D. 66, 68 n.3 (D.D.C. 1997).

### III. DISCUSSION

*A.    Compliance with the Local Rules*

As an initial matter, the Harris Parties argue MGA did not comply with Local Rule 7-19 in seeking relief by *ex parte* application. (Opp'n at 15–21.) Local Rule 7-19 states:

> An application for an ex parte order shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof. An applicant also shall lodge the proposed ex parte order.

L.R. 7-19.

"Ex parte motions are rarely justified, . . . ." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). "The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

(2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

The Harris Parties argue MGA failed to follow Local Rule 7-19, did not demonstrate irreparable prejudice, or establish MGA is without fault. (Opp'n at 15–21.) In its application, MGA states:

> *Ex parte* relief is necessary because the depositions of these witnesses occurred in November 2022 due to delays and last minute cancellations which were solely the fault of Counter-Claimants. This application is brought on an *ex parte* basis because the misconduct on which relief is sought occurred and continued after the deadline to file motions *in limine,* and there is insufficient time to bring this request in a fully notice motion, especially given the Final Status Conference is scheduled for December 19, 2022.

(Appl. at 2.)

MGA submitted its *ex parte* application on November 30, 2022. The Court typically hears oral argument on newly filed motions on Mondays. Parties are required to file their motion four weeks in advance of a calendared hearing date. Given the upcoming holidays at the time, the next available opportunity for MGA to be heard would have been in January 2023. Moreover, the Court had scheduled, and later continued, the December 19, 2022, pretrial conference. (See Dkt. No. 422.) Combined with the upcoming trial date, MGA reasonably moved for relief by *ex parte* application rather than a noticed motion. The parties agreed to a briefing schedule, and the *ex parte* application is now fully briefed. Further, the Court finds sufficient MGA's explanation for relief by way of *ex parte* application. The Court finds, based on the circumstances and facts of this case, an *ex parte* application was appropriate.

Accordingly, the Court declines to deny MGA's *ex parte* application based solely on the procedural grounds raised by the Harris Parties.

    B.    *Evidentiary Sanctions*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-11548 JVS (AGRx)                                   Date   January 26, 2023

Title     MGA Entertainment Inc. v. Clifford T.I. Harris et al.

      1.      <u>Exclusion of Consumer Witnesses under Rule 37</u>

      MGA argues the Court should preclude the testimony of the Consumer Witnesses at trial under Rule 37(b)(2) and under its inherent authority to do so. (Appl. at 15–19.)

      As to Rule 37, the Harris Parties argue they did not violate any court order, a prerequisite to sanctions. (Opp'n at 22–24.) Under Rule 37, the Court may prohibit a party from introducing certain evidence at trial if the party "fails to obey an order to provide or permit discovery, . . . ." Fed. R. Civ. P. 37(b)(2)(A). "In the context of Rule 37(b) sanctions, [the Ninth Circuit] 'read[s] broadly' the term 'order' under Rule 37(a). Both the advisory committee notes and case law suggest that Rule 37's 'requirement for an "order" should . . . include any order relating to discovery.'" <u>Sali v. Corona Reg'l Med. Ctr.</u>, 884 F.3d 1218,1222 (9th Cir. 2018).

      On November 18, 2022, the Magistrate Judge issued a minute order following a telephonic discovery conference. (Minute Order, Dkt. No. 375.) The purpose of the Minute Order was "to get counsel back on track and finish the few remaining depositions [of the Consumer Witnesses]." (<u>Id.</u> at 1.) At the telephonic conference, the Magistrate Judge stated "[W]hat I will do is I will issue some standard guidelines . . . ." (Declaration of Chase Scolnick ("Scolnick Decl."), Ex. 5, Dkt. No. 408-5, at 16.) The Minute Order stated, quoting Rule 30, "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." (Minute Order at 1.) The Minute Order further stated counsel "may state the specific basis of his objection succinctly . . . ." (<u>Id.</u>) The Minute Order went on to instruct the parties not to coach a witness or use speaking objections to telegraph answers, acknowledge not all objections can be stated succinctly, and avoid repetitive and argumentative questions. (<u>Id.</u> at 2.) The Minute Order concluded by instructing counsel to refrain from arguing with the witness or with opposing counsel. (<u>Id.</u>) The Minute Order did not state it was merely advisory. In fact, the Minute Order concluded by stating "IT IS SO ORDERED."

      Following the entry of the Minute Order, the deposition of Smith and Alexander was taken. The Court finds the following exchanges during Smith's deposition clearly violate the Magistrate Judge's Minute Order: (1) After Smith was asked the color of Zonnique's hair, Smith replied "It wasn't green. I think it was blue. I think it was blue." Ranahan then said "Both of those are right. It's fine."; (2) Ranahan then stated "I realize you love to -- okay. We will go off the record if you want to start, you know, getting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

your next complaints to the judge again. . . . Mr. Chase loves to run to the judge."; and (3) After Smith was asked about celebrities wearing different colored hair and whether Smith saw that carry over into the doll aisle, Ranahan objected then stated "She's already given you an explanation about the OMG dolls or OMG Girlz starting the trend."  (Scolnick Decl., Ex. 3, Dkt. No. 412-2, at 50–51, 65–6.)  The Court finds instances one and three are clearly coaching by Ranahan, in direct violation of the Magistrate Judge's Minute Order.  In instance three, Ranahan's objection was unnecessarily argumentative.  And in instance two, Ranahan failed to refrain from arguing with opposing counsel in direct violation of the Minute Order.

The Court finds the following exchanges during Alexander's deposition clearly violate the Magistrate Judge's Minute Order: (1) After Alexander was asked a question, Ranahan objected and stated "I don't know why you would remember such a thing, but if you remember, you can tell him, but otherwise --"; (2) After Alexander was asked if she ever purchased "any of the dolls in a -- in a little ball?", Ranahan objected and said "So obviously you're not talking about the OMG . . . You were talking about the OMG and now you're going backwards to talk about the LOL."; (3) After Alexander was asked if the doll she's holding is Caucasian, Ranahan objected and stated "Objection to the extent that MGA's taken the position that they're not human, that they're mixed race . . . ."; (4) After Alexander was asked if the doll has blonde hair, Ranahan objected and stated "Objection, it doesn't look blonde to me . . . It looks yellow white, Chase."; (5) After Alexander was asked if the doll's outfits have bright colors, Ranahan objected and stated "Obviously, the dolls are fashion dolls.  They can be changed.  This has nothing to do with how they're marketed or purchased."; (6) After Alexander was asked of she believed the doll she purchased was African American, Ranahan objected and went at length about how the question was "inconsistent with [MGA's] entire legal theory"; (7) After a similar question to instance 6, Ranahan objected and stated "Objection to the extent that African American is dependent on necessarily the skin tone, which there's obviously light-skinned African Americans and all sorts of different shades"; (8) After Alexander was asked if any of the OMG Girlz was referred to as "Ferocious", Ranahan objected and stated "Let me just object that this is also a verb so, you know, someone could be described that way, same with Bhad Gurl, people call each other "baddie."; (9) After MGA's counsel discussed going to the Magistrate Judge, Ranahan stated "I know you love to waste her time, but that is ridiculous"; and (10) After a question was asked, Ranahan stated: "there's no specific names listed out her . . . you can read this to think

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-11548 JVS (AGRx)                                Date   January 26, 2023

Title   MGA Entertainment Inc. v. Clifford T.I. Harris et al.

this is referring to the OMG Girlz' names . . . ." (Id., Ex. 4, Dkt. No. 408-4, at 36, 67, 82, 83, 84, 86, 87, 88, 118, 120, 153.)

The aforementioned instances of statements by Ranahan during Alexander's deposition are clear instances of coaching in violation of the Magistrate Judge's Minute Order. Instances six and nine are also argumentative, in violation of the Minute Order. For these same reasons, the Court finds Ranahan violated Rule 30 and Rule 37.

"There are two limitations to the application of a Rule 37(b)(2) sanction. First, any sanction must be just; second, the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery." Guifu Li v. A Perfect Day Franchise, Inc., 281 F.R.D. 373, 393 (N.D. Cal. 2012) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).[1]

While Ranahan certainly coached Alexander and Smith during the depositions, the Court finds it does not rise to the level necessary to exclude the testimony of the Consumer Witnesses at trial. See Innospan Corp. v. Intuit, Inc., 2011 WL 2669465, at *3 (N.D. Cal. July 7, 2011) (excluding witnesses from trial because one was coached the night before the deposition and the other during a break). No doubt Ranahan's statements were disruptive and appear to, at times, guide Alexander and Smith's answers. But MGA was able to obtain substantive testimony from the Consumer Witnesses. See Fashion Exch. LLC v. Hybrid Promotions, LLC, 333 F.R.D. 302, 309 (S.D.N.Y. 2019). Given how close the trial is, the Court declines to now preclude the testimony of the Consumer Witnesses at trial.

For these reasons, the Court declines to preclude the Harris Parties from calling or relying on the testimony of the Consumer Witnesses.

       2.     Exclusion of Consumer Witnesses under Federal Rule of Evidence 403 ("FRE 403")

MGA requests, in the alternative, the Court preclude the Harris Parties from calling or relying on the Consumer Witnesses at trial (Appl. at 19.)

---

[1] MGA does not seek terminating sanctions. Accordingly, the Court need not conduct the five-factor analysis under Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

MGA argues the Consumer Witnesses "do not comprise an 'appreciable portion of the consuming public.'" (Appl. at 20.)  No doubt, the Consumer Witnesses do not reflect the views of all consumers who purchased the over 200 million OMG Dolls sold.  The Court is not persuaded that the jury will be confused or misled by the testimony of the Consumer Witnesses.  The Court finds there is probative value in allowing the Consumer Witnesses to testify about their own confusion.  See Fed. R. Evid. 403.  This is not substantially outweighed by prejudice, confusion, or potential to mislead.  The testimony of these witnesses certainly show *some* consumers could be confused.

For these reasons, the Court declines to preclude the Harris Parties from calling or relying on the testimony of the Consumer Witnesses.

    C.    *Monetary Sanctions*

MGA also seeks monetary sanctions of at least $62,525 against the Harris Parties and Ranahan.  MGA updated the amount to $93,381.21, based on recently received invoices.  (See Reply at 15 n.2.)

The Court may award sanctions under Rule 30 and under its inherent powers.  See Fed. R. Civ. P. 30(d)(2); Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006) ("Under its 'inherent powers,' a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'").

As discussed above, Ranahan's conduct violated Rule 30.[2]  The Court finds based on the foregoing and based on the Alexander and Smith deposition transcripts attached as exhibits by MGA, Ranahan impeded, delayed, and frustrated the deposition of the Consumer Witnesses.  See Fed. R. Civ. P. 30(d)(2).  Under Rule 30 and the Court's inherent powers, the Court **ORDERS** Ranahan to personally reimburse MGA's counsel $1,000 for her conduct at the Alexander deposition.  The Court finds this amount adequately compensates MGA for the time wasted in connection with the Consumer

---

[2] The Court did not analyze the deposition of Wagner and Campbell pertaining to Rule 37 because those depositions occurred prior to the Magistrate Judge's Minute Order.  Nonetheless, based on the record, declarations, and briefs before it, the Court finds Ranahan's conduct during those depositions also violate Rule 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548 JVS (AGRx) | Date | January 26, 2023 |
|---|---|---|---|

| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. |
|---|---|

Witness depositions. This may also deter Ranahan from engaging in similar misconduct in the future. See, e.g., In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig., 2019 WL 3815721, at *6 (C.D. Cal. May 13, 2019).[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the *ex parte* application. The Court **DENIES** the *ex parte* application insofar as much as it seeks to exclude testimony of the Consumer Witnesses at trial. The Court **GRANTS** the *ex parte* application insofar as much as it seeks monetary sanctions. The Court **ORDERS** Ranahan pay sanctions in the amount of $1,000 within thirty (30) days of this order to MGA to partially reimburse attorneys' fees incurred as part of the Consumer Witness depositions.

**IT IS SO ORDERED.**

---

[3] The Court has refrained from awarding sanctions under Rule 30 alone. However, Ranahan's conduct during the Wagner Deposition was outrageous, antagonistic, and unprofessional, and resulted in a gross waste of time. This conduct would merit separate sanctions which the Court has not imposed in the hope that Ranahan has learned her lesson.