

| | |
|---|---|
| David C. Scheper (SBN: 120174)<br>DScheper@winston.com<br>Erin R. Ranahan (SBN: 235286)<br>eranahan@winston.com<br>Cesie C. Alvarez (*pro hac vice*)<br>calvarez@winston.com<br>Jiepu (Bobby) Li (SBN: 342224)<br>BLi@winston.com<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>Telephone:  (213) 615-1700 | Chante B. Westmoreland (*pro hac vice*)<br>cwestmoreland@sheppardmullin.com<br>Sheppard Mullin Richter Hampton LLP<br>700 Louisiana Street, Suite 2750<br>Houston, TX 77002<br>Telephone: 713-431-7100 |

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No.  2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE AND OBJECTION TO COURT'S JANUARY 26, 2023 ORDER REGARDING DKT. 407**<br><br>Complaint Filed:  December 20, 2020<br><br>**[FILED PUBLICLY PURSUANT TO ORDER OF THE COURT DATED FEBRUARY 2, 2023]** |

During the final pretrial conference on January 5, 2023, the Court noted that this trial "is not going to be a case where lawyers are slimed, where the parties testifying are slimed" and "that's not going to be this trial as it related to witnesses or counsel." Dkt. 512 (January 5 Pre-trial Hearing Tr.) at 17:21-18:1. When MGA's counsel continued making statements baselessly accusing the Grand Parties of misrepresentation and bad faith, the Court noted that this is "getting tiresome already" and instructed counsel to "stick to the facts." *Id.* at 17:11-19.  MGA has nevertheless continued with its personal smear attacks that originally were aimed to eliminate the confused consumer voices altogether, and now appears designed to continue the slime campaign against the Grand Parties and at least one of the Grand Parties' counsel.

### A. The Grand Parties Renew That Request That the Court Previously Agreed With--To Defer Publication of the Order Regarding Any Monetary Sanctions Until After Trial

After the *ex parte* for sanctions that had been pending for a month (and was filed within one week of new counsel appearing in the case), the Court heard it on the first morning of trial.  During that time, the Court agreed with the Grand Parties' counsel's request that given the media attention to this case, if the Court continued with the monetary sanctions, it would wait until the trial was over before publishing the Order, even if the monetary sanctions payment time was reduced:

> MS. RANAHAN: If Your Honor still believes monetary sanctions are appropriate, if you could delay that order until just the end of the trial so -- and you can reduce the time that I need to pay just so that it doesn't become a high-profile trial.
>
> THE COURT: That's fine. If I'm going to continue with monetary sanctions, you have plenty of time to deal with it.
>
> MS. RANAHAN: Okay. Thank you.

[Ranahan Decl. Ex. 1 (January 17 Transcript of AM Proceedings) at 69:6-14.]

The Grand Parties respectfully renew that request that the order granting in part

1
DEFENDANTS' RESPONSE AND OBJECTION TO COURT'S JANUARY 26, 2023 ORDER

the monetary portion of these sanctions remain under seal and not be published until after completion of the re-trial, though if the Court prefers, the Grand Parties' counsel can pay within the same period by the same timeframe ordered (by March 3, 2023). Given the high-profile nature of the case, the publication of the order granting sanctions at this time would serve as an unnecessary distraction from the merits and would be unfair to the Grand Parties.

### B. The Court Agreed With Counsel's Representations That Her Commentary Did Not Block Responses To Material Testimony

On the first morning of the first trial, January 17, 2023, the Court heard extensive argument about the sanctions request. Ranahan Decl. Ex. 1 (January 17 Transcript of AM Proceedings) at pp. 6-21. During that discussion the Court requested that Ms. Ranahan respond to whether any of her interjections during the confused consumer depositions blocked any substantive answers, to which she represented they did not:

> THE COURT: But are you telling me there was no instance in which you prevented the witness from answering a question, giving a substantive answer?
>
> MS. RANAHAN: I do not believe there was a single instance where I instructed someone not to answer or I prevented an answer…
>
> THE COURT: Well, I'm going to go back and look at the transcript because your representation is on the record, and I want to test that.
>
> [1/17/23 a.m., Trans. At 12:20-13:3.]

The Court indicated that it would check all the transcripts against this representation to determine whether the Court would require the witnesses who are outside of California, and outside of the subpoena power of the Court, to testify by video tape as opposed to being called to testify live.

The following morning, on January 18, the Court indicated that it reviewed the transcripts and with two "inconsequential" exceptions, Ms. Ranahan's representations were "true" that she did not interfere with relevant testimony, and that therefore

witnesses could testify live or by videotape.[1] Ranahan Decl. Ex. 2 (January 18 Transcript of AM Proceedings) at 4:21-7:1.

### C. MGA's Personal Attacks Persist

The day following the mistrial for certain consumer testimony MGA has sought to exclude altogether for months, the Court re-circulated the tentative issuing $1000 in monetary sanctions as final under seal, with a request to the parties to meet and confer to provide any redactions.[2]

Despite the order being currently sealed and a request issued by the Court to provide redacted portions, which the Grand Parties intend to do, MGA immediately publicly filed references to the order and used it to attempt to suggest it was somehow Ms. Ranahan's personal fault that the testimony that led to the mistrial was played—even though Ms. Ranahan had a limited role in the designation exchange process and there is no dispute that MGA did not object on the cultural misappropriation section in question on that ground, and the Court overruled the separate objections MGA did lodge to that section. The Court found all parties and the Court contributed to that situation but did not conclude that anyone acted in bad faith. Rather than accept any accountability for: (i) failing to object on the cultural appropriation grounds in advance on the transcripts; (ii) failing to object prior to or during the live testimony; or (iii) for

---

[1] The Grand Parties' counsel respectfully submit that this presented a basis to consider reversing the tentative order of monetary sanctions, and was hopeful that would be the result.

[2] The Court's order was largely the same as the prior tentative order issued prior to trial, though it did add a new footnote about a deposition note previously addressed discussing "outrageous" behavior during the deposition of Ms. Wagner (taken before any prior order by the Magistrate issuing Guidelines). But the discussion during Ms. Wagner's deposition, before any order or other complaint was lodged, was primarily in the context of objecting to criminal lines of inquiry about petty stale offenses from 17 years ago and about third parties that the Court ultimately excluded. *See* January 26 Order re Dkt. 407 at 9; *see also* Dkt. 502 (Minute Order re Motions *in Limine*) at 11-12.

The Court also focused on "coaching" even though the discussion before the Magistrate Judge between counsel, prior to her issuing General Guidelines to both sides, made no mention of "coaching" at all. Dkt. 481-8 (November 18, 2022 Telephonic Hearing Tr.) at 24:14-21 (Court declining to issue instructions regarding "coaching" or speaking objections).

drowning its objections in other erroneous objections that the Court found "repetitive" "numbing" and "rote," (Ranahan Decl. Ex. 4 [January 25 Transcript of Proceedings] at 22:8-13), MGA is seeking to now leverage the $1000 monetary sanctions against Ranahan regarding objections and commentary made while defending the confused consumer depositions that the Court found did not block MGA from obtaining material testimony, into launching unfounded personal attacks and accusations against Ranahan about separate issues in this case.

Moreover, these sanctions come in the context of a case where Ranahan was previously insulted extensively by Mr. Larian during his April 2022 deposition[3], and after having been completely stonewalled with hundreds of speaking objections and extreme coaching during the depositions of the lead designer for the OMG line, Blanche Consorti, and key designers Lora Stephens and Carlos Borja taken by MGA's counsel, including by Mr. Finkelstein (*see* Dkt. 432 [Sur-reply in Opposition to Sanctions Motion] at p.3 listing examples).[4]

Dated:  January 31, 2023                    WINSTON & STRAWN LLP

By: */s/ David Scheper*
David Scheper

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

---

[3] *See e.g.*, Ranahan Decl. Ex. 3 (Larian Deposition Transcript) at 111:16-20 ("These are the dumbest questions I've ever heard from a lawyer"); *id.* at 363:13-16 ("You're incompetent."); *id.* at 374:20-21 ("Go ahead, you have a squeaky voice. Very annoying.")

[4] The transcript of Ms. Alexander, the deposition during which the $1000 sanctions have been associated, also shows that Ms. Ranahan was also dealing with a personal issue of her dog of 17-years having a medical emergency throughout that remote deposition that led to her dog dying towards the end of the deposition. *See* Dkt. 418-7 (Alexander Deposition Transcript) at 159:16-160:3.