KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OBJECTION TO LETTER IN SUPPORT OF WINSTON & STRAWN'S OPPOSITION TO MGA'S MOTION FOR SANCTIONS**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: May 9, 2023 |

Plaintiff and Counter-Defendants MGA Entertainment, Inc. and Isaac Larian ("MGA") file this objection to the Letter in Support of Winston & Strawn's Opposition to MGA's Motion for Sanctions ("Letter"), which was authored and filed by the law firm Sheppard Mullin Richter Hampton LLP ("Sheppard Mullin"). *See* Dkt. 615. MGA respectfully requests that the Court disregard the Letter in its entirety.

Sheppard Mullin has been co-counsel for Counter-Claimants, and had a lawyer from its firm take on a significant role through the recent mistrial. The Letter claims it now has taken over as lead counsel for Counter-Claimants, as Erin Ranahan and her firm Winston & Strawn LLP (the "Winston firm") apparently have retreated to a less prominent role after engaging in behavior that already led the Court to sanction Ms. Ranahan—which she ***still*** has not paid and is overdue[1]—and caused MGA to file a meritorious Motion for Further Sanctions against her and her firm.

But Sheppard Mullin's ascension to lead counsel does nothing to absolve the abhorrent and sanctionable conduct by Ms. Ranahan and her firm, including their unjustified labeling of MGA's counsel as a racist. Ms. Ranahan and the Winston firm have not withdrawn from the case. They remain co-counsel of record for Counter-Claimants. They remain on the caption page of Counter-Claimants' filing, including the Letter. And MGA's counsel continue to receive correspondence from the Winston firm about this matter. Ms. Ranahan and the Winston firm cannot evade consequences for their unethical behavior simply because Sheppard Mullin has taken over as lead counsel and pleads for a clean slate, which itself implicitly acknowledges the wrongful actions of Ms. Ranahan and her firm.

Further, Sheppard Mullin's assertion Counter-Claimants' counsel will behave professionally at the retrial rings hollow considering the pervasive improper behavior

---

[1] The Court's sanctions order issued on January 26, 2023 required Ms. "Ranahan pay sanctions in the amount of $1,000 within thirty (30) days of this order." *See* Dkt. 595 at 9. The payment therefore was due February 25, 2023. As of the date of this filing, MGA's counsel still has received no payment from Ms. Ranahan.

up to and during trial, which ultimately led to a mistrial. Although MGA's pending Motion for Further Sanctions does not seek sanctions against Sheppard Mullin, that does not mean Sheppard Mullin was merely an innocent bystander to Ms. Ranahan's and the Winston firm's misbehavior. The Sheppard Mullin firm has long been co-counsel. A Sheppard Mullin attorney was actively involved in and appeared at every day of trial. Notwithstanding the Court's multiple admonishments, Counter-Claimants' counsel's misbehavior escalated even further after mistrial, as detailed in MGA's pending Motion for Further Sanctions. That included Counter-Claimants' counsel's personal attack on MGA's lead counsel, making grossly inappropriate, false, and inflammatory claims she is a racist. Importantly, Sheppard Mullin appeared on the caption page of that filing, and they apparently consented to its improper content.

The Letter also reveals Sheppard Mullin *still* minimizes and finds no fault in Ms. Ranahan and the Winston firm's misconduct, including in deliberately defaming opposing counsel. Like Ms. Ranahan and the Winston firm, Sheppard Mullin fails to even acknowledge or account for the serious reputational harm Ms. Ranahan's baseless accusations caused to a well-respected pillar of the legal community. Nor does it address the harm caused to MGA and this Court, given Ms. Ranahan made her false accusations knowing they would be widely reported in the media and influence the public from which a new jury will be selected. Ms. Ranahan has never apologized, nor does the Letter. Instead, the Letter only underscores the need for the requested sanctions.

And the Letter's reference to MGA's requests for sanctions in two other cases—each nearly two decades' old—should be disregarded. The Letter does not try to explain the factual circumstances of the unrelated requests for sanctions in unrelated litigation. MGA's battle with Mattel involved over 10,000 filings. Its requests for sanctions were made by other counsel. Sheppard Mullin's attempt to deflect from blame on Ms. Ranahan and her firm, and suggest it somehow was

prompted by an overzealous litigant rather than Ms. Ranahan and the Winston firm's wrongful conduct, only underscore that Counter-Claimants and their counsel refuse to take any accountability, do not take their misbehavior seriously, and that sanctions are necessary.

Besides its substantive deficiency, Sheppard Mullin's Letter also is procedurally improper.

First, MGA's motion seeks sanctions against Ms. Ranahan and the Winston firm. It did not seek sanctions against Sheppard Mullin or its attorneys. Sheppard Mullin therefore does not have standing to oppose a motion which does not concern it.

Second, even if Sheppard Mullin did have standing, its Letter violated Central District Local Rule 7-9, which required any opposition to MGA's Motion for Further Sanctions to be filed by February 17, 2023. Sheppard Mullin waited until March 9, 2023—nearly three weeks after the opposition was due, ten days after MGA's reply brief, and *even two days after the Court took the matter under submission*—to file their untimely letter, with no leave from the Court to do so.

MGA respectfully requests that the Court disregard Sheppard Mullin's Letter and grant MGA's Motion for Further Sanctions.

Dated: March 10, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian
3

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OBJECTION TO LETTER IN SUPPORT OF WINSTON & STRAWN'S OPPOSITION TO MGA'S MOTION FOR SANCTIONS

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian, certifies that this brief contains 857 words, which complies with the word limit of L.R. 11-6.1

Dated: March 10, 2023

KELLER/ANDERLE LLP

By: _____

Chase A. Scolnick

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

4

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S OBJECTION TO LETTER IN SUPPORT OF WINSTON & STRAWN'S OPPOSITION TO MGA'S MOTION FOR SANCTIONS