UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | March 14, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] <u>Order Regarding Motion for Summary Judgment [621]</u>**

Before the Court is a motion to modify the scheduling order and final pretrial conference order, and a motion for summary judgment or partial summary judgment filed by Plaintiffs/Counter-Defendants MGA Entertainment, Inc. and Isaac Larian (collectively, "MGA"). (Mot., Dkt. No. 621.) The "Law and Motion" cutoff was June 13, 2022. (<u>See</u> Dkt. No. 88.) This is MGA's second motion for summary judgment. (<u>See</u> Dkt. No. 326.)

A party must show good cause to modify the Scheduling Order. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607–08 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Orders after a final pretrial conference "shall be modified only to prevent manifest injustice." <u>Id.</u> (quoting Fed. R. Civ. P. 16(e)). True, a district court *may* "entertain successive motions for summary judgment." <u>Hoffman v. Tonnemacher</u>, 593 F.3d 908, 911 (9th Cir. 2010). But "[d]istrict courts have limited resources (especially time)." <u>Roberts v. Marshall</u>, 627 F.3d 768, 773 (9th Cir. 2010). Modifying the scheduling order and final pretrial conference order to allow MGA to move for summary judgment again would not prevent any manifest injustice. <u>See</u> Fed. R. Civ. P. 16(e). Moreover, the present summary judgment motion comes very late in the litigation which detracts from any showing of good cause. The Court's usual cut off for dispositive motions is eleven weeks before trial. (Dkt. No. 10, Ex A.) At this point, the parties' efforts are better focused on the retrial which commences May 9, 2023.

Accordingly, the Court **DENIES** the motion to modify the Scheduling Order and **DENIES** the motion for summary judgment or partial summary judgment as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548 JVS (AGRx) | Date | March 14, 2023 |
|---|---|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

The Court finds that oral argument would not be helpful in this matter and the Court **VACATES** the April 10, 2023, hearing. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**