KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California  92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
Laurence Cheng (SBN 306299)
Laurence.cheng@mgae.com
9220 Winnetka Avenue
Chatsworth, California  91311
Telephone:  (818) 894-2525

*Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>      Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' REQUEST FOR SCHEDULING CONFERENCE AND/OR ORDER RE PRETRIAL DEADLINES**<br><br>Complaint Filed:  December 20, 2020<br>Trial Date:   May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>      Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>      Counter-Defendants. | |

## I.   **INTRODUCTION**

On February 2, 2023, the Court held a status conference to discuss the resetting of the trial date, after a mistrial had been declared on January 25, 2023.  At that conference, the parties and Court identified May 9, 2023 as a potential trial date, even though MGA's lead counsel has a scheduling conflict that will cause her to become unavailable starting June 1, 2023.  Based in part on the Harris Parties' counsel's representation they could trim their case to allow for completion of trial before June 1st, and the desire of all parties and counsel to begin retrial as soon as possible, the Court set May 9, 2023 as the new trial date.  The Court also suggested the parties discuss a "schedule for disclosures in advance leading to the May trial."  *See* Dkt. No. 599-2 (2/2/23 RT) at p. 15 (of 16).  The Court also invited the parties to contact the clerk "[t]o the extent we need any further status conferences" so such conferences could be scheduled.  *Id.* at p. 7 (of 16).[1]  The need for such a conference has arisen.

The parties have engaged in various correspondence regarding a schedule of pretrial deadlines since the February 2nd status conference.  MGA has taken the lead on attempting to establish dates and deadlines to allow for an orderly and efficient presentation at trial.  Following discussion between the parties, MGA's counsel sent a detailed proposed schedule to the Harris Parties' counsel on March 12th.  The Harris Parties' counsel responded with a counterproposal on March 17th.  The parties thereafter conferred in good faith on March 17th but could not agree on a schedule.  Although the parties discussed making a joint submission to the Court with each side's proposed schedule, the Harris Parties objected to MGA's inclusion of its explanation and justification for its proposed dates, while also making counterproposals regarding dates that would be untenable and lead to the same rushed circumstances that led to the mistrial.

---

[1]    Given the Court's instruction, MGA will e-mail the Clerk an ECF-stamped copy of this Request promptly after its filing and alert her to MGA's request for a status conference.

-1-

MGA therefore respectfully requests that the Court set a scheduling conference, either in person or telephonically, at the earliest opportunity so various pretrial and disclosure deadlines can be established. Alternatively, to the extent the Court believes a conference is unnecessary or cannot be held in the immediate future, MGA respectfully requests the Court adopt MGA's proposed deadlines set forth below and in the corresponding [Proposed] Order.

## II.    MGA'S PROPOSAL RE PRETRIAL DEADLINES

MGA strongly believes that before the May 9, 2023 trial, the parties must adhere to a pretrial disclosure schedule that provides both the parties and the Court sufficient time. As MGA has noted in its prior filings, the first trial was beset by problems due largely to the Harris Parties' excessive and shifting deposition designations, which continued through trial and left the parties and the Court with insufficient time to evaluate, consider, and rule on the testimony to be played to the jury. At the February 2nd conference, the Court stated:

> Part of the trouble with the last trial is that it was conducted in rushed and pressured circumstances. We will not have that for the second trial. If I am asked to make rulings, whatever material I'm asked to rule upon will be submitted to me in sufficient time so that I make a considered, thoughtful, and timely ruling. If we need to delay things, I will delay things. I will not rush. I will not be rushed.

*See* Dkt. No. 599-2 (2/2/23 RT) at 10:7-14 (p. 11 of 16).

MGA has proposed a schedule of pretrial deadlines and disclosures to the Harris Parties that is fair to both parties and avoids the same problems that plagued the last trial. As outlined below, MGA asserts the parties should allow the Court at least two weeks before trial to review and rule on the parties' voluminous designations.[2] MGA also requests one to two court days to review each of the Harris

---

[2]    Before the first trial, the Harris Parties designated 16 witnesses' depositions. For many of those witnesses, the Harris Parties designated nearly the entire deposition.

-2-

1    Parties' designated witness's depositions, which is necessary to prepare specific and
2    narrowly tailored objections and counter-designations.  Given the posture of this
3    litigation, both parties have had sufficient time to create their own initial designations
4    and should be prepared to exchange them this week.  There is no reason to further
5    delay the initial designation exchange, which would needlessly rush the parties and
6    the Court.  MGA further asserts neither party should be permitted to amend their
7    designations after the initial exchange.[3]

8        To allow the parties and the Court sufficient time to evaluate, consider, and
9    rule on the Parties' designations, and to ensure an efficient trial, MGA respectfully
10   requests that the Court adopt MGA's proposed schedule and issue an order as
11   follows:

12       1.    March 24, 2023:  By this date, MGA and the Harris Parties (each a
13   "Party" and, collectively, "Parties") shall exchange with each other their initial
14   deposition designations for all witnesses that Party intends to call at trial by
15   deposition.  The designations must only include those portions the Party intends in
16   good faith to play at trial.  No Party's total designations can exceed 300 pages.  No
17   Party may amend or change their deposition designations after the initial exchange.

18       2.    April 3, 2023: By this date, the Harris Parties will disclose Mr. Christian
19   Tregillis's supplemental expert report.

20       3.    April 10, 2023: By this date, MGA will disclose Dr. Russel Mangum's
21   supplemental expert report.

22

23

24

---

25   [3]    The Harris Parties amended their designations several times up to and during
26   the last trial.  This forced MGA to divert its trial resources to review the
     amendments and determine whether they omitted testimony or evidence MGA
27   sought to admit through that deposition or another witness's testimony, and then
     respond by creating its own new designations or preparing to call additional
28   witnesses.

4.      April 12, 2023:  By this date, the Parties shall exchange with each other their (a) objections to the opposing Party's designations and (b) counter-designations. The Parties may not amend or change their designations after the initial exchange.

5.      April 19, 2023:  By this date, the Parties shall exchange with each other their objections to the opposing Party's counter-designations.

6.      April 20, 2023:  By this date, after meeting and conferring, the Parties shall jointly file with the Court all designations and counter-designations, and objections thereto, in the form required under Local Rule 16-2.7.

7.      April 25, 2023:  By this date, the Parties shall file an updated Joint Witness List and an updated Joint Exhibit List.  The Parties are to meet and confer at least seven (7) court days before such filing about any changes made to their witness lists or exhibit lists since their prior filings docketed as Dkt. No. 517 (Updated Joint Witness List) and Dkt. No. 518 (Joint Amended Exhibit List).

8.      If any Party wishes to call as a live witness a witness that Party previously designated in their case by deposition, that Party must notify the opposing party in writing at least ten (10) court days before calling that witness as a live witness.

9.      The Parties will exchange any graphics they seek to use in their opening statements by 5:00 p.m. the day before opening statements.  The parties will meet and confer regarding any objections by 7:00 p.m.  If the Parties are unable to resolve any objections to the opening statements, then they must raise those objections with the Court on the morning the opening statements are to be presented.

10.     The Parties will disclose to each other their daily witness lists at the close of business two court days before calling those witnesses. If there are any disputes about the order of witnesses, the parties will address them with the Court at the earliest reasonable opportunity, outside the presence of jury.

11.     The Party calling each witness will disclose to the other Party their exhibits by 6:00 p.m. the day before the witness testifies, and the opposing Party will

-4-

1  disclose all non-impeachment exhibits they intend to introduce on cross-examination

2  by 7:00 p.m.  The Parties will meet and confer at 8:00 a.m. regarding any objections

3  before the witness testifies.  If the Parties are unable to resolve any disputes about the

4  exhibits, the parties will address them with the Court on the morning on which they

5  are to be used, before the jury is called.

6      The Harris Parties' suggested they may hold back at least some of its

7  deposition designations and then designate additional deposition testimony as part of

8  its "rebuttal."  MGA opposes the Harris Parties' proposal regarding purported

9  "rebuttal" deposition designations, which the Harris Parties propose can be first

10 identified and disclosed *during* trial with less than two days' notice.  There is no

11 reason that all deposition designations should not be identified and disclosed per the

12 schedule outlined above.  Besides inviting gamesmanship and needless prejudice, the

13 Harris Parties' proposal provides inadequate notice—as testimony would be

14 identified for the first time during trial with insufficient notice and provided to the

15 Court only hours before the Harris Parties seek to present it—and would create the

16 same circumstances that led to the mistrial.  Further, any rebuttal evidence to be

17 presented by the Harris Parties must be limited to proper rebuttal, rather than attempts

18 to introduce evidence and testimony which could have and should have been

19 introduced in the Harris Parties' case-in-chief.  And MGA should be permitted to

20 present the testimony in the Harris Parties' rebuttal case of any available witness the

21 Harris Parties seek to present by deposition.

## III.  CONCLUSION

23     MGA respectfully requests that the Court hold a scheduling conference at the

24 earliest opportunity and/or issue an order adopting MGA's schedule proposed above.

-5-

1    Dated: March 21, 2023                    KELLER/ANDERLE LLP

2                                    By:    _____

3                                            Chase A. Scolnick

4                                            Attorneys for Plaintiff and Counter-
                                             Defendant MGA Entertainment, Inc., and
5                                            Counter-Defendant Isaac Larian

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28