Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Cesie Alvarez (*pro hac vice*)
calvarez@winston.com
Jiepu (Bobby) Li (SBN: 342224)
bli@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: 713-431-7100

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA
"TINY" HARRIS, OMG GIRLZ LLC, and
*Counter-Claimants* GRAND HUSTLE, LLC,
PRETTY HUSTLE, LLC and OMG GIRLZ LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No.  2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' BRIEF REGARDING MGA'S UNTIMELY PRODUCTION OF BRATZ DOLLS EVIDENCE** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ......................................................................................2

    A. The Bratz and Moxie Images ......................................................................2

    B. MGA's Discovery Obligations ....................................................................3

    C. MGA Prevented the OMG Girlz from Obtaining Substantive Discovery Related to Inspiration .................................................................4

III. LEGAL STANDARD .............................................................................................4

IV. ARGUMENT ..........................................................................................................5

    A. MGA's Disclosure of Doll Images Is Untimely .........................................5

    B. MGA Should Not Be Allowed to Use the Highly Prejudicial Bratz Dolls or Argue any Doll was an Inspiration for the OMG Girlz ................7

V. CONCLUSION .......................................................................................................7

DEFENDANTS' / COUNTERCLAIMANTS' BRIEF REGARDING MGA'S UNTIMELY PRODUCTION OF BRATZ DOLLZ EVIDENCE

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A. Farber & Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 4

*Core v. Casino Ctr., LLC*,
2021WL 3148875 (C.D. Cal. Mar. 22, 2021) ............................................. 5

*Goodman v. Staples The Office Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011) ...................................................................... 5

*Ollier v. Sweetwater Union High Sch. Dist.*,
768 F.3d 843 (9th Cir. 2014) ...................................................................... 6

*Plexxikon Inc. v. Novartis Pharm. Corp.*,
2021 WL 2255885 (N.D. Cal. June 3, 2021) ........................................... 5, 7

*Poitra v. School Dist. No. 1 in the Cnty. of Denver*,
311 F.R.D. 659 (D. Colo. 2015) ................................................................. 6

*Vincent v. Classic Party Rentals, Inc.*,
2009 WL 10674433 (C.D. Cal. Oct. 22, 2009) .......................................... 5

**Other Authorities**

Fed. R. Civ. P.
26 ............................................................................................................... 6
26(1)(A)(ii) ................................................................................................. 5
26(a) ........................................................................................................... 5
26(a)(1)(A)(i) ............................................................................................. 6
33 ............................................................................................................... 1
34 ........................................................................................................... 1, 4
37(c)(1) ...................................................................................................... 5

## I. INTRODUCTION

On April 4, 2023, MGA produced images of their Bratz and Moxie Girlz ("Moxie") line of dolls, intending to use them as trial exhibits. MGA intends to use the Bratz and Moxie line of dolls to flip this entire case on its head by making the prejudicial claim that somehow the OMG Girlz are the true infringers and stole elements of their look from MGA's Bratz and Moxie dolls, despite the fact that MGA has no such claim against the OMG Girlz, nor are Bratz or Moxie dolls at issue in this case. The OMG Girlz should not be prejudiced just because MGA decided to change its theory a year after discovery closed. MGA has known that the OMG Girlz' trade dress and likeness were the core issue in this case since MGA brought suit. The OMG Girlz knew as well, which is why they issued discovery requests seeking the documents MGA intended to rely on to challenge the OMG Girlz' rights. *See* Declaration of John Keville ("Keville Decl.,") Ex. A (Request Nos. 4, 5, 23, 25, 35, 36, 46, 59, 84). MGA never produced these documents despite now informing the Court that they are business records from unknown individuals.

Because MGA has waited this long to develop this theme and provide these documents, it has essentially stonewalled the OMG Girlz from fully investigating the issue during discovery and building its own defense to such baseless, irrelevant allegations. Instead, the OMG Girlz relied on MGA's repeated assurances after discovery closed that MGA had fully complied with their discovery obligations under Rules 33 and 34. Admitting the late-produced Bratz doll and Moxie Girlz images at trial would result in substantial prejudice to the OMG Girlz, not only because the documents were not timely disclosed, but also because the Bratz and Moxie dolls are not the works at issue in the case, as MGA conceded in its opening, and therefore would only distract and confuse the jury.

Mindful of the court's limited time, the OMG Girlz respectfully request the Court prohibit MGA's reliance on (1) any documents or images containing the Bratz and/or Moxie dolls as summarized in the chart below, and (2) any suggestion that the OMG

Girlz copied the Bratz and/or Moxie Dolls.

| Trial Exhibit Number | Description |
|---|---|
| 5450 | Image of doll from "Bratz Babyz" doll line |
| 5452 | Image of doll from "Bratz Live in Concert" doll line |
| 5453 | Image of doll from "Bratz Pretty in Punk" doll line |
| 5513 | Images of Bratz and Moxie dolls and accessories that MGA released between 2005 and 2009 (Dkt. 621-14) |

## II.   STATEMENT OF FACTS

### A.   The Bratz and Moxie Images

During the previous trial, MGA attempted to inject a series of previously unproduced and unauthenticated images of Bratz and Moxie dolls as substantive evidence through its late-disclosed exhibit list. *See e.g.,* Trial Exs. 5450, 5452. In its opening statements, MGA unveiled two theories for the first time: (1) that the OMG Girlz copied elements from MGA's Bratz and Moxie dolls, and (2) that the OMG Dolls were an extension of the Bratz line. *See* Ex. B (Jan. 18, 2023 Trial Tr. at 66:24-25 ("The OMG Girlz lifted their iconic look from other celebrities and our dolls")); Ex. B at 72:9-73:13 (noting that MGA's response to the Bratz doll success was the L.O.L. Surprise! dolls and that "[t]hey had the same large eyes, diverse skin colors, and the same bright hair and clothes as the Bratz dolls"). MGA intended to introduce Bratz and Moxie related exhibits at trial though they were never previously disclosed.

MGA has now represented to the Court that it is not using the Bratz and Moxie related exhibits to state that they were an inspiration behind its OMG Dolls but wants to proceed with a different theory—: that the OMG Girlz copied MGA's dolls. On April 4, 2023, four months after the mistrial and on the eve of the new trial, in an apparent effort to bolster this eleventh hour theory, MGA produced to the OMG Girlz a document styled as Trial Exhibit 5513—a compilation of previously undisclosed images of Bratz and/or Moxie lines of dolls sold by MGA. The images in MGA's Trial Exhibit 5513 are

different still from the Bratz images MGA sought to admit in the previous trial and appear to show un-released or rare Bratz doll products presumably made by MGA (if at all) sometime over 10 years ago. These new images were never produced, identified, disclosed, or used as part of any deposition. MGA provided no source for the images, and no custodians were named in connection with these documents. Just as in the first trial, the OMG Girlz objected to MGA's potential use of these entirely new Bratz and Moxie documents which had been in MGA's possession but were not timely disclosed during discovery. During a meet and confer on April 21, MGA stated that (1) these documents were retrieved from MGA's internal files, and (2) they would not identify whose files the documents came from, but they would provide an unnamed witness at trial to testify the documents are business records. Keville Decl., ¶ 2. MGA apparently is not intending to offer any witness to explain how the documents came to be in MGA's files, what they relate to, or that the pictures represent dolls that were actually made.

### B. MGA's Discovery Obligations

During the same meet-and-confer, MGA also indicated that these documents would be used to support its theory that the OMG Girlz copied elements from MGA's dolls. *See id.* MGA did not explain why these documents were not identified or produced during discovery. The OMG Girlz issued many discovery requests to MGA plainly directed towards documents concerning and challenging the OMG Girlz' intellectual property rights, including RFP Nos. 4, 5, 23, 25, 35, 36, 46, 59, 84. For example, RFP No. 84 sought all documents "relating to OMG Girlz LLC's copyrights, trademarks or asserted trade dress being invalid, defective, or not enforceable." Ex. A. MGA's Bratz and Moxie images are squarely responsive to at least RFP No. 84 as MGA intends to use the Bratz and Moxie images to challenge the OMG Girlz' trade dress and likeness, in an unfairly prejudicial way. MGA also raised affirmative defenses that would have called these documents into question (Dkt. 65) and the OMG Girlz issued a Special Interrogatory No. 13 requesting the "complete factual basis for each [of MGA's] affirmative defense[s]." Ex. C.

### C. MGA Prevented the OMG Girlz from Obtaining Substantive Discovery Related to Inspiration

The OMG Girlz' opportunity to conduct discovery regarding the inspiration for the OMG dolls, including the specific issue of the Bratz dolls, was circumscribed by MGA's pattern of discovery misbehavior. As detailed in previous filings, MGA failed to impose a litigation hold, failed to search their largest file repositories containing inspiration evidence, unilaterally limited the scope of discovery only to a subset of the dolls at issue, and improperly attempted to shift the burden onto the OMG Girlz to identify responsive documents in MGA's possession.[1] MGA continuously represented that not only were its productions unaffected by its failure to implement a litigation hold, but that its productions were complete. These late-produced Bratz and Moxie doll images show that this was anything but true.

### III. LEGAL STANDARD

A party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's possession, custody or control. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). A party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, "[a] party responding to a Rule 34 production request ... 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" *Id*. (citing *Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation

---

[1] *See* Dkt. 190, Ex. U at 165:3-17 (testifying that search terms were not applied to documents beyond email files); *Id*., Ex. U at 165:3-17, 36:13-17, 70:16-21 (MGA document collection designee testifying that he was only instructed to collect documents on employees' computers and did not collect any files from MGA's network drives where most design files are kept); *Id*., Ex. Z at 157:16-158:2 (MGA witness testifying that inspiration images were exchanged via text message and never produced); *Id*., Ex. M (May 16, 2022 email from MGA stating it had "only gathered, searched for, and produced mood boards for the OMG Dolls" it unilaterally limited the case to); Dkt. 225-2 (declaration filed by MGA's counsel confirming that it had not implemented a litigation hold); Dkt. 190, Ex. M. (MGA stating in a May 9, 2022, email after close of discovery that "if there are specific 'reference photos' that you believe are relevant, are responsive to a document request, and have not been produced, please let us know and we will attempt to identify them for production").

omitted)). Under Rule 37(c)(1) a party is forbidden from using any information at trial not properly disclosed under Rule 26(a). *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

## IV.   ARGUMENT

### A.   MGA′s Disclosure of Doll Images Is Untimely

MGA concedes that the Bratz dolls images at issue are directly responsive to multiple discovery requests from the OMG Girlz first issued in October of 2021, and that this information was not produced for nearly 18 months, despite MGA's multiple supplements. MGA cannot reasonably argue that it only recently discovered or obtained the Bratz and Moxie dolls evidence, when MGA supposedly created these dolls more than 10 years ago and are now claiming them as sources of inspiration for the O.M.G. dolls' designs. MGA knew or should have known that it had a duty to produce the Bratz and Moxie documents during discovery if it intended to rely on this theory. MGA's attempt to raise new Bratz and Moxie images at this late stage contradicts the basic rule of fairness that a party cannot rely on evidence it refused to disclose in discovery. *See e.g., Plexxikon Inc. v. Novartis Pharm. Corp.*, 2021 WL 2255885, *5 (N.D. Cal. June 3, 2021) (granting motion *in limine* to exclude undisclosed evidence because "[a]llowing Defendant to introduce evidence… when Plaintiff was unable to probe the veracity or scope of this evidence is unfair"); *Vincent v. Classic Party Rentals, Inc.*, 2009 WL 10674433, at *3 (C.D. Cal. Oct. 22, 2009) ("The court notes that one of the principal goals of discovery is to prevent trial by ambush and surprise… [c]onfronting [new] evidence for the first time at trial would place Classic at a material and significant disadvantage"). Its failure to timely disclose clearly relevant and responsive evidence is neither justified nor harmless.

MGA argues however that there was no need to disclose the documents because the image are publicly available. That is contrary to the Federal Rules. Fed. R. Civ. P. 26(1)(A)(ii) (requiring a party to disclose any evidence it intend to use with no "publicly available" exception); *see also Core v. Casino Ctr., LLC*, 2021 WL 3148875, *5 (C.D.

5

Cal. Mar. 22, 2021). This is yet another attempt to improperly shift the burden of identifying responsive documents to the OMG Girlz. This argument also flies in the face of MGA's own positions, as it has repeatedly sought to exclude publicly available evidence of the OMG Girlz' success, relying on the disclosure requirements of Rule 26. *See* Dkt. 556 (MGA's Opposition to the OMG Girlz' Offer of Proof to introduce a publicly available YouTube video arguing that "Counter-Claimants could have, and should have, produced this video before discovery closed"). MGA can't have it both ways, either publicly available evidence comes in or it does not. While MGA is trying to provide a different pretext by focusing on the OMG Girlz inspiration, the practical reality is that the evidence would go to an improper purpose as well: inspiration of the OMG dolls.

MGA's remaining argument that Bratz Dolls were "discussed" in Paula Garcia's deposition is similarly meritless. The Ninth Circuit and numerous other jurisdictions have held that oblique references to discoverable information do not absolve a party's duty to formally disclose that information under Rule 26. *See, e.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition…does not satisfy a party's disclosure obligations."); *Poitra v. School Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659 (D. Colo. 2015) ("a passing and perhaps oblique reference to an individual during a deposition should not presumptively equate to a Rule 26(a)(1)(A)(i) disclosure" and "the phrase 'otherwise made known to the parties during the discovery process' should not be broadly applied to … give a party license to engage in ambush"). As in those cases, Paula Garcia's passing mention of the Bratz dolls in her deposition, without identifying any specific dolls or offering any details about the nature of the purported inspiration, is entire insufficient to substitute as disclosure for MGA's untimely Bratz evidence. *See* Ex. D (Apr. 13, 2022 Dep. Tr. at 57:12-18 (testifying that MGA's strategy for a new "GIRLZ collectible brand" stemmed from "success we had created in a brand called Bratz a number of years prior").

### B. MGA Should Not Be Allowed to Use the Highly Prejudicial Bratz Dolls or Argue any Doll was an Inspiration for the OMG Girlz

Given that MGA has displayed a pattern of inability or unwillingness to meet its discovery obligations, has created a new, unchallenged theory, and has actively curtailed discovery into pre-2018 sources of inspiration evidence claiming the existence of such evidence to be "impossible" (*see* Dkt. 188 at ¶ 5), MGA should not now be permitted to rely on Bratz dolls from 2005-2009 as inspiration for anything OMG. Allowing MGA to introduce new theories now when the OMG Girlz were "unable to probe the veracity or scope of this evidence is unfair." *Plexxikon Inc.*, 2021 WL 2255885 at *5. This prejudice is further amplified by the fact that MGA has indicated someone will testify that they are business records, but this does nothing to prove they are authentic or that there is a foundation for anyone to speak on them. Suspiciously, MGA refuses to identify whose files the documents came from. Hiding the ball while trying to use late-disclosed documents only further warrants their exclusion.

Additionally, per MGA's argument to Magistrate Judge Rosenberg, it should also not be able to reference this theory at all. In that dispute, MGA's position is that a few late-discovered emails from the Harris parties that merely corroborate prior witness testimony on a theory that *was disclosed* in the course of discovery—unlike MGA's theory here—warrants excluding any mention of prior disclosed facts. The same would then be true here. However, as the OMG Girlz explained to the Magistrate Judge, failure to disclose documents should not warrant exclusion of facts or theories that were otherwise properly disclosed. This issue should rise or fall on the documents alone. And since they involve the same issue, the OMG Girlz propose that the correct resolution is that the documents be excluded in both cases or admitted in both cases, and that only prior disclosed theories be allowed at trial.

### V. CONCLUSION

For the reasons above, the OMG Girlz request that MGA's belatedly produced documents related to the Bratz dolls be excluded from use at trial.

Dated: April 28, 2023

Sheppard, Mullin, Richter & Hampton LLP

By: /s/ *John Keville*
    John Keville
*Attorney for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*