KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' RESPONSE TO HARRIS PARTIES' BRIEF REGARDING THEIR LATE PRODUCED E-MAIL EXHIBITS FROM TAMEKA "TINY" HARRIS, AND REQUEST FOR LIMITED ADDITIONAL RELIEF**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: May 9, 2023<br><br>**[REDACTED VERSION]** |

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' BRIEF RE THEIR LATE PRODUCED E-MAIL EXHIBITS FROM MS. HARRIS

## I. INTRODUCTION

On May 1, 2023, Judge Rosenberg held a hearing on the Harris Parties' late production of e-mails from Tameka Harris' e-mail account at ▮▮▮▮ that had not been searched until recently *despite the Harris Parties' counsel representation to this Court that all of Ms. Harris' e-mail accounts had been searched using search terms over a year ago*. At the May 1st hearing, the Court recommended various relief, including that the Harris Parties submit the non-privileged documents which were search term hits from the previously-unsearched e-mail account for an in camera review and confirm no other email accounts exist for the identified custodians. Dkt. 654.

MGA understands that the Harris Parties' current counsel confirmed within the last week that the agreed-upon search terms were run on the ▮▮▮▮ account. At the hearing, the Harris Parties' counsel also represented that a vendor ran the agreed-upon search terms on the other accessible accounts identified by the Harris in their filing on Saturday, April 29th ("Other E-mail Accounts"). *See* Dkt. 644-1 at 11 (of 14). This representation was unclear and nonspecific on timing in ways critical to confirming a proper search on these accounts was done, but the Harris Parties' counsel's representation implied that the Other E-mail Accounts were searched only by the Harris Parities' prior counsel. This is troubling, as prior counsel withdrew from this case *before* search terms had been agreed upon (and certainly before "Isaac" and "Larian" were ordered added to the search terms in April 2022).[1]

Therefore, in addition to the relief recommended by Judge Rosenberg on May 1st, MGA respectfully requests that the Court order the Harris Parties to submit a declaration from their vendor verifying that each of the agreed-upon search terms was

---

[1] Because the parties made concurrent filings, MGA could not know much of the information in the Harris Parties' submission, which had not been disclosed during the meet and confer discussions or at the prior hearing with Judge Rosenberg. The Harris Parties ultimately filed their brief and supporting documents a day late, on April 29, 2023. MGA did not have the opportunity to respond in writing.

-1-

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' BRIEF RE THEIR LATE PRODUCED E-MAIL EXHIBITS FROM MS. HARRIS

applied to all the Other E-mail Accounts (and any others identified in response Judge Rosenberg's directive to confirm no others exist).

## II.  FURTHER BACKGROUND

The Harris Parties were represented in this case by attorney Peter Haviland and The Wheaton Law Group until Mr. Haviland's motion to withdraw was granted on February 9, 2022.  *See* Dkt. 73.  Shortly thereafter, Erin Ranahan and her firm, Winston & Strawn LLP, appeared in this case as new counsel for the Harris Parties. Dkt. 79-80.  Later, in March and April 2022, the parties had various discussions and conferences with Judge Rosenberg about ESI and e-mail searches.  During those discussions, the Harris Parties' counsel, Ms. Ranahan, sent an e-mail to the Court asserting that they had searched and produced (or would produce) "***all*** known available ***email addresses (both personal and business)*** within our possession, custody or control . . . ***from 2009 to the present***" for various custodians.  The identified search terms included "Bratz," "Doll", "L.O.L.," "MGA," and "OMG Girlz."  Later, in early April 2022, the Harris Parties agreed to add the search terms "Isaac" and "Larian," and the Court so ordered.  *See* Dkt. 112.  The agreed-upon and ordered custodians were Tameka Harris, Christina Robinson, Zonnique Pullins, Pretty Hustle, and Grand Hustle.

In their recent filings, the Harris Parties have revealed that besides Ms. Harris' previously unsearched e-mail account at 1majorgirl@gmail.com, the five custodians collectively had six personal or business e-mail addresses (one of which was inaccessible), i.e., the "Other E-mail Accounts."  While the Harris Parties previously stated they had searched all business and personal e-mail accounts for the identified custodians, the Harris Parties' recent filing was the first time they identified the specific accounts they claim to have searched in March and April 2022 consistent with Ms. Ranahan's representations.

But Ms. Westmoreland's recent declaration states that the Other E-mail Accounts "were searched by prior counsel." Dkt. 645-1.  The Harris Parties made a

-2-

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' BRIEF RE THEIR LATE PRODUCED E-MAIL EXHIBITS FROM MS. HARRIS

similar representation at the May 1st hearing—that the Other E-mail Accounts were searched by prior counsel.  But prior counsel had exited this case nearly two months *before* all of the search terms had been agreed to and *before* Ms. Ranahan's representations that those search terms would be applied on the Other E-mail Accounts.  There is no representation in the Harris Parties' filings that anyone other than former counsel searched the Other E-mail Accounts.  The Harris Parties did claim at the May 1st hearing that an unidentified vendor ran the search terms but, given the only searches appear to have been done while Mr. Haviland was counsel of record, it is unclear how the vendor who ran the searches could have employed the search terms agreed to months after Mr. Haviland left the case.

MGA's concerns grew when it searched the Harris Parties' productions for the Other E-mail Addresses first disclosed in the Harris Parties' April 29th filing and which apparently were the accounts searched during the discovery period.  The Harris Parties' document production contains *zero* e-mails from two of the five accessible Other E-mail Accounts and only two hits for a third account.  One of the e-mail accounts with zero hits was ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  It strained credulity that the search term "OMG Girlz" (among others) would produce zero hits in an e-mail account where that name—"▬▬▬▬"—is included in the e-mail address itself.

### III. **MGA Requests Limited Additional Relief Based On These Discrepancies In The Harris Parties' Submission**

While the Harris Parties have sought to downplay any concerns, they have provided no information to appease MGA's legitimate concerns on this issue.  And while there may be a reasonable explanation, it has not been provided thus far.  Therefore, MGA asks that Judge Rosenberg recommend, and the Court order, the Harris Parties provide a declaration from the unidentified vendor with basic information that:

1. Confirms the identified search terms—"Bratz," "Doll," L.O.L.," "Radio One," "MGA," "OMG Girlz," "Isaac," and "Larian"—were run on the five

-3-

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' BRIEF RE THEIR LATE PRODUCED E-MAIL EXHIBITS FROM MS. HARRIS

accessible e-mail accounts identified in the Harris Parties' filing as Dkt. 644-1 (*i.e.*, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓);

2. States the date or approximate date on which the above searches were run; and

3. Verifies that the documents resulting from the above searches were provided to the Harris Parties' counsel.

If the unidentified vendor is somehow unavailable to provide a declaration, the Harris Parties should submit a declaration from their counsel (1) verifying that the above-searches were run, (2) verifying that responsive documents from the search term hits on those accounts were produced, (3) identifying the vendor who assisted with the collection and search, and (4) providing any correspondence or documents from the unidentified vendor or others showing the searches were run. To the extent the Harris Parties assert a claim of work product over any correspondence with the unidentified vendor or others, the Harris Parties can submit such materials to Judge Rosenberg for *in camera* review, and the attorney declaration can merely describe generally the documents submitted for such *in camera* review.

Provided these searches were done as claimed, the basic evidentiary showing requested by MGA from the vendor or, if necessary, counsel should be easy to provide.

Dated: May 3, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

-4-

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSE TO HARRIS PARTIES' BRIEF RE THEIR LATE PRODUCED E-MAIL EXHIBITS FROM MS. HARRIS