KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California 92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
9220 Winnetka Avenue
Chatsworth, California 91311
Telephone: (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' REPLY TO HARRIS PARTIES' RESPONSE BRIEF RE SUBMISSION RE DKT. 658**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | |

The narrow matter before the Court is whether MGA may argue at trial that the OMG Girlz intentionally copied Bratz dolls in creating their look. Dkt. 657. In its response (Dkt. 671), the Harris Parties try to obscure and expand the issue to something more extensive. The Harris Parties acknowledge, as they must, that MGA has pursued throughout this case the theory that the OMG Girlz' alleged trade dress is not distinct or worthy of legal protection. *See* Dkt. 671 at 5. And the Harris Parties acknowledge witnesses were asked and testified at deposition about Bratz dolls and their pre-existing looks. *Id*. And MGA produced images of its Bratz dolls over a year ago in discovery and as evidence to support its summary judgment motion. As set forth in its prior filings (Dkt. 649, 660), MGA believes the theory that the OMG Girlz affirmatively copied the Bratz dolls has been adequately disclosed and that MGA should be allowed to argue that reasonable inference to the jury. But even if the Court disagreed with MGA, and were to grant the relief requested by the Harris Parties, it would only apply to the specific theory about the OMG Girlz copying the Bratz dolls. It would not apply to any evidence that the OMG Girlz are not distinct, such as that they employed looks redundant and derivative of other looks in popular culture, fashion, and musical acts.

The Bratz dolls and their styles were released and had cultural significance before the OMG Girlz, and are among the prior art existing before the OMG Girlz. The Harris Parties' last-minute motion does not seek to preclude such evidence, only the legal theory that the OMG Girlz copied their look from those Bratz, and there is no issue before the Court regarding anything more expansive. While the Harris Parties' response largely frames the issue accurately as one limited to the legal theory that the OMG Girlz intentionally copied the Bratz dolls, their brief occasionally steers beyond that into a suggestion that MGA should be precluded from arguing whether the OMG Girlz "are similar to . . . or are derivative of" Bratz dolls (dkt. 671 at 7), which is far different from MGA being precluded from arguing the OMG Girlz copied their looks from Bratz. If the Harris Parties could shield the jury from

-1-

evidence the OMG Girlz' are not original or distinct (including evidence showing the existence of the styles of Bratz), the Harris Parties would grossly mislead the jury and improperly be permitted to argue distinctiveness without being subject to contrary evidence.

While MGA believes the Harris Parties' motion should be denied in its entirety, any relief the Court does grant should be limited to the narrow issue regarding MGA being permitted to argue the legal theory of copying.

Dated: May 5, 2023　　　　　　　　　　KELLER/ANDERLE LLP

　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Chase A. Scolnick
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian