UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548-JVS (AGRx) | | Date | May 8, 2023 |
|---|---|---|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al. | | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| K. Lozada | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs & Counter Defendants: | | Attorneys Present for Defendants & Counter Claimants: |
| n/a | | n/a |

| Proceedings: | **ORDER (1) CONSTRUING FILINGS AS MOTION FOR RECONSIDERATION; AND (2) DENYING MOTION FOR RECONSIDERATION (DKT. NO. 666)** |
|---|---|

This Court issued a Report and Recommendation ("Report") on May 1, 2023. (Dkt. No. 654.)

On May 3, 2023, Plaintiff MGA Entertainment Inc. ("MGA") filed a "Response to Harris Parties' Brief Regarding Regarding Their Late Produced E-Mail Exhibits From Tameka "Tiny" Harris And Request For Limited Additional Relief." (Dkt. Nos. 664-666.) On May 5, 2023, Defendants Clifford T.I. Harris, Tameka "Tiny" Harris, OMG Girlz LLC and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively "Harris Parties") filed a response. (Dkt. No. 674.) MGA filed a reply that makes an additional request for relief. (Dkt. Nos. 675-677.) The matter was taken under submission without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

The Report stated: "At the hearing, the Harris Parties' counsel represented that the ESI vendor confirmed over this past weekend that the search terms in the March 30, 2022 email cited above were applied to the email accounts identified on page 8 of the Harris Parties' Brief." (Report at 4, Dkt. No. 654; *see* Exh. H to Westmoreland Decl.)

MGA's request for limited additional relief asks that the court recommend that the ESI vendor provide a declaration that (1) confirms the identified search terms were applied to the email accounts identified on page 8 of the Harris Parties' brief; (2) states the date or approximate date on which the above searches were run; and (3) verifies that the documents from the above searches were provided to the Harris Parties' counsel. (Dkt. No. 666-1 at 3-4.) Alternatively, MGA requests a declaration from current counsel. (*Id.* at 4.)

| CV-90 (10/08) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548-JVS (AGRx) | | Date | May 8, 2023 |
|---|---|---|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al. | | | |

It is unclear from MGA's request whether it is directed to the District Judge or the Magistrate Judge.  This court initially construed the request as directed to the District Judge to issue a court order "in addition to the relief recommended by Judge Rosenberg on May 1st."  (*Id.* at 1.)  The Harris Parties' brief similarly construed MGA's request as directed to the District Judge.  (Dkt. No. 674.)  Nevertheless, MGA subsequently contacted the Clerk for the Magistrate Judge about its request.

To the extent MGA intended to file a motion for reconsideration of the Report, MGA's request is denied.  A motion for reconsideration "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  Local Rule 7-18.

Here, MGA's request for reconsideration does not present new material facts for this court to consider.  Rather, MGA states that the Harris Parties' representation about the ESI vendor's confirmation received during the weekend prior to the hearing was "unclear and nonspecific on timing" concerning ***when*** the search terms were applied to the email accounts identified on page 8 of the Harris Parties' brief.  (Dkt. No. 666-1 at 1.)  MGA now asks the court to require the Harris Parties to answer a new question about when the searches at issue occurred.  The court, however, finds the Harris Parties' representation that the searches occurred is sufficient for the purposes of the District Judge's referral on the issue of whether discovery should be reopened.  The precise dates of the searches are not material to referred issue.

To the extent MGA continues to seek the relief requested in the brief docketed as Dkt. No. 662, that brief was directed to the District Judge and not this court.

MGA's reply brief improperly adds new requests for relief to which the Harris Parties have not had an opportunity to respond and which are not properly the subject of a motion for reconsideration.  Specifically, MGA requests that the court require the Harris Parties to (4) identify the number of search term hits from a newly identified email account of Tameka Harris "so there can be consideration whether those documents should be reviewed in camera;" and (5) confirm that all of the personal and email accounts of a different person, Zonnique Pullins, were searched using the agreed search terms.  (Dkt. No. 677-1 at 2-3.)  The court notes, in addition, that with respect to request for relief (4), a court does not ordinarily review documents *in camera* for responsiveness.  This was an extraordinary remedy that the court agreed to do to resolve a specific discovery problem on the eve of trial and was by no means an invitation for a party to request more such *in camera* reviews.  Based on the one *in camera* review, the court is satisfied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548-JVS (AGRx) | Date | May 8, 2023 |
|---|---|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris, et al. | | |

that the Harris Parties conducted the responsiveness review appropriately.

  For all of these reasons, IT IS ORDERED that MGA's motion for reconsideration of the Report is DENIED.

cc: District Judge James V. Selna

Initials of Preparer  kl