1  Erin R. Ranahan (SBN: 235286)
   eranahan@winston.com
2  Cesie Alvarez (*pro hac vice*)
   calvarez@winston.com
3  Jiepu (Bobby) Li (SBN: 342224)
   bli@winston.com
4  WINSTON & STRAWN LLP
   333 S. Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
6

   John R. Keville (*pro hac vice*)
   jkeville@sheppardmullin.com
   Robert L. Green (*pro hac vice*)
   rgreen@sheppardmullin.com
   Chante B. Westmoreland (*pro hac vice*)
   cwestmoreland@sheppardmullin.com
   SHEPPARD MULLIN RICHTER &
   HAMPTON LLP
   700 Louisiana Street, Suite 2750
   Houston, TX 77002
   Telephone: (713) 431-7100

7

8  *Attorneys for Defendants*
   *CLIFFORD "T.I." HARRIS, TAMEKA*
9  *"TINY" HARRIS, OMG GIRLZ LLC, and*
   *Counter-Claimants GRAND HUSTLE, LLC,*
10 *PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

11           **UNITED STATES DISTRICT COURT**
             **CENTRAL DISTRICT OF CALIFORNIA**
12

13 MGA ENTERTAINMENT, INC.,
   a California corporation,
14
              Plaintiff,
15
        vs.
16
   CLIFFORD "T.I." HARRIS, an
17 individual; TAMEKA "TINY" HARRIS,
   an individual; OMG GIRLZ LLC, a
18 Delaware limited liability company; and
   DOES 1-10, inclusive,
19
              Defendants.
20
   GRAND HUSTLE, LLC, PRETTY
21 HUSTLE, LLC, and OMG GIRLZ LLC,

22            Counter-Claimants,

23      vs.

24 MGA ENTERTAINMENT, INC.,
   ISAAC LARIAN, and DOES 1 – 10,
25 inclusive,

26            Counter-Defendants.

**Case No.  2:20-cv-11548-JVS-AGR**

**DEFENDANTS' / COUNTERCLAIMANTS' BRIEF ON USE OF SOCIAL MEDIA EVIDENCE IN THE CROSS EXAMINATION OF AN EXPERT WHO HAS ALREADY RELIED ON HEARSAY**

27

28

## I.        INTRODUCTION

The OMG Girlz sought to introduce direct evidence of consumer confusion during Ms. Harris's direct testimony. The Court ruled that, regardless of the applicable hearsay exceptions, the evidence would be excluded because "it would be impermissible for me to allow a consumer witness to testify without cross-examination … ." Trial Tr. 5/10/23 at 15:4–14. The OMG Girlz are separately filing an offer of proof explaining why they believe this was error, as there is no additional "cross examination" requirement in civil cases and such a requirement would nullify every hearsay exception in FRE 803. Even if such a requirement is applied to Ms. Harris, however, it should not be extended to MGA's expert Dr. Isaacson for two reasons.

*First*, experts can be cross examined on material they chose not to rely on. As MGA notes, Dr. Isaacson is an expert and can rely on hearsay. That he chose to do so only when it favored MGA's position is relevant to his credibility. An expert's choice on what to consider versus not to consider is routinely fodder for proper cross examination. If MGA does not want to open the door to that question, then it does not have to put on an expert at trial. But once it does it cannot hide contradictory information the expert chose not to consider (or that MGA chose not to provide). Dr. Isaacson is of course free to explain the decision, but the jury should be able to consider that when determining what weight to give his testimony.

*Second*, there is no reason to apply the "cross examination" requirement to Dr. Isaacson when he is already relying on hearsay that was not subject to cross examination. The cross examination evidence falls under hearsay exceptions, in particular the state of mind exception that has been recognized for customer confusion evidence. The Court excluded the evidence only because it was not subject to cross examination. That reasoning does not apply to Dr. Isaacson because his entire opinion is built on exactly the same type of evidence.

1

1    **ARGUMENT**

2    **A. Experts Can Be Cross Examined on Information They Did Not Rely On**

3    Ms. Harris and Ms. Pullins' social media posts received numerous comments

4    showing that people believed the OMG Girlz were associated with the OMG Dolls and

5    had even purchased them based on that mistaken belief. MGA's likelihood of confusion

6    expert Dr. Isaacson expressly "reserve[d] the right to supplement []his report in view of

7    ongoing discovery," Dkt. 144-2¶ 3, but did not consider any of the information. He is

8    free to explain that decision, but it is a relevant subject for cross examination that the

9    jury can consider in weighing his testimony. Courts frequently note that such cross

10   examination is the appropriate method to attack an expert's opinion. *Palatka v. Savage*

11   *Arms, Inc.*, 535 F. App'x 448, 456 (6th Cir. 2013) ("How [the expert] arrived at this

12   opinion can be explored at trial, and the fact that he did not consider barrel pressures

13   can be highlighted on cross-examination to question the weight that should be given to

14   his opinion."); *Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.*, No. CV 15-

15   819-LPS-CJB, 2018 WL 1785033, at *3 (D. Del. Apr. 4, 2018) ("Defendant may

16   explore any concerns regarding what Dr. Rivet did and did not observe, or what he did

17   or did not consider, via cross-examination."); *Piskura v. Taser Int'l Inc.*, No. 1:10-CV-

18   248-HJW, 2013 WL 3967323, at *9 (S.D. Ohio July 31, 2013) ("TASER will have

19   ample opportunity to cross-examine Mr. Kitzes and Dr. Zipes on everything they did

20   and did not consider in reaching their conclusions."). At minimum, he should be able

21   to be cross examined on all admitted evidence and the bar graph of actual consumers'

22   response totals.

23   **B.     Dr. Isaacson Is Already Relying on Hearsay that Was Not Subject to**

24   **Cross Examination**

25   As will be discussed in the OMG Girlz offer of proof, the social media evidence

26   meets several hearsay exceptions. *Zippo Mfg. Co. v. Rogers Imports, Inc.*, 216 F. Supp.

27   670, 683 (S.D.N.Y. 1963) ("Regardless of whether the surveys in this case could be

28   admitted under the non-hearsay approach, they are admissible because the answers of

1   respondents are expressions of presently existing state of mind, attitude, or belief.").
2   The evidence was excluded, however, because the Court felt it was unfair to MGA that
3   it was not subject to cross examination. Trial Tr. 5/20/13 at 15:4–14. But the same is
4   true of the hearsay Dr. Isaacson relied on. His opinions are built on hundreds of
5   supposed survey responses, none of which identify any particular individual. It is simply
6   a list of hearsay. No information was provided to explain the demographics of the
7   respondents, and there was no opportunity to cross examine these statements. If Dr.
8   Isaacson can "speak" for them, there is no reasoned basis from precluding him from
9   being asked about other hearsay he did not consider and certainly not the present sense
10  impressions (about 20) which the Court will have time to review before Dr. Isaacson
11  testifies. Dr. Isaacson may very well explain why he believes one is reliable and the
12  other isn't and that is specifically the jury's province.

13  ## II.    CONCLUSION

14      Dr. Isaacson is already relying on un-cross examined hearsay based on his status
15  as an expert. Cross examining on similar information that he did not consider is typical
16  and proper. The Court's basis for excluding in Ms. Harris's direct therefore do not
17  apply, and the OMG Girlz should be allowed to cross examine Dr. Isaacson on
18  statements that may be hearsay, and at minimum those which are subject to well-
19  established hearsay exceptions.

20  Dated:  May 14, 2023                    SHEPPARD MULLIN RICHTER &
                                            HAMPTON LLP
21

22                                          By: /s/ *John R. Keville*
                                                *John R. Keville*
23

24                                          *Attorney for Defendants*
                                            *CLIFFORD "T.I." HARRIS, TAMEKA*
25                                          *"TINY" HARRIS, OMG GIRLZ LLC, and*
                                            *Counter-Claimants GRAND HUSTLE, LLC,*
26                                          *PRETTY HUSTLE, LLC and OMG GIRLZ*
                                            *LLC*
27

28

3