| | |
|---|---|
| Erin R. Ranahan (SBN: 235286) <br> eranahan@winston.com <br> Cesie Alvarez (*pro hac vice*) <br> calvarez@winston.com <br> Jiepu (Bobby) Li (SBN: 342224) <br> bli@winston.com <br> WINSTON & STRAWN LLP <br> 333 S. Grand Avenue <br> Los Angeles, CA 90071-1543 <br> Telephone:  (213) 615-1700 | John R. Keville (*pro hac vice*) <br> jkeville@sheppardmullin.com <br> Robert L. Green (*pro hac vice*) <br> rgreen@sheppardmullin.com <br> Chante B. Westmoreland (*pro hac vice*) <br> cwestmoreland@sheppardmullin.com <br> SHEPPARD MULLIN RICHTER & HAMPTON LLP <br> 700 Louisiana Street, Suite 2750 <br> Houston, TX 77002 <br> Telephone: 713-431-7100 |

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and *Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. <br><br> GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC, <br><br> Counter-Claimants, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive, <br><br> Counter-Defendants. | **Case No.  2:20-cv-11548-JVS-AGR** <br><br> **DEFENDANTS' / COUNTERCLAIMANTS' OFFER OF PROOF REGARDING TAMEKA HARRIS AND EVIDENCE OF ACTUAL CONFUSION** |

DEFENDANTS' / COUNTERCLAIMANTS' OFFER OF PROOF REGARDING TAMEKA HARRIS AND EVIDENCE OF ACTUAL CONFUSION

## I. SUPPORT FOR OFFER OF PROOF

During Tameka Harris's direct examination, the OMG Girlz sought to admit third party comments made in response to a social media post from Ms. Harris. The comments demonstrate actual confusion as to the source of the OMG Dolls, which is relevant to proving the OMG Girlz trade dress claim and their right of publicity claim.

As to grounds for admissibility, during summary judgment, the Court reasoned that "[a] small number of [the social media comments] could be considered to express a 'then-existing state of mind' because of the way the commenters convey their realization in the moment that they had been wrong in their belief about the source of the OMG Dolls," but rejected the evidence on authenticity grounds. Dkt. 326 at 8. At trial, after the OMG Girlz explained how they could meet the low threshold for authenticity through Ms. Harris's testimony, the Court found that "authentication could be achieved with respect to some of the posts," but excluded the evidence because the comments could not be cross examined. Trial Tr. 5/10/23AM at 15:4–6 ("I think it would be impermissible for me to allow a consumer witness to testify without cross-examination, and I frankly think the same thing is true because you can't ask a piece of paper did you buy these dolls?").[1]

The Court's instinct on summary judgment that the social media comments at issue are admissible under the state of mind hearsay exception was correct. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 509 (9th Cir. 2011) (finding confusion evidence admissible under the "state of mind" exception and noting that was the view of the "majority of courts"); *Chroma Makeup Studio LLC v. Boldface Grp., Inc.*, No. CV129893ABCPJWX, 2013 WL 12114826, at *14 (C.D. Cal. Jan. 23, 2013) ("First, statements by customers that they were confused are not barred as hearsay because they fall within the state-of-mind exception to the hearsay rule."). But these types of

---

[1] Many of the commenters stated that they purchased the dolls, but even if they had not, the evidence is still relevant. *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1215 (9th Cir. 2012) ("Our recognition that non-consumer confusion can properly factor into the "likelihood of confusion" inquiry is consistent with circuit precedent.").

1

DEFENDANTS' / COUNTERCLAIMANTS' OFFER OF PROOF REGARDING TAMEKA HARRIS AND EVIDENCE OF ACTUAL CONFUSION

1  statements have also been found to not be hearsay *at all* as the underlying assertion—
2  the OMG Girlz are affiliated with the OMG Dolls—is false. *Kreation Juicery, Inc. v.*
3  *Shekarchi*, No. CV 14-658 DMG ASX, 2014 WL 7564679, at *3 (C.D. Cal. Sept. 17,
4  2014). And at least two of the comments (Exs. 322. B and 323.B) are questions, not
5  statements at all. *Id.* Other comments are admissible as "excited utterances" given
6  their capital letters, punctuation, and proximity in time to the post. FRE 803(2).

7      Because the statements are not hearsay or are subject to multiple exceptions,
8  they were admissible, regardless of whether they were subject to cross examination.
9  Indeed, the purpose of the hearsay exceptions is that certain statements—which might
10 otherwise be not admissible since they "cannot be tested through cross-
11 examination"—are allowed because they "contain inherent guarantees of truthfulness
12 at the time they were made out of court." Evidence in Federal Court: Overview,
13 Practical Law Practice Note 4-574-8505 (citing FRE 803; FRE 804). Adding a "cross
14 examination" requirement would vitiate every FRE 803 exception. In effect, the
15 Court's ruling imported the standard for the Sixth Amendment Confrontation Clause
16 into the hearsay exceptions. *See Crawford v. Washington*, 541 U.S. 36, 68, (2004)
17 (holding that testimonial hearsay—e.g., prior testimony or answers to police
18 interrogation—of unavailable declarant is inadmissible unless there was a prior
19 opportunity to cross examine). The Confrontation Clause only applies to criminal
20 proceedings. U.S. Const. amend. VI ("In all criminal prosecutions . . . ."). 
21 Accordingly, the exclusion here was error.

22     The Court's ruling prevents the jury from seeing key evidence of actual
23 confusion. This is particularly prejudicial given the impracticality of bringing scores
24 of consumer witnesses live, which allows MGA to falsely argue that there is not
25 sufficient confusion for liability.

26 **II.  OFFER OF PROOF FOR EXCLUDED EVIDENCE**
27     Attached as Exhibit 1 is a detailed description of the testimony Ms. Harris
28 would have given had the Court not excluded the social media evidence.

1
2  Dated: May 14, 2023                    SHEPPARD MULLIN RICHTER &
3                                         HAMPTON LLP
4                                         By: /s/ *John R. Keville*
5                                              John R. Keville
6                                         *Attorney for Defendants*
7                                         CLIFFORD "T.I." HARRIS, TAMEKA
   "TINY" HARRIS, OMG GIRLZ LLC, and
8                                         *Counter-Claimants GRAND HUSTLE, LLC,*
9                                         *PRETTY HUSTLE, LLC and OMG GIRLZ*
   *LLC*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3