| | |
|---|---|
| KELLER / ANDERLE LLP | |
| Jennifer L. Keller (SBN 84412) | |
| jkeller@kelleranderle.com | |
| Chase A. Scolnick (SBN 227631) | |
| cscolnick@kelleranderle.com | |
| Jay P. Barron (SBN 245654) | |
| jbarron@kelleranderle.com | |
| 18300 Von Karman Avenue, Suite 930 | |
| Irvine, California 92612 | |
| Telephone: (949) 476-8700 | |
| UMBERG ZIPSER LLP | MGA ENTERTAINMENT, INC. |
| Mark A. Finkelstein (SBN 173851) | Elizabeth Lachman (SBN 261644) |
| mfinkelstein@umbergzipser.com | ELachman@mgae.com |
| 1920 Main Street, Suite 750 | 9220 Winnetka Avenue |
| Irvine, California 92614 | Chatsworth, California 91311 |
| Telephone: (949) 679-0052 | Telephone: (818) 894-2525 |

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>   Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OBJECTIONS TO DEFENDANTS AND COUNTER-CLAIMANTS' PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>   Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>   Counter-Defendants. | |

# OBJECTIONS TO DEFENDANTS' PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN

On May 17, 2023, at 10:21 p.m., Defendants and Counter-Claimants transmitted their proposed list of exhibits to use during their cross-examination of Elizabeth Lachman. The Harris Parties included Exhibit 5513, to which MGA does not object. In addition, however, the Harris Parties propose using several other documents: Ms. Lachman's declaration (Dkt. No. 649-1), the attachment to that declaration (Dkt. 649-2), MGA's brief regarding its "Theory that OMG Girlz Copied Bratz Dolls" (Dkt. No. 660), and an email from MGA's counsel regarding Exhibit 5513, which articulates MGA's theory of the OMG Girlz copying Bratz dolls ("Proposed Exhibits"). The Court already ruled during the May 8, 2023, evidentiary hearing that MGA cannot advance a trial theory that the OMG Girlz copied Bratz dolls' signature style.

Based on the Court's May 8 ruling, MGA objects to the Harris Parties' Proposed Exhibits. The Court has already excluded the primary subject of these documents, *i.e.*, MGA's theory and evidence that the OMG Girlz copied Bratz dolls. If the Harris Parties are allowed to use their Proposed Exhibits, any fair redirect after the cross-examination will, under Federal Rule of Evidence 106, require MGA to explore other parts of the document to provide the proper context and explanation. Fed. R. Evid. 106 ("If a party introduces all or part of a writing…, an adverse party may require the introduction, at that time, of any other part — or any other writing…— that in fairness ought to be considered at the same time."); Rule 106 Notes of Advisory Comm. on Proposed Rules ("The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial."). MGA's redirect examination will, therefore, necessarily include referencing the subject matter of the Proposed Exhibits.

Given that the subject matter at issue in all of the Harris Parties' Proposed

-1-

Exhibits is MGA's theory that OMG Girlz were trying to copy the Bratz' dolls signature style, the Court should preclude the Harris Parties from using the Proposed Exhibits in any manner.

Alternatively, if the Court is inclined to allow the Harris Parties to use the documents during Ms. Lachman's cross-examination, the Court should rule in advance that under Rule 106, questioning about the Proposed Exhibits opens the door to MGA's further use of the Proposed Exhibits for any proper purpose on redirect.

Dated: May 18, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian