Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Cesie Alvarez (*pro hac vice*)
calvarez@winston.com
Jiepu (Bobby) Li (SBN: 342224)
bli@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: 713-431-7100

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA
"TINY" HARRIS, OMG GIRLZ LLC, and
*Counter-Claimants* GRAND HUSTLE, LLC,
PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE TO PLAINTIFF / COUNTER-DEFENDANTS' OBJECTIONS TO PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN** |

## I. INTRODUCTION

MGA's "objection" to the OMG Girlz cross exhibits is effectively an improper motion for reconsideration on the Court's prior ruling that MGA cannot present a theory that the OMG Girlz copied Bratz dolls. MGA's hook for this reconsideration is meritless. None of the OMG Girlz' cross examination exhibits mention MGA's excluded copying theory. Rather, the exhibits address two issues that MGA has presented at trial: 1) the public availability of certain Bratz images that MGA claims show an earlier use of aspects of the OMG Girlz trade dress; and 2) third-party dolls that Ms. Harris reviewed and rejected when exploring making dolls of the OMG Girlz. Using the cross examination exhibits to explore these issues does not create any misleading impression that would open the door to MGA's already-excluded "copying the Bratz" theory. The objection should be overruled.

## II. ARGUMENT

### A. The Cross Exhibits All Relate to Ms. Lachman's Declaration

Per the Parties' agreement, the OMG Girlz disclosed potential cross examination exhibits for MGA's witness Elizabeth Lachman. The OMG Girlz amended that list to make clear that they do not intend to use Dkt. 660 (MGA's Brief on Copying), so the only exhibits at issue are:

1) Ms. Lachman's declaration stating that certain images of Bratz dolls are publicly available (Dkt. 649-1);
2) an attachment to Ms. Lachman's declaration showing a comparison between Bratz dolls and example dolls presented to Ms. Harris (which she rejected); and
3) an email from MGA's counsel redacting all content except for counsel's identification of certain links where the Bratz images in question could be found online.

All three exhibits relate to Ms. Lachman's declaration (cross exhibit 1), the stated basis of which was to "correct the record and prevent the Harris Parties from

1

creating the false impression that they created styles and looks which could be found in MGA's earlier doll lines." Dkt. 649-1 ¶ 3. The declaration recites how Ms. Lachman purportedly "conducted a search for publicly available images of dolls MGA released and sold in and before 2009" and complied those images to create Trial Exhibit 5513. *Id.* She further stated that "[m]ost of the images in Exhibit 5513 exist on the Internet and, at the Harris Parties' request, we provided a links of those websites where the images can be found to the Harris Parties' counsel." *Id.* ¶ 4. The declaration also includes an Exhibit A (cross exhibit 2) that Ms. Lachman created as "a comparison" between certain MGA dolls and dolls that were shown to Ms. Harris in 2012 when she was considering creating OMG Girlz dolls. *Id.* ¶ 6; *see also* Dkt. 649-2. Lastly, in connection with Ms. Lachman's representation about the availability of certain images online, MGA's counsel sent an email "identify[ing] where the dolls' images can be found online" and attached a list identifying the online source of the images in Exhibit 5513 (cross exhibit 3). The OMG Girlz' proposed cross exhibit redacts everything from the email except this content and the accompanying list.

### B. MGA's Objection Should Be Overruled

Contrary to MGA's objection, the "primary subject" of the cross exhibits is not MGA's excluded theory. The subject for two of the exhibits (Ms. Lachman's declaration and Mr. Scolnick's email) is limited to the public availability of the images in Exhibit 5513, which MGA put at issue. MGA displayed portions of Exhibit 5513 in opening, claiming it showed the OMG Girlz trade dress. 5/10 AM Tr. 58-61. After the OMG Girlz deposed Ms. Lachman, they objected to any use of Exhibit 5513 as it could not be authenticated. Dkt. 721. The Court ruled that MGA could authenticate that Exhibit 5513 through Ms. Lachman, but the public availability of the images would be a question for the jury. 5/17 AM Tr. 5:17-6:17. The OMG Girlz counsel then sought and received specific confirmation that the OMG Girlz could examine Ms. Lachman on the public availability issue:

MR. KEVILLE: The reason I want to be clear is the reason I asked that was that

2

DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE REGARDING OBJECTIONS TO PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN

> **I can get into the fact that they first provided us websites as the source for authenticity and the websites are not real**, and they then say we have these dolls?
>
> THE COURT: Sure.

*Id.* 7:13-28. MGA now seeks to disallow that exact cross examination under the guise of an "optional completeness" objection. But neither Ms. Lachman's declaration or Mr. Scolnick's email (as redacted) mentions this theory. And MGA notably fails to identify any possible misimpression or explain why its redirect would "necessarily include" violating the Court's exclusion order. The objection should be overruled.

The third exhibit likewise goes to an issue raised at trial. In Ms. Harris's cross examination, she was asked whether sample dolls she reviewed in 2012 "looked exactly like the Bratz dolls?" 5/10 PM Tr. 65:7-66:16. As an exhibit to her declaration, Ms. Lachman included a side-by-side comparison of certain Bratz dolls and the dolls Ms. Harris rejected, and claimed "the Harrises' contemplated dolls were based on, if not a direct copy of, MGA's earlier dolls." Dkt. 649 ¶ 6. Ms. Lachman further stated that she created the Exhibit A. It should go without saying she can be cross examined on that sworn statement. MGA has not explained how that exhibit (alleging rejected sample *dolls* copied Bratz) bears on the separate excluded theory that the OMG Girlz copied their *trade dress* from Bratz dolls. If they were the same issue then MGA would have violated the Court's exclusion order by raising it in cross examination with Ms. Harris. That is not the case. The two issues are unrelated and the OMG Girlz cross examination on this point does not open any doors to the excluded theory. MGA's objection should be overruled.

### III.  CONCLUSION

MGA's objection seeks to prevent thorough cross examination on two issues that MGA itself raised. Nothing about the OMG Girlz cross examination exhibits opens the door to any excluded theory, as evidenced by MGA's failure to explain any possible misimpression. The objection should be overruled.

3

DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE REGARDING OBJECTIONS TO PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN

| | |
|---|---|
| Dated: May 19, 2023 | SHEPPARD MULLIN RICHTER & HAMPTON LLP<br><br>By: /s/ *John R. Keville*<br>   John R. Keville<br><br>*Attorney for Defendants*<br>CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and *Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC |

4

DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE REGARDING OBJECTIONS TO PROPOSED CROSS-EXAMINATION EXHIBITS TO BE USED WITH ELIZABETH LACHMAN