KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California  92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
9220 Winnetka Avenue
Chatsworth, California  91311
Telephone:  (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>　　　　Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>　　　　Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>　　　　Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OBJECTIONS TO THE HARRIS PARTIES' PROPOSED REBUTTAL DEPOSITION DESIGNATIONS (DKT. 740)**<br><br>Complaint Filed:  December 20, 2020<br>Trial Date:   May 9, 2023 |

1    Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendant Isaac Larian (collectively, "MGA") object to the Harris Parties' improper submission of deposition designations for Rachel Moshe and Gilbert Key as part of their purported rebuttal case. *See* Dkt. 740. On Wednesday 17, 2023, the Harris Parties rested their case-in-chief, subject to any permitted rebuttal. Then, on Friday, May 19, 2023, the Harris Parties' counsel informed MGA for the first time they still intended to submit various deposition designations for the Court's review, apparently as part of the Harris Parties' anticipated rebuttal. MGA objects because the Harris Parties seek to improperly reopen their case-in-chief under the guise of rebuttal, in addition to fundamental problems with the designations themselves.

The deposition designations submitted by the Harris Parties were not submitted during their case-in-chief, rebut no evidence submitted or expected to be submitted in MGA's defense case, and the Harris Parties have identified no testimony or evidence which would be proper rebuttal. The decision whether to allow any rebuttal evidence rests in the Court's discretion. *See, e.g., Geders v. United States*, 425 U.S. 80, 86 (1976) ("[T]he judge may control the scope of rebuttal testimony."); *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1509-1510 (9th Cir. 1995); *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 601 (9th Cir. 1991) ("The district court has broad discretion in deciding what constitutes proper rebuttal evidence.") And any permitted rebuttal can only be used to disprove specific evidence offered during the other party's case-in-chief, rather than to merely reiterate or supplement evidence which was or should have been included in that party's case-in-chief. *See, e.g., Brutsche v. City of Federal Way*, 300 Fed.Appx. 552 (9th Cir. 2008) ("[R]ebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief."); *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960)("[W]hether material evidence (which could have been received as part of the case in chief) should be admitted in rebuttal, lies solely within the sound judicial discretion of the trial court.").

Besides the Harris Parties failure to introduce such evidence in its case-in-chief, the deposition designations submitted by the Harris Parties suffer from material defects.[1]

First, Rachel Moshe is a third-party witness who is not unavailable under FRE 804, as she resides within this Court's subpoena power. Nor have the Harris Parties shown any attempt to subpoena Ms. Moshe. They therefore cannot introduce or rely on her deposition testimony, especially as part of rebuttal. While MGA's counsel has identified this deficiency during the parties' meet and confer, the Harris Parties' counsel has provided no justification for their continuing attempts to introduce this testimony, instead just stating that MGA's objection is "noted."

Second, Gilbert Key is an MGA employee deposed in March 2022 about certain aspects of MGA's IT systems and the status of its document production until that point in time. Critically, the Harris Parties took Mr. Key's deposition before the parties had agreed to final search terms for each sides' respective searches of ESI, and before MGA's document collection and productions were completed. Indeed, MGA produced an additional 90,000 pages of discovery after Mr. Key's deposition.

The Harris Parties attempt to introduce grossly misleading testimony from Mr. Key to suggest that certain categories of documents were not produced. But there was nothing improper about MGA's search for and production of documents. That the parties agreed to final search terms and MGA completed its document production after Mr. Key's deposition is immaterial to any issue. And it certainly rebuts no evidence MGA has submitted or will submit in its case-in-chief. The Harris Parties

---

[1] On May 19th, the Harris Parties' counsel also suggested they may submit deposition designations from alleged consumer witness, Maia Smith, although the Harris Parties' May 20th submission did not include designations for her. The Harris Parties chose not to call Ms. Smith in their case-in-chief. Ms. Smith's testimony is entirely irrelevant as she testified she did not purchase an L.O.L. Surprise! O.M.G. doll; instead, she purchased only the tot dolls about which the Harris Parties make no claim. MGA objects to any attempt by the Harris Parties to introduce Ms. Smith's testimony on rebuttal.

may suggest Mr. Key's testimony rebuts MGA witnesses' testimony about their practice of preserving their files. But Mr. Key's testimony is not proper rebuttal of that testimony. Nor does that testimony open the door for the Harris Parties to introduce deposition testimony from Mr. Key that creates a false and outdated narrative which would only confuse and mislead the jury. The Harris Parties should not be permitted to opportunistically capitalize on the timing of when Mr. Key was deposed to create a false impression to the jury as to what was and was not searched for and produced in this case.[2]

The Court should reject the Harris Parties' attempt to introduce any testimony by Mr. Moshe or Mr. Key as part of a purported rebuttal case. The Harris Parties' submission of these materials needlessly burdens the Court with a request to rule on extensive deposition designations which cannot legitimately be used at this point of the trial. Even if some portion of the deposition designations were found to be permissible rebuttal, the designations submitted by the Harris Parties are grossly overinclusive, and each party would need to be permitted an opportunity to identify the limited portions that could qualify as rebuttal designations and counter-designations.

To the extent the Court permits any rebuttal evidence by the Harris Parties, the Court should require the Harris Parties to first make an offer of proof to establish the offered evidence is actually rebuttal evidence. And to the extent the Court permits

---

[2] The Harris Parties' attempt to present a misleading narrative to suggest something was amiss with MGA's document production is particularly egregious because the Harris Parties engaged in blatant discovery abuses. For example, they produced documents for the first time last month from multiple e-mail accounts of Ms. Harris never previously searched despite express representations by the Harris Parties' counsel that all of Ms. Harris' e-mail accounts had been searched with the agreed upon search terms. *See, e.g.*, Dkt. 642, 666-1, 677-1. To the extent the Harris Parties are permitted to make disingenuous attacks on MGA's document production, MGA should be permitted to introduce evidence of the Harris Parties' discovery abuses and misrepresentations.

-3-

1  the Harris Parties to present a rebuttal case, the Court can and should permit MGA
2  the opportunity to present further evidence in surrebuttal.

4  Dated: May 21, 2023                    KELLER/ANDERLE LLP

                                          By: _____
6                                             Chase A. Scolnick
7                                             Attorneys for Plaintiff and Counter-
                                              Defendant MGA Entertainment, Inc., and
8                                             Counter-Defendant Isaac Larian