Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Cesie Alvarez (*pro hac vice*)
calvarez@winston.com
Jiepu (Bobby) Li (SBN: 342224)
bli@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: (713) 431-7100

*Attorneys for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA*
*"TINY" HARRIS, OMG GIRLZ LLC, and*
*Counter-Claimants GRAND HUSTLE, LLC,*
*PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' RESPONSE TO PLAINTIFF / COUNTER-DEFENDANTS' TRIAL BRIEF REGARDING CONSORTI CROSS-EXAMINATION** |

## I.    INTRODUCTION

Without conferring with the OMG Girlz counsel, or at least alerting them to the issue, MGA's counsel has filed a "Trial Brief" accusing the OMG Girlz counsel of unethical behavior for showing Ms. Consorti an image of the OMG Girlz document review platform. That image accurately portrays that the platform does not show any associated metadata for the mood board bearing Bates Number MGAE0207109 (Trial Ex. 1187), which was used in Ms. Consorti's cross examination. The reason no metadata is shown for the date created is because ***MGA produced metadata files that did not have that information for that document***. Document review platforms, like the one used by the OMG Girlz, need an accompanying load file to know there is associated metadata extracted for the documents. Production of these load files is standard in complex litigation. Indeed, ***MGA produced that information for many of the mood boards in this case***. But for unknown reasons, the load files accompanying Trial Exhibit 1187 did not contain metadata for date created or date last modified. While the OMG Girlz agree based on a review tonight that the native PDF contains metadata, the document review platform is not able to extract that metadata so it showed no associated metadata—as it was produced by MGA. That is what counsel relied on in cross examining Ms. Consorti, as the review platform is typically accurate. Parties generally do not produce blank metadata files, but in this case MGA did so for select files.

Now that the OMG Girlz have been able to review the native PDF, they have no issue with it or its associated metadata being shown to the jury. But MGA's request for a curative instruction, an admonishment, and a complete bar on a cross examination topic are unwarranted and would be highly prejudicial, and would require an explanation from MGA for why the meta data files it produced sometimes contained that information and sometimes did not. Such a course would be particularly inequitable when it was MGA's metadata files that lacked the information and caused the issue. The OMG Girlz believe this issue should instead be handled through cross examination and redirect, as is typical when a party believes an opposing question is inaccurate. To

1

1   the extent the Court feels a curative instruction is needed, however, the OMG Girlz
2   request that instruction also explain the cause of the confusion, so as not to improperly
3   mislead the jury into believing MGA's spurious accusations, which are false and highly
4   prejudicial.

5   **II.    BACKGROUND**

6        Parties in complex commercial litigation often use document review platforms to
7   store and manage the document productions. Decl. ¶ 2-3. Here, the OMG Girlz used a
8   common document review platform called "Relativity." *Id.* ¶ 3. In connection with
9   these common review platforms, parties typically produce their documents with an
10  accompanying "load file" (.dat file) containing the extracted metadata. *Id.* ¶ 5.
11  Relativity is then able to use the load file to associate the document with its metadata,
12  making items like "created date" viewable within the review platform. *Id.* ¶ 5. The load
13  file is necessary because Relativity does not extract metadata from a native files. *Id.* ¶ 6.
14  MGA's proposed ESI order contemplated the parties using this standard production
15  format, specifically including production of "load files." Dkt. 15 at Attachment A p. 2-
16  3.

17       When MGA produced documents it also produced accompanying load files. *Id.*
18  ¶ 7. However, as a result of this brief being filed, we now see that some of those load
19  files were missing certain metadata like date created, meaning that MGA produced a
20  document that has that metadata but in a form that indicated there was no such metadata.
21  *Id.* ¶ 8. Because the load files for these documents is blank, Relativity would not show
22  any associated metadata. During the direct examination of Blanche Consorti, the OMG
23  Girlz showed Ms. Consorti the below image of the Relativity database for Bates
24  MGAE0207109 (Trial Exhibit 1187):

25
26
27
28

2

As shown in the image, Relativity did not associate any metadata with this document. That is because the load file for Bates Number MGAE0207109 did not contain date created metadata. Decl. ¶ 8.

## III.   ARGUMENT

Contrary to MGA's claim that the OMG Girlz counsel is acting in "bad faith" and with a "reckless disregard"—language that unfortunately continues MGA's trend of denigrating the OMG Girlz counsel, which they had hoped would cease[1]—the confusion regarding metadata for some mood boards is an issue of MGA's own making. MGA produced blank load files for the document in question. This resulted in the OMG Girlz document review platform showing no metadata for the accompanying files.

---

[1] For example, during trial on day 2, MGA's counsel accused the OMG Girlz lead counsel Mr. Keville of deliberately violating the Court's rules and sought an admonishment. 5/10 PM Tr. 67:15-68:2. Ms. Keller later realized that she was mistaken and apologized. *Id.* 124:11-15. The OMG Girlz counsel had hoped such personal attacks would stop after this mistake, but in many more instances of such accusations have continued.

Rather than raise the issue with the OMG Girlz over a four day weekend, MGA chose to file a brief on Monday evening accusing the OMG Girlz counsel of "lying in wait" and deliberately misleading the jury. These accusations are false, and beneath a member of the federal bar. The OMG Girlz counsel believed that no metadata was produced for the document in question. And in a sense he was correct—MGA produced a blank metadata load file for the document. The OMG Girlz believed they could rely on the document production platform as it showed metadata for many other documents. Thus, there was no reason to "raise the issue during discovery." Dkt. 743 at 4. MGA's arguments about disclosure during the pretrial conference are also misplaced. A party does not need to identify every potential cross examination point it has for every single trial exhibit. The OMG Girlz believed Ms. Consorti, as the sponsor of the document, could speak to the metadata issue. The Court ruled she could not—that was the end of it and counsel moved on. 5/18 PM Tr. 112:24-113:17. This was not an issue that required a last-minute trial brief filed before trial resumes tomorrow.

Putting aside MGA's many unprofessional accusations made in a public filing, the question now is how to proceed. The OMG Girlz do not believe the Court needs to do anything. MGA disagrees with the premise of the OMG Girlz cross examination question. They can bring that out in redirect or through another witness who can speak to the metadata, including showing the "accurate metadata information" as they have requested. The OMG Girlz counsel can then bring out in cross examination or through another witness (or not at all) that MGA produced some documents were metadata files and some without.  There is no need for a curative instruction, which would be highly prejudicial, or an admonishment when the issue was caused by MGA's faulty production.

MGA's request to bar an entire topic of cross examination is also highly inappropriate, especially when one of its own witnesses, Elizabeth Lachman, specifically relied on purported metadata to date images in a trial exhibit. If the Court believes some action is needed, however, the OMG Girlz propose a curative instruction

4

that accurately reflects what occurred:

> On Friday during the cross examination of Ms. Consorti, counsel for the OMG Girlz represented that there was no metadata associated with Trial Exhibit 1187 and showed an accurate image from their document review platform reflecting that fact. After further consultation, the parties agree that the underlying document has metadata. The discrepancy occurred because MGA produced a blank file for the metadata when producing the document, leading the OMG Girlz to mistakenly believe there was no associated metadata. I have found this was an inadvertent mistake caused by the program software and the nature of MGA's production. You should ignore counsel's question on the topics and Ms. Consorti's answers. The cross examination will resume on a new topic.

This instruction accurately reflects what occurred, will not unfairly prejudice either party, and alleviates any harm from the cross examination questions at issue.

## IV.   CONCLUSION

For the foregoing reasons, the OMG Girlz request the Court deny the relief requested in MGA's Trial Brief or, alternatively, issue the instruction above.


Dated:  May 22, 2023                SHEPPARD MULLIN RICHTER & HAMPTON LLP


By: /s/ *John R. Keville*
    John R. Keville

*Attorney for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*