| | |
|---|---|
| 1 | KELLER / ANDERLE LLP |
| 2 | Jennifer L. Keller (SBN 84412)<br>jkeller@kelleranderle.com |
| 3 | Chase A. Scolnick (SBN 227631)<br>cscolnick@kelleranderle.com |
| 4 | Jay P. Barron (SBN 245654)<br>jbarron@kelleranderle.com |
| 5 | 18300 Von Karman Avenue, Suite 930<br>Irvine, California  92612 |
| 6 | Telephone: (949) 476-8700 |

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
9220 Winnetka Avenue
Chatsworth, California  91311
Telephone:  (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br><br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' BRIEF REGARDING JURY INSTRUCTIONS 27A AND 27B**<br><br>Complaint Filed:  December 20, 2020<br>Trial Date:   May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | |

1    Earlier today, the Court indicated it wanted the jury to decide whether MGA's dolls were "expressive" under the First Amendment. The Ninth Circuit is clear, however, that whether a product is expressive is *a question of law for the Court to decide*. Accordingly, under Ninth Circuit precedent, this Court must decide that question before submitting the matter to the jury.

The Ninth Circuit's model instruction is based on that court's holding in *Gordon v. Drape Creative, Inc.*, 909 F.3d 257 (9th Cir. 2018). *See* Ninth Cir. Model Instr. 15.19A (Revised Dec. 2022). *Gordon* held that the test for balancing Lanham Act infringement claims with First Amendment protections articulated in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), "requires the defendant **to make a threshold legal showing** that its allegedly infringing use is part of an expressive work protected by the First Amendment." *Gordon*, 909 F.3d at 264 (emphasis added). This holding has been followed multiple times in the few years since *Gordon*.

In *VIP Products LLC v. Jack Daniel's Properties, Inc.*, the Ninth Circuit decided the "legal question" of whether the "Bad Spaniels dog toy" at issue was an expressive work. *VIP Products*, 953 F.3d 1170, 1175 (9th Cir. 2020) (citation omitted). The court held it was an expressive work. *Id.* The court also held that because the Bad Spaniels toy was "an expressive work, the district court erred in finding trademark infringement without first requiring [the trademark's holder] to satisfy at least one of the two *Rogers* prongs. *See Gordon*, 909 F.3d at 265; *see also* E.S.S. Entm't 2000, [Inc. v. Rock Star Videos, Inc.,] 547 F.3d [1095, 1101 (9th Cir. 2008)] (stating that "the First Amendment defense applies equally to ... state law claims as to [a] Lanham Act claim")." *Id.* at 1175-76.

More recently, in *Punchbowl, Inc. v. AJ Press, LLC*, 52 F.4th 1091 (9th Cir. 2022), the Ninth Circuit reiterated that "[u]nder the *Rogers* test, the defendant must first "make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." *Punchbowl*, 52 F.4th at 1097 (citing *Gordon*, 909 F.3d at 264). On that basis, the Ninth Circuit held as a matter

of law that the term "Punchbowl" was expressive and received First Amendment protections. *Id.* at 1094, 1098. *See also Green v. Miss United States of Am., LLC*, 52 F.4th 773, 801 (9th Cir. 2022) ("the federal courts' decades-old "*Rogers*" test, when an alleged infringing defendant makes the "threshold legal showing" that the supposed trademark infringement is protected by the First Amendment, it eliminates the need to reach the fact-bound consumer confusion issue at all."); *Twentieth Century Fox Television a division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192, 1198 (9th Cir. 2017) (holding the term "Empire" was expressive and reasoning "Fox used the common English word 'Empire' for artistically relevant reasons: the show's setting is New York, the Empire State, and its subject matter is a music and entertainment conglomerate, 'Empire Enterprises,' which is itself a figurative empire. Because we cannot say that Fox's use of the "Empire" mark "has no artistic relevance to the underlying work whatsoever," the first prong of the *Rogers* test is satisfied."); *Betty's Found. for Elimination of Alzheimers Disease v. Trinity Christian Ctr. of Santa Ana, Inc.*, 2022 WL 807391, at *1 (9th Cir. Mar. 16, 2022) (holding the *Rogers* test applied where a defendant "has met its threshold legal showing" because the defendant's "alleged use of the mark is in the title of an expressive work, [defendant's television show], and related promotional materials.").

The Ninth Circuit's decisions in *Punchbowl*, *VIP Products*, and *Gordon* all make clear that the threshold issue of whether an allegedly infringing product is expressive is a question of law for this Court to decide. Accordingly, the Court should maintain the position it asserted at yesterday's jury charging conference and give MGA's Proposed Instruction 27A, which is based on an accurate recitation of the Ninth Circuit's Model Instruction 15.19A. Giving the Harris Parties' proposed instruction (27B) violates multiple Ninth Circuit precedents and improperly tasks the jury with deciding an issue of law.

|   |   |
|---|---|
| 1 | Finally, the Ninth Circuit standards for expressiveness are easily satisfied here. As the Ninth Circuit explained, "[t]o determine whether a work is expressive, we ask whether the work is communicating ideas or expressing points of view. A work need not be the expressive equal of *Anna Karenina* or *Citizen Kane* to satisfy this requirement, and is not rendered non-expressive simply because it is sold commercially." *Punchbowl*, 52 F.4th at 1097 (internal citations and quotations omitted); *Gordon*, 909 F.3d at 268 (to be expressive, "the level of artistic relevance under *Rogers*'s first prong need only exceed zero[.]"). Ninth Circuit "case law demonstrates that a wide range of activity qualifies as expressive under *Rogers* (and thus the First Amendment)." *Id.* at 1097.

Here, based on the summary judgment record, the Court was not prepared to rule the dolls were "sufficiently transformed to apply the defense as a matter of law.' Dkt. No. 326, at p. 29. Now that the Court has heard from MGA's designers, there is no factual dispute that MGA's dolls are, indeed, expressive. Ms. Consorti and Ms. Stephens testified about the incredible effort they undertook to create unique expressions based on their own artistic talents. Ms. Consorti, the creator of the L.O.L. Surprise! line of dolls, was a designer at MGA tasked with creating ultimate unboxing toy – L.O.L. Surprise! (TT, Day 6 AM at 70:20-23; 78:16-18, 25-79:23.) She testified that each doll has its own individual character, they all have their own names, personalities, and they come with seven surprises. (*Id.*, 80:7-18.) The L.O.L. Surprise! O.M.G. dolls are "the older sisters of the L.O.L. Surprise! dolls, and they are fierce, fabulous, fashionable." (*Id.*, PM, 23:8-10.) They're also sisters in the sense of a chosen family: the fit together, they stick up for each other, and they have fun along the way. (*Id.*, at 23:11-13.) Just as there is a back story and theme for the L.O.L. Surprise! Tots, the Outrageous Millennial Girls also have their own theme. (*Id.*, at 23:4-7.) Each one has its own varied interests or aesthetic in its clothing and hair – and they love to express themselves through the way they dress. (*Id.*, at 23:14-16.) |

From sketching, a significant amount of planning goes into creating the perfect outfit, color tones, and accessories. (*Id.*, at 32:2-7.) A great many people are involved from concept to production of one of the L.O.L. Surprise! Outrageous Millennial Girls: three to four designers, three members of the prelim team, sample makers, about two seamstresses per project, one or two hair rooters to create the hairstyles, and one or two face painters. (*Id.*, at 32:12-21.) Thus, dozens of people are involved in the design of every single L.O.L. Surprise! Outrageous Millenial Girl doll. (*Id.*, at 33:2-5.) It takes around six to nine months to go from concept to product, and thousands of hours to create one of the dolls. (*Id.*, at 33:6-8, 11-14.) The sculpt for the L.O.L. Surprise! O.M.G. dolls had to be created from scratch, since they have a little bit more movement or articulation than the Tots. (*Id.*, at 24:1-7.)

The other designer who testified, Ms. Stephens, testified that the dolls she created at MGA "are inspiration from things that are inspiring all over the world that are replications of different inspirations brought together to create something new." *Id.*, at 92:21-93:5. To create a doll, Ms. Stephens meets with her team "to understand what is the price point and what they are looking for [her] to design," then she "pick[]s the tot," then she undergoes a process to stimulate her mind "to create the Tots into dolls, fashion dolls." *Id.*, at 107:21-108:6.

In short, the dolls are developed using a panoply of sources and inspirations to create new, unique characters, each of which is imbued with new backstories and themes expressed through the doll's appearance, sculpting, and included accessories. The dolls are also designed as a family, with the O.M.G. being the older sisters of the L.O.L. Surprise! dolls. This is more than sufficient under the rudimentary threshold showing for "expressiveness" espoused in the Ninth Circuit's cases.[1]

---

[1] MGA is preparing this brief shortly after the Court's May 24, 2023, morning conference where it indicated it intended to submit the expressiveness finding to the jury. To the extent the Court seeks additional information regarding the expressiveness of the dolls at issue here, MGA can prepare supplemental briefing.

Dated: May 24, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*