1

2

3

4

5

6

7

8

9

10

11

12

13

14

**F I L E D**
CLERK, U.S. DISTRICT COURT

5/26/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, | Case No. 2:20-cv-11548-JVS-AGR |
| Plaintiff, | Assigned To: Hon James V. Selna |
| vs. | JURY INSTRUCTIONS |
| CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive, | |
| Defendants, | |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC, | |
| Counter-Claimants, | |
| vs. | |
| MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive, | |
| Counter-Defendants. | |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F

<u>Court's Instruction No. 1</u>

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

-1-

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

In these instructions, I will be refering to Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, Grand Hustle, LLC, and Pretty Hustle, LLC collectively as "OMG Girlz."  I will also be referring to MGA Entertainment and Isaac Larian collectively as "MGA."

Court's Instruction No.  2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

## Court's Instruction No. 3

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Court's Instruction No. 4

The evidence you are to consider in deciding what the facts are consists of:

    1.    the sworn testimony of any witness;

    2.    the exhibits that are admitted into evidence;

    3.    any facts to which the lawyers have agreed; and

    4.    any facts that I have instructed you to accept as proved.

## Court's Instruction No. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

.

<u>Court's Instruction No. 6</u>

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Court's Instruction No. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

1

<u>Court's Instruction No. 8</u>

2

3

    There are rules of evidence that control what can be received into evidence.

4   When a lawyer asks a question or offers an exhibit into evidence and a lawyer on

5   the other side thinks that it is not permitted by the rules of evidence, that lawyer

6   may object. If I overrule the objection, the question may be answered or the exhibit

7   received. If I sustain the objection, the question cannot be answered, and the exhibit

8   cannot be received. Whenever I sustain an objection to a question, you must ignore

9   the question and must not guess what the answer might have been.

10

11       Sometimes I may order that evidence be stricken from the record and that you

12  disregard or ignore that evidence. That means when you are deciding the case, you

13  must not consider the stricken evidence for any purpose.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Court's Instruction No. 9</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Court's Instruction No.  10

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Court's Instruction No.  11

You have heard testimony from experts about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Court's Instruction No.  12

Trade dress is the non-functional physical detail and design of a product or its packaging, which identifies the product's source and distinguishes it from the products of others.

Trade dress is the product's total image and overall appearance, and may include features such as size, shape, color, color combinations, texture, or graphics.  In other words, trade dress is the form in which a person presents a product or service to the market, its manner of display.

A person who uses the trade dress of another may be liable for damages.

<u>Court's Instruction No.  13</u>

Counter-Claimants, on behalf of the OMG Girlz, have brought a claim for trade dress infringement. On the OMG Girlz' claim for trade dress infringement, the OMG Girlz have the burden of proving by a preponderance of the evidence each of the following elements:

1.  The trade dress at issue, consisting of: the name "OMG GIRLZ" coupled with combinations of vibrant hair color in non-monochromatic and contrasting hues—primarily in bright pink, vivid purple, and shades of blue—contrasting wavy and straight hair styling, and experimental, fun, urban, and edgy wardrobes and makeup, layered clothing, voluminous skirts (i.e., tutus and other poofy skirts), and bold, over the top clothing and accessories has acquired secondary meaning;

2.  The OMG Girlz own the trade dress;

3.  The trade dress is nonfunctional; and

4.  The MGA Parties used trade dress similar to the OMG Girlz without their consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the MGA Parties' goods.

Unregistered trade dress can be valid and provide the trade dress owner with the exclusive right to use that trade dress.

Literal copying may but is not required to establish a violation trade dress

rights.

If you find that each of the elements on which the OMG Girlz have the burden of proof has been proved, your verdict should be for the OMG Girlz. If, on the other hand, the OMG Girlz have failed to prove any of these elements, your verdict should be for MGA.

Court's Instruction No.  14

Trade dress acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective consumers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is. You must find that the preponderance of the evidence shows that a significant number of the consuming public associates the OMG Girlz' trade dress with a single source, in order to find that it has acquired secondary meaning.

When you are determining whether the OMG Girlz' trade dress has acquired a secondary meaning, consider the following factors:

1.     Consumer Perception.  Whether the people who purchase the product that bears the claimed trade dress associate the trade dress with the OMG Girlz;

2.     Advertisement.  To what degree and in what manner the OMG Girlz may have advertised under the claimed trade dress;

3.     Demonstrated Utility.  Whether the OMG Girlz successfully used this trade dress to increase the sales and number of consumers of the OMG Girlz' music and entertainment services, and establish their place in the market;

4.     Extent of Use.  The length of time and manner in which the OMG Girlz used the claimed trade dress;

F

5.     Exclusivity.   Whether the OMG Girlz' use of the claimed trade dress was exclusive;

6.     Copying.   Whether MGA intentionally copied the OMG Girlz' trade dress; and

7.     Actual Confusion.   Whether the MGA's use of the OMG Girlz trade dress has led to actual confusion among a significant number of consumers.

8.     Direct Consumer Testimony.   The amount of testimony from consumers that would indicate that, in the minds of the public, the primary significance of the OMG Girlz' claimed trade dress is to identify the source of the product rather than the product itself.

9.     Unsolicited Media.   Whether the OMG Girlz received unsolicited media attention.

The presence or absence of any particular factor should not necessarily resolve whether the OMG Girlz' trade dress has acquired secondary meaning.

The OMG Girlz have the burden of proving that the OMG Girlz' trade dress has acquired a secondary meaning.

18

F

Court's Instruction No.  15

For a product's design to be protected under trade dress law, the design must be non-functional.

A claimed trade dress has aesthetic functionality if it serves an aesthetic purpose wholly independent of any source identifying function, such that the trade dress's protection under trade dress law would impose a significant non-reputation-related competitive disadvantage on its owner's competitors.  The inquiry is whether, if one seller were given exclusive rights to use the claimed trade dress, other sellers would be forced to use alternative designs that make their products more costly to sell, or for which consumers' willingness to pay would be lower for reasons having nothing to do with the reputation of any source (e.g., the alternative designs would not have as much intrinsic aesthetic appeal).

OMG Girlz have the burden of proving non-functionality by a preponderance of the evidence in order to show that the trade dress is valid and protected from infringement.

Court's Instruction No. 16

If you find that MGA has used OMG Girlz' trade dress, you must determine whether such use is likely to cause confusion about the source of MGA's goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

(1)   Strength or Weakness of the OMG Girlz trade dress.  The more the consuming public of MGA's L.O.L. Surprise! O.M.G. dolls recognizes the OMG Girlz' trade dress as an indication of origin of the OMG Girlz, the more likely it is that consumers would be confused about the source of MGA's goods if MGA uses a similar trade dress.

(2)   MGA's Use of the Trade Dress.  If the OMG Girlz and MGA use the trade dress in the same, related, or complementary ways there may be a greater likelihood of confusion about the source of the L.O.L. Surprise! O.M.G. dolls than otherwise.

(3)   Similarity.  If the overall impression created by the OMG Girlz' trade dress in the marketplace is similar to that created by MGA's L.O.L. Surprise! O.M.G. dolls in appearance, there is a greater chance that consumers are likely to be confused by MGA's use of the trade dress.  Similarities in appearance, sound or meaning weigh more heavily than differences in finding the trade dress is similar.

(4)   Actual Confusion.  If use by MGA of the OMG Girlz' trade

20

F

dress has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However actual confusion is not required for a finding of likelihood of confusion.  Even if actual confusion did not occur, MGA's use of the trade dress may still be likely to cause confusion.  As you consider whether the trade dress used by MGA creates for consumers a likelihood of confusion with the OMG Girlz' trade dress, you should weigh any instances of actual confusion against the opportunities for such confusion.  If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion.  If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

(5)   MGA's Intent.  Knowing use by MGA of the OMG Girlz' trade dress to identify similar goods may strongly show an intent to derive benefit from the reputation of the OMG Girlz' trade dress, suggesting an intent to cause a likelihood of confusion. On the other hand, even in the absence of proof that the MGA acted knowingly, the use of the OMG Girlz' trade dress to identify similar goods may indicate a likelihood of confusion.

(6)   Marketing/Advertising Channels.   If the parties' brands are likely to be seen in similar stores or marketplaces, or advertised in similar media, this may increase the likelihood of confusion.

(7)   Consumer's Degree of Care.   The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be.  They may be less likely to be confused by similarities in the parties' trade dress.

(8)    Product Line Expansion. When the parties' products differ, you may consider how likely the OMG Girlz are to begin selling the products for which MGA is using the OMG Girlz' trade dress such as their own line of dolls or other characters based on the OMG Girlz in the metaverse. If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

(9)    Survey Evidence. Any survey evidence introduced by the parties regarding whether there is a likelihood of confusion.

Court's Instruction No.  17

The MGA Parties' work, the L.O.L. Surprise! O.M.G. dolls, are an expressive work that is protected by the First Amendment.

Therefore, you may find for the OMG Girlz on their trade dress infringement claim only if the OMG Girlz prove by a preponderance of the evidence that:

1. the MGA Parties' use of the OMG Girlz' trade dress is explicitly misleading as to the source or content of the L.O.L. Surprise! O.M.G. dolls; and

2. the MGA Parties' use of the OMG Girlz' trade dress is likely to cause confusion about the source of the OMG Girlz or the MGA Parties' goods.

Alternatively, the OMG Girlz may show that the use of the OMG Girlz trade dress is not artistically relevant to the underlying MGA work.

The MGA Parties' use of the trade dress is explicitly misleading only if it explicitly misleads potential consumers into believing that the OMG Girlz sponsored or is somehow associated with the L.O.L. Surprise! O.M.G. dolls.

The threshold for showing artistic relevance is very low.

1              Court's Instruction No.  18

2

3       The OMG Girlz cannot exclude others from using the alleged trade dress if it

4  has been abandoned.

5

6       The MGA Parties contend that the trade dress has become unenforceable

7  because the OMG Girlz abandoned it.  The MGA Parties have the burden of

8  proving abandonment by a clear and convincing evidence.

9

10      The owner of a trade dress abandons the right to exclusive use of the dress

11  when the owner:

12

13      1.      discontinues its use in the ordinary course of trade, intending not to

14              resume using it; or

15

16      2.      acts or fails to act so that the trade dress' principal significance to

17              prospective consumers has become the entertainment product itself and

18              not the producer of the entertainment.

19

20      Evidence of non-use of trade dress for three consecutive years is prima facie

21  evidence of abandonment.  When the MGA Parties prove the necessary consecutive

22  years of non-use, the burden shifts to the OMG Girlz to go forward with evidence to

23  prove that circumstances do not justify the inference of intent not to resume use.

24  "Use" of a mark means the bona fide use of such mark made in the ordinary course

25  of trade, and not merely to reserve a right in the mark.

26

27

28

Court's Instruction No.  19

The OMG Girlz' claim that MGA misappropriated their name, likeness, or identity. To establish this claim, the OMG Girlz must prove all of the following:

1. That MGA used the OMG Girlz' name, likeness, or identity;

2. That the OMG Girlz did not consent to this use;

3. That MGA gained a commercial benefit by using the OMG Girlz' name, likeness, or identity;

4. That the OMG Girlz were harmed; and

5. That MGA's conduct was a substantial factor in causing the OMG Girlz harm.

Court's Instruction No.  20

The MGA Parties claim that they have not violated the OMG Girlz' rights to their name, likeness, or identity because the L.O.L. Surprise! O.M.G. dolls are protected by the First Amendment's guarantee of freedom of speech and expression.  To succeed, the MGA Parties must prove either of the following:

1.   That the L.O.L. Surprise! O.M.G. dolls add something new to the OMG Girlz' likeness, giving it a new expression, meaning, or message; or

2.   That the value of the L.O.L. Surprise! O.M.G. dolls does not result primarily from the OMG Girlz' fame.

1                 Court's Instruction No.  21

2

3        It is the duty of the Court to instruct you about the measure of damages. By

4 instructing you on damages, the Court does not mean to suggest for which party

5 your verdict should be rendered.

6

7        If you determine the OMG Girlz have proved that one or more of the L.O.L.

8 Surprise! O.M.G. dolls infringe the OMG Girlz' trade dress, then the OMG Girlz

9 are entitled to any profits earned by MGA that are attributable to the infringement

10 by those dolls. OMG Girlz are not entitled to any profits earned by MGA from

11 L.O.L. Surprise! O.M.G. dolls that the OMG Girlz have not proved infringe the

12 OMG Girlz' trade dress.

13

14        Profit is determined by deducting all expenses from gross revenue.

15

16

17        Gross revenue is all of MGA's receipts from using the OMG Girlz' trade

18 dress in the sale of any infringing L.O.L. Surprise! O.M.G. dolls. The OMG Girlz

19 have the burden of proving MGA's gross revenue from any L.O.L. Surprise!

O.M.G. doll that infringes the OMG Girlz' trade dress.

20

21

22        Expenses are all operating, overhead, and production costs incurred in

23 producing the gross revenue. MGA has the burden of proving the expenses and the

24 portion of its profit from any L.O.L. Surprise! O.M.G. doll that infringes the OMG

25 Girlz' trade dress that is attributable to factors other than use of the OMG Girlz'

trade dress.

26

27

28        Unless you find that a portion of the profit from the sale of the L.O.L.

1  Surprise! O.M.G. dolls using the OMG Girlz' trade dress is attributable to factors
2  other than use of the OMG Girlz' trade dress, you should find that the total profit of
3  any such dolls is attributable to the infringement.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Court's Instruction No.  22

If you decide that the OMG Girlz have proved their claim against MGA, you also must decide how much money will reasonably compensate the OMG Girlz for the harm. This compensation is called "damages."

The OMG Girlz must prove the amount of their damages. The OMG Girlz do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by the OMG Girlz.

The OMG Girlz may recover any profits that MGA received from the use of the OMG Girlz' name or identity or likeness that have not already been taken into account with regard to the above damages. To establish the amount of these profits you must:

    i.     Determine the gross, or total, revenue that MGA received from the use;

    ii.    Determine the expenses that MGA had in obtaining the gross revenue; and

    iii.   Deduct MGA's expenses from the gross revenue.

The OMG Girlz have the burden of proving the amount of gross revenue, and MGA has the burden of proving the amount of expenses.

## Court's Instruction No.  23

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Court's Instruction No.  24

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been

excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Court's Instruction No. 25

If it becomes necessary during your deliberations to communicate with me,
you may send a note through the bailiff, signed by your presiding juror or by one or
more members of the jury. No member of the jury should ever attempt to
communicate with me except by a signed writing; I will communicate with any
member of the jury on anything concerning the case only in writing, or here in open
court. If you send out a question, I will consult with the parties before answering it,
which may take some time. You may continue your deliberations while waiting for
the answer to any question. Remember that you are not to tell anyone—including
me—how the jury stands, numerically or otherwise, until after you have reached a
unanimous verdict or have been discharged. Do not disclose any vote count in any
note to the court.

## Court's Instruction No.  26

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign, and date it, and advise the bailiff that you are ready to return to the courtroom.