JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>      Defendants, | Case No. 2:20-cv-11548-JVS-AGRx<br>Assigned To: The Hon. James V. Selna<br><br>**FINAL JUDGMENT**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>      Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>      Counter-Defendants. | |

This action was tried before a jury and the Court, the Honorable James V. Selna presiding, between May 9, 2023 and May 26, 2023.

On May 26, 2023, the jury returned a verdict in favor of Plaintiff and Counter-Defendant MGA Entertainment, Inc. ("MGA Entertainment") and Counter-Defendant Isaac Larian (collectively, "MGA") on both remaining causes of action brought by Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "OMG Girlz"). *See* Dkt. 771 (redacted version of special verdict) & Dkt. 772 (unredacted version of special verdict filed under seal). The jury found that OMG Girlz did not prevail in proving that any MGA L.O.L. Surprise! O.M.G. doll at issue infringed the OMG Girlz' asserted trade dress or misappropriated the OMG Girlz' name, likeness, or identity. *See id*. The Court polled the jury and entered the verdict in MGA's favor. *See, e.g.*, Dkt. 760.

The Court previously dismissed OMG Girlz' trademark claim brought under the Lanham Act, 15 U.S.C. § 1125, their statutory right of publicly claim brought under Cal. Civ. Code § 3344, their statutory unfair competition claim brought under Cal. Bus. & Prof. Code §§ 17200, *et seq*., and their common law unfair competition claim. *See, e.g.*, Dkt. 323, 326; *see also* Dkt. 63 (Third Amended Counterclaims) The Court also previously dismissed OMG Girlz' trade dress infringement and common law right of publicity claims as to certain of the L.O.L. Surprise! O.M.G. dolls. *id*. The OMG Girlz' remaining two claims for trade dress infringement and misappropriation of common law right of publicity proceeded to a jury trial on the remaining dolls, as described above.

Consistent with the jury's verdict, the Court finds that MGA Entertainment is entitled to declaratory relief as requested in its First Amended Complaint (*see* Dkt. 16).

The Court also dismisses the fictitiously-named parties consisting of Doe Defendants 3-10 named in MGA Entertainment's First Amended Complaint (Dkt.

-1-

16) and Doe Cross-Defendants 1-10 named in OMG Girlz' Third Amended Counterclaims (Dkt. 63).

Accordingly, the Court ORDERS that judgment be entered in favor of MGA Entertainment and Isaac Larian, and against Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC on all of the OMG Girlz' claims, and that the OMG Girlz take nothing on their operative Third-Amended Counterclaims.

The Court also ORDERS that judgment be entered in favor of MGA Entertainment and against defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, Grand Hustle, LLC, and Pretty Hustle, LLC on MGA Entertainment's operative First Amended Complaint, with the Court issuing the following judicial declarations:

1. MGA Entertainment's L.O.L. Surprise! O.M.G. fashion dolls, namely the 71 fashion dolls and packaging litigated in this case do not infringe any of the OMG Girlz' trade dress and/or trademark rights or rights of publicity;

2. MGA Entertainment may continue to market, distribute, and sell its L.O.L. Surprise! O.M.G. fashion dolls, namely the 71 fashion dolls and packaging litigated in this case.

The Court FURTHER ORDERS that MGA is the prevailing party. Any motion for attorneys' fees and/or costs will be determined separately.

JUDGMENT IS SO ENTERED.

Dated: June 13, 2023

_____
The Honorable James V. Selna
United States District Judge