KELLER / ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California  92612
Telephone: (949) 476-8700

UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052

MGA ENTERTAINMENT, INC.
Elizabeth Lachman (SBN 261644)
ELachman@mgae.com
9220 Winnetka Avenue
Chatsworth, California  91311
Telephone:  (818) 894-2525

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' REPLY TO DEFENDANTS AND COUNTERCLAIMANTS' OBJECTIONS TO MGA'S AMENDED APPLICATION TO THE CLERK TO TAX COSTS**<br><br>Complaint Filed: December 20, 2020<br><br>Trial Date: May 9, 2023 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | |

## I. THERE IS NO BASIS TO DELAY THE TAXATION OF COSTS

Counterclaimants do not dispute that MGA is the "prevailing party" entitled to costs under Federal Rule of Civil Procedure 54(d) or that many of MGA's costs are taxable. Yet Counterclaimants seek to withhold MGA's recovery and defer the Clerk's decision on costs while they seek post-trial relief. Counterclaimants request should be rejected because it is unsupported by the Central District's Local Rules, case law, or any other relevant legal authority. Nor is Counterclaimants' request warranted because they are unlikely to succeed on the merits in any post-trial litigation.

## II. THE COSTS TO PRODUCE EXHIBITS REQUIRED BY THE COURT ARE FULLY RECOVERABLE

MGA appropriately seeks $16,119.03 in printing costs for witness binders prepared for the January and May trials. The Court required these binders and Local Rule 54-3.10(g) provides the cost for producing them is recoverable. Counterclaimants do not dispute that the costs are recoverable or that the Court ordered the binders. They instead seek a 40% discount for the May trial binders because they allege the binders were unorganized and contained exhibits not admitted. *See* Dkt. No. 812, page 5-6. Counterclaimants' request is contrary to the local rules and should be rejected.

First, even if the binders were unorganized (and they were not),[1] that would not support the request for discounted costs the local rules provide are fully taxable. Counterclaimants do not dispute the binders were organized according to the Court's Pretrial Order. All the exhibits were marked and tabbed by their exhibit number as

---

[1] To support their assertions that MGA's exhibits were not organized to their liking, Counterclaimants claim certain exhibits MGA referenced were never offered or admitted. *See* Dkt. 812, at 4 (asserting Exhibit 5501 was "never offered/admitted"). But Counterclaimants claims are untrue. Exhibit 5501 was offered and admitted at trial on May 11, 2023. *See* Ex. B, 2023/05/11 AM, pp. 57-58.

-1-

the Court required. Counterclaimants' allegations about mid-trial delays do not excuse them from paying the required costs.

Second, the binders included exhibits MGA believed in good faith it may need at trial. The Local Rules do not require a party to admit every exhibit to tax the costs for binders the Court required it to produce. Counterclaimants cite no legal justification or authority to depart from the Local Rules. Their unlawful request should be rejected.

Counterclaimants also object to the costs to print witness binders for the January trial because the same witnesses testified in May. *See* Dkt. 812, at 6. But Counterclaimants failed to return exhibits in the witness binders from the January trial, which required MGA to print new binders. And, contrary to Counterclaimants' assertions, MGA did provide invoices for the costs to copy the January witness binders. *See* Dkt. 804-2, at 26; Dkt. 804-4, ¶ 6. Per Local Rule 54-3.10(g), those costs are taxable.

### III. MGA IS ENTITLED TO RECOVER $42,201.50 IN DEPOSITION COSTS

Counterclaimants raise three objections to MGA's application to tax deposition costs. First, Counterclaimants object to MGA's request to recover the cost to expedite certain transcripts. MGA requested to recover those costs because the expedited transcripts were necessary to raise certain issues *ex parte* and for immediate use. After reviewing Counterclaimants' objections, however, MGA withdraws its request to tax expedited fees and submits as Exhibit A an amended table which seeks to tax transcripts at the rate for ordinary delivery set by the Judicial Conference.

Second, Counterclaimants also object to other deposition costs for non-expedited depositions. Counterclaimants acknowledge MGA is entitled to recover transcript costs at the rate set by the Judicial Conference. The Judicial Conference set the maximum per page rate for ordinary transcripts at $3.65 for the original, and $.90 for the first copy to a party. Notwithstanding this agreement, Counterclaimants

claim MGA may only recover $.90 per page for certain original transcripts invoiced as a "certified transcript." *See* Dkt. 812-2, page 2.  Counterclaimants are mistaken, however, because Veritext Legal Solutions (the reporting agency for nearly all the depositions) invoiced original transcripts as a "certified transcript" when a single copy is ordered and sent electronically.  Scolnick Decl. ¶ 3.  Because those certified transcripts are "original," the Judicial Conference authorizes MGA to recover at the $3.65 rate.[2]

Besides improperly trying to limit MGA's recovery for original transcripts, Counterclaimants omit from their calculations the other deposition fees expressly authorized under the Local Rules.  For example, Counterclaimants omit the costs for producing and delivering the transcripts that Local Rule 54-3.5 explicitly allows.  Counterclaimants also exclude from their calculations the costs for rough drafts.  *See* Dkt. 812, at 3.  But Local Rule 54-3.5(a) provides "[t]he reasonable costs of one additional copy of the transcript, in any form (***including a rough draft***) is taxable." (Emphasis added.)  These authorized costs at the approved rate are also included in Exhibit A.  Counterclaimants also omit the $425 fee to attend a deposition at which Maxine Wagner did not appear.  *See* Dkt. 812-2.  Because Local Rule 54-3.5 (b) specifically allows recovery of these costs, they should also be taxed.

Finally, Counterclaimants also object to MGA's request to tax the costs for the Lachman deposition because the invoice "does not contain the detail showing what portions of the $1,594.60 cost are for a transcript."  To resolve Counterclaimants' concerns, MGA attaches as page 45 of Exhibit A the itemized invoice for the Lachman deposition.  As stated above, MGA will not seek to recover the costs to

---

[2] Although the reporting agencies invoiced MGA at rates above the Judicial Conference's maximum rates, MGA will only seek reimbursement at the authorized amount.  Exhibit A calculates the per page cost at the Judicial Council's authorized rate of $3.65 for original transcripts and $.90 per page for a copy (including a rough copy).

-3-

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S REPLY TO HARRIS PARTIES' OBJECTIONS TO MGA'S AMENDED APPLICATION TO THE CLERK TO TAX COSTS

expedite these transcripts and instead only applies to tax the costs L.R. 54-3.5 specifically authorizes, including the costs for the original transcript and one copy at Judicial Conference rate and the processing fee. Those costs total $690.20 and are reflected in Exhibit A.

Based on the forgoing, and as detailed in MGA's Amended Application, MGA seeks to tax $68,317.30 in costs. Those costs are itemized as follows:

| **ITEM** | **COST** |
|---|---|
| L.R. 54-3.5 Depositions | $42,201.50 |
| L.R. 54-3.8 Docket Fees | $402.00 |
| L.R. 54-3.10(a) Cost of copies of documents necessarily filed and served | $3,335.11 |
| L.R. 54-3.10(b) Cost of copies of documents or other materials admitted into evidence | $1,145.84 |
| L.R. 54-3.10(d) Patent Office charges | $365.00 |
| L.R. 54-3.10(g) Cost of physically replicating or reproducing material necessarily obtained for use in the case | $20,867.85 |
| **TOTAL** | **$68,317.30** |

Dated: July 14, 2023

KELLER/ANDERLE LLP

By: _____
Chase A. Scolnick

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian