1  KELLER / ANDERLE LLP
   Jennifer L. Keller (SBN 84412)
2  jkeller@kelleranderle.com
   Chase A. Scolnick (SBN 227631)
3  cscolnick@kelleranderle.com
   Jay P. Barron (SBN 245654)
4  jbarron@kelleranderle.com
   18300 Von Karman Ave., Ste. 930
5  Irvine, California 92612
   Telephone: (949) 476-8700
6

7  UMBERG ZIPSER LLP                        MGA ENTERTAINMENT, INC.
   Mark A. Finkelstein (SBN 173851)          Elizabeth Lachman (SBN 261644)
8  mfinkelstein@umbergzipser.com             ELachman@mgae.com
   1920 Main Street, Suite 750               9220 Winnetka Avenue
9  Irvine, CA 92614                          Chatsworth, CA 91311
   Telephone: (949) 679-0052                 Telephone: (818) 894-2525
10

11 Attorneys for Plaintiff and Counter-
   Defendant MGA Entertainment, Inc., and
   Counter-Defendant Isaac Larian
12

                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14

15 | MGA ENTERTAINMENT, INC., a          | Case No. 2:20-cv-11548-JVS-AGR
   | California corporation,             | ASSIGNED TO: The Hon James V.
16 |                                     | Selna
   |              Plaintiff,             |
17 | vs.                                 | **MGA'S REPLY IN SUPPORT OF
   |                                     | ITS MOTION FOR ATTORNEYS'
18 | CLIFFORD "T.I." HARRIS, an          | FEES**
   | individual; TAMEKA "TINY" HARRIS,   |
19 | an individual; OMG GIRLZ LLC, a     |
   | Delaware limited liability company; and |
20 | DOES 1 - 10 inclusive,              |
   |                                     |
21 |              Defendants,            |

22 | GRAND HUSTLE, LLC, PRETTY           |
   | HUSTLE, LLC and OMG GIRLZ LLC,      | Date:   August 14, 2023
23 |                                     | Time:   1:30 p.m.
   |          Counter-Claimants,         | Place:  Courtroom 10C
24 | vs.                                 |
   |                                     | Complaint Filed: December 22, 2020
25 | MGA ENTERTAINMENT, INC.,            | Re-Trial Date:   May 9, 2023
   | ISAAC LARIAN and DOES 1 - 10,       |
26 | inclusive,                          |
   |          Counter-Defendants.        |
27

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}

Case No. 2:20-cv-11548-JVS-AGR
MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

# **TABLE OF CONTENTS**

I    INTRODUCTION ...................................................................................1

II.   ARGUMENT .........................................................................................1

     A.   The Court Should Not Defer Ruling On This Motion Due To The OMG Girlz' Appeal. ..............................................1

     B.   There Is No Reasonable Basis To Apportion Between Fees Recoverable Under Cal. Civ. Code § 3344 And The Other Claims Asserted During Phase 1. ....................................................3

     C.   Baseless and Offensive Allegations And Unreasonable Litigation Tactics Make This Case Exceptional. .........................5

     D.   MGA Is Entitled To Recover Its Non-Taxable Costs. ................10

     E.   The Fees MGA Seeks Were Necessary And Reasonably Incurred. ......................................................................11

III.  CONCLUSION ....................................................................................13

Umberg Zipser llp
Attorneys At Law
Irvine

{258121.3}

i

Case No. 2:20-cv-11548-JVS-AGR

MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

# TABLE OF AUTHORITIES

## CASES

*Arcona, Inc. v. Farmacy Beauty, LLC*, No. 217CV7058ODWJPRX, 2021 WL 2414856 (C.D. Cal. June 14, 2021), *aff'd*, No. 21-55678, 2022 WL 1486822 (9th Cir. May 11, 2022) ...................................... 6

*BoxNic Anstalt v. Gallerie degli Uffizi*, No. CV-18-1263-PHX-DGC, 2020 WL 2991561 (D. Ariz. June 4, 2020) ....................................... 10

*Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2017 WL 914273, (N.D. Cal. Mar. 8, 2017), *aff'd*, 728 F. App'x 717 (9th Cir. 2018).............. 10

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059 (9th Cir. 2015) ..................................................................................... 4

*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140 (2006) ................ 4

*Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577 (9th Cir. 2010) ................... 10

*Hansen Cold Storage Construction v. Cold Systems, Inc.*, No. 2:19-CV-07617-SB-MAA, 2022 WL 1199271 (C.D. Cal. Feb. 11, 2022) ......... 7, 10

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ...................................... 1, 2, 3

*IVAC Corp. v. Terumo Corp.*, No. CIV. A. 870413 B(M), 1990 WL 180202 (S.D. Cal. Aug. 9, 1990) ......................................................... 10

*Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47 (2006) ........................................ 4

*Lugus IP, LLC v. Volvo Car Corp.*, No. 12–2906 JEI/JS, 2015 WL 1399175 (D.N.J. Mar. 26, 2015).......................................................... 2

*Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-CV-03778-MMC, 2022 WL 17840270 (N.D. Cal. Dec. 20, 2022)........................................ 2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) ................................................................................................. 6

*Page v. Something Weird Video*, 960 F. Supp. 1438 (C.D. Cal. 1996) ............... 11

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136 (C.D. Cal. 2010).................................................................................. 11

*Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019)................................ 10

*San Diego Comic Convention v. Dan Farr Productions*, 807 Fed. App'x. 674 (2020).......................................................................... 10

*Sazerac Co., Inc. v. Fetzer Vineyards, Inc*, No. 3:15-CV-04618-WHO, 2017 WL 6059271 (N.D. Cal. Dec. 7, 2017), *aff'd*, 786 F. App'x 662 (9th Cir. 2019)................................................................................ 6

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                ii                      Case No. 2:20-cv-11548-JVS-AGR

MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

*Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677 (9th Cir. 2012)................................................................................................ 10

*Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6016149 (C.D. Cal. Aug. 13, 2018).......................................................................................... 1, 2, 3

*Sport Dimension, Inc. v. Coleman Co.*, No. CV 14-00438 BRO (MRWx), 2015 WL 10013784 (C.D. Cal. June 4, 2015) ................................. 2

*SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179 (9th Cir. 2016).......................................................................................... 6, 10

*Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. CIV. 2:11-1787 WBS, 2012 WL 538263 (E.D. Cal. Feb. 17, 2012) ........................................... 3

## STATUTES

28 U.S.C. § 1920 ....................................................................................... 10

Cal. Civ. Proc. Code § 1033.5(a)(3)........................................................... 11

Fed. R. Civ. P. 54(d)............................................................................... 1, 3

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}

iii

Case No. 2:20-cv-11548-JVS-AGR

MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

## I.      **INTRODUCTION**

There is no dispute that MGA is entitled to recover the fees it incurred in connection with the Section 3344 right of publicity claim.  The OMG Girlz argue only with the amount, not entitlement, to those fees.  But they provide no reasonable basis to reduce those fees, nor to apportion the fees based on Lanham Act claims that involved nearly identical evidence and argument.  As the Court's own rulings demonstrate, the claims in this case all emanated from the same common core of facts and intertwined legal theories rooted in one basic question: do MGA's LOL Surprise! O.M.G. dolls look too much like the OMG Girlz?

Even if MGA's fees relating to the Section 3344 claim were capable of isolation, MGA's remaining fees still should be awarded on the ground that this case unquestionably "stands out from the others," both in terms of the weakness of many of the claims and allegations asserted by the OMG Girlz and the wasteful and unreasonable manner in which the OMG Girlz litigated this case.  Taken as a whole, this case presented litigation conduct that should be deterred, not encouraged, by compensating MGA for the fees such conduct caused.  The OMG Girlz presents no valid argument why this case should not be deemed "exceptional."

This motion should be granted and MGA should be awarded $6,168,313.

## II.     **ARGUMENT**

### A.      **The Court Should Not Defer Ruling On This Motion Due To The OMG Girlz' Appeal.**

The OMG Girlz first suggest the Court should defer ruling on this Motion because they have filed a motion for new trial and notice of appeal.  While under FRCP 54(d) the Court has discretion to defer determining fees pending an appeal, "the weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal."  *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. SACV1700660JVSJCGX, 2018 WL 6016149, at *1 (C.D. Cal. Aug.

Umberg Zipser llp
Attorneys At Law
Irvine

{258121.3}                                    1                    Case No. 2:20-cv-11548-JVS-AGR
MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

13, 2018), aff'd, 773 F. App'x 625 (Fed. Cir. 2019) (*citing Sport Dimension, Inc. v. Coleman Co.*, No. CV 14-00438 BRO (MRWx), 2015 WL 10013784, at *4 n.1 (C.D. Cal. June 4, 2015) (*quoting Lugus IP, LLC v. Volvo Car Corp.*, No. 12–2906 JEI/JS, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015)).  The Ninth Circuit "has expressed a preference for avoiding 'piecemeal' appeals and for having 'all issues arising out of a single lawsuit ... considered in one appellate proceeding.'" *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-CV-03778-MMC, 2022 WL 17840270, at *2 (N.D. Cal. Dec. 20, 2022) (internal citation omitted).  The OMG Girlz fail to show that the Court should deviate from this usual, preferred course here.

Courts consider four factors to determine whether to stay consideration of attorneys' fees pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Spitz Techs. Corp* 2018 WL 6016149, at *1; *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

As to the first factor, the OMG Girlz argue the "likelihood of a new trial is high" because of a recent U.S. Supreme Court decision relating to "one of the critical fights in this case."  Dkt. 828, at 8:10-11.  As will be shown in MGA's opposition to the OMG Girlz' motion for new trial, neither assertion is true.  The First Amendment *Rogers* defense was not a "critical fight"; it was barely addressed at trial.  Further, the Supreme Court's decision narrowing the application of the *Rogers* defense does not alter its application in this case.  But regardless of the substantive merit of the OMG Girlz' request for a *third trial* of this matter, that request is already pending before this Court and set for hearing on September 11.  Accordingly, if the Court denies the motion for new trial, the Court will—by definition—have determined that the OMG Girlz are unlikely to succeed on the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                    2                    Case No. 2:20-cv-11548-JVS-AGR
                                                                    MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                                    ATTORNEYS' FEES

1    merits of their appeal.

2          Further, "merely raising a question of the merits on appeal is insufficient to

3    show a likelihood of success on the merits, if all other factors do not also support

4    granting the stay." *Spitz Techs. Corp* 2018 WL 6016149, at *2.  Here, as to the

5    second factor, the OMG Girlz do not even attempt to claim any irreparable harm

6    absent a stay.  As to the third factor, while MGA also does not assert it would be

7    injured by a stay, "this alone is not sufficient to warrant a stay." *Id*.

8          Finally, as to the fourth factor, public interest considerations weigh in favor

9    of denying a stay.  The OMG Girlz offer no argument relating to this factor, other

10   than asserting that an appeal could "change liability and whether any fees are

11   proper."  Dkt. 828, at 8:1-3.  To the extent this is a reference to potential

12   conservation of judicial resources, it is not persuasive.  "Judicial economy is better

13   served by determining attorneys' fees promptly while the details of the proceedings

14   are still fresh and when the [Court of Appeal] has the opportunity to consider any

15   appeal of the calculation at the same time as the appeal on the merits."  *Spitz Techs.*

16   *Corp* 2018 WL 6016149, at *2 (citing *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc*.,

17   No. CIV. 2:11-1787 WBS, 2012 WL 538263, at *5 (E.D. Cal. Feb. 17, 2012); 1993

18   Advisory Committee Notes to Fed. R. Civ. P. 54(d).

19         Thus, there is no appropriate basis to stay this Motion pending appeal.

20   **B.    <u>There Is No Reasonable Basis To Apportion Between Fees</u>**

21         **<u>Recoverable Under Cal. Civ. Code § 3344 And The Other Claims</u>**

22         **<u>Asserted During Phase 1</u>.**

23         Apportionment is only relevant to the extent the Court finds that MGA is

24   only entitled to fees under Section 3344, and not under the Lanham Act.  But if the

25   Court makes that determination, there still is no basis to apportion the fees incurred

26   during Phase 1 of the litigation because the Section 3344 claim—for which MGA is

27   statutorily entitled to attorneys' fees—was inextricably intertwined with the

28   Lanham Act claim.  The OMG Girlz do not even attempt to challenge that the

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                3                     Case No. 2:20-cv-11548-JVS-AGR
                                                               MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                               ATTORNEYS' FEES

1  statutory and common law right of publicity claims were intertwined, and thus there
2  is no basis to apportion fees between those claims.

3      It is undisputed that the Section 3344 claim and the Lanham Act claim have
4  the same overlapping elements, except for the additional likelihood of confusion
5  element for the Lanham Act claim.  *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th
6  47, 57 (2006).  In their Opposition, the OMG Girlz argue that this additional
7  element precludes a finding that the claims are inextricably intertwined.  *See* Dkt.
8  828, at 16:20-27 (*citing Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d
9  1059, 1072 (9th Cir. 2015)).  The OMG Girlz' argument is belied by their own
10 authority.

11     As noted by the Court in *Fifty-Six Hope Rd. Music*—which did not concern
12 apportionment of fees, but whether a Lanham Act claim may be predicated on a
13 deceased celebrity's persona—a state-law right of publicity claim "is potentially
14 more expansive than the Lanham Act."  778 F. 3d at 1073 (citation omitted).  Thus,
15 "[t]he same issues of fact concerning likeness and identity which support [the OMG
16 Girlz's] appropriation claims also support [their] Lanham Act claim."  *Kirby*, 144
17 Cal. App. 4th at 57; *see also Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App.
18 4th 140, 159 (2006) ("Attorneys' fees need not be apportioned between distinct
19 causes of action where plaintiff's various claims involve a common core of facts or
20 are based on related legal theories.") (citation omitted).

21     But to the extent the Court finds that the misappropriation and Lanham Act
22 claims can be apportioned, which MGA disputes, MGA is entitled to recover "[a]ll
23 expenses incurred on the common issues" between the Section 3344 and Lanham
24 Act claims.  *Graciano*, 144 Cal. App. 4th at 157.  In their Opposition, the OMG
25 Girlz propose using the number of pages MGA devoted to each of the claims in its
26 prior motions as a litmus for the hours billed on each claim.  Dkt. 828, at 17:19-22.
27 But even a cursory review of the pleadings shows that the sections on the right of
28 publicity claim are substantially shorter precisely because they incorporate by

1    reference the same arguments and evidence as for the Lanham Act claims. *See*
2    Mot. to Dismiss, Dkt. 33 at 22–23 ("As argued in the foregoing sections . . . for all
3    the reasons discussed above . . ."); Mot. for Summary Judgment, Dkt. 142-1, at 27
4    ("as demonstrated above, the Dolls have a wide range of looks. . . . as with trade
5    dress, the OMG Girlz' constantly evolving look is fatal to their [misappropriation]
6    claim."). The Court took a similar approach in ruling on summary judgment—
7    finding that "the Dolls for which there is a question of fact regarding trade dress
8    infringement also create a dispute of fact as whether those Dolls are 'readily
9    identifiable' for purposes of the common law likeness claim." Dkt. 326, at p. 30.

10       To the extent the Court nevertheless adopts the OMG Girlz' approach, the
11   Court should only apportion the fees based on the number of pages devoted to the
12   likelihood of confusion element—the single element that is unique to the Lanham
13   Act claims.

14       In its summary judgment motion, MGA devoted a little over three pages out
15   of 30 to likelihood of confusion (about 11% of the brief). *See* Dkt. 142-1, at 15:13-
16   18:19. In its motion to dismiss, MGA devoted slightly more than three pages out of
17   23 to likelihood of confusion (about 14% of the brief). *See* Dkt. 33, at 12:4-15:11.
18   Thus, if the Court uses the OMG Girlz' suggested approach to apportionment, the
19   Court should find that at least 86-89% of the fees MGA incurred in Phase 1 were
20   attributable to the Section 3344 claim.

21       **C.    Baseless and Offensive Allegations And Unreasonable Litigation**
22              **Tactics Make This Case Exceptional.**

23       In its moving papers, MGA demonstrated that this case should be deemed
24   exceptional due to the OMG Girlz persisting with weak, baseless claims and
25   allegations, as well as antagonistic, wasteful, and unprofessional litigation tactics.
26   Dkt. 803-1 ("Mot."), at pp. 10-19. In Opposition, the OMG Girlz primarily rely on
27   the fact that two of their claims survived summary judgment, arguing it follows that
28   the Court found these claims were not "objectively meritless" and therefore the case

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                              5                      Case No. 2:20-cv-11548-JVS-AGR
                                                              MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                              ATTORNEYS' FEES

1    cannot be exceptional.  This argument fails both legally and factually.

2            First, "objectively meritless" is not the standard for finding a case

3    exceptional.  The OMG Girlz cite *Arcona, Inc. v. Farmacy Beauty, LLC*, No.

4    217CV7058ODWJPRX, 2021 WL 2414856, at *2 (C.D. Cal. June 14, 2021), *aff'd*,

5    No. 21-55678, 2022 WL 1486822 (9th Cir. May 11, 2022), for this proposition.

6    While the Ninth Circuit affirmed the fee award in that case, it did not adopt this

7    standard.  Rather, it reiterated the "totality of the circumstances" test as set forth in

8    MGA's opening brief.  *Arcona,* 2022 WL 1486822, at *1 ("to determine whether a

9    case is 'exceptional,' district courts 'should examine the totality of the

10   circumstances' . . . They may exercise equitable discretion and consider

11   nonexclusive factors, including 'frivolousness, motivation, objective

12   unreasonableness (both in the factual and legal components of the case)[,] and the

13   need in particular circumstances to advance considerations of compensation and

14   deterrence.'"  *Id.* at *2 (citing *SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839

15   F.3d 1179, 1180–81 (9th Cir. 2016) (Supreme Court has "eschewed a 'precise rule

16   or formula for making these determinations'"); *Octane Fitness, LLC v. ICON

17   Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014)).  Further, "that claims

18   proceeded to trial post-summary judgment is not enough to render the case

19   *un*exceptional."  *Sazerac Co., Inc. v. Fetzer Vineyards, Inc*, No. 3:15-CV-04618-

20   WHO, 2017 WL 6059271, at *5 (N.D. Cal. Dec. 7, 2017), *aff'd,* 786 F. App'x 662

21   (9th Cir. 2019) (emphasis in original).

22           Here, most of the OMG Girlz' claims *were* meritless.  Their claims for fraud,

23   dilution, unfair competition, statutory right of publicity, and trademark infringement

24   were all eliminated pre-trial.  Dkt. 53, 326.  The trademark infringement claim,

25   based on use of the common and generic phrase "OMG" on unrelated goods, was

26   baseless and contrary to the OMG Girlz' own representations to the USPTO.  *See*

27   Dkt. 326, at 22 (the OMG Girlz "put forth no evidence that the term 'OMG' alone

28   on Dolls' packaging and in the name has caused or is likely to cause consumer

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                    6                    Case No. 2:20-cv-11548-JVS-AGR
                                                                   MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                                   ATTORNEYS' FEES

confusion"); Mot. at pp. 5, 11.  As to the remaining two claims for trade dress and common law right of publicity, only *portions* of those claims survived summary judgment.  Dkt. 326.  The Court dismissed both claims as to more than half of the accused MGA dolls because they shared *no elements* of OMG Girlz' purported trade dress, even as they broadly and vaguely described it.  *Id*.  In other words, there were no legitimate grounds to have brought these claims as to these dolls.  Moreover, new counsel for the OMG Girlz purposely expanded the case to include all of MGA's O.M.G. dolls, even those that objectively had not even a scintilla of similarity.  *See* Mot. at pp. 1, 5.  This overreach needlessly expanded the scope of discovery and the resources required to defend this case.

Then, at trial, the jury unambiguously sent the message that the claims as to the remaining dolls likewise had no merit and that MGA should be compensated for its fees in defense.  Mot., at pp. 2, 12.  That is, the jury wholeheartedly—and extremely quickly—rejected the OMG Girlz' entire theory of this case and indicated that they believed MGA should be reimbursed for having to endure this litigation.  The Court is entitled to take the jury's decision into account in ruling on this motion.  *Hansen Cold Storage Construction v. Cold Systems, Inc.*, No. 2:19-CV-07617-SB-MAA, 2022 WL 1199271, at *2 (C.D. Cal. Feb. 11, 2022) (the jury's finding of bad faith "weighs in favor of deeming this case exceptional").  The OMG Girlz try to downplay the jury's note on attorneys' fees, portraying the jury's question as mere confusion from a "lay jury." Dkt. 828, at 11:13-18.  But Mr. Larian testified that MGA should be awarded fees to "discourage extortionists." TT May 24, 2023 P.M. at 79:9-11.  The jury clearly agreed with that characterization of the OMG Girlz and their claims.

Second, the OMG Girlz' claims were also based on false allegations of intentional copying.  Mot., at p. 16.  The OMG Girlz defend themselves by asserting that these allegations were based on an "assumption" that "may have been wrong." Dkt. 828, at 13:15-17.  An "assumption" with no basis in fact is not a

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                    7                    Case No. 2:20-cv-11548-JVS-AGR
                                                                   MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                                   ATTORNEYS' FEES

1  legitimate basis to plead serious allegations, much less to persist with the claim at
2  trial even after admitting it was untrue.

3       Third, the OMG Girlz also based their claims on charges of "cultural
4  appropriation" and outright racism—serious, offensive allegations that were
5  absolutely intended to inflame public opinion and harm the MGA brand and
6  Mr. Larian's reputation.  Mot., pp. 15-16.  In Opposition, the OMG Girlz try to
7  wave this conduct away by arguing "cultural appropriation was never asserted as a
8  cause of action."  Dkt. 828, at 10:16-17.  On the contrary, it was expressly alleged
9  as the *foundation of all* the claims.  The counterclaims included a separate section
10 under the heading "CULTURAL APPROPRIATION," which purported to explain
11 the concept in detail, including how it has been used to "colonize, subdue and
12 destroy" people and communities.  It then went on to accuse MGA of "stealing
13 from" "Black creators" and alleged MGA's cultural appropriation "is *legally*
14 *actionable* for MGA's unlawful copying and dilution of the OMG Girlz brand,
15 misappropriation of name and likeness, unfair competition and fraud."  Dkt. 13, at
16 pp. 7-8 (paras 19-23) (emphasis added); *see also*, Mot., at 15.  These allegations
17 were stricken.  Dkt. 53, at 15-16.  They were then excluded from trial in response to
18 MGA's motion *in limine*.  Dkt. 502, at p. 5-6; Mot., at 5.  The Court could not have
19 been more clear that this line of argument was not allowed.  And yet the OMG Girlz
20 *still f*ound a way to bring it into trial.  Not only was this conduct wrongful and in
21 violation of the Court's orders, it also resulted in a costly and wasteful mistrial.
22 Mot., at p. 15.

23      Similarly, the OMG Girlz refused to heed the Court's repeated exclusion of
24 the social media evidence they manufactured, instead continually rearguing the
25 issue and ultimately sneaking it into their closing argument.  Mot., at pp. 14-15, 16-
26 17.  The OMG Girlz do not dispute this conduct, arguing only that MGA did not
27 object to the *number* of comments, which is beside the point.  It was the content of
28 the comments that was excluded multiple times.  Not only did the OMG Girlz

UMBER ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                          8                     Case No. 2:20-cv-11548-JVS-AGR
                                                          MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                          ATTORNEYS' FEES

1  continue to try to get those comments into evidence, the OMG Girlz' counsel told

2  the jury that, in essence, the 30,000 (excluded) comments qualified as evidence of

3  "actual confusion."  This was improper.  And the fact that MGA made the strategic

4  decision not to object—and therefore draw more attention to the statement—does

5  not diminish the impropriety of the conduct.

6      The same is true of the OMG Girlz' use of the "Venn diagram" at trial.

7  Whether MGA introduced XOMG POP! into evidence is irrelevant.  The OMG

8  Girlz knowingly used an inaccurate demonstrative and made a false representation

9  to the jury.[1]  Likewise, the OMG Girlz do not deny falsely accusing MGA's in-

10 house counsel at trial of manipulating a website—something for which there was no

11 credible evidence.

12     At the end of the day, this case was premised on a fabrication about

13 intentional copying, inflammatory accusations of stealing from Black creators,

14 baseless claims, and unjustifiable overreach that greatly increased the scope and

15 burden of the litigation.  Added to all that, the OMG Girlz' counsel litigated this

16 case in an unreasonable manner and were sanctioned and repeatedly admonished by

17 the Court for their conduct.  Mot., at pp. 13-14.  The OMG Girlz try to defend their

18 conduct by claiming that MGA behaved in a "disturbingly unprofessional manner,"

19 including by recycling the arguments from their unsuccessful motion for spoliation

20 sanctions.  But MGA was never sanctioned, did not file frivolous claims, and

21 always abided by the Court's rulings.

22     The totality of these factors renders this case exceptional and requires

23 deterrence through a more "fair allocation of the burden of litigation as between

24 winner and loser."  *IVAC Corp. v. Terumo Corp.*, No. CIV. A. 870413 B(M), 1990

---

[1] The OMG Girlz now claim that band "does not use the trade dress."  Dkt. 828, at
14:10-11.  But XOMG POP! is a girl-band with vibrant hair color, fun and edgy
wardrobes that include layered clothing, and they even incorporate "OMG" in their
name.  The fact that they came after the OMG Girlz is of no moment—their
existence disproves the OMG Girlz' counsel's argument.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                              9                   Case No. 2:20-cv-11548-JVS-AGR
                                                            MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                            ATTORNEYS' FEES

1   WL 180202, at *1 (S.D. Cal. Aug. 9, 1990).

2   **D.      MGA Is Entitled To Recover Its Non-Taxable Costs.**

3         The Ninth Circuit has expressly held that "attorneys' fees under the Lanham

4   Act may also include reasonable costs that the party cannot recover as the

5   'prevailing party.'"  *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677,

6   690 (9th Cir. 2012), *abrogated on other grounds by SunEarth, Inc.*, 839 F.3d 1179;

7   *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010)

8   ("[The Ninth Circuit] repeatedly [has] allowed prevailing plaintiffs to recover non-

9   taxable costs where statutes authorize attorney's fees awards to prevailing

10  parties.").  These "non-taxable costs" may include, among other categories, expert

11  witness fees and deposition costs.  *Secalt*, 668 F.3d at 690 (remanding to district

12  court to consider reasonableness of expert witness fees and deposition costs);

13  *Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2017 WL 914273, at *1 (N.D.

14  Cal. Mar. 8, 2017), *aff'd*, 728 F. App'x 717 (9th Cir. 2018) (awarding prevailing

15  plaintiff on Lanham Act trademark infringement claim its reasonable expert witness

16  fees in the amount of more than $160,000*); BoxNic Anstalt v. Gallerie degli Uffizi*,

17  No. CV-18-1263-PHX-DGC, 2020 WL 2991561, at *2 (D. Ariz. June 4, 2020)

18  (allowing prevailing plaintiff on Lanham Act trademark infringement claim to

19  recover cost of expert retainer fee).

20        The cases that the OMG Girlz rely upon are either not controlling authority

21  or are inapposite.  The *San Diego Comic Convention v. Dan Farr Productions* case

22  is designated as "not appropriate for publication" and "is not precedent."  807 Fed.

23  App'x. 674 (2020).  Therefore, it did not overturn prior Ninth Circuit opinions such

24  as *Secalt* and *Grove; see also Hansen Cold Storage*, 2022 WL 1199271, at *7

25  (unpublished opinion applying *San Diego Comic Convention*).  The Supreme Court

26  case cited in *San Diego Comic Convention* interprets a costs provision of the

27  Copyright Act in the context of the federal costs statute, 28 U.S.C. § 1920.  *See*

28  *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 877–78 (2019).  But as the

Umberg Zipser llp
Attorneys At Law
Irvine

{258121.3}                          10                          Case No. 2:20-cv-11548-JVS-AGR
MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES

court in *Dropbox* explained, Section 1920 "covers *taxable* costs" and is "entirely beside the point" where the prevailing party is "seeking recovery of precisely *non-taxable costs*," such as expert witness fees.  2017 WL 914273, at *6 (emphasis in original).  Thus, contrary to the OMG Girlz' claim, MGA seeking non-taxable costs hardly "borders on frivolous."  Dkt. 828, at 1:18-19.

As the prevailing party under California Civil Code Section 3344, MGA is also entitled to recover its costs for videotaping depositions.  As the OMG Girlz acknowledge in their Opposition, the prevailing party on a Section 3344 claim is entitled to recover costs set forth in Code of Civil Procedure § 1033.5.  *Page v. Something Weird Video*, 960 F. Supp. 1438, 1447 (C.D. Cal. 1996).  Section 1033.5(a)(3) expressly provides that the prevailing party may recover the costs of "[t]aking, video recording, and transcribing necessary depositions, including an original and one copy of those taken by the claimant and one copy of depositions taken by the party against whom costs are allowed."  Cal. Civ. Proc. Code § 1033.5(a)(3)(A); *see also PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp. 2d 1136, 1158 (C.D. Cal. 2010) (awarding non-taxable costs of videotaping depositions under Section 1033.5(a)(3)).

### E.   The Fees MGA Seeks Were Necessary And Reasonably Incurred.

As set forth in MGA's opening brief, the rates charged by MGA's counsel are *below* the prevailing market rates for similarly situated lawyers, especially considering their level of experience and skill.  Mot. at pp. 20-21.  For example, Mr. Finkelstein's hourly rates, ranging from $650 to $725 per hour, are as much as $300 per hour less than what he was charging five years ago as a partner at Jones Day's Irvine office.  Dkt. 803-5 ("Finkelstein Decl."), ¶ 31.  In fact, Mr. Finkelstein's rates in this litigation are comparable to the rates that Sheppard Mullin and Winston & Strawn have charged for their *associates* in other California federal cases.  *See* Dkt. 803-25, Finkelstein Decl., Ex. T at 7–8 (Sheppard Mullin listing associate hourly rate for 2018-2021 ranging from $585 to $770 that were

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                                   11                          Case No. 2:20-cv-11548-JVS-AGR
                                                                          MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                                          ATTORNEYS' FEES

1    "*generally lower than* average billing rates for Southern California-based

2    intellectual property litigation attorney . . ." (emphasis in original)); Dkt. 803-26,

3    Finkelstein Decl., Ex. U at 11, ¶ 22 (Winston & Strawn listing associate hourly

4    rates for 2019 ranging from $615 to $825 that reflected "the standard billing rates"

5    charged by attorneys "throughout the United States").

6        In their Opposition, the OMG Girlz do not (and cannot) provide any basis for

7    disputing the reasonableness of Umberg Zipser's or Keller Anderle's hourly rates in

8    the market.

9        Unable to challenge the reasonableness of MGA's rates, the OMG Girlz take

10   issue with its partner-heavy staffing.  Both Umberg Zipser and Keller Anderle are

11   boutique litigation firms with few associates; there is no requirement that they

12   function as a big firm would and staff the case with multiple levels of associates.

13   Moreover, the OMG Girlz' criticism that MGA used partners instead of associates

14   for certain tasks is unavailing given that the two partners who billed the most time

15   in this litigation, Mr. Finkelstein and Ms. Reagan, charged rates comparable to

16   associates at the law firms representing the OMG Girlz.  *See* Finkelstein Decl., ¶¶

17   17, 23, 33 (Ms. Reagan's hourly rate ranged from $560 to $635 per hour).

18       The OMG Girlz also take issue with the amount of hours billed by MGA's

19   counsel during Phase 2 of the litigation.  However, their Opposition brief entirely

20   ignores the fact that MGA's fee request seeks only a portion of the total fees that it

21   actually incurred and for which MGA could seek reimbursement.  Mot. at p. 22.

22   Keller Anderle discounted their fees through the mistrial by almost $340,000, Dkt.

23   803-3, Scolnick Decl., ¶ 8, which more than offsets any time spent getting up to

24   speed or for purportedly duplicative work with Umberg Zipser—which also

25   discounted its fees during Phase 2 by almost $90,000.  Finkelstein Decl., ¶ 23.

26   Moreover, a substantial portion of the legal work was performed by MGA's in-

27   house legal department and attorneys at other firms (who billed more than

28   $400,000) for which MGA is not seeking reimbursement at all.  *Id.*, ¶¶ 6, 29.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                          12                    Case No. 2:20-cv-11548-JVS-AGR
                                                         MGA'S REPLY IN SUPPORT OF MOTION FOR
                                                                  ATTORNEYS' FEES

## III.   **CONCLUSION**

For all of the foregoing reasons, MGA should be awarded its attorneys' fees and non-taxable costs in the total amount of $6,168,313.

Dated: July 31, 2023                    UMBERG ZIPSER LLP

_/s/ Mark A. Finkelstein_

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for MGA, certifies that this brief contains 4,216 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 31, 2023                    UMBERG ZIPSER LLP

_/s/ Mark A. Finkelstein_

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{258121.3}                    13                    Case No. 2:20-cv-11548-JVS-AGR

MGA'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES