UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Attorneys' Fees [803] and Motion for New Trial [813]**

Before the Court are two post-judgment motions.

First is a motion for attorneys' fees filed by Plaintiff and Counter-Defendant, MGA Entertainment, Inc. ("MGA Entertainment"), and Counter-Defendant, Isaac Larian ("Larian") (collectively, "MGA"). (Fees Mot., Dkt. No. 803-1.) The matter is fully briefed and the Court took it under submission. (Dkt. No. 853.)

Second is a motion for new trial by Defendants, Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counter-Claimants, Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, the "Harris Parties"). (Mot., Dkt. No. 814.).[1] MGA opposed. (Opp'n, Dkt. No. 854.) The Harris Parties replied. (Reply, Dkt. No. 857.)

The Court heard oral argument on September 11, 2023. (Dkt. No. 858.) For the following reasons, the Court **GRANTS** the motion for new trial and **DENIES** the motion for attorneys' fees without prejudice.

**I. BACKGROUND**

---

[1] Following the filing of the motion for new trial, the Harris Parties filed a notice of appeal. (Dkt. No. 819.) The Court still retains jurisdiction to review these two motions. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59–60 (1982) (noting a district court has "express authority to entertain a timely motion to alter or amend the judgment under Rule 59 [or motion for attorneys' fees], even after a notice of appeal had been filed"); see also Dkt. No. 856.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
|---|---|---|---|

| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. |
|---|---|

The facts of this case are well known to the Court and the parties. The Court recites only the facts necessary to resolve the present motions.

MGA filed suit against T.I., Tameka, and OMG Girlz LLC for declaratory relief. (Compl., Dkt. No. 1.) MGA produces L.O.L. Surprise! O.M.G. dolls and sought the Court's declaration as to the ownership of the dolls' trade dress rights. The Harris Parties counterclaimed. (Answer, Dkt. No. 13.) Following discovery and motion practice, the case proceeded to trial.[2]

At trial, the Harris parties pursued a claim for trade dress infringement under the Lanham Act and common law misappropriation of likeness. (Final Pretrial Conference Order, Dkt. No. 492, at 14.) MGA proceeded on its claim for declaratory relief. (Id. at 2.) The jury returned a verdict in favor of MGA, finding the Harries Parties did not prevail on either of their claims with respect to any of the thirty-one L.O.L. Surprise! O.M.G. dolls at issue. (Special Verdict, Dkt. No. 771.) The Court entered final judgment in favor of MGA. (Dkt. No. 777.) MGA moved for attorneys' fees and the Harries Parties moved for a new trial. The Court addresses both motions below.

## II. LEGAL STANDARD

### A. Motion for New Trial

Pursuant to Federal Rule of Civil Procedure 59(a), in an action in which there has been a jury trial, a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Courts may grant new trials, "even though the verdict is supported by substantial evidence, if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999) (internal quotations omitted). Authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." Allied Chem. Corp. v. Daiflon, 449 U.S. 33, 36 (1980) (per curiam).

---

[2] The first trial resulted in a mistrial. (Dkt. No. 569.) The case proceeded to a second trial on May 10, 2023. (Dkt. No. 700.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
|---|---|---|---|

| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. |
|---|---|

    B.    *Motion for Attorneys' Fees*

    Under § 35(a) of the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Lanham Act does not define "exceptional cases." "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, Octane Fitness, 134 S.Ct. at 1756, exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness and Fogerty, and using a preponderance of the evidence standard." SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1181 (9th Cir. 2016). In an action for misappropriation for likeness, the prevailing party is entitled to attorneys' fees and costs. See Cal. Civ. Code § 3344(a).

### III.  DISCUSSION

    A.    *Motion for New Trial*

        1.    Whether there is an intervening change in law

    The Harris Parties argue they are entitled to a new trial based on a recent change in law. See Jack Daniel's Props., Inc. v. VIP Prods. LLC, 143 S. Ct. 1578 (2023) ("Jack Daniel's"). The Supreme Court issued an opinion in Jack Daniel's on June 8, 2023, several weeks after the jury delivered its verdict in this case. (See Special Verdict, Dkt. No. 771, May 26, 2023.) Before taking up Jack Daniel's, a brief review of the Rogers test is necessary. See Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989).

    The Rogers test is used to determine whether a work should receive First Amendment protection. See Jack Daniel's, 143 S. Ct. at 1586. "The Rogers test requires the defendant to make a threshold legal showing that its allegedly infringing use is part of an expressive work protected by the First Amendment." Gordon v. Drape Creative, Inc., 909 F.3d 257, 264 (9th Cir. 2018). An expressive work is one that communicates ideas or expresses a point of view. See Mattel, Inc. v. MCA Records, Inc., 296 F.33d 894, 900 (9th Cir. 2002). And a work, such as a Barbie or Ken doll, can be an expressive work if it is sold commercially. See id. at 906–07 (noting a commercially sold work is fully protected by the First Amendment so long as it is not "purely commercial"). Once this threshold showing is made then "the plaintiff must satisfy not only the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

likelihood-of-confusion test but also at least one of Rogers's two prongs." Gordon, 909 F.3d at 264. The two prongs are "that the mark is either not artistically relevant to the underlying work or explicitly misleading as to the source or content of the work." Id. at 265.

Jack Daniel's involved a dog toy made by VIP Products that looked similar to a bottle of Jack Daniel's. 143 S. Ct. at 1585. At summary judgment, on the relevant claim, VIP Products argued the dog toy was an expressive work that deserved First Amendment protection. Id. at 1586. The district court rejected VIP Products's argument because VIP Products used the Jack Daniel's mark for source identification. Id. at 1586. Thus, the Rogers test did not apply. The Ninth Circuit reversed, finding the dog toy was an expressive work and thus the Rogers test applied. Id. Upon remand, the district court held Jack Daniel's could not satisfy either prong of the Rogers test. The Ninth Circuit affirmed the decision, and the Supreme Court granted certiorari. Id. at 1587.

The Supreme Court held the Rogers test should not have been applied. Id. The Court clarified that Rogers "applie[s] only to cases involving 'non-trademark uses'—or otherwise said, cases in which 'the defendant has used the mark' at issue in a 'non-source-identifying way.'" Id. at 1588. "The test has not insulated from ordinary trademark scrutiny the use of trademarks as trademarks, 'to identify or brand [a defendant's] goods or services.'" Id. at 1588–59. When a use is for source identification and also to make an expressive comment, the infringement claim must me made "on the usual battleground of 'likelihood of confusion.'" Id. at 1589. The "Rogers [test] does not apply when the challenged use of a mark is as a mark." Id. at 1593.

The jury was instructed that the L.O.L. Surprise! O.M.G. dolls were an expressive work. (Jury Instr., Dkt. No. 764, at p. 23.) The jury was then instructed on the remainder of the Rogers test. The Harris Parties contend, based on Jack Daniel's, this instruction should not have been given at all. The first issue then, is whether the mark (i.e., trade dress) was used in a source identifying way. Source identification simply refers to whether the mark or trade dress is associated with a particular source. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992); Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 843 (9th Cir. 1987).

In the First Amended Complaint ("FAC"), MGA claimed ownership "to unregistered rights, including trade dress rights, in the L.O.L. Surprise! Products." (FAC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Dkt. No. 16, ¶ 15.) The Harris Parties, in their counterclaims, alleged MGA infringed on the OMG Girlz's trade dress "in physical toys and animated videos . . . ." (Answer & TACC, Dkt. No. 61, ¶ 20.) The core of the trial was always whether MGA, through the L.O.L. Surprise! O.M.G. dolls, copied the alleged trade dress of the OMG Girlz. (See, e.g., Rep.'s Tr., Trial Day 2, Vol. 1, Dkt. No. 780, at 87:14–18 ("[The Harris Parties are] claiming that everything [MGA's] designers came up with no matter where they came from is based on them no matter what, whether it's blue jeans, whether it's tutus, whether it's skirts, whether it's -- no matter what. It's all stolen.").) Put another way, the jury was tasked with determining if MGA misappropriated the OMG Girlz's trade dress such that consumers believed the L.O.L. Surprise! O.M.G. dolls were associated with the OMG Girlz. (See, e.g., Rep.'s Tr., Trial Day 11, Vol. 2, Dkt. No. 847, at 23:18–20 (arguing, regarding the First Amendment defense, "[c]an anybody in this room really believe after everything you've heard that these dolls were such a massive hit because of the OMG Girlz' fame?").)

MGA argues the boxes the dolls containing the dolls is the real mark at issue, not the dolls themselves. (Opp'n 7.) The entire theme of the Harris Parties' case was that the alleged trade dress was a combination of the name, vibrant hair, and unique wardrobe. (Rep.'s Tr., Trial Day 2, Vol. 1, at 32:10–21.) MGA fought to keep photos of the boxes out of the jury instructions, but the crux of the jury's determination was whether MGA's dolls infringed the trade dress. (See Rep.'s Tr., Jury Trial Day 11, Vol. 1, Dkt. No. 789, at 6:7–23.) The dolls and boxes were never truly distinct items at trial; they came together. The jury was ultimately tasked with deciding whether the dolls infringed on the alleged trade dress of the OMG Girlz, such that consumers would be misled as to the origin of the L.O.L. Surprise! O.M.G. dolls (*i.e.*, the use of a mark as a mark). The Supreme Court held, in such a case of source identification, the Rogers test does not apply. Jack Daniel's, 143 S. Ct. at 1593. There is no doubt that under Jack Daniel's, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

Rogers test instruction should not have been given.[3]

 Given the erroneous instruction, the Harris Parties argue a new trial is warranted. MGA disagrees. When an erroneous instruction is given, there is a presumption of prejudice. See Frost v. BNSF Ry. Co., 914 F.3d 1189, 1198 (9th Cir. 2019) (citing Galdamez v. Potter, 415 F.3d 1015 (9th Cir. 2005)). MGA must show it was more probable than not that the jury would have reached the same verdict without the Rogers test instruction. Id.

 The trial record contains ample testimony that is directly relevant to the Rogers test instruction. This is true even though the First Amendment was not explicitly mentioned. For example, one of the consumer witnesses was asked whether T.I. or Tiny were present on any of the boxes of the dolls, and whether the dolls may have been influenced by the OMG Girlz. Such testimony goes towards whether the trade dress is explicitly misleading. (See generally Rep.'s Tr., Trial Day 4, Vol. II, Dkt. No. 840, at 77–80.) The testimony of the doll designers goes directly towards artistic relevance. (See generally Rep.'s Tr., Trial Day 6, Vol. II, Dkt. No. 851, at 4–43 (discussing inspiration behind the design of the dolls).) The Rogers test contained elements similar to that of other claims and defenses, and the testimony and evidence was relevant to multiple claims and defenses.

 Importantly, the jury instructions provided several, independent pathways for the jury to render a verdict in favor of MGA. During closing argument, MGA's counsel told the jury: "So there are many roads to a verdict for MGA here. . . . [T]he case has many, many ways for you to find for MGA and that you should find for MGA." (Rep.'s Tr., Trial Day 11, Vol. 2, at 22:4–7.) The jury could have found that the OMG Girlz did not

---

 [3] At oral argument, MGA focused on the "narrow" opinion in Jack Daniel's. The Supreme Court held, "Today's opinion is narrow. We do not decide whether the Rogers test is ever appropriate, or how far the 'noncommercial use' exclusion goes. On infringement, we hold only that Rogers does not apply when the challenged use of a mark is as a mark." 143 S. Ct. at 163. In Jack Daniel's, the Supreme Court did not narrow when the Rogers test applied in situations of source identification. The focus on narrowness in this case is not relevant, the issue is whether the trade dress at issue was used as a mark. Indeed, the Supreme Court's statement as to the "narrow" holding appears to relate to Justice Gorsuch's concurring opinion questioning the future validity of the Rogers test. See id. at 165 ("For another thing, it is not obvious that Rogers is correct in all its particulars . . . [a]ll this remains for resolution another day and lower courts should be attuned to that fact." (internal citation omitted)) (Gorsuch, J., concurring).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
|---|---|---|---|

| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. |
|---|---|

possess a trade dress; the OMG Girlz' trade dress, if any, did not acquire secondary meaning; the alleged trade dress was non-functional; there was no likelihood of confusion; or the alleged trade dress was abandoned. MGA's counsel went through all of the ways the jury could have found for MGA on the Lanham Act claim, including the First Amendment defense. (See id. at 29:4–31:23.) But the Rogers instruction was more than just one path for the jury to find for MGA. It was also a hurdle that the Harris Parties were required to overcome in order to prevail on their trade dress infringement claim. (Jury Instr. at p. 23 ("Therefore, you may find for the OMG Girlz on their trade dress infringement claim *only if* . . . .") (emphasis added).) There is no way to know what path the jury took in rendering its verdict. The First Amendment defense could have "provided a shortcut that the jury may well have taken[.]" Frost, 914 F.3d at 1198.

At oral argument, both sides posited hypothetical scenarios to explain the short time it took the jury to reach its verdict and significance of the jury's note regarding attorneys' fees. One can imagine a great number of plausible situations to explain why the jury took the amount of time it did to render its verdict. But none gives sufficient clarity as to the jury's rationale in finding for MGA.

MGA argues the Harris Parties invited error by insisting on a general verdict form. (Opp'n 13–14.) If a party "both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable." United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997). In theory, had Jack Daniel's been decided prior to the finalizing of the jury instructions, an argument could be made the Harris Parties invited error by advocating for a general verdict form. But neither the Court nor the parties had any idea there would be a subsequent change in law. The Harris Parties cannot be faulted for their inability to predict the future. In any event, the Court's regular practice in jury trials is to use a general verdict form as to each claim. Moreover, there was no error in the Court's exercise of it discretion to use a general verdict per claim. Thus, the invited error doctrine is inapplicable.

The Rogers test instruction pertained only to the trade dress infringement claim. (See Jury Instr. at p. 23.) Indeed, the instruction was explicitly clear, stating: "[Y]ou may find for the OMG Girlz *on their trade dress infringement claim* only if the OMG Girlz prove by a preponderance of the evidence that: [the Rogers test is satisfied]." (Id. (emphasis added).) A separate First Amendment instruction, without the Rogers test, was given on the misappropriation claim. (Jury Instr. at p. 26.) The jury is presumed to have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

followed the Court's instructions.  See CSX Transp., Inc. v. Hensley, 556 U.S. 838, 841 (2009) ("Jurors routinely serve as impartial factfinders in cases that involve sensitive, even life-and-death matters.  In those cases, as in all cases, juries are presumed to follow the court's instructions.").  Thus, the Court presumes the jury followed the Rogers test instruction only as to the trade dress infringement claim.  There is simply no way to determine whether the jury found for MGA on both claims for the same reasons, or for different reasons.  The jury could have relied on any one or all of the elements of the misappropriation claim or First Amendment defense.

Additionally, when a change in law affects jury instructions, the Ninth Circuit routinely vacates the judgment and remands in light of the change.  See, e.g., Inland Empire Waterkeeper v. Corona Clay Co., 17 F.4th 825, 836–37 (9th Cir. 2021); c.f. Davis v. Blue Tongue Films, No. 22-55416, 2023 WL 3963838 (9th Cir. June 9, 2023).  The Court finds this further supports that a new trial is warranted.

At oral argument, MGA posited a somewhat tortured path to advance the argument that it was more probable than not that the jury's verdict was unaffected by the Rogers instruction.  The Court finds otherwise.

Based on the foregoing, the Court finds MGA failed to meet its burden in establishing, looking at the "proceedings as a whole," it was more probable than not that the jury would have rendered the same verdict if the Rogers instruction was omitted.  Frost, 914 F.3d at 1198–99.

Erroneous jury instructions are a sufficient basis for a new trial.  See Murphy v. City of Long Beach, 914 F.2d 193, 187 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 59(a), the Court has the discretion to grant a new trial on all or some of the issues.  Fed. R. Civ. P. 59(a)(1)(A).  A partial trial "may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice."  Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500 (1931).  At oral argument, MGA argued that the trade dress claim and misappropriation claims were distinct enough to warrant a partial trial but similar enough to presume the jury found for MGA on both claims for similar reasons.  The Rogers instruction pertained only to the trade dress claim; however, the relevant evidence on both claims overlapped.  In the Ninth Circuit, a Lanham Act claim and misappropriation claim are distinguished on the basis of an additional element.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-11548 JVS (AGRx) | Date | September 15, 2023 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al. | | |

See <u>Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.</u>, 778 F.3d 1059, 1072 (9th Cir. 2015). Given the similarity in elements and evidence, the Court declines to grant a trial on just the trade dress claim. In any event, the decision to limit issues in a new trial is within the Court's discretion. <u>See</u> <u>Pumphrey v. K.W. Thompson Tool Co.</u>, 62 F.3d 1128, 1134 (9th Cir. 1995). The Court finds a trial on both claims is appropriate. The Court declines to grant the motion for new trial based on the remaining arguments brought forth by the Harris Parties. Nonetheless, the Court may revisit these issues before if raised as appropriate pretrial motions.

Following the close of evidence, the Harris Parties moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure Rule 50(a) on whether the dolls are an expressive work. (Rep.'s Tr., Trial Day 11, Vol. I, at 27:10–21.) The Harris Parties argued, based on MGA's testimony, the dolls are not an expressive work. The Court denied the motion. (<u>Id.</u> at 29:1–6.) The Harris Parties renewed the motion, pursuant to Federal Rule of Civil Procedure 50(b), in their motion for new trial. (Mot. 11–12.) Given the <u>Rogers</u> instruction is no longer a viable defense, the question of whether the dolls are expressive is now moot. Accordingly, the Court **DENIES** the renewed motion for judgment as a matter of law.

For the foregoing reasons, the Court **GRANTS** the motion for new trial.

    B.    *Motion for Attorneys' Fees*

MGA seeks attorneys' fees. Given the new trial, the Court cannot yet determine whether the case is exceptional nor who the prevailing party is. Accordingly, the motion for attorneys' fees is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for new trial and **DENIES** the motion for attorneys' fees without prejudice.

    **IT IS SO ORDERED.**