John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

Jiepu (Bobby) Li (SBN: 342224)
bli@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and *Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' MOTION RE MGA'S MOTION IN LIMINE 3**<br><br>Final Pretrial Conference Date: August 19, 2024<br>Time: 11:00 A.M.<br>Place: Courtroom 10C<br>Judge: Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 19, 2024, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants and Counterclaimants will, and hereby do, move the above-entitled Court, before Honorable James V. Selna for an order as describe below and in the accompanying memorandum.

The matters that are the subject of the motion are as follows:

The OMG Girlz request that the Court either prevent MGA from "opening the door" to the issues discussed in their MIL 3 by preventing MGA from suggesting or questioning the consumer witnesses motivation for testifying. MGA should not be allowed to use the Court's ruling as both a sword and shield.

Or, as an alternative if MGA is not subject to such limitation, the OMG Girlz should be allowed to raise cultural appropriation solely in the context of the witnesses' motivation to testify. Such usage is narrowly tailored to address the prejudice from MGA's suggestions.

This Motion is based on this Motion and Notice of Motions, previously filed documents incorporated by reference herein, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion. Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on July 1, 2024.

Dated: July 22, 2024

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ *John R. Keville*
 John R. Keville

*Attorney for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA

| | |
|---|---|
| 1 | *"TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC* |
| 2 | |
| 3 | |

## I. INTRODUCTION

This Motion in Limine addresses an issue previously raised, not to reargue, but because the circumstances were changed by MGA's questioning and cross examination at the prior trial. The OMG Girlz seek only a fair resolution for both sides.

## II. BACKGROUND

On a prior pretrial motion, the Court ruled that the historical trend of companies using the creative works of black and African American people without permission, attribution, or compensation should not be discussed at trial. (Dkt. 502 at 5-6). This had been raised by several consumer witnesses. The Court made it clear it did not want this issue discussed at trial, and throughout the second trial the OMG Girlz went to great lengths to ensure no witness raised the issue. The OMG Girlz are not seeking reconsideration of this ruling, and they have no intention that cultural appropriation be an issue at the upcoming trial. The issue, however, is that MGA took advantage of this ruling to argue that the consumer witnesses were motivated by greed or contact with famous people, knowing that the OMG Girlz' consumer witnesses could not rebut it given the Court's ruling.

Specifically, MGA's cross examination of Dominique Alexander, Windellyn Osborne, and Moniece Campbell implied they were biased by the fame of the OMG Girlz, Ms. Harris, or Mr. Harris and thus would lie on their behalf, or else only chose to attend trial because they were being paid to do so. (*See, e.g.*, Dkt. 783 at 93:21-94:10). MGA also emphasized this in closing, telling the jury that the consumer witnesses participated in trial so that they would "get to be around celebrities" and could "tell their friends." (Dkt. 846 at 35:6-19). MGA did so despite knowing that a big reason these individuals were willing to disrupt their everyday lives and travel to Orange County to testify could not be uttered given the Court's ruling.

The racial composition of the juries in this division likely compounds this issue. After picking two juries for this case, it is clear that there are few to none black veniremen. There were no black members of either jury. And while the racial

composition of the jury is rarely scrutinized in most intellectual property cases, the specific issues here—including a multi-racial musical group who was most popular with black or multi-racial millennials on the one hand, and a toy company who intentionally appeals to diverse consumers on the other—warrant some attention to the topic. Specifically, while the consumer witnesses' unspoken motivation for testifying might be clear to jurors who shared the same cultural experiences or background as the consumer witnesses and the OMG Girlz (for which race is merely a proxy), it was likely lost on the jurors in the case.

## II.   ARGUMENT

There are two ways to address this issue. *First*, is the simplest solution and the OMG Girlz preference: MGA should be precluded from "opening the door" to the issue through the grant of a Motion in Limine preventing MGA from suggesting or questioning the consumer witnesses motivation for testifying. MGA should not be allowed to use the Court's ruling as both a sword and shield. *Second*, as an alternative if MGA is not subject to such limitation, the OMG Girlz should be allowed to raise cultural appropriation *solely in the context of the witnesses' motivation to testify*. Such usage is narrowly tailored to address the prejudice from MGA's suggestions.

### A. MGA Should Not Be Allowed To Cross Examine The Consumer Witnesses On Their Motivation For Testifying

The third party consumer witnesses submitted declarations and were deposed about their awareness of the OMG Girlz, and their confusion about whether MGA's OMG Dolls were sponsored, affiliated, or otherwise connected to the OMG Girlz due to MGA's use of the OMG Girlz' likeness and trade dress. Questions implying that the consumers have an improper or impure motivation for testifying at trial are tangential, at best, or else are irrelevant and highly prejudicial in light of MGA's prior MIL 3. Indeed, during its oral motion for a mistrial in January 2023, counsel for MGA stated, "The reason almost [Moniece Campbell's] whole deposition was objectionable is because it should have been limited to this consumer witness's confusion. That was the

only issue. That was the only relevance. Was she confused about the product? Why was she confused? End of story." (*See* Dkt. 569 [1/25/2023, Day 6 AM Tr. at 7:14-18]). Yet it was MGA who chose to impugn the witnesses motives, knowing they could not respond as they had been rigorously warned—per the Court's instruction—to not mention cultural appropriation. MGA's line of cross-examination questions regarding the consumer witnesses' motivations for testifying should be excluded.

As a secondary benefit, excluding this questioning will reduce the risk that these witnesses inadvertently mention the previous trials. Per the prior practice, the OMG Girlz assume that the parties and Court will proceed without mention of the prior trials. This is particularly relevant to MGA's bias arguments. Before the first trial, none of the witnesses had personally met or encountered the Harrises or the OMG Girlz. Counsel made a good faith effort to keep these consumer witnesses separate in an effort to dispel any notion of bias or improper motive. However, at this stage, due to trial staging and courthouse logistics, the consumer witnesses have of course encountered the Harrises. Thus, honest answers to questions about having met the Harrises would give a false impression and unfairly bolster MGA's "biased fandom" arguments, and also require explanation about the prior trials. Given these benefits, and the lack of relevance as admitted by MGA's counsel, this line of cross examination should be precluded.

**B. If MGA Is Allowed To Imply an Improper Motive For Testifying, The Consumer Witnesses Should Be Allowed to Explain Why They Are Willing to Go Through The Inconvenience of Testifying**

Should MGA pursue a line of questioning it knows suggests false bias, the consumer witnesses must be allowed to respond. Otherwise, MGA is willingly attacking the consumer witnesses on false grounds, knowing that their hands are tied behind their backs. Each of these witnesses made clear that they are aware of the OMG Girlz, were confused when they purchased the OMG Dolls, and—when prompted by MGA in deposition—explained that they are willing to testify because they wanted to help combat what they perceive as cultural appropriation. For example, in her deposition and

declaration, Ms. Osborne stated that she had issues with companies who steal art from black artists. (Dkt. 475-4, at 107:25-108:4 (Osborne Tr. at 141:11-23)). Additionally, during her deposition, Ms. Campbell explained that she was willing to testify in this case because of her concern about cultural appropriation from black artists. (Dkt. 813-6, Campbell Tr. at 147:14-17). During trial, each of these witnesses were properly prepped to not violate the Court's order, and were therefore unable to truthfully explain to the non-black jury—that probably would not appreciate these motivations—exactly why they felt motivated to take off work, fly across the country, and put themselves through the stress of testifying at trial for people to whom they have no personal connection.

MGA has been aware of this testimony since these witnesses' depositions, moved to exclude it from trial, and yet wishes to ask the very questions that would invite the testimony. The consumer witnesses should be able to *truthfully* explain why they were motivated to testify in this case, despite no personal connection, if MGA opens the door. If MGA does not open the door—either because the Court excludes it or because MGA chooses not to—then the witnesses will not discuss racism or cultural appropriation. But MGA should not be able to use the Courts' ruling to create a false impression. The OMG Girlz therefore request an In Limine Order that MGA may not question the consumer witnesses about bias or motivation without approaching the Court, and that, if MGA does question the consumer witnesses about their motives then the consumer witnesses be allowed to provide a narrow, truthful explanation.

### III. CONCLUSION

Based on the above, the OMG Girlz move the Court to preclude MGA from questioning the consumer witnesses about their motivations for testifying, or in the alternative, allow these witnesses to provide a limited, truthful explanation about their motives.

| | | |
|---|---|---|
| 1 | Dated: July 22, 2024 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 2 | | By: /s/ *John R. Keville* |
| 3 | | John R. Keville |
| | | *Attorney for Defendants* |
| 4 | | CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and *Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC |