| | |
|---|---|
| John R. Keville (*pro hac vice*)<br>jkeville@sheppardmullin.com<br>Robert L. Green (*pro hac vice*)<br>rgreen@sheppardmullin.com<br>Chante B. Westmoreland (*pro hac vice*)<br>cwestmoreland@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>700 Louisiana Street, Suite 2750<br>Houston, TX 77002<br>Telephone: (713) 431-7100 | Valerie E. Alter (SBN: 239905)<br>valter@sheppardmullin.com<br>SHEPPARD MULLIN RICHTER &<br>HAMPTON LLP<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>Telephone: (310) 228-3700<br><br>Jiepu (Bobby) Li (SBN: 342224)<br>bli@winston.com<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700 |

*Attorneys for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and
*Counter-Claimants* GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**DEFENDANTS' / COUNTERCLAIMANTS' MOTION FOR CLARIFICATION OR RECONSIDERATION OF RULING ON MGA'S MOTION REGARDING ADMISSIBILITY OF CERTAIN EVIDENCE (DKT. 699)**<br><br>Final Pretrial Conference Date: August 19, 2024<br>Time: 11:00 A.M.<br>Place: Courtroom 10C<br>Judge: Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 19, 2024, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants and Counterclaimants will, and hereby do, move the above-entitled Court, before Honorable James V. Selna for an order as describe below and in the accompanying memorandum.

The matters that are the subject of the motion are as follows:

Based on MGA's representations, the Court allowed MGA employee and doll designer Lora Stephens to regurgitate false allegations being made against Mr. Harris ("T.I.") by third parties. However, at the May 2023 trial, Ms. Stephens' testimony contradicted the originally-proffered basis for her testimony. Given Ms. Stephens' concession, the allegations against Mr. Harris are now irrelevant and should be excluded.

This Motion is based on this Motion and Notice of Motions, previously filed documents incorporated by reference herein, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion. Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on July 1, 2024.

Dated: July 22, 2024

SHEPPARD MULLIN RICHTER & HAMPTON LLP
By: /s/ *John R. Keville*
   John R. Keville
   *Attorney for Defendants*
   CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC

## I. INTRODUCTION

Based on MGA's representations, the Court allowed MGA employee and doll designer Lora Stephens to regurgitate false allegations being made against Mr. Harris ("T.I.") by third parties. However, at the May 2023 trial, Ms. Stephens' testimony contradicted the originally-proffered basis for her testimony. Given Ms. Stephens' concession, the allegations against Mr. Harris are now irrelevant and should be excluded.

## II. BACKGROUND

At the prior trial, MGA wished to show the jury lyrics from Mr. Harris's songs and, more importantly, regurgitate false allegations that have ben made by third parties. Needing a witness to convey this prejudicial information, MGA claimed the lyrics and allegations were relevant to Ms. Stephens' "state of mind" in designing the OMG Dolls. Recognizing these allegations were heinous and vulgar, the Court ordered MGA to file a motion showing cause as to why they should be allowed before the jury. (*See* Dkts. 592, 600, 608, 616, 699). The Court also required that Ms. Stephens provide a preview of her testimony. Afterward, the Court restricted Ms. Stephens to 10 minutes of testimony, limited only to explaining why she would not have used the Harris family or the OMG Girlz as inspiration for her doll designs. The Court allowed all of this in based ***solely*** on MGA's representation that "[b]ased on [her] awareness, [she] can unequivocally state that neither MGA nor [Ms. Stephens] would design a doll that would be directly or indirectly affiliated or associated with T.I. or the OMG Girlz." (Dkt. 600-11 at ¶ 5).

Now, these allegations should be precluded altogether. Ms. Stephens admitted at trial that her pretext for discussing these allegations on the witness stand was false; that is, despite supposedly knowing about these allegations, she made no changes to any doll designs based on any allegations against Mr. Harris and took no action against any other designers. (Dkt. 844 at 105:3-12). Her story was that T.I. and the OMG Girlz were simply a non-factor in her designs. She is free to stick to that story, but MGA should

not be able to use her as a vehicle to launder false allegations or discuss T.I.'s music in the hopes of prejudicing the jury against the OMG Girlz. Given her trial testimony, that topic should be excluded.

### III.   ARGUMENT

**A. MGA Can No Longer Meet The Predicate For Admitting This Prejudicial Evidence**

As OMG Girlz stated in its original motion, when she was originally asked about her knowledge regarding the OMG Girlz and the Harris family, Ms. Stephens testified that she was aware of the following:

- She has been a fan of Defendant Tameka ("Tiny") Harris and her quartet, Xscape for decades, and considered Tiny one of her Xscape-favorites. (Dkt. 608-1, Ex. 7 (Stephens Depo. Tr.) at 80:1–102:25);
- She knew of the OMG Girlz. (*Id.* at 311:1–21);
- She has watched a few episodes the Harrises' reality shows—which she recalled featuring the OMG Girlz, including episodes about Zonnique's musical training. (*Id.*);
- She once followed Tiny on Instagram and still followed (as of the date of her deposition) Tiny's 6-year-old daughter, Heiress. (*Id.*).

Although she no longer follows Ms. Harris on Instagram, Ms. Stephens claimed it was not because of the lawsuit, or based on any of the allegations at issue here, but based on Ms. Harris's volume of posts being too frequent. (*Id.*). At her deposition, Ms. Stephens testified that she was a fan of Ms. Harris, watched the Harrises' reality shows, and expressed no concerns about any criminal allegations or lyrics. When specifically asked about T.I., Ms. Stephens repeatedly testified that she could barely remember any of his songs. (*See id.* at 189:20–25) ("Q: Do you know any songs by T.I.? A: I remember "U Don't Know Me," which is his first one, but anything past that, no, I don't have not one of his albums."). After some prompting, she ultimately could recall two additional

songs. (*Id*. at 189:20–191:12). She also testified that she knew nothing about Zonnique Pullins' individual music. (*See id*. at 295:13–14; 296:18– 297:14).

Then, when MGA needed someone to testify about T.I.'s music, Ms. Stephens provided a supporting declaration swearing that:

> At trial, if questioned on the subject, I will testify that I have personal knowledge of T.I.'s lyrics and that I would not design, nor would I support MGA's design team submitting for approval, a doll based directly or indirectly on T.I. or his affiliated brands, which includes the OMG Girlz."

(Dkt. 600-11 at ¶ 9). And in her preview of her trial testimony, she testified that:

> There's a lot of things with "T.I." that I don't agree with that I would never put or associate with a doll in their likeness, image, or character. . . . that's not the type of thing you would ever want to associate with children's toys.

(Dkt. 822 at 6:9-14). Based on these representations, the Court allowed Ms. Stephens to testify regarding the allegations.

But on the stand at trial, Ms. Stephens admitted that T.I.'s song lyrics and the allegations against him were not considered when she designed OMG Dolls, nor did she tell anyone at MGA to avoid the OMG Girlz in their doll designs (and in fact, had them on some of her own mood boards):

> Q. Did the allegations [against T.I.] make any impact on anything you did at MGA in your design? Like, did you tell anyone, hey, we have to stay away from the OMG Girlz?
>
> A. No. I wasn't thinking about the OMG Girlz at work or at home when I'm designing.
>
> Q. So while you say this was in your state of mind, it didn't impact anything you did? It didn't change any doll design in any way?
>
> A. Why would it? No one had an image of them on any of their mood boards. Why would I have to bring them up?

(*See, e.g.*, Dkt. 844 at 105:3-12).

Thus, MGA's pretext for admitting these salacious allegations is gone. The one fact witness who claimed in a declaration that she would never design dolls after T.I. or his "affiliated brands" because she held a negative perception of him admitted on the stand that she *never considered T.I. at all*. If she never thought of him, she has no reason to bring up his music or the false accusations. They are only prejudicial with *no* probative value and should be excluded. Fed. R. Evid. 403.

## IV. CONCLUSION

OMG Girlz move the Court to fully exclude any mention of the allegations or rumors about T.I., his family, or the OMG Girlz.

Dated: July 22, 2024

SHEPPARD MULLIN RICHTER & HAMPTON LLP
By: /s/ *John R. Keville*
John R. Keville
*Attorney for Defendants*
CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC