1  Mark A. Finkelstein (SBN 173851)
   mfinkelstein@umbergzipser.com
2  UMBERG ZIPSER LLP
   1920 Main Street, Suite 750
3  Irvine, CA 92614
   Telephone: (949) 679-0052
4
5
6
7

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison
(Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

8  Attorneys for Plaintiff and Counter-
   Defendant MGA Entertainment, Inc., and
9  Counter-Defendant Isaac Larian

10

11                 UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13  MGA ENTERTAINMENT, INC., a
    California corporation,
14
                    Plaintiff,
15  vs.
16  CLIFFORD "T.I." HARRIS, an
    individual; TAMEKA "TINY" HARRIS,
17  an individual; OMG GIRLZ LLC, a
    Delaware limited liability company; and
18  DOES 1 - 10 inclusive,
19
                    Defendants,
20

21  GRAND HUSTLE, LLC, PRETTY
    HUSTLE, LLC and OMG GIRLZ LLC,
22
                    Counter-Claimants,
23
    vs.
24
    MGA ENTERTAINMENT, INC.,
25  ISAAC LARIAN and DOES 1 - 10,
    inclusive,
26
                    Counter-Defendants.
27

28

Case No. 2:20-cv-11548-JVS-AGR

ASSIGNED TO: Hon James V. Selna

**PLAINTIFF AND COUNTER-DEFENDANTS'** *EX PARTE* **APPLICATION TO EXCLUDE BAHJA RODRIGUEZ FROM TESTIFYING AT TRIAL OR, IN THE ALTERNATIVE, REQUIRE THAT SHE BE DEPOSED THE WEEK OF AUGUST 19, 2024**

Complaint Filed:  December 20, 2020
Trial Date:   September 3, 2024

{274812.3}

1   PLEASE TAKE NOTICE THAT Plaintiff and Counter-Defendant MGA
2   Entertainment, Inc. and Counter-Defendant Isaac Larian (collectively, "MGA")
3   will, and hereby do, apply *ex parte* to exclude Ms. Bahja Rodriguez from testifying
4   at trial or, in the alternative, require Ms. Rodriguez to make herself available for
5   deposition during the week of August 19, 2024.
6   Ms. Rodriguez—a member of the OMG Girlz—dodged service during the
7   discovery period and, thus, was never deposed.  But now Defendants and Counter-
8   Claimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, Grand
9   Hustle, LLC, and Pretty Hustle LLC (collectively, "Counter-Claimants") have
10   indicated that they represent Ms. Rodriguez and may call her as a trial witness (she
11   did not testify at either of the previous two trials).  Counsel for Counter-Claimants
12   agrees that, absent a deposition, Ms. Rodriguez should not be permitted to testify at
13   trial.  But counsel has refused to make Ms. Rodriguez available for deposition until
14   no earlier than the week before trial, which timing would be extremely prejudicial
15   to MGA.
16   *Ex parte* relief is necessary because the Final Pretrial Conference is
17   scheduled for August 19, 2024, and trial begins on September 3, 2024.  Thus, this
18   application cannot be heard in the normal course.  Further, this application could
19   not have been filed earlier because this issue arose very recently, and MGA has
20   been attempting—to no avail—to resolve this issue informally and without
21   burdening the Court.
22   Counsel for MGA provided notice of this *ex parte* application to Chante
23   Westmoreland, counsel for Counter-Claimants and Ms. Rodriguez, on August 9,
24   2024.  Declaration of Mark A. Finkelstein ("Finkelstein Decl."), Ex. 1 at 1–2.  To
25   date, Ms. Westmoreland has not indicated whether her clients oppose this
26   application.
27   MGA's application is based on this Notice, the attached Memorandum of
28   Points and Authorities, the Declaration of Mark A. Finkelstein filed concurrently

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
{274812.3}   1
CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

1   herewith, the [Proposed] Order lodged concurrently herewith, the records and

2   filings in this action, and upon such further evidence and argument submitted at or

3   before the hearing, if any is set by the Court.

4

5   Dated: August 13, 2024                          UMBERG ZIPSER LLP

6

7   _____

8   Mark A. Finkelstein
    Attorneys for Plaintiff and Counter-
9   Defendant MGA Entertainment, Inc., and
    Counter-Defendant Isaac Larian

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{274812.3}                                          2

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Ms. Rodriguez is one of the members of the OMG Girlz.  While she is not a party to this action, she purportedly is currently being represented by counsel for Counter-Claimants.

MGA sought to depose Ms. Rodriguez in early 2022 before the close of fact discovery.  The prior attorneys for Counter-Claimants refused to accept service on her behalf, claiming that Ms. Rodriguez was not their client at that time.  MGA then diligently attempted to serve a deposition subpoena on Ms. Rodriguez—including through a private investigator—but Ms. Rodriguez evaded service.  Consequently, MGA was never able to depose Ms. Rodriguez, and she was not called as a witness in the first or second trials.

On July 29, 2024, Counter-Claimants filed their witness list, indicating that they intend to call Ms. Rodriguez to testify at the third trial, which begins on September 3, 2024.  MGA promptly requested to take her deposition.  Counter-Claimants agreed a deposition is appropriate and that, if Ms. Rodriguez is unable to sit for a deposition, Counter-Claimants cannot call her as a trial witness.  But Counter-Claimants refused to make her available for a deposition either in the week of August 12 or August 19, 2024.  Instead, Counter-Claimants offered to (1) temporarily designate Ms. Rodriguez as a "may call" witness, and (2) provide notice to MGA of whether they will call her as a witness at least one week before trial, and then make her available for deposition before she testifies.

Counter-Claimants' proposal is unreasonable and prejudicial.  MGA should not be forced to learn Ms. Rodriguez's positions on various critical issues until the days before trial (or during trial), as that would distract MGA from trial preparation and undermine MGA's ability to present a fully-informed case to the jury.

MGA requests that the Court exclude Ms. Rodriguez from testifying at trial or, alternatively, require Ms. Rodriguez to make herself available for a deposition

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{274812.3}                                    3

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

1    during the week of August 19, 2024.

2    **II.    <u>RELEVANT BACKGROUND</u>**

3         Before Counter-Claimants obtained new counsel, fact discovery closed on

4    February 18, 2022.  Dkt. No. 69.  Weeks ahead of that deadline, on January 27,

5    2022, MGA first began attempts to serve Ms. Rodriguez with a deposition

6    subpoena.  *See* Finkelstein Decl., Ex. 2.  The Court continued the fact discovery

7    cut-off date to April 13, 2022 and, as to Ms. Rodriguez, continued the deposition

8    deadline to April 29, 2022.  Dkt. No. 118.

9         During that time, MGA attempted to serve a deposition subpoena on

10   Ms. Rodriguez.  *See* Finkelstein Decl., Exs. 3–4.  She could not be served through

11   prior counsel for Counter-Claimants, as such counsel claimed not to control Ms.

12   Rodriguez and not to be in direct contact with her.  *Id.*, Ex. 5.   MGA thus hired an

13   investigator to effect service.  *Id.* at ¶ 6.  However, Ms. Rodriguez evaded service

14   for months, and MGA never had the opportunity to depose her.  *Id.*  Ms. Rodriguez

15   did not testify at either the first mistrial or second trial.

16        On July 29, 2024, Counter-Claimants filed their witness list, indicating that

17   Ms. Rodriguez would testify at the upcoming trial.  *See* Dkt. No. 907.  In an effort

18   to avoid motion practice, MGA promptly proposed that the parties stipulate, subject

19   to Court approval, that Ms. Rodriguez be deposed the week of August 12, 2024, one

20   week before the Final Pretrial Conference.  *See* Finkelstein Decl., Ex. 1 at 4–5.

21        On August 1, 2024, Counter-Claimants responded that they could not

22   accommodate this proposed timeframe.  *Id.* at 3–4.  Instead, Counter-Claimants

23   offered to (1) temporarily designate Ms. Rodriguez as a "may call" witness, and (2)

24   provide at least one-week's notice before trial if they planned to call her as a

25   witness, and thereafter make her available for a deposition.  *Id.* at 4.

26        On August 2, 2024, MGA attempted to compromise again.  *See id.* at 3.

27   MGA explained that one-week's notice—particularly one week before trial—was

28   not enough time for MGA to depose Ms. Rodriguez and adequately prepare for

Umberg Zipser llp
Attorneys At Law
Irvine

{274812.3}                                    4

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

trial, without prejudicing MGA.  *Id.*  MGA requested that Counter-Claimants accept service of a subpoena on Ms. Rodriguez's behalf and make her available for a deposition the week of August 19, 2024.  *Id.*

On Monday, August 5, 2024, Counter-Claimants represented that they were still discussing MGA's proposal and would "circle back" as soon as possible.  *Id.* at 2.  When Counter-Claimants had not responded by Thursday, August 8, 2024, MGA stated that it intended to file the instant *ex parte* application to exclude Ms. Rodriguez's testimony if there was no response by the following day.  *Id.*

On Friday, August 9, 2024, Counter-Claimants represented that they were in the process of finding a workable date for a deposition.  *Id.* at 1.  Although Counter-Claimants agreed that they will not call Ms. Rodriguez as a witness if she is unable to sit for a deposition, Counter-Claimants refused to either (1) confirm that Ms. Rodriguez will be available for a deposition the week of August 19, 2024, or (2) agree not to call her as a witness.  *Id.*

III.   **ARGUMENT**

The parties agree that, if Ms. Rodriguez does not sit for a deposition, she will not testify at trial.  *Id.*  Counter-Claimants, however, want to wait until one week before trial to announce whether Ms. Rodriguez will be a trial witness and, if she will testify, subsequently make her available for deposition.  This timeline is unacceptable and prejudicial.

   A.   **Legal Standard**

The "district court is vested with 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.'"  *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)).  Within the court's broad discretion lies the power to "to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party."  *Id.*  Courts have routinely recognized that a witness may be excluded from testifying if the party seeking to depose them

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{274812.3}                                     5

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

is not given a meaningful opportunity to do so before trial.  *See, e.g.*, *Moroney v. City of Long Beach*, No. CV 16-4577 DSF (SKX), 2018 WL 6184779, at *3 (C.D. Cal. Feb. 9, 2018) ("To avoid prejudice, [d]efendant must be given an opportunity to depose [the witness] before trial; otherwise, [the witness] may not testify."); *Undefeated, Inc. v. UNCL, LLC*, No. SACV121622PARZX, 2013 WL 12142961, at *3 n.2 (C.D. Cal. Apr. 17, 2013) (warning that "[s]hould the Court later conclude that [defendant] has failed to adequately cooperate in the scheduling of . . . depositions, the Court reserves the right to preclude these witnesses from testifying at trial").

### B.  MGA Will Suffer Prejudice Unless It Can Depose Ms. Rodriguez No Later Than The Week Of August 19, 2024

MGA suffers prejudice if Counter-Claimants' actions impair MGA's "ability to go to trial or threaten to interfere with the rightful decision of the case."  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Counter-Claimants propose to wait until a week before trial to let MGA know definitively whether Ms. Rodriguez will be a trial witness, and then make her available for deposition thereafter.  This is prejudicial because that schedule would severely hamper MGA's ability to review and integrate new information learned at that deposition into trial strategy, arguments, and exhibits.  Undertaking a last-minute deposition of a witness would also distract MGA from its final trial preparation tasks.  Instead, Ms. Rodriguez should be made available for deposition during the week of August 19, 2024.

Counter-Claimants should not be heard to complain that Ms. Rodriguez cannot be deposed next week because of scheduling issues.  Indeed, they could have—and should have—informed MGA months ago that they contemplated calling Ms. Rodriguez as a trial witness.  Had that occurred, the parties could have discussed, and likely agreed upon, deposition scheduling issues long ago.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{274812.3}                                6

CASE NO. 2:20-CV-11548-JVS-AGR
PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ

1   IV.   **CONCLUSION**

2          For the foregoing reasons, MGA respectfully requests that the Court grant

3   this application and exclude Ms. Rodriguez from testifying or, in the alternative,

4   require Ms. Rodriguez to make herself available for deposition during the week of

5   August 19, 2024.

6

7   Dated: August 13, 2024                    UMBERG ZIPSER LLP

8

9                                             _____

10                                            Mark A. Finkelstein
                                              Attorneys for Plaintiff and Counter-
11                                            Defendant MGA Entertainment, Inc., and
                                              Counter-Defendant Isaac Larian

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{274812.3}                                    7

                                              CASE NO. 2:20-CV-11548-JVS-AGR
                    PLAINTIFF AND COUNTER-DEFENDANTS' *EX PARTE* APPLICATION RE: MS. RODRIGUEZ