UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:20-cv-11548-JVS(AGRx)                          Date:  August 19, 2024

Title       MGA Entertainment Inc. v. Clifford T.I. Hartis et al

Present: The Honorable:   **JAMES V. SELNA, U.S. DISTRICT COURT JUDGE**

|      Elsa Vargas      |      Not Present      |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| :---: | :---: |
| Not Present | Not Present |

**Proceedings:  [IN CHAMBERS]** Order Re Additional Pretrial Motions

Clifford "T.I." Harris, *et al.*  ("OMG Parties") seek additional pretrial rulings.  Having considered the parties' filings and oral argument, the Court now enters its rulings.

I.      OMG Parties' Motion *in Limine* No.  3.

The OMG Parties seek to exclude evidence of the motivation for consumer witnesses to testify.  (Docket No.  899.)   If such evidence is allowed, they seek to offer limited evidence of bias on the basis of cultural appropriation. MGA Entertainment Inc. ("MGA") has filed an opposition (Docket No. 911), and the OMG Parties have replied (Docket No. 913.)

In its *in limine* rulings prior the first trial, the Court excluded evidence of cultural appropriation: the concept that a merchant would improperly attempt to gain by exploiting the cultural characteristics and likes of a particular race. (Docket No. 502, pp. 5-6.)  This was consonant with the Court's striking similar allegations in the First Amended Counterclaims.  (Docket No.  53, p. 16.)  As noted in the *in limine* ruling, there are other bases for questioning the motivation of the consumer witnesses.  (See Opposition, p, 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:20-cv-11548-JVS(AGRx)                    Date:   August 19, 2024

Title        MGA Entertainment Inc. v. Clifford T.I. Hartis et al


Rule 403 requires the Court to balance the value of probative evidence versus the prejudice its admission might produce.  (Fed. R. Evid. 403.) The Court continues to find extreme prejudice[1] in the admission of cultural appropriation evidence against its impeachment value and finds that prejudice far outweighs the probative value.

The Court will allow evidence of the motivation of the consumer witnesses as proper impeachment but excludes evidence of bias on the basis of cultural misappropriation.  The jury will be asked to determine whether these witnesses offer credible evidence of confusion.  That should be focus of the inquiry without any prejudicial distraction.

The Motion is denied.

II.    <u>Motion for Reconsideration.</u>

The OMG Parties invite the Court to clarify or reconsider its ruling at Docket 699.  (Docket No. 900.)  MGA has filed an opposition (Docket No. 912, and the OMG Parties have replied (Docket No. 913.)

Originally, the Court had allowed former MGA designer Lora Stephens ("Stephens") to testify to certain unflattering conduct of Harris, which she heard second hand, to support the contention that she would never have copied the OMG Girlz' look (trade dress) because of such negative associations between Harris and the girls.  (Docket No. 600-11, ¶ 5.)

The Court has reviewed the key passage of her trial testimony dealing with this negative information.  (Trial Tr., May 23, 2023, pp. 84-87.)   On reflection, the Court narrows the scope of Stephen's testimony to exclude the specifics of the negative conduct and excludes the following passage:

---

[1]Trial Tr., Jan. 27, 2023, p. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:20-cv-11548-JVS(AGRx)                     Date:  August 19, 2024

Title      MGA Entertainment Inc. v. Clifford T.I. Harris et al

Q. Tell us about what negative information you're aware of
that gave you a negative association with the Harris family when you
designed the Queens dolls.
A. First was the gynecological visit for his daughter.
Q. Well, we'll start there.
A. Okay.
Q. Okay. Can you explain that to me.
A. I happened to catch it on TV, and I actually saw it. It
was disturbing to me. I thought that was more of a private
family matter than making it a Family Hustle, and I thought
that was very demeaning as to a young woman that her business
was out there like that. I felt that it was, you know, just sexually
abusive to actually exploit it that way, about what is going on with
her lady parts. Just the fact that she went to the
gynecologist to see what's going on with her body and put it
on TV like that, it was disturbing to me, and I felt that it
just was the opposite of empowering young women.
Q. Do you want your dolls, at least the finished product,
to send a positive message to women?
A. Absolutely.
Q. So were you aware of any other negative information
about the Harrises --
A. Yes.
Q. -- at the time you designed these dolls?
A. Yes.
Q. What was that?
A. Sexual allegations of sex trafficking, drugs, and raping
employees and other women from different cities.
Q. And because of that information that you heard -- by the
way, have you heard it from multiple sources?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:20-cv-11548-JVS(AGRx)                     Date:  August 19, 2024

Title      MGA Entertainment Inc. v. Clifford T.I. Hartis et al

> A. Yes. It was on the news. It was on the Shade Room. It
> was on -- it was talked about on the radio on Power 106, 92.3
> the Beat.

(Id., pp.  85:15 -87:8.)

The Court has the benefit of the passage of time to put this testimony in the context of the full trial and the benefit of actually having heard the testimony delivered.  With these consideration in mind, the Court will only allow Stephens to testify generally that the conduct was negative, and she may characterize it as the antithesis of family values, morally repugnant, or like terms which are first ruled on by the Court.  Strong generic descriptors are sufficient to carry Stephens' message.

The details of the conduct are far more prejudicial than the probative value which is generically redundant.  The balance tips substantially in favor of exclusion.  (Fed. R. Evid. 403.)  The general concept is sufficient.

The OMG Parties' contend that other parts of her trial testimony are inconsistent with the proffer made in advance and support blanket exclusion. (Motion, pp. 3-4.)  The Court disagrees.

The Motion is granted in part.

\* \* \* \* \* \* \* \* \*

**Counsel for the parties shall advise all parties and witnesses of the Court's rulings here to ensure that there will be no violations of the limitation which the Court has imposed**.

**It is so Ordered.**