Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison
(Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>   Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br><br>Assigned To: The Hon. James V. Selna<br><br><br>**PLAINTIFF AND COUNTER-DEFENDANT MGA ENTERTAINMENT, INC.'S PROPOSED SUPPLEMENTAL *VOIR DIRE* QUESTIONS** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>   Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>   Counter-Defendants. | Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |

{275197.1}

Plaintiff and Counter-Defendant MGA Entertainment, Inc. ("MGA") requests that the questions on Attachment A hereto be asked of potential jurors during *voir dire* pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, to the extent these topics and questions are not covered by the Court's customary *voir dire*.  MGA requests that follow-up questions for any "Yes" responses to the questions below be handled at sidebar, as appropriate, for potentially sensitive issues that could taint or bias the panel.  MGA requests leave to orally tender supplemental questions as may be necessitated by the answers of prospective jurors in oral *voir dire*.

Dated: August 27, 2024                    UMBERG ZIPSER LLP

_____

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-
Defendant MGA Entertainment, Inc., and
Counter-Defendant Isaac Larian

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A

## MGA'S PROPOSED SUPPLEMENTAL
## *VOIR DIRE* QUESTIONS

{275197.1}

**I.** **FAMILIARITY WITH CASE, PARTIES, ATTORNEYS, AND POTENTIAL WITNESSES**

1. [After the panel is sworn in and introductions of court staff and attorneys are made:]

   Do you, or does someone you know, have an association with or know any of the court staff, lawyers, or law firms in this case?

   a. If yes, please explain.

2. [After reading the list of parties, entities, and potential witnesses in the case.]

   Do you, or does someone you know have any experience or association with any of the parties or entities in this case? [OMG Girlz, LLC; Pretty Hustle, LLC; Grand Hustle, LLC; MGA Entertainment, Inc.; Isaac Larian; Clifford "T.I." Harris; Tameka Tiny Harris ]

   a. If yes, explain.

3. [After reading the list of potential witnesses in the case.]

   Do you, or does someone you know, have any knowledge of the potential witnesses or have any experience or association with any of the potential witnesses in this case?

4. [After reading the statement of the case.]

   Prior to arriving in the courtroom today and based on the brief description I have given you, had you heard of this case, or read anything about this case, or anyone involved in the case?

   a. If yes, please explain.

5. Do you have any feelings at all about this case or the parties involved in the case, based on the description of the case or what you may have heard or read before today?

6.    Are you familiar with the music or lyrics of Clifford T.I. Harris or Tameka Tiny Harris?

7.    Do you or anyone close to you have any interest at all, including a financial interest in how this case turns out?

    a.  If yes, please explain.

8.    Based on the description that generally describes what the case is about, do you or someone you know have any experience with something that sounds like what's involved in this case, or have you formed any opinions about this case that you have not already shared with us?

## II.    RELEVANT EXPERIENCES AND BELIEFS

9.    Do you, or does someone close to you, including friends and/or family, have any work experience or training in any of the following areas: [If yes, please explain.]

    a.  Law, the legal field, or the courts in any capacity

    b.  Accounting, bookkeeping, or finance, including audits

    c.  Entertainment or music industry

    d.  Intellectual property of any kind (patents, trademarks, trade dress)

    e.  Product design or marketing

    f.  The retail or department store business

    g.  Doll design, development, or sales

10.    Have any of you ever followed Clifford T.I. Harris in the news or social media?

11.    Have any of you ever followed Tameka Tiny Harris in the news or social media?

12.    Are you familiar with the BET show "T.I. & Tiny: The Family Hustle"?

{275197.1}

13. Are you familiar with the VH1 show "T.I. & Tiny: Friends & Family Hustle"?

14. Have any of you ever followed the OMG Girlz in the news or social media?

15. Have any of you followed MGA Entertainment, Inc. in the news or social media?

16. Have any of you ever followed L.O.L. Surprise! O.M.G. dolls in the news or social media?

17. Have any of you followed the fashion industry in the news or social media?

18. Have any of you followed hip-hop music or hip-hop artists in the news or social media?

19. Have any of you followed rap music or rap artists in the news or social media?

20. Have any of you followed the YouTube toy channels in the news or social media?

21. Have any of you followed the doll or toy industry generally?

22. Have you ever applied for protection of intellectual property rights such as copyright, patent, trademark, trade dress, and the like?

23. Do any of you have familiarity with licensing or royalty agreements?

24. Do any of you have familiarity with the doll industry or toy industry?

25. Have you or someone close to you ever collected dolls or toys?

### III. **BUSINESS**

26. Have you or someone close to you ever run, operated, or owned a business, or otherwise been self-employed?

27. Have any of you had experience dealing with contracts or business

agreements?

28. Have you or someone close to you ever been a victim of unfair business practice, including unfair competition?

29. Have you or someone close to you ever accused someone of an unfair business practice, including unfair competition?

30. Have you or someone close to you ever competed with another company or businessperson for the same customers?

31. Do any of you have any feelings one way or another about large, for-profit companies or corporations?

32. Have you ever created or designed something that was copied or used by someone else without permission?

## IV. **<u>JUSTICE SYSTEM</u>**

33. Do you, a close friend, or someone in your family have experience as a plaintiff, defendant, witness, or other interested party in a lawsuit or other formal complaint?

   a. Is there anything about that litigation experience that would affect the way that you approach this case?

34. Is there anything in your experience with litigation or the legal system that might cause you to favor or disfavor one side or the other in a lawsuit before hearing all the evidence in the case?

35. Have you ever testified in any legal proceeding or provided any kind of formal opinion?

36. Has a company that you or someone close to you has worked for ever had a formal complaint made against them?

37. Do you have any opinions about the justice system that could interfere with your ability to serve as a juror?

38. Do you have any feelings one way or another about immigrants or the policies regarding immigration into the U.S.?

## V. **ABILITY TO SERVE AS A JUROR**

39. I will explain the law to you in greater detail later, but the way our system of justice works in a civil case like this one is that the party or side that makes a claim or allegation against the other party has the burden of proof, and their burden is that they must prove their claim and case by a preponderance of the evidence. Does anyone disagree with this rule? Is there anyone who would be unwilling or unable to follow the law about the burden of proof being on the party that brings the claim and not on the other side from the start of the trial through the end of the trial?

40. One of the types of damages that can be awarded in a case like this are punitive damages. Punitive damages are not for the purpose of compensating the party for its loss but, rather, for the purpose of punishing the party and deterring that party from engaging in the conduct and deterring others. Is there anyone that does not believe in the concept of punitive sometimes called exemplary damages?

41. Your role in this case is going to be to find the facts. My role is to give you the law in the form of jury instructions. If you are seated, you will be required to follow the jury instructions whether you agree with the policy behind the law or not. Is there anyone who would have trouble following the law? In other words, will you follow the law and instructions that I will give you, regardless of whether you agree with them? If the law conflicts with your conscience or moral beliefs, will you still follow the law that I give you? If you will follow

1    your conscience, I need you to tell me.

2    42.    If you are selected as juror, will you listen to the views of other jurors

3    and work cooperatively with other jurors to reach a verdict?

4    43.    You are prohibited from doing any independent investigation

5    whatsoever regarding this case, including the parties and the subject

6    matter involved in this case.  Do not do any internet searches (Google,

7    etc.) or communicate regarding any person, company, or topic in any

8    way involved in this case.  To do so compromises the fairness of the

9    trial and violates your oath as a juror. If selected as a juror, this

10    prohibition will extend through the entire trial and until the end of

11    your jury service in this case.  Is there anyone who thinks it might be

12    difficult to avoid researching the parties or something about the case?

13    44.    Do any of you have any hearing, language, or medical problems that

14    would affect your ability to be a juror in this case and listen to the

15    testimony?

16    45.    This case is expected to last about ten trial days.  Generally speaking,

17    we go Tuesday through Friday.  I hear motions and a few other things

18    on Mondays.  Is there anyone for whom service over that period

19    would be a hardship?

20    46.    Is there anything that makes you doubt that you would be a fair,

21    impartial, and unbiased juror in this case to either side?  If there is, it

22    is your duty to tell me at this time.

23    47.    Is there anything else the court or either side should know that might

24    affect your ability to serve as a juror?

25    48.    Is there anything at all, however small, that might prevent you from

26    maintaining an open and impartial mind through the entire trial?  You

27    are required in our justice system to wait to reach a decision until after

28

{275197.1}

you have heard all the evidence presented by both sides, heard the law that I will give you to apply in this case, and deliberate with your fellow jurors.  If you have any doubt about your ability to wait until deliberations with your fellow jurors to make up your mind, now is the time to tell me.

49.  Do you know or recognize anyone in the jury panel?  If so, how do you know each other?

    a.  Will your relationship affect you at all if you both end up on the jury?

## VI.  QUESTIONS FOR EACH JUROR IN THE BOX TO ANSWER

[*Please add to the Court's standard voir dire if not already covered:*]

50.  What is your name and age?

51.  What is the area of your residence, including the city and neighborhood.

    a.  How long have you lived there?

52.  What is the highest level of education you have obtained?

    a.  If you attended college or graduated from college, what degrees, licenses, or certifications did you obtain and in what area of study?

53.  What is your current job and employer and your occupation?

    a.  How long have you worked there?

    b.  If you are not currently working outside of the home, would you tell us a little about that?  For example, are you a student, a homemaker, retired, or currently unemployed and looking for work?

        i.  If you are not currently working, but had a job in the past,

what was your last job or occupation and who was your employer?  In what years did you do that work?

    ii.    If you are unemployed and looking for work, what type of work are you looking for?  If you are currently looking for a job, will being a juror interfere with your ability to find a job?

    iii.    If you are a student, where do you attend school, and what are you studying?  Do you attend classes during the day or at night?  Will being a juror interfere with your ability to complete your program?

54. What is your marital status? [Married or living with partner; Single and never married; Divorced or Separated; Widowed]

    a. If you are married or partnered, what is their occupation and employer?  If you were married or partnered in the past, what Is their occupation?

55. If you have any children or stepchildren, what are their ages?

    a. If any are adults, what are their occupations?

56. Who lives in your household at this time?

    a. What is their relationship to you?  What is their job if they work?

57. Who is color blind?

58. If you have served on a jury before:

    a. Was it a civil case or a criminal case?

    b. What was the type of claim if it was a civil case and/or what was the charge if it was criminal case?

    c. Were you ever the foreperson?

    d. Did the jury reach a verdict in every case (without disclosing the verdict)?

    e. Is there anything about your prior jury service that would affect

your ability to serve as a trial juror in this case? If yes, please explain.