Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison
(Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>     Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: The Hon. James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' PROPOSED SPECIAL VERDICT FORM**<br><br>Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>     Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>     Counter-Defendants. | |

{275345.2}

# SPECIAL VERDICT FORM

## *Harris, et al. v. MGA Entertainment*

## SECTION I:

1. **Do you find the Harris Parties have proven that they own protectible trade dress in a clearly articulated design or combination of elements that they have consistently used?**

   Yes _____          No _____

   [*If you answered "Yes" to Question 1, proceed to Question 2. If you answered "No" to Question 1, you are done with Section I and can proceed to Question 8 in Section II.*]

   Supporting Authority for Question 1:
   - Instruction No. 15.7 [Infringement—Elements and Burden of Proof—Trade Dress (15 U.S.C. § 1125(a)(1))] from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit – 2017 Edition (last updated June 2024).
   - The Court's July 29, 2022 Order regarding Plaintiff and Counter-Defendants' Motion for Summary Judgment (hereinafter, the "MSJ Order"), Dkt. 326 at 11–12 (finding that the OMG Girlz's style or look, to be part of a protectable trade dress, must be "consistent").
   - *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381–82 (2d Cir. 1997) (holding that the plaintiff failed to articulate "what unique combination of features makes the trade dress of the ten items in the [furniture line at issue] inherently distinctive," and noting that "the more detailed parts of the [plaintiff's furniture] descriptions apply to some, but not all, of the ten items in the Petoskey line").
   - *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001) (holding a plaintiff may only seek trade dress protection for an entire product line if it establishes the "overall look" in each separate product is "consistent" and a plaintiff must "articulate the design elements that compose the trade dress").
   - *Rose Art Indus., Inc. v. Swanson*, 235 F. 3d 165, 172 (3rd Cir. 2000) (adopting the "consistent overall look" standard when the plaintiff seeks protection for a series or line of products).

- *Harlequin Enters. Ltd. v. Gulf & Western Corp.*, 644 F.2d 946, 948 (2d Cir. 1981) (affirming trial court's decision to enjoin alleged infringement of romance novel cover format where "every book in the Harlequin Presents series is uniform in its dimensions, cover design and colophon" and "[t]he editorial content is also consistent").
- *Crafty Prods., Inc. v. Michaels Companies, Inc.*, 389 F. Supp. 3d 876, 883 (S.D. Cal. 2019) (concluding that the plaintiffs failed to plead a protectable trade dress where the "[p]laintiffs' products, when taken as a whole, present[ed] no consistent look").
- *Keystone Camera Prod. Corp. v. Ansco Photo-Optical Prod. Corp.*, 667 F. Supp. 1221, 1229 (N.D. Ill. 1987) ("Absent a specifically defined, color-definite, and stable visual appearance, an alleged trade dress cannot receive protection.").

**2.** **Do you find the Harris Parties have proven that their trade dress has acquired distinctiveness through secondary meaning?**

Yes _____          No _____

[*If you answered "Yes" to Question 2, proceed to Question 3.  If you answered "No" to Question 2, you are done with Section I and can proceed to Question 8 in Section II.*]

Supporting Authority for Question 2:
- MSJ Order, Dkt. 326 at 9 ("In order to prove trade dress infringement under the Lanham Act, 15 U.S.C. section 1125(a), a plaintiff must demonstrate that "(1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products.") (citing *Art Attacks Ink, LLC v. MGA Ent. Inc.* (*Art Attacks*), 581 F.3d 1138, 1145 (9th Cir. 2009; *Disc Golf Ass'n v. Champion Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998); 15 U.S.C. § 1125(a)); *id.* at 16 (finding that there was a triable issue as to whether the OMG Girlz's trade dress has acquired secondary meaning).
- Court's Instruction No. 14 (Dkt. 764) (listing factors to consider when determining whether the Harris Parties' claimed trade dress has acquired a secondary meaning).
- *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 212 (2000) (holding that "design, like color is not inherently distinctive" and thus is entitled to protection under the Lanham Act as unregistered trade dress only upon showing that it has acquired secondary meaning).

{275345.2}
-2-

- *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002) (stating that the plaintiff bears the ultimate burden of proving all elements of infringement, including ownership of a valid mark).
- *Am. Sci. Chem., Inc. v. Am. Hosp. Supply Corp.*, 690 F.2d 791, 792 (9th Cir. 1982) ("In order to obtain protection for its trade name, plaintiff 'must show that the primary significance of the term in the minds of the consuming public is not the product but the producer' [*i.e.*, secondary meaning]") (quoting *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118 (1938)).

**3.    Do you find the Harris Parties have proven that their trade dress is not functional?**

Yes _____           No _____

[*If you answered "Yes" to Question 3, proceed to Question 4.  If you answered "No" to Question 3, you are done with Section I and can proceed to Question 8 in Section II.*]

Supporting Authority for Question 3:
- Instruction No. 15.12 [Infringement—Elements—Validity—Trade Dress—Non–Functionality Requirement] from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit – 2017 Edition (last updated June 2024).
- Court's Instruction Nos. 12 & 13 (Dkt. 764) (stating that trade dress is nonfunctional).
- *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 864 (9th Cir. 2020) ("[F]or a product's design to be protected under trademark law, the design must be non-functional.").

**4.    Do you find the Harris Parties have proven that MGA Entertainment infringed the Harris Parties' trade dress by creating a substantial likelihood of confusion among reasonably prudent consumers of MGA Entertainment's L.O.L. Surprise! O.M.G. doll(s) regarding the origin or source of those dolls?**

Yes _____           No _____

*[If you answered "Yes" to Question 4, proceed to Question 5. If you answered "No" to Question 4, you are done with Section I and can proceed to Question 8 in Section II.]*

Supporting Authority for Question 4:

- Court's Instruction No. 16 (Dkt. 764) (describing the relevant consumer group to be "the consuming public of MGA's L.O.L. Surprise! O.M.G. dolls").
- January 11, 2023 Order re Motions *in Limine*, Dkt. 502 at 17 (finding that [Plaintiff and Counter-Defendants' expert] Isaacson sampled the correct potential buyers of the junior mark as required in a forward confusion case).
- *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 754 (9th Cir. 2018) ("To prove infringement of an unregistered trade dress, 'a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products.'") (quoting *Art Attacks*, 581 F.3d at 1145); *id.* at 755 (stating the likelihood of confusion factor "turns on whether a reasonably prudent consumer would be confused about the source of the goods bearing the marks.") (citing *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998)).
- 5 McCarthy on Trademarks and Unfair Competition § 32:159 (5th ed.) ("In a traditional case claiming 'forward' confusion, . . . the proper universe to survey is composed of the potential buyers of the junior user's goods or services.").

**5.    Do you find that MGA Entertainment has proven that the Harris Parties abandoned their trade dress?**

Yes _____          No _____

*[If you answered "Yes" to Question 5, you are done with Section I and can proceed to Question 8 in Section II. If you answered "No" to Question 5, proceed to Question 6.]*

Supporting Authority for Question 5:

- Instruction No. 15.22 [Defenses—Abandonment—Affirmative Defense—Defendant's Burden of Proof (15 U.S.C. § 1127)] from the

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit – 2017 Edition (last updated June 2024).

- 15 U.S.C. § 1127 ("Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.").

- *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 220CV04556ABJCX, 2021 WL 4535351, at *6 (C.D. Cal. Aug. 5, 2021), *aff'd*, 55 F.4th 1354 (Fed. Cir. 2022) ("The prima facie case eliminates the challenger's burden to establish the intent element of abandonment as an initial part of [its] case, and creates a rebuttable presumption that the registrant has abandoned the mark without intent to resume or continue use under the statute.") (internal citations and quotation marks omitted).

**6. If you answered "Yes" to each of Questions 1, 2, 3, and 4, and "No" to Question 5, then please refer to ATTACHMENT A to this form. On ATTACHMENT A, please check the box next to each L.O.L. Surprise! O.M.G. doll which you find infringes the Harris Parties' trade dress.**

**7. Please state the amount of net profits, if any, that you find MGA Entertainment earned on the L.O.L. Surprise! O.M.G. doll(s) you identified in response to Question 6 above and on ATTACHMENT A, which are attributable to those dolls' infringement of the Harris Parties' trade dress.**

**$_____**

[*Proceed to Question 8 in Section II on the next page.*]

Supporting Authority for Question 7:

- Instruction No. 15.29 [Trademark Damages—Disgorgement of Defendant's Profits (15 U.S.C. § 1117(a))] from the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit – 2017 Edition (last updated June 2024).

- Court's Instruction No. 21 (Dkt. 764) (stating that if the Harris Parties have proved that one or more of the L.O.L. Surprise! O.M.G. dolls infringe on the Harris Parties' claimed trade dress, then they are "entitled to any profits earned by MGA that are attributable to the infringement by those dolls" and they are "not entitled to any profits earned by MGA from L.O.L. Surprise! O.M.G. dolls that [the Harris Parties] have not proved infringe" on the claimed trade dress).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- *Globefill Inc. v. Elements Spirits, Inc.*, 756 F. App'x 764, 765 (9th Cir. 2019) ("The Lanham Act allows a prevailing plaintiff to disgorge profits that are earned by the defendant and attributable to the infringement.") (citing 15 U.S.C. § 1117(a)).

**SECTION II:**

8. **Do you find the Harris Parties have proven that MGA Entertainment has misappropriated the name, likeness or identity of the OMG Girlz by creating dolls that are readily identifiable as the OMG Girlz?**

    Yes _____          No _____

*[If you answered "Yes" to Question 8, proceed to Question 9. If you answered "No" to Question 8, you are done with the questions on this verdict form. Please have the foreperson sign and date this form at the end where indicated and return it to the bailiff.]*

Supporting Authority for Question 8:
- Instruction No. 1803 [Appropriation of Name or Likeness – Essential Factual Elements] from the California Civil Jury Instructions – 2024 Edition, *as adopted by the Judicial Council November 2023.*
- *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998) (holding that in order to constitute someone's "likeness," the depiction at issue must be "readily identifiable" as that person) (citing Cal. Civ. Code § 3344).

9. **Do you find the Harris Parties have proven that MGA Entertainment used the OMG Girlz' name, likeness, or identity to gain a commercial benefit?**

    Yes _____          No _____

*[If you answered "Yes" to Question 9, proceed to Question 10. If you answered "No" to Question 9, you are done with the questions on this verdict form. Please have the foreperson sign and date this form at the end where indicated and return it to the bailiff.]*

Supporting Authority for Question 9:
- Instruction No. 1803 [Appropriation of Name or Likeness – Essential Factual Elements] from the California Civil Jury Instructions – 2024 Edition, *as adopted by the Judicial Council November 2023.*
- Court's Instruction No. 19 (Dkt. 764) (explaining that to establish a claim for misappropriation of likeness, MGA must have "gained a commercial benefit by using the OMG Girlz' name, likeness, or identity").

**10.   Do you find the Harris Parties have proven they were harmed by MGA's use of the OMG Girlz' name, likeness, or identity?**

Yes _____              No _____

[*If you answered "Yes" to Question 10, proceed to Question 11.  If you answered "No" to Question 10, you are done with the questions on this verdict form.  Please have the foreperson sign and date this form at the end where indicated and return it to the bailiff.*]

Supporting Authority for Question 10:
- Instruction No. 1803 [Appropriation of Name or Likeness – Essential Factual Elements] from the California Civil Jury Instructions – 2024 Edition, *as adopted by the Judicial Council November 2023*.
- Court's Instruction No. 19 (Dkt. 764) (explaining that to establish a claim for misappropriation of likeness, the Harris Parties must prove harm).

**11.   Do you find that MGA Entertainment has proven that its L.O.L. Surprise! O.M.G. dolls are protected by the First Amendment?**

Yes _____              No _____

[*If you answered "Yes" to Question 11, you are done with the questions on this verdict form.  Please have the foreperson sign and date this form at the end where indicated and return it to the bailiff.  If you answered "No" to Question 11, proceed to Question 12.*]

Supporting Authority for Question 11:
- Instruction No. 1805 [Affirmative Defense to Use or Appropriation of Name or Likeness – First Amendment (Comedy III)] from the California Civil Jury Instructions – 2024 Edition, *as adopted by the Judicial Council November 2023*.
- Court's Instruction No. 20 (Dkt. 764) (explaining the First Amendment defense to the Harris Parties' misappropriation of likeness claim).
- *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 407 (2001) ("[W]hen an artist is faced with a right of publicity challenge to his or her work, he or she may raise as affirmative defense that the work is protected by the First Amendment inasmuch as it contains significant transformative elements or that the value of the work does not derive primarily from the celebrity's fame.").

- *Kirby v. Sega of Am., Inc.*, 144 Cal. App. 4th 47, 57–59 (2006) (holding that the First Amendment protected defendants' video game character, notwithstanding similarities between character and plaintiff celebrity, because the game character was primarily the result of defendants' new expression rather than a mere recreation of celebrity's likeness).
- *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 863–64 (2018) (finding that work was transformative where portrayal of plaintiff constituted about 4.2 percent of the work; plaintiff's celebrity likeness was raw material from which work was synthesized, and value of work came primarily from work's creators and actors, not plaintiff's reputation).

**12.  If you answered "Yes" to each of Questions 8, 9, and 10, and "No" to Question 11, then please refer to ATTACHMENT A to this form.  On ATTACHMENT A, please check the box next to each L.O.L. Surprise! O.M.G. doll which you find misappropriated the name, likeness, or identity of the OMG Girlz.**

**13.  Please state how much money, if any, is necessary to reasonably compensate the Harris Parties for the harm attributable to the misappropriation of the OMG Girlz' name, likeness, or identity by the L.O.L. Surprise! O.M.G. doll(s) you identified in response to Question 12 and on ATTACHMENT A.**

$\underline{\$\qquad\qquad}$

[*If you completed Question 13 with an amount greater than $0, please proceed to Question 14.  If you completed Question 13 with an amount of $0, you are done with the questions on this verdict form.  Please have the foreperson sign and date this form at the end where indicated and return it to the bailiff.*]

Supporting Authority for Question 13:

- Instruction No. 1820 [Damages] from the California Civil Jury Instructions – 2024 Edition, *as adopted by the Judicial Council November 2023*.

- *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) "To sustain a common law cause of action for commercial misappropriation, a plaintiff must prove: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury.") (citation and internal quotations omitted).

***When you have completed this Verdict Form, please sign and date the verdict form where indicated below.***

Dated: _____    Signature: _____

# ATTACHMENT A[1]

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|--------|---------------------------------------|---------------------------|----------------------------------------------|
| (1) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (2) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (3) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

---

[1]    The Order of the dolls should be randomized by the Court for the final Verdict Form to avoid any unfair bias.

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (4) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (5) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (6) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (7) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (8) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (9) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (10) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|--------|----------------------------------------|---------------------------|----------------------------------------------|
| (11) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (12) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (13) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (14) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (15) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (16) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (17) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (18) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (19) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (20) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (21) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (22) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (23) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (24) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (25) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (26) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (27) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (28) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (29) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (30) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

{275345.2}

-18-

| Number | Image of L.O.L. Surprise! O.M.G. doll | Trade Dress Infringement? | Misappropriation of Name/ Likeness/Identity? |
|---|---|---|---|
| (31) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |
| (32) |  | _____Yes<br><br>_____No | _____Yes<br><br>_____No |

1   **OMG Girlz' Objections to MGA's Proposed Verdict Form**

2       The OMG Girlz' proposed verdict form is substantively the same as what the

3   Court used in the prior trial, and in many respects verbatim. After conferring with

4   MGA, the OMG Girlz also made two changes at MGA's request to narrow the

5   disputes for the Court.

6       As to MGA's proposed verdict form, the OMG Girlz have raised the following

7   objections, all of which remain live issues:

8

9   ***Voluminous questions that will confuse the jury – but only for the OMG Girlz'***

10  ***claims***

11      MGA's proposed verdict form is overly cumbersome and confusing, as it

12  presents a jury question on every single element of the OMG Girlz' claims. For

13  example, on the trade dress question alone, MGA proposes the jury answer four

14  separate questions. Compounding this issue, MGA then proposes asking the jury

15  about its affirmative defense of abandonment, before presenting a "logic game" of

16  "If you answered "Yes" to each of Questions 1, 2, 3, and 4, and "No" to Question 5,

17  then please refer to ATTACHMENT A to this form." That is, MGA wishes to have

18  the jury answer five questions before they even look at the accused dolls or answer

19  questions about them. This appears intended to overwhelm the jury and prejudice

20  them to a quick "No" answer. Indeed, despite proposing questions on every element

21  of the OMG Girlz' claims, MGA proposes a general verdict on its abandonment

22  defense. The OMG Girlz object to this effort at biasing the jury against one side and

23  propose using substantially the same, easy to understand, questions as last time

24  instead.

25

26

27

28

{275345.2}                                        -20-

1  ***Repetition of standards already in the instructions – but only for the OMG Girlz'***
2  ***claims***

3      In addition to overloading the verdict form with questions, MGA injects the
4  underlying instructions into each question, making them overly long. This is
5  unnecessary as these standards are already in the instructions. For example, MGA
6  proposes a five line question for likelihood of confusion (itself a sub-element that
7  does not need a question), repeating MGA's proposed standard of "creating a
8  substantial likelihood of confusion among reasonably prudent customers of MGA
9  Entertainment's L.O.L. Surprise! O.M.G. doll(s) regarding the origin or source of
10 those dolls?"[2] MGA does the same for its damages question. These additions were
11 not included in the last trial because they were unnecessary and, compounded with
12 MGA's proposal to ask questions on every element, intended to prejudice the OMG
13 Girlz. Indeed, MGA does not include similar language from the jury instructions for
14 its proposed question on its abandonment defense, asking only the simple question:
15 "Do you find that MGA Entertainment has proven that the Harris Parties abandoned
16 their trade dress"?   In other words, MGA proposes one format for the OMG Girlz
17 claims, and a different one for itself.

18

19 ***Including the "clear and convincing" standard – but only for the OMG Girlz***
20 ***claims, where it is incorrect***

21     MGA's proposed verdict form includes the "clear and convincing" standard for
22 the malicious/fraudulent/deliberate/willful questions. The OMG Girlz object because
23 the standard is not clear and convincing. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982
24 F.2d 1400, 1409 (9th Cir. 1993), abrogated by *SunEarth, Inc. v. Sun Earth Solar*
25 *Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016) ("While the term "exceptional" is not
26 defined in the statute, generally a trademark case is exceptional for purposes of an

27

28
___
[2]      The OMG Girlz also object to this language because it does not mirror the corresponding instruction and asks
the jury to consider consumers of all the OMG Dolls, rather than just those at issue in this trial.

1  award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or

2  willful."); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd*., 839 F.3d 1179, 1181

3  (9th Cir. 2016) ("Therefore, district courts analyzing a request for fees under the

4  Lanham Act should examine the "totality of the circumstances" to determine if the

5  case was exceptional, *Octane Fitness*, 134 S.Ct. at 1756, exercising equitable

6  discretion in light of the nonexclusive factors identified in *Octane Fitness* and

7  *Fogerty*, and using a preponderance of the evidence standard."). Furthermore, MGA's

8  question on abandonment does not include such language despite being a clear and

9  convincing standard. Once again, MGA proposes one format for the OMG Girlz

10  claims, and a different one for itself.

11

12  ***"Randomizing" the Dolls***

13  The OMG Girlz proposed verdict form uses the same doll chart as the last trial,

14  with one modification that was requested by MGA.[3]

15  which includes the doll boxes (since that is how the customer interacts with them)

16  but omitting images of other dolls that are marketed or sold with the doll (which the

17  OMG Girlz proposed in the last trial, but which were omitted). Thus, the OMG Girlz

18  propose using the same doll chart that the Court already approved. In contrast, MGA's

19  proposes "randomizing" the OMG dolls "to avoid any unfair bias." In conferring,

20  MGA explained that the purported bias is that MGA expects the OMG Girlz to focus

21  on the dolls that are first in the table. It is not clear how showing the jury the dolls

22  that were the focus of the case "biases" MGA. Regardless, it makes sense for the jury

23  to look at issues that were most discussed first. Keeping the original doll chart also

24  relieves the Court from needing to "randomize" the dolls. Accordingly, the OMG

25  Girlz propose keeping the same doll chart in the same order as before.

26

27

28

---

[3]     MGA requested that the "Punk Grrrl" and "Rocker Boi" dolls, which are sold together, be individually listed in separate rows.

{2763452.2}                                                    -22-

1    *Omission of willful misappropriation*

2         The original proposed verdict that MGA exchanged with the OMG Girlz

3    included the following question:

4         Do you find that the Harris Parties have proven by clear and convincing

5         evidence that MGA Entertainment acted with malice, oppression, or fraud in

6         misappropriating the OMG Girlz' name, likeness, or identity?

7    After conferring on other issues, MGA informed the OMG Girlz that it would

8    withdraw that proposed question. The OMG Girlz object to the removal of this

9    question. A similar question was in the final verdict form in the prior trial. The OMG

10   Girlz have not dropped this claim. Therefore, they request the Court include the

11   question, which is in the OMG Girlz proposed verdict form.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{275345.2}

-23-