Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison
(Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants, | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned To: Hon James V. Selna<br><br>**COUNTER-DEFENDANTS' RESPONSIVE BRIEF REGARDING COUNTER-CLAIMANTS' UNTIMELY REQUEST REGARDING ONLINE COMMENTS** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}

Case No. 2:20-cv-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

## I. INTRODUCTION

The Harris Parties' eleventh-hour request for reconsideration of this Court's prior admissibility rulings on certain social media posts—filed after 11:00 p.m. on the Saturday of a holiday weekend and days before trial begins—is both procedurally improper and substantively meritless.

***First***, the Harris Parties' request for this Court to reconsider its (many) prior decisions excluding online responses solicited from the Harris Parties' social media followers is procedurally improper because it does not meet any of the stringent criteria for reconsideration under Local Rule 7-18.  This issue has been extensively briefed, argued, and ruled on multiple times—and each time the Court rejected the Harris Parties' efforts to introduce these comments.  *See, e.g.*, Dkt. No. 326 at 7–8 (comments inadmissible based on hearsay and lack of proper authentication); Dkt. No. 638-3 (Trial Tr. 1/18/2023 AM) at 24:17-21 ("Comments will be excluded"); *id*. at 25:1–23 ("It's out"); Dkt. No. 781 (Trial Tr. 5/10/2023 AM) at 15:5–14 (". . . . [T]he posts are out."); Dkt. No. 851 (Trial Tr. 5/17/2023 PM) at 50:13–51:4 (excluding all comments in the Harris Parties' offer of proof).  The Harris Parties do not even attempt to argue that there have been any material new developments since this Court last addressed this issue.

***Second***, the Harris Parties' arguments boil down to a simple disagreement with how this Court previously read the Ninth Circuit's binding ruling in *JL Beverage*.  None of the primary decisions that the Harris Parties rely upon in seeking reconsideration conflict with this Court's prior ruling (*Stone Brewing* and *Stone Creek* do not even cite *JL Beverage*).  And the Harris Parties' purported factual distinctions between this case and *JL Beverage* are baseless.

At bottom, the Harris Parties have provided no basis for the Court to reconsider its prior rulings, let alone to come to a contrary conclusion this time around.  Because the Harris Parties' request is "nothing more than a transparent attempt to relitigate issues because it is unsatisfied with th[e] Court's [prior]

Umberg Zipser llp
Attorneys At Law
Irvine

{275601.2}                                1

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

ruling," it should be denied. *See ConsumerDirect, Inc. v. Pentius, LLC*, 2023 WL 8115863, at *2 (C.D. Cal. Oct. 4, 2023) (Selna, J.).

## II.   ARGUMENT

### A.   The Harris Parties' Request Should Be Denied Because It Is Procedurally Improper

This Court's September 15, 2023 order granting the Harris Parties a new trial on other grounds indicated that this Court "may revisit [the social media comments] issue[] … if raised as [an] ***appropriate pretrial motion***[]." Dkt. No. 860 at 9 (emphasis added). In the nearly twelve months that followed, Plaintiffs did nothing on this issue. They filed no motion, they did not indicate their intent to re-press the issue with MGA (beyond vaguely referencing their intent to rely on "social media comments" in the pretrial conference order, Dkt. No. 924 at 17, 20), and they provided no notice they were planning to file anything in writing prior to 11:09 p.m. on Saturday, August 31—*i.e.*, when the instant eleven-page request to "reconsider" this Court's prior evidentiary ruling appeared on the docket. *See* Dkt. No. 934 at 11 (describing relief sought as a "request[] that the Court reconsider the evidence offered in Exhibit 1 and admit this evidence for consideration by the jury").

This kind of tactic is barred by the Local Rules, which require both that (1) the moving party meet-and-confer a week before filing a motion and (2) any motion for reconsideration be based on new law or facts (or at least facts or law that could not have—"in the exercise of reasonable diligence"—been known to the Harris Parties by May 2023). *See* L.R. 7-3, 7-18. This failure to comply with the Local Rules is reason enough to deny this motion without even reaching the merits. *See, e.g.*, L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."); *see also ConsumerDirect*, 2023 WL 8115863, at *2–3 (denying motion for reconsideration based on legal authorities "that were available to the party at the time it submitted its original briefing on an issue"). The same would be true even if the Harris Parties had styled their Saturday

Umberg Zipser llp
Attorneys At Law
Irvine

{275601.2}

2

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

night filing as an *ex parte* application, as the Harris Parties made no effort (much less "reasonable, good faith efforts orally") to provide notice of the motion—or even to explain why the Harris Parties are "without fault in creating the [supposed] crisis that requires ex parte relief." *See* L.R. 7-19; *Mission Power Eng. Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995) ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have . . . .").

### B.  Regardless, The Harris Parties' Request For Reconsideration Should Be Denied Because This Court's Prior Decision Was Right

Even if the Harris Parties had brought a timely and appropriate pretrial motion, there is no legal or factual basis for the Court to change its prior rulings. As previously discussed in MGA's May 15, 2023 brief on this subject (Dkt. No. 719), the Harris Parties (1) seek to introduce communications of individuals reporting, after the fact, that they were confused, and (2) these communications are from biased sources (their social media fanbase), rather than from "spontaneous calls of confusion." This Court rightly concluded that the *JL Beverage* decision rejected similar purported evidence of confusion on the same two grounds. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1111 (9th Cir. 2016); *see also DeBell Windows Sys., Inc. v. Dabella Exteriors, LLC*, 2020 WL 5632958, at *10 (D. Nev. Sept. 21, 2020) (noting *JL Beverage* distinguished *Lahoti* because "(1) the customers who were calling in . . . were confused at the time they called, not after the fact; and (2) the declarant did not have a close personal relationship with the confused people").

#### 1.  This Court Rightly Held The Online Comments Inadmissible In Light Of The Considerations Laid Out By *Lahoti* and *JL Beverage*

During the prior trial, this Court correctly concluded that the social media posts at issue are inadmissible in light of the Ninth Circuit's guidance in *Lahoti* and

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}   3

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

*JL Beverage*. As this Court explained—as part of a broader discussion of the issue that spanned six transcript pages—the social media comments in this case look nothing like those admitted in *Lahoti*:

> The e-mails that were offered in *Lahoti* were unsolicited, and they appear to be contemporaneous with the purchase of the product. **Here the e-mails[1] came in response to a post by Mrs. Harris. They weren't spontaneous.**
>
> I think, as JL Beverage indicates, where there's a relationship between the sender of the e-mail and the party, those e-mails are suspect in nature. **I think particularly that is the case here where the post by Mrs. Harris suggesting that there was confusion or that they had been copying triggered all these e-mails. I think that makes the responses suspect.**
>
> **Second, they clearly weren't contemporaneous with the purchase going to some of the individual e-mails that are put forth.** Some of them don't really even evidence confusion. I believe the controlling authority here is *JL Beverage*.
>
> For the reasons I've indicated, the e-mails will not be received. *JL Beverage* at 1111 makes the point specifically: Evidence from such, quote, partial sources possess very limited probative value. I think that's the issue here.

Dkt. No. 851 at 45:13–46:8 (emphases added).

### 2. The Harris Parties Fail to Demonstrate *JL Beverage*'s Reasoning Does Not Apply Here

Because the Harris Parties cannot dispute that *JL Beverage* is binding Ninth

---

[1] At times, the Court referred to the comments as "e-mails," but clarified that the proffered statements would be excluded in either case. *See* Dkt. No. 851 at 51:1–4 ("Maybe I'm mistaken and they were rather comments, responsive comments to the post. . . . Whichever, they're excluded.").

{275601.2}   4

Umberg Zipser LLP
Attorneys At Law
Irvine

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

Circuit authority, they attempt (but fail) to distinguish it on the facts. *See* Dkt. 934 at 9–11.[2]

***First***, the Harris Parties claim that the comments did not come from anyone Ms. Harris knew personally. *Id.* at 9. This is to some extent a red herring, as the Harris Parties cannot deny that the comments all came from her social media followers—*i.e.*, individuals who made a conscious choice to monitor the personal details of Ms. Harris' life and are thus presumably predisposed to support her. Thus, the comments are from "partial" sources, and as such, possess "very limited probative value." *See JL Beverage*, 828 F.3d at 1111 (quoting *Filipino Yellow Pages v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1152 (9th Cir. 1999)). In any event, in *JL Beverage*, at least some of the comments came from "friends and acquaintances" of a broker for JL Beverage, and JL Beverage's president did not know them personally, yet those comments were still excluded. *Id.*

***Second***, the Harris Parties claim that "there is no doubt the underlying comments exist," and argue this distinguishes the alleged confusion in *JL Beverage*. Dkt. No. 934 at 10. In fact, the alleged confusion here is even more attenuated than in *JL Beverage*, where the plaintiff at least offered a sworn declaration attesting to the fact that real people had been confused. 828 F.3d at 1110. Here, there is no way to determine if the social media comments are even from real people (as opposed to bots), much less whether these people are actually who they purport to be and actually believe what they purport to say. In any event, nothing in *JL Beverage*'s reasoning rested on whether the individuals discussed in the declaration were real—the Court apparently assumed that they were and still concluded that their statements could not be admitted because they were neither contemporaneous

---

[2] The Harris Parties assert that they do not seek to introduce the social media comments for their truth. Dkt. No. 934 at 4. In reality, many of the statements are affirmative expressions that the Harris Parties want admitted precisely because they want the jury to believe the commenter was telling the truth—*e.g.*, "I ain't gone lie I thought these were they dolls!!!! [four emojis]." Dkt. No. 934-1 at 4.

Umberg Zipser LLP
Attorneys At Law
Irvine

{275601.2}   5

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

1 nor unbiased.

2     ***Third***, the Harris Parties argue that the social media post comments discuss contemporaneous confusion. But when the Harris Parties made this same argument to the Court after this issue was briefed at the last trial, they were forced to concede the confusion was not contemporaneous with their purchase.

> MS. WESTMORELAND: What they were saying was contemporaneous with that post, they realized, oh, my gosh, this is not what I thought it was. So we believe that it was contemporaneous with their realization.
>
> THE COURT: But not with their purchase.
>
> MS. WESTMORELAND: Agree.

Dkt. No. 851 at 49:2–13.[3] Comments made long after the dolls had been bought, and upon prompting by the Harris Parties' social media posts, is not contemporaneous. *See JL Beverage*, 828 F. 3d at 1111; *see also Idaho Golf Partners, Inc. v. Timberstone Mgmt., LLC*, No. 1:14-CV-00233-BLW, 2016 WL 4974944, at *2 (D. Idaho Sept. 16, 2016) (state-of-mind hearsay exception would not apply in a "follow-up conversation" where the declarant "report[ed] prior confusion" if "sufficient time had passed from the moment of the alleged confusion").

    ***Fourth***, the Harris Parties assert it does not matter that the comments at issue were solicited. The Harris Parties' reliance on *Stone Brewing Co., LLC v. MillerCoors LLC*, Case No. 3:18-cv-00331, 2021 WL 63139 (S.D. Cal. Jan. 7, 2021) and *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150 (9th Cir. 2021) is misplaced. Neither of these cases stand for the broad proposition that there are no admissibility concerns regarding solicited evidence. The district court's (very brief) motion *in limine* decision in *Stone Brewing* does not even mention *JL Beverage*.

---

[3] That this precise point was already argued to the Court means that it is an improper basis for a motion for reconsideration. *See* L.R. 7-18.

Umberg Zipser LLP
Attorneys At Law
Irvine

{275601.2}　　　　6

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

*See Stone Brewing*, 2021 WL 63139, at \*6–7.  Rather, the Harris Parties' arguments are based on points made in the parties' **briefing** that were never expressly addressed by the court.  Similarly, nothing in the *Ironhawk* decision itself indicates that it considered—much less placed any weight on—whether the consumer evidence was or was not solicited.  While the Harris Parties attempt to shoehorn their reasoning into the opinion (by drawing conclusions from an underlying declaration filed on the district court docket), the Ninth Circuit's silence on a particular issue is not precedent.

**Finally,** the Harris Parties argue that the *JL Beverage* decision assessed only the weight that should be accorded to the underlying evidence rather than its admissibility.  But while the district court in *JL Beverage* did not use the word "inadmissible," it did conclude that the consumer statements at issue were "hearsay."  828 F.3d at 1110.  The Ninth Circuit's decision, moreover, expressly considered whether the consumer confusion evidence was "inadmissible hearsay." *Id.*; *see also id.* at 1111 (discussing the plaintiffs' contention that "the statements submitted in Robertson's declaration are hearsay but . . . are admissible under the 'state of mind' exception to the hearsay rule").  Indeed, there would have been no need for *JL Beverage* to distinguish *Lahoti* (which even the Harris Parties concede was an admissibility decision) if *JL Beverage* too were not making a decision on admissibility.

At a bare minimum, even if *JL Beverage* were not directly on point (and it is), this Court could rely on its prior reasoning to exclude the social media commentary under Federal Rule of Evidence 403.  As this Court previously found (and the Harris Parties do not seriously dispute), the social media evidence is of "very limited probative value," and the possibility for unfair prejudice to MGA is high (*i.e.*, the jury may be inclined to credit the self-serving statements of social media denizens who are closely aligned with Ms. Harris—particularly because there is no way for MGA to cross-examine the commenters themselves).

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}                                7

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

### 3. The Harris Parties Raise No Other Basis for the Court to Change Its Prior Ruling

#### a. *Ironhawk* and *Stone Creek* do not address the *JL Beverage* conditions and involve different facts and procedural postures

The Harris Parties place heavy (but unmerited) emphasis on the Ninth Circuit's decisions in *Ironhawk* and *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426 (9th Cir. 2017). For example, neither decision addresses the admissibility of hearsay evidence related to consumer confusion (*Stone Creek* does not even cite *JL Beverage*). The Harris Parties thus overclaim when they assert that *Ironhawk* and *Stone Creek* held that "the exclusion of [customer comments] was reversible error." Dkt. No. 934 at 2. In both cases, the Ninth Circuit concluded that reversal was warranted based on the district court's application of the *Sleekcraft* factors. *See Ironhawk*, 2 F.4th at 1169 (considering the *Sleekcraft* test as a whole in holding that genuine issues of material fact remained at the summary judgment stage); *Stone Creek*, 875 F.3d at 431–36 (reversing finding of no likelihood of confusion in light of the "slam-dunk evidence of a conceptually strong mark together with the use of identical marks on identical goods").[4] Nothing in those decisions appears to turn on a specific admissibility ruling.

#### b. This Court has already held consumer comments fall under an exception to the hearsay rule so long as the two *JL Beverage* factors are met

The Harris Parties spend a substantial part of their brief arguing a point that the Court resolved in their favor last trial—namely, that the comments could, in

---

[4] On the other side of the ledger, the Ninth Circuit has expressly held that failure to exclude inadmissible hearsay where the "potentially prejudicial effect is substantial" is not harmless error. *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603–04 (9th Cir. 1983).

{275601.2}   8

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

theory, be admissible even if they were hearsay. *See* Dkt. No. 934 at 4–6. To be clear, the Court expressly agreed with the Harris Parties that "[w]here a proper foundation has been laid and the hearsay evidence of confusion meets certain circumstances, it may be received." *See* Dkt. No. 851 at 45:6–7 (noting "that's directly what *Lahoti* says"). The Court excluded the comments not based on a brightline rule that such comments could never be admitted, but rather because they were hearsay that "did ***not*** meet the conditions laid out in *Lahoti*," and *JL Beverage* "makes the point." Dkt. No. 851 at 50:8–12 (emphasis added).

Accordingly, the Harris Parties reliance on the *Mustang Motels*, *Conversive*, *Sinhdarella*, and *Americana Trading* cases has no relevance to the question of whether the *JL Beverage* factors apply here. Indeed, the situations in those cases are much closer to the misdirected phone calls in *Lahoti* rather than the after-the-fact confusion from biased sources in *JL Beverage*. *See, e.g.*, *Mustang Motels, Inc. v. Patel*, No. CV-85-25-CBM, 1985 WL 72659, at *3 n.1 (C.D. Cal. Mar. 1, 1985) (declarations of two hotel desk clerks describing that they received numerous calls inquiring about the defendant's hotel); *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006) (declarations from and deposition testimony of sales personnel regarding conversations with potential purchasers); *Sinhdarella, Inc. v. Vu*, No. C 07-04353 WHA, 2008 WL 410246, at *4 (N.D. Cal. Feb. 12, 2008) (employee declarations detailing incidents where customers inquired about the affiliation between restaurants and customer reviews on Internet dining sites which "assumed" that the restaurants were affiliated); *Americana Trading Inc. v. Russ Berrie & Co.*, 966 F.2d 1284, 1289 (9th Cir. 1992) (letter from customer expressing enthusiasm for plaintiff's products but enclosing a picture of defendant's products).

### III. CONCLUSION

As this Court has ruled four previous times, the comments to the social media posts should be excluded. The Harris Parties' request to reconsider that ruling

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}                                    9

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

1  should be denied.

3  Dated: September 2, 2024           UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}

10

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF

**CERTIFICATE OF COMPLIANCE—LOCAL RULE 11-6.2**

The undersigned, counsel of record for MGA, certifies that this brief contains 3021 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 2, 2024              UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{275601.2}

11

CASE NO. 2:20-CV-11548-JVS-AGR
MGA'S RESPONSIVE BRIEF