# EXHIBIT 2

**Generated on:** This page was generated by TSDR on 2024-08-31 17:39:34 EDT

**Mark:** L.O.L. SURPRISE!



**US Serial Number:** 87461400

**US Registration Number:** 5374191

**Register:** Principal

**Mark Type:** Trademark

**TM5 Common Status Descriptor:**



**Status:** Registration cancelled because registrant did not file an acceptable declaration under Section 8. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page.

**Status Date:** Jul. 22, 2024

**Publication Date:** Oct. 24, 2017

**Date Cancelled:** Jul. 22, 2024

**Application Filing Date:** May 23, 2017

**Registration Date:** Jan. 09, 2018

DEAD/REGISTRATION/Cancelled/Invalidated

The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry.

# Mark Information

**Mark Literal Elements:** L.O.L. SURPRISE!

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S)

**Description of Mark:** The mark consists of the stylized wording "L.O.L. SURPRISE!" with the letters in "L.O.L." appearing with polka dots and the wording "SURPRISE!" appearing in a drop shadow beneath "L.O.L."

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Design Search Code(s):** 25.03.05 - Backgrounds covered with dots; Dotted backgrounds
26.01.15 - Circles, exactly three circles; Three circles

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor

**International Class(es):** 028 - Primary Class

**U.S Class(es):** 022, 023, 038, 050

**Class Status:** SECTION 8 - CANCELLED

**Basis:** 1(a)

**First Use:** Sep. 09, 2016

**Use in Commerce:** Oct. 12, 2016

# Basis Information (Case Level)

**Filed Use:** Yes

**Filed ITU:** No

**Filed 44D:** No

**Currently Use:** Yes

**Currently ITU:** No

**Currently 44D:** No

| | | | |
|---|---|---|---|
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** MGA Entertainment, Inc.

**Owner Address:** 9220 Winnetka Ave.
Chatsworth, CALIFORNIA UNITED STATES 91311

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** CALIFORNIA

## Attorney/Correspondence Information

### Attorney of Record

**Docket Number:** TMR201700049

### Correspondent

**Correspondent Name/Address:** MGA Entertainment, Inc.
9220 Winnetka Ave.
Chatsworth, CALIFORNIA UNITED STATES 91311

**Phone:** 8188942525

**Correspondent e-mail:** TM@mgae.com erisha@mgae.com asenasac@mgae.com

**Correspondent e-mail Authorized:** Yes

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 22, 2024 | CANCELLED SEC. 8 (6-YR) | |
| Jan. 09, 2023 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |
| Apr. 07, 2021 | NOTICE OF SUIT | |
| Nov. 03, 2020 | NOTICE OF SUIT | |
| Nov. 03, 2020 | NOTICE OF SUIT | |
| Jun. 22, 2020 | NOTICE OF SUIT | |
| Jun. 19, 2020 | NOTICE OF SUIT | |
| Mar. 26, 2020 | NOTICE OF SUIT | |
| Mar. 12, 2020 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Mar. 12, 2020 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Mar. 12, 2020 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Mar. 12, 2020 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Mar. 12, 2020 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jan. 09, 2018 | REGISTERED-PRINCIPAL REGISTER | |
| Oct. 24, 2017 | PUBLISHED FOR OPPOSITION | |
| Oct. 04, 2017 | NOTICE OF PUBLICATION | |
| Aug. 30, 2017 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Aug. 29, 2017 | EXAMINER'S AMENDMENT MAILED | |
| Aug. 29, 2017 | EXAMINER'S AMENDMENT ENTERED | |
| Aug. 29, 2017 | EXAMINERS AMENDMENT -WRITTEN | |
| Aug. 22, 2017 | ASSIGNED TO EXAMINER | |
| Jun. 01, 2017 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| May 31, 2017 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| May 26, 2017 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

| Current Location: | PUBLICATION AND ISSUE SECTION | Date in Location: | Jan. 09, 2018 |
|---|---|---|---|

# Proceedings

### Summary

| Number of Proceedings: | 1 |
|---|---|

### Type of Proceeding: Opposition

| Proceeding Number: | 91268267 | Filing Date: | Mar 19, 2021 |
|---|---|---|---|
| Status: | Terminated | Status Date: | Jun 21, 2021 |
| Interlocutory Attorney: | WENDY COHEN | | |

### Defendant

| Name: | Lin Wulin |
|---|---|
| Correspondent Address: | REINE ROONEY<br>33 WEICHERS ST.<br>RONKONKOMA NY UNITED STATES , 11779 |
| Correspondent e-mail: | reine.glanz@gmail.com , championtek88@gmail.com |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LOLHOUSE | | 90171055 | |

### Plaintiff(s)

| Name: | MGA Entertainment, Inc. |
|---|---|
| Correspondent Address: | JENNIFER SHEEHAN ANDERSON<br>BRIDGE INTELLECTUAL PROPERTY SERVICES PLLC<br>23716 WOODWARD AVE<br>PLEASANT RIDGE MI UNITED STATES , 48069 |
| Correspondent e-mail: | info@bridgeip.net , janderson@bridgeip.net |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| L.O.L. SURPRISE! | | 87461324 | 5374188 |
| L.O.L. SURPRISE! | | 87461400 | 5374191 |

### Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 6 | TERMINATED | Jun 21, 2021 | |
| 5 | BD DECISION: OPP SUSTAINED | Jun 21, 2021 | |
| 4 | NOTICE OF DEFAULT | May 09, 2021 | |
| 3 | INSTITUTED | Mar 19, 2021 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Mar 19, 2021 | Apr 28, 2021 |
| 1 | FILED AND FEE | Mar 19, 2021 | |

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Monday, January 9, 2023 01:49 AM |
| **To:** | XXXX |
| **Cc:** | XXXX; XXXX |
| **Subject:** | Official USPTO Courtesy Reminder: Trademark Registration Maintenance Document Must Be Fil ed Before Deadline for U.S. Trademark Registration No. 5374191 L.O.L. SURPRISE! (Stylized/ |

## USPTO COURTESY REMINDER

## TRADEMARK REGISTRATION MAINTENANCE DOCUMENT UNDER SECTION 8 MUST BE FILED BEFORE DEADLINE OR REGISTRATION WILL BE CANCELLED

**U.S. Application Serial No.**  87461400
**U.S. Registration No.**  5374191
**U.S. Registration Date:**  January 9, 2018
**Mark:**  L.O.L. SURPRISE! (Stylized/Design)
**Owner:**  MGA Entertainment, Inc.
**Docket/Reference No.**  TMR201700049

**Issue Date:**  January 9, 2023

**Required submission.**  The owner of the trademark registration must file a **Declaration of Use and/or Excusable Nonuse Under Section 8** (Section 8 Declaration) between now and January 9, 2024.   For an additional fee, the owner can file within the 6-month grace period that ends on July 9, 2024.

**Optional submission.**  If the owner can claim the benefits of incontestability, the owner may file an optional Declaration of Incontestability under Section 15.   This may be combined with the required Section 8 Declaration by filing a **Combined Declaration of Use and Incontestability Under Sections 8 and 15** (Combined Sections 8 and 15 Declaration).

**If ownership of the registration or the owner's name has changed,** the owner can use the **Electronic Trademark Assignment System (ETAS)** to record the change.  More information on changes of ownership/owner name is available on the **USPTO website.**

**Click here for more information about maintaining a trademark registration.**

**Proof of Use Audit.**  The USPTO is conducting an audit program to promote the accuracy and integrity of the trademark register.  If a registration is selected for audit, the holder/owner will be required to submit proof of use for additional goods/services for which use is claimed in a Section 8 Declaration.  Detailed information about the program is available on the **Proof of Use Audit Program webpage**.

**Determination of time of receipt by USPTO.**  Correspondence transmitted through the Trademark Electronic Application System (TEAS) is considered filed on the date the USPTO receives the transmission in Eastern Time.

**If the owner fails to file a timely Section 8 Declaration the registration will be CANCELLED** and cannot be reinstated.

**This reminder notice is being sent only as a courtesy** to trademark owners who maintain a current email address with the USPTO.   Failure by the USPTO to send a reminder or non-receipt of a reminder does not excuse a trademark owner from meeting the statutory obligations for maintaining a registration.

**Foreign-domiciled owners** must have a U.S.-licensed attorney represent them at the USPTO in any post-registration filing.

**Beware of misleading notices sent by private companies about registrations.**  Private companies **not** associated with the USPTO use public information available in trademark registrations to mail and email trademark-related offers and notices - most of which require fees.  All **official USPTO correspondence** will only be **emailed from the domain "@uspto.gov."**

**Direct questions** about this notice to the Trademark Assistance Center at 1-800-786-9199 (select option 1) or **TrademarkAssistanceCenter@uspto.gov**.

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **Northern District of Illinois** on the following

☑ Trademarks or   ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>1:20-cv-04302 | DATE FILED<br>7/22/2020 | U.S. DISTRICT COURT<br>Northern District of Illinois |
|---|---|---|
| PLAINTIFF<br><br>XYZ Corporation | | DEFENDANT<br><br>The Partnerships and Unincorporated Associations<br>Identified on Schedule "A" |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 5,374,188 | | Please see attached. |
| 2 5,374,191 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Thomas G. Bruton | (BY) DEPUTY CLERK<br>P. Janeczek | DATE<br>7/23/2020 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court    Central District of California    on the following

☑ Trademarks or    ☐ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:19-cv-07010 | DATE FILED<br>8/13/2019 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>MGA ENTERTAINMENT, INC. | | DEFENDANT<br>ZURU, LLC |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5531072 | 7/31/2018 | Creative Impact Inc. |
| 2 | 5374188 | 1/9/2018 | MGA Entertainment, Inc. |
| 3 | 5374191 | 1/9/2018 | MGA Entertainment, Inc. |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above----entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

Ex. 2-6

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **Central District of California** on the following

☑ Trademarks or ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:19-cv-07009 | DATE FILED<br>8/12/2019 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>CREATIVE IMPACT INC. and ZURU, LLC | | DEFENDANT<br>MGA ENTERTAINMENT, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5531072 | 7/31/2018 | Creative Impact Inc. |
| 2 | 5374188 | 1/9/2018 | MGA Entertainment, Inc. |
| 3 | 5374191 | 1/9/2018 | MGA Entertainment, Inc. |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1---Upon initiation of action, mail this copy to Director    Copy 3---Upon termination of action, mail this copy to Director**
**Copy 2---Upon filing document adding patent(s), mail this copy to Director    Copy 4---Case file copy**

Ex. 2-7

AO 120 (Rev. 08/10)

Case 2:19-cv-07009-AG-AS    Document 37    Filed 11/04/19    Page 1 of 11    Page ID #:623

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court **Central District of California** on the following

☑ Trademarks or  ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:19-cv-07009 | DATE FILED<br>8/12/2019 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>CREATIVE IMPACT INC. and ZURU, LLC | | DEFENDANT<br>MGA ENTERTAINMENT, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5531072 | 7/31/2018 | Creative Impact Inc. |
| 2 | 5374188 | 1/9/2018 | MGA Entertainment, Inc. |
| 3 | 5374191 | 1/9/2018 | MGA Entertainment, Inc. |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above----entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| Order Granting Motion to Dismiss.  MD-6.  Case Terminated. |

| CLERK<br>Kiry K. Gray | (BY) DEPUTY CLERK<br>/s/ E. Synagogue | DATE<br>11/4/2019 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

Ex. 2-8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|----------|----------------------|------|------------------|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Here, Plaintiffs request leave so they can expand their declaratory relief claim to include federal copyright and patent rights. But giving Plaintiffs leave to include these new federal rights allows Plaintiffs to allege what is essentially an entirely new declaratory relief claim, which is improper under the amendment statute. *See Advani Enters., Inc. v. Underwriters at* Lloyds, 140 F.3d 157, 161 (2d Cir. 1998) ("[28 U.S.C. S]ection 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not.").

### 4.3    Cancellation Claims (Second and Third Claim)

Plaintiffs' second and third claims both seek cancellation of Defendant's California trade dress registration. (*See* Compl. at ¶¶ 78-96.) Plaintiffs base these claims on both the federal trademark cancellation statute and their California corollaries. (*Id.* at ¶¶ 81, 91 (citing 15 U.S.C. § 1064 and Cal. Bus. & Prof. Code §§ 14230, 14240).)

Like Plaintiffs' declaratory relief claim, the Court lacks jurisdiction over Plaintiffs' cancellation claims. The complaint makes clear that these claims only seek cancellation of Defendant's state trade dress rights. (*See id.* at ¶¶ 82-85, 92-95 (referencing Defendant's "California Registration," Defendant's "Asserted [California] Trade Dress," and the California Secretary of State).) Although Plaintiffs seek cancellation of this state registration under the federal cancellation statute, such relief isn't available under the federal statute. *See* 15 U.S.C. § 1064 (allowing for cancellation of a mark registered "by this Chapter"). Rather, cancellation can only be granted under the state cancellation statutes. *See Matal v.* Tam, 137 S. Ct. 1744 (2017) ("[I]f [a trademark] has been registered in a State" then it can be enforced "under that State's registration system".). Consequently, Plaintiffs' cancellation claims arise solely under state law.

The Court thus DISMISSES Plaintiffs' cancellation claims under Rule 12(b)(1). Leave to amend this claim is denied for the same reasons as in Section 4.2.

### 4.4    Remaining State Law Claims (Fifth, Sixth, Seventh, and Eight Claims)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|----------|----------------------|------|------------------|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

All that remains are Plaintiffs' fifth through eighth claims for unfair competition, intentional interference with contractual relations, intentional interference with prospective economic relations, and trade libel. These claims are purely state law claims. Having dismissed all other claims possibly giving rise to federal question jurisdiction, the Court lacks supplemental jurisdiction Plaintiffs' remaining state law claims. The Court thus DISMISSES Plaintiffs' fifth through eighth claims without leave to amend. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.").

**6.    DISPOSITION**

The Court GRANTS Defendant's motion to dismiss without leave to amend. Because the Court lacks subject matter jurisdiction over Plaintiffs' state law claims, Defendant's anti-SLAPP motion to strike is DENIED as moot.

|  |  | : | 0 |
|--|--|---|---|
| | Initials of Preparer | mku/rrp | |

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig/Rolls Royce Paschal | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**[IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE**

Plaintiffs Creative Impact Inc. and Zuru, LLC sued Defendant MGA Entertainment, Inc. asserting eight claims under federal and state law. (*See generally* Compl., Dkt. No. 1.) Defendant now moves to dismiss claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. to Dismiss, Dkt. No. 20-1.) Defendant also moves to strike some of Plaintiffs' state law claims under California's statute against Strategic Lawsuits Against Public Participation (commonly called "anti-SLAPP"). (Mot. to Strike, Dkt. No. 21-1.)

The Court GRANTS Defendant's motion to dismiss without leave to amend. Because the Court lacks subject matter jurisdiction over Plaintiffs' state law claims, Defendant's anti-SLAPP motion to strike is DENIED as moot.

### 1.    BRIEF BACKGROUND

The following facts are taken mostly from Plaintiffs' complaint. The Court's purpose here is only to provide some background about the case.

Both Plaintiffs and Defendant are involved in the toy business. (Compl. at ¶¶ 1-3, 12.) Plaintiffs make and own intellectual property rights for a toy called 5 Surprise. (*Id.* at ¶ 19.) Defendant makes and owns intellectual property rights for a similar toy called L.O.L. Surprise! (*Id.* at ¶¶ 23-27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

In July 2019, Defendant filed a complaint in California Superior Court against Plaintiff Zuru, LLC ("Zuru") alleging state law trade dress and trademark infringement claims. (Decl. of Jennifer A. Marrow ("Marrow Decl."), Dkt. No. 22-1 at Exh. 1.) Zuru removed that case to this Court. Defendant moved to remand and the Court remanded that case back to Los Angeles Superior Court. *See MGA Entertainment, Inc. v. Zuru, LLC*, No. CV 19-07010 AG (ASx), slip. op. (C.D. Cal. Oct. 21, 2019).

Six days after Defendant filed its state court case, Defendant's CEO posted several messages on LinkedIn. (*Id.* at ¶ 99.) One post read, "ZURU Toy Company #Thieves of the Year of others #IP. Just look at the pictures. WHY are retailers supporting these thieves? I don't get it." (*Id.*) Another post read:

> We respectfully ask our competitors ZURU Toy Company, AND OTHERS (YOU KNOW WHO YOU ARE) to please be original and do NOT knock off our #IP. We also ask #Retailers NOT to buy these knock off products. We have an army of lawyers ready and will protect our IP's #worldwide. #Retailers: Injunction means you must remove the infringing products from your shelves. Let's protect what drives the toy business: #ORIGINAL #Newness. Thank you. #toys #lolsurprise #No1toy #Walmart #Amazon #Target #Retail #toystory.

(*Id.*)

Shortly after these posts surfaced (and one day before Zuru removed Defendant's state court case here), Plaintiffs filed this lawsuit asserting eight claims. (Compl. at ¶¶ 68-136.) Specifically, Plaintiffs assert claims for: (1) declaratory relief, (2) cancellation based on functionality, (3) cancellation based on fraud, (4) false advertising under the Lanham Act, (5) violations of California's unfair competition law, (6) intentional interference with contractual relations, (7) intentional interference with prospective economic relations, and (8) trade libel. These claims concern Defendant's CEO's LinkedIn statements, as well as the intellectual property issues raised in the state court dispute between the parties.

**2.     JUDICIAL NOTICE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

In two separate filings, Defendant asks the Court to judicially notice thirteen items: three court filings; one district court decision; six online LinkedIn posts; and three online news articles. (*See* Def.'s Requests for Judicial Notice, Dkt. Nos. 22, 30.) Plaintiffs object to each of these requests. (Plfs.' Objections, Dkt. Nos. 26, 33.)

The Court isn't convinced all these requests are necessary or appropriate. Still, in the interest of justice, the Court briefly addresses them here. The three court filings are proper candidates for judicial notice, so the Court takes notice of them. *See Rey'ns Pasta Bella, LLC v. Visa USA, Inc.*, 443 F.3d 41, 746 n.6 (9th Cir. 2006). But of course, the Court only takes notice that these filings exist, and not that their factual assertions are true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records."). As for the district court decision, judicial notice isn't necessary since the Court can always consider relevant case law cited in the parties' briefing. Finally, the remaining items aren't relevant to the Court's decision. So Defendant's request that these items be judicially noticed is moot.

**3.   LEGAL STANDARD**

**3.1   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure 1356, p. 354 (3d ed. 2004). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

"accept[ ] all factual allegations in the complaint as true and contru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). But the assumption of truth doesn't apply to legal conclusions. *Iqbal*, 56 U.S. at 678.

### 3.2    Federal Rule of Civil Procedure 12(b)(1)

A party can move to dismiss a complaint if it believes that the court doesn't have subject matter jurisdiction over the claims in the complaint. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and possess "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Consequently, federal courts must jealously guard their limited jurisdiction. *United States v. Ceja-Prado*, F.3d 1046, 1051 (9th Cir. 2003). In doing so, they presume that claims fall outside of their jurisdiction. *Kokkonen*, 511 U.S. at 377. "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

### 4.    ANALYSIS

### 4.1    False Advertising Under the Lanham Act (Fourth Claim)

Among other things, Defendant argues Plaintiffs' false advertising claim must be dismissed because it should've been brought as a compulsory counterclaim in Defendant's earlier-filed state court action. (*See* Mot. to Dismiss at 10.)

The Court begins by summarizing the relevant law. Contrary to Plaintiffs' suggestion, Defendant correctly relies California Code of Civil Procedure Section 426.30 in making this argument. (*See* Opp'n to Mot. to Dismiss ("Opp'n"), Dkt. No. 25 at 16.) Though state procedural rules don't usually apply in federal court, California's Section 426.30 governs whether a federal claim should've been asserted as a compulsory counterclaim in an earlier-filed state court action. *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *Cheiker v. Prudential Ins. Co. of America*, 820 F.2d 334, 336 (9th Cir. 1987); *Pietak v. State Farm Fire & Cas. Co.*, No. 98—15089, 1999 WL 599478, at *1 (9th Cir. Aug. 20, 1999) (unpublished). Section 426.30 in part provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action asserting against the plaintiff the related cause of action not pleaded.

Cal. Civ. P. § 426.30(a).

A claim is "related" if it "arises out of the same transaction, occurrence, or series of transactions or occurrences" as the claims asserted in the earlier-filed complaint. *Id.* at § 426.10(c). In determining relatedness, an "expansive logical relation test" applies. *Currie Med. Specialities, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982). As the name suggests, this test doesn't require "an absolute identity of factual backgrounds for the two claims, but only a logical relationship among them." *Id.* Further, Section 426.30 should be "liberally construed" to accomplish the statute's purpose "of avoiding a multiplicity of actions" through "piecemeal" litigation. *See Align Technology, Inc. v. Tran*, 179 Cal. App. 4th 949, 960 (2009); *see also Flickinger v. Swedlow Eng'g Co.*, 45 Cal.2d 388 (1955) (explaining that "the obvious intent of the Legislature in enacting [Section 426.30] was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction.").

Applying this standard here, the Court agrees that Plaintiffs' false advertising claim is a compulsory counterclaim that should've been asserted in Defendant's earlier-filed state court proceeding. The thrust of Defendant's state court complaint is that Plaintiffs' 5 Surprise toys improperly mimic elements of Defendant's L.O.L. Surprise! toys, thus infringing on Defendant's state trademark and trade dress registrations. Plaintiffs' false advertising claim is logically interrelated because it's based on Defendant's CEO's LinkedIn statements, which accuse Plaintiffs of "knock[ing] off" Defendant's products and "infringing" on Defendant's intellectual property rights. (*See* Compl. at ¶¶ 97-106.) Thus, the very statements giving rise to Plaintiffs' Lanham Act claim reiterate the core allegations of Defendant's state court complaint—namely, that Plaintiffs are infringing on Defendant's trademark and trade dress rights. True, the false advertising claim depends on some facts not implicated by Defendant's state court case, but a perfect factual overlap isn't necessary for Section 426.30 to apply. And here, it's clear that Plaintiffs' Lanham Act claim shares enough of a logical relationship with Defendant's state law claims to be considered part of the same series of transactions or occurrences.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

This conclusion is further informed by two other points. First, the LinkedIn statements relied on to support Plaintiffs' Lanham Act claim were made less than a week after Defendant filed its state court case. (*See* Mot. to Dismiss at 1.) The close proximity between these two events strongly suggests the LinkedIn statements indeed referenced Defendant's state court allegations, confirming a logical relationship exists between the parties' claims. Second, Plaintiffs' Lanham Act claim depends on the success of Defendant's state court action. This is because, if it's determined that Plaintiffs infringed on Defendant's trademark or trade dress in the state court case, then the LinkedIn posts can't be considered *false* advertising for purposes of Plaintiffs' Lanham Act claim. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (false advertising under the Lanham Act requires a plaintiff to prove "a false statement of fact by the defendant in a commercial advertisement about its own or another's product"). So in this way, the two proceedings share an important and potentially claim dispositive legal relationship. And notably, this relationship speaks directly to Section 426.30's key purpose of avoiding piecemeal litigation, as well as the "duplication of time and effort." *Align Technology, Inc.*, 179 Cal. App. 4th at 960 ("At the heart of the [Section 426.30] approach is the question of duplication of time and effort; i.e., are any factual or legal issues relevant to both claims?" (internal quotation and citation omitted)).

Still, Plaintiffs insist their Lanham Act claim isn't a compulsory for several reasons, beginning with the presence of Creative Impact in this case. Specifically, Plaintiffs argue that, because Creative Impact wasn't a party to Defendant's state court action, Plaintiffs Lanham Act claim here can't be compulsory. (Opp'n at 16.) But given the unique circumstances of this case, the Court disagrees. In their complaint, Plaintiffs allege that Creative Impact, like Zuru, "is part of the ZURU Group of companies[.]" (Compl. at ¶ 12.) Plaintiffs also refer to Creative Impact and Zuru collectively as "Zuru" throughout the complaint. Consequently, based on the way Plaintiffs have drafted their complaint, Creative Impact and Zuru constitute a single larger entity, causing Section 430.26 to apply despite Creative Impact not being named in Defendant's state court action. *See Yanny v. Church of Scientology Intern.*, 933 F.2d 1018, 1991 WL 86899, at *1 (9th Cir. 1991) (unpublished) (suggesting that Section 426.30(a)'s "requirement that the parties in both actions be identical is met" if the non-identical parties and the identical parties are part of a "single larger entity"); *see also Marina Vape, LLC v. Nashick*, No. LA CV 16-01028 JAK (JEMx), 2016 WL 9086939, at *7 (C.D. Cal. May 6, 2016) ("There is not a bright line rule as to the application of Cal. Civ. P. § 426.30 when there is some variation between the parties who are named as defendants and those would be named as defendants in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|---|---|---|---|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

a cross-complaint in two separate actions."). Ruling otherwise wouldn't be consistent with the goals of Section 426.30, which center on claim relatedness and judicial efficiency.

Next, Plaintiffs argue that their Lanham Act claim isn't compulsory because it was asserted before Plaintiffs filed their answer to Defendant's state court case. (Opp'n at 22.) This argument isn't convincing. Section 426.30 only requires that Plaintiffs' Lanham Act claim exist at the time Plaintiffs file their answer to Defendant's state court claims, not that it be asserted before their answer is filed. *See* Cal. Civ. P. § 426.30 (applying to "any related cause of action which (*at the time of serving [their] answer to the complaint*) [they] ha[ve] against the plaintiff" (emphasis added)). And here, because the LinkedIn statements were made before Plaintiffs filed their answer to Defendant's state court case, Plaintiffs' false advertising claim indeed existed at the time they filed their answer.

Finally, although not directly relevant to the Section 426.30 analysis, the Court notes one additional point. Dismissing Plaintiffs' Lanham Act claim won't likely prevent Plaintiffs from reasserting that claim in Defendant's state court action. This is because California courts apply a liberal amendment standard when determining whether a pleading can be amended to add compulsory counterclaims previously omitted." *See* Cal. Civ. P. § 426.50.

At bottom, Plaintiffs' Lanham Act claim arises from the same series of transactions and occurrences as the claims in Defendant's earlier-filed state court case. Thus, Section 426.30 bars Plaintiffs from asserting that claim in a later-filed federal case, as Plaintiffs have done here. The Court DISMISSES Plaintiffs' Lanham Act claim under Rule 12(b)(6). *See Pietak*, 189 F.3d 474, 1999 WL 599478, at *1 (affirming district court's dismissal of a Section 426.30 compulsory counterclaim under Rule 12(b)(6)); *Beats Elecs., LLC v. Lamar*, No. CV 14-7537 FMO (MRWx), 2015 WL 9694787, at *7 (C.D. Cal. 2015) (dismissing a Section 426.30 compulsory counterclaim under Rule 12(b)(6)). Further, this dismissal is without leave to amend because Plaintiffs can't allege additional facts that would prevent its Lanham Act claim from being barred by Section 426.30. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

### 4.2    Declaratory Relief (First Claim)

Plaintiffs' first claim is for declaratory relief under the Declaratory Judgment Act. (*See* Compl. at ¶ 77.) Specifically, Plaintiff seeks "a declaration . . . that the 5 SURPRISE products are non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07009 AG (ASx) | Date | November 4, 2019 |
|----------|----------------------|------|------------------|
| Title | CREATIVE IMPACT INC. AND ZURU, LLC V. MGA ENTERTAINMENT, INC. | | |

infringing of MGA's Asserted Trade Dress." (*Id.*) "Asserted Trade Dress" is expressly defined in Plaintiffs' complaint to only include Defendant's California trade dress registration. (*See id.* at ¶ 28.) Among other things, Defendant argues that this claim should be dismissed because it's actually a "defense[ ] to [Defendant's] State Court Complaint recast as [an]] affirmative claim in federal court." (Mot. to Dismiss at 2.)

Defendant's argument is really about subject matter jurisdiction. *See Sakkis v. Artisan Pictures, Inc.,* No. CV 08-00049 MMM (JCx), 2008 WL 683388, at *4 (C.D. Cal. March 11, 2008). Though the Declaratory Judgement Act is a federal statute, "[a] request for declaratory judgment does not provide an independent basis for federal jurisdiction." *Howard v. America Online Inc.,* 208 F.3d 741, 754 (9th Cir. 2002) (citing *Skelly Oil v. Phillips Petroleum Co.,* 339 U.S. 667, 672 (1950))). Indeed, in *Skelly Oil,* the Supreme Court explained that the limited jurisdiction of lower federal courts "was not altered by the Declaratory Judgment Act," which is "procedural only." *Skelly Oil,* 339 U.S. at 671 (internal quotations and citations omitted). Consequently, for federal jurisdiction to exist over Plaintiffs' declaratory relief claim, it must include a federal question separate and apart from it arising under the Declaratory Judgment Act.

Plaintiffs' declaratory relief claim includes no such federal question. Again, Plaintiffs expressly seeks declaratory relief for noninfringement of Defendant's *state* trade dress registration. (*See* Compl. at ¶¶ 2, 72-73, 77.) And although Plaintiffs make other allegations about certain federal intellectual property rights elsewhere in their complaint, these allegations don't relate to the declaratory judgment Plaintiffs request in their complaint, which explicitly concerns only "MGA's Asserted [California] Trade Dress." (*See, e.g., id.* at ¶¶ 32-45, 77.) Perhaps realizing this jurisdictional deficiency, Plaintiffs argue they are actually seeking "a declaration that Plaintiffs' 5 SURPRISE and related products do not infringe on any of MGA's intellectual property rights, including any copyrights or patents . . . ." (Opp'n at 3.) But that's not what the complaint says. And Plaintiffs can't replead their declaratory relief claim in their opposition brief to confer federal jurisdiction where none exists in their complaint. Consequently, the Court lacks jurisdiction over Plaintiffs' declaratory relief claim.

The Court thus DISMISSES Plaintiffs' declaratory relief claim under Rule 12(b)(1). This dismissal is without leave to amend. Though defective jurisdictional allegations in a complaint may be amended, such amendment is generally limited to fixing technical or factual errors in

AO 120 (Rev. 08/10)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court **Central District of California** on the following

☑ Trademarks or  ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:19-cv-07010 | DATE FILED<br>8/13/2019 | U.S. DISTRICT COURT<br>Central District of California |
|---|---|---|
| PLAINTIFF<br>MGA ENTERTAINMENT, INC. | | DEFENDANT<br>ZURU, LLC |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5531072 | 7/31/2018 | Creative Impact Inc. |
| 2 | 5374188 | 1/9/2018 | MGA Entertainment, Inc. |
| 3 | 5374191 | 1/9/2018 | MGA Entertainment, Inc. |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |  |  |  |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

## [IN CHAMBERS] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff MGA Entertainment, Inc. sued Defendant Zuru, LLC in Los Angeles Superior Court asserting state law claims for trademark infringement, trade dress infringement, and violations of California's Unfair Competition Law ("UCL"). (Compl., Dkt. No. 1-1.) Defendant removed to this Court, claiming jurisdiction was proper under 28 U.S.C. § 1441(a). (Notice of Removal, Dkt. No. 1 at 2.) Now, Plaintiff moves to remand this case back to state court, arguing that this Court lacks jurisdiction over its state law claims. (*See* Mot., Dkt. No. 23-1.)

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Los Angeles Superior Court. All other pending matters are VACATED.

## 1.    BRIEF BACKGROUND

The following facts are taken mostly from Plaintiff's complaint. The Court's purpose here is only to provide some background about the case.

Both Plaintiff and Defendant are toy companies. (*See* Compl. at ¶¶ 5, 7.) One of Plaintiff's most popular toys is called L.O.L. Surprise! (*Id.* at ¶ 12.) Plaintiff partly attributes the success of L.O.L Surprise! To its "distinctive design: an opaquely wrapped spherical container, which, when opened, reveals 'surprise' individual toys inside." (Mot. at 3 (citing Compl. at ¶ 13).) Accordingly, Plaintiff registered the L.O.L. Surprise! Trade dress with the California Secretary of State. (Compl. at ¶ 18.)

Plaintiff alleges that Defendant has attempted to piggyback on the success of L.O.L Surprise! by creating a knock-off version of the toy that Defendant calls 5 Surprise. (Mot. at 4 (citing

Ex. 2-20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Compl. at ¶ 33); *see also* Compl. at ¶ 30.) Plaintiff claims that the design of 5 Surprise is strikingly similar to L.O.L. Surprise. (Compl. at ¶¶ 29-32) Consequently, Plaintiff asserts that consumers are regularly duped into buying a 5 Surprise toy thinking they are actually purchasing a L.O.L. Surprise! toy. (*Id.* at ¶¶ 33-35.)

Thus, to protect the L.O.L. Surprise! trade dress against consumer confusion, Plaintiff filed this lawsuit against Defendant in Los Angeles Superior Court asserting state law claims for trademark infringement, trade dress infringement, and violations of the UCL. (Compl. at ¶¶ 40-49, 50-54, 55-59.) Despite the lack of any federal claim in this case, Defendant removed to this Court, claiming Plaintiff's claims nonetheless arise under federal law. (*See* Notice of Removal at 2-3.)

**2.    LEGAL STANDARD**

The Court can decide only those cases it has subject matter jurisdiction over. Indeed, "[f]ederal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . arising under this Constitution, the Laws of the United States . . . [or] between Citizens of different States." And Congress has authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). In that vein, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

## 3.   ANALYSIS

This case doesn't involve diversity jurisdiction. So for federal jurisdiction to be proper, Defendant, as the removing party, must show this matter "aris[es] under the Constitution, laws, or treaties of the United States," and thus presents a federal question. 28 U.S.C. § 1331. Here, because Plaintiff pleads only state law claims, a federal question only exists if one of Plaintiff's claims "turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 308 (2005). For this to be true, the state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Relying on this legal framework, Defendant asserts numerous reasons why this case belongs in federal court. The Court groups these reasons into four categories and separately addresses each category in the subsections below.

### 3.1   Whether a Federal Copyright or Trademark Question Exists

Defendant first argues that federal question jurisdiction exists because Plaintiff's complaint artfully pleads federal copyright and trademark claims. (Opp'n, Dkt. No. 25 at 3-7.) In support, Defendant points to several things, though none persuade the Court that a federal question exists. First, Defendant offers two communications it received from Plaintiff—one predating this lawsuit and one postdating it. In those communications, Plaintiff accuses Defendant of infringing on it's "U.S. and international copyright and trademark rights[,]" among other things. (Opp'n at 3.) These communications don't create a federal question for at least two reasons. First, jurisdiction here is measured by Plaintiff's properly pled complaint, and not by outside evidence of communications between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") And second, Plaintiff's threat to assert a federal claim (or even Plaintiff's mistaken belief that it did assert such a claim) doesn't mean a federal claim was indeed asserted. *See id.* at 394-95 ("It is true that [plaintiffs] . . . could have brought suit under [federal law]. As masters of the complaint, however, they chose not to do so.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Defendant next points to two sets of allegations in Plaintiff's complaint. The first set of allegations concerns Plaintiff's UCL claim. These allegations generally assert that Defendant violated the UCL by misappropriating Plaintiff's "L.O.L Surprise! Works, L.O.L Surprise! Marks, and L.O.L. Surprise! Trade Dress." (*See* Compl. at ¶¶ 56-57, 59.) According to Defendant, the "only reasonable interpretation" of the word "Works" here, "refers to asserted copyright protection." (Opp'n at 7.) Similarly, Defendant argues the word "Marks" "generally encompass[es] trademarks, which would without limitation, include federal trademarks." (Notice of Removal at 2.) The Court disagrees. Plaintiff's sparse use of the words "Works" and "Marks" doesn't transform Plaintiff's UCL claim, which is based on California trade dress violations, into a claim for federal copyright or trademark infringement. A quick glance at Plaintiff's other UCL allegations confirms as much. For example, Plaintiff alleges:

> Defendants' actions . . . with respect to Defendants' misappropriation of Plaintiffs' [*sic*] L.O.L. Surprise! Trade Dress in connection with the offer for sale, sale, advertisement, and packaging of Infringing Products have violated the unfair competition laws of the State of California, specifically California Business and Professions Code §§ 17200 *et seq.*

(Compl. at ¶ 58.) And the clear thrust of Plaintiff's complaint as a whole is for violations of state trade dress and trademark law, not violations of federal copyright or trademark law. (*See* Compl. at ¶¶ 13, 17, 42, 44, 45-47, 50, 52, 53, 58-57.) So a federal question doesn't exist on this basis.

What about the second set of allegations? These allegations, which appear almost exclusively in Plaintiff's prayer for relief, purport to seek injunctive and declaratory relief for Defendant's infringement of Plaintiff's "trademarks, copyrights, or other rights." (*Id.* at ¶ C.) Defendant specifically takes issue with the repeated use of the word "copyrights" in this section of Plaintiff's complaint. (*See* Opp'n at 3-5.) But Plaintiff insists that the various copyright references are "stray," "non-operational," "unnecessary," and "simply boilerplate language" that has "zero relevance to any of [Plaintiff's] actual claims." (Mot. at 14, n.4.) Consequently, Plaintiff says that "[t]his Court could strike every single reference to copyright, and there would not be a single substantive change to the complaint." (Reply, Dkt. No. 26 at 3.) Based on these representations, the Court indeed finds such references should be stricken. *See* Fed. R. Civ. P. 12(f) (authorizing the Court to, on its own authority, strike from a pleading "any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

redundant, immaterial, impertinent, or scandalous matter"). The Court thus STRIKES the copyright references in Plaintiff's complaint. (Compl. at ¶¶ 34, C.)

Still, Defendant says Plaintiff has artfully pled federal claims because Plaintiff's complaint requests "Lanham Act remedies." This is so, according to Defendant, because "the scope of the relief requested" captures federal trademark rights, presumably through use of the word "trademarks" and "Marks" in the complaint. (*See* Opp'n at 6; *see also* Compl. at ¶¶ 56-57, 59, C.) (Defendant also makes a related argument about nationwide relief, but the Court addresses that argument later in Section 3.2.) The Court isn't convinced. Much like the word "Works," Plaintiff's use of the words "trademarks" and "Marks" doesn't mean Plaintiff seeks relief under the Lanham Act. These words can be explained by Plaintiff's assertion of a *state law* trademark claim—a claim that arguably eliminates the need to specify that "Marks" and "trademarks" refers to *state* trademarks only.

Having cast this word battle aside, the Court finds nothing else in Plaintiff's claims that "necessarily raise[s]" a "substantial" and "disputed" Lanham Act issue. *See Grable*, 545 U.S. at 314. The fact that Plaintiff could have asserted Lanham Act claims, but chose not to, is irrelevant. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). And the same can be said for *how* Plaintiff decided to "procure" its state trademark and trade dress registrations. (*See* Opp'n at 6 (suggesting a federal question exists because Plaintiff relied on "the Lanham Act," "related federal authority," and "federally registered marks" in "procur[ing]" its state registrations).) Finally, contrary to Defendant's suggestion, the mere fact that Plaintiff's state claims may "overlap and track Lanham Act language" fails to create a federal question since these claims don't necessarily depend on aspects of federal law. *See* Cal. Bus & Prof. Code § 14272 (providing that federal law is "nonbinding" on California courts "interpreting and construing" California trademark and trade dress law). (*See* Notice of Removal at 10-11.) Thus, Defendant fails to show the existence of artfully pled federal trademark and copyright claims.

At bottom, nothing in Plaintiff's complaint raises a federal copyright or trademark question that gives rise to federal jurisdiction here.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

### 3.2    Whether Plaintiff's Request for Nationwide Relief Raises a Federal Question

The Court moves on to Defendant's second set of arguments, which concern Plaintiff's request for "nationwide relief and enforcement." (Opp'n at 7.) Though confusingly stated, Defendant seems to be arguing that, because nationwide relief is only available through federal trademark and trade dress claims, Plaintiff is actually asserting federal law claims. (*Id.* at 7-8.) Plaintiff disputes Defendant's underlying assumption: that nationwide relief isn't available through Plaintiff's state law claims. To this point, Plaintiff insists that "California courts readily offer nationwide relief—including nationwide injunctive relief—in cases like this one." (Mot. at 14.) In support, Plaintiff cites two California cases, both holding that nationwide relief is indeed possible where only state law claims are alleged. *See People v. ex rel. Mosk v. Nat'l Research Co. of Cal.*, 201 Cal. App. 2d 765, 776 (1962); *Allied Artists Pictures Corp. v. Friedman*, 68 Cal App. 3d 127, 136-37 (1977). That's enough to defeat Defendant's argument here since, at this stage, the Court doesn't make merits-based determinations about the relief requested. Rather, the Court need only determine whether such relief necessarily presents a disputed and substantial federal issue. And Defendant hasn't convinced the Court that it does.

### 3.3    Whether Plaintiff's Claim Are Completely Preempted by the Copyright Act

For Defendant's third round of arguments, Defendant contends Plaintiff's claims are completely preempted by the Copyright Act. (*See* Opp'n at 8-12; Notice of Removal at 7-9.) Generally, "the pre-emptive effect of a federal statute" is considered a defense to a state law claim and thus "will not provide a basis for removal" to federal court. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2006). But *complete* preemption is different. Complete preemption applies when a federal statute "wholly displaces" a state law claim, making that claim removable under 28 U.S.C. Section 1441(b). *Id.* at 8.

As a preliminary point, the parties disagree over whether the Copyright Act can completely preempt a state law claim. Apparently, the Supreme Court has never answered this question, and neither has the Ninth Circuit. (*See* Mot. at 9.) But the Court need not reach this threshold issue here. Why? Because even assuming the Copyright Act had a completely preemptive effect, it wouldn't preempt Plaintiff's claims here. The reason is two-fold. First, most of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

Defendant's preemption arguments depend on language in the complaint that has already been stricken, or that was already discussed (and dismissed) in previous sections of this order. (*See* Opp'n at 8-11.) And second, Defendant's remaining argument—that Plaintiff's trade dress claim actually seeks copyright protection for theft of intellectual content—isn't persuasive. (*Id.* at 11-13.) This argument depends wholly on Plaintiff's use of "images of [its] toys that are found only after the packages are opened, and which cannot constitute trade dress and were not the subject of the state trade dress registration." (*Id.* at 13.) But surely, Plaintiff's inclusion of photos displaying product elements not subject to state trade dress registration doesn't prove Plaintiff is seeking copyright protection for those elements instead. To the contrary, the written allegations in Plaintiff's complaint make clear Plaintiff only seeks trade dress and trademark protection for L.O.L. Surprise!'s distinctive packaging and recognizability, not for the "intellectual content" of the toy itself. (*See* Compl. at ¶¶ 13, 17, 42, 44, 45-47, 50, 52, 53, 58-57.) Plaintiff's repeated assertion that its primary concern here is consumer confusion, instead of the impermissible copying of ideas, further supports this conclusion. (*Id.* at ¶¶ 28, 33, 34, 36-37, 44-45, 46-47.) *See Mercado Latino, Inc. v. Indio Prods., Inc.*, 649 Fed. App'x. 633, 634 (9th Cir. 2016) (explaining that "traditional trade dress claim[s]" involve allegations that a "design [is] so similar to [a plaintiff's] protected trade dress that consumers are confused into believing that [the defendant's] [products] are [plaintiff's].") Consequently, Plaintiff's trade dress allegations don't "raise any concern that its claims will . . . conflict with the law of copyright" and thus aren't completely preempted under the Copyright Act. *See id.*

Defendant's reliance on *JustMed, Inc. v. Byce*, 600 F.3d 1118 (9th Cir. 2010), is misplaced. *JustMed* involved an affirmative claim that required construction of the Copyright Act. *JustMed*, 600 F.3d at 1124-25 (involving a claim based on the work-for-hire doctrine). So of course, that claim was preempted by the Copyright Act and "ar[ose] under the federal law governing copyrights." *Id.* at 1125. That's much different than the situation here since none of Plaintiff's claims require construction of the Copyright Act. Thus, Copyright Act preemption doesn't confer federal question jurisdiction over Plaintiff's claims.

**3.4    Whether Plaintiff's Complaint Raises a Federal Patent Question**

Defendant's final argument for federal jurisdiction is no doubt its weakest. For this argument, Defendant contends a federal question exists because "whether [Plaintiff] has a valid trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-07010 AG (ASx) | Date | October 21, 2019 |
|---|---|---|---|
| Title | MGA ENTERTAINMENT, INC. V. ZURU, LLC ET AL. | | |

dress registration is necessarily going to involve evaluation of a federal patent." (Opp'n at 13.) This is so, according to Defendant, because "[a]n affirmative . . . element of a prima facie claim for trade dress infringement . . . is that the trade dress is non-functional." (Opp'n at 14.) True, "aspects of a product which are functional cannot be monopolized" through a state trade dress or trademark claim. *See KGB, Inc. v. Giannoulas*, 104 Cal. App. 3d 844, 856 (1980). But determining functionality doesn't require substantive analysis of federal patent law. Rather, it's simply a question of whether a person is seeking protection for the nonprotectable "utilitarian aspects of products"—such as the "size and shape of pills; the shape, size and color of fishing lures; or the design of clothing . . . ." *Id.* (citations omitted). Perhaps some federal patent law (or even the existence of a federal patent) is persuasive on this point. But that doesn't mean functionality necessarily depends on federal patent law, let alone a substantial and disputed question of such law. *See Grable*, 545 U.S. at 308. Thus, federal question jurisdiction doesn't exist on this basis.

**4.   DISPOSITION**

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Los Angeles Superior Court. All other pending matters are VACATED.

At bottom, it's inappropriate to deny a state court judge the opportunity to hear this state court case, particularly since Plaintiff opted to file in state court, and given this Court's duty to jealously guard its limited jurisdiction. *See Ceja-Prado*, 333 F.3d at 1051.

Any arguments not addressed in this lengthy order either weren't convincing or didn't need to be addressed at this time.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    Central District of California    on the following

☑ Trademarks or    ☐ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:18cv02306-RGK | DATE FILED<br>03/21/2018 | U.S. DISTRICT COURT<br>Central District of California |
| PLAINTIFF<br>MGA ENTERTAINMENT INC. | | DEFENDANT<br>TOMTOP GROUP LIMITED |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5,374,188 | 1/9/2018 | MGA Entertainment, Inc. |
| 2 | 5,374,191 | 1/9/2018 | MGA Entertainment, Inc. |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above----entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
| 4/5/2019  Order on Stipulation re Dismissal - attached.- |

| CLERK<br>KIRY K. GRAY | (BY) DEPUTY CLERK<br>*Sharon Hall Brown* | DATE<br>4/4/2019 |

Copy 1----Upon initiation of action, mail this copy to Director    Copy 3----Upon termination of action, mail this copy to Director
Copy 2----Upon filing document adding patent(s), mail this copy to Director    Copy 4----Case file copy

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2300 (Rev 02/2020)
OMB No. 0651-0051 (Exp 11/30/2020)

# Change Address or Representation Form

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87461400 |
| **REGISTRATION NUMBER** | 5374191 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 121 |
| **MARK SECTION** | |
| **MARK** | L.O.L. SURPRISE! (stylized and/or with design, see https://tmng-al.uspto.gov /resting2/api/img/8746140 0/large) |
| **OWNER SECTION(current)** | |
| **NAME** | MGA Entertainment, Inc. |
| **MAILING ADDRESS** | 16380 Roscoe Boulevard |
| **CITY** | Van Nuys |
| **STATE** | California |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **ZIP/POSTAL CODE** | 91406 |
| **PHONE** | 818-894-2525 |
| **FAX** | 818-895-0771 |
| **EMAIL** | XXXX |
| **CORRESPONDENCE SECTION(current)** | |
| **NAME** | ELIZABETH RISHA, ESQ. |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | tm@mgae.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER(S)** | TMR201700049 |
| **OWNER SECTION(proposed)** | |
| **STATEMENT TEXT** | By submission of this request, the undersigned requests that the following be made of record for the owner/holder: |
| **NAME** | MGA Entertainment, Inc. |
| **MAILING ADDRESS** | 9220 Winnetka Ave. |
| **CITY** | Chatsworth |
| **STATE** | California |
| **STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY** | United States |
| **ZIP/POSTAL CODE** | 91311 |

| | |
|---|---|
| **PHONE** | 8188942525 |
| **EMAIL** | XXXX |
| **CORRESPONDENCE SECTION (proposed)** | |
| **NAME** | MGA Entertainment, Inc. |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | TM@mgae.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | erisha@mgae.com; asenasac@mgae.com |
| **DOCKET/REFERENCE NUMBER(S)** | TMR201700049 |
| **SIGNATURE SECTION** | |
| **SIGNATURE** | /Risha, Elizabeth 158960 General Counsel/ |
| **SIGNATORY NAME** | Elizabeth Risha |
| **SIGNATORY DATE** | 03/12/2020 |
| **SIGNATORY POSITION** | Attorney of record, California Bar member |
| **SIGNATORY PHONE NUMBER** | 8188942525 |
| **AUTHORIZED SIGNATORY** | YES |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Thu Mar 12 15:22:10 ET 2020 |
| **TEAS STAMP** | USPTO/CAR-XX.XXX.XX.XX-20 200312152210079865-761794 78-71036d9b44c221d6ed5716 2967d2a8e507ef85ac476d233 11faef2913e3d51b2-N/A-N/A -20200312145140936514 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 2300 (Rev 02/2020)
OMB No. 0651-0051 (Exp 11/30/2020)

# Change Address or Representation Form

To the Commissioner for Trademarks:

**MARK:** L.O.L. SURPRISE! (stylized and/or with design, see https://tmng-al.uspto.gov /resting2/api/img/8746140 0/large)
**SERIAL NUMBER:** 87461400
**REGISTRATION NUMBER:** 5374191


**Owner Section (Current) :**
MGA Entertainment, Inc.
16380 Roscoe Boulevard
Van Nuys, California 91406
United States
818-894-2525
XXXX


**Correspondence Section (Current):**
ELIZABETH RISHA, ESQ.
PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE: tm@mgae.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED
Docket Reference Number(s): TMR201700049


By submission of this request, the undersigned requests that the following be made of record for the owner/holder:

**Owner Section (proposed):**
MGA Entertainment, Inc.
9220 Winnetka Ave.
Chatsworth, California 91311
United States
8188942525
XXXX

**Correspondence Section (proposed):**
MGA Entertainment, Inc.
PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE: TM@mgae.com
SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): erisha@mgae.com; asenasac@mgae.com
Docket Reference Number(s): TMR201700049


Signature: /Risha, Elizabeth 158960 General Counsel/     Date: 03/12/2020
Signatory's Name: Elizabeth Risha
Signatory's Position: Attorney of record, California Bar member
Signatory's Phone Number: 8188942525

Serial Number: 87461400
Internet Transmission Date: Thu Mar 12 15:22:10 ET 2020
TEAS Stamp: USPTO/CAR-XX.XXX.XX.XX-20200312152210079
865-76179478-71036d9b44c221d6ed57162967d
2a8e507ef85ac476d23311faef2913e3d51b2-N/
A-N/A-20200312145140936514

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,374,191**

**Registered Jan. 09, 2018**

**Int. Cl.: 28**

**Trademark**

**Principal Register**

MGA Entertainment, Inc. (CALIFORNIA CORPORATION)
16380 Roscoe Boulevard
Van Nuys, CALIFORNIA 91406

CLASS 28: Toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor

FIRST USE 9-9-2016; IN COMMERCE 10-12-2016

The mark consists of the stylized wording "L.O.L. SURPRISE!" with the letters in "L.O.L." appearing with polka dots and the wording "SURPRISE!" appearing in a drop shadow beneath "L.O.L."

SER. NO. 87-461,400, FILED 05-23-2017

*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

Side - 1



**NOTICE OF PUBLICATION UNDER §12(a)**
**MAILING DATE: Oct 4, 2017**
**PUBLICATION DATE:  Oct 24, 2017**

The mark identified below will be published in the Official Gazette on Oct 24, 2017.  Any party who believes they will be damaged by registration of the mark may oppose its registration by filing an opposition to registration or a request to extend the time to oppose within thirty (30) days from the publication date on this notice.  If no opposition is filed within the time specified by law, the USPTO may issue a Certificate of Registration.

To view the Official Gazette online or to order a paper copy, visit the USPTO website at http://www.uspto.gov/web/trademarks/tmog/ any time within the five-week period after the date of publication.  You may also order a printed version from the U.S. Government Printing Office (GPO) at http://bookstore.gpo.gov or 202-512-1800.  To check the status of your application, go to http://tarr.uspto.gov/.

**SERIAL NUMBER:**     87461400
**MARK:**                     L.O.L. SURPRISE!(STYLIZED/DESIGN)
**OWNER:**                   MGA Entertainment, Inc.

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS MAIL
U.S POSTAGE
PAID

ELIZABETH RISHA, ESQ.
MGA ENTERTAINMENT, INC.
16380 ROSCOE BOULEVARD
VAN NUYS, CA   91406

Ex. 2-34

## Trademark Snap Shot Publication Stylesheet
(Table presents the data on Publication Approval)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87461400 | FILING DATE | 05/23/2017 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | CALLERY, TIMOTHY JOHN | L.O. ASSIGNED | N30-NOT FOUND |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 08/31/2017 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATION |
| STATUS DATE | 08/30/2017 |
| LITERAL MARK ELEMENT | L.O.L. SURPRISE! |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | NO |
| LITERAL MARK ELEMENT | L.O.L. SURPRISE! |
| MARK DRAWING CODE | 3-AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/LETTER(S)/NUMBER(S) |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

Ex. 2-35

| PARTY TYPE | 10-ORIGINAL APPLICANT |
|---|---|
| NAME | MGA Entertainment, Inc. |
| ADDRESS | 16380 Roscoe Boulevard<br>Van Nuys, CA 91406 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | California |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 028 |
|---|---|
| DESCRIPTION TEXT | Toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 028 | FIRST USE DATE | 09/09/2016 | FIRST USE IN COMMERCE DATE | 10/12/2016 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| COLORS CLAIMED STATEMENT | Color is not claimed as a feature of the mark. |
| DESCRIPTION OF MARK | The mark consists of the stylized wording "L.O.L. SURPRISE!" with the letters in "L.O.L." appearing with polka dots and the wording "SURPRISE!" appearing in a drop shadow beneath "L.O.L." |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 08/30/2017 | CNSA | O | APPROVED FOR PUB - PRINCIPAL REGISTER | 008 |
| 08/29/2017 | CNEA | F | EXAMINER'S AMENDMENT MAILED | 007 |
| 08/29/2017 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 006 |
| 08/29/2017 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 08/22/2017 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 06/01/2017 | MDSC | O | NOTICE OF DESIGN SEARCH CODE MAILED | 003 |
| 05/31/2017 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/26/2017 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

## CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | NONE |
|---|---|
| CORRESPONDENCE ADDRESS | ELIZABETH RISHA, ESQ.<br>MGA ENTERTAINMENT, INC.<br>16380 ROSCOE BOULEVARD<br>VAN NUYS, CA 91406 |
| DOMESTIC REPRESENTATIVE | NONE |



## Trademark Snap Shot Amendment & Mail Processing Stylesheet
### (Table presents the data on Amendment & Mail Processing Complete)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 87461400 | FILING DATE | 05/23/2017 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | CALLERY, TIMOTHY JOHN | L.O. ASSIGNED | N30-NOT FOUND |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 08/30/2017 |
| PUB DATE | N/A |
| STATUS | 647-EXAMINERS AMENDMENT - MAILED |
| STATUS DATE | 08/29/2017 |
| LITERAL MARK ELEMENT | L.O.L. SURPRISE! |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | YES | 1 (a) | YES | 1 (a) | NO |
| 1 (b) | NO | 1 (b) | NO | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | NO |
| LITERAL MARK ELEMENT | L.O.L. SURPRISE! |
| MARK DRAWING CODE | 3-AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/LETTER(S)/NUMBER(S) |
| COLOR DRAWING FLAG | NO |

### CURRENT OWNER INFORMATION

| PARTY TYPE | 10-ORIGINAL APPLICANT |
|---|---|
| NAME | MGA Entertainment, Inc. |
| ADDRESS | 16380 Roscoe Boulevard<br>Van Nuys, CA 91406 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | California |

### GOODS AND SERVICES

| INTERNATIONAL CLASS | 028 |
|---|---|
| DESCRIPTION TEXT | Toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor |

### GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 028 | FIRST USE DATE | 09/09/2016 | FIRST USE IN COMMERCE DATE | 10/12/2016 | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

### MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| COLORS CLAIMED STATEMENT | Color is not claimed as a feature of the mark. |
| DESCRIPTION OF MARK | The mark consists of the stylized wording "L.O.L. SURPRISE!" with the letters in "L.O.L." appearing with polka dots and the wording "SURPRISE!" appearing in a drop shadow beneath "L.O.L." |

### PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 08/29/2017 | CNEA | F | EXAMINER'S AMENDMENT MAILED | 007 |
| 08/29/2017 | XAEC | I | EXAMINER'S AMENDMENT ENTERED | 006 |
| 08/29/2017 | CNEA | R | EXAMINERS AMENDMENT -WRITTEN | 005 |
| 08/22/2017 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 06/01/2017 | MDSC | O | NOTICE OF DESIGN SEARCH CODE MAILED | 003 |
| 05/31/2017 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 05/26/2017 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

### CURRENT CORRESPONDENCE INFORMATION

| ATTORNEY | NONE |
|---|---|
| CORRESPONDENCE ADDRESS | ELIZABETH RISHA, ESQ.<br>MGA ENTERTAINMENT, INC.<br>16380 ROSCOE BOULEVARD<br>VAN NUYS, CA 91406 |
| DOMESTIC REPRESENTATIVE | NONE |



**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION SERIAL NO.** 87461400

**MARK:** L.O.L. SURPRISE!

**\*87461400\***

**CORRESPONDENT ADDRESS:**
    ELIZABETH RISHA, ESQ.
    MGA ENTERTAINMENT, INC.
    16380 ROSCOE BOULEVARD
    VAN NUYS, CA 91406

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

**APPLICANT:** MGA Entertainment, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    TMR201700049

**CORRESPONDENT E-MAIL ADDRESS:**


# EXAMINER'S AMENDMENT

**ISSUE/MAILING DATE:**


**DATABASE SEARCH:**  The trademark examining attorney has searched the USPTO's  database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).


**APPLICATION HAS BEEN AMENDED:**  In accordance with the authorization granted by Elizabeth Risha on August 29, 2017, the trademark examining attorney has amended the application as indicated below.  Please advise the undersigned immediately of any objections.  Otherwise, no response is necessary.  TMEP §707.  Any amendments to the identification of goods may clarify or limit the goods, but may not add to or broaden the scope of the goods.  37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq.*


## IDENTIFICATION OF GOODS AMENDED

The identification of goods is amended to read as follows:

Class 28:        Toys and playthings, namely, toy figures and playsets, accessories, and clothing therefor

*See* TMEP §§1402.01, 1402.01(e).


## DESCRIPTION OF THE MARK AMENDED

The following description of the mark replaces the current description of record:

The mark consists of the stylized wording "L.O.L. SURPRISE!" with the letters in "L.O.L." appearing with polka dots and the wording "SURPRISE!" appearing in a drop shadow beneath "L.O.L."

*See* 37 C.F.R. §§2.37, 2.72; TMEP §§808 *et seq.*

/Timothy J. Callery/
Timothy J. Callery
Examining Attorney
Law Office 121
(571) 270-1987
tim.callery@uspto.gov

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the Trademark Electronic Application System (TEAS) form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

# NOTE TO THE FILE

SERIAL NUMBER:    87461400

DATE:    08/29/2017

NAME:    tcallery

## NOTE:

**Searched:**
- \_\_\_ Google
- \_\_\_ Lexis/Nexis
- \_\_\_ OneLook
- \_\_\_ Wikipedia
- \_\_\_ Acronym Finder
- \_\_\_ Other:

**Discussed ID with:**
- \_\_\_ Senior Atty
- \_\_\_ Managing Atty

- \_\_\_ Protest evidence reviewed

**Checked:**
- \_\_\_ Geographic significance
- \_\_\_ Surname
- \_\_\_ Translation
- \_\_\_ ID with ID/CLASS mailbox

**Discussed Geo. Sig. with:**
- \_\_\_ Senior Atty
- \_\_\_ Managing Atty

\_\_ Checked list of approved Canadian attorneys and agents

**Discussed file with**

**Attorney/Applicant via:**
- _X_ phone
- \_\_\_ email

- \_\_\_ Requested Law Library search for:

- **\_\_\_ PRINT \_\_\_ DO NOT PRINT**
- \_\_\_ Description of the mark
- \_\_\_ Translation statement

- \_\_\_ Negative translation statement
- \_\_\_ Consent of living individual

- \_\_\_ Changed TRADEUPS to:

- \_\_\_ OTHER:

- \_\_\_ Left message with Attorney/Applicant

- _X_ Issued Examiner's Amendment and entered changes in TRADEUPS

- \_\_\_ Added design code in TRADEUPS

- \_\_\_ Re-imaged standard character drawing

- \_\_\_ Contacted TM MADRID ID/CLASS about misclassified definite ID

*** User:tcallery ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1 | 0 | 1 | 1 | 0:01 | 87461400[SN] |
| 02 | 898 | N/A | 0 | 0 | 0:02 | *lol*[BI,TI] not dead[ld] |
| 03 | 63 | 0 | 63 | 63 | 0:02 | "lol"[BI,TI] not dead[ld] |
| 04 | 0 | 0 | 0 | 0 | 0:01 | "l ol"[BI,TI] not dead[ld] |
| 05 | 1 | 0 | 1 | 1 | 0:01 | "lo l"[BI,TI] not dead[ld] |
| 06 | 8 | 0 | 8 | 8 | 0:01 | "l o l"[BI,TI] not dead[ld] |
| 07 | 684 | N/A | 0 | 0 | 0:01 | *la{"u"0:1}{"gp"}h*[bi,ti] not dead[ld] |
| 08 | 680 | N/A | 0 | 0 | 0:01 | *la{"u"0:1}f*[bi,ti] not dead[ld] |
| 09 | 50375 | N/A | 0 | 0 | 0:03 | *l{"oa"}{"uw"}t*[bi,ti] not dead[ld] |
| 10 | 5086 | N/A | 0 | 0 | 0:02 | *l{"oa"}{"uw"}d*[bi,ti] not dead[ld] |
| 11 | 251 | 0 | 251 | 240 | 0:10 | *{"scz"}{"uiye"0:2}{"r"1:3}{"p"1:3}{"r"1:3}{"iye"1:3}{"sz"}*[bi,ti] not dead[ld] |
| 12 | 26 | 0 | 26 | 26 | 0:01 | (7 8) and 9 and 10 |
| 13 | 455 | N/A | 0 | 0 | 0:02 | 2 and "028"[cc] |
| 14 | 414 | 0 | 414 | 401 | 0:01 | 13 not (3 5 6 11 12) |
| 15 | 1167 | N/A | 0 | 0 | 0:02 | (250305 dotted backgrounds)[dc] not dead[ld] |
| 16 | 5747 | N/A | 0 | 0 | 0:02 | (260115 three circles)[dc] not dead[ld] |
| 17 | 2 | 0 | 2 | 2 | 0:01 | 2 and (15 16) |
| 18 | 141 | 0 | 3 | 141 | 0:01 | (7 8 9 10) and (15 16) |
| 19 | 16 | 0 | 16 | 16 | 0:01 | 15 and 16 |
| 20 | 2 | 0 | 2 | 2 | 0:01 | (("lol" "l o l") and "surprise")[bi,ti] |
| 21 | 625 | 595 | 30 | 29 | 0:02 | "mga entertainment"[on] |

Session started 8/23/2017 4:28:21 PM

Session finished 8/23/2017 5:43:07 PM

Total search duration 0 minutes 39 seconds

Session duration 74 minutes 46 seconds

Defaut NEAR limit=1ADJ limit=1


Sent to TICRS as Serial Number: 87461400

Ex. 2-44

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

Jun 1, 2017

## NOTICE OF DESIGN SEARCH CODE

ELIZABETH RISHA, ESQ.
MGA ENTERTAINMENT, INC.
16380 ROSCOE BOULEVARD
VAN NUYS, CA 91406

**ATTORNEY REFERENCE NUMBER:**   TMR201700049

**U.S. Serial Number:**  87461400
**Mark:**  L.O.L. SURPRISE! (Stylized/Design)
**Owner:**  MGA Entertainment, Inc.

The USPTO has assigned design search codes to your application (U.S. serial number: 87461400).

If you would like to request that we add or delete a design search code, please email TMDesignCodeComments@USPTO.GOV.  Include your name, application serial number, a list of design search codes you would like to add or delete, and a brief justification. We will process your request within two business days. If we approve your request, the updated list of design search codes will appear in our Trademark Status and Document Retrieval (TSDR) database under the "Mark Information" tab.

Design search codes are numerical codes we assign to the prominent features of your mark's design. We call these features "design elements." A design element can be any component of your mark that is not a word, such as a depiction of a star or a flower. Assigning design search codes to your mark helps us more effectively search our database for marks that may conflict with yours. Design search codes have no legal significance and will not appear on your registration certificate.

For additional information about design search codes, including why and how we use them, please visit our design search code webpage at http://www.uspto.gov/DesignSearchCodes. For a list of design search codes, see our design search code manual, accessible at http://tess2.uspto.gov/tmdb/dscm/index.htm.

For questions, please call 1-800-786-9199 (option 1) to speak to a Customer Service representative in the Trademark Assistance Center (http://www.uspto.gov/TrademarkAssistance).

This notice will be available in TSDR in one business day.

**Design search codes assigned to your application:**

25.03.05 - Backgrounds covered with dots; Dotted backgrounds

26.01.15 - Circles, exactly three circles; Three circles

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 87461400**
**Filing Date: 05/23/2017**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 87461400 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\874\614\87461400\xml1\ APP0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | L.O.L. SURPRISE! |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of L.O.L. is stylized form positioned above SURPRISE!. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 550 x 293 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | MGA Entertainment, Inc. |
| *STREET | 16380 Roscoe Boulevard |
| *CITY | Van Nuys |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 91406 |
| PHONE | 818-894-2525 |
| FAX | 818-895-0771 |
| EMAIL ADDRESS | XXXX |
| WEBSITE ADDRESS | www.mgae.com |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | California |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 028 |

| | |
|---|---|
| *IDENTIFICATION | TOYS AND PLAYTHINGS, NAMELY, TOY FIGURES AND PLAYSETS THEREFOR; TOY FIGURE ACCESSORIES; TOY FIGURE CLOTHING |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 09/09/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 10/12/2016 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\874\614\87461400\xml1\ APP0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\874\614\87461400\xml1\ APP0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\874\614\87461400\xml1\ APP0005.JPG |
| SPECIMEN DESCRIPTION | photographs of the mark applied to packaging |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Elizabeth Risha, Esq. |
| DOCKET/REFERENCE NUMBER | TMR201700049 |
| FIRM NAME | MGA Entertainment, Inc. |
| STREET | 16380 Roscoe Boulevard |
| CITY | Van Nuys |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 91406 |
| PHONE | 818-894-2525 |
| FAX | 818-895-0771 |
| EMAIL ADDRESS | tm@mgae.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | No |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | Regular TEAS |
| NUMBER OF CLASSES | 1 |
| APPLICATION FOR REGISTRATION PER CLASS | 400 |
| *TOTAL FEE DUE | 400 |
| *TOTAL FEE PAID | 400 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /BRYAN J. ARMSTRONG/ |
| SIGNATORY'S NAME | Bryan J. Armstrong |
| SIGNATORY'S POSITION | Trademark Administrator |
| SIGNATORY'S PHONE NUMBER | 818-894-2525x6730 |
| DATE SIGNED | 05/23/2017 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 87461400**
**Filing Date: 05/23/2017**

## To the Commissioner for Trademarks:

**MARK:** L.O.L. SURPRISE! (stylized and/or with design, see mark)

The literal element of the mark consists of L.O.L. SURPRISE!.
The applicant is not claiming color as a feature of the mark. The mark consists of L.O.L. is stylized form positioned above SURPRISE!.
The applicant, MGA Entertainment, Inc., a corporation of California, having an address of

    16380 Roscoe Boulevard
    Van Nuys, California 91406
    United States
    818-894-2525(phone)
    818-895-0771(fax)
    XXXX (not authorized)

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 028:  TOYS AND PLAYTHINGS, NAMELY, TOY FIGURES AND PLAYSETS THEREFOR; TOY FIGURE ACCESSORIES; TOY FIGURE CLOTHING

In International Class 028, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 09/09/2016, and first used in commerce at least as early as 10/12/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) photographs of the mark applied to packaging.
Specimen File1
Specimen File2
Specimen File3


For informational purposes only, applicant's website address is: www.mgae.com

The applicant's current Correspondence Information:
    Elizabeth Risha, Esq.
    MGA Entertainment, Inc.
    16380 Roscoe Boulevard
    Van Nuys, California 91406
    818-894-2525(phone)
    818-895-0771(fax)
    tm@mgae.com (not authorized)
The docket/reference number is TMR201700049.
A fee payment in the amount of $400 has been submitted with the application, representing payment for 1 class(es).

### Declaration

☑ **Basis:**
    **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;

- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /BRYAN J. ARMSTRONG/   Date: 05/23/2017
Signatory's Name: Bryan J. Armstrong
Signatory's Position: Trademark Administrator
Payment Sale Number: 87461400
Payment Accounting Date: 05/24/2017

Serial Number: 87461400
Internet Transmission Date: Tue May 23 20:00:44 EDT 2017
TEAS Stamp: USPTO/BAS-XX.XX.XX.X-2017052320004422810
1-87461400-590d20cf9f93c564bbcf2caa1ca8a
4a146ec4fe5a05fd425b33c46fbd59f37b-DA-81
57-20170523195105787006





Ex. 2-52









Ex. 2-56



Ex. 2-57



Ex. 2-58