Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Eileen Ahern (SBN 216822)
eahern@willenken.com
Kenneth M. Trujillo-Jamison
(Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

Jiepu (Bobby) Li (SBN: 342224)
bli@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice*)
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002
Telephone: 713-431-7100

*Attorneys for Defendants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ | Case No.: 2:20-cv-11548-JVS-AGR<br>Assigned to: Hon. James V. Selna<br><br>**Joint Proposed Briefing Schedule for Post-Trial Issues** |

{277443.2}

| | |
|---|---|
| 1<br>2<br>3 | LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants. |
| 4<br>5<br>6 | GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants, |
| 7 | v. |
| 8<br>9<br>10<br>11 | MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. |

Complaint Filed: December 20, 2020
Trial Date: September 3, 2024

{277443.2}

## Joint Statement

Following the jury's verdict on September 24, the Court asked that the parties meet and confer and present to the Court a "proposal and a schedule for dealing with the remaining Lanham Act issue" because "I do not wish to enter a partial judgment" and "I think we should simply have one judgment." Trial Tr. 9.23.24 at 42:14-18.

Although the parties disagree as to the scope of the briefing (see below), the parties are in agreement on the following proposed dates, assuming these dates work for the Court:

**Opening briefs:** October 28, 2024 (by 5:00 p.m. pacific)

**Opposition briefs:** November 11, 2024 (by 5:00 p.m. pacific)

**Reply briefs:** November 25, 2024 (by 5:00 p.m. pacific)

**Proposed Findings of Fact and Conclusions of Law:** November 25, 2024 (by 5:00 p.m. pacific)

**Hearing:** December 9, 2024

**MGA's Position on the Scope of Briefing**

The Final Pretrial Conference Order states that while "[t]he trial is to be a jury trial for all claims[,]" "[v]erdicts on equitable issues will be regarded as advisory." Dkt. 924 at 2. In light of this Court's stated preference to issue a single final judgment, MGA respectfully submits that the parties should brief all remaining equitable issues now, rather than in a piecemeal fashion. MGA submits that there are at least three equitable issues remaining, all of which relate to remedies. Notably, the OMG Girlz do not dispute that equitable issues that require findings of facts and conclusions of law remain, as they acknowledge below.

MGA disagrees, however, that the OMG Girlz should be permitted to submit briefing at this time on whether this case is "exceptional" as to warrant attorneys'

fees under the Lanham Act.[1]  That determination is properly made *after* the equitable issues, including disgorgement, have been resolved.  *See Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 41 (9th Cir. 2022).

*First*, there does not appear to be any dispute that whether to award the purported infringer's profits under the Lanham Act trade dress claim—and, if so, how much to award—is an equitable question left for the Court.  *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("A claim for disgorgement of profits under [15 U.S.C.] § 1117(a) is equitable, not legal."); *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110, 112 (9th Cir. 2020) (no right to a jury trial on claim for disgorgement of profits under the Lanham Act); *see also* 15 U.S.C. § 1117(a) ("The court shall assess . . . profits . . . or cause the same to be assessed under its direction . . . . [and] [i]f the court shall find that the amount of recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just . . . .").  Indeed, the OMG Girlz' own portion of the Final Pretrial Conference Order describes the remedy they seek as "*equitable* disgorgement." Dkt. 924 at 15, 18 (emphasis added).

*Second*, whether to award disgorgement of profits for the OMG Girlz' misappropriation of likeness claim—and, if so, how much—is likewise an equitable issue left to this Court.  *See Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 293 (2020) (explaining that at early common law, causes of action that sought "an order requiring a defendant to . . . disgorge ill-gotten gains" were equitable in nature); *cf. Texas Advanced*

---

[1] To the extent the OMG Girlz understood the Court's request for additional briefing so broadly as to include briefing on whether this is an "exceptional case," there can be no real dispute that the parties' briefing should encompass matters related to monetary relief as MGA requests.

*Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1318–19 (Fed. Cir. 2018) (holding that disgorgement of profits in the trade secret misappropriation context is equitable and therefore Seventh Amendment right to a jury decision does not attach).[2]  Again, the only monetary remedy that the OMG Girlz sought for misappropriation was "***equitable*** disgorgement." Dkt. 924 at 20 (emphasis added).  And again, the OMG Girlz do not appear to dispute that this remedy, too, is equitable, as they imply that this Court should (at some later, unspecified date) simply enter findings of facts and conclusions of law on this issue (without any input from the parties or a proposed order).  MGA respectfully submits that the parties should brief the issue and submit proposed findings of fact and conclusions of law, both because the OMG Girlz' position is flawed as a matter of law and logic and in order to protect this Court's resources.

***Third***, while MGA maintains its position that punitive damages are not available for a common law misappropriation claim in general (and, regardless, should be barred here under the Due Process Clause given that the OMG Girlz sought only disgorgement rather than any compensatory damages based on harm suffered, *see, e.g.*, *Epic Systems Corp. v. Tata Consultancy Services, Lt.*, 980 F.3d 1117, 1143 (7th Cir. 2020)), whether punitive damages based solely on equitable disgorgement are available (and, if so, how much) is an equitable question.  *See Proofpoint, Inc. v. Vade USA, Inc.*, 2024 WL 4003096, at *1 (9th Cir. Aug. 30, 2024) (no Seventh Amendment jury trial right on question of punitive damages where sole relief awarded was "disgorgement of the defendant's profits").

---

[2]  MGA maintains its objection to the Court permitting the OMG Girlz to seek equitable disgorgement for a common law tort.  *See Nationwide*, 9 Cal. 5th at 293 (noting that, traditionally, legal actions "involved lawsuits in which the plaintiff sought to recover money damages to compensate for an injury by . . . tortious conduct"); *see also* Dkt. No. 750 at 9–11 (Objs. to Jury Instructions).

To the extent the OMG Girlz disagree with MGA's position regarding the equitable nature of these remedies, MGA submits they should present their argument in an opposition brief, pursuant to the agreed-upon schedule above. But any disagreement on whether certain issues are equitable is a reason for **more** briefing, not less, so that this Court has the benefit of the parties' positions and arguments in order to make a fully informed decision on the remaining questions in this case.

**OMG Girlz' Position on the Scope of Briefing**

The OMG Girlz understood the Court to only be requesting briefing on "what additional compensation should be awarded" pursuant to 15 U.S.C. § 1117(a) of the Lanham Act. Trial Tr. 9.23.24 at 23:9-13; *see id.* Trial Tr. 9.23.24 at 42:14-18 (requesting a "proposal and a schedule for dealing with the remaining Lanham Act issue").[3] The OMG Girlz proposed a briefing schedule for that issue but MGA disagreed, inserting scope arguments and thus dictating this longer joint statement. While the OMG Girlz agree that findings of facts and conclusions of law should be entered on equitable issues, the Court did not expressly request briefing on those issues, presumably because the Court presided over the trial and is familiar with the evidence. Of course, if the Court wishes, the OMG Girlz will brief the equitable issues and agree to MGA's proposed schedule for doing so. However, a brief response here shows that MGA's three points are off-point rehashes of arguments MGA has made before, and briefing is only necessary on willfulness enhancement.

---

[3] The OMG Girlz understood this statement to include both any enhancement and whether this is an "exceptional case" that warrants attorney's fees, with briefing on the amount of any such fees to follow later.

1    First, the Ninth Circuit has held disgorgement in a Lanham Act claim is
2 equitable and there is not a fundamental right to a jury trial to determine a profits
3 award under §1117, but at the same time the Circuit made clear "any decision
4 concerning the awarding of an accounting of profits remedy should remain within
5 the discretion of the trial court." *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
6 778 F.3d 1059, 1076 (9th Cir. 2015).  The Court quoted its prior decision in
7 *Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th
8 Cir.1982) noting its own "clear mandate in *Maier* to make willful trademark
9 infringement unprofitable."  Accordingly, in rendering its decision, this Court is
10 "free to accept or reject the jury's advisory verdict in making its own findings."
11 *Ohio House LLC v. City of Costa Mesa*, 2022 WL 18284404, at *14 (C.D. Cal.
12 Aug. 26, 2022). The OMG Girlz did not understand the Court to be requesting
13 briefing to assist with that decision, but will provide whatever the Court requests.
14    Second, as to disgorgement of profits on the misappropriation of likeness
15 claim, MGA cites no Ninth Circuit authority, and no authority at all as to this type
16 of claim.  This issue has been briefed and argued now in three trials and charge
17 conferences.  In addition, the Court heard all the evidence, and thus even if the jury
18 verdict on profits disgorgement for the likeness claim was a Rule 39(c)(1) advisory
19 verdict, there is no specific need for additional briefing.
20    Lastly, on the third MGA argument, the OMG Girlz dispute that the punitive
21 damages award is an "equitable" remedy. *See Tull v. United States*, 481 U.S. 412,
22 422 (1987) ("A civil penalty was a type of remedy at common law that could only
23 be enforced in courts of law"); *Curtis v. Loether*, 415 U.S. 189, 197 (1974)
24 (punitive damages remedy is legal, not equitable, relief).
25    We look forward to the Court's response, and will brief all issues the Court
26 requests briefing on.
27
28

1  Dated: October 16, 2024                    Respectfully submitted,

3  SHEPPARD MULLIN RICHTER &                  UMBERG ZIPSER LLP
4  HAMPTON LLP

   By: /s/ *John R. Keville*                  By: /s/ *Mark A. Finkelstein*

   John R. Keville                            Mark A. Finkelstein

   *Attorney for Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girls, LLC*

   *Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendant Isaac Larian*

# ECF ATTESTATION

I, John R. Keville, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4.

Dated: October 16, 2024

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ John R. Keville*
John R. Keville
*Attorney for Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girls, LLC*