Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,<br><br>Defendants,<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,<br><br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>ASSIGNED TO: Hon James V. Selna<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS' OPENING BRIEF REGARDING STRUCTURE OF NEW TRIAL ON PUNITIVE DAMAGES**<br><br>Hearing Date: September 22, 2025<br>Time: 1:30 p.m.<br><br>Complaint Filed: December 20, 2020<br>Trial Date: September 3, 2024 |

{292253.7}

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

Case No. 2:20-cv-11548-JVS-AGR
MGA'S OPENING BRIEF REGARDING STRUCTURE OF NEW TRIAL

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................ 4

II. BACKGROUND ................................................................................................. 5

III. ARGUMENT ...................................................................................................... 7

    A.  The New Trial On Punitive Damages Should Be Tried To The Court. 7

        1.  *Punitive Damages Are Equitable In This Case.* ......................... 7

        2.  *The Parties' Prior Consent To A Jury Under Rule 39(c) Does Not Apply To A New Trial.* ................................................ 9

    B.  The Court Should Conduct A Bench Trial Based On The Existing Record And Enter Findings of Fact And Conclusions Of Law Under Rule 52. ..................................................................... 10

    C.  Any New Jury Trial On The Issue Of Punitive Damages Would Require Retrial Of Willfulness. ............................................................ 11

IV. CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bereda v. Pickering Creek Indus. Park, Inc.*,
  865 F.2d 49 (3d Cir. 1989) .................................................................... 9, 10

*ConsumerDirect, Inc. v. Pentius, LLC*,
  No. 8:21-CV-01968-JVS, 2025 WL 817138
  (C.D. Cal. Mar. 3, 2025) ........................................................................ 11

*Curtis v. Loether*,
  415 U.S. 189 (1974) ................................................................................. 8

*Fenner v. Dependable Trucking Co.*,
  716 F.2d 598 (9th Cir. 1983) ................................................................. 11

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015) ................................................................. 8

*Gasoline Prods. Co. v. Champlin Ref. Co.*,
  283 U.S. 494 (1931) ............................................................................... 11

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
  28 F.4th 35 (9th Cir. 2022) ............................................................. 4, 9, 10

*Kearney v. Standard Ins. Co.*,
  175 F.3d 1084 (9th Cir. 1999) ............................................................... 10

*Kumar v. Koester*,
  131 F.4th 746 (9th Cir. 2025) ................................................................ 10

*Liu v. SEC*,
  591 U.S. 71 (2020) ............................................................................... 7, 8

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996) ................................................................................. 8

*Porter v. Warner Holding Co.*,
  328 U.S. 395 (1946) ................................................................................. 7

*Proofpoint, Inc. v. Vade USA, Inc.*,
  Nos. 23-16085 and 23-16175, 2024 WL 4003096
  (9th Cir. Aug. 30, 2024) .................................................................... 4, 7, 8

*SEC v. Jarkesy*,
  603 U.S. 109 (2024) ................................................................................ 8

**Statutes**

Fed. R. Civ. P. 39 ................................................................... 4, 5, 7, 9, 10

Fed. R. Civ. P. 50 .......................................................................................... 12

Fed. R. Civ. P. 52 ................................................................................ 4, 10, 11

Fed. R. Civ. P. 59 .......................................................................................... 11, 12

**Other Authority**

2 Callmann on Unfair Comp., Tr. & Mono. § 14:49 (4th ed.) ................................. 8

## I. INTRODUCTION

MGA Entertainment Inc. and Isaac Larian (collectively, "MGA") do not consent to a jury trial on punitive damages for the new trial. Accordingly, the new trial on the equitable issue of punitive damages should be a bench trial. Two Ninth Circuit decisions—*Proofpoint, Inc. v. Vade USA, Inc.*, Nos. 23-16085 and 23-16175, 2024 WL 4003096 (9th Cir. Aug. 30, 2024) and *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35 (9th Cir. 2022)—compel this result. Under *Proofpoint*, Counterclaimants do ***not*** have a right to a jury trial on punitive damages where, as here, the underlying award is equitable disgorgement. Under *Harbor Breeze*, any prior consent under Federal Rule of Civil Procedure 39(c) does ***not*** carry over to a new trial and, as stated above, MGA does not consent to a jury trial on punitive damages.

The Court thus should hold that the Court, not a jury, must decide the equitable issue of punitive damages. Further, the Court should issue its ruling based on the existing evidentiary record. There is no reason to believe Counterclaimants could present different evidence to support punitive damages in a new trial. The Court has already overseen a lengthy trial and heard three post-trial arguments regarding willfulness and punitive damages. Based on its own assessment of the witnesses and the trial evidence, the Court concluded MGA ***did not act willfully*** and has since reiterated this finding multiple times, including in its decision to grant a new trial on punitive damages. Therefore, the Court should simply issue amended findings under Rule 52 based on the extensive trial record. The parties can then submit an Amended Judgment for the Court's consideration.

If the Court were instead to conclude that punitive damages should be retried to a jury for a binding verdict (which it should not), MGA must be allowed to put on evidence before the new jury that it did not act willfully in misappropriating the

likeness of the OMG Girlz.[1]

## II. BACKGROUND

There have been three trials (including one mistrial) in this case, which now spans almost five years. While the jury in the second trial swiftly awarded a verdict in favor of MGA (Dkt. 777), the jury in the third trial found that MGA willfully infringed Counterclaimants' trade dress and/or misappropriated the OMG Girlz' likeness as to 15 of MGA's L.O.L. Surprise! O.M.G. dolls, and that MGA acted with oppression, fraud, or malice (Dkt. 1009). That third jury returned an advisory verdict on damages, awarding $17,872,253 in disgorged profits for both the trade dress and common law misappropriation claims, and $53,616,759 in punitive damages on the misappropriation claim. Dkts. 1009, 1011. Counterclaimants were not awarded any actual damages for their alleged harm and, in fact, were barred from seeking such damages at trial due to their failure to disclose any theory of recovery beyond equitable disgorgement. *See* Dkt. 502, 521.

After the trial, the parties extensively briefed several equitable issues, including disgorgement under the Lanham Act and common law misappropriation, as well as punitive damages based on the common law claim. *See* Dkts. 1045-46, 1061, 1064, 1067-68. The Court issued a Tentative Order Regarding Post-Trial Equitable Issues in which it found that, among other things, (1) punitive damages are an equitable remedy when—like here—they are based on disgorgement, and (2) the Court could not accept the jury's advisory award of punitive damages because "the Court cannot reasonably conclude that MGA's conduct was done with willfulness." Dkt. 1096-4 at 21-22 ("Tentative Equitable Issues Order"). In the final Order Regarding Post-Trial Equitable Issues, the Court ruled that the jury's punitive damages award was binding at that stage of the proceedings under Rule 39(c) (concluding that the parties had consented to a binding jury for the punitive

---

[1] MGA continues to disagree with the underlying finding of liability.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{292253.7}   5   Case No. 2:20-cv-11548-JVS-AGR

MGA'S OPENING BRIEF REGARDING
STRUCTURE OF NEW TRIAL

1    damages phase) and adopted the jury's advisory disgorgement award on the
2    misappropriation claim. Dkt. 1090 at 19-20 ("Equitable Issues Order").[2] The
3    Court, however, disagreed with other aspects of the jury's advisory verdict and
4    found that "MGA did not act willfully," and awarded no disgorgement of profits
5    under the Lanham Act as a matter of equity. *Id*. at 8, 10-11, 23.

6    　　　　On March 10, 2025, Counterclaimants moved for entry of judgment and
7    requested a permanent injunction, in addition to prejudgment and post-judgment
8    interest. Dkt. 1104. The Court granted Counterclaimants' motion for entry of
9    judgment and post-judgment interest, but denied their motion for a permanent
10   injunction and prejudgment interest. Dkt. 1113 at 1. In rejecting Counterclaimants'
11   argument that prejudgment interest was required to fully compensate them, the
12   Court reiterated its finding in the final Equitable Issues Order that "the evidence did
13   not support a finding of willfulness" on MGA's part. *Id.* at 14.

14   　　　　After the Court entered Final Judgment on April 29, 2025 (Dkt. 1118), MGA
15   timely moved for judgment as a matter of law ("JMOL") or, alternatively, a new
16   trial or remittitur (Dkt. 1121). Among other things, MGA argued that the punitive
17   damages award was irreconcilable with the Court's express finding that MGA did
18   not act willfully. Dkt. 1121-1 at 11.

19   　　　　On July 8, 2025, the Court issued its Order on MGA's motion (Dkt. 1133, the
20   "New Trial Order") which, in relevant part, granted a new trial on the issue of
21   punitive damages on the condition that Counterclaimants do not accept a remittitur
22   of $1. The Court undertook a meticulous review of the trial evidence, addressing
23   each of Counterclaimants' bases for a finding of willfulness: (1) lead designers'
24   knowledge about the OMG Girlz; (2) overlapping markets; (3) MGA's credibility;
25   (4) change in logo and further release of allegedly infringing dolls; (5) testimony of
26   Lora Stephens; and (6) Mr. Larian's testimony and demeanor. *See id.* at 7-13.

---

[2] MGA maintains that it did not consent to a binding jury trial for punitive damages in the third trial.

None of these supported a finding of willfulness.

As the Court summarized, "the clear weight of evidence does not support a clear and convincing finding of willfulness, intent, or conscious disregard of the OMG Girlz' trade dress," and "punitive damages cannot stand." *Id.* at 13. The Court further found that MGA's conduct was not reprehensible. *Id.* at 16. The Court concluded that the maximum punitive damages sustainable by proof was $1, and that "this amount reflect[ed] the fair value of a punitive award for MGA's conduct." *Id.* at 13.

On July 10, 2025, Counterclaimants filed notice of their decision to reject the remittitur and thus to elect a new trial. Dkt. 1136.

### III. ARGUMENT

#### A. The New Trial On Punitive Damages Should Be Tried To The Court.

##### 1. *Punitive Damages Are Equitable In This Case.*

The availability of punitive damages based on an underlying award of equitable disgorgement (and, if available, the amount of punitive damages) is an equitable issue to be decided by the Court. As the Court explained in its Tentative Equitable Issues Order: "Punitive damages are a mainstay of equity when 'a remedy is tethered to a wrongdoer's net unlawful profits, whatever the name[.]'" Dkt. 1096-4 at 21-22 (citing *Liu v. SEC*, 591 U.S. 71, 80 (2020); *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946); *Proofpoint, Inc. v. Vade USA, Inc.*, 2024 WL 4003096, at *1 (9th Cir. Aug. 30, 2024)). While the final Equitable Issues Order did not address the issue of whether punitive damages here are equitable because the Court separately ruled that the parties had consented to a jury trial on punitive damages under Rule 39 (Dkt. 1090 at 19), the Court correctly concluded in its Tentative Equitable Issues Order that punitive damages here are equitable.

That conclusion aligns with the *Proofpoint* decision, where the Ninth Circuit

affirmed the district court's denial of the plaintiffs' request for a jury trial on exemplary damages in a trade secret misappropriation case, concluding that the Seventh Amendment right to a jury trial did not extend to exemplary damages where the sole relief awarded was "disgorgement of the defendant's profits." 2024 WL 4003096, *1 (citing *Liu*, 591 U.S. at 80). The Ninth Circuit further explained: "[T]he Seventh Amendment embraces all suits that are not in equity or admiralty jurisdiction. Thus, the Seventh Amendment extends to a statutory claim only if that particular claim is legal in nature, which disgorgement is not." *Id.* (citing *SEC v. Jarkesy*, 603 U.S. 109, 122 (2024)) (emphasis in original and internal citations omitted). The Ninth Circuit concluded as follows: "***[w]here, as here, an award for unjust enrichment rests on disgorgement of the defendant's profits, [exemplary damages] is an equitable remedy***." *Id.* (emphasis added).

The *Proofpoint* opinion, though unpublished, was faithful to Supreme Court and Ninth Circuit precedent.[3] Not all punitive damages are legal remedies for the jury to decide just because they are a form of monetary relief. *See Curtis v. Loether*, 415 U.S. 189, 196 (1974) (refusing to hold "that any award of monetary relief must necessarily be 'legal' relief"). The Seventh Amendment preserves the right to jury trial if it "existed under the English common law when the [Seventh] Amendment was adopted." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996) (citation omitted). And as the Ninth Circuit held, "actions for disgorgement of improper profits are equitable in nature" and were not "traditionally tried to a jury" in actions at law. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015).

Here, the disgorgement award (under both the Lanham Act and common law

---

[3] *Proofpoint* is indicative of how the Ninth Circuit would almost certainly rule today. *See* 2 Callmann on Unfair Comp., Tr. & Mono. § 14:49 (4th ed.) ("The Ninth Circuit has held that because unjust enrichment is an equitable remedy, the Seventh Amendment does not require a jury trial on exemplary damages when disgorgement is awarded but actual damages are not.").

1  misappropriation) was equitable, and thus the jury's decision on that issue was
2  advisory. Dkt. 1090 at 22. Counterclaimants agree: "The OMG Girlz do not
3  dispute that disgorgement of profits under the Lanham Act and for Common Law
4  Misappropriation are equitable issues." Dkt. 1064 at 2:11-12.
5       Accordingly, as the Court tentatively held before, any punitive award based
6  on that equitable disgorgement award is also an equitable issue for the Court.

### 2. *The Parties' Prior Consent To A Jury Under Rule 39(c) Does Not Apply To A New Trial.*

While the Court previously ruled that the jury's award of punitive damages was binding due to the parties' consent under Rule 39(c), such consent does not extend to the new trial. The Ninth Circuit addressed this very issue in *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, where the equitable issue of disgorgement of profits was submitted to the jury for a binding verdict and that verdict was subsequently set aside. 28 F.4th at 41. The Ninth Circuit concluded that "Rule 39(c) does ***not*** require that [a] retrial on remand be a jury trial," explaining there is no "free-floating right to a jury trial, as to a concededly equitable issue, that is untethered to [a] now-vacated verdict." *Id.* at 41 (emphasis added).

Here, the Court vacated the jury's punitive damages verdict because "the clear weight of evidence does not support a clear and convincing finding of willfulness, intent, or conscious disregard of the OMG Girlz' trade dress." Dkt. 1133 at 13. The Court went so far as to say that entering a judgment that included the jury's punitive damages award "would constitute reversible error." *Id*.

Thus, as was the case in *Harbor Breeze*, the jury's verdict on punitive damages was "entirely defective," such that "no valid portion of [the] prior jury verdict would be disrespected, implicitly or explicitly, by allowing a bench trial on remand." *See Harbor Breeze*, 28 F.4th at 41 (distinguishing the facts from the Third Circuit's decision in *Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49

(3d Cir. 1989)).[4]  As the Ninth Circuit explained, "[b]y its terms, Rule 39(c)(2) requires only that the actual 'verdict' that was rendered by the jury be given 'the same effect as if a jury trial had been a matter of right,' and that command ***has no further force*** when, as here, that verdict has been set aside as fundamentally flawed." *Id.* (citing Fed. R. Civ. P. 39(c)(2)) (emphasis added).

Thus, because the parties' prior consent under Rule 39(c) "has no further force," and because MGA does not consent to a binding jury retrial on any equitable issues, the new trial on punitive damages should be tried to the Court.

### B. The Court Should Conduct A Bench Trial Based On The Existing Record And Enter Findings of Fact And Conclusions Of Law Under Rule 52.

The Ninth Circuit has consistently recognized that the court may conduct a bench trial on the existing record or the parties' briefs. *See, e.g.*, *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1999) ("In a bench trial on the record, the judge will have to make findings of fact under Federal Rule of Civil Procedure 52(a)."); *Kumar v. Koester*, 131 F.4th 746, 748 (9th Cir. 2025) (affirming the district court's decision following a bench trial on the briefs and record). Indeed, this exact practice was already done here. Following the jury trial, the Court did not take any new evidence before issuing its equitable rulings. Dkt. 1090.

For their part, Counterclaimants cannot identify any new evidence regarding willfulness that the Court has not already considered and rejected. There is no need to expend the Court's time and resources merely to rehash what the Court heard at the third jury trial and in post-trial briefing.

Accordingly, the Court should enter findings of fact and conclusions of law

---

[4] The defect in the jury verdict in *Bereda* (the court's failure to inform the jury that backpay was available only for certain years) was "partial and limited, and it involved a specific issue as to which there was no right to a jury trial." *Harbor Breeze*, 28 F.4th at 41. Thus, the *Bereda* court could not determine "what portion of the monetary award was valid." *Id*.

under Rule 52(a) based on the existing record and consistent with its finding that punitive damages cannot stand because there was insufficient evidence of MGA's willfulness. The parties can then submit an Amended Judgment for the Court's consideration.

### C. Any New Jury Trial On The Issue Of Punitive Damages Would Require Retrial Of Willfulness.

If the Court determines that punitive damages should be retried to a jury for a binding verdict (which it should not), the jury would need to decide the factual question of willfulness, which is inextricably tied to the availability of punitive damages. *See Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931) ("Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.").

Here, the Court found that the prior jury's willfulness finding was "***unsupported by the clear weight of evidence***." Dkt. 1133 at 12 (emphasis added). Accordingly, the Court must set aside that finding for purposes of a new trial on the punitive damages award. *See* Fed. R. Civ. P. 59(a); *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 602 (9th Cir. 1983) (trial court has "a duty" to set aside the verdict that is against the clear weight of the evidence). Indeed, it would be improper to instruct the new jury to accept the prior jury's finding of willfulness when the Court has already ruled that this finding is unsupported by the clear weight of the evidence. *Cf. ConsumerDirect, Inc. v. Pentius, LLC*, No. 8:21-CV-01968-JVS (ADSX), 2025 WL 817138, at *2 (C.D. Cal. Mar. 3, 2025) (Selna, J.) (ruling that punitive damages could be separately tried to a jury where new trial only went to the ***amount*** of punitive damages and where jury's finding of fraud oppression, or malice was "made without error").

Retrying the issue of willfulness to a new jury would, in turn, require a full

retrial of the liability portion of the case. The fourth jury would need to hear all of the evidence regarding the (alleged) misappropriation, so it could determine if that was done willfully. In prior briefing and hearings, Counterclaimants argued that MGA's alleged willfulness encompassed things like the "knowledge," "lack of credibility," and "demeanor" of MGA's witnesses. *See* Dkt. 1133 at 7-13. Such factors cannot be evaluated without having all those witnesses testify once again, some for the fourth time.

Further, if the Court orders a new jury trial on punitive damages over MGA's objection, MGA anticipates moving for JMOL under Rule 50(a) on that issue. And if the Court denies or defers that motion and the jury rules against MGA, MGA expects to file a post-trial motion under Rules 50(b) and 59. In such a circumstance, to the extent the Court does not grant the Rule 50(b) motion, the Court presumably would—once again—grant another new trial because Counterclaimants' sparse evidence cannot support a finding of willfulness. This would place the parties back in the exact same position they are in today.

## IV.  CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court grant a new **bench** trial for punitive damages and issue findings of fact and conclusions of law under Rule 52 based on the existing record.

Dated: August 11, 2025                         UMBERG ZIPSER LLP

_____
Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

**CERTIFICATE OF COMPLIANCE—LOCAL RULE 11-6.2**

The undersigned, counsel of record for MGA, certifies that this brief complies with the page limit set by the Court Order dated July 29, 2025 (Dkt. 1138).

Dated: August 11, 2025　　　　　　　UMBERG ZIPSER LLP

*/s/ Mark A. Finkelstein*

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian