Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Lisa S. Blatt (SBN 429544)*
lblatt@wc.com
Amy M. Saharia (SBN 981644)*
asaharia@wc.com
Kimberly Broecker (SBN 1697793)*
kbroecker@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
*pro hac vice forthcoming

Paul J. Loh (Bar No. 160541)
ploh@willenken.com
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Breeanna N. Brewer (Bar No. 312269)
bbrewer@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC., <br> Plaintiff, <br><br> v. <br><br> CLIFFORD "T.I." HARRIS, et al., <br> Defendants. <br><br> ——————————— <br> GRAND HUSTLE, LLC, et al., <br> Counter-Claimants, <br><br> v. <br><br> MGA ENTERTAINMENT INC., et al. <br> Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** <br><br> Hon. James V. Selna <br><br> Hearing Date: November 17, 2025 <br> Hearing Time: 1:30 PM <br><br> Complaint Filed: December 22, 2020 <br> Trial Date: September 3, 2024 |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................... 1

II. BACKGROUND ..................................................................................... 2

III. LEGAL STANDARD ............................................................................. 3

IV. ARGUMENT .......................................................................................... 4

    A. The Question Whether a Punitive Damage Award in a Disgorgement Action Is Legal or Equitable Satisfies the Section 1292(b) Criteria. ........................................................... 5

    B. The Question Whether Punitive Damages Are Available in the Absence of Actual Damages Also Satisfies the Section 1292(b) Criteria. ........................................................... 9

V. CONCLUSION ..................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Baker & Getty Fin. Servs., Inc.*,
  954 F.2d 1169 (6th Cir. 1992) ................................................................. 5

*Batterton v. Dutra Grp.*,
  2015 WL 13752889 (C.D. Cal. Feb. 6, 2015) ........................................ 10

*Byrd v. Loc. 24, I.B.E.W*,
  1977 WL 15446 (D. Md. June 13, 1977) ................................................ 8

*California v. Altus Fin. S.A.*,
  540 F.3d 992 (9th Cir. 2008) ............................................................ 9, 10

*Cheung v. Daley*,
  35 Cal. App. 4th 1673 (1995) ............................................................... 11

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981) .......................................................... 3, 10

*In re Cinematronics, Inc.*,
  916 F.2d 1444 (9th Cir. 1990) ................................................................ 9

*Cleveland ex rel. Cleveland v. Piper Aircraft Corp.*,
  985 F.2d 1438 (10th Cir. 1993) ............................................................ 11

*In re Coordinated Pretrial Proceedings in Petroleum Prods.
  Antitrust Litig.*, 691 F.2d 1335 (9th Cir. 1982) ................................... 11

*Couch v. Telescope*,
  611 F.3d 629 (9th Cir. 2010) .................................................................. 4

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
  966 F. Supp. 2d 1031 (C.D. Cal. 2013) .................................................. 4

*Duncan v. Louisiana*,
  391 U.S. 145 (1968) ................................................................................ 6

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) .............................................................. 7

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
  28 F.4th 35 (9th Cir. 2022) ................................................................................ 8

*Hoescht Marion Roussel, Inc. v. Par Pharm., Inc.*,
  95 F.3d 1165 (Fed. Cir. 1996) ........................................................................... 5

*Horn v. Guaranty Chevrolet Motors*,
  270 Cal. App. 2d 477 (1969) ........................................................................... 11

*ICTSI Or., Inc. v. Int'l Longshore and Warehouse Union*,
  22 F.4th 1125 (9th Cir. 2022) .................................................................... 4, 6, 8

*Jack Daniel's Props., Inc. v. VIP Prods. LLC*,
  599 U.S. 140 (2023) ........................................................................................... 2

*Kizer v. County of San Mateo*,
  53 Cal. 3d 139 (1991) ..................................................................................... 10

*Kokesh v. SEC*,
  581 U.S. 455 (2017) ........................................................................................... 7

*Kuehner v. Dickinson & Co.*,
  84 F.3d 316 (9th Cir. 1996) ............................................................................... 3

*Layne-N.Y. Co. v. Allied Asphalt Co.*,
  501 F.2d 405 (3d Cir. 1974) ............................................................................ 11

*Liu v. SEC*,
  591 U.S. 71 (2020) ........................................................................................ 5, 7

*Millar v. James*,
  254 Cal. App. 2d 530 (1967) .......................................................................... 11

*Mother Cobb's Chicken Turnovers v. Fox*,
  10 Cal. 2d 203 (1937) ..................................................................................... 10

*Proofpoint, Inc. v. Vade USA, Inc.*,
  2024 WL 4003096 (9th Cir. Aug. 30, 2024) ................................................. 6, 7

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ......................................................................... 4, 6

*SEC v. Jarkesy*,
  603 U.S. 109 (2024) ........................................................................................... 7

*SEC v. Rind*,
  991 F.2d 1486 (9th Cir. 1993) ............................................................................. 5

*Sole Energy Co. v. Petrominerals Corp.*,
  128 Cal. App. 4th 212 (2005) ............................................................................ 10

*Standard Oil Co. of Cal. v. Arizona*,
  738 F.2d 1021 (9th Cir. 1984) ............................................................................. 5

*In re Tsay JBR LLC*,
  136 F.4th 1176 (9th Cir. 2025) ............................................................................ 7

*Wildman v. Burlington N. R.R. Co.*,
  825 F.2d 1392 (9th Cir. 1987) ........................................................................... 10

*Wilshire Assocs., Inc. v. Ashland Partners & Co., LLP*,
  2009 WL 10671718 (C.D. Cal. June 18, 2009) .................................................. 5

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
  1979 WL 1689 (E.D. Pa. Aug. 21, 1979) ............................................................ 6

**Statutes and Rules**

28 U.S.C. § 1292(b) ................................................................................... *passim*

Fed. R. Civ. P. 59 ...................................................................................................... 3

I. **INTRODUCTION**

Under 28 U.S.C. § 1292(b), MGA Entertainment Inc., and Isaac Larian (together, "MGA") respectfully ask this Court to certify two orders for interlocutory appeal: the Court's September 23, 2025, Order, Dkt. 1144 ("New Trial Order"), and its July 8, 2025, Order, Dkt. 1133 ("Available Remedies Order"). This Court may certify an order for appeal if it involves a "controlling question of law," there is "substantial ground for difference of opinion" on the question, and an "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This Court's orders present two interrelated legal questions that amply satisfy the section 1292(b) criteria:

1. In an action for disgorgement of profits, are punitive damages an equitable remedy to be determined by a judge or, as this Court held, a legal remedy to be determined by a jury? *See* New Trial Order at 3-4.
2. Are punitive damages available for a California common law misappropriation claim in the absence of actual damages, as this Court held? *See* Available Remedies Order at 14.

These questions of law are profoundly important, implicating both what remedies are available to plaintiffs under state law and which factfinder may constitutionally determine those remedies. And based on Ninth Circuit precedent, reasonable jurists could conclude either that the Court must determine punitive damages in these circumstances or that punitive damages are not available at all.

Interlocutory appeal is an essential step now that the Court has ordered a *fourth* jury trial on punitive damages. Indeed, if the Ninth Circuit ultimately reverses either of this Court's orders, a fourth jury trial will have been a manifest waste of both the Court's and the parties' resources. Reversal could even require a *fifth* trial to the bench, further compounding the cost of resolving this action. Before the Court and the parties expend time and resources preparing for yet

-1-

another trial, this Court should permit the Ninth Circuit to resolve threshold legal questions that could avoid needless further proceedings.

## II.  BACKGROUND

The Court knows this case's protracted procedural history well.  MGA sells a line of dolls called "L.O.L. Surprise! O.M.G. dolls."  Dkt. 1090 at 2.  After the Harrises sent MGA a cease-and-desist letter, claiming that MGA had "copied the OMG Girlz' signature look," MGA filed a declaratory action to clarify that it had not acted unlawfully.  Dkt. 1113 at 2.  The Harrises filed counterclaims on behalf of their entities, alleging violations of the Lanham Act, state statutory and common law misappropriation, and unfair competition.  *Id.*  The Court granted summary judgment for MGA on several counts, and the remaining claims went to trial.  Dkt. 1090 at 2-3.

But what started as one trial became three.  The first ended in a mistrial.  Dkt. 1113 at 3 n.1.  The second trial began in May 2023, and the jury found for MGA on all claims.  *Id.* at 3.  But the Court vacated that verdict in light of the Supreme Court's decision in *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023).  Dkt. 1113 at 3.  The third trial began in September 2024, and the jury found, first, that seven of MGA's dolls infringed the trade dress of the OMG Girlz in violation of the Lanham Act, and second, that those dolls had misappropriated the band's name, likeness, or identity in violation of California common law.  *Id.* at 3-4.  On MGA's claim for declaratory relief, the jury found that eight additional dolls either infringed the OMG Girlz' trade dress or misappropriated their name, likeness, or identity (or both), but that thirteen other dolls had not.  *Id.* at 4.  The jury recommended $17.8 million in disgorged profits and $53.6 million in punitive damages.  *Id.*  The Court initially adopted the jury's findings on disgorgement and punitive damages and, on April 29, entered final judgment.  *Id.* at 15-16; Dkt. 1118.

In its post-trial briefing, MGA argued that punitive damages were not permissible as a matter of law based on the absence of actual damages. Dkt. 1046 at 24-25; Dkt. 1121-1 at 11-12; Dkt. 1125 at 12-14. Although the Court ruled that punitive damages were available, Available Remedies Order at 14, it still vacated the punitive damages award under Rule 59 because the evidence did not support the jury's finding of willfulness, *id.* at 13. When Counterclaimants did not accept remittitur, the Court solicited briefing on the structure of a fourth trial on punitive damages. *Id.* at 33; Dkt. 1137. MGA argued that because the only other remedy was disgorgement (an equitable remedy), punitive damages were also equitable and had to be decided by the Court. Dkt. 1139 at 7-11. But the Court concluded that the availability and amount of punitive damages (if any) must be decided by a jury. New Trial Order at 3-4. On September 23, 2025, the Court ordered a new and fourth trial, in which a jury will decide whether MGA acted with oppression, fraud, or malice, and, if so, whether and how much punitive damages should be awarded. *Id.* at 6-7.

### III.  LEGAL STANDARD

A district court may certify an order for interlocutory appeal when it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

A question of law is "controlling" when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Issues are controlling, for instance, when their resolution could avoid "needless expense and delay." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). It is "[s]ignificant[]" if any case "conflicts with the district court's" decision. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). But a conflict is not a prerequisite. *See id.* Even on a "novel" question of law, it is enough if "fair-minded jurists might reach contradictory conclusions." *Reese*, 643 F.3d at 688; *accord ICTSI Or., Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130-31 (9th Cir. 2022).

"[T]he materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Or.*, 22 F.4th at 1131 (cleaned up). In practice, this prong tends to rise or fall with the first, as obtaining "a final decision on a controlling legal issue sooner, rather than later" may "facilitat[e] disposition of the action." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1045 (C.D. Cal. 2013) (citation omitted); *accord* 16 Wright & Miller's Federal Practice & Procedure § 3930 (3d ed. 2025).

## IV.  ARGUMENT

This Court's New Trial Order and Available Remedies Order present controlling questions of law that satisfy the standard for interlocutory appeal in 28 U.S.C. § 1292(b). In ordering another jury trial on punitive damages, the Court addressed two threshold, interrelated legal questions:  *First*, must punitive damages in a disgorgement action be tried by a jury and not a court? *Second*, are punitive damages available at all without actual damages?  Reasonable jurists could answer those questions differently than this Court, not least because reasonable jurists have already done so. What is more, certifying those questions for appeal could avoid a fourth jury trial in five years. The Ninth Circuit should resolve these questions before this litigation proceeds any further.

**A.  The Question Whether a Punitive Damage Award in a Disgorgement Action Is Legal or Equitable Satisfies the Section 1292(b) Criteria.**

All parties and the Court agree that disgorgement of profits is an equitable remedy.  *See* Dkt. 1046 at 9-11; Dkt. 1061 at 3; Dkt. 1090 at 4, 14, 22.  The Supreme Court has held as much, confirming "that a disgorgement award" is "equitable relief."  *Liu v. SEC*, 591 U.S. 71, 75 (2020).  But in its New Trial Order, this Court concluded that punitive damages are a legal remedy to be determined by a jury—even when based on an action for disgorgement.  New Trial Order at 3-4.  Under section 1292(b), the Ninth Circuit should have the opportunity to decide whether that conclusion is correct.

***Controlling Question of Law.***  This Court's ruling that the Seventh Amendment requires a jury trial on punitive damages involves a controlling, legal question.  To begin, whether the Seventh Amendment "entitle[s] [a party] to a jury trial" undoubtedly presents "purely a question of law."  *Standard Oil Co. of Cal. v. Arizona*, 738 F.2d 1021, 1022-23 (9th Cir. 1984).

That question is also controlling.  The Ninth Circuit has twice accepted interlocutory appeals posing the same question.  *Id.* at 1022; *SEC v. Rind*, 991 F.2d 1486, 1488 (9th Cir. 1993).  Another court in this district has certified this question too.  *Wilshire Assocs., Inc. v. Ashland Partners & Co., LLP*, 2009 WL 10671718, at *2 (C.D. Cal. June 18, 2009).

If that were not enough, other courts have expressly held that a dispute over whether a jury trial is required "presents a controlling question."  *Hoescht Marion Roussel, Inc. v. Par Pharm., Inc.*, 95 F.3d 1165 (Fed. Cir. 1996) (table); *accord In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).  And treatises teach that controlling questions suitable for interlocutory review include questions about "the mode of trial."  16 Wright & Miller's Federal Practice &

Procedure § 3931 & n.59 (3d ed. 2025) (collecting cases); *accord* 19 Moore's Federal Practice § 203.31 n.19 (3d ed. 2025) (same).

That consensus makes sense. For a question to be controlling, "all that must be shown" is that reversal "could materially affect the outcome of litigation." *ICTSI Or.*, 22 F.4th at 1131. And the premise of the Seventh Amendment is that a jury trial could affect outcomes—a jury trial transfers authority from a judge to laypeople, "necessitat[ing] different litigation strategies," *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 1979 WL 1689, at *2 (E.D. Pa. Aug. 21, 1979), and sometimes producing "differ[ent]" results, *Duncan v. Louisiana*, 391 U.S. 145, 157 (1968). The distinction is especially stark in this case, where the difference between a bench trial and a jury trial is the difference between a factfinder steeped in the case and a jury of total strangers to the action.

***Substantial Ground for Difference of Opinion.*** "A substantial ground for difference of opinion" plainly exists here because "reasonable jurists might disagree on [the] issue's resolution." *Reese*, 643 F.3d at 688. Indeed, reasonable jurists already *have* disagreed.

The history of this case proves the point. This Court originally agreed with MGA on this issue. In a tentative order, the Court concluded that "[p]unitive damages are a mainstay of equity when 'a remedy is tethered to a wrongdoer's net unlawful profits.'" Dkt. 1096-4 at 21 (quoting *Proofpoint, Inc. v. Vade USA, Inc.*, 2024 WL 4003096, at *1 (9th Cir. Aug. 30, 2024)). That ruling embraced the Ninth Circuit's decision in *Proofpoint*, which adopted exactly the rule MGA proposes. 2024 WL 4003096, at *1. Just as here, the jury there awarded no actual damages, only "disgorgement of the defendant's profits." *Id.* And again, as here, the plaintiffs then sought a form of punitive damages (specifically "exemplary damages" under the Defend Trade Secrets Act). *Id.* But the Ninth Circuit held

-6-

those damages were equitable. *Id.*  In so ruling, the Ninth Circuit relied on *Liu v. SEC*, 591 U.S. 71 (2020), which held that "a remedy tethered to a wrongdoer's net unlawful profits, whatever the name, [is] a mainstay of equity courts." *Proofpoint*, 2024 WL 4003096, at *1 (quoting *Liu*, 591 U.S. at 80).  That reasoning applies equally here:  The punitive damages are "tethered to" an action for disgorgement, rendering them equitable relief, and thus they must be determined by the Court. *Id.*; *see* Dkt. 1046 at 11-12; Dkt. 1139 at 7-9.

 To be sure, this Court later disagreed with its prior tentative ruling, but that just shows that there is room for difference of opinion.  This Court relied on *In re Tsay JBR LLC*, 136 F.4th 1176 (9th Cir. 2025), but that case does not address the question here.  In *Tsay*, the Ninth Circuit quoted *Jarkesy* for the principle that a civil penalty "is legal in nature" when "'designed to punish or deter.'" *Id.* at 1180 (quoting *SEC v. Jarkesy*, 603 U.S. 109, 123 (2024)).  But *Jarkesy* cannot mean that a punitive or deterrent purpose renders *any* remedy legal, because forms of relief that all agree are equitable—such as "disgorgement orders"—have "the primary purpose … to deter." *Kokesh v. SEC*, 581 U.S. 455, 464 (2017) (cleaned up).  Instead, *Jarkesy* explained that the Seventh Amendment turns on whether actions were "tradition[ally]" tried to juries or courts.  603 U.S. at 133; *see also id.* at 122-23.  And statutes have long allowed judges to impose punitive enhancements.  Under the Patent Act, for instance, "punishment by enhancement is for the court and not the jury." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).  Counterclaimants, by contrast, have failed to identify even a single case in which a jury awarded punitive damages in a disgorgement action.  At any rate, this kind of reasoned disagreement about the meaning of precedent supports, not undermines, the conclusion that there is significant room for a difference of opinion.

***Material Advancement of the Ultimate Termination of the Litigation.*** Finally, interlocutory review of whether a jury trial is appropriate "may appreciably shorten the time, effort, or expense of conducting" the litigation. *See ICTSI Or.*, 22 F.4th at 1131. For the parties, forgoing a jury trial would "significantly shorten [their] time in court" and "reduce [their] expenses." *Byrd v. Loc. 24, I.B.E.W*, 1977 WL 15446, at *1 (D. Md. June 13, 1977). That is especially true here, where the Court is already deeply familiar with the case—a bench trial would conserve resources and avoid the need to burden jurors. If instead the Court declines to certify the question and the parties devote time and resources to a fourth jury trial, the Ninth Circuit could strike the jury demand on appeal after final judgment, thus compelling a *fifth* trial to the bench. This Court can avoid that risk by certifying its New Trial Order.

Counterclaimants have previously suggested that whether the Constitution requires a jury trial on punitive damages is irrelevant because MGA consented to a prior jury trial on punitive damages. Dkt. 1140 at 6. Although MGA continues to object to this Court's prior finding that MGA consented, that finding has no bearing on the section 1292(b) analysis. When a court vacates a jury verdict on "a specific issue as to which there was no right to a jury trial," "the parties … may decide afresh on remand whether … to consent to a jury retrial." *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 39-41 (9th Cir. 2022). That holding fits this case to a tee: This Court vacated the jury verdict on whether MGA was liable for punitive damages, Available Remedies Order at 9-10, so if MGA is correct that punitive damages here are equitable, MGA may freely refuse a jury trial, *Harbor Breeze*, 28 F.4th at 41. Thus, a holding from the Ninth Circuit that the punitive damages are equitable would necessitate a bench trial and "appreciably shorten the time, effort, or expense of conducting" the litigation. *See ICTSI Or.*, 22 F.4th at 1131.

-8-

### B. The Question Whether Punitive Damages Are Available in the Absence of Actual Damages Also Satisfies the Section 1292(b) Criteria.

In addition to certifying its New Trial Order, the Court should also certify its Available Remedies Order, which ruled that California law permits punitive damages in this action. Available Remedies Order at 14. MGA previously argued that punitive damages are unavailable for a common law misappropriation claim without actual damages. Dkt. 1071 at 24-25; Dkt. 1121-1 at 11-12; Dkt. 1125 at 12-14. "[A]ctual damages are an absolute predicate for an award of … punitive damages" in California. *California v. Altus Fin. S.A.*, 540 F.3d 992, 1001 (9th Cir. 2008) (cleaned up); *accord Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1004 (1993). Nevertheless, in the Available Remedies Order, the Court ruled that punitive damages are available, even absent actual damages. Available Remedies Order at 14. Now that the Court has ordered a new trial on punitive damages, an interlocutory appeal is MGA's only option to avoid needless litigation and preserve resources.

MGA's request for certification is especially reasonable because, if the Ninth Circuit takes up the New Trial Order, it would also have jurisdiction to consider the Available Remedies Order, even without certification of the latter order. That is because on interlocutory appeal, an appellate court can review a district court's prior "material" ruling that "provides grounds for reversal of the [certified] order." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). If the Ninth Circuit reviews whether punitive damages must be determined by a jury, it could decide whether punitive damages are available in the first place. Still, this Court should proactively certify its order that California law permits punitive damages here, because the order independently satisfies the requirements of section 1292(b).

***Controlling Question of Law.*** First, whether California common law authorizes punitive damages in the absence of actual damages is a pure legal question. *Cf. Wildman v. Burlington N.R.R. Co.*, 825 F.2d 1392, 1393 (9th Cir. 1987) ("Whether punitive damages … are available … [is a] question[] of law.").

The question is also "controlling" because it will "materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. If punitive damages are not permitted, then MGA is not liable for them, and the third jury's verdict would be reduced. Additionally, the parties would avoid a fourth trial on the question of punitive damages, and the court could finalize its judgment. Indeed, a court in this district has already held that "whether punitive damages are recoverable" is "a controlling issue of law." *Batterton v. Dutra Grp.*, 2015 WL 13752889, at *1-2 (C.D. Cal. Feb. 6, 2015).

***Substantial Ground for Difference of Opinion.*** The availability of punitive damages is also a question on which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

Reasonable jurists could conclude that punitive damages are unavailable in the absence of actual damages. "California law is well-established and quite clear" that the "general rule precludes punitive damages" when there are no actual damages. *Altus Fin.*, 540 F.3d at 1001; *accord Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 238 (2005); *Kizer v. County of San Mateo*, 53 Cal. 3d 139, 147 (1991), *overruled on other grounds*, 14 Cal. 5th 758 (2023); *Mother Cobb's Chicken Turnovers v. Fox*, 10 Cal. 2d 203, 205 (1937). The Available Remedies Order splits with those decisions.

The Court's only reason for permitting punitive damages here was that punitive damages are permissible when a plaintiff's damages award is comparable to "restitution." Available Remedies Order at 14. But punitive damages in California must "be accompanied by an *express* award of

Case 2:20-cv-11548-JVS-AGR   Document 1150-1   Filed 10/15/25   Page 16 of 18
Page ID #:52745

1  compensatory damages." *Cheung v. Daley*, 35 Cal. App. 4th 1673, 1677 (1995)
2  (emphasis added). In both cases the Court cited, the plaintiffs "sustained actual
3  damage" and received compensation "in the form of specific restitution." *Millar
4  v. James*, 254 Cal. App. 2d 530, 533 (1967); *see also Horn v. Guaranty Chevrolet
5  Motors*, 270 Cal. App. 2d 477, 483-84 (1969). Here, by contrast,
6  Counterclaimants received no compensatory award at all; the disgorgement award
7  was based on MGA's profits, not Counterclaimants' losses. Indeed, this Court
8  already held that there was *no* evidence that Counterclaimants suffered "financial
9  harm" in the form of lost sales. Dkt. 1090 at 9. Reasonable jurists could therefore
10 disagree with this Court's conclusion that punitive damages were available here,
11 where the only other relief is equitable disgorgement.

12 ***Material Advancement of the Ultimate Termination of the Litigation.***
13 Absent an interlocutory appeal, the case will proceed towards a trial on punitive
14 damages, by far the most significant part of the now-modified jury verdict. But
15 if punitive damages are not available, no additional trial is necessary. Courts have
16 consistently recognized that issues affecting the availability of damages satisfy
17 28 U.S.C. § 1292(b). *See, e.g.*, *In re Coordinated Pretrial Procs. in Petroleum
18 Prods. Antitrust Litig.*, 691 F.2d 1335, 1338 (9th Cir. 1982) (interlocutory appeal
19 of whether plaintiffs were "barred … from recovering damages"); *Layne-N.Y. Co.
20 v. Allied Asphalt Co.*, 501 F.2d 405, 406 & n.3 (3d Cir. 1974) (interlocutory
21 appeal of order setting new trial on "infringement and damages"). Similarly,
22 questions that would affect the "scope" of a new trial can be material enough to
23 warrant interlocutory review. *See, e.g.*, *Cleveland ex rel. Cleveland v. Piper
24 Aircraft Corp.*, 985 F.2d 1438, 1447-48 (10th Cir. 1993). The availability of
25 punitive damages is more significant here, where a ruling in MGA's favor would
26 obviate the need for a new trial entirely. Thus, the Court should certify for appeal

its order ruling that punitive damages are available on Counterclaimants' common law misappropriation claim.

## V. CONCLUSION

The Court should certify its New Trial Order (Dkt. 1144) and its related Available Remedies Order (Dkt. 1133) for an interlocutory appeal to the Ninth Circuit.

Dated: October 15, 2025

Respectfully submitted,

UMBERG ZIPSER LLP

By: _____

Mark A. Finkelstein

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt
Amy M. Saharia
Kimberly Broecker

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

# CERTIFICATE OF COMPLIANCE—LOCAL RULE 11-6.2

The undersigned, counsel of record for MGA, certifies that this brief contains 3,565 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 15, 2025

UMBERG ZIPSER LLP

_____
Mark A. Finkelstein

WILLIAMS & CONNOLLY LLP
Lisa S. Blatt
Amy M. Saharia
Kimberly Broecker

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*