UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion for Certification of Interlocutory Appeal [1150]**

Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian (together, "MGA") move to certify for appeal the Court's September 23, 2025, order regarding a new trial on punitive damages (Order ("New Trial Order"), Dkt. No. 1144), and the Court's July 8, 2025, order regarding available remedies (Order ("Available Remedies Order"), Dkt. No. 1133). (Mot., Dkt. No. 1150.) Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC (collectively, "Harrises" or "OMG Girlz") opposed. (Opp'n Dkt. No. 1157.) MGA replied. (Reply, Dkt. No. 1161.)

For the following reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion.

## I. BACKGROUND

The parties are familiar with the factual and procedural background of this case, so the Court recites it here only as necessary to resolve the motion.

Following the Court entering Final Judgment on April 29, 2025, (Final Judgment, Dkt. No. 1118), MGA filed a motion requesting judgment as a matter of law or, in the alternative, new trial or remittitur. (Order, Dkt. No. 1121.) On July 8, 2025, the Court ruled on MGA's motion, finding that the jury's verdict finding that MGA acted willfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

was contrary to the clear weight of the evidence.[1] (Order, Dkt. No. 1133 at 12–13.) Therefore, the Court found that the jury's punitive damages award of $53,616,759 was excessive. (Id. at 13.) The Court granted a new trial on the issue of punitive damages on the condition that the Harrises did not accept a remittitur of $1, the maximum punitive damages award sustainable by the proof provided. (Id. at 33.) On July 10, 2025, the Harrises rejected the remittitur. (Harrises' Denial of Remittitur, Dkt. No. 1136.) Thus, the Court granted MGA's motion for a new trial and requested supplemental briefing on the structure of a new trial. (Order, Dkt. No. 1138.)

On September 23, 2025, the Court ordered a partial new jury trial on the amount of punitive damages, finding that the OMG Girlz are entitled to a jury trial on the issue of punitive damages as a matter of right. (Order, Dkt. No. 1144.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three factors are met may the Court certify an order for appeal. Id.; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cnty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986)

---

[1] The Court erred in stating its conclusion on the original motion that the evidence does not support a clear and convincing finding of willfulness, intent, or conscious disregard of the OMG Girlz' trade dress. (Id. at 13). Rather, under the Rule 59, the court may grant a new trial "if the *verdict* is contrary to the clear weight of the evidence." United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

(quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

### III. DISCUSSION

MGA seeks to appeal two of the Court's orders: (1) the September 23, 2025, New Trial Order, and (2) the July 8, 2025, Available Remedies Order. (Mot. at 1.) The Court evaluates the appeal of each order in turn.

*A.   Interlocutory Appeal of the New Trial Order*

In determining the nature of a new trial for punitive damages, the parties disputed whether a jury or bench trial was required. (See MGA's Brief on Structure of a New Trial ("MGA's New Trial Brief"), Dkt. No. 1139; Harrises' Brief on Structure of a New Trial ("Harrises' New Trial Brief"), Dkt. No. 1140) MGA argued that because the only other remedy awarded was disgorgement, itself an equitable remedy, punitive damages are also equitable and should be decided by the Court. (MGA's New Trial Brief, Dkt. No. 1139, at 7–1; Mot. at 3.) However, in its New Trial Order, the Court found that the availability and amount of punitive damages must be decided by a jury as a matter of right. (New Trial Order at 3–4.) MGA seeks interlocutory appeal on this issue. (See Mot., generally.)

         1.   Controlling Question of Law

MGA argues there exists a controlling question of law: "must punitive damages in a disgorgement action be tried by a jury and not a court?" (Mot. at 4.) The Court agrees with MGA this question is one of pure law, rooted in whether the Seventh Amendment entitles a party to a jury trial. (Mot. at 5.) The OMG Girlz do not seem to dispute this characterization. (See Opp'n at 2–3; Reply at 2.)

The parties dispute whether this question is controlling. A controlling question is one in which its resolution on appeal could "materially affect the outcome of litigation in the district court." ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union, 22 F.4th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

1125, 1130 (9th Cir. 2022); see also In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981).

To argue that the question is controlling, MGA describes that the Ninth Circuit has twice accepted interlocutory appeals on the question of whether certain claims must be tried to a jury or the bench. (Mot. at 5 (citing Standard Oil Co. of Cal. v. Arizona, 738 F.2d 1021, 1022–23 (9th Cir. 1984); SEC v. Rind, 991 F.2d 1486, 1488 (9th Cir. 1993).) MGA also points out that other courts have found the question of whether a jury or a bench trial is required to be "controlling." (Id. (citing Hoescht Marion Roussel, Inc. v. Par Pharm, Inc., 95 F.3d 1165, 1165 (Fed. Cir. 1996); In re Baker & Getty Fin. Servs., Inc., 954 F.2d 1169, 1172 (6th Cir. 1992).) The OMG Girlz argue that this question is not controlling because regardless of an interlocutory appeal, the Court will still hold a fourth trial on punitive damages, and thus the appeal will not affect the outcome of litigation in the district court. (Opp'n at 2–3.)

The Court finds the OMG Girlz argument unavailing. The issue is not whether a trial is held at all, but whether it is a bench or a jury trial. As the Ninth Circuit and other courts have found, the nature of the trial will "materially affect the outcome of litigation in the district court." ICTSI Oregon, 22 F.4th at 1130; see Standard Oil Co. of Cal., 738 F.2d at 1022–23; Rind, 991 F.2d at 1488. Thus, the question of whether punitive damages in a disgorgement action be tried by a jury and not the court is a controlling question of law.

    2.    <u>Substantial Grounds for Difference of Opinion</u>

A substantial ground for difference of opinion exists if the "appeal involves an issue over which reasonable judges might differ." Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

MGA argues that the disputed issue, whether punitive damages in a disgorgement action are legal or equitable, and thus must be tried by a jury, meets this threshold. To demonstrate that it is an issue over which reasonable judges may differ, MGA points to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

this Court's own rulings. In its January 3, 2025, tentative on post-trial equitable issues, the Court looked to the unpublished Ninth Circuit opinion in Proofpoint, Inc. v. Vade USA, Inc., finding that "[p]unitive damages are a mainstay of equity when 'a remedy is tethered to a wrongdoer's net unlawful profits.'" (Mot. for Reconsideration, Dkt. No. 1096-4, Ex. B, at 21 (citing 2024 WL 4003096, at *1 (9th Cir. Aug. 30, 2024)).) Following the Court's tentative, the Ninth Circuit published the In re Tsay JBR LLC opinion, clarifying a framework for determining whether an award is legal or equitable. 136 F.4th 1176, 1180 (9th Cir. 2025); (see Opp'n at 3.). In its September 23, 2025, New Trial Order, this Court analyzed punitive damages under the In re Tsay framework, finding that the punitive damages award is legal because it is "designed to punish or deter the wrongdoer" and not "solely to restore the status quo." (New Trial Order at 3–4 (citing 136 F.4th 1176, 1180 (9th Cir. 2025)).)

     The OMG Girlz argue that there is no grounds for difference of opinion. (See Opp'n at 3.) They claim that In re Tsay, a published Ninth Circuit opinion, overwrote Proofpoint, an earlier unpublished Ninth Circuit opinion, and established the framework for determining whether a remedy is legal or equitable. (Id.) The OMG Girlz also argue that there are "no circuit splits or inconsistent district holdings," suggesting no substantial ground for difference of opinion. (Id. at 4.)

     This Court finds that reasonable judges may differ over whether In re Tsay overwrote Proofpoint. Proofpoint specifically addressed remedies tethered to disgorgement, while In re Tsay did not, but it established a general framework for analyzing remedies as legal or equitable. Compare Proofpoint, 2024 WL 4003096, at *1 with In re Tsay, 136 F.4th at 1180–81. Furthermore, In re Tsay draws on the same cases referenced by Proofpoint, including SEC v. Jarksey, 603 U.S. 109 (2024), but does not address Proofpoint. Id. Therefore, after Proofpoint and In re Tsay, it is not obvious whether courts should apply the general In re Tsay framework or the specific Proofpoint analysis for punitive damages in a disgorgement action. Thus, reasonable judges may differ over whether a trial over punitive damages should be tried by a jury or the bench in this case. And despite the OMG Girlz' claim, no law suggests that a circuit split is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

required to justify this uncertainty as a substantial ground for difference in opinion. Therefore, the Court finds that substantial grounds for difference in opinion exist here.

### 3. Advance Ultimate Termination of Litigation

An interlocutory appeal advances the ultimate termination of litigation "when resolution of the question 'may appreciably shorten the time, effort, or expense' of the district court proceedings." ICTSI Oregon, 22 F.4th at 1131.

MGA argues that if this Court declines to certify interlocutory appeal, it may appeal after final judgment in the jury trial, potentially resulting in a fifth bench trial. (Mot. at 8.) The OMG Girlz respond that, if so, the Court could simply review the punitive damages trial record and treat the jury's record as advisory in making its own finding. (Opp'n at 6.)

The Court finds that even if it may treat the fourth trial's record as advisory in a fifth bench trial, this cannot justify the time, effort, and expense of a jury trial if it is not necessary. To avoid extending an already protracted litigation history, the Court finds that interlocutory appeal on this issue would advance the ultimate termination of litigation.

Finding that all three statutory requirements are met, the Court **GRANTS** certification of the New Trial Order for interlocutory appeal.

### B. *Interlocutory Appeal of the Available Remedies Order*

In post-trial briefings, the parties disputed the availability of punitive damages given the absence of actual damages. (See Mot. at 3; Dkt. 1046 at 24–25; Dkt. 1121-1 at 11–12; Dkt. 1125 at 12–14.) In its Available Remedies Order, the Court ruled that punitive damages were available, but vacated the punitive damages award, finding that the jury's verdict was contrary to the clear weight of the evidence that MGA acted willfully. (Available Remedies Order at 12–13.) MGA seeks interlocutory appeal on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

issue of whether punitive damages are available in the absence of actual damages. (Mot. at 9.)

       1.     <u>Procedural Arguments</u>

The OMG Girlz object to the certification of interlocutory appeal of the Available Remedies Order on several procedural grounds. First, the OMG Girlz suggest that MGA waived its ability to challenge punitive damages because it failed to raise the argument under Rule 50(a) before trial. (Opp'n at 6.) But as MGA points out, this Court has already rejected that argument. (Order, Dkt. No. 1133, at 6.) Because MGA requested punitive damages relief under Rule 59, their argument was not waived. (<u>Id.</u>)

Second, the OMG Girlz also suggest that MGA's request for review on this issue is untimely because the Court ruled on the availability of damages months ago. (Opp'n at 6.) There is no specified time limit for seeking certification, unless the request is "inexcusably dilatory." <u>Spears v. Washington Mut. Bank FA</u>, 2010 WL 54755, at *1 (N.D. Cal. Jan. 8, 2010). The OMG Girlz have made no argument that the three months between the Available Remedies Order and the motion for certification is "inexcusably dilatory." <u>Id.</u> Thus, the Court does not entertain this argument.

Lastly, the OMG Girlz argue that the Available Remedies Order is inapt for certification because the question at issue, whether punitive damages are available without actual damages, is one of state law. (Opp'n at 7.) Federal courts are competent to apply state law, and only in exceptional circumstances is certification before a state supreme court advisable. <u>See</u> <u>McKesson v. Doe</u>, 592 U.S. 1, 5 (2020). Even if the Ninth Circuit was to certify the question to the California Supreme Court, causing some delay, this does not impact whether this Court should grant interlocutory appeal. The OMG Girlz fail to present any law that suggests the likelihood of state court certification impacts a court's ability to grant interlocutory appeal to an issue that is "material" to the order. <u>See</u> <u>In re Cinematronics</u>, 916 F.2d at 1449.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Finding none of the OMG Girlz' procedural arguments availing, the Court continues to the 1292(b) statutory factors to determine if certification is appropriate.

2. Controlling Question of Law

MGA argues there exists a controlling question of law: "are punitive damages available at all without actual damages?" (Mot. at 4.) The OMG Girlz do not challenge whether this is a controlling question of law in their Opposition, seeming to concede the factor. (See Opp'n at 7.) The Court agrees with MGA that this question is purely legal and its resolution could eliminate the need for a fourth trial. Thus, the first factor is satisfied.

3. Substantial Ground for Difference of Opinion

MGA argues that California law is clear that punitive damages are unavailable without actual damages. (Mot. at 10 (citing California v. Atlus Finance S.A., 540 F.3d 992, 1000 (9th Cir. 2008); accord Mother Cobb's Chicken Turnovers, Inc. v. Fox, 10 Cal. 2d 203, 205 (1937) ("Actual damages must be found as a predicate for exemplary damages.").)[2]

The OMG Girlz disagree, arguing that punitive damages are available if "a tortious act be proven." (Opp'n at 7 (citing Topanga Corp. v. Gentile, 249 Cal. App. 2d 681, 691 (Ct. App. 1967).) But the California Supreme Court has repeatedly held that proof of liability is not enough to render punitive damages available. See Mother Cobb's Chicken

---

[2] The Court finds that MGA oversimplifies the Ninth Circuit's opinion in Altus Fin on this issue. (Reply at 10 (citing Altus Fin., 540 F.3d at 996, 1001).) In Altus Fin., the Ninth Circuit stated that restitution is not a permissible predicate for punitive damages where the "defendant is not legally liable for fraud and a jury has expressly awarded '$0' in compensatory damages." Altus Fin., 540 F.3d at 1003. Here, the jury found MGA liable. (Final Judgment at 1.) And the jury never analyzed compensatory damages, as the OMG Girlz opted for the jury to only consider disgorgement. (Mot. in Limine No. 4, Dkt. No. 502, at 7–8; MGA's Proposed Findings of Fact and Conclusions of Law, Dkt. No. 1071, at 24–25.) Thus, nothing in Altus Fin. precludes a finding of punitive damages in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Turnovers, 10 Cal. 2d 203 at 206 (1937) (finding punitive damages unavailable because, although the jury found the defendant liable, the plaintiff suffered no damages, and thus was awarded no compensatory damages); see also Kizer v. County of San Mateo 53 Cal.3d 139, 147 (1991) ("In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages."); Cheung v. Daley, 35 Cal. App. 4th 1673, 1676 (1995) (summarizing decades of case law and concluding "our highest court requires that any award of exemplary damages be accompanied by an express award of compensatory damages.").

    Neither party is correct. California case law states that punitive damages are available when either actual damages or the "equivalent" of actual damages, such as restitution, is awarded. See Cheung, 35 Cal. App. 4th at 1677 n.8. Indeed, as this Court described in its Available Remedies Order, California courts have found that punitive damages are not precluded when the plaintiff's recovery is in the form of specific restitution, instead of monetary damages. (See Available Remedies Order at 14); Millar v. James, 254 Cal. App. 2d 530, 533 (1967); see also Horn v. Guaranty Chevrolet Motors, 270 Cal. App. 2d 477, 484 (1969) ("[I]t is immaterial that plaintiff's recovery is in the form of specific restitution, rather than monetary damages."). This Court found that the jury awarded damages to reflect "the profits that MGA received from the use of the OMG Girlz' name, identity, or likeness," a form of restitution. (Available Remedies Order at 14.)

    Yet MGA argues that the disgorgement award here is not equivalent to actual damages, and thus punitive damages are not available. (See Opp'n at 16.) It claims that because the disgorgement award was based on MGA's profits, not on the OMG Girlz' losses, there was no "financial harm." (Id.) But this Court noted that damages for common law misappropriation may extend beyond mere economic losses, and it found that disgorgement of profits was a proper remedy as a form of "additional resulting damages." (See Order on Post-Trial Equitable Issues, Dkt. No. 1090, at 13–14.) Thus, the Court finds that disgorgement was awarded as an "equivalent to actual damages." Cheung, 35 Cal. App. 4th at 1677 n.8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Furthermore, punitive damages are appropriate in the absence of actual damages when the award of "restitution would have little or no deterrent effect." Ward v. Taggart, 51 Cal. 2d 736, 743 (1959). In Ward, the California Supreme Court awarded punitive damages predicated on restitution against a plaintiff who made an unlawful profit at the expense of the defendants. Id. The court found that in the absence of punitive damages, the plaintiff "would run no risk of liability to their victims beyond that of returning what they wrongfully obtained." Id. Similarly, disgorgement alone is not a deterrent to MGA; disgorgement simply requires MGA to return what was wrongfully obtained. Thus, punitive damages are necessary for deterrence and are appropriate in this case.

Thus, in this case, the Court finds that whether punitive damages are available in the absence of actual damages is not "an issue over which reasonable judges might differ." Reese, 643 F.3d at 688. Thus, the second 1292(b) factor fails, and the Court **DENIES** MGA's motion to certify for interlocutory appeal of the Available Remedies Order.[3]

### IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** interlocutory appeal of the New Trial Order and **DENIES** interlocutory appeal of the Available Remedies Order. The Court also hereby **STAYS** proceedings pending resolution of the appeal to the Ninth

---

[3] Although the statutory factors fail for certification of the Available Remedies Order, MGA argues that the Ninth Circuit may still consider the order because of the certification of the New Trial Order. (See Mot. at 9.) MGA points to the Ninth Circuit's holding that it may "address issues outside the four corners of the properly certified order" when the issue "provides grounds for reversal of the entire order." (Mot. at 9); In re Cinematronics, Inc., 916 F.2d 1444, 1449 (9th Cir. 1990). The Court agrees with MGA that the Ninth Circuit may analyze the New Trial Order on the basis that it is "inextricably tied" to the Available Remedies Order. Id.; (see Mot. at 9.) Whether punitive damages are available is a prerequisite question as to whether punitive damages must be determined by a jury. Thus, the Ninth Circuit can likely assess the Available Remedies Order on interlocutory appeal, even without independent statutory certification from this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | November 20, 2025 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Circuit. The parties shall file a status brief within ten (10) days of the resolution of appeal, or sooner if events warrant.

**IT IS SO ORDERED.**