Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMITH PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
MCKOOL SMITH PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4009

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC., <br><br> Plaintiff, <br><br> v. <br><br> CLIFFORD "T.I." HARRIS, et al., <br><br> Defendants. <br><br>———————————————<br><br> GRAND HUSTLE, LLC, et al., <br><br> Counter-Claimants, <br><br> v. <br><br> MGA ENTERTAINMENT INC., et al., <br><br> Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> Assigned to: Hon. James V. Selna <br><br> **MGA'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT OF ALLEGED COPYING OR MISAPPROPRIATION ON WHICH DISGORGEMENT WAS NOT AWARDED** <br><br> [*Omnibus Declaration of Mark A. Finkelstein and [Proposed] Order Filed Concurrently Herewith*] <br><br> Final Pretrial Conference: <br> Date: June 8, 2026 <br> Time: 11:00 A.M. <br><br> Complaint Filed: December 22, 2020 <br> Trial Date: June 23, 2026 |

-1-

**MOTION *IN LIMINE* NO. 1**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 8, 2026, at 11:00 a.m., at the Final Pretrial Conference, before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian (together, "MGA") will, and hereby do, move *in limine* for an order precluding Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "Counterclaimants") from providing any evidence, testimony, argument, or reference at the punitive-damages retrial concerning alleged copying, misappropriation, infringement, or similar alleged wrongdoing other than the conduct which supported the disgorgement award on the seven specific dolls adjudicated in the prior trial. Such evidence is irrelevant under Federal Rule of Evidence 401, impermissible propensity evidence under Rule 404(b), unfairly prejudicial and confusing under Rule 403, and – most critically – would violate MGA's due process rights by inviting the jury to punish MGA for unadjudicated conduct or conduct which is not tethered to the money awarded to the OMG Girlz. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422–23 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346, 353–55 (2007).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Omnibus Declaration of Mark A. Finkelstein ("Finkelstein Decl.") filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, the records and filings in this action, and upon such further evidence and argument submitted at or before the hearing on this Motion.

/ / /

-2-

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 27, 2026.  *See* Finkelstein Decl. ¶ 2.

Dated:  May 4, 2026

UMBERG ZIPSER LLP


By  /s/ Mark A. Finkelstein
    MARK A. FINKELSTEIN

    *Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This retrial concerns only punitive damages on the misappropriation of likeness claims – that is, whether MGA intentionally misappropriated from the OMG Girlz their name, image and likeness and used that in certain dolls in a manner that was malicious, fraudulent or oppressive.  The jury returned a verdict on liability, and Counterclaimants were awarded disgorgement tied specifically to profits earned by MGA on seven dolls.  Thus, the only questions presented for the jury now are whether punitive damages are justified and, if so, in what amount.

Based on the representations of Counterclaimants' counsel during the LR 7-3 conference concerning motions *in limine*, Counterclaimants intend impermissibly to offer evidence in this phase of the trial of alleged copying and conduct by MGA far beyond that which supported the disgorgement award – attempting to expand the specific questions presented into a sprawling indictment of MGA's business practices.  This will, they say, come in the form of evidence of other dolls in the L.O.L. Surprise! line that did not underlie the disgorgement award, dolls which they claim resemble celebrities, other lawsuits, and other unproven allegations of copying.

The Court should foreclose that effort.  Not only is such evidence irrelevant to issues to be tried, but the constitutional rule is clear: punitive damages must be tethered to the harm the defendant inflicted on the plaintiff, and a jury may not be invited to punish a defendant for conduct involving non-parties or for conduct that has never been adjudicated.  *Philip Morris USA v. Williams*, 549 U.S. 346, 353-55 (2007).  Even if an exception exists to this general ban, given the limited time available to the parties at this phase, the nonexistent or (at most) limited probative value, the high potential prejudice to MGA, and the likelihood of mini-trials on each other alleged but un-proven prior act, the Court should exclude this evidence under Federal Rule of Evidence 403.

-4-

## II.     BACKGROUND

After the last trial, the Court entered a monetary judgment for disgorgement on seven specific L.O.L. Surprise! O.M.G. dolls, but vacated the jury's punitive damages verdict and granted a new trial as to that issue.  *See* Dkts. 1118 (Final Judgment), 1133 (Order Regarding Motion and Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial or Remittitur).  The Court has limited the parties to three days of evidence on the question of punitive damages.

## III.    ARGUMENT

### A.     Other Alleged Copying Is Irrelevant Under Rule 401.

Evidence is relevant only if it has a "tendency to make a fact more or less probable than it would be without the evidence," and the fact must be "of consequence in determining the action."  Fed. R. Evid. 401.  At this retrial, the only facts of consequence are (1) the character of MGA's conduct in connection with the seven dolls for which disgorgement was awarded, and (2) the amount of punitive damages, if any, that bears a reasonable and proportional relationship to that conduct and to the disgorgement award.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 425 (2003).[1]

Allegations involving other dolls, other celebrities, other industries, or other lawsuits do none of that work.  No other dolls (except for the additional L.O.L. Surprise! O.M.G. dolls found to have misappropriated the OMG Girlz' likeness on MGA's declaratory judgment claim) were adjudicated and produced no liability finding.  And no other allegations, including as to those additional dolls on declaratory judgment, resulted in a monetary award.  Such allegations have, by definition, no tendency to make any fact of consequence more or less probable in this proceeding.  They are therefore inadmissible under Rules 401-403 and 404(b).

---

[1] MGA reiterates its prior position that punitive damages are not even available here.  *See* Dkt. 977 at 2-3, Dkt 989 at 3.

**B.** **Due Process Bars Punishment for Conduct Toward Non-Parties and for Unadjudicated Conduct.**

The Supreme Court has repeatedly held that the Due Process Clause imposes substantive limits on the use of other-acts evidence in the punitive-damages context. Three principles are dispositive here.

First, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business." *State Farm*, 538 U.S. at 422-23. Thus, evidence of other acts must involve conduct that "replicates the prior transgressions" – that is, conduct similar to that which harmed the plaintiff. *See id.* at 423; *see also Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 958-59 (9th Cir. 2005) (applying *State Farm* similarity requirement). The conduct underlying the award here is narrow and specific: MGA's creation and sale of seven identified dolls for which disgorgement was awarded. Other dolls or toys released in other contexts, and other alleged acts by MGA or Mr. Larian, are paradigmatic "dissimilar acts" that *State Farm* places off-limits.

Second, a jury "may not punish for the harm caused others." *Philip Morris*, 549 U.S. at 356-57. Even where conduct toward non-parties may be considered for the limited purpose of assessing reprehensibility, due process forbids using that conduct as a freestanding basis for punishment. *See id.* at 353-55. Permitting Counterclaimants to parade unadjudicated allegations, or even adjudicated allegations in other lawsuits involving third parties, before the jury would obliterate the distinctions between dissimilar and similar acts, as well as between alleged harm to Counterclaimants and non-parties.

Third, the punitive award must bear a reasonable relationship to the actual or potential harm **to the plaintiff**. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-81

-6-

(1996); *State Farm*, 538 U.S. at 424-26.  Evidence of harms to non-parties cannot enlarge the constitutional ratio.

These principles are reflected in Ninth Circuit Model Civil Jury Instruction 5.5 and CACI Nos. 3940, 3942 and 3945, which instruct that punitive damages must be based on the conduct that harmed the plaintiff and may not be used to punish harm to non-parties.  Excluding other-acts evidence at the threshold is critical to ensure compliance with that instruction and the constitutional limits it embodies.

Indeed, the seven dolls for which Counterclaimants sought monetary relief involved a discrete set of design choices, a discrete product line, and a specific theory of misappropriation tied to the OMG Girlz.  Allegations involving entirely different products – different potential licensees, different intellectual-property regimes (copyright versus trade dress versus right of publicity), different time periods, different decision-makers, and different alleged victims – are not "replications" of anything.  *See State Farm*, 538 U.S. at 423.  They are categorically different conduct and involve nonparties.  The Court should not allow the jury to use them as a basis for punishment, and the Court should not allow them to be presented as part of a "reprehensibility" theory.

**C.   Rule 404(b) Bars This Evidence as Propensity.**

Rule 404(b)(1) prohibits evidence of other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  That is precisely the use Counterclaimants will make of other-copying evidence.  The unmistakable message – "MGA copies; therefore MGA's copying here must have been malicious" – is propensity in its purest form.  Rule 404(b)(2) permits other-acts evidence only when offered for a non-propensity purpose such as motive, opportunity, intent, plan, or absence of mistake.  None applies here.  The only conceivable purpose of other-alleged copying evidence is to suggest that MGA is the kind of company that copies, which

-7-

is the use Rule 404(b) forbids.  *See United States v. Bailey*, 696 F.3d 794, 799, 802 (9th Cir. 2012) (Rule 404(b) prohibits propensity inferences regardless of how the proponent labels the evidence).

### D.  Rule 403 Independently Requires Exclusion.

Even if Counterclaimants could surmount Rules 401 and 404(b) – and they cannot – Rule 403 mandates exclusion.  The probative value of unadjudicated, dissimilar other-acts allegations is, at best, minimal; the dangers of unfair prejudice, confusion, mini-trials, and waste of time are overwhelming.

1.  *Mini-Trials on Unadjudicated Conduct*.  Each contested allegation would require a fully developed sub-trial: licensing histories, prior-art analyses, independent-creation defenses, industry custom, and the credibility of non-party witnesses.  The retrial would devolve into a series of trials-within-a-trial on claims that were never properly adjudicated and on which MGA has had no meaningful opportunity to defend.

2.  *Confusion of the Issues*.  The jury's task is narrow: assess punitive damages tethered to the seven identified dolls.  Other-acts evidence will inevitably blur that focus and invite the jury to punish MGA on a generalized impression of corporate misconduct rather than the conduct actually before it.

3.  *Unfair Prejudice*.  The whole point of this evidence, from Counterclaimants' perspective, is to inflame.  That is the textbook definition of unfair prejudice under Rule 403.  *See Old Chief v. United States*, 519 U.S. 172, 180-81 (1997).

4.  *Waste of Time*.  The Court has limited the retrial to sixteen hours of evidence.  Allowing collateral mini-trials on unadjudicated copying allegations would consume that allotment many times over and is incompatible with an orderly, focused proceeding.

/ / /

/ / /

**E. In the Alternative, the Court Should Order a Pretrial Proffer and Limiting Instruction.**

If the Court is not prepared to exclude all such evidence at this stage, MGA respectfully requests, in the alternative, that the Court (1) require Counterclaimants to make a written, pretrial proffer – outside the presence of the jury – of any specific other-acts evidence they intend to offer, identifying the precise reprehensibility and/or Rule 404 purpose for which it is offered and demonstrating compliance with *State Farm*'s similarity requirement; (2) hold a Rule 104 hearing on each item; and (3) give a contemporaneous limiting instruction, modeled on *Philip Morris*, that the jury may not impose punishment for harm allegedly caused to non-parties or for conduct that has not been adjudicated. *See Philip Morris*, 549 U.S. at 357 (recognizing the necessity of safeguards to prevent unconstitutional use of non-party harm evidence).

**IV. CONCLUSION**

For the foregoing reasons, MGA respectfully requests that the Court enter an order excluding all evidence, testimony, argument, and reference at the punitive-damages retrial concerning alleged copying, misappropriation, or other wrongdoing unrelated to the seven dolls for which disgorgement was awarded. In the alternative, MGA requests that the Court require a pretrial proffer, conduct a Rule 104 hearing on any such evidence, and give an appropriate limiting instruction, as described above.

Dated:  May 4, 2026

UMBERG ZIPSER LLP

*/s/ Mark A. Finkelstein*
Mark A. Finkelstein

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

-9-

## CERTIFICATE OF COMPLIANCE

I, Mark A. Finkelstein, counsel of record for Plaintiff and Counter-Defendants, certifies that this brief contains 1,720 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 4, 2026                           UMBERG ZIPSER LLP


                                              */s/ Mark A. Finkelstein*
                                              Mark A. Finkelstein

                                              *Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

-10-