Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMITH PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
MCKOOL SMITH PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4009

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC., Plaintiff, <br><br> v. <br><br> CLIFFORD "T.I." HARRIS, et al., Defendants. <br><br> GRAND HUSTLE, LLC, et al., Counter-Claimants, <br><br> v. <br><br> MGA ENTERTAINMENT INC., et al., Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> Assigned to: Hon. James V. Selna <br><br> **MGA'S MOTION *IN LIMINE* NO. 4 RE: EXCLUSON OF ARGUMENT THAT MGA'S USE OF "OMG" EVIDENCES MALICE, FRAUD, OR OPPRESSION** <br><br> [*Omnibus Declaration of Mark A. Finkelstein and [Proposed] Order Filed Concurrently Herewith*] <br> Final Pretrial Conference: <br> Date: June 8, 2026 <br> Time: 11:00 A.M. <br><br> Complaint Filed: December 22, 2020 <br> Trial Date: June 23, 2026 |

## MOTION *IN LIMINE* NO. 4

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 8, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard at the Final Pretrial Conference before the Honorable James V. Selna, United States District Judge, in Courtroom 10C of the Ronald Reagan Federal Building and U.S. Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian (together, "MGA") will, and hereby do, move *in limine* for an order precluding Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "Counterclaimants") from arguing or otherwise suggesting that MGA's selection or use of the term "OMG" for its L.O.L. Surprise! O.M.G. doll line evidences malice, fraud, or oppression necessary to support an award of punitive damages.

This motion is based on the Court's July 29, 2022 Order, which granted summary judgment in favor of MGA on Counterclaimants' trademark claim and determined that "OMG" is a common and generic term and, on its own, cannot demonstrate consumer confusion.  Dkt. 326 at 21-22.  Any argument or suggestion that MGA's selection or use of "OMG" demonstrates any punitive intent for misappropriation is incompatible with the Court's ruling on this issue.

Further, such argument also should be excluded under Federal Rule of Evidence 403.  Counterclaimants' trademark claim was dismissed at summary judgment, and liability on Counterclaimants' claims for trade dress infringement and misappropriation of name, identity, and likeness ("NIL") has already been established.  Therefore, such argument will only serve to confuse the issues

-1-

regarding what is being determined at this upcoming trial on punitive damages, mislead the jury, and cause unfair prejudice to MGA.

Alternatively, if the Court is inclined to permit references to MGA's adoption of the term "OMG," MGA requests the jury be instructed that "OMG" is a generic term that the Counterclaimants do not own, and the jury should not infer from MGA's selection or use of "OMG" that MGA acted with the requisite malice, oppression, or fraud warranting punitive damages.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Omnibus Declaration of Mark A. Finkelstein ("Finkelstein Decl.") filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, the record and filings in this action, and upon such further evidence and argument submitted at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on April 27, 2026.  *See* Finkelstein Decl. ¶ 2.

Dated:  May 4, 2026

UMBERG ZIPSER LLP


By  /s/ Mark A. Finkelstein
    MARK A. FINKELSTEIN

    *Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

MGA seeks to exclude any argument or suggestion that its selection or use of the generic "OMG" acronym as part of its doll name evidences malice, oppression, or fraud necessary to support punitive damages on Counterclaimants' claim for misappropriation of name, identity and likeness ("NIL").  Indeed, the Court has already ruled that Counterclaimants cannot sustain a trademark claim based solely on the use of the common and generic acronym "OMG" (Dkt. 326), and there is no evidence anywhere that MGA selected that name based on, or in any effort to trade off the name of, the OMG Girlz band.

Despite the Court's prior ruling, throughout the September 2024 trial, Counterclaimants argued, and their witnesses testified, that MGA infringed on their claimed trade dress and the OMG Girlz' NIL merely because MGA's L.O.L. Surprise! O.M.G. dolls (the "Dolls") had the common acronym "OMG" in the name – even in instances where the witness acknowledged that certain Dolls did ***not*** look like any of the OMG Girlz bandmembers.  *See* Dkt. 1028 (Trial Tr. ["TT"] 9/6/2024 AM) at 46:9-12 (Breaunna Womack, one of the OMG Girlz bandmembers, testified that several Dolls that were no longer accused at trial still infringed "as they are sold under the name OMG"); Dkt. 935 (Dep. Designations), Moniece Campbell Dep. 26:12-13 (one of the alleged confused consumer witnesses stated: "I specifically purchased them because they were OMG.  ***The OMG is really what sealed the deal***") (emphasis added). And at closing argument, Counterclaimants' counsel emphasized that "the name 'OMG' is what starts it all."  Dkt. 1036 (TT 9/20/2024 AM) at 109:15.

These arguments are fundamentally inconsistent with the Court's July 29, 2022, Order, which granted summary judgment in favor of MGA on

-3-

Counterclaimants' trademark claim, finding that "OMG" is a generic, common term which, on its own, cannot demonstrate consumer confusion.  Dkt. 326 at 21-22.  Thus, permitting Counterclaimants to argue or suggest that MGA's use of "OMG" for its Dolls at this limited trial on punitive damages for misappropriation of NIL would not only contravene the Court's prior ruling, but also create the type of confusion, jury misleading, and unfair prejudice that Rule 403 was designed to prevent.

## II.    ARGUMENT

### A.    Counterclaimants Do Not Own "OMG."

At summary judgment, the Court found that Counterclaimants' trademark claim could not be sustained based solely on the use of the term "OMG" on the Dolls' packaging, dismissing over 40 of the accused 70+ Dolls at summary judgment.  Dkt. 326 at 22.  Specifically, the Court recognized that, "on its own, the term 'OMG' is commonly used slang that means 'Oh, my god/gosh' as a text or verbal shorthand," and there is "prevalent third-party use of the 'OMG' mark[.]"  *Id.* at 21 (observing that as of April 2022, there were over 120 registered trademarks that included the word "OMG," including in the fields of music and toys).

Thus, Counterclaimants have no ownership right in the popular and ubiquitous acronym, "OMG."  *See* Dkt. 326 at 21-22 (observing that "OMG" is "generic," "common," and "non-distinctive").  Counterclaimants admitted as much in a Response to Office Action, submitted to the USPTO, when they argued the term "OMG" was common and widely-used.  *See* Dkt. 1026 (TT 9/4/2024 AM) at 118:16-119:15 (referring to Trial Exhibit 5501).  Thus, any evidence or argument that MGA's selection or use of that term supports a finding of malice, oppression, or fraud should be excluded.

/ / /

**B.**     **Evidence and Argument on MGA's Selection of "OMG" Will Confuse the Issues, Mislead the Jury, and Unfairly Prejudice MGA.**

There is no probative value in permitting argument that misconstrues the Court's prior Order dismissing Counterclaimants' trademark claim and insinuates that Counterclaimants have any exclusive right over the common acronym "OMG."  However, even assuming *arguendo* any minimal probative value exists, it would be substantially outweighed by the danger of confusing the issues, misleading the jury, and unfairly prejudicing MGA.  *See* Fed. R. Evid. 403.  Argument that MGA's use or selection of "OMG" evidences intent to misappropriate Counterclaimants' NIL conflates the issues related to liability for Counterclaimants' long-dismissed trademark claim, with the propriety of punitive damages on Counterclaimants' NIL claim.  And there is no evidence whatsoever that MGA selected "OMG" as the name of its Dolls because of the OMG Girlz band.

Further, any insinuation that MGA's use of "OMG" necessarily indicates malice, oppression, or fraud will likely cause the jury to assume that Counterclaimants have a right to that term.  This would unfairly prejudice MGA.

Accordingly, the Court should exclude this argument under Rule 403.

**III.     CONCLUSION**

For the foregoing reasons, MGA respectfully requests that the Court preclude Counterclaimants from arguing or suggesting that MGA's selection or use of the term "OMG" evidences malice, fraud, or oppression.  Alternatively, if the Court is inclined to permit references to MGA's adoption of the term "OMG," MGA requests the jury be instructed that "OMG" is a generic term that the Counterclaimants do not own, and the jury should not infer from MGA's

selection or use of "OMG" that MGA acted with the requisite malice, oppression, or fraud warranting punitive damages.

Dated:  May 4, 2026

UMBERG ZIPSER LLP

By  /s/ Mark A. Finkelstein
    MARK A. FINKELSTEIN

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*

-6-

# CERTIFICATE OF COMPLIANCE

I, Mark A. Finkelstein, counsel of record for Plaintiff and Counter-Defendants, certifies that this brief contains 847 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 4, 2026

UMBERG ZIPSER LLP

*/s/ Mark A. Finkelstein*
Mark A. Finkelstein

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*

-7-