John R. Keville
jkeville@sheppardmullin.com
Robert L. Green
rgreen@sheppardmullin.com
Chante B. Westmoreland
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Ave, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
*valter@sheppardmullin.com*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive, <br><br> Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> ASSIGNED TO: Hon James V. Selna <br><br> **Response In Opposition To MGA's 2026 Motion In Limine 1** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC, <br><br> Counter-Claimants, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive, <br> Counter-Defendants. | Complaint Filed:  December 20, 2020 <br> Trial Date:   June 23, 2026 |

## I.   INTRODUCTION

MGA's Motion in Limine ("MIL") No. 1 seeks to keep out evidence of similar conduct for which it has been found liable, and does so by misrepresenting one Supreme Court case and ignoring dozens of other cases that make clear that evidence of similar (not identical) conduct is relevant and admissible for purposes of determining punitive damages liability (reprehensibility) and amount.  While MGA had some arguments for keeping its prior similar acts out during the liability phase as potentially more prejudicial than probative, that is not the case in this bifurcated punitive damages trial where pattern of conduct is expressly allowed and necessary for the jury's consideration.  MGA's MIL No. 1 should be denied.

## II.   LEGAL STANDARD

The Supreme Court has made clear that evidence of a party's pattern or practice is admissible to show that a defendant's conduct "is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence."   *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419 (2003). Despite finding no evidence of similar conduct, State Farm reaffirmed that "repeated misconduct is more reprehensible than an individual instance of malfeasance" and "'the existence and frequency of similar past conduct" may be considered. *Id.* at 423. The key inquiry is whether the conduct involved repeated actions or was an isolated incident. *Phillip Morris USA v. Williams*, 549 U.S. 346, 351–52 (2007). In other words, evidence of similar acts directed at others is admissible to show reprehensibility. *See McCollough v. Johnson, Rodenberg & Lauinger*, 645 F. Supp. 2d 917, 924–25 (D. Mont. 2009) (holding that "evidence of [the party's] actions directed at others was properly admitted as evidence relevant to [] reprehensibility"); *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1011–14 (9th Cir. 2004) (affirmed punitive damages award based on pattern evidence of company-wide system); *Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1213 (2005) ("To the extent the evidence shows the defendant had a practice of engaging in, and profiting

from, wrongful conduct similar to that which injured the plaintiff, such evidence may be considered on the question of how large a punitive damages award due process permits."). While the Supreme Court requires "some form of protection" against unreasonable jury punitive awards, the protection required is minimal—and easily satisfied. *Phillip Morris*, 549 U.S. at 357. Accordingly, when pattern evidence of harm to nonparties is admitted solely to assess reprehensibility, the trial court need only give a limiting instruction upon request. *Id*.

## III.    ARGUMENT

### A.    Similar Acts Are Relevant and Admissible for Punitive Damages

The Supreme Court explained in *BMW of N. Am., Inc. v. Gore* that "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct" and California law makes clear, "[t]he reprehensibility of the defendant's conduct toward the plaintiff depends in part on **the 'scale and profitability' of the course of conduct** of which the defendant's conduct toward the plaintiff is a part. *See BMW*, 517 U.S. 559, 575 (1996) (emphasis added); *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 691 (2008). Thus, it is not only the conduct toward the plaintiff that must be considered in the punitive damages trial, but the defendant's similar course of conduct toward others.

Relying primarily on *State Farm*, MGA argues that only conduct that is "similar to that which harmed the plaintiff" can be introduced in support of punitive damages—which is correct. Mot. at 6. But MGA then wrongly argues that the only similar conduct to misappropriating the likeness of the OMG Girlz is "narrow and specific: MGA's creation and sale of seven identified dolls for which disgorgement was awarded." *Id*. at 6-7. This is incorrect, and a logical fallacy, as it limits "similar" acts to the acts themselves. That is not what *State Farm* held. Campbell, the plaintiff in *State Farm*, sued based on State Farm's handling of a claim against him. Campbell alleged that State Farm improperly and against his interest rejected a policy-limit

demand, took the case to trial, lost, refused to appeal, and initially refused to cover the damages over the policy limit. *State Farm*, 538 U.S. at 413.  Despite explaining that evidence of similar conduct is admissible, the Supreme Court found the trial record contained "scant evidence of repeated misconduct of the sort that injured [the Campbells]." 538 U.S. at 423. Instead, the trial evidence involved things like "State Farm's investigation into the personal life of one of its employees." *Id.* at 424. Contrary to MGA's argument, the Supreme Court was not limiting "other conduct" to identical conduct—it merely found in the underlying trial, that there was no evidence of similar conduct.

The evidence MGA seeks to exclude is nothing like that in *State Farm*. What MGA seeks to exclude here in this punitive trial is evidence of its prior copying, misappropriation, and infringement. Dkt. 1181 at 4. That is exactly the type of conduct that the prior jury found harmed the OMG Girlz, just in regard to other non-party creatives. It is quite similar, and is circumstantial evidence of MGA's conscious disregard for IP rights and the reprehensibility of MGA's actions. It is more than "similar" enough to the conduct at issue to be admissible in the punitive damages trial. As an example, in *TXO Production Corp. v. Alliance Resources Corp.*, Alliance introduced evidence that TXO had engaged in the same fraudulent title-clouding practice against other landowners in prior litigation in other jurisdictions. 509 U.S. 443, 469 (1993). In affirming the $10 million dollar award, the Supreme Court held that the prior lawsuit evidence was not "an isolated incident" but rather "part of a pattern and practice by TXO to defraud and coerce those in positions of unequal bargaining power." *Id.*

The Ninth Circuit has recognized the same. In *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, it held that threats and intimidation of the plaintiff doctors was "similar enough" to putting up posters and actions against other doctors that it was properly "factored into the reprehensibility analysis." *See*, 422 F.3d 949, 959 (9th Cir. 2005); *see also Merrick v. Paul Revere*

*Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007) (evidence of course of conduct can constitute fraud and malice sufficient to underpin punitive damages); *Romo v. Ford Motor Co.*, 113 Cal. App. 4th 738, 750 (2003) (recognizing "massive award" of punitive damages was "justified only as a means to actually punish and deter an entire course of conduct that harmed not only plaintiffs but, potentially, untold others.").[1]

MGA tries to conflate the issues by arguing this would be an "invite[] to punish a defendant for conduct involving non-parties," relying on *Philip Morris*. Dkt. 1181 at 4. But that case made clear that such evidence *is* relevant to reprehensibility. *Philip Morris*, 549 U.S. at 357. As a later California Court of Appeal decision explains, *State Farm* "does not mean . . . that the defendant's similar wrongful conduct toward others should not be considered in determining the amount of punitive damages." *Bullock*, 159 Cal. App. 4th at 691. After all, "the court in *State Farm* noted that conduct involving 'repeated actions' was worse than, and could be punished more severely than, conduct limited to 'an isolated incident.'" *Id*.

### B.    Rule 404 Does Not Bar Evidence of Similar Acts for The Purpose of a Punitive Damages Trial

MGA next argues Rule 404(b) bars evidence of MGA's other similar conduct. Mot. at 7-8. But Rule 404(1) only excludes evidence offered to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" which does not apply here because MGA has already been found liable for misappropriation. Rule 404(2) then provides a non-exclusive list of bases for admitting what MGA calls its "propensity" for copying celebrities, including knowledge, absence of mistake, or lack of accident. More importantly, MGA ignores

---

[1] In accordance with these decisions, CACI 3947 and the Ninth Circuit Model Rule on punitive damages include bracketed language addressing "when evidence concerning harm to nonparties is admitted on the issue of degree of reprehensibility." Manual of Model Civil Jury Instructions, 5.5 Punitive Damages, https://www.ce9.uscourts.gov/jury-instructions/node/111; https://www.justia.com/trials-litigation/docs/caci/3900/3947/

California appellate court law that expressly holds "[a] pattern or practice of wrongful conduct is often introduced as evidence of malice or oppression to justify a punitive damage award." *Anderson v. Ford Motor Co.*, 74 Cal. App. 5th 946, 971 (2022) (citing *George F. Hillenbrand, Inc. v. Ins. Co. of N. Am.*, 104 Cal. App. 4th 784, 820-821 (2002); *Colonial Life & Accident Ins. Co. v. Superior Ct.*, 31 Cal. 3d 785, 792 (1982) ("Indirect evidence of the elements of punitive damages may be suggested by a pattern of unfair practices.")).

### C. This Evidence Is Relevant and Not Unfairly Prejudicial

As a last resort, MGA argues that the probative value of pattern of conduct evidence "is at best minimal" (Mot. at 8), ignoring that the Supreme Court, the California Supreme Court, intermediate state appellate courts, the Ninth Circuit, and California federal district courts have all held this type of evidence is relevant and admissible for determining reprehensibility and the need for deterrence, as well as the amount of punitive damages. *See* cases cited *supra*. MGA's wished-for standard is to keep out of this punitive damages trial any evidence that is bad for MGA—but that is not the law. *See* Fed. R. Evid. 403 (requiring "*unfair* prejudice" that "*substantially outweigh[s]*" the probative value (emphasis added)).

MGA then asks the Court to require written submissions from the OMG Girlz on each of MGA's acts, and hold a pre-trial bench trial with written submissions and a hearing on each MGA similar act of copying celebrities. Not surprisingly, MGA cites no support for such a laborious and unnecessary process. Courts allow pattern-of-similar-conduct evidence to support punitive damages, without MGA's proposed series of bench trials. *See Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1011–14 (9th Cir. 2004) (holding the jury could have reasonably inferred that the prior similar practices supported reprehensibility and punitive damages). Nevertheless, because MGA contended in several telephone conferences that it would ask the Court to rely on prior in limine exclusions of three similar occurrences during the liability phase of the trial, the OMG Girlz have already addressed those in writing.

*See* Dkt. 1186.  But there is no need, as MGA suggests, for mini-trials on MGA's liability.  "Merely because those prior similar incidents did not result in an earlier finding of bad faith" does not entitle defendant to keep the evidence from the jury because "the focus of this reprehensibility factor is on "the frequency and profitability of the defendant's prior or contemporaneous similar conduct."  *Nickerson v. Stonebridge Life Ins. Co.*, 5 Cal. App. 5th 1, 20–21 (2016).

## IV.   CONCLUSION

MGA's attempt to block all evidence of its prior similar conduct is improper during a punitive damages trial.  As explained by another district court, "[u]nless the defendant is willing to take the stand and admit its 'evil mind,' the plaintiff must prove entitlement to punitive damages with circumstantial evidence. Thus, whether the defendant intended to injure the plaintiff or consciously disregarded the plaintiff's rights may be suggested by a pattern of similar unfair practices."  *Le v. State Farm Fire & Cas. Co.*, 676 F. Supp. 3d 760, 764 (D. Ariz. 2023).  In California, a jury can award punitive damages not simply to punish defendant for past acts but also to get defendant to discontinue its practices.  *Moore v. Am. United Life Ins. Co.*, 150 Cal. App. 3d 610, 638 (Ct. App. 1984).  MGA's MIL No. 1 should be denied.

Dated: May 14, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/John R. Keville
John R. Keville
Attorneys for Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC

## CERTIFICATE OF COMPLIANCE

The undersigned counsel for the Defendant/Counter-Claimants, certifies that this brief contains <u>1953</u> words, which complies with the word limit of L.R. 11-6.1.

By: /s/John R. Keville
John R. Keville
Attorneys for Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC

Case No. 2:20-cv-11548-JVS-AGR

OPPOSITION TO MGA'S 2026 MIL 1