John R. Keville
jkeville@sheppardmullin.com
Robert L. Green
rgreen@sheppardmullin.com
Chante B. Westmoreland
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Ave, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
*valter@sheppardmullin.com*
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MGA ENTERTAINMENT, INC.,
a California corporation,

Plaintiff,

vs.

CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive,

Defendants.

GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC,

Counter-Claimants,

vs.

MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive,

Counter-Defendants.

Case No. 2:20-cv-11548-JVS-AGR
ASSIGNED TO: Hon James V. Selna

**Response In Opposition To MGA's 2026 Motion In Limine 4**

Complaint Filed:  December 20, 2020
Trial Date:   June 23, 2026

Case No. 2:20-cv-11548-JVS-AGR

## I.   INTRODUCTION

MGA's MIL No. 4 should be denied because it seeks to exclude relevant evidence based on a false premise. The crux of MGA' MIL No. 4 is that the OMG Girlz and their counsel supposedly argued that "MGA infringed on their claimed trade dress and the OMG Girlz' NIL merely because [the OMG Dolls] had the common acronym 'OMG' in the name." Dkt. 1184 at 3. That is not true. MGA's supposed examples omit the surrounding argument and testimony that show the OMG Girlz consistently stated that all elements of the trade dress must be present. Accordingly, MGA's MIL No. 4 has no basis and should be denied.

The goal of MGA's material distortion is either to exclude any discussion of MGA's use of OMG, or argue for an improper jury instruction. Neither should be granted. The acronym OMG is part of the rights at issue, so there is no way to present the case without discussing it. Putting aside the unworkability of MGA's requested relief, the use of OMG in combination with the other elements is relevant to MGA's intent. For example, MGA's corporate representative admitted that the OMG Girlz and the OMG Dolls are unique in using all three elements of the trade dress. That uniqueness—along with the strikingly similarity between the OMG Girlz and the infringing OMG Dolls—is circumstantial evidence that MGA's choice was intentional, not coincidental.

Ultimately, "a defendant's subjective intent is rarely the subject of direct evidence in any circumstance, and is almost invariably proved circumstantially."

*McGowan v. Cnty. of Kern*, No. 1:15-cv-01365-DAD-SKO, 2018 WL 2734970, at *7 n.6 (E.D. Cal. June 7, 2018). Through its various MILS, MGA seeks to exclude relevant circumstantial evidence so the jury has little to consider. MGA's tactics should be rejected and its MIL No. 4 denied.

## II.   ARGUMENT

### A.   MGA's MIL Is Based on a False Premise

MGA claims that the OMG Girlz and their counsel argued that "merely" using the acronym "OMG" infringed their trade dress. Not so. The OMG Girlz consistently made clear that all three elements were needed. Often this was in response to *MGA's counsel* wrongly trying to split up and attack the individual elements. *See* TT 9/3/26 (PM) at 76:7-12 ("What about songs entitled 'OMG'; right? You have all these artists. I mean pick out a few, including the world-famous R&B star Usher, who released a song in 2010 called 'OMG' that went multi-platinum. I don't think Usher copied them; right?"). MGA cites three supposed examples of the OMG Girlz arguing that "OMG" alone is sufficient. Dkt. 1184 at 3. Each example omits the surrounding testimony to create a false impression.

*First*, MGA claims that Breaunna Womack testified that MGA infringed "merely" because it used the term "OMG." Dkt. 1184 at 3. What MGA relies on, however, is testimony that *MGA's counsel* elicited in cross about not-at-issue dolls. Furthermore, Ms. Womack's preceding testimony shows she believed *all* elements were present:

Q.    Tell us if you could which of the four dolls in Winter Chill are you claiming that infringe upon the OMG Girlz' trade dress, name, image, likeness.

A.    All four. **Definitely the pink and blue, but the other ones have bangs and the outfits, the edgy outfits, bold makeup, _and_ sold under OMG is infringing**.

Q.    So all four big dolls, correct?

A.    Correct.

**Q.    None of the Little Tots?**

**A.    Just looking at the big dolls.**

Q.    So the record is clear, from left to right, the big dolls that are infringing are Missy Meow, Big Wig, Camp Cutie, and Icy Gurl. All four are infringing, right, ma'am?

A.    Yes, as they are sold under the name OMG.

TT 9/6/24(AM) at 45:24–46:12. The testimony MGA relies on (highlighted), was in response to MGA's question of whether tots were accused of infringement. Ms. Womack was contrasting that the "big dolls," unlike the "tots," were sold under OMG and thus had _all_ elements.

_Second_, MGA relies on a consumer witness stating that the use of OMG "sealed the deal." Dkt. 1184 at 3. As an initial matter, this is neither argument nor testimony that using OMG _alone_ was sufficient for MGA to be liable so it does not support MGA's position. The phrase "sealed the deal" assumes as much. Instead, this was a consumer explaining their decision process:

Q.    Okay. And you don't remember which dolls you purchased that day?

A.    Like specifically, I don't remember. Some of them had **blue hair**. Some of them had a guitar. All I just remember, specifically, is that they were OMG dolls, like OMG LOL Surprise dolls. So that's all I remember. I mean, other than me saying about **the colors of the hair**. I specifically

purchased them because they were OMG. The OMG is really what sealed the deal.

Dkt. 935-2 Campell Testimony at 26:3-13. Even then, the witness explained other aspects (elements of the trade dress) that led to her confusion. Nowhere did anyone suggest MGA should be liable simply for using "OMG" as MGA claims.

*Third*, and most egregiously, MGA accuses the OMG Girlz' counsel of arguing in closing that "merely" using OMG was enough to infringe. Dkt. 1184 at 3. As shown below, MGA relies on one sentence (highlighted) to make this false assertion, while omitting the surrounding argument that shows the ***exact opposite***:

> We've been through the trade dress multiple times. You've heard it. This is the exclusive area. They've tried to pick it apart and say, well, there's been things that are experimental. There have been vibrant hair colors. **But it's all three things combined. We've been very clear on that throughout**, and that exclusive area doesn't make anything else more costly.
>
> . . .
>
> Mr. Larian admitted in this case – "have you ever seen anything besides the OMG Girlz and the O.M.G. dolls that **had colored hair, fun, urban, edgy clothing, and the name OMG**?" He said: "In this court you mean? No." **He hasn't seen anything that meets all three elements of the trade dress**. He said, "to the best of my knowledge, no other doll uses the name 'OMG' in the fashion doll."
>
> Ms. Pullins said OMG Girlz' **fans associate these three elements with the OMG Girlz**.
>
> Tameka Harris made it very clear, as did I think all the witnesses, **not claiming that any particular piece of clothing is the trade dress, claiming it's the combination of all three**.
>
> It doesn't make anything alternative more costly because the name "OMG" is what starts it all. Tameka Harris was asked: "So whatever's in the line is accused?" And she said: "If you have a line that's called JK, no, it's not. **But if it's a line that says O.M.G. dolls and it has these other elements, then yes.**"

TT 9/20/24(AM) at 107:24–109:19. The OMG Girlz' counsel reiterated that all elements were necessary before and after the clause that MGA selectively quotes.

As shown above, the OMG Girlz never argued that "merely" using OMG was sufficient for liability. Nor do they have any intention to do so in the punitive damages trial. The OMG Girlz have always stated the trade dress has three required elements and will do the same in the punitive damages trial. MGA's motion should therefore be denied.

**B.      The Use of OMG Is Relevant and Should Not Be Excluded**

After premising its MIL on an argument the OMG Girlz' never made, MGA broadens its requested relief to preclude any argument that the use of OMG be considered by the jury at all. This is improper. The acronym OMG is part of the rights at issue and thus plainly relevant. There is nothing *unfairly* prejudicial about it, much less that would substantially outweigh its probative value as required for FRE 403. MGA's only argument on prejudice is that mentioning "OMG" will somehow conflate the trademark claim. Dkt. 1184 at 5. But it is MGA that is improperly conflating the claims. The Court's ruling that the use of "OMG" alone is not sufficient for trademark infringement does not mean that the jury cannot consider it as part of the circumstantial evidence of MGA's intent.

MGA even goes so far as to propose the jury be instructed that " 'OMG' is a generic term that the Counterclaimants do not own, and the jury should not infer from MGA's selection or use of 'OMG' that MGA acted with the requisite malice,

Case No. 2:20-cv-11548-JVS-AGR

OPPOSITION TO MGA'S 2026 MIL 4

oppression, or fraud warranting punitive damages." Dkt. 1184 at 5–6. This goes far beyond the purported premise of MGA's Motion, which was that "OMG" *alone* could not show malice, oppression, or fraud. Now MGA asks the Court to put its thumb on the scale such that *no weight* can be given to the use of OMG, even though it is part of the combination of elements that led to MGA's liability. The jury will be instructed on the elements necessary for punitive damages. What inferences it draws from the evidence should be left to their province. MGA's MIL No. 4 should be denied.

## III. CONCLUSION

MGA's Motion is based on something that never happened and could be denied for that reason alone. The goal of MGA's distortion is to either exclude any discussion of "OMG" or preemptively argue for an improper and prejudicial jury instruction. MGA has provided no basis to exclude relevant evidence nor is a MIL the place to advocate for improper jury instructions. MGA's MIL No. 4 should be denied.

Dated: May 14, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/John R. Keville
John R. Keville
Attorneys for Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC

Case No. 2:20-cv-11548-JVS-AGR

OPPOSITION TO MGA'S 2026 MIL 4

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel for the Defendant/Counter-Claimants, certifies that this brief contains <u>1572</u> words, which complies with the word limit of L.R. 11-6.1.

By: /s/John R. Keville
<u>John R. Keville</u>
Attorneys for Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC

Case No. 2:20-cv-11548-JVS-AGR

OPPOSITION TO MGA'S 2026 MIL 4