Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMITH PC
One California Plaza
300 South Grand Avenue, Ste. 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
Tyler Freeman (*pro hac vice*)
tfreeman@McKoolSmith.com
MCKOOL SMITH PC
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Telephone: (214) 978-4009

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC.,<br>Plaintiff,<br><br>v.<br><br>CLIFFORD "T.I." HARRIS, et al.,<br>Defendants.<br><br>GRAND HUSTLE, LLC, et al.,<br>Counter-Claimants,<br><br>v.<br><br>MGA ENTERTAINMENT INC., et al.<br>Counter-Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned to: Hon. James V. Selna<br><br>**MGA'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4 RE: EXCLUSION ARGUMENT THAT MGA'S USE OF "OMG" EVIDENCES MALICE, FRAUD, OR OPPRESSION**<br><br>Final Pretrial Conference:<br>Date: June 8. 2026<br>Time: 11:00 A.M.<br><br>Complaint Filed: December 22, 2020<br>Trial Date: June 23, 2026 |

## I.    **INTRODUCTION**

Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian (collectively, "MGA") seek straightforward relief in this Motion *in Limine* No. 4 ("Motion"): an order precluding Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC, and Counterclaimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "Counterclaimants") from arguing or otherwise suggesting they possess an ownership, or otherwise superior, right in the popular and ubiquitous acronym "OMG" to establish the malice, oppression, or fraud necessary to support punitive damages under Counterclaimants' claim for misappropriation of name, identity and likeness ("NIL").  This requested relief is consistent with what the Court already ordered on July 29, 2022, by precluding Counterclaimants from re-urging to the jury issues they lost on summary judgment.  Namely, the Court granted summary judgment in favor of MGA on Counterclaimants' trademark claim and held "OMG" is a generic, common term which, on its own, cannot be owned.  Dkt. 326 at 21–22.

To be clear, MGA does not seek to exclude use of the term "OMG," references to the product names, or discussion of certain evidence presented during the liability phase.  Rather, MGA seeks only to exclude argument that MGA's lawful use of the generic acronym "OMG" itself evidences malicious intent, oppression, or fraud.

In response to this simple premise, Counterclaimants muddy the waters by arguing MGA bases its Motion on arguments Counterclaimants never made and misconstruing the nature of MGA's requested relief.  The Court should grant the Motion for two reasons.

*First*, despite Counterclaimants' accusations that MGA asks the Court to "put its thumb on the scale such that *no weight* can be given to the use of OMG[,]" MGA requests much narrower relief.  Dkt. 1191 at 6 (emphasis in

original).  MGA asks the Court to preclude Counterclaimants from claiming a right to the term "OMG" to the jury.  This relief echoes the Court's rulings in its July 29, 2022 Order and aligns with what Counterclaimants themselves admitted in their submissions to the USPTO.

*Second*, Counterclaimants contend "OMG is part of the rights at issue" with respect to "the use of OMG in combination with other elements" of Counterclaimants' claimed trade dress; but trade dress infringement is ***not relevant*** to the punitive damages phase on Counterclaimants' ***NIL claim***.  Dkt. 1191 at 1.  Counterclaimants want to argue that the dolls' alleged fulfillment of the claimed trade dress elements also instructs on MGA's intent and punitive damages.  That is, Counterclaimants have revealed that they, in fact, intend to argue their trade dress claim, even though the sole issue is whether Counterclaimants have the requisite evidence of malice, oppression, or fraud on the NIL claim.  This confirms the need for the requested relief.  Indeed, as MGA stated in the Motion, "Argument that MGA's use or selection of 'OMG' evidences intent to misappropriate Counterclaimants' NIL conflates the issues related to liability . . . with the propriety of punitive damages on Counterclaimants' NIL claim."  Dkt. 1184 at 5.  Counterclaimants' conflation of liability for now-resolved claims with whether punitive damages should be awarded for a different claim risks confusing the issues, misleading the jury, and prejudicing MGA.

For these reasons, MGA respectfully requests that the Court grant the Motion.  In the alternative, if the Court permits such references, MGA respectfully requests a limiting instruction clarifying that: (1) "OMG" is a generic and commonly used term; (2) Counterclaimants possess no exclusive rights in the term itself; and (3) the jury may not infer malice, oppression, or fraud merely from MGA's use of the term "OMG."

-2-

## II.   ARGUMENT

### A.   MGA Asks For An Order Embracing The Court's Prior Ruling And Counterclaimants' Own Concession That They Do Not Own The Generic Term "OMG."

At summary judgment, the Court held that Counterclaimants' trademark claim could not be sustained and granted summary judgment to MGA. *See, e.g.*, Dkt. 326 at 22. The Court's Order is rife with commentary on the common, non-distinctive nature of "OMG," in isolation: "on its own, the term 'OMG' is commonly used slang that means 'Oh, my god/gosh' as a text or verbal shorthand," observing there is "prevalent third-party use of the 'OMG' mark" and resolving that "OMG" is "generic," "common," and "non-distinctive." *Id.* at 21–22. Counterclaimants fail to engage with the Court's observations—instead, they mostly ignore them. *See* Dkt. 1191 at 5 (mentioning the Court's order one time). This is likely because Counterclaimants cannot credibly argue that the adjudicated issue remains relevant to the limited question of punitive damages on the separate NIL claim. *See, e.g.*, *Sky Zone, LLC v. Flip N Out, LLC*, 2:10-CV-567 JCM (PAL), 2015 WL 4548694, at *2 (D. Nev. July 28, 2015) (granting a motion *in limine* that precluded the defendant from introducing testimony or evidence about issues adversely resolved at summary judgment because "[w]hile defendant is entitled to challenge appealable issues with the Ninth Circuit, the court will not revisit at trial any issues already decided during claim construction and on summary judgment. Accordingly, the parties will not be permitted to introduce testimony or evidence not relevant to the limited issues still before the court."). Counterclaimants cannot circumvent the Court's summary judgment ruling by repackaging MGA's lawful use of a generic term as evidence of punitive intent.

Moreover, Counterclaimants ignore their own submissions to the USPTO, containing similar comments about the incapability of owning a right to "OMG"

-3-

in isolation.  Specifically, Counterclaimants admitted as much in their Response to Office Action, submitted to the USPTO, when they argued the term "OMG" was common and widely used.  *See, e.g.*, Dkt. 1026 (TT 9/4/2024 AM) at 118:16–119:15 (referring to Trial Exhibit 5501).  Counterclaimants should not now be permitted to imply to the jury that they possess exclusive or superior rights in the term.

### B.    Counterclaimants' Conflation Of Liability On Their Trade Dress Claim With Punitive Damages Under The Relevant NIL Claim Risks The Dangers Identified By Rule 403.

Counterclaimants spill much ink over the elements required to prove liability for their trade dress claim, which is no longer at issue.  Specifically, Counterclaimants contend that they "have always stated the trade dress has three required elements [for liability] and will do the same in the punitive damages trial." Dkt. 1191 at 5.  But argument probative of one element of ***trade dress liability*** is irrelevant to whether Counterclaimants can establish MGA's purported malice, oppression, or fraud sufficient to award punitive damages under ***Counterclaimants' NIL claim***.  Indeed, as addressed in prior briefing to the Court, punitive damages are unavailable under the trade dress claim.  *See* Dkt. 1046 at 23 n.6; *see also La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 342 (6th Cir. 2010) ("[T]he Lanham Act expressly prohibits levying damages that may be classified as a 'penalty'" (collecting cases)).  Thus, the minimal probative value (if any) that Counterclaimants seek in arguing a right to "OMG" to the jury is substantially outweighed by the dangers of confusing the jury about what is at issue in this punitive damages trial, misleading the jury into considering liability issues when none are relevant to MGA's intent, and unfairly prejudicing MGA with needless preparation for Counterclaimants' rehashing of liability issues to the jury.  *See* Fed. R. Evid. 403.

At minimum, if the Court permits such references, MGA respectfully requests a limiting instruction clarifying that: (1) "OMG" is a generic and commonly used term; (2) Counterclaimants possess no exclusive rights in the term itself; and (3) the jury may not infer malice, oppression, or fraud merely from MGA's use of the term "OMG."

## III.    CONCLUSION

For these reasons, MGA respectfully requests that the Court grant the Motion and preclude Counterclaimants from arguing or suggesting they possess an ownership, or otherwise superior, right in the term "OMG" to the jury to establish the malice, oppression, or fraud necessary to support punitive damages under Counterclaimants' NIL claim.

Dated:  May 25, 2026

UMBERG ZIPSER LLP

By _____

MARK A. FINKELSTEIN

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

-5-

Case No. 2:20-cv-11548-JVS-AGR
MGA'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 4

## CERTIFICATE OF COMPLIANCE

I, Mark A. Finkelstein, counsel of record for Plaintiff and Counter-Defendants, certifies that this brief contains 1,299 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 25, 2026                              UMBERG ZIPSER LLP

 

Mark A. Finkelstein
Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

-6-