Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMIITH PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
Tyler Freeman (*pro hac vice*)
tfreeman@McKoolSmith.com
MCKOOL SMIITH PC
McKool Smith
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Telephone: (214) 978-4009

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

John R. Keville (*pro hac vice*)
jkeville@sheppard.com
Michelle C. Replogle (*pro hac vice*)
mreplogle@sheppard.com
Robert L. Green (*pro hac vice*)
rgreen@sheppard.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

*Attorneys for Defendants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> Assigned to:  Hon. James V. Selna <br><br> **[PROPOSED] PRELIMINARY INSTRUCTIONS FOR PUNITIVE TRIAL** <br><br> Final Pretrial Conference: <br> Date:  June 8, 2026 <br> Time: 11:00 am <br> Place: Courtroom 9C <br><br> Complaint Filed:  December 20. 2020 |

Case No. 2:20-cv-11548-JVS-AGR

SMRH:4899-7463-7465.1

Trial Date: June 23, 2026

GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,

Counter-Claimants,

vs.

MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,

Counter-Defendants.

SMRH:4899-7463-7465.1

INSTRUCTION NO. 1: Introduction

Ladies and gentlemen, you are now the jury in this case. It is my duty to instruct you on the law. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what the verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion or biases, including unconscious biases.

Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

In following my instructions, you must follow all of them and not single out some and ignore others. They are all important.[1]

---

[1] Trial Transcript Day 1 PM at 13-14.

SMRH:4899-7463-7465.1

**INSTRUCTION NO. 2: Introduction to This Phase of Trial**[2]

This is the punitive damages phase of the trial in the case of MGA Entertainment, Inc. v. Clifford "T.I." Harris, et al. Your role in this phase is specific and carefully defined.

This trial is the second of two distinct phases. The first phase, the liability and damages phase, was completed before a different jury. Certain findings from that phase are final and binding on you, as I will describe in more detail in a moment. Your task in this second phase involves two sequential questions, which I will describe in a moment.

To help you follow the evidence, I will give you a brief summary of the case background as it relates to this phase of the case. This case you will hear about is a lawsuit brought by a toy company, MGA Entertainment Inc. against a music and entertainment group, OMG Girlz, LLC, and two related entertainment companies, Pretty Hustle, LLC, and Grand Hustle, LLC.

There are also individual parties: Isaac Larian, who is the CEO of MGA; Clifford T.I. Harris, who is the CEO of Grand Hustle; and Tameka "Tiny" Harris, who is the CEO of Pretty Hustle.

I will collectively refer to Clifford T.I. Harris, Tameka "Tiny" Harris, OMG Girlz LLC, Pretty Hustle, LLC, and Grand Hustle, LLC as the "OMG Girlz." In an earlier phase of this case, a jury found in favor of the OMG Girlz on their claims that certain dolls infringe on the OMG Girlz' trade dress within MGA's doll product line called L.O.L. Surprise! O.M.G. misappropriate the name, likeness, or identity of the OMG Girlz.  The OMG Girlz were awarded damages.

---

[2] *See* Dkt. 1144 and Trial Transcript Day 1 PM at 13-14.

-2-                                        Case No. 2:20-cv-11548-JVS-AGR

SMRH:4899-7463-7465.1

**INSTRUCTION NO. 3A (OMG Girlz): <u>Prior Findings — What Has Already Been Decided</u>**

This case was tried to a jury between September 3, 2024 and September 23, 2024. That jury returned findings, and those findings are now final and binding. you must accept them as established facts. You are not permitted to revisit, reconsider, question, or change them in any way.[3]

The prior jury made The following findings, each of which is final:

A. **Trade Dress Infringement.** The prior jury returned a verdict in favor of the OMG Girlz on their claims against MGA and Mr. Larian for trade dress infringement under 15 U.S.C. § 1125 for the following L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.[4]

B. **Misappropriation of Name, Likeness, or Identity (Right of Publicity).** The prior jury also returned a verdict in favor of the OMG Girlz on their claim for common law misappropriation of name, likeness, or identity with respect to the following dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.[5]

C. **Disgorgement of Profits.** The jury awarded and the Court adopted the damages award of $17,872,253. This amount is final. You are not asked to recalculate it, revisit it, or alter it in any way.[6]

D. **MGA's claims.** MGA sought a ruling that 17 other dolls did not infringe the OMG Girlz trade dress and did not misappropriate the OMG Girlz' name, likeness, or identity. The jury found that 6 of those dolls (Downtown B.B., Punk Grrrl,

---

[3] *See* Dkt. 1144

[4] Dkt. 1118

[5] Dkt. 1118

[6] Dkt. 1090, 1118

SMRH:4899-7463-7465.1

Virtuelle, Honeylicious, Miss Independent, and City Babe) infringed the OMG Girlz trade dress and misappropriated the OMG Girlz' name, likeness, or identity. The jury found that one additional doll (Shadow) infringed the OMG Girlz' trade dress, and separately one additional doll (Miss Glam) misappropriated the OMG Girlz' name, likeness, or identity. No damages were sought or awarded based on these dolls.

Do not speculate about why the prior jury reached its conclusions. Do not re-examine the evidence from the liability phase in an attempt to reach a different result. Your job begins where the prior jury's job ended with two questions that remain unresolved, described below.

INSTRUCTION NO. 3B (MGA's): Prior Findings — What Has Already Been Decided

This case was tried to a jury between September 3, 2024 and September 23, 2024. That jury returned findings, and you must accept them as established facts.[7]

The following findings are relevant to this phase of the trial:

The prior jury returned a verdict in favor of the OMG Girlz on their claim for common law misappropriation of name, likeness, or identity with respect to the following seven L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.[8]

The OMG Girlz were awarded disgorgement of all of MGA's profits on those seven dolls, which was $17,872,253.[9]

INSTRUCTION NO. 4: The Two Questions Before You

---

[7] *See* Dkt. 1144

[8] Dkt. 1118

[9] Dkt. 1090, 1118

SMRH:4899-7463-7465.1

You will be asked to decide two questions in this phase, in the following order:

Question One: Did MGA or Mr. Larian act with oppression, fraud, or malice in connection with its misappropriation of the OMG Girlz' name, likeness, or identity?[10]

Question Two: If you answer Question One "Yes," what is the appropriate amount of punitive damages, if any, to award to the OMG Girlz?[11]

---

[10] Dkt. 1013

[11] Dkt. 1013

SMRH:4899-7463-7465.1

INSTRUCTION NO. 5: <u>Remaining Preliminary</u>[12]

When a party has the burden of proof on any claim by clear and convincing evidence, it means that you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence and a lower standard than beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it. The evidence you are to consider in dealing with the facts consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence; and

3. Any facts to which the lawyers have agreed.

Some evidence may be admitted for a limited purpose. When I instruct you that an item of evidence is admitted for a limited purpose, you may consider it only for that limited purpose and for no other.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact such as the testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

By way of example, if you wake up in the morning and see the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in light of reason, experience, and common sense.

---

[12] Trial Transcript Day 1 PM at 13-14.

SMRH:4899-7463-7465.1   Case No. 2:20-cv-11548-JVS-AGR

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you.

Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Questions and answers by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the Rules of Evidence. You should not be influenced by the objection or by the Court's ruling on it.

Testimony that has been excluded or stricken or that you've been instructed to disregard is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose. When I give a limiting instruction, you must follow it.

Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

There are Rules of Evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the Rules of Evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received.

Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been. Sometimes I may order that evidence be stricken from the record and that you disregard or ignore it. That means

SMRH:4899-7463-7465.1

that when you are deciding the case, you must not consider the evidence that I told you to disregard.

A deposition is the sworn testimony of a witness before trial. The witness is placed under oath to tell the truth, and the lawyers for each party may ask questions. The questions and answers are recorded. When a person was deposed as a corporate representative of a party, the deposition of that representative may be used at trial.

In deciding the facts of the case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says or part of it or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. The opportunity or ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same thing, the same event, but remember it

SMRH:4899-7463-7465.1

differently. You may consider these differences, but do not decide that the testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are and how much weight you think the testimony deserves.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide the case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

Until the end of the case, unless I tell you otherwise, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by telephone or electronic means, via email, text messaging, or internet chat room, blog, website, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation. And it applies to communicating with everyone else, including your family members, your employer, and the people involved with the case, although you may notify your family and your employer that you've been seated as a juror in this case. If you are asked or approached in any way about your jury service or anything to do

with this case, you must respond that you've been ordered not to discuss the matter and to report the contact to the Court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict, do not read, watch, listen to any news or media accounts or commentary about the case or anything to do with it. Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials. And do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence each party has had an opportunity to address. A juror who violates these instructions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the Court immediately.

During your deliberations, you will have to make your decisions based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given. If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourselves until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what the parties expect the evidence will show. A party is not required to

-10-

SMRH:4899-7463-7465.1

make an opening statement. Then plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then defendants may present evidence, and counsel for plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make their closing arguments. After that, you will go to the jury room to deliberate on your verdict.

SMRH:4899-7463-7465.1

Dated:  June 1, 2026

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/John R. Keville

John R. Keville

*Attorney for Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girls, LLC*

UMBERG ZIPSER LLP

By: /s/ Mark A. Finkelstein

MARK A. FINKELSTEIN

*Attorney for Plaintiff and Counter-Defendant MGA Entertainment, Inc. and Counter-Defendant Isaac Larian*

## ECF ATTESTATION

I, John R. Keville, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the e-filing of the foregoing document in compliance with Local Rule 5-4.3.4.

Dated:  June 1, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ John R. Keville
    John R. Keville
    *Attorney for Defendants Clifford "T.I." Harris, Tameka "Tiny" Harris, OMG Girlz LLC, and Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girls, LLC*

-12-

Case No. 2:20-cv-11548-JVS-AGR