UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | | Date | June 11, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] <u>Order Regarding Motions *in Limine*</u>**

Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian (together, "MGA") move the Court for relief by way of Motions *in Limine*. (Motions in Limine ("MIL"), Dkt. Nos. 1181, 1182, 1183, 1184.) Defendants and Counterclaimants Clifford "T.I." Harris, Tameka "Tiny" Harris, and OMG Girlz LLC (collectively, "Harrises" or "OMG Girlz") filed oppositions. (Opp'ns, Dkt. Nos. 1188, 1189, 1190, 1191.) MGA replied. (Replies, Dkt. Nos. 1199, 1200, 1201, 1202.) The OMG Girlz also filed an Offer of Proof. (See Offer of Proof, Dkt. No. 1186, at 5–8.) MGA opposed. (See Opp'n to Offer of Proof, Dkt. No. 1187.) OMG Girlz replied. (See Reply to Offer of Proof, Dkt. No. 1203.)

The Court now enters its rulings as to MIL Nos. 1, 2, 3, and 4 and the Offer of Proof.

I.      <u>MGA's Motions *in Limine*.</u>

      A.      <u>Motion *in Limine* No. 1: Exclude Evidence of Alleged Copying or Misappropriation on which Disgorgement was not Awarded</u>

MGA seeks an order to exclude OMG Girlz from offering evidence of copying and conduct by MGA beyond that instances of copying of the seven dolls that supported the disgorgement award. (MIL #1, Dkt. No. 1181, at 3.) Simultaneously, OMG Girlz has submitted an Offer of Proof, requesting to bring in evidence of:

(1) artist Amina Mucciolo's allegations on social media that MGA copied her to create the Ranbow Raver LOL Suprise!

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | June 11, 2026 |

| | |
|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al |

<div style="margin-left:2em">

Tot doll;
(2) artist Victoria Monet's allegations on social media that
MGA copied her music video to create a promotional video
for Bratz dolls; and
(3) infringement lawsuits between MGA and Louis Vuitton
over the Pooey Puitton doll, resulting in a verdict for Louis
Vuitton in France.

</div>

(See Offer of Proof at 5–8.)  OMG Girlz claim that this evidence is relevant to the punitive damages phase of trial because it is evidence of reprehensibility: specifically, the pattern and practice of MGA's copying.  (See id. at 1, 3.)  MGA claims that this evidence is irrelevant because it does not help the jury determine a punitive damages award tethered to the infringement of the seven dolls.  (See MIL #1 at 4–5; Opp'n to Offer of Proof at 6–7.)

The Supreme Court has found that "a plaintiff may show harm to others in order to demonstrate reprehensibility."  Philip Morris USA v. Williams, 549 U.S. 346, 355 (2007).  But these other acts must similar to that which harmed the plaintiff.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422-24 (2003); (MIL #1 Reply at 4.)  MGA argues that evidence offered by OMG Girlz is dissimilar to the harm in this case because it involves other dolls, other artists, other industries, and other lawsuits.  (See Opp'n to Offer of Proof at 10; MIL #1 Reply at 4.)  The Court finds that MGA's conception of "similar" is too narrow because it would limit "similar" acts to the harm in this case alone.  (See MIL #1 Opp'n at 2.)  But "similar" conduct is not so broad as to encompass any allegations against MGA for "deliberate use of a third party's creative or intellectual property without a license."  (See Reply at Offer of Proof at 11.)  Of the evidence OMG Girlz seeks to bring in, only one allegation involves a doll, the use of pop culture, and response on social media: the claims brought by Amina Mucciolo ("Mucciolo").  (See id. at 7.)  The Court finds this evidence sufficiently similar to demonstrate reprehensibility.

The Court recognizes MGA's concern that admitting such evidence will result in "trials-within-a-trial on allegations."  (See Opp'n to Offer of Proof at 12–13.)  That the claims brought by Mucciolo were only allegations does not alter the evidence's probative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:20-cv-11548-JVS-AGR        Date    June 11, 2026

Title    MGA Entertainment Inc. v. Clifford T.I. Harris et al

value for evaluating reprehensibility.  There exists sufficient proof for the jury to find that MGA committed the act.  See Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (holding that for other act evidence to be admissible, "there must be sufficient proof for the jury to find that the defendant committed the other act"); Aqua Connect, Inc. v.Code Rebel, LLC, No. CV 11-5764, 2013 WL 4663355, at *2 (C.D. Cal. Aug. 28, 2013) (finding other act evidence admissible if the court finds that "the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.").[1]

The Court finds that the probative value of the evidence outweighs the concern of Rule 403 prejudice or confusion.  But the jury may only take evidence of the Mucciolo allegations into account for reprehensibility, not to punish MGA for the conduct itself. See Philip Morris, 549 U.S. at 355 ("[A] jury may not go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties.); see also Bullock v. Philip Morris USA, Inc., 159 Cal. App. 4th 655, 692, 71 Cal. Rptr. 3d 775, 804 (2008).  Accordingly, the Court finds a limiting instruction appropriate.  (See MIL #1 at 9).  The Court will use language instructed by CACI No. 3947: "Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than MGA."  See Judicial Council of California Civil Jury Instructions, Instruction No. 3947 (2020).

Thus, OMG Girlz may bring evidence of the Mucciolo allegations.  Accordingly, the Court **DENIES-in-part** MGA's MIL #1 and **GRANTS-in-part** OMG Girlz' Offer of Proof.

      B.    Motion *in Limine* No. 2: Exclude Evidence Regarding Alleged Spoliation or Destruction of Documents or Evidence

---

[1] The parties debate whether Rule 404(b) applies to the punitive damages phase of trial.  See Fed. R. Evid. 404(b); (Reply to Offer of Proof at 11–14; MIL #1 Opp'n at 4–5; MIL #1 Reply at 5–6.)  The Court need not resolve this question.  Nonetheless, the Court notes that the Mucciolo evidence is admissible under Rule 404(b): (1) there is sufficient proof MGA committed the other act; (2) the other act is not too remote in time; (3) the other act is introduced to prove a material issue; and (4) the other act is similar to the offense at issue.  See Duran at 221 F.3d at 1132-33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:20-cv-11548-JVS-AGR    Date    June 11, 2026

Title    MGA Entertainment Inc. v. Clifford T.I. Harris et al

MGA seeks an order to exclude OMG Girlz from offering evidence or argument regarding MGA's alleged failure to preserve evidence.[2]  (MIL #2, Dkt. No. 1182, at 1, 3.)  It claims that such arguments are unsupported by evidence and irrelevant to the issue of punitive damages.  (See id. at 4–6.)

OMG Girlz had previously sought sanctions based on spoliation after the close of discovery, claiming that MGA failed to institute a litigation hold and did a poor job of collecting relevant records.  (Sanctions Order at 4–5.)  Indeed, MGA admitted that it failed to institute a litigation hold at the outset of the lawsuit, and the Court found that MGA only looked for documents in a limited set of folders on employees' work folders during discovery.  (Id. at 9.)  The Court found these practices negligent—even grossly so.  (See id. at 11–13.)  But the Court did not find that MGA had a "culpable state of mind" to spoil evidence, and it found no evidence that MGA's negligent practices actually led to the loss of evidence.  (See id. at 11–14.)  Thus, the Court found no spoliation.  (See id. at 12.)  Still, the Court found that OMG Girlz were "free to present evidence to the jury concerning MGA's failure to institute a litigation hold and lack of systematic practices of collecting records. Likewise, they are free to argue to the jury that such conduct likely led to the loss of relevant information."  (Id. at 14.)

But MGA claims that OMG Girlz failed to establish that any evidence was lost at the September 2024 trial.  (See MIL #2 at 4–5.)  MGA points to the testimony of MGA's designer, Blanche Consorti ("Consorti"), who testified that all design documents were preserved.  (Id.)  By contrast, OMG Girlz claims that the trial revealed discrepancies between MGA's claimed design process and the materials (including mood boards) presented for the infringing dolls.  (See MIL #2 Opp'n at 3–4.)  They argue that this departure is relevant for punitive damages, specifically MGA's intentions, degree of reprehensibility, and concealment.  (See id. at 4–5.)

After three trials, OMG Girlz still lack strong evidence that MGA failed to capture

---

[2] OMG Girlz does not argue that MGA destroyed or altered any evidence, just that MGA failed to preserve evidence, impeding discovery.  (See MIL #2 Opp'n, Dkt. No. 1189, at 5–6; Sanctions Order, Dkt. No. 503, at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-AGR | Date | June 11, 2026 |

| | |
|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al |

relevant information in discovery.  (See MIL #2 at 4–5.)  Given the weak evidence, OMG Girlz' arguments risk suggesting to the jury that even the potential of missing evidence is a basis for awarding punitive damages.  (See MIL #2 Opp'n at 4–5.)  Thus, the Court finds that the probative value is substantially outweighed by the risk of prejudice under Rule 403.  Fed. R. Civ. P. 403.

Accordingly, the Court **GRANTS** MGA's MIL #2.

C.      Motion *in Limine* No. 3: Exclude Evidence Regarding Alleged "Consumer Confusion"

MGA seeks an order to exclude OMG Girlz from introducing evidence of consumer confusion, including testimony from customer witnesses and OMG Girlz' social media posts and poll.  (MIL #3 at 1.)

In April 2022, during the discovery period, Counterclaimants Tameka Harris and Zonnique Pullins uploaded to their respective Instagram accounts a series of photos and videos comparing MGA's dolls with photos of the OMG Girlz bandmembers.  (See id. at 4; Dkt. 269 at 4–5.)  Their posts asked their total of 10.5 million followers "Do these dolls look familiar?"  (Id.)  OMG Girlz used the response to these posts to find four consumer witnesses.  (MIL #3 at 4–5.)

MGA seeks to exclude this evidence because consumer confusion has no relevance to the issue of punitive damages, for which the jury must assess MGA's intent in misappropriating OMG Girlz' likeliness in creating the seven dolls.  (Id. at 3, 6.)  OMG Girlz argues that MGA's framing is overly narrow, and this evidence supports the jury's evaluation of punitive damages factors such as MGA's use of trickery and deceit, the actual and foreseeable harm caused to the OMG Girlz, and MGA's pattern and practice.  (See MIL #3 Opp'n, Dkt. No. 1190, at 1, 4.)

MGA contends that consumer confusion was only relevant for trade dress liability, for which the jury has already found liability.  (See MIL #3 at 6.)  This trial is for determining punitive damages stemming from OMG Girlz' claim for misappropriation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:20-cv-11548-JVS-AGR                    Date    June 11, 2026

Title    MGA Entertainment Inc. v. Clifford T.I. Harris et al

by MGA of OMG Girlz' name, identity, or likeness ("NIL"), and thus MGA claims that consumer confusion has no relevance. (Id. at 3.) But at the September 2024 trial, during punitive damages closing statements, MGA's counsel stated "[y]ou further heard evidence that despite all that volume of sales, the company had never heard any complaints from customers or our retailers who had given us feedback of any kind of confusion or similarity confusion or anything of that sort." (MIL #3 Opp'n at 7; Dkt. 1037 at 33:11-16.) With this statement, MGA suggested that consumer confusion may be relevant for punitive damages.

The perceived differences between the OMG Dolls and the OMG Girlz may go to the reprehensibility factor of punitive damages.[3] (See MIL #3 Opp'n at 6.) But, just as in previous trials, the Court is concerned about the bias of the consumer witnesses and the social media responses; they stem from fans and followers of OMG Girlz, not the broader public. (See Mot. at 9 (discussing Fed. R. Civ. P. 403 bias); Reply at 8; Dkt. 851 at 45:13–46:8.) Further, the witnesses' experience being "deceived" into believing the dolls had an affiliation with the girl group is irrelevant for the evaluation of punitive damages as to MGA's conduct against OMG Girlz. See Philip Morris, 549 U.S. at 356-57 (finding that a jury "may not punish for the harm caused others"); (MIL #3 Opp'n at 1, 12.) Thus, the Court finds that consumer witnesses are unlikely to testify as to anything that the jury could not decide for itself at this stage of the trial.[4]

However, if MGA raises arguments regarding consumer confusion or lack of consumer complaints, it will open the door for OMG Girlz to present such consumer evidence in rebuttal. At the June 8, 2026 hearing, MGA assured the Court that it will not open the door. (See Dkt. No. 1211.) Nonetheless, the Court reminds the parties that if

---

[3] MGA argues that none of these witnesses can speak to the punitive damages factors. (Reply at 1.) But the witnesses need not speak to the factors—their testimony must simply be relevant to the factors, aiding the jury in determining its verdict.

[4] Additionally, the Court notes that the timing of the social media posts undermines OMG Girlz's theory of MGA's notice of consumer complaints and confusion. (See MIL #3 Opp'n at 7.) The social media posts were made during discovery, after this lawsuit was initiated. (See id. at 2–3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:20-cv-11548-JVS-AGR                                 Date    June 11, 2026

Title    MGA Entertainment Inc. v. Clifford T.I. Harris et al

the door is opened, the Court will allow witnesses questioned about the social media polls to discuss the number of responses without getting into the details of other users' posts and comments, just as it ruled in the September 2024 trial.  (See Dkt. 1030 at 9:11–14.)

Thus, the Court **GRANTS-in-part** MGA's MIL #3.

> D.    <u>Motion *in Limine* No. 4: Exclude Argument that MGA's Use of "OMG" Evidences Malice, Fraud, or Oppression</u>

MGA seeks to exclude any argument or evidence that its use of the generic "OMG" acronym evidences malice, oppression, or fraud.  (<u>See</u> MIL #4 at 3.)  MGA points to the July 29, 2022 Summary Judgment Order in which the Court found that the term "OMG" alone could not serve as a basis of the trademark claim.  (<u>See</u> Summ. J. Order, Dkt. 326 at 22.)  The Court found that the term was too common and generic to singularly serve as a basis for consumer confusion; but when considered with other distinctive elements, such as hairstyle, wardrobe, and music themes, a viable basis for consumer confusion may exist.  (<u>Id.</u> at 21–22.)   MGA now requests a limiting instruction clarifying that OMG Girlz possess no exclusive rights in the term "OMG" and that the jury may not infer malice, oppression, or fraud merely from MGA's use of the term "OMG."

OMG Girlz do not argue that MGA's use of the term "OMG" alone was sufficient for liability.  (<u>See</u> MIL #4 Opp'n, Dkt. No. 1191, at 5.)  Further, the Summary Judgment ruling is not squarely applicable here; this punitive damages trial is based on the NIL claim, not the trade dress claim.  (<u>See</u> MIL #4 Reply, Dkt. No. 1202, at 4.)  The jury is entitled to take into account the use of the term "OMG," along with the other similarities, in order to determine a punitive damages verdict.

The Court finds that MGA's requested limiting instruction is unnecessary and potentially confusing.  To the degree OMG Girlz leans *exclusively* on the use of "OMG" as a basis for punitive damages, MGA may raise this motion again at trial.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-11548-JVS-AGR                           Date   June 11, 2026

Title   MGA Entertainment Inc. v. Clifford T.I. Harris et al

Thus, the Court **DENIES** MGA's MIL #4.

\* \* \* \* \* \* \* \* \* \* \* \*

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**