John R. Keville
jkeville@sheppard.com
Michelle C. Replogle
mreplogle@sheppard.com
Robert L. Green
rgreen@sheppard.com
Chante B. Westmoreland
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Ave., 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive, <br><br> Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> ASSIGNED TO: Hon James V. Selna <br><br> **OMG GIRLZ'S OPPOSITION TO MGA'S REQUEST FOR JUDICIAL NOTICE (FRE 201)** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC, <br><br> Counter-Claimants, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive, <br> Counter-Defendants. | Complaint Filed: December 20, 2020 <br> Trial Date:   June 23, 2026 |

OMG GIRLZ hereby request that the Court refuse judicial notice of Exhibits A and B to the Declaration of Mark A. Finkelstein pursuant to Federal Rule of Evidence 201. MGA seeks judicial notice of two excel sheets generated by its counsel, but does not explain what relevant fact these documents provide. The request should be denied for two reasons.

***First,*** while judicial notice can be proper when the facts are not subject to reasonable dispute, the court must be "supplied with the necessary information." That includes the relevance of the information. When a party "does not explain the significance or relevance" of material included in a Request for Judicial Notice "or how they bear on Plaintiffs' claims" the request to take judicial notice is unsupported and should be denied. *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858, 871 (N.D. Cal. 2022). Here, Plaintiff's Motion for Judicial Notice has no stated purpose for the judicial notice of the wordmarks in Exhibit A and B, accordingly, Plaintiff's request should be denied. *Sinatro*, 635 F. Supp. 3d at 871.

At best, Plaintiff's request for judicial notice *suggests* that Plaintiff offers them to contest trademark strength and validity, but neither of those issues remain in this case. Even if there were pending trademark issues (there are not), a federal registration confers rights only as to the particular goods and services identified in the registration. *See* 15 U.S.C. §§1057(b); 1115(a). Registrations outside the relevant markets are not probative of strength. *See Apex Bank v. CC Serve Corp.*, 156 F.4th 1230, 1235 (Fed. Cir. 2025) (stating only third party marks of related goods and services are relevant in mark strength analysis). Here, only 15.8% of Exhibit A's listed wordmarks and only 8.9% of Exhibit B's listed wordmarks are for goods arguably

within the relevant markets as shown in Exhibit C[1] and Exhibit D[2] respectively. Given the failure to identify a stated purpose and the lack of relevance of the wordmarks identified in Exhibits A and B to the claim remaining to be tried, the Court should deny Plaintiff's request for judicial notice under Rule 201(c).

*Second*, Rule 201 does not permit a court to take judicial notice of facts subject to reasonable dispute. Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (holding that the failure to specify the particular facts, some which could be "subject to varying interpretations," in an SEC filed transcript created a "reasonable dispute as to what the [transcript] establishes."). Determining whether a fact is disputed necessarily requires the court to "consider—and identify—which fact or facts it is noticing" and ensure, not just that the source is accurate, but that the "assertion of fact within that document is judicially noticeable *for its truth*." *Id.* (emphasis added). While courts have taken judicial notice of USPTO records, "they are noticeable only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates" and are improper if used to bear on a hotly contested question. *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014); *see also Sinatro*, 635 F. Supp. 3d at 871

---

[1] Exhibit C to the Westmoreland Decl.: An annotated version of MGA's Exhibit A, with green highlighting indicating the 17 wordmarks with goods or services that directly correlate to toys or music, yellow highlighting indicating the 13 wordmarks with goods or services that tangentially correlate to toys or music, and blue highlighted cells indicating which wordmarks directly or tangentially are related to musical services. None of these are relevant here, but are included for the sake of argument.

[2] Exhibit D to the Westmoreland Decl.: An annotated version of MGA's Exhibit B, with green highlighting indicating the 28 wordmarks with goods or services that directly correlate to toys or music, yellow highlighting indicating the 9 wordmarks with goods or services that tangentially correlate to toys or music, and blue highlighted cells indicating which wordmarks directly or tangentially are related to musical services. None of these are relevant here, but are included for the sake of argument.

(denying judicial notice of trademark file-history excerpts, despite the argument they come "directly from the United States Patent and Trademark register").

Here, it is not clear what relevant factual assertion MGA is even seeking notice. MGA appears to be asserting that others have filed marks that include the words "OMG." But this just leads to numerous factual questions. What type of product was the mark for? Who is the relevant market for that product? What other words are part of the mark that might differentiate it? Why does any particular mark have any relevance or bearing on the issues before the jury? Any of these could be points of contention that are in dispute and thus not proper for judicial notice. Moreover, these searches were generated on June 3, 2026. Dkt. 1210-1 ¶¶ 2-3. This is years after MGA claims to have come up with the name for OMG Dolls, and more than a decade after the OMG Girlz started using their trademark and trade dress. A search done by MGA's attorney years later is not probative of any issue before the jury. Compounding these problems, it is unclear what witness (if any) is supposed to discuss these issues, or if it will only be the subject of attorney argument. Whatever fact MGA is seeking to argue, it will invariably be in dispute, and thus not a proper fact for judicial notice.

For the reasons stated above the court should not take judicial notice of Exhibits A and B.

Dated: June 19, 2026          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/John R. Keville*

John R. Keville
Attorneys for Defendants and
Counterclaimants Clifford "T.I." Harris,
Tameka "Tiny" Harris, OMG Girlz LLC,
and Counterclaimants Grand Hustle,
LLC, Pretty Hustle, LLC, and OMG
Girlz LLC

OMG GIRLZ'S OPPOSITION TO
MGA'S REQUEST FOR JUDICIAL NOTICE