John R. Keville
jkeville@sheppardmullin.com
Robert L. Green
rgreen@sheppardmullin.com
Chante B. Westmoreland
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Ave, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1 - 10 inclusive, <br><br> Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> ASSIGNED TO: Hon James V. Selna <br><br> **Offer of Proof Regarding OMG Girlz' Customer Depositions Showing Actual Confusion** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC, <br><br> Counter-Claimants, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., ISAAC LARIAN and DOES 1 - 10, inclusive, <br> Counter-Defendants. | Complaint Filed:  December 20, 2020 <br> Trial Date:   June 23, 2026 |

## I.    ARGUMENT

On June 11, 2026, the Court granted-in-part MGA's 2026 Motion *in Limine* No. 3. This Order excludes relevant testimony from consumers, under the reasoning that customers "being deceived into believing the dolls had an affiliation with the girl group is irrelevant for the evaluation of punitive damages as to MGA's conduct against OMG Girlz" because a jury "may not punish for the harm caused others." Dkt. 1216 at 6, quoting *Philip Morris USA v. Williams*, 549 U.S. 358, 356-357 (2007). The Supreme Court in *Philip Morris*, however, did not hold such evidence inadmissible as this Court's Order seems to have adopted. In fact, the Supreme Court further explained "conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few." *Philip Morris*, 549 U.S. at 357. As such, "a jury consequently may take this fact [harm caused others] into account in determining reprehensibility." *Id.* That is exactly as reason the OMG Girlz intended to present this consumer witness deposition testimony.

The excluded customer depositions bear directly on punitive damages because they show that ordinary consumers were deceived into purchasing multiple "OMG" dolls based on a perceived affiliation or endorsement by the OMG Girlz, evidencing foreseeable, uncompensated harm and the financial incentive for MGA's misconduct. *See Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159, 1176–79 (2005) (uncompensated foreseeable harm is a proper consideration in the punitive damages calculus). As the Supreme Court recognized, "conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few." *Philip Morris*, 549 U.S. at 357. The consumer evidence that this Court has excluded demonstrates that the harm caused by MGA impacted many, not a few. This testimony also goes to the reprehensibility factors of a pattern and practice across the doll line and "trickery or deceit". CACI No. 3947. This evidence would further rebut MGA's anticipated arguments that differences between the products negate intent or that the

OMG Girlz were not "worth copying" because the group lacked marketplace recognition.

Accordingly, while the Court's ruling precludes OMG Girlz from playing customer deposition testimony to show actual confusion, OMG Girlz respectfully offers those depositions as an offer of proof for the record and to reflect the substance of the excluded testimony.

## II.    OFFER OF PROOF AND PROFFER FOR EXPECTED TESTIMONY

Exhibit 1 attached, includes the OMG Girlz' designations and MGA's objections and counter-designations that would have been played had the Court not excluded the depositions of customers showing actual confusion.

Exhibit 2 includes the transcripts for each of these witnesses, indicating the designated and counter designated testimony.

## III.   CONCLUSION

Accordingly, for the reasons outlined above, the OMG Girlz submits this offer of proof as to the consumer testimony.

Dated: June 22, 2026         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:   *John R. Keville*
John R. Keville
Attorneys for Defendants and
Counterclaimants Clifford "T.I." Harris,
Tameka "Tiny" Harris, OMG Girlz LLC,
and Counterclaimants Grand Hustle,
LLC, Pretty Hustle, LLC, and OMG
Girlz LLC

### CERTIFICATE OF COMPLIANCE

The undersigned counsel for the Defendant/Counter-Claimants, certifies that this brief contains 338 words, which complies with the word limit of L.R. 11-6.1.

By:   *John R. Keville*

John R. Keville
Attorneys for Defendants and
Counterclaimants Clifford "T.I." Harris,
Tameka "Tiny" Harris, OMG Girlz LLC,
and Counterclaimants Grand Hustle,
LLC, Pretty Hustle, LLC, and OMG
Girlz LLC

Case No. 2:20-cv-11548-JVS-AGR

OFFER OF PROOF