Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMIITH PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
Tyler Freeman (*pro hac vice*)
tfreeman@McKoolSmith.com
MCKOOL SMIITH PC
McKool Smith
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Telephone: (214) 978-4009

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc., and Counter-Defendant Isaac Larian*

John R. Keville (*pro hac vice*)
jkeville@sheppardmullin.com
Robert L. Green (*pro hac vice)*
rgreen@sheppardmullin.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppardmullin.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

*Attorneys for Defendants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned to:  Hon. James V. Selna<br><br>**[PROPOSED] MODIFICATION TO PRELIMINARY INSTRUCTION NO. 3**<br><br><u>Final Pretrial Conference:</u><br>Date:  June 8, 2026<br>Time: 11:00 am<br>Place: Courtroom 9C<br><br>Complaint Filed:  December 20, 2020 |

SMRH:4899-7463-7465.1

Trial Date:  June 23, 2026

GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,

Counter-Claimants,

vs.

MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,

Counter-Defendants.

SMRH:4899-7463-7465.1

The OMG Girlz submit the attached revision to the proposed preliminary instructions, which include additions that have become necessary since the preliminary instructions were originally submitted. The Court granted MGA's MIL No. 3 to preclude the introduction of consumer confusion testimony. Dkt. 1223. In reviewing MGA's slides for opening statement, it has become clear that MGA intends to give a false impression of what the jury found in the September trial, referring to it only as finding "similarity" between the OMG Dolls and OMG Girlz. MGA's position is that, unless it opens the door to consumer confusion, the jury should never be told that the OMG Dolls caused consumer confusion. In the Court's Order Regarding Structure of New Trial, however, it stated that the parties were to prepare jury instructions that "specify the elements of this claim and state that the jury necessarily found to return a verdict on the claim. The Court's jury previous instructions should be the basis for the new instruction." Dkt. 1144 at 6. Given the ruling on consumer confusion and MGA's representation, this requirement has become even more important, as MGA seeks to not only keep the prior findings from the jury, but give them the false impression that they were found liable only of being "similar." Accordingly, the OMG Girlz submit the following modifications (highlighted in yellow below) to the preliminary instructions circulated by the Court on June 16 that include the elements the prior jury necessarily found, per the Court's original instruction.

MODIFIED INSTRUCTION NO. 3: <u>Prior Findings — What Has Already Been Decided</u>

This case was tried to a jury between September 3, 2024 and September 23, 2024. That jury returned findings, and those findings are now final and binding. You must accept them as established facts. You are not permitted to revisit, reconsider, question, or change them in any way.

The prior jury made the following findings, each of which is final:

A.   Trade Dress Infringement. The prior jury returned a verdict in favor of the OMG Girlz on their claims against MGA and Mr. Larian for trade dress infringement under 15 U.S.C. § 1125 for the following L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva. In finding liability for Trade Dress Infringement, the prior jury necessarily found that the OMG Girlz proved (1) it owned a protectible, non-functional trade dress; (2) that had acquired an adequate amount of consumer recognition (called "secondary meaning"); and (3) that MGA used the trade dress in a way likely to confuse consumers.[1]

B.   Misappropriation of Name, Likeness, or Identity (Right of Publicity). The prior jury also returned a verdict in favor of the OMG Girlz on their claim for common law misappropriation of name, likeness, or identity with respect to the following dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva. In finding this, the jury necessarily found that MGA used the name, likeness, and image of the OMG Girlz, it gained a commercial benefit from doing so, the OMG Girlz were harmed, and MGA's conduct was a substantial factor in causing that harm.[2]

---

[1] *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769–70 (1992); Dkt. 1013 at Instructions 13–16.

[2] *See* CACI No. 1803; Dkt. 1013 at Instructions 18.

SMRH:4899-7463-7465.1   Case No. 2:20-cv-11548-JVS-AGR

C.    Disgorgement of Profits. The jury awarded and the Court adopted the damages award of $17,872,253. This amount is final. You are not asked to recalculate it, revisit it, or alter it in any way.

D.    MGA's claims.  MGA sought a ruling that 25 other dolls[3] did not infringe the OMG Girlz trade dress and did not misappropriate the OMG Girlz' name, likeness, or identity.  The jury found that 6 of those dolls (Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, and City Babe) infringed the OMG Girlz trade dress and misappropriated the OMG Girlz' name, likeness, or identity.  The jury found that one additional doll (Shadow) infringed the OMG Girlz' trade dress, and separately one additional doll (Miss Glam) misappropriated the OMG Girlz' name, likeness, or identity.  No damages were sought or awarded based on these dolls.

Do not speculate about why the prior jury reached its conclusions. Do not re-examine the evidence from the liability phase in an attempt to reach a different result. Your job begins where the prior jury's job ended with two questions that remain unresolved, described below.

Dated:  June 23, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ John R. Keville
    JOHN R. KEVILLE

*Attorney for Defendants and Counterclaimants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

---

[3] The original amount listed (17) was a typographical error by the parties.

SMRH:4899-7463-7465.1    Case No. 2:20-cv-11548-JVS-AGR