Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Chad S. Hummel (SBN 139055)
Makenna A. Miller (SBN 329244)
MCKOOL SMITH PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
Tyler Freeman (*pro hac vice*)
MCKOOL SMITH PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4009

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC., Plaintiff, <br><br> v. <br><br> CLIFFORD "T.I." HARRIS, et al., Defendants. | Case No. 2:20-cv-11548-JVS-AGR <br> Assigned to: Hon. James V. Selna <br><br> **MGA'S OPPOSITION TO THE OMG GIRLZ' "OFFER OF PROOF"** |
| GRAND HUSTLE, LLC, et al., Counter-Claimants, <br><br> v. <br><br> MGA ENTERTAINMENT INC., et al. Counter-Defendants. | Final Pretrial Conference: <br> Date: June 8. 2026 <br> Time: 11:00 A.M. <br><br> Complaint Filed: December 22, 2020 <br> Trial Date: June 23, 2026 |

-1-

In an eleventh-hour filing the night before trial, Counterclaimants submit an offer of proof and proffer for the deposition testimony of their consumer-confusion witnesses. *See* Dkt. 1223. Though styled as an "offer of proof," the filing is nothing more than an improper motion for reconsideration regarding the Court's ruling on MGA's Motion *In Limine* No. 3. Indeed, Counterclaimants offer no new evidence or argument on this issue (let alone explain why such arguments could not have been raised before) but, instead, argue that the Court misread the authorities Counterclaimants already cited.

Under Local Rule 7-18, a motion for reconsideration may be made only on very narrow grounds:  "(a) material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Local Civ. R. 7-18. Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up). Indeed, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled[.]" *Axon Enter., Inc. v. Luxury Home Buyers, LLC*, 711 F. Supp. 3d 1227, 1230 (D. Nev. 2024) (cleaned up); *see, e.g.*, *Martinez v. Field*, No. 1:17-cv-00337-DCN, 2020 WL 7481780, at *2 (D. Idaho Dec. 17, 2020) (denying a motion for reconsideration and admonishing the movant because "[r]earguing the same issues at this late stage, without a justifiable reason, is not appropriate.").

Counterclaimants fail to present the Court with any newly discovered evidence, change in law, or a "manifest showing" of a failure to consider material facts. On the contrary, Counterclaimants recite the exact same authorities they cited in their opposition to MGA's Motion *In Limine* No. 3— namely, *Philip Morris USA v. Williams*, 549 U.S. 358 (2007), *Simon v. Sao Paolo U.S. Holding Co., Inc.*, 35 Cal. 4th 1159 (2005), and CACI No. 3947. *Compare* Dkt. 1223 at 1 (citing the abovementioned authorities), *with* Dkt. 1190 at 4 (same).

Instead of providing the Court with compelling new authority or evidence supporting reconsideration, Counterclaimants inform the Court that it misread, at least, *Philip Morris*: "The Supreme Court in *Philip Morris*, however, did not hold such evidence inadmissible as this Court's Order seems to have adopted." Dkt. 1223 at 1. But the Court's reasoning for excluding the consumer witnesses was sound: "just as in previous trials, the Court is concerned about the bias of the consumer witnesses and the social media responses; they stem from fans and followers of OMG Girlz, not the broader public . . . Further, the witnesses' experience being 'deceived' into believing the dolls had an affiliation with the girl group is irrelevant for the evaluation of punitive damages as to MGA's conduct against OMG Girlz." Dkt. 1216 at 6.

The Court's prior ruling on Motion *in Limine* No. 3 should not be disturbed.

Dated:  June 23, 2026

UMBERG ZIPSER LLP


By  */s/ Mark A. Finkelstein*
    MARK A. FINKELSTEIN

    *Attorneys for Plaintiff and Counter-*
    *Defendant MGA Entertainment, Inc.,*
    *and Counter-Defendant Isaac Larian*

-4-

# CERTIFICATE OF COMPLIANCE

I, Mark A. Finkelstein, counsel of record for Plaintiff and Counter-Defendants, certifies that this brief contains 565 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 23, 2026                                    UMBERG ZIPSER LLP


                                                        /s/ Mark A. Finkelstein
                                                        Mark A. Finkelstein
                                                        Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian

Case No. 2:20-cv-11548-JVS-AGR
MGA'S OPPOSITION TO THE OMG GIRLZ' "OFFER OF PROOF"