John R. Keville (*pro hac vice*)
jkeville@sheppard.com
Michelle C. Replogle (*pro hac vice*)
mreplogle@sheppard.com
Robert L. Green (*pro hac vice)*
rgreen@sheppard.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067

*Attorneys for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA*
*"TINY" HARRIS, OMG GIRLZ LLC, and*
*Counter-Claimants GRAND HUSTLE, LLC,*
*PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.  2:20-cv-11548-JVS-AGR**<br><br>**OMG GIRLZ' TRIAL BRIEF FOR JUDICIAL NOTICE AND ADMITTANCE OF MGA FINANCIALS, AND FOR INSTRUCTION** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Judge: Hon. James V. Selna<br><br>Complaint Filed:  December 20, 2020<br><br>Trial Date:  June 23, 2026 |

1

## I.   INTRODUCTION

During Mr. Larian's cross examination, the OMG Girlz' counsel attempted to ask him about a spreadsheet (TX 7137) showing MGA's financials for the OMG Dolls. This spreadsheet was an updated version of a spreadsheet both parties used without issue during the September 2024 trial. It was provided by MGA's counsel shortly before trial, in response to the OMG Girlz' request that MGA supplement the financials (which previously cut off March 1, 2024, five months before trial). Despite having provided the document and representing it as an accurate business record, MGA's counsel objected to any questioning on it, and Mr. Larian stated he could not understand it. What the financials show is powerful evidence of why punitive damages are appropriate. Despite having made *three* representations to this Court that MGA stopped selling the 15 dolls found to infringe and/or misappropriate in 2024, MGA's financials show sales continuing through 2025 and even into 2026.

Given MGA's position on the document, the OMG Girlz request judicial notice be taken and it be admitted. MGA produced this document so cannot reasonably question its authenticity or accuracy, nor that it shows sales occurring after the representations made by MGA. In addition to being in evidence, the Court should give the following instruction: "After the prior trial where MGA was found liable for infringing the OMG Girlz trade dress and misappropriating their name, likeness, and identity, MGA represented it had ceased sales of the 15 dolls found to infringe or misappropriate. The financials in evidence show this statement to be false. MGA continued sales of the 15 dolls contrary to their representation. This is evidence you can consider in determining whether punitive damages are appropriate, and what amount is needed for deterrence."

## II.   RELEVANT BACKGROUND

During discovery, MGA produced a financial spreadsheet that both parties and their respective experts relied upon.  MGA named the financial spreadsheet "Gross

Shipment for All OMG Dolls," included identifying information such as the particular OMG Doll name and the amount of sales for a particular time period, Exhibit A (4/13/22 Dep. of Pedro Crisanti, Ex. 8), and updated that spreadsheet during this case, Exhibit B (TX-6056).  The OMG Girlz deposed Mr. Pedro Crisanti—MGA's financial corporate 30(b)(6) witness—and asked him about this exhibit:

> Q.     If there is a value for a certain item ID, so like a dollar amount basically for that particular year, is it fair to assume that that item was sold during that year?
> A.     **Yes**.

Exhibit C (4/13/22 Dep. of Pedro Crisanti Excerpt, discussing Ex. 8).  No ambiguity existed as to what information this rather straightforward financial spreadsheet showed, i.e., it reflected the sales of MGA's OMG Dolls.

Following the jury verdict, during post-trial briefing in **October 2024**, MGA told this Court: "Pending appeal, MGA has ceased all direct sales of the dolls found by the jury to infringe the OG Girlz's trade dress or misappropriate their likeness." Dkt. 1046 at 14, n.5.  Two months later, in **December 2024**, as part of additional post-trial briefing, MGA doubled down and told this Court: "MGA has already stopped direct sales of the dolls that the jury found to infringe, including those dolls for which Counterclaimants [the OMG Girlz] sought no money."  Dkt. 1062 at 21.

Upon completion of the post-trial briefing, on March 10, 2025, the OMG Girlz' sought entry of a final judgment and a permanent injunction, specifically requesting the Court to enter an Order that:

> 1.     Permanently enjoin[s MGA] from manufacturing, distributing, and selling the 15 infringing L.O.L. Surprise! O.M.G. fashion dolls as well as any other doll that is no more than colorably different from any of the 15 infringing L.O.L. Surprise! O.M.G. dolls; and
> 2.     Order[s MGA] to remove or have removed from the market (including social media and entertainment platforms) any packaging, advertisements, and/or products featuring any of the 15 infringing L.O.L. Surprise! O.M.G.

OMG GIRLZ' TRIAL BRIEF FOR JUDICIAL NOTICE AND
ADMITTANCE OF MGA FINANCIALS, AND FOR INSTRUCTION

MGA filed its opposition to the OMG Girlz' motion on **March 24, 2025**, and attached the declaration of Mr. Tal Meirovitch—MGA's Chief Operating Officer—in which he attested: "As of the date of this declaration, MGA is no longer selling the 15 Dolls in the United States or creating advertisements featuring any of the 15 Dolls. MGA has no plans to do either in the future." Dkt. 1109-3. In its opposition brief, MGA represented to this Court:

> Second MGA has already ceased all manufacturing and sales nationwide of the 15 dolls that the jury found infringe. Meirovitch Decl. ¶¶ 2-3; Lee Decl. ¶¶ 3-4.
> * * *
> Shortly after the verdict was returned in September 2024, MGA stopped its direct sales of the 15 dolls that the jury found to infringe. *See* Meirovitch Decl. ¶ 2. And MGA has now stopped manufacturing or selling ***any*** of the 15 dolls nationwide. *Id.* ¶ 3; Lee Decl. ¶¶ 3-4. Additionally, there have not been any new advertisements or content including those dolls or the animated characters associated with them, and MGA has no intention to sell, advertise, or create content with those dolls in the U.S. in the future, pending appeal. *See* Meirovitch Decl. ¶ 3; Parducci Decl. ¶¶ 2-4.
> * * *
> By contrast, Counterclaimants cannot demonstrate any hardship at all if the injunction were denied, especially given that MGA is no longer manufacturing the 15 dolls, selling them nationwide, or producing new content and advertising featuring them.

Dkt. 1109 at 12, 16, 18 (emphasis in original). Accordingly, MGA made clear that it had not only stopped "its direct sales of the 15 dolls" by October 2024, MGA had "stopped … selling any of the 15 dolls nationwide" by at least March 24, 2025. Dkt. 1109 at 16 (emphasis in original).

Based in part on MGA's representation, the Court denied the OMG Girlz motion for a permanent injunction, devoting an entire section to MGA's "Cessation of Manufacturing and Sales" in support of its Order. Dkt. 1113 at 8-9. The Court relied

on MGA's representation in concluding that "the possibility for consumer confusion in this case—after the cessation of sales, manufacturing, and advertising—is negated." *Id*. at 8.  The Court further commented: "Nor is the Court dubious of MGA's claims that it has ceased sales and manufacturing. . . . As of [October 14, 2024], MGA stopped selling the 15 dolls in the United States . . . Accordingly, this factor tends to rebut the presumption of irreparable harm." *Id*. at 9.

Following the jury verdict and in advance of this punitive trial, the OMG Girlz requested MGA to supplement the financial spreadsheet to include updated financial information, and MGA produced the same spreadsheet as it had during the entire case, now with sales from May 1, 2024 through April 30, 2026.  *See* Exhibit D (TX-7137).  As shown, MGA reports sales in 2025 for Roller Chick:

| Item Pool | Item ID | Item Name | 2024 | 2025 | 2026 | Total |
|---|---|---|---|---|---|---|
| LOL SURPRISE OMG ENTRY DOLLS | 985679-EUC | L.O.L. Surprise OPP OMG-Neonlicious | 11 | - | - | 11 |
| LOL SURPRISE OMG ENTRY DOLLS | 985815-EUC | L.O.L. Surprise OPP OMG-Speedster | - | 276 | - | 276 |
| LOL SURPRISE OMG ENTRY DOLLS | 985822-EUC | L.O.L. Surprise OPP OMG-Paradise VIP | - | 276 | - | 276 |
| LOL SURPRISE OMG ENTRY DOLLS | 985839-EUC | L.O.L. Surprise OPP OMG-Coastal Q.T. | - | 310 | - | 310 |
| LOL SURPRISE OMG ENTRY DOLLS | 985877-EUC | L.O.L. Surprise OPP OMG-Lady Diva | 11 | - | - | 11 |
| LOL SURPRISE OMG ENTRY DOLLS | 987437-EUC | L.O.L. Surprise OPP OMG Doll Asst | 79,677 | - | - | 79,677 |
| LOL SURPRISE OMG ENTRY DOLLS | 987444-EUC | L.O.L. Surprise OPP OMG-Roller Chick | - | 304 | - | 304 |
| LOL SURPRISE OMG ENTRY DOLLS | 987451-EUC | L.O.L. Surprise OPP OMG-Class Prez | - | 304 | - | 304 |
| LOL SURPRISE OMG ENTRY DOLLS | 987468-EUC | L.O.L. Surprise OPP OMG-Da Boss | - | 304 | - | 304 |
| LOL SURPRISE OMG ENTRY DOLLS | 988861-EUC | L.O.L. Surprise OPP OMG Asst | 100,663 | - | - | 100,663 |
| LOL SURPRISE OMG ENTRY DOLLS | 988878-EUC | L.O.L. Surprise OPP OMG Roller Chick | - | 1,214 | - | 1,214 |
| LOL SURPRISE OMG ENTRY DOLLS | 988885-EUC | L.O.L. Surprise OPP OMG Uptown Girl | - | 1,199 | - | 1,199 |
| LOL SURPRISE OMG ENTRY DOLLS | 988892-EUC | L.O.L. Surprise OPP OMG  Pink Chick | - | 1,184 | - | 1,184 |

The same spreadsheet shows sales of Virtuelle and Honeylicious, two of the 15 dolls, MGA had represented it no longer sold.  In addition, the same spreadsheet

| Item Pool | Item ID | Item Name | 2024 | 2025 | 2026 | Total |
|---|---|---|---|---|---|---|
| LOL SURPRISE OMG COLLECTOR | 576518-000 | L.O.L. Surprise OMG Collector-NYE Queen | 330 | - | - | 330 |
| LOL SURPRISE OMG DANCE | 117841-EUC | L.O.L. Surprise OMG Dance Doll Asst | - | 61 | - | 61 |
| LOL SURPRISE OMG DANCE | 117858-EUC | L.O.L. Surprise OMG Dance-B-Gurl | - | 82 | - | 82 |
| LOL SURPRISE OMG DANCE | 117889-EUC | L.O.L. Surprise OMG Dance-Major Lady | - | 204 | - | 204 |
| LOL SURPRISE OMG DANCE | 572947-000 | L.O.L. Surprise OMG Dance Doll Asst | - | 117 | - | 117 |
| LOL SURPRISE OMG DANCE | 572961-000 | L.O.L. Surprise OMG Dance-Virtuelle | - | 2,182 | - | 2,182 |
| LOL SURPRISE OMG FSHN CLST ON THE GO | 576044-000 | L.O.L. Surprise OMG World Travel Closet | 2,352 | 112 | 9 | 2,472 |
| LOL SURPRISE OMG GLAMPER | 502500-EUC | L.O.L. Surprise Glam N' Go Camper | 216,025 | - | - | 216,025 |
| LOL SURPRISE OMG GLAMPER | 569459-E7C | L.O.L. Surprise 4-in-1 Glamper (E Blue) | 19,067 | - | - | 19,067 |
| LOL SURPRISE OMG HOS DOLLS | 580539-000 | L.O.L. Surprise OMG HoS S1-Lady Diva | - | 18 | - | 18 |
| LOL SURPRISE OMG HOS DOLLS | 586142-EUC | L.O.L. Surprise OMG HoS-Honeylicious | - | - | 27 | 27 |
| LOL SURPRISE OMG HOS DOLLS | 588559-C3 | L.O.L. Surprise OMG HoS Doll Asst | 18,896 | 33 | - | 18,928 |
| LOL SURPRISE OMG HOS DOLLS | 588559-EUC | L.O.L. Surprise OMG HoS Doll Asst | 8,853 | - | - | 8,853 |

shows multiple instances of substantial sales of "Doll Asst" that would seemingly contain sales of one or more of the 15 dolls as well.  Exhibit D.

## III.   ARGUMENT

MGA represented, repeatedly, that it had stopped all sales of the 15 dolls following the jury's verdict of infringement and misappropriation.  But MGA's own

document shows this was not true. MGA has had continued sales through 2026. "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating that wrong." *Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005); *see also, Southern Union Co. v. Irvin*, 563 F.3d 788, 793 (9th Cir. 2009) (stating that the "ultimate objectives" of punitive damages are "deterrence and punishment"). MGA's TX-7137 is highly relevant and shows why punitive damages is warranted—MGA's sales did not stop with a jury verdict alone. Given the misrepresentations made to the Court, the OMG Girlz request that an appropriate instruction be read to the jury apprising the jury of these serious circumstances.

Separately, when presented with TX-7137, excerpts shown above, during the first day of trial, Mr. Larian testified:

> Q Does it contain the different skews for the MGA dolls?
> A I just see a lot of lines. L.O.L. Surprise! OMG entry dolls, et cetera. That's what I see.
> Q Okay. All names of dolls that your company sales, correct?
> A Again, I have no idea.
> Q Look at the names and tell me if you recognize the names as the dolls that your company sales?
> A You want me to take time to read all of these pages?
> Q Look through and see if they look familiar to you?
> A They don't. I cannot answer that question without reading it.?

Trial Tr. Day 1, Vol. II 109:10-21 (DRAFT). Despite the relative straightforward information on this document (annual sales of OMG dolls), and despite it being an MGA produced corporate document to which MGA's corporate representative testified upon, when asked if he could simply identify the name of the dolls that his company sells on TX-7137, Mr. Larian—the founder and CEO of MGA—claimed he had "no idea." Accordingly, the OMG Girlz request judicial notice and admission of this exhibit.

6

OMG GIRLZ' TRIAL BRIEF FOR JUDICIAL NOTICE AND
ADMITTANCE OF MGA FINANCIALS, AND FOR INSTRUCTION

## IV.    CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, and given the seriousness of the actions by MGA, the OMG Girlz respectfully request that the Court read the following instruction to the jury, or one of similar wording:

> After the prior trial where MGA was found liable for infringing the OMG Girlz' trade dress and misappropriating their name, likeness, and identity, MGA represented it had ceased sales of the 15 dolls found to infringe or misappropriate. The financials in evidence show this statement to be false. MGA continued sales of the 15 dolls contrary to their representation. This is evidence you can consider in determining whether punitive damages are appropriate, and what amount is needed for deterrence.

The OMG Girlz further request judicial notice and admission of the financial spreadsheet, TX-7137 (Exhibit D).

Dated:  June 24, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/  *John R. Keville*
    John R. Keville

*Attorney for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

OMG GIRLZ' TRIAL BRIEF FOR JUDICIAL NOTICE AND ADMITTANCE OF MGA FINANCIALS, AND FOR INSTRUCTION