John R. Keville (*pro hac vice*)
jkeville@sheppard.com
Michelle C. Replogle (*pro hac vice*)
mreplogle@sheppard.com
Robert L. Green (*pro hac vice)*
rgreen@sheppard.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067

*Attorneys for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA*
*"TINY" HARRIS, OMG GIRLZ LLC, and*
*Counter-Claimants GRAND HUSTLE, LLC,*
*PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.  2:20-cv-11548-JVS-AGR**<br><br>**OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT AND CURATIVE INSTRUCTION** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Judge: Hon. James V. Selna<br><br>Complaint Filed:  December 20, 2020<br><br>Trial Date:  June 23, 2026 |

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT
AND CURATIVE INSTRUCTION

## I.      INTRODUCTION

This Court's rulings were correct. The UK Judgment falls under the public records exception of hearsay FRE 803(8) and Judge Bacon's credibility findings against Mr. Larian are highly relevant and probative in this case, and as such also come in under FRE 608(b).  The Court should deny MGA's efforts to shield Mr. Larian's behavior in judicial proceedings, such as the UK court finding him to be an "unreliable witness who was less than candid in his evidence to the court."

MGA has overstated its authority presented to the Court.  The public records hearsay exception at issue does not apply to criminal defendants.  This makes sense given the judicial protections our laws seek to provide criminal defendants. As a result, any criminal defendant case addressing hearsay and hearsay exceptions—such as the cases MGA relies upon—needs to be carefully considered.  MGA's authority also does include a foreign court decision or credibility determinations—both at issue as well.  While we have yet to identify a Ninth Circuit decision on point, ample support in other circuits (e.g., 2d, 6th, 7th, and 11th) support this Court's trial rulings under FRE 803(8) and/or FRE 608(b).  Accordingly, the OMG Girlz respectfully request no instruction should be given. The Court hold TX-7138 properly admitted.

## II.     RELEVANT BACKGROUND

During the examination of Mr. Larian, counsel for the OMG Girlz introduced the "Approved Judgment" from Justice Bacon, *Cabo Concepts Ltd., et al. v. MGA Entertainment (UK) Ltd., et al.*, Case No. HP-2020-000016 ("UK Judgment"). 6/24/26 Trial Tr. Day 2 Vol. I at 39:3-21; UK Judgment (TX-7138).

When the evidence was introduced, MGA's counsel objected that it was hearsay, counsel for OMG Girlz invoked the public records exception to the hearsay rule, and the Court overruled the objection.  6/24/26 Trial Tr. Day 2 Vol. I at 21:23 ("Your Honor, it's an exception to hearsay. It's a judgment. A judgment is a public record exception to hearsay."); *Id*. at 38:24 ("Overruled").  MGA's counsel orally moved for a mistrial, which the Court denied.  *Id*. at 67:1-3.  The Court also indicated:

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT
AND CURATIVE INSTRUCTION

"I'm going to instruct the jury to disregard all the testimony regarding the English judgment." *Id*. at 67:1-3. OMG Girlz' counsel requested the opportunity to brief this issue, which the Court granted. *Id*. at 67:18-20 ("Your Honor, I would like the chance to brief that just to address so we can get our point on the record as well.").

### III.    ARGUMENT

#### A. MGA's Cases Are Inapplicable To This Case

MGA's argument that using a foreign judgment is "absolutely barred by Ninth Circuit law," grossly overstates the authority MGA relied on. 6/24/26 Trial Tr. Day 2 Vol. I at 64:8-10. In *U.S. v. Sine*, a *criminal* case, the Ninth Circuit found that "judicial findings of facts" were hearsay not subject to the FRE 803(8) public records exception in that instance because "that exception does not apply against *criminal* defendants." 493 F.3d 1021, 1037 (9th Cir. 2007). It does not apply here, because the *Sine* case dealt with a multitude of prior factual findings used in cross examination to prove the elements of the case, not a judge's findings on credibility—which is at issue here. *Infra* III.C. For another, this is not a criminal case, so the holding in *Sine* is not applicable. The same is true for *U.S. v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) that MGA relies upon.

This case is a civil case. And as the Ninth Circuit in *Sine* recognized, FRE 803(8) "allows 'factual findings' resulting from 'investigations' conducted by 'public offices and agencies.'" *Sine*, 493 F.3d at 1037. Perhaps recognizing this issue, MGA far overreaches in its trial brief to claim that *Sine* "**held**" in 'civil cases, . . . the exception . . . covers only factual findings by executive branch agencies and officials, not judicial factfinding." Dkt. 1232 at 8 (emphasis added). But the *Sine* court did not so hold. What MGA cites is a footnote stating that "[e]ven in civil cases, where the exception **does** apply, several **other circuits** have held that it covers only factual findings by executive branch agencies and officials, not judicial factfinding." *Sine*, 493 F.3d at 1037 n.16. What MGA omits in its quote is the exact language referencing

**other Circuits**, with no finding by the Ninth Circuit. Accordingly, this footnote statement is at best dicta, and not a holding, as MGA asserts, that would limit the FRE 803(8) exception for civil cases in the Ninth Circuit to only fact findings by executive branch agencies and nothing else.

Second, *Sine* does not address a foreign judgment at all—the issue presented here. There is good reason that a UK judgment fits within the public records exception. FRE 803(8) allows for "factual findings from a legally authorized investigation." In the U.K., the proceeding was much like an ITC action where evidence was submitted and the judge acted as the factfinder. This is much akin to Article 1 proceedings in the United States, and at least two circuits have held that an executive department ALJ's decision that encompasses findings of fact (made after an evidentiary hearing) is admissible under Rule 803(8)(C). *See Henry v. Daytop Village, Inc.,* 42 F.3d 89, 96 (2d Cir.1994) (findings of state department of labor ALJ in unemployment benefits hearing); *In re Paducah Towing Co.,* 692 F.2d 412, 421 (6th Cir.1982) (findings of ALJ in Coast Guard proceeding to revoke license of ship's captain).

Further, the rationale for the public records exception is the dual justification of "the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." Fed. R. Evid. 803, Advisory Notes. MGA has offered no reason to believe Justice Bacon did not perform her duty properly. Indeed, Mr. Larian testified that "we won that case." 6/24/26 Trial Tr. Day 2 Vol. I at 43:6-9. The Advisory Notes also discuss "evaluative" reports—similar to the U.K. Court's role and decision—and advises that "[f]actors which may be of assistance in passing upon the admissibility of evaluative reports include; (1) the timeliness of the investigation; (2) the special skill or experience of the official, (3) whether a hearing was held and the level at which conducted; (4) possible motivation problems suggested by *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943)." Fed. R. Evid. 803, Advisory Notes (internal citations

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT AND CURATIVE INSTRUCTION

omitted). MGA does not claim that the decision was untimely, that Justice Bacon was not experienced, that a hearing was not held, or that she had any ulterior motivations. The rationale for the public records exception for executive agencies applies to the U.K. Judgment, so it was not error to allow it.

### B. Foreign Decisions Are Admissible Under FRE 803(8)

While a Ninth Circuit case addressing foreign decisions and Rule 803(8) has not been identified, the Sixth Circuit in *U.S. v. Garland* held: "[a]s with records falling under the public records exception, a foreign judgment that shows no sign of being unreliable should be admitted."  991 F.2d 328, 335 (6th Cir. 1993); *see also Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, (6th Cir. 2006) (holding that the Korean complaint and "investigative reports are generally admissible" under FRE 803(8), *abrogation recognized as to another issue in A.K. v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 630 (6th Cir. 2020).  The Sixth Circuit recognized that the dual justification for the public records exception, "as well as the reliability gained from regularly conducted activities generally, apply to the foreign judgment at issue here." *Garland*, 991 F.2d at 335.  Further, the Sixth Circuit noted: "As with public records, there is no reason to distinguish between facts and "opinions" contained in foreign judgments." *Id*. As to the party with the burden, the Sixth Circuit held: "Except where foreign judgments appear to lack trustworthiness, the burden should be on the party opposing their admission to show lack of trustworthiness." *Id*.  But, "[o]nce admitted, foreign judgments should be treated as *prima facie* evidence of the facts and opinions contained therein." *Garland*, 991 F.2d at 335. "The opposing party, of course, will have the opportunity to rebut these facts and opinions with evidence of its own." *Id*. Accordingly, the Court properly admitted TX-7138; it was not error. *See Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1300 (11th Cir. 2022) (holding that the Colombian Hasbún indictment meets the requirements of the public records hearsay exception under Rule 803(8)).

### C. Judicial Credibility Determinations Admissible Under FRE 608(b)

As apparent from MGA's Trial Brief (Dkt. 1232), the OMG Girlz introduced the UK Judgment to cross examine Mr. Larian about Judge Bacon's ***credibility*** determinations regarding Mr. Larian's testimony and demeanor in the UK proceeding. The purpose of the UK Judgment (TX-7138) is self-evident by the trial record and MGA's own admissions. *See e.g.*, 6/24/26 Trial Tr. Day 2 Vol. I at 65:11-16 (Judge Bacon "impugning his integrity" and "impugning his credibility"); *id.* at 67:11-15 (UK Judgment "commented improperly about his credibility); Dkt. 1232 at 2-3, 5-6.

While a Ninth Circuit case has not been identified, several other circuits have "addressed the issue of whether past judicial credibility determinations are admissible under Rule 608(b)" and have said yes. *U.S. v. Woodard*, 699 F.3d 1188, 1195 (10th Cir. 2012), citing *United States v. Cedeño*, 644 F.3d 79, 82-83 (2d Cir.); *United States v. Dawson*, 434 F.3d 956, 957-59 (7th Cir. 2006) ("[T]he decision whether to allow a witness to be cross-examined about a judicial determination finding him not to be credible is confided to the discretion of the trial judge; it is not barred by Rule 608(b), which, to repeat, is a rule about presenting extrinsic evidence, not about asking questions.").

In *Cedeño*, the Second Circuit set forth a list of factors a district court should consider when making this determination:

> (1) whether the prior judicial finding addressed the witness's veracity in that specific case or generally;
> (2) whether the two sets of testimony involved similar subject matter;
> (3) whether the lie was under oath in a judicial proceeding or was made in a less formal context;
> (4) whether the lie was about a matter that was significant;
> (5) how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness;
> (6) the apparent motive for the lie and whether a similar motive existed in the current proceeding; and

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT AND CURATIVE INSTRUCTION

> (7) whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible.

*Cedeño*, 644 F.3d at 82, 83.  These factors weigh strongly in favor of admissibility here. First, Judge Bacon did address Mr. Larian's veracity in the UK Judgment specifically.  Mr. Larian's testimony was made under oath in a judicial proceeding and that proceeding recently occurred with the UK Judgment.  Moreover, his testimony plainly involved an important matter at issue—whether MGA's conduct violated antitrust laws.  The subject matter between the two matters is not that far apart with competing doll companies involved in the UK Judgment, and here, MGA's OMG dolls are at issue.  And further, Mr. Larian did not offer any explanation for his untruthful testimony in the UK Judgment and the motive for the lack of credibility appears similar to the same motive that exists here.  Guided by these factors, Judge Bacon's prior credibility findings against Mr. Larian is relevant and highly probative in this case.  Accordingly, the admission of this evidence was proper. *U.S. v. White*, 692 F.3d 235, 251 (2nd Cir. 2012) (vacating district court's decision to exclude the prior adverse credibility finding).

### D. Alternatively, A Curative Instruction Is Sufficient

To the extent that the Court finds that any relief is necessary, a curative instruction is sufficient. The Ninth Circuit has a well-established law that a cautionary or curative instruction is the preferred alternative to declaring a mistrial when prejudicial or inadmissible evidence reaches the jury. *United States v. Escalante*, 637 F.2d 1197, 1202–03 (9th Cir. 1980) ("Generally, when evidence is heard by the jury that is subsequently ruled inadmissible, or is applicable only to limited defendants or in a limited manner, a cautionary instruction from the judge is sufficient to cure any prejudice to the defendant.") (collecting cases).

Under this authority, the OMG Girlz propose the following:

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT AND CURATIVE INSTRUCTION

Members of the jury, during the cross-examination of Isaac Larian, you heard testimony and saw excerpts from a judgment issued by the High Court of Justice of England and Wales in a separate legal proceeding. That document was admitted into evidence. You are the sole judges of the credibility of the witnesses in this case and of the weight, if any, to be given to all evidence admitted at trial; you should evaluate the document in light of all the other evidence and in accordance with the Court's instructions on witness credibility.

## IV.   CONCLUSION AND REQUESTED RELIEF

For the above reasons, the Court's decision admitting the UK Judgment and allowing Mr. Larian to be cross examined on the credibility findings made by Judge Bacon was correct and should be upheld.  Accordingly, the OMG Girlz respectfully request that no instruction should be given, and the Court should hold that TX-7138 was properly admitted.  Alternatively, should the Court conclude an instruction appropriate, the OMG Girlz provide proposed language above.

Dated:  June 25, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/  *John R. Keville*
     John R. Keville

*Attorney for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

OMG GIRLZ' TRIAL BRIEF REGARDING ADMISSIBILITY OF UK JUDGMENT AND CURATIVE INSTRUCTION