John R. Keville (pro hac vice)
jkeville@sheppard.com
Michelle C. Replogle (pro hac vice)
mreplogle@sheppard.com
Robert L. Green (pro hac vice)
rgreen@sheppard.com
Chante B. Westmoreland (pro hac vice)
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER
& HAMPTON LLP
1901 Avenue of the Stars, Suite1600
Los Angeles, CA 90067

*Attorneys for Defendants*
*CLIFFORD "T.I." HARRIS, TAMEKA*
*"TINY" HARRIS, OMG GIRLZ LLC,*
*and Counter-Claimants GRAND*
*HUSTLE, LLC, PRETTY HUSTLE, LLC*
*and OMG GIRLZ LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC, | **Case No. 2:20-cv-11548-JVS-CTS**<br>Assigned To: Hon. James V. Selna<br><br>**[PROPOSED] OMG GIRLZ' AMENDED FINAL JUDGMENT**<br><br>Complaint Filed:  December 20, 2020<br><br>Trial Date:  June 23, 2026 |

Counter-Claimants,

vs.

MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, and DOES 1 – 10,
inclusive,

Counter-Defendants.

Case No. 2:20-cv-11548-JVS-CTS
[PROPOSED] OMG GIRLZ' AMENDED FINAL JUDGMENT

The OMG Girlz propose the following judgment. Per the Court's instructions on July 1, the parties met and conferred regarding the proposed form of judgment, were able to resolve some disputes, but were unable to agree on a final version.

MGA's proposed judgment is deficient because it does not include prejudgment interest. In this proposed Amended Judgment, the OMG Girlz have included an award of "prejudgment interest of 7% starting from February 3, 2025 to the date of judgment." While the Court previously declined to award discretionary prejudgment interest on the OMG Girlz' unliquidated claim, prejudgment interest for a *liquidated* claim is mandatory under. Cal. Civ. Code § 3287(a) ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt."). The OMG Girlz claim became liquidated when the Court set the amount of Disgorgement on February 3, 2025 (Dkt. 1090 at 20–21). *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 573–74 (2011) ("Damages determined by a verdict are made certain as of the date that the verdict is entered, so prejudgment interest begins to accrue on that date."); *see also Landsberg v. Scrabble Crossword Game Players, Inc.*, 802 F.2d 1193, 1200 (9th Cir. 1986) ("[A]n unliquidated claim that becomes liquidated in the course of litigation is subject to § 3287(a).").

In California, prejudgment interest is statutorily set at 7%. Cal. Const. art. XV, § 1 ("In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum."). Accordingly, the OMG Girlz should be awarded 7% interest on $17,862,253.

The OMG Girlz also added language to this proposed order regarding the final disposition of the willful infringement issue initially decided by the jury, but determined to be equitable and "unsupported by the evidence" by the Court in Dkt. 1090. In addition, given the complexity of this record, multiple trials, and numerous potential appellate issues, the OMG Girlz propose deferring any attorney fee briefing until after receipt of the mandate from the Federal Circuit.

Finally, the OMG Girlz wish to inform the Court that they intend to file post-trial briefing concerning MGA's continued and willful infringement of the OMG Girlz trade dress and the need for a permanent injunction as demonstrated by the new evidence introduced during the June 2026 trial for the Court's consideration, pursuant to Fed. R. Civ. Proc. 60(b)(2).

This action was tried before a jury and the Court, the Honorable James V. Selna presiding, between September 3, 2024 and September 23, 2024.  On September 23, 2024, the jury returned a verdict in favor of Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "OMG Girlz") on their claims against Plaintiff and Counter-Defendant MGA Entertainment, Inc. ("MGA Entertainment") and Counter-Defendant Isaac Larian (collectively, "MGA") for trade dress infringement under 15 U.S.C. § 1125 and on their claim for misappropriation of name, likeness, or identity with respect to the seven dolls at issue: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.  (*See* Dkt. 1009). The jury further found that MGA's trade dress infringement of the seven dolls at issue was willful and that MGA acted with oppression, fraud, or malice with regard to its misappropriation.  The jury further found that eight additional dolls subject only to MGA's declaratory judgment claims infringed the OMG Girlz' trade dress and/or name, likeness, or identity: Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, Shadow (trade dress infringement only), and Miss Glam (misappropriation of name, likeness, or identity only). (*See id.*).  The Court previously disposed of the OMG Girlz' trade dress and misappropriation claims related to other dolls, as well as other claims asserted by the OMG Girlz, at summary judgment (*See* Dkt. 326).  Accordingly, the Court entered final judgment on April 29, 2025.  (Dkt. 1118).

On February 3, 2025, the Court found willful trade dress infringement was an equitable issue and determined the evidence tended to weigh against a finding of willfulness. Dkt. 1090. The Court further declined to award disgorgement on the trade dress infringement claim and therefore declined to enhance profits or damages. *Id.* at 11–12

On September 23, 2025, following post-judgment motion practice and the OMG Girlz' denial of a $1 remittitur for punitive damages (Dkt. 1136), the Court ordered a partial new jury trial on the issue of whether misappropriation was malicious, oppressive, or fraudulent and warranted punitive damages. (Dkt. 1144).

The issue of punitive damages was tried before a new jury and the Court, the Honorable James V. Selna presiding, between June 23, 2026 and July 1, 2026. Dkts. 1230–31, 1236, 1244, 1258–59. On July 1, 2026, that jury returned a verdict in favor of MGA, finding that MGA Entertainment and Mr. Larian did not act with oppression, fraud, or malice with regard to the misappropriation of the OMG Girlz' name, likeness, or identity with respect to any of the seven L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Bhad Gurl, Metal Chick, Miss Divine, Runway Diva, or Prism. (Dkt. 1265).

Accordingly, pursuant to Federal Rule of Civil Procedure 58, consistent with this Court's July 29, 2022 Order Regarding Motion for Summary Judgment (Dkt. 326), the jury's verdicts (Dkts. 1009 and 1265), this Court's February 3, 2025 Order Regarding Post-Trial Equitable Issues (Dkt. 1090), this Court's April 15, 2025 Order Regarding Motion for Entry of Judgment and Request for Permanent Injunction (Dkt. 1113), this Court's July 8, 2025 Order Regarding Motion and Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial or Remittitur (Dkt. 1133), and this Court's September 23, 2025 Order Regarding Structure of New Trial (Dkt. 1144), the Court hereby **ENTERS FINAL JUDGMENT** as follows:

As to the OMG Girlz' Third Amended Counterclaims (Dkt. 63) for trade dress infringement (15 U.S.C. § 1125) and common law misappropriation of name, likeness, or identity, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.

As to the OMG Girlz' Third Amended Counterclaims (Dkt. 63) for trademark infringement (15 U.S.C. § 1125), statutory misappropriation of name or likeness (Cal. Civ. Code § 3344), statutory unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*), and common law unfair competition, judgment is entered in favor of Counter-Defendants MGA Entertainment and Isaac Larian.

As to MGA's First Amended Complaint For Declaratory Judgment (Dkt. 16), judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G. dolls with respect to trade dress infringement and common law misappropriation of name, likeness, or identity: Ferocious, Fame Queen, Uptown Girl, Class Prez, Rocker Boi, Lady Diva, Sweets, Spicy Babe, Miss Royale, B-Gurl, Major Lady, Cosmic Nova, 24K D.J., Snowlicious, Candylicious, Gamma Babe, Moonlight B.B., NYE Queen, Splash Beauty, Sunshine Gurl, Sways, Crystal Star, Swag, Royal Bee, Neonlicious, Dollie, Busy B.B., Groovy Babe, Dazzle, Angles, Speedster, Da Boss, Missy Meow, Alt Grrrl, Big Wig, Camp Cutie, Icy Gurl, Pop B.B., Kitty K, Lonestar, Jukebox B.B., Cool Lev, Cheer Diva, Vault Queen, Coastal Q.T., Paradise V.I.P., Coral Waves, Spirit Queen, Ms. Direct, Magic Starlette, L.O.L. Surprise! O.M.G. Movie Magic Studios (Agent Glamour and Agent Soul), Tough Dude, Pink Chick, Fly Gurl, Sunset, Miss Celebrate, Skatepark Q.T., and Trendsetter.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G. doll with respect to trade dress infringement only: Miss Glam.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G. doll with respect to common law misappropriation of name, likeness, or identity only: Shadow.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G.

dolls with respect to trade dress infringement: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, Runway Diva, Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, and Shadow.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G. dolls with respect to common law misappropriation of name, likeness, or identity: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, Runway Diva, Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, and Miss Glam.

In the Court's Order Regarding Post-Trial Equitable Issues (Dkt. 1090), the Court adopted the jury's advisory disgorgement award of $17,872,253 for MGA's common law misappropriation of the OMG Girlz' name, likeness, or identity. Judgment is therefore entered in favor of the OMG Girlz for $17,862,253. The Court did not adopt the jury's advisory disgorgement award under the Lanham Act, and instead awarded the OMG Girlz no disgorgement of MGA's profits under the Lanham Act.  (*Id.* at 12). The Court further determined that willfulness was an equitable issue and reviewed it de novo. *Id.* at 8. The Court found the evidence tended to weigh against a finding of willfulness. *Id.*

As to the OMG Girlz' claim for punitive damages under common law misappropriation of the OMG Girlz' name, likeness, or identity, the jury did not find by clear and convincing evidence that MGA and Mr. Larian's misappropriation was conducted with malice, oppression, or fraud with respect to any of the seven L.O.L. Surprise! O.M.G. dolls (Chillax, Roller Chick, Bhad Gurl, Metal Chick, Miss Divine, Runway Diva, or Prism), and awarded no punitive damages.  (Dkt. 1265).

The Court awards the OMG Girlz post-judgment interest on the $17,872,253 judgment at a rate of 3.99% from the date of this Amended Judgment until the date

of payment, compounded annually.  Additionally, the OMG Girlz are awarded prejudgment interest of 7% starting from February 3, 2025 to the date of the Amended Judgment.

Finding good cause, the Court orders that briefing on attorneys' fees and costs will be deferred until after the issuance of the mandate following appeal, at which point the parties shall jointly propose a briefing schedule within fourteen days following issuance of the mandate.

**FINAL JUDGMENT IS SO ENTERED.**

Dated:  _____

_____
The Honorable James V. Selna
United States District Judge

Dated:  July 10, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By: /s/ *John R. Keville*
      John R. Keville

*Attorney for Defendants*

*CLIFFORD "T.I." HARRIS, TAMEKA "TINY"*

*HARRIS, OMG GIRLZ LLC, and Counter-*

*Claimants GRAND HUSTLE, LLC, PRETTY*

*HUSTLE, LLC and OMG GIRLZ LLC*