Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

Chad S. Hummel (SBN 139055)
chummel@McKoolSmith.com
Makenna A. Miller (SBN 329244)
mmiller@McKoolSmith.com
MCKOOL SMITH PC
One California Plaza
300 South Grand Avenue, Ste. 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200

Gary Cruciani (*pro hac vice*)
gcruciani@McKoolSmith.com
Tyler Freeman (*pro hac vice*)
tfreeman@McKoolSmith.com
MCKOOL SMITH PC
300 Crescent Court, Ste. 1500
Dallas, TX 75201
Telephone: (214) 978-4009

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT INC.,<br>Plaintiff,<br><br>v.<br><br>CLIFFORD "T.I." HARRIS, et al.,<br>Defendants. | Case No. 2:20-cv-11548-JVS-CTS<br>Assigned to:  Hon. James V. Selna<br><br>**MGA'S RESPONSE TO COUNTERCLAIMANTS' FURTHER BRIEFING REGARDING PROPOSED FINAL JUDGMENT [DKT. 1272]** |
| GRAND HUSTLE, LLC, et al.,<br>Counter-Claimants,<br><br>v.<br><br>MGA ENTERTAINMENT INC., et al.<br>Counter-Defendants. | Complaint Filed: December 22, 2020<br>Trial Date:          June 23, 2026 |

-1-

On July 15, 2026, the OMG Girlz filed a "Response to MGA's Objections to OMG Girlz' Proposed Final Judgment" (Dkt. 1272).  For the reasons already explained in MGA's objections, the OMG Girlz' proposed judgment (1) improperly seeks to add unnecessary, inaccurate, and/or confusing language; (2) impermissibly seeks prejudgment interest; and (3) attempts to renege on a binding stipulation.  Dkt. 1270.  MGA hereby addresses the additional arguments raised by the OMG Girlz as follows:

**First**, the OMG Girlz do not, and cannot, deny that the Court already determined that the jury's willfulness finding on trade dress was advisory.  *See* Dkt. 1272 at 3 (". . .  [T]he Court's determination that the issue was equitable and thus *the verdict was advisory*") (emphasis added).  Yet, the OMG Girlz ask that the final judgment confusingly include a statement that "*the jury* further found that MGA's trade dress infringement of the seven dolls at issue was willful . . . ." Dkt. 1269 at 5:10-12.  The OMG Girlz also do not deny that they have cherry-picked language from the Court's February 3, 2025 ruling and excluded, for instance, the Court's finding that "MGA did not act willfully."  Dkt. 1090 at 23.

At bottom, the OMG Girlz fail to articulate why its additional commentary regarding the Court's willfulness finding (or any other issue) should be included in this amended final judgment, which is not intended to be a comprehensive summary of every prior decision or procedural history.  *See* Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings."); *Cox v. Allin Corp. Plan*, No. C 12-5880 SBA, 2016 U.S. Dist. LEXIS 8371, at *10 (N.D. Cal. Jan. 21, 2016) (denying plaintiff's request to "include specific findings in the judgment" from prior order as contrary to Rule 54(a) and unnecessary).  Indeed, the language that the OMG Girlz insist on including regarding this issue was *not* included by the Court in its prior final Judgment.  *See* Dkt. 1118.

**Second**, the Court's prior ruling that prejudgment interest is not available here should stand.  *See* Dkt. 1113 at 12-14.  Indeed, while the OMG Girlz claim it is "mandatory" to award prejudgment interest going back to February 3, 2025, this Court entered a Final Judgment, dated April 29, 2025, which awarded ***no*** prejudgment interest.  *See* Dkt. 1118; *see also* Dkt. 1113 at 13 ("Prejudgment interest is discretionary under California law.").  Thus, the OMG Girlz are seeking to undo that finding.  To the extent the Court awards any prejudgment interest—which it should not—the OMG Girlz incorrectly assume that the higher, California statutory prejudgment interest should now replace the Court's award of post-judgment interest on the disgorgement award under 28 U.S.C. § 1961.  *See, e.g.*, *O'Kell v. Haaland*, No. 2:18-cv-00279-SAB, 2025 U.S. Dist. LEXIS 46811, at \*13 (E.D. Wash. Jan. 8, 2025) (rejecting plaintiff's request to "retroactively apply a current, higher, post-judgment interest rate" to fees and cost awards that were not vacated in a subsequent judgment).  The OMG Girlz provide no authority for its position that an amended judgment incorporating the results of the punitive damages trial should somehow supersede the interest rate included in the original Judgment.

**Third**, the OMG Girlz' position that the "the purpose of the original stipulation [regarding attorneys' fees and staying enforcement] no longer exists" is unfounded.  Dkt. 1272 at 3.  The parties' stipulation specifically contemplated that "both parties expect to file appeals in this case," and that remains unchanged.  Dkt. 1119 at 1.  Further, the parties were aware that there would be post-trial motion practice, which could result in a new trial.  The OMG Girlz should be bound by their prior agreement, and the Amended Final Judgment should include MGA's proposed language that "enforcement of judgment is hereby stayed, without any bond or security, until 30 days after the issuance of the mandate following appeal."  *See* Dkt. 1270-1 at 4.  If the Court is otherwise inclined to modify its prior Order and remove the stay of enforcement language, there should

be no deferral on briefing on attorneys' fees and costs, which the parties are entitled to pursue.

Accordingly, MGA respectfully requests that the Court enter MGA's [Proposed] Final Judgment, lodged as Exhibit A at Dkt. 1270-1.

Dated:  July 16, 2026

UMBERG ZIPSER LLP

By  /s/ Mark A. Finkelstein
MARK A. FINKELSTEIN
*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment, Inc., and Counter-Defendant Isaac Larian*