JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MGA ENTERTAINMENT, INC., a California corporation,

Plaintiff,

vs.

CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

Defendants.

**Case No. 2:20-cv-11548-JVS-CTS**
**AMENDED FINAL JUDGMENT**

Complaint Filed: December 20, 2020

Trial Date: June 23, 2026

GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,

Counter-Claimants,

vs.

MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,

Counter-Defendants.

This action was tried before a jury and the Court, the Honorable James V. Selna presiding, between September 3, 2024 and September 23, 2024. On September 23, 2024, the jury returned a verdict in favor of Counter-Claimants Grand Hustle, LLC, Pretty Hustle, LLC, and OMG Girlz LLC (collectively, "OMG Girlz") on their claims against Plaintiff and Counter-Defendant MGA Entertainment, Inc. ("MGA Entertainment") and Counter-Defendant Isaac Larian (collectively, "MGA") for trade dress infringement under 15 U.S.C. § 1125 and on their claim for misappropriation of name, likeness, or identity with respect to the seven dolls at issue: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva. (*See* Dkt. 1009). The jury further found that MGA's trade dress infringement of the seven dolls at issue was willful and that MGA acted with oppression, fraud, or malice with regard to its misappropriation. (*See id.*; Dkt. No. 1012). The jury further found that eight additional dolls subject only to MGA's declaratory judgment claims infringed the OMG Girlz' trade dress and/or name, likeness, or identity: Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, Shadow (trade dress infringement only), and Miss Glam (misappropriation of name, likeness, or identity only). (*See* Dkt. 1009). The Court previously disposed of the OMG Girlz' trade dress and misappropriation claims related to other dolls, as well as other claims asserted by the OMG Girlz, at summary judgment (*See* Dkt. 326). Accordingly, the Court entered final judgment on April 29, 2025. (Dkt. 1118).

On February 3, 2025, the Court found willful trade dress infringement was an equitable issue and determined the evidence tended to weigh against a finding of willfulness. (Dkt. 1090). The Court further declined to award disgorgement on the trade dress infringement claim and therefore declined to enhance profits or damages. (*Id.* at 11–12).

On September 23, 2025, following post-judgment motion practice and the OMG Girlz' denial of a $1 remittitur for punitive damages (Dkts. 1133, 1136), the Court ordered a partial new jury trial on the issue of whether misappropriation was malicious, oppressive, or fraudulent and warranted punitive damages. (Dkt. 1144).

The issue of punitive damages was tried before a new jury and the Court, the Honorable James V. Selna presiding, between June 23, 2026 and July 1, 2026. Dkts. 1230–31, 1236, 1244, 1258–59. On July 1, 2026, that jury returned a verdict in favor of MGA, finding that MGA Entertainment and Mr. Larian did not act with oppression, fraud, or malice with regard to the misappropriation of the OMG Girlz' name, likeness, or identity with respect to any of the seven L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Bhad Gurl, Metal Chick, Miss Divine, Runway Diva, or Prism. (Dkt. 1265).

Accordingly, pursuant to Federal Rule of Civil Procedure 58, consistent with this Court's July 29, 2022 Order Regarding Motion for Summary Judgment (Dkt. 326), the jury's verdicts (Dkts. 1009 and 1265), this Court's February 3, 2025 Order Regarding Post-Trial Equitable Issues (Dkt. 1090), this Court's April 15, 2025 Order Regarding Motion for Entry of Judgment and Request for Permanent Injunction (Dkt. 1113), this Court's July 8, 2025 Order Regarding Motion and Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial or Remittitur (Dkt. 1133), and this Court's September 23, 2025 Order Regarding Structure of New Trial (Dkt. 1144), the Court hereby **ENTERS FINAL JUDGMENT** as follows:

As to the OMG Girlz' Third Amended Counterclaims (Dkt. 63) for trade dress infringement (15 U.S.C. § 1125) and common law misappropriation of name, likeness, or identity, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G. dolls: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, and Runway Diva.

As to the OMG Girlz' Third Amended Counterclaims (Dkt. 63) for trademark infringement (15 U.S.C. § 1125), statutory misappropriation of name or likeness (Cal. Civ. Code § 3344), statutory unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*), and common law unfair competition, judgment is entered in favor of Counter-Defendants MGA Entertainment and Isaac Larian.

As to MGA's First Amended Complaint For Declaratory Judgment (Dkt. 16), judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G. dolls with respect to trade dress infringement and common law misappropriation of name, likeness, or identity: Ferocious, Fame Queen, Uptown Girl, Class Prez, Rocker Boi, Lady Diva, Sweets, Spicy Babe, Miss Royale, B-Gurl, Major Lady, Cosmic Nova, 24K D.J., Snowlicious, Candylicious, Gamma Babe, Moonlight B.B., NYE Queen, Splash Beauty, Sunshine Gurl, Sways, Crystal Star, Swag, Royal Bee, Neonlicious, Dollie, Busy B.B., Groovy Babe, Dazzle, Angles, Speedster, Da Boss, Missy Meow, Alt Grrrl, Big Wig, Camp Cutie, Icy Gurl, Pop B.B., Kitty K, Lonestar, Jukebox B.B., Cool Lev, Cheer Diva, Vault Queen, Coastal Q.T., Paradise V.I.P., Coral Waves, Spirit Queen, Ms. Direct, Magic Starlette, L.O.L. Surprise! O.M.G. Movie Magic Studios (Agent Glamour and Agent Soul), Tough Dude, Pink Chick, Fly Gurl, Sunset, Miss Celebrate, Skatepark Q.T., and Trendsetter.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G doll with respect to trade dress infringement only: Miss Glam.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of MGA as to the following L.O.L. Surprise! O.M.G doll with respect to common law misappropriation of name, likeness, or identity only: Shadow.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G.

dolls with respect to trade dress infringement: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, Runway Diva, Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, and Shadow.

As to MGA's First Amended Complaint For Declaratory Judgment, judgment is entered in favor of the OMG Girlz as to the following L.O.L. Surprise! O.M.G. dolls with respect to common law misappropriation of name, likeness, or identity: Chillax, Roller Chick, Metal Chick, Bhad Gurl, Prism, Miss Divine, Runway Diva, Downtown B.B., Punk Grrrl, Virtuelle, Honeylicious, Miss Independent, City Babe, and Miss Glam.

In the Court's Order Regarding Post-Trial Equitable Issues (Dkt. 1090), the Court adopted the jury's advisory disgorgement award of $17,872,253 for MGA's common law misappropriation of the OMG Girlz' name, likeness, or identity. The Court did not adopt the jury's advisory disgorgement award under the Lanham Act, and instead awarded the OMG Girlz no disgorgement of MGA's profits under the Lanham Act. (*Id.* at 12). The Court determined that willfulness was an equitable issue and reviewed it de novo, finding that the evidence tended to weigh against a finding of willfulness. (*See id.* at 6-8.)

As to the OMG Girlz' claim for punitive damages under common law misappropriation of the OMG Girlz' name, likeness, or identity, the jury did not find by clear and convincing evidence that MGA and Mr. Larian's misappropriation was conducted with malice, oppression, or fraud with respect to any of the seven L.O.L. Surprise! O.M.G. dolls (Chillax, Roller Chick, Bhad Gurl, Metal Chick, Miss Divine, Runway Diva, or Prism), and awarded no punitive damages. (Dkt. 1265).

The Court awards the OMG Girlz post-judgment interest on the $17,872,253 judgment at a rate of 3.99% from the date of this Amended Judgment until the date of payment, compounded annually.

Pursuant to the parties' stipulation and finding good cause, the Court orders that briefing on attorneys' fees and costs will be deferred until after the issuance of the mandate following appeal, at which point the parties shall jointly propose a briefing schedule, and enforcement of judgment is hereby stayed, without any bond or security, until 30 days after the issuance of the mandate following appeal. (Dkt. 1120).

**FINAL JUDGMENT IS SO ENTERED.**

Dated: July 22, 2026

The Honorable James V. Selna
United States District Judge