Mark A. Finkelstein (SBN 173851)
mfinkelstein@uzllp.com
Ellen S. Kim (SBN 329348)
ekim@uzllp.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT INC., Plaintiff,<br><br>v.<br><br>CLIFFORD "T.I." HARRIS, et al., Defendants. | Case No. 2:20-cv-11548-JVS-AGR<br>Assigned to: Hon. James V. Selna<br><br>**MGA'S OPPOSITION TO OMG GIRLZ' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING PROPOSED AMENDED FINAL JUDGMENTS AND TO ALTER OR AMEND THE JUDGMENT** |
| GRAND HUSTLE, LLC, et al., Counter-Claimants,<br><br>v.<br><br>MGA ENTERTAINMENT INC., et al., Counter-Defendants. | Hearing Date: October 5, 2026<br>Complaint Filed: December 22, 2020<br>Trial Date: June 23, 2026 |

## I. INTRODUCTION

Under both Federal Rule of Civil Procedure 59(e) and Local Rule 7-18, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As such, it is permitted in this District under only narrow circumstances, and reconsideration motions ***cannot*** repeat any previously made argument. *See* L.R. 7-18. Mere disagreement with the Court's decision does not satisfy this exacting standard. *See Reese v. Verizon Cal., Inc.*, No. CV 11-01934 SJO (JEMx), 2011 U.S. Dist. LEXIS 156749, at *4 (C.D. Cal. Sept. 21, 2011).

In their Motion for Reconsideration, Counterclaimants fail to identify any facts or law that could not have been raised earlier, or that the Court failed to consider. Counterclaimants' argument is that prejudgment interest should have been awarded under California Civil Code § 3287(a). But this argument was expressly raised, considered, and ***rejected*** by the Court. *See* Dkt. 1269 at 1; Dkt. 1278-1 at 2; Dkt. 1274 at 1 ("OMG Girlz argue . . . under Cal. Civ. Code § 3287(a), prejudgment interest is mandatory. . . . However, because the disgorgement award arises from misappropriation, not breach of contract, Cal. Civ. Code § 3288 applies, and prejudgment interest is discretionary.").

Because Counterclaimants have not satisfied the high burden for reconsideration, the motion should be denied. But even if the Court were to reconsider its decision, that decision should be upheld.

## II. LEGAL STANDARD

"[A] court is generally precluded from reconsidering an issue that has already been decided by the same court . . . in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). As such, a motion for reconsideration under Rule 59(e) "may not be used to reargue the motion, raise new arguments, or present evidence that should have been presented prior to the entry of

judgment." *Merritt v. Barclays PLC*, 2026 U.S. Dist. LEXIS 168753, at *8 (C.D. Cal. July 28, 2026) (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Significantly, Local Rule 7-18 places additional limitations on motions for reconsideration, which may be made ***only on*** the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. ***No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.***

L.R. 7-18 (emphasis added).

The movant bears the burden of proving reconsideration is proper. *Pulte Home Co., LLC v. HDI Glob. Specialty Se.*, No. CV 24-2191-JFW(PDx), 2026 U.S. Dist. LEXIS 85886, at *6 (C.D. Cal. Apr. 14, 2026) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## III. <u>ARGUMENT</u>

### A. There Is No Basis For Reconsideration.

Counterclaimants' motion repeats the same arguments, and even cites many of the same cases, that were raised in their initial briefing regarding prejudgment interest. *See* Dkt. 1269 at 1; Dkt. 1272 at 1-3. This alone bars reconsideration under the Local Rules.

Counterclaimants argue that reconsideration nevertheless is proper because the Court cited a case that neither party raised, *Daevieon Towns v. Hyundai Motor*, No. B324360, 2026 WL 1051774 (Cal. Ct. App. Jan. 16, 2026),

in "reasoning that mandatory interest under Section 3287(a) only applied to breach of contract actions." Dkt. 1278-2 at 1, 4-5; *see id.* at 1 ("Since MGA did not make these arguments, the OMG Girlz could not have reasonably responded to them."). That the Court cited a case that was not raised by the parties is not a basis for reconsideration. To begin with, the Court cited *Daevieon* for a proposition—that prejudgment interest here is discretionary—which was the central dispute briefed by the parties. In its submission, MGA cited the Court's April 15, 2025 Order and the reasoning therein. *See* Dkt. 1270 at 2-3; Dkt. 1273 at 3. In that prior April 15, 2025 Order, the Court concluded that "[p]rejudgment interest is discretionary under California law." *See* Dkt. 1113 at 13. In response, Counterclaimants specifically addressed this point, arguing that prejudgment interest here is mandatory, and not discretionary, under Section 3287(a). Dkt. 1269 at 1:7-20; Dkt. 1272 at 2:23-3:1. In any event, *Daevieon* was decided months before the parties briefed this issue and thus was not "new" law.

Nor can Counterclaimants show there was a "manifest failure" by the Court to consider whether prejudgment interest was proper under Section 3287(a), as that was ***specifically discussed*** in the Court's July 22, 2026 Order. *See* Dkt. 1274 at 1. Counterclaimants try to manufacture a basis to challenge that Order by mischaracterizing that the Court "reason[ed] that mandatory interest under Section 3287(a) ***only*** applied to breach of contract actions." Dkt. 1278-1 at 4 (emphasis added). But the Court concluded that Section 3288 applied where the underlying disgorgement award arises from misappropriation, and then "applie[d] the same reason as in its previous order," finding that prejudgment interest was not appropriate here. Dkt. 1274 at 1-2. *See* Cal. Civ. Code § 3288 (applying to an "action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury.").

At bottom, Counterclaimants simply disagree with the Court's ruling. That disagreement is not a basis for reconsideration, and the motion should be denied. *See Gish v. Newsom*, No. EDCV 20-755 JGB (KKx), 2020 U.S. Dist. LEXIS 192714, at *7 (C.D. Cal. Oct. 9, 2020) ("[U]nless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration.") (quoting *Roe v. LexisNexis Risk Sols. Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013)).

**B. Prejudgment Interest Has Been Properly Rejected.**

Even if the Court reconsidered its ruling, which it should not, the Court's decision denying prejudgment interest was correct and should stand. It is well-established that "[t]he primary purpose of an award of prejudgment interest is to compensate the plaintiff for the loss of use of money during the period before the entry of judgment, in order to make the plaintiff whole." *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 573 (2011). The Court already held multiple times that prejudgment interest is discretionary where the underlying award is equitable disgorgement, and found prejudgment interest was unwarranted here. *See* Dkt. 1113 at 12-14 (concluding that prejudgment interest was "not required to fully compensate the Harrises" because, *inter alia*, they "could make no showing of actual harm to brand or reputation," the disgorgement award "likely still provides a windfall," and "the evidence did not support a finding of willfulness"); Dkt. 1274 at 1-2 (". . . Cal. Civ. Code § 3288 applies and prejudgment interest is discretionary."). That the final judgment has since been amended to remove punitive damages does not entitle Counterclaimants to prejudgment interest on the disgorgement award.

Counterclaimants' various cited cases stand for the uncontroversial position that Section 3287(a) prejudgment interest is mandatory in certain circumstances. *See e.g., Emp'rs Mut. Cas. Co. v. Phila. Indem. Ins. Co.*, 169 Cal. App. 4th 340, 347 (2008); *Wisper Corp. v. Cal. Commerce Bank*, 49 Cal.

App. 4th 948, 958 (1996). However, Counterclaimants do not cite (nor is MGA aware of any) authority supporting their argument that discretionary prejudgment interest under Section 3288—***which was denied***—somehow becomes mandatory under Section 3287(a) when the judgment is amended on grounds unrelated to the issue of prejudgment interest.

Further, Counterclaimants' request for 7% prejudgment interest on the disgorgement award beginning from February 3, 2025 is improper, given that the Final Judgment was not entered until April 29, 2025; post-judgment interest was granted for the full verdict amount at 3.972% beginning April 15, 2025; and again, no prejudgment interest was awarded. *See* Dkt. 1118 at 3-4. Counterclaimants did not seek to reconsider or amend the April 29, 2025 Final Judgment and related Order, and have thus waived any argument that prejudgment interest should run from an earlier date.

## IV. CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Court deny Counterclaimants' Motion for Reconsideration.

Dated: August 19, 2026

UMBERG ZIPSER LLP

By */s/ Mark A. Finkelstein*
MARK A. FINKELSTEIN
*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*

## CERTIFICATE OF COMPLIANCE

I, Mark A. Finkelstein, counsel of record for Plaintiff and Counter-Defendants, certifies that this brief contains 1,434 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 19, 2026

UMBERG ZIPSER LLP

*/s/ Mark A. Finkelstein*
Mark A. Finkelstein

*Attorneys for Plaintiff and Counter-Defendant MGA Entertainment Inc. and Counter-Defendant Isaac Larian*