John R. Keville (*pro hac vice*)
jkeville@sheppard.com
Michelle C. Replogle (*pro hac vice*)
mreplogle@sheppard.com
Robert L. Green (*pro hac vice*)
rgreen@sheppard.com
Chante B. Westmoreland (*pro hac vice*)
cwestmoreland@sheppard.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
Telephone: (713) 431-7100

Valerie E. Alter (SBN: 239905)
valter@sheppard.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700

*Attorneys for Defendants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLIFFORD "T.I." HARRIS, an individual; TAMEKA "TINY" HARRIS, an individual; OMG GIRLZ LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:20-cv-11548-JVS-AGR**<br><br>**OMG GIRLZ' REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING PROPOSED AMENDED FINAL JUDGMENTS AND TO ALTER OR AMEND THE JUDGMENT (DKTS. 1274, 1275)** |
| GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC, and OMG GIRLZ LLC,<br><br>Counter-Claimants,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., ISAAC LARIAN, and DOES 1 – 10, inclusive,<br><br>Counter-Defendants. | Judge: Hon. James V. Selna<br><br>Complaint Filed: December 20, 2020<br><br>Trial Date: June 23, 2026 |

## I. INTRODUCTION

MGA's opposition is notable for what it does not dispute. MGA does not dispute that prejudgment interest is mandatory under California Civil Code Section 3287(a). It does not dispute that the damages amount was certain as of February 3, 2025. It does not dispute that 7% is the constitutional amount of prejudgment interest. And critically, it does not dispute that the Court's reason for denying prejudgment interest—that Section 3287(a) is limited to breach of contract actions—was wrong as a matter of law. At bottom, the Court's decision benefited MGA, so instead of addressing the decision, MGA deflects in a thinly veiled hope that the Court will simply persist in error rather than correct the decision. The OMG Girlz respectfully requests that the Court reconsider its prior decision, and award prejudgment interest.

## II. ARGUMENT

### A. Reconsideration Is Appropriate Under L.R. 7-18(a) or (c)

MGA attempts to avoid reconsideration by arguing that the Court already considered whether to award prejudgment interest, so reconsideration is not available. Dkt. 1294 at 2. But the question is not whether the underlying relief was granted or denied, as that would mean reconsideration is *never* appropriate, which cannot be true. Reconsideration is appropriate here because there is a material difference in fact or law that could not have been known at the time the order was entered. L.R. 7-18(a). Specifically, Section 3287(a) is not limited to breach of contract actions as the Court held. Instead, MGA tries to mischaracterize the Court's reasoning, arguing it "cited *Daevieon* for a proposition [] that prejudgment interest here is discretionary." Dkt. 1294. But the Court's decision relied on *Daevieon Towns v. Hyundai Motor America*, No. B324360, 2026 WL 1051774 (Cal. Ct. App. Jan. 16, 2026) for the proposition that Section 3287(a) is limited to breach of contract actions *therefore* discretionary interest under Section 3288 applied. Dkt. 1274 at 1-2. The foundation of this finding is plainly incorrect because Section 3287(a) is *not* limited to breach of contract actions. This was never presented to the Court because MGA did not raise this argument or cite the

case on which the Court relied (or any similar case for this same proposition), so the OMG Girlz had no opportunity to address it. The Motion for Reconsideration identifies this specific error, *which is unrebutted by MGA*. That is a proper basis for reconsideration.

Even if MGA were correct and the issue of whether Section 3287(a) is limited to breach of contract actions was raised, reconsideration would still be appropriate because the Court's ruling is plainly erroneous. As noted in the OMG Girlz Motion, reconsideration is appropriate when there is "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Dkt. 1278-1 at 3-4 (citing L.R. 7-18(c)). The OMG Girlz requested mandatory prejudgment interest under Section 3287(a), which by its terms is not limited to breach of contract actions. Dkt. 1269 at 1. Therefore, the Court's finding otherwise is a manifest failure to consider material facts, such that reconsideration is warranted. Either way, the Court should reject MGA's request to leave a plainly erroneous ruling in place.

**B. Prejudgment Interest Is Mandatory and Should Be Awarded**

MGA's remaining arguments are hard to follow because they mischaracterize the prior requests and the Court's rulings. After the September 2024 trial, the OMG Girlz requested discretionary prejudgment interest back to the date the suit was filed. Dkt. 1104 at 14-15. This request was brought under Section 3288 (*id.*), which applies to actions not involving a contract or in cases of oppression, fraud, or malice, which was applicable at the time of the request based on the September 2024 verdict. The Court ultimately denied this request, finding it was not necessary to compensate the OMG Girlz. Dkt. 1113 at 14. However, the Court did award post-judgment interest of 3.972% starting on April 15, 2025, which is mandatory to ensure a defendant does not benefit from delaying payment of a judgment. *Id.* at 15. MGA's opposition conflates this prior history with the present request. The OMG Girlz are not requesting prejudgment interest back to the date of filing again, but only from the date damages became certain. Dkt. 1269 at 1. California law is clear that damages are certain when

they are set by a verdict, or here, when the Court adopted that same number. *Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 573–74 (2011) ("Damages determined by a verdict are made certain as of the date that the verdict is entered, so prejudgment interest begins to accrue on that date.").

Contrary to MGA's suggestion that there is no authority for prejudgment interest after a judgment is amended (Dkt. 1294 at 5), the OMG Girlz cited exactly such a case in their original request. In *International Currency Technologies v. ICT, Inc.*, the jury awarded $550,000 in damages on the plaintiff's conversion claim, but a new trial was ordered on the separate Lanham Act claim. 112 Cal. App. 5th 639, 642-643 (2025). After another seven years of additional litigation, judgment was entered on the $550,000 award and the plaintiff was awarded prejudgment interest from the date of verdict to the date of judgment. *Id.* at 643. The appellate court affirmed because the amount was certain as of the verdict, making the prejudgment interest award mandatory from that date until the date of judgment. *Id.* at 645-646. The same is true here. The amount was certain as of February 3, 2025 when the Court set it. Like in *ICT*, the "unusual circumstances" of subsequent prolonged litigation does not change the result. *Id.* Indeed, any other result would be an unjust boon to MGA. The Court originally awarded post-judgment interest starting on April 15, 2025, which would have run until MGA paid. MGA has never had to pay. And now, MGA is seeking to improperly benefit from the substantial length of time since the prior judgment due to MGA's unsuccessful interlocutory appeal and third change of counsel that delayed retrial. To now pay *no* interest on the untouched award for nearly two years, subverts the law and the idea of fundamental fairness. Accordingly, the Court should reconsider.

## III. CONCLUSION

For the foregoing reasons, the OMG Girlz request the Court to ignore MGA's distractions, reconsider its prior ruling based on the case law showing that Section 3287(a) is not limited to breach of contract actions, and amend the judgment to award

prejudgment interest.

Dated: August 26, 2026

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: /s/ *John R. Keville*
John R. Keville

*Attorney for Defendants CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Defendant / Counter-Claimants, certifies that this brief contains 1,075 words, which complies with the word limit of L.R. 11-6.1.

By: /s/ *John R. Keville*
John R. Keville
*Attorney for Defendants*

*CLIFFORD "T.I." HARRIS, TAMEKA "TINY" HARRIS, OMG GIRLZ LLC, and Counter-Claimants GRAND HUSTLE, LLC, PRETTY HUSTLE, LLC and OMG GIRLZ LLC*