UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | October 6, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Reconsideration [1278]**

Before the Court is Counter-Claimants Grant Huslte, LLC's, Pretty Hustle's, LLC, and OMG Girlz LCC's (collectively, "OMG Girlz") Motion for Reconsideration. (Mot., Dkt. No. 1278.) MGA Entertainment Inc. ("MGA") opposed. (Opp'n, Dkt. No. 1294.) The OMG Girlz replied. (Reply, Dkt. No. 1300.)

It is within the court's discretion to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration pursuant to Local Rule 7-18 is permissible in three situations:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Reconsideration is also appropriate if the court committed clear error or the initial decision was "manifestly unjust." School Dist. No. 1J, Multnomah Cnty. v. AcandS, Inc., 5 F. 3d 1255, 1263 (9th Cir. 1993) (providing that reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | October 6, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

The Court held the OMG Girlz were not entitled to mandatory prejudgment interest because California Civil Code § 3287(a) only applies to breach of contract actions, so Section 3288 governed and prejudgment interest was discretionary. (Dkt. No. 1274 at 1 (citing Daevieon Towns v. Hyundai Motor America, No. B324360, 2026 WL 1051774, at *9 (Cal. Ct. App. Jan. 16, 2026)).) The OMG Girlz argue the Court erred because Daevieon addressed Section 3287(b), which by its terms is limited to contract actions. (Mem. in Supp., Dkt. No. 1278-1, at 5.) Daevieon references Section 3287, but does not specify whether it is referencing 3287(a) or (b). See Daevieon, 2026 WL 1051774, at *9. The OMG Girlz cite to the defendant's superior court motion, in which the defendant argued there was no basis for an award of prejudgment interest under Section 3287(b). (Dkt No. 1278-3, Ex. 1, at 2.) But immediately before the paragraph the OMG Girlz cite to, the defendant argued "there was no legal basis for the jury to award prejudgment interest under Civil Code *Section 3287(a)*." (Id. (citing Warren v. Kia Motors America, Inc., 30 Cal. App. 5th 24, 44 (2018)) (emphasis added).) And the parties' briefing makes it clear Section 3287(a) was at issue on appeal. See Appellants' Opening Brief, Daevieon Towns v. Hyundai Motor America, No. B324360, 2024 WL 3627386, at *39–40 (Cal. Ct. App. July 22, 2024) (discussing the superior court's holding that "prejudgment interest is recoverable under Civil Code section 3287, subdivision a") (cleaned up); id., at *40 n.6 (quoting Section 3287, subdivision a); Combined Response Brief and Appellant's Opening Brief, Daevieon Towns v. Hyundai Motor America, No. B324360, 2024 WL 4903791, at *63–64, 89–92, 123–129 (Cal. Ct. App. Nov. 13, 2024) (referencing Section 3287(a)). Neither party cited Section 3287 (b) in any of its appellate briefing. The court of appeal gave two reasons why the case fell under Section 3288 and not Section 3287: (1) plaintiffs never affirmatively requested judgment under 3287; and (2) defendant's argument below that 3287 did not apply because the case was a statutory claim under the Song-Beverly Act, not breach of contract. Daevieon, 2026 WL 1051774, at *9. In support, the court of appeal quoted a portion of the defendant's 3287(b) argument. (See Dkt. No 1278-3, Ex. 1, at 2.) See Daevieon, 2026 WL 1051774, at *9. All in all, it is unclear whether Daevieon addressed Section 3287(a) or (b).

Nonetheless, Section 3827(a) requires mandatory prejudgment interest on damages for liquidated claims. N. Oakland Med. Clinic v. Rogers, 65 Cal. App. 4th 824, 828 (1998) (holding under Section 3827(a) "the court has no discretion, but must award prejudgment interest upon request, from the first day there exists both a breach and a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11548-JVS-CTS | Date | October 6, 2026 |
|---|---|---|---|
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

liquidated claim"). The OMG Girlz's request prejudgment interest starting on February 3, 2025, because the claim became liquidated when the Court set the amount of disgorgement. (Dkt. No. 1090 at 20–21.) Landsberg v. Scrabble Crossword Game Players, Inc., 802 F.2d 1193, 1200 (9th Cir. 1986) (Section 3287(a) "applies to claims at the time they become calculable" to grant prejudgment interest from the date of the initial judgment); see also id. ("[A]n unliquidated claim that becomes liquidated in the course of litigation is subject to § 3287(a)."). Section 3287(a)'s "application to actions other than contract actions, such as tort actions, is well established." Wisper Corp. v. Cal. Com. Bank, 49 Cal. App. 4th 948, 958 (1996).

MGA's chief argument in opposition is the OMG Girlz did not establish sufficient grounds for reconsideration. (Opp'n at 2–3.) The Court committed clear error by concluding Section 3287(a) only applies to breach of contract actions. See Wisper, 49 Cal. App. 4th at 958. This provides adequate grounds for reconsideration. See School Dist. No. 1J, 5 F. 3d at 1263 (reconsideration is appropriate when a court commits clear error). MGA also argues the OMG Girlz are not entitled to mandatory prejudgment interest because the Court previously rejected their request for discretionary prejudgment interest under Section 3288. (Opp'n at 4.) But "an unliquidated claim that becomes liquidated in the course of litigation is subject to § 3287(a)." Landsberg, 802 F.2d at 1200. Thus, the OMG Girlz became entitled to mandatory prejudgment interest under Section 3287(a) when their claim became liquidated.

MGA argues the OMG Girlz waived any argument regarding prejudgment interest starting before April 29, 2025 by not moving to reconsider or amend the April 29, 2025 Final Judgment to include statutory prejudgment interest under Section 3827(a). (Opp'n at 5.) "[R]equests for prejudgment interest under section 3287 by a successful plaintiff must be made by way of a motion prior to entry of judgment, or the request must be made in the form of a motion for new trial no later than the time allowed for filing such a motion." N. Oakland, 65 Cal. App. 4th at 831. An order granting a motion for a new trial destroys the finality of the original judgment, and may be appealed following the entry of subsequent judgment. See Gilliland v. Lyons, 278 F.2d 56, 58 (9th Cir. 1960). This is true even when the order is accompanied by a provision for remittitur. See Eaton v. Nat'l Steel Prods. Co., 624 F.2d 863, 864 (9th Cir. 1980). When the Court granted a new trial on punitive damages, the Court destroyed the finality of the April 29, 2025 Judgment. (Final Judgment, Dkt. No. 1133.) See Gilliland, 278 F.2d at 58. The Court

entered the Amended Final Judgment on July 22, 2026. (Amended Final Judgment, Dkt. No. 1275.) The OMG Girlz requested prejudgment interest under Section 3287(a) on July 10, 2026, before the Court entered the Amended Final Judgment. (OMG Girlz' Proposed Amended Final Judgment, Dkt. 1269.) Thus, the OMG Girlz' request for prejudgment interest was timely under N. Oakland, 65 Cal. App. 4th at 831.

At the hearing, MGA and the OMG Girlz disputed the period for which the OMG Girlz are entitled to statutory prejudgment interest. As explained above, the OMG Girlz request statutory prejudgment interest beginning on February 3, 2025. The Court granted post-judgment interest beginning on the date of the Amended Judgment: July 22, 2026. (Amended Final Judgment at 4.) Under Section 3287(a), "prejudgment interest is calculated through the date of entry of judgment" and "[t]he trial court has no discretion to shorten the period for which it is awarded." Marina Glencoe, L.P. v. Malibu Escrow Corp., No. B203415, 2010 WL 685098, at *4 (Cal. Ct. App. Mar. 1, 2010).[1] The OMG Girlz are therefore entitled to statutory prejudgment interest under Section 3287(a) from

---

[1] At the hearing, MGA urged the Court to grant the OMG Girlz' request for statutory prejudgment interest only from the period between February 3, 2025 and April 29, 2025 Judgment, and postjudgment interest from July 22, 2026 onward. MGA noted that a gap between is appropriate under Hospitality Management, Inc. v. Preferred Contractors Insurance Company, No. 3:18-CV-452-YY, 2022 WL 3755156 (D. Or. Aug. 30, 2022) (citing Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 990–91 (9th Cir.2001)).

In Dishman, the Ninth Circuit held prejudgment interest ends and postjudgment interest under 28 U.S.C. § 1961 begins at the time the Court enters a final appealable judgment. 269 F.3d at 990–91. The court in Hospitality Management held Dishman did not require awarding prejudgment interest for the period between time when final judgment is entered and the time when the final judgment becomes appealable following a Rule 59 or Rule 60 motion. 2022 WL 3755156, at *9. First, Hospitality Management is at best persuasive authority; it is an unpublished opinion from the District of Oregon that does not address Section 3287(a). Second, Hospitality Management is distinguishable. Hospital Management addresses prejudgment interest for the period between when judgment is entered and when judgment becomes appealable following a posttrial motion. Id. The court did not materially change its original damages judgment following posttrial motions. See id.; see also id. ("If the Court materially changed its original damages judgment in response to a postjudgment motion, then it might be appropriate to change the date through which prejudgment interest accrues or postjudgment begins, because the date of ascertainability "). Here, in contrast, after the April 25, 2025 Judgment, the Court granted a new trial on punitive damages. This is certainly a material change in the original damages judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | October 6, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

February 3, 2025 to July 22, 2026. MGA argues prejudgment interest should accrue only until the date of the April 29, 2025 Final Judgment. But the Court's order granting a new trial vacated the original Final Judgment. See United States v. Ayres, 76 U.S. 608, 610 (1869) (holding an order granting a new trial renders a judgment null and void).

For the foregoing reasons, the Court **GRANTS** the motion. The Court **ORDERS** the OMG Girlz to file a proposed amended judgment including prejudgment interest within 7 days.

**IT IS SO ORDERED.**