UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Elsa Vargas | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Amend Judgment [1295]**

Before the Court is Counter-Claimants Grant Hustle, LLC's, Pretty Hustle's, LLC, and OMG Girlz LCC's (collectively, "the OMG Girlz") Motion to Amend Judgment. (Mot., Dkt. No. 1295.) MGA Entertainment Inc. ("MGA") opposed. (Opp'n, Dkt. No. 1301.) The OMG Girlz replied. (Reply, Dkt. No. 1303.) Upon the Court's request, the parties submitted supplemental briefing regarding MGA's post-verdict sales of infringing dolls. (Notice, Dkt. No. 1313; MGA's Response, Dkt. No. 1317; OMG Girlz' Response, Dkt. No. 1318.)

For the foregoing reasons, the Court **GRANTS** the motion.

## I. Background

On September 23, 2024, a jury returned a verdict in favor of the OMG Girlz on their claims for trade dress infringement and misappropriation of name, likeness or identity with respect to seven dolls. (Dkt. No. 1009.) The jury further found that MGA's trade dress infringement was willful and MGA acted with oppression, fraud, or malice with regard to its misappropriation. (Id.; Dkt. No. 1012.) The jury also found eight additional dolls subject only MGA's declaratory judgment claims infringed the OMG Girlz' trade dress and/or name, likeness, or identity. (Dkt. No. 1009.) The Court entered Final Judgment on April 9, 2025. (Dkt. No. 1118.)

On February 3, 2025, the Court found willful trade dress infringement was an equitable issue and determined the evidence weighed against a finding of willfulness. (Dkt. 1090 ("Post-Trial Order").) The Court further declined to award disgorgement on

the trade dress infringement claim and declined to enhance profits or damages. (Id. at 11–12.)

On May 27, 2025, MGA filed a motion requesting judgment as a matter of law, or in the alterative, a new trial or remittitur. (Dkt. No. 1121.) On July 8, 2025, the Court found the jury's verdict was contrary to the clear weight of the evidence that MGA acted willfully. (Dkt. No. 1133, at 12–13.) The Court found the jury's punitive damages award of $53,616,759 was excessive. (Id. at 13.) The Court granted a new trial on the issue of punitive damages on the condition that Defendants and Counter-Claimants Cliffort T.I. Harris and Tameka "Tiny" Harris (collectively, "the Harrises") did not accept a remittitur of $1—the maximum punitive damages award sustainable by the proof provided. (Id. at 33.) On July 10, 2025, the Harrises rejected the remittitur. (Dkt. No. 1136.) Thus, the Court granted MGA's motion for a new trial. (Dkt. No. 1138.)

The issue of punitive damages was tried before a new jury. (Dkt. Nos. 1230–31, 1236, 1244, 1258–59.) On July 1, 2026, that jury returned a verdict in favor of MGA, finding MGA and its CEO—Isaac Larian ("Larian")—did not act with oppression, fraud, or malice with regard to the misappropriation of the OMG Girlz' name, likess, or identity with respect to any of the seven infringing dolls. (Dkt. 1265.) The Court entered its Amended Final Judgment on July 22, 2026. (Dkt. No. 1275.) The OMG Girlz filed this motion to hold MGA willfully infringed and to issue a permanent injunction. (Mot.)

## II. LEGAL STANDARD

Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment." Banister v. Davis, 590 U.S. 504, 507 (2020). Absent "other, highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where a court is presented with newly discovered evidence, the court committed clear error or the initial decision was manifestly unjust, or there is an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah Cnty. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) is an extraordinary remedy that is "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted).

Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

amend the judgment accordingly." Fed. R. Civ. P. 52(b). A court generally considers a Rule 52(b) motion under the same standard as a Rule 59(e) motion. See Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997-98 (9th Cir. 2001) (applying the same analysis in its discussion of the Rule 59(e) and Rule 52(b) motions); Johnson v. U.S. Probation and Pretrial Servs., No. C21-5812 MJP, 2022 WL 683248, at *1 (W.D. Wash. Mar. 8, 2022) ("Th[e] same standard [as under Rule 59(e)] generally applies to motions brought under Rule 52(b)"). "Rule 52(b) motions are granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law." Black v. Irving Materials, Inc., No. 17-CV-06734-LHK, 2020 WL 108486, at *2 (N.D. Cal. Jan. 9, 2020) (citation and quotation marks omitted); Provencio v. Hatton, No. 1:15-cv-01327-LJO-MJS (HC), 2018 WL 1256655, at *1 (E.D. Cal. Mar. 12, 2018) (same). However, Rule 52(b) "is not intended as a vehicle for securing a rehearing on the merits." Heikkila v. Barber, 164 F. Supp. 587, 592 (N.D. Cal. 1958).

In general, motions for reconsideration are disfavored and will not be granted "absent highly unusual circumstances." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). Courts may only reconsider matters encompassed in the decision and "will not address new arguments or evidence that the moving party could have raised before the decision issued." Banister, 590 U.S. at 508.

In addition, this Court's local rules provide that a motion for reconsideration:

> may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. A motion for reconsideration may not "repeat any oral or written argument made in support of, or in opposition to, the original motion." Id.

## III. Discussion

The OMG Girlz ask the Court to amend its findings on willful infringement and to amend the judgment to include a permanent injunction. (Mem. in Supp., Dkt. No. 1295-1, at 1.) As an initial matter, the Court addresses the basis for the OMG Girlz' motion. The OMG Girlz bring their motion under Rules 59(e), 52(b), and—for the first time in their reply—60. (Id. at 5; Reply at 4–5.) "The district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). The Court therefore declines to consider the OMG Girlz' Rule 60 argument.

As explained above, Rules 52(b) and 59(e) and Local Rule 7-18 may only be invoked in limited circumstances. The OMG Girlz bring their motion based on new evidence from the punitive damages trial: (1) testimony from MGA's General Counsel regarding the lack of a formal protocol to prevent trade dress infringement, and (2) post-verdict sales of infringing dolls. (Mem. in. Supp. at 1.) The parties do not dispute all of the OMG Girlz' "new" evidence was available at the time the Court entered the Amended Final Judgment. (See Opp'n at 6; Reply (not refuting MGA's argument).) Nor do the OMG Girlz argue there has been an intervening change in law. Therefore, amendment of the Amended Final Judgment is appropriate only if there is a clear error of fact or law.

The OMG Girlz use the new testimony from MGA's General Counsel as a vehicle to re-litigate the merits of the Court's prior willfulness findings. The OMG Girlz do not explain how this testimony establishes clear error. With regards to the post-verdict sales, the OMG Girlz argue MGA misrepresented that it had ceased all sales of its infringing dolls, and evidence from the punitive damages trial proves otherwise. Because this arguably constitutes an error of fact, the Court limits its analysis to the post-verdict sales data.

### *A. Amended Findings of Willful Infringement*

The OMG Girlz previously argued the following evidence from the September 2024 trial supported a finding of willful infringement: (1) lead designer Blanche Consorti knew of the OMG Girlz in December 2019, prior to the creation of the seven infringing dolls; (2) MGA's target audience overlapped with the OMG Girlz' audience; (3) MGA failed to investigate in response to the OMG Girlz' infringement claim; and (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

MGA's witnesses lacked credibility. (Post-Trial Order at 6–8.) The Court found the evidence from the September 2024 trial weighed against a finding of willfulness. (Id. at 8.) MGA argues the Court "gave great weight to [] representations" made by MGA that it stopped all sales of the 15 dolls following the 2024 jury verdict "in its post judgment findings." (Mem. in Supp. at 6.) The Court did not consider the cessation of sales in finding MGA did not willfully infringe. (See Post-Trial Order at 5–8.) Therefore, the Court did not commit clear error of fact or law regarding willfulness.

*B. Permanent Injunction*

The OMG Girlz propose a permanent injunction prohibitihng MGA "from manufacturing, distributing, and selling the 15 infringing OMG Dolls as well as any other doll that is no more than colorably different from any of the 15 infringing dolls." (Dkt. 1295-9.)

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id. Courts may grant injunctions "to prevent the violation of any right of the registrant of a mark registered in the Patent or Trademark Office." 15 U.S.C. § 1116(a). A party seeking injunctive relief "shall be entitled to a rebuttable presumption of irreparable harm upon a finding" of infringement. Id.

1. Irreparable Harm

The Court previously denied the OMG Girlz' request for a permanent injunction, holding MGA rebutted the presumption of irreparable harm given (1) MGA's cessation of sales, manufacturing, and advertising of the infringing dolls; and (2) the lack of present and future harm to good will and reputation. (Dkt. No. 1113 ("Permanent Injunction Order"), at 12.) The OMG Girlz urge the Court to reconsider its finding of irreparable harm based on new evidence of MGA's post-verdict sales of infringing dolls.

(Mem. in Supp. at 17.) There is no basis for the Court to reconsider its finding that the lack of present and future harm to good will and reputation weighs against a finding of irreparable harm. (Permanent Injunction Order at 9–12.) The Court therefore only considers whether MGA's post-verdict sales constitute a clear error of fact warranting an amendment of the Amended Final Judgment.

MGA previously represented to the Court it had ceased sales of the infringing dolls. (See, e.g., Trial Tr., Dkt. No. 1295-5, Ex. C, vol. 2, 19:12–20, June 24, 2026.) Trial Exhibit 7137 indicates MGA continued to sell the infringing dolls, both individually and in assortments, in limited numbers after the September 2024 verdict. (See Dkt. No. 1229-4 ("Trial Ex. 7137").) Trial Exhibit 7137 indicates the following gross sales for each of the 15 individual infringing dolls from 2024 to 2026:

| **Product** | **May 1, 2024–December 31, 2024** | **January 1, 2025–December 31, 2025** | **January 1, 2026–April 30, 2026** |
|---|---|---|---|
| Chillax | None recorded | None recorded | None recorded |
| Roller Chick | None recorded | $1,518 | None recorded |
| Bhad Gurl | None recorded | None recorded | None recorded |
| Metal Chick | None recorded | None recorded | None recorded |
| Miss Divine | None recorded | None recorded | None recorded |
| Runway Diva | None recorded | None recorded | None recorded |
| Prism | $450 | None recorded | None recorded |
| Downtown B.B. | $22 | None recorded | None recorded |
| Shadow | None recorded | None recorded | None recorded |
| Punk Grrrl | None recorded | None recorded | None recorded |
| Virtuelle | None recorded | $2,182 | None recorded |
| Honeylicious | None recorded | None recorded | $27 |
| Miss Independent | None recorded | None recorded | None recorded |
| Miss Glam | $19,110 | $713 | None recorded |
| City Babe | $35,868 | None recorded | None recorded |

| | | | |
|---|---|---|---|
| **Total for Infringing Products** | **$55,450** | **$4,413** | **$27** |
| **Total for All Products** | **$16,737,061** | **$11,111,371** | **$2,241,345** |

(See Dkt. No. 1229-4 ("Trial Ex. 7137").) When asked whether MGA stopped direct sales of the infringing dolls, Larian stated "I am pretty sure that we stopped production, marketing, advertising of those toys. If you —if a few pieces go through the warehouse, et cetera, I have no idea." (Trial Tr., Dkt. No. 1295-3, Ex. A, vol. 2, 109:23–25, June 23, 2026.) MGA argues these sales are de minimis in light of the volume of pre-verdict sales and do not constitute irreparable harm. (Opp'n at 20–21.)

At the hearing, the OMG Girlz informed the Court that the above figures under-represent the number of infringing dolls, because MGA also sold assortments that may have included infringing dolls. MGA conducted a manual review of all thirty-eight assortment items in Trial Exhibit 7137 and identified six assortment items that include one or two of Virtuelle, City Babe, Roller Chick, and Chillax. (Declaration of Pedro Crisanti ("Crisanti Decl."), Dkt. No. 1317-2, ¶ 6.) The total amount of sales attributable to infringing dolls in assortments in 2025was $215. (Id., Ex. A. ("Summary of Total Sales").) In addition, MGA found the following sales totals for all infringing dolls, including infringing dolls in assortments:

| **(Pre-Verdict) May 1, 2024 – September 30, 2024** | **(Post-Verdict) October 1, 2024 – December 31, 2024** | **(Post-Verdict) January 1, 2025– December 31, 2025** | **(Post-Verdict) January 1, 2026– Present** |
|---|---|---|---|
| $105,414 | $27,869 | $4,628 | $27 |

(Summary of Total Sales). The Summary of Total Sales, which is based on the same data underlying Trial Exhibit 7137, indicates gross sales of $4,628 in 2025 and $27 (about the cost of a single doll) in 2026 from infringing dolls. (See id.; Trial Ex. 7137; Opp'n at 15.) The post-verdict sales are attributable to four of the infringing dolls; there were no post-verdict sales for the remaining eleven infringing dolls. (See Trial Ex. 7137.) There have been no sales of any infringing dolls since April 30, 2026. (Crisanti Decl. ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

The OMG Girlz argue AK Futures LLC v. Boyd St. Distro, LLC requires a finding of irreparable harm because MGA's inadvertent post-verdict sales demonstrate a lack of an "ability to adequately control the flow of products through its store." 35 F.4th 682, 694 (9th Cir. 2022). There, the defendant's business was mostly in cash, lacked documentation associated with some of its sales, and the CEO relied on seller invoices to assess authenticity. Id. The panel held these facts "suggest[ed] a business structure without safeguards against selling counterfeit products." Id. Unlike the infringer in AK Futures, Trial Exhibit 7137 and the Summary of Total Sales indicate MGA documents its sales and has infrastructure to prevent infringing products from entering the market, since it was able to stop infringement for ten dolls. (Summary of Total Sales; Trial Exhibit 7137.) However, at no point in its briefing or at the hearing did MGA assert it was not responsible for the post-verdict sales, for example, by attributing the sales to third-party retailers. MGA's position is simply that the sales are not significant enough to warrant a finding of irreparable harm, not that it couldn't have prevented the sales. The fact these sales occurred after MGA expressed its intent to cease sales indicates MGA's lack of ability to control the flow of at least some of its products. See AK Futures, 35 F.4th at 694. This presents a credible threat of continued infringement, even if in very small amounts. MGA cannot rebut the presumption of irreparable harm in light of its unexplained post-verdict sales.

In conclusion, the Court's finding of no irreparable harm was premised on MGA's voluntary cessation of the infringing dolls. (Permanent Injunction Order at 8–9.) The new evidence regarding MGA's post-verdict sales establishes an error of fact warranting an amendment of the Amended Final Judgment. The Court finds in light of the unexplained post-verdict sales, MGA does not rebut the presumption of irreparable harm.

2. Adequate Remedy at Law

The OMG Girlz argue they lack an adequate remedy at law because the Court did not award monetary relief for their trade dress claims. (Mem. in Supp. at 18.) The Court denied disgorgement of profits on the OMG Girlz' Lanham Act claims, in part because the awarded disgorgement of all profits for the OMG Girlz' misappropriation claims. (Post-Trial Order at 10 (finding disgorgement on misappropriation claims provided an adequate remedy at law).) The Court previously found no threat of harm to good will and reputation. (Permanent Injunction Order at 9–12.) The Court found because there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

was no non-pecuniary harm and the OMG Girlz were awarded disgorgement of profits, the OMG Girlz' had an adequate remedy at law for their trade dress claims. (Id.) However, the Court notes the disgorgement award does not include MGA's profits from the post-verdict infringing sales. MGA has an adequate remedy at law for the pre-verdict sales, but not for the limited post-verdict infringing sales. The Court therefore finds this factor weighs slightly in the OMG Girlz' favor.

3. Balance of Harms

The OMG Girlz' hardship results from loss of control over their brand and image, as well as confusion amongst their fan base. The Court previously held the OMG Girlz' experienced no past or future harm to good will and reptuation. (Permanent Injunction Order at 9–12.) But any harm to MGA is of their own making by infringing on the OMG Girlz' intellectual property and publicity rights. See Cadence Design Sys. v. Avant! Corp., 125 F.3d 824, 829 (9th Cir. 1997) ("a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities"). Therefore, this factor weighs in the OMG Girlz' favor.

4. Public Interest

In "trademark infringement cases, the public interest is the right of the public not to be deceived or confused." Kinsley Tech. Co. v. Ya Ya Creations, Inc., 2022 WL 3908831, at *6 (C.D. Cal. Aug. 30, 2022). Where a "defendant's concurrent use of [a] plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." Chalon Adventures, Inc. v. Fullerton Lounge, Inc., 2019 WL 2896131, at *5 (C.D. Cal. Mar. 7, 2019) (internal citations and quotations omitted). The jury found MGA continually used the OMG Girlz' trade dress and likeness without authorization, concurrently with its own use. Therefore, this factor weighs in the OMG Girlz' favor.

*****

In conclusion, the Court finds all four eBay factors weigh in favor of granting a permanent injunction. However, in light of the limited and dwindling numbers of post-verdict sales, the Court limits the duration of the permanent injunction to three years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11548-JVS-CTS | Date | November 20, 2026 |
| Title | MGA Entertainment Inc. v. Clifford T.I. Harris et al | | |

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion. The Court will issue a Second Amended Final Judgment in light of this order and the Order Regarding the OMG Girlz' Motion for Reconsideration (Dkt. No. 1312.) The Court **ORDERS** the OMG Girlz to file a Proposed Amended Final Judgment consistent with this order and the Court's Order Regarding Motion for Reconsideration (Dkt. No. 1312) within seven days.[1]

**IT IS SO ORDERED.**

[1] The OMG Girlz' noted that the Court's previous judgment calculated postjudgment interest rate based on the time of the parties' submission, rather than based on the time the judgment was entered. (Amended Final Judgment, Dkt. No. 1316 at 1.) MGA did not object. The Court therefore accepts the postjudgment interest rate of 4.02%.